**Richard K. Hansen, OSB #832231**
Email: rhansen@schwabe.com
**Anne M. Talcott, OSB #965325**
Email: atalcott@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.796.2958
Facsimile: 503.796.2900

Attorneys for Plaintiff, Unigestion Holding, S.A.


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| **UNIGESTION HOLDING, S.A.,** a foreign corporation, d/b/a **DIGICEL HAITI**, *Plaintiff,* <br><br> vs. <br><br> **UPM TECHNOLOGY, INC. d/b/a UPM TELECOM, INC,** and **UPM MARKETING, INC.,** an Oregon corporation; <br> **UPM TELECOM, INC.,** an Oregon a/b/n; <br> **UPM MARKETING, INC.,** an Oregon a/b/n; **BENJAMIN SANCHEZ a/k/a BENJAMIN SANCHEZ MURILLO,** an Oregon resident; **BALTAZAR RUIZ,** an Oregon resident, and **TYLER ALLEN**, an Oregon resident, <br><br> *Defendants.* | No. _____ <br><br> **COMPLAINT** <br><br> RICO (18 U.S.C. §§ 1962(b), (c) and (d)), Fraud, Conspiracy, Conversion, Unjust Enrichment and Permanent Injunction <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT**


Page 1 -    COMPLAINT

Plaintiff, UNIGESTION HOLDING, S.A., d/b/a Digicel Haiti, ("Digicel"), sues

Defendants, UPM TECHNOLOGY, INC. ("UPM TECHNOLOGY"), UPM TELECOM INC.,

("UPM TELECOM"); UPM MARKETING, INC.("UPM MARKETING") (collectively the

companies together shall be referred to as "UPM"), BENJAMIN SANCHEZ a/k/a BEN

SANCHEZ MURILLO ("Sanchez"), BALTAZAR RUIZ ("Ruiz") and TYLER ALLEN

("Allen") for damages and injunctive relief, and alleges as follows:

## PARTIES AND JURISDICTION

1.    Plaintiff Digicel is a corporation organized under the laws of Haiti.  Its

headquarters and principal place of business is located in Port-Au-Prince, Haiti.  Digicel owns

mobile telecommunications switches located in Haiti through which all voice calls to and from

its subscribers must pass.  Digicel operates throughout the Caribbean and several other regions

and is one of the largest mobile communications networks in Haiti.

2.    Defendant UPM Technology is a corporation organized under the laws of the state

of Oregon with its principal place of business in Hillsboro, Oregon.

3.    Defendant UPM Telecom is a corporation organized under the laws of the state of

Oregon with its principal place of business in Hillsboro, Oregon.

4.    Defendant UPM Marketing is a corporation organized under the laws of the state

of Oregon with its principal place of business in Hillsboro, Oregon.

5.    UPM Telecom and UPM Marketing are both assumed business names of UPM

Technology.

6.    According to the Oregon Secretary of State, Corporate Division's business

registry, UPM Technology, UPM Telecom, and UPM Marketing are all located at 3000 NW

Stucki Place, Suite 100, Hillsboro, OR, 97124.

Page 2 -    COMPLAINT

7.    Upon information and belief, Defendant Benjamin Sanchez is a citizen and resident of Oregon.  Sanchez holds himself out as the Owner of UPM Marketing and the President of UPM Telecom.  Sanchez is also the authorized representative of UPM Marketing according to the Oregon Secretary of State, Corporate Division's business registry.

8.    Upon information and belief, Defendant Baltazar Ruiz is a citizen and resident of Oregon.  Ruiz holds himself out as the Project Manager for UPM Telecom.

9.    Upon information and belief, Defendant Tyler Allen is a citizen and resident of Oregon.

10.    This Court has jurisdiction over the parties pursuant to 18 U.S.C. § 1964 and 28 U.S.C. §1332(a).  The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens or subjects of foreign states.

11.    Venue is proper in this district pursuant to 18 U.S.C. § 1965 and 28 U.S.C. §1391(b).

12.    All conditions precedent to the filing of this action has occurred, been performed, excused or waived.

## BACKGROUND

**Digicel's Operations in Haiti**

13.    Plaintiff Digicel is a leading provider of telecommunications services in Haiti, with over 4 million customers.

14.    Digicel has well over 900 employees and over eight regional offices in the Haitian market.

15.    To facilitate the provision of mobile telecommunication services in Haiti, Digicel uses telephone switching systems ("Switches") located in Miami, Florida and New York City,

Page 3 -    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204

PDX\035163\047530\RKH\15307163.1

New York in the USA.  The purpose of the Switches is to route all voice calls that originate from customers of third party telecommunications networks located outside of Haiti to Digicel customers or subscribers located in Haiti.

16.    Digicel uses a Private Branch Exchange ("PBX"), a Switch system that uses multiple telephone lines to route calls.  The Switch uses an international gateway that allows Digicel to efficiently manage the routing of these calls and to manage and account for any billing and associated regulatory charges.

17.    In order to properly route international calls to its customers and subscribers, Digicel has established commercial agreements with a number of third party international telecommunication carriers and charges those carriers a 'floor' rate of at least 23 cents per minute—the lowest rate established by the Government of Haiti for incoming international telephone calls with an end-user in Haiti —to route such traffic through its switches and other proprietary equipment in the USA and Haiti to Digicel's customers and subscribers in Haiti.

18.    All traffic to Digicel (Haiti) is routed through Digicel's international switching centers in Miami and New York.  Network links are established between these switching centers and various third-party international wholesale carriers so that telecom traffic originating with these third party carriers can be legitimately routed to the Digicel network in Haiti where it is terminated. [1]

19.    International Carriers who do not have a direct (authorized) link—by way of agreement—to one of Digicel's international switching centers must direct their traffic through a

---

[1]    Terminating essentially means where a call is shown to be received for the purposes of a cellular companies tracking and billing records.

Page 4 -    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204

third party who has this contractual access with Digicel in order for the call to legitimately reach its end-user on the Digicel cellular network in Haiti.

20.    Digicel receives payment of a minimum of 23 cents per minute from the various contracting third parties for calls received under these telecommunications termination arrangements depending upon several factors including the amount of traffic they terminate to Haiti.

21.    Digicel retains 18 cents per minute as revenue and pays 5 cents per minute to the Government of Haiti as a levy which is used to support the National Education Fund. Digicel has not authorized international or domestic telephone traffic to enter its switch in Haiti by any other route or under any other agreement.

**Switch Systems and Bypass Fraud**

22.    Telephone switching systems such as the one utilized by Digicel, are susceptible to what is called bypass fraud.  Bypass fraud occurs when individuals illegally route calls around the international gateway using a combination of the internet and certain specialized telecommunications devices called Subscriber Identity Module ("SIM") Boxes and SIM Servers. The SIM Boxes and SIM Servers communicate with individual cellular devices through a SIM Card.

23.    A SIM Card is essentially a small circuit board which is placed inside a cellular device in order to, among other things, identify the phone to a specific cellular carrier.

24.    These individuals use various combinations and configurations of the SIM Boxes, SIM Servers and SIM Cards to set up bypass gateways, or illicit 'mini-telephone exchanges.'

//

//

Page 5 -    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204

PDX\035163\047530\RKH\15307163.1

25.    This type of bypass scheme allows inbound international calls to avoid the established legitimate routing mechanisms and thereby avoid payment of termination fees to legitimate cellular carriers or indirectly, to any affected regulatory agencies.

26.    Significant profits are generated by the illicit operators exploiting the margin between the local call rates and the international termination rates.

27.    SIM Cards used in bypass fraud are usually purchased using false or altered identification documents procured by local co-conspirators at the instruction and direction of the head of the fraudulent enterprise.

28.    The internet and SIM Boxes and SIM Servers allow the participants in the bypass fraud to use Digicel's infrastructure to sell call minutes to third parties while avoiding payment for the use of this infrastructure.

29.    A SIM Box is a computer that can be used in order to receive incoming calls from third parties and terminate them through SIM Cards.  These devices can hold hundreds of SIM Cards which can simultaneously terminate incoming telephone traffic at the same time.

30.    A SIM Server is, in lay terms, a device that can be used to remotely register SIM Cards on a mobile telephone network.  Using specialized software, this device can monitor and control several SIM Boxes.  The use of SIM Servers is typical of a large and sophisticated operation due to the volume and cost of the equipment required to construct SIM Servers.

31.    The use of SIM Servers further indicates the existence of a sophisticated operation due to the technological expertise required to construct the SIM Servers and keep them properly maintained and operational.

32.    Bypass fraud generates significant profits for illicit operators by exploiting the margin between the local call rates and the international termination rates.

Page 6 -    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204

PDX\035163\047530\RKH\15307163.1

33.    Bypass fraud occurs every time a call is re-routed from a legitimate switch to the bypass fraud gateway.

## FACTS

34.    In early 2014, Digicel discovered evidence of possible fraudulent activity using bypass techniques and equipment during routine monitoring and investigation designed to detect and deter bypass fraud.

35.    Further investigation and monitoring was conducted by Digicel to confirm its initial suspicions regarding possible fraudulent bypass activity.

36.    Digicel determined that international calls were being terminated on local Haitian numbers (local Digicel SIM Cards) which were then subsequently making further outbound connections on the same calls.

37.    Digicel was able to identify specific SIM Cards that were being used in the bypass fraud by evaluating the "Bypass Profile" of the SIM Cards and their related information from Digicel's charging and billing systems.

38.    Digicel employs several proprietary strategies to regularly scan the network for indicators of call patterns that suggest bypass fraud.

39.    With the assistance of the local Haitian Police ("PNH"), operations were commenced to identify the location or base of the fraudulent activities.

40.    Contemporaneous with the PNH operations, Digicel continued its own internal investigation of the suspected bypass fraud by engaging the services of Shields Crime & Security Consultants ("Shields"), in Kingston, Jamaica.

//

//

Page 7 -    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204

PDX\035163\047530\RKH\15307163.1

41.     The combined investigations of Shields on behalf of Digicel and the PNH, revealed a systematic and ongoing bypass fraud operation coordinated, funded, and conducted by UPM and the other Defendants.

42.     The fraudulent bypass operation by all indicators is ongoing.

43.     Money was sent by international wire from UPM Marketing to unknown co-conspirators in Haiti to facilitate the illicit sourcing and purchase of Digicel SIM Cards.

44.     Plaintiff has knowledge of several separate Capital Bank transaction slips transferring money from UPM Marketing to the Haitian co-conspirators. These transactions slips are in the custody of the PNH.

45.     Money remaining from the purchases, was then sent from the Haitian co-conspirators by international wire transfer to Victor Manuel Moscoso Ruiz ("Moscoso Ruiz"), the President of UPM Marketing Guatemala, S.A. Wire transfer receipts evidencing some of these transfers are similarly in the possession of the PNH.  True and correct copies of some of these receipts are attached to the Complaint as Composite Exhibit A.

46.     Plaintiff knows of an additional two Sogebank financial transaction slips that evidence wire transfers of money used to further the bypass fraud. These transactions slips are similarly in the custody of the PNH.

47.     Several DHL shipping documents evidencing the shipment of illicitly acquired SIM Cards used to commit the bypass fraud, from the Haitian co-conspirators to Sanchez and Allen at 2373 NW 185th Avenue Hillsboro, OR, 97124, listing a phone number of 503.334.8522, were recovered by the PNH.

48.     Additional documents evidencing the shipment of computer equipment to the Haitian co-conspirators by Ruiz were also discovered.  These documents evidence at least ten

Page 8 -   COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204

PDX\035163\047530\RKH\15307163.1

separate international shipments between the co-conspirators.  The original shipping documents are in the custody of the PNH.

49.     On May 13, 2014, a Haitian co-conspirator, now in custody of the PNH, shipped SIM Cards to Sanchez in Oregon by DHL.  True and correct copies of the shipping documents evidencing this transaction are attached to the Complaint as Exhibit B.

50.     On May 20, 2014, the same Haitian co-conspirator made an additional shipment of SIM Cards to Sanchez in Oregon by DHL.  True and correct copies of the shipping documents evidencing this transaction are attached to the Complaint as Exhibit C.

51.     On May 27, 2014, the same Haitian co-conspirator made an additional shipment of SIM Cards to Sanchez in Oregon by DHL.  True and correct copies of the shipping documents evidencing this transaction are attached to the Complaint as Exhibit D.

52.     On June 4, 2014, Defendant Ruiz shipped computer equipment to the Haitian co-conspirator.  A true and correct copy of the customs form evidencing this shipment is attached as Exhibit E.

53.     On June 5, 2014, the same Haitian co-conspirator made an additional shipment of SIM Cards to Sanchez in Oregon by DHL.  True and correct copies of the shipping documents evidencing this transaction are attached to the Complaint as Exhibit F.

54.     On June 30, 2014, the same Haitian co-conspirator made an additional shipment of SIM Cards to Defendant Allen in Oregon by DHL.  True and correct copies of the shipping documents evidencing this transaction are attached to the Complaint as Exhibit G.

55.     On July 3, 2014, Defendant Ruiz made an additional shipment of computer equipment to the Haitian co-conspirator.  A true and correct copy of the customs form evidencing

Page 9 -     COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204

PDX\035163\047530\RKH\15307163.1

this shipment is attached as Exhibit H.  Interestingly, the export invoice associated with this shipment was signed by Allen, although the shipment form indicates that it was made from Ruiz.

56.     On July 8, 2014, the same Haitian co-conspirator made an additional shipment of SIM Cards to Allen in Oregon by DHL.  True and correct copies of the shipping documents evidencing this transaction are attached to the Complaint as Exhibit I.

57.     On July 15, 2014, the same Haitian co-conspirator made an additional shipment of SIM Cards to Allen in Oregon by DHL.  True and correct copies of the shipping documents evidencing this transaction are attached to the Complaint as Exhibit J.

58.     On July 21, 2014, the same Haitian co-conspirator made an additional shipment of SIM Cards to Allen in Oregon by DHL.  True and correct copies of the shipping documents evidencing this transaction are attached to the Complaint as Exhibit K.

59.     Money was also transferred into Haiti by UPM Marketing and the Defendants to fund and facilitate the setup and operation of the illicit bypass locations at different secret locations in Haiti.

60.     Upon information and belief, UPM Telecom, through Defendants Sanchez, Ruiz, and UPM Marketing, funded and directly provided, through mail and wire, access devices, including SIM Banks (groups of SIM Servers), laptops, internet routers, and generators to their co-conspirators in Haiti, which were then used to facilitate bypass operations for the termination of international telephone traffic into Haiti.

61.     To date, Digicel estimates that as a result of Defendants' fraudulent bypass activity, in excess of 3.2 million minutes of calling time has been diverted from Digicel's gateway, for which Digicel was not compensated.  Defendants' fraudulent bypass activity is continuous and on-going to this date.

Page 10     COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204

PDX\035163\047530\RKH\15307163.1

62.     Defendants' ongoing unlawful activity is not isolated but rather is persistent and poses a continuing threat.

63.     Each telephone call that is stolen from Digicel's transmission systems by Defendants' illegal bypass gateways constitutes a separate act of bypass fraud.

64.     UPM Telecom has also been implicated in other fraudulent bypass operations in other regions with high international termination rates and has been implicated in fraudulent traffic into the wholesale market servicing those areas.

65.     In addition to suffering financial injury, Digicel also has suffered irreparable harm through disruption of its business operations and damage to its goodwill, commercial and government reputation and customer relationships.

66.     Digicel's investigation of the ongoing fraudulent activity is ongoing.

## COUNT I: RICO SECTION 1962(c)

67.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 66 above as if fully set forth herein.

68.     This Count is against Defendants UPM Telecom, UPM Marketing, Sanchez, Ruiz, and Allen (collectively "the Count I Defendants").

69.     UPM Telecom is an enterprise engaged in and whose activities affect interstate commerce through the systematic re-routing of international cellular telephone calls through a sophisticated bypass network that allows cellular phone companies to avoid routine charges for international cellular telephone calls.  The Count I Defendants are employed or associated with the enterprise.

//

//

Page 11     COMPLAINT

-

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204

PDX\035163\047530\RKH\15307163.1

70.     The Count I Defendants agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiff.  Specifically, and without limitation,

(a) UPM Marketing provided funds by wire to individuals in Haiti for the purchase and use of SIM Cards to commit bypass fraud in violation of 18 U.S.C. § 1341, 18 U.S.C. § 1343, and 18 U.S.C. § 1029;

(b) Sanchez knowingly received hundreds of Digicel SIM Cards from Haiti for use in SIM Boxes in Oregon which were used to commit bypass fraud in violation of 18 U.S.C. § 1341, 18 U.S.C. § 1343, and 18 U.S.C. § 1029;

(c) Ruiz for, with and on behalf of Sanchez and UPM Telecom knowingly caused computer and internet equipment to be sent to Haiti for the commission of bypass fraud in violation of 18 U.S.C. § 1341, 18 U.S.C. § 1343, and 18 U.S.C. § 1029;

(d) Allen for, with and on behalf of Sanchez and UPM Telecom, knowingly received a large quantity of SIM Cards from Haiti for use in SIM Boxes in Oregon which were used to commit bypass fraud in violation of 18 U.S.C. § 1341, 18 U.S.C. § 1343, and 18 U.S.C. § 1029;

(e) Allen for, with and on behalf of Sanchez and UPM Telecom, knowingly received a large quantity of SIM Cards from Haiti for use in SIM Servers in Oregon which were used to commit bypass fraud in violation of 18 U.S.C. § 1341, 18 U.S.C. § 1343, and 18 U.S.C. § 1029;

//

//

Page 12    COMPLAINT
-

PDX\035163\047530\RKH\15307163.1

(f) Allen knowingly caused computer and internet equipment to be sent to Haiti for the commission of bypass fraud in violation of 18 U.S.C. § 1341, 18 U.S.C. § 1343, and 18 U.S.C. § 1029;

(g) Defendants individually and in concert all knowingly participated in programing SIM Cards and constructing SIM Boxes and Servers to carry out the bypass fraud.

(h) Defendants continue their racketeering activity to this day as each international call that bypasses Digicel's switch, and is then subsequently transmitted using Digicel's towers and infrastructure is a predicate act of racketeering activity.

(i) Defendants racketeering activity is on-going as millions of cellular minutes continue to be stolen by the fraudulent bypass operations that Defendants funded, constructed, and operated for this purpose.

71.     Pursuant to and in furtherance of their fraudulent scheme, Defendants committed multiple related acts under 18 U.S.C. § 1341 related to mail fraud.

72.     Pursuant to and in furtherance of their fraudulent scheme, Defendants committed multiple related acts under 18 U.S.C. §1343 related to wire fraud.

73.     Pursuant to and in furtherance of their fraudulent scheme, Defendants committed multiple related acts under 18 U.S.C. § 1029 prohibiting fraud and related activity in connection with access devices.

74.     Defendants' racketeering activity includes directly or indirectly participating in the wiring of funds to purchase and ship equipment used to commit bypass fraud, the purchase and possession of access devices in order to commit bypass fraud, the programing of the

Page 13     COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204

PDX\035163\047530\RKH\15307163.1

equipment and SIM Cards to commit bypass fraud, and the bypass fraud committed when every single such call is illegally diverted from the Digicel network.  This activity is on-going and poses a continued threat.

75.    The acts set forth above constitute a pattern of racketeering activity pursuant to 18 U.S.C. 1961(5).

76.    The Count I Defendants have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above, in violation of 18 U.S.C. § 1962(c).

77.    As a direct and proximate result of the Count I Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c), Plaintiffs have been injured in their business and property in that Plaintiffs are losing revenue on an average of 1440 minutes of international cellular telephone usage per day which translates to approximately US$2,592.00 per day of lost revenue for an aggregate amount believed to be approximately, or in excess of one million dollars.

78.    From the time the scheme was detected in March 2014 up to and until the date of this Complaint, Plaintiff has lost significant revenue with much of this revenue believed to be attributed to ongoing and concealed fraudulent activity.  These losses are continuous and on-going as Count I Defendants conduct is open-ended and continues to this day.

79.    WHEREFORE, Plaintiff requests that this Court enter judgment against the Count I Defendants as follows:

(a) Actual damages in the amount of revenue stolen by Count I Defendants scheme;

(b) Treble damages;

(c) Attorneys' fees;

Page 14    COMPLAINT

-

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204

(d) Injunctive relief ordering Count I Defendants to temporarily and permanently enjoin the use of or access to any assets located in the United States;

(e) Injunctive relief ordering Count I Defendants to cease any contact by Defendants with any party in the United States for the purpose of further facilitating Defendants' unlawful conduct as described herein; and

(f) Any further relief this Court deems just and proper.

## COUNT II: RICO SECTION 1962(b)

80.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 66 above as if fully set forth herein.

81.    This Count is against Defendants UPM Marketing, Sanchez, Ruiz, and Allen (collectively "the Count II Defendants").

82.    UPM Telecom is an enterprise engaged in and whose activities affect interstate commerce.

83.    The Count II Defendants acquired and maintained interests in and control of the enterprise through a pattern of racketeering activity. Specifically the Count II Defendants knowingly and willing maintained an interest in the enterprise through the funding and supporting the fraudulent bypass operations through the purchase and maintenance of the access devices required to perpetuate the bypass fraud, the shipping of equipment to Haiti to be used in the bypass fraud, the illicit programming of SIM Cards and illicit assembly of SIM Boxes and SIM Servers to commit the bypass fraud, and the commission of individual acts of bypass fraud every time a call is diverted from Digicel's network. The racketeering activity listed above constitutes a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

Page 15     COMPLAINT
-

PDX\035163\047530\RKH\15307163.1

84.    The Count II Defendants have directly and indirectly acquired and maintained interests in and control of the enterprise through the pattern of racketeering activity described above, in violation of 18 U.S.C. § 1962(b).

85.    As a direct and proximate result of the Count II Defendants racketeering activities and violations of 18 U.S.C. § 1962(b), Plaintiffs have been injured in their business and property in that:

(g)   Plaintiff has suffered a Loss of Plaintiff's goodwill;

(h)   There has been a disruption of Plaintiff's business operations;

(i)   There has been damage to Plaintiff's commercial reputation; and

(j)   There has been Damage to Plaintiff's reputation and standing with the Haitian Government.

86.    WHEREFORE, Plaintiff requests that this Court enter judgment against the Count II Defendants for an award to include the following:

(k)   Actual damages;

(l)   Treble damages;

(m)   Attorneys' fees; and

(n)   Any further relief this Court deems just and proper.

### COUNT III: RICO SECTION 1962(d)
### CONSPIRACY

87.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 66, 67 through 78 and 80 through 85 above as if fully set forth herein.

88.    This Count is against Defendants UPM Telecom, UPM Marketing, Sanchez, Ruiz, and Allen (collectively "the Count III Defendants").

Page 16    COMPLAINT

PDX\035163\047530\RKH\15307163.1

89.  As set forth above, the Count III Defendants agreed and conspired to violate 18 U.S.C. § 1962(b) and (c).  Specifically,

(a) UPM provided funds by wire to individuals in Haiti for the purchase and use of SIM Cards to commit bypass fraud in violation of 18 U.S.C. § 1341, 18 U.S.C. § 1343, and 18 U.S.C. § 1029;

(b) Sanchez knowingly received a large quantity of SIM Cards from Haiti for use in SIM Boxes in Oregon which were used to commit bypass fraud in violation of 18 U.S.C. § 1341, 18 U.S.C. § 1343, and 18 U.S.C. § 1029;

(c) Ruiz knowingly caused computer and internet equipment to be sent to Haiti for the commission of bypass fraud in violation of 18 U.S.C. § 1341, 18 U.S.C. § 1343, and 18 U.S.C. § 1029;

(d) Allen knowingly received a large quantity of SIM Cards from Haiti for use in SIM Boxes in Oregon which were used to commit bypass fraud in violation of 18 U.S.C. § 1341, 18 U.S.C. § 1343, and 18 U.S.C. § 1029;

(e) Allen knowingly caused computer and internet equipment to be sent to Haiti for the commission of bypass fraud in violation of 18 U.S.C. § 1341, 18 U.S.C. § 1343, and 18 U.S.C. § 1029;

(f) Defendants all knowingly and willingly participated in programing or arranging for the programming of SIM Cards and constructing SIM Boxes and Servers or arranging for their construction to carry out the bypass fraud;

(g) Defendants knowingly and willingly continue their racketeering activity as millions of cellular minutes have been stolen by the fraudulent bypass

Page 17  COMPLAINT

-

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204

mechanism that Defendants funded, constructed, housed and operated for this purpose.

90.    The Count III Defendants have intentionally conspired and agreed to acquire or maintain interests in the enterprise through a pattern of racketeering activity, and conduct and to participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity.

91.    The Count III Defendants knew that these predicate acts were part of a pattern of racketeering activity and agreed to the commission of those acts to further the schemes described above.  That conduct constitutes a conspiracy to violate 18 U.S.C §§ 1962(b) and (c), in violation 18 U.S.C. § 1962(d).

92.    As a direct and proximate result of the Count III Defendants' conspiracy, the overt acts taken in furtherance of that conspiracy, and violations of 18 U.S.C. § 1962(d), Plaintiff has been injured in their business and property in that it has suffered:

(a)  Loss of revenue from millions of minutes of international airtime;

(b)  Loss of funds used to implement and execute the investigative operations which lead to the discovery of Defendants racketeering activity;

(c)  Loss or diminution of Plaintiff's business and customer goodwill;

(d)  Disruption of Plaintiff's business operations;

(e)  Damages to Plaintiff's commercial reputation; and

(f)  Damages to Plaintiff's reputation and standing with the Haitian Government.

93.    WHEREFORE, Plaintiff requests that this Court enter judgment against the Count III Defendants for the following:

(a)  Actual damages;

Page 18    COMPLAINT
-

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204

PDX\035163\047530\RKH\15307163.1

(b) Treble damages;

(c) Attorneys' fees;

(d) Injunctive relief ordering Count III Defendants to temporarily and permanently enjoin the use of or access to any illicit assets located in the United States;

(e) Injunctive relief ordering Count III Defendants to cease and desist from any contact by Defendants with any party in the United States for the purpose of further facilitating Defendants' unlawful conduct as described herein; and

(f) Any further relief this Court deems just and proper.

## COUNT IV:  FRAUD

94.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 66 above as if fully set forth herein.

95.    Defendants intended to engage, and did engage, in bypass fraud by improperly using the acquired SIM cards and other unauthorized equipment to permit calls to be made on Digicel's network and to be fraudulently compensated for the calls made by third parties.

96.    Defendants intended to engage, and did engage, in bypass fraud by improperly using the acquired SIM cards and other unauthorized equipment to permit calls to be made on Digicel's network and to fraudulently avoid compensating Digicel for the calls terminated on Digicel's network.

97.    Defendants knew that their acts were unlawful and intentionally committed them for their own benefit.

98.    As a direct, foreseeable, and proximate result of the fraudulent conduct of Defendants, Plaintiff has suffered damages.

Page 19    COMPLAINT

-

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204

99.     The acts by Defendants were committed maliciously and with an improper motive, and in conscious disregard of the rights of Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants for damages, interest and costs, and for such other relief as this Court deems just and proper.

## COUNT V:  CIVIL CONSPIRACY

100.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 66 above as if fully set forth herein.

101.    Defendants, together with one or more other coconspirators, agreed to undertake certain acts to accomplish various unlawful objectives.

102.    Defendants, together with one or more other co-conspirators, each accomplished some overt act in furtherance of this agreement, and said conduct resulted in substantial damages to Plaintiff.

103.    Specifically, Defendants, together with one or more other coconspirators, diverted international telephone calls around Digicel's international telephone network to further their own fraudulent activities, their own use and benefit with the intent of permanently depriving Plaintiff of its revenue and interests owed for use of its telecommunications infrastructure.

104.    As a result of the foregoing unlawful actions by Defendants, Plaintiff has suffered damages.

105.    The acts of Defendants were committed maliciously and with an improper motive, and in conscious disregard of the rights of Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendants for damages, interest and costs, and for such other relief as this Court deems just and proper.

//

Page 20    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204

PDX\035163\047530\RKH\15307163.1

## COUNT VI:  CONVERSION

106.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 66 above as if fully set forth herein.

107.    As alleged herein, Defendants have wrongfully retained possession and/or secreted away revenues of Plaintiff with the intent to permanently deprive Plaintiff of such revenues.

108.    Defendants have improperly kept these revenues for themselves or have used such revenues for their own benefit.

109.    The acts of Defendants were committed maliciously and with an improper motive, and in conscious disregard of the rights of Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendants for damages, interest and costs, and for such other relief as this Court deems just and proper.

## COUNT VII:  UNJUST ENRICHMENT

110.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 66 above as if fully set forth herein.

111.    As set forth above, Defendants are in receipt of a significant benefit for which there was no entitlement.

112.    Specifically, Defendants received a stream of revenue resulting from calls diverted from Plaintiff's network for which they paid no compensation to Plaintiff Digicel.

113.    Defendants have retained current possession of the profits received from the calls diverted from Plaintiff.

114.    Under the circumstances it would be inequitable for Defendants to retain the profits without paying the fair value thereof.

Page 21    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204

PDX\035163\047530\RKH\15307163.1

115. Despite the fact that there is no basis for Defendants to retain such benefit, they have failed to return such benefit to Plaintiff in conscious disregard of Plaintiff's rights.

116. The acts of Defendants were committed maliciously and with an improper motive, and in conscious disregard of the rights of Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendants for damages, interest and costs, and for such other relief as this Court deems just and proper.

### COUNT VIII:  INJUNCTION

117. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 66 above as if fully set forth herein.

118. This is a count for temporary and permanent injunction and for equitable relief.

119. Plaintiff has a substantial likelihood of success on the merits in its claims against Defendants.

120. Without injunctive relief, Plaintiff will be irreparably harmed by the continuing acts of Defendants.

121. Plaintiff has no adequate remedy at law for the injury caused by Defendants.

122. The Defendants' unlawful and malicious conduct has been facilitated through assets—including bank accounts and other holdings—and contacts, in the United States.

123. The threatened injury to Plaintiff outweighs whatever damage the injunction may cause to Defendants.

124. The injunction will not be adverse to the public interest.

WHEREFORE, Plaintiff demands an order temporarily and permanently enjoining the use of or access to any illicit or illegal assets located in the United States, enjoining any contact by Defendants with any party in the United States for the purpose of further facilitating

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204

Defendants' unlawful and fraudulent conduct as described herein, and for such other relief as this

Court deems just and proper.

## **TRIAL BY JURY**

Plaintiff demands a trial by jury on all issues so triable.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204

## VERIFICATION

I, Daragh O'Neill, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing Complaint and have personal knowledge of the facts and matters contained therein, and that the facts and matters contained therein are true and correct.

By: _____

Name: Daragh O'Neill _____


Dated:  February 2, 2015                    Respectfully submitted,


SCHWABE, WILLIAMSON & WYATT, P.C.


By:        /s/Richard K. Hansen _____
           Richard K. Hansen, OSB #832231
           Telephone: 503.796-2958
           Facsimile: 503.796.2900
           Of Attorneys for Plaintiff

           Robert C. L. Vaughan (*Pro Hac Vice* Pending)
           Kim Vaughan Lerner LLP
           *Attorneys for Plaintiff*
           One Financial Plaza, Suite 2001
           Fort Lauderdale, FL  33394
           Telephone:    (954) 527-1115
           Facsimile:    (954) 527-1116
           E-mail: rvaughan@kvllaw.com