**Richard K. Hansen**
Email: rhansen@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.796.2958
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
Kim Vaughan Lerner LLP
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone: 954.527.1115
Facsimile: 954.527.1116

Attorneys for Plaintiff, Unigestion Holding, S.A., a Foreign
Corporation, d/b/a Digicel Haiti

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDING, S.A.,** a foreign corporation, d/b/a **DIGICEL HAITI**, <br><br> *Plaintiff,* <br><br> vs. <br><br> **UPM TECHNOLOGY, INC. d/b/a UPM TELECOM, INC.,** and **UPM MARKETING, INC.,** an Oregon corporation; <br> **UPM TELECOM, INC.,** an Oregon a/b/n; <br> **UPM MARKETING, INC.,** an Oregon a/b/n; **BEN SANCHEZ a/k/a BEN SANCHEZ MURILLO,** a foreign individual; **BALTAZAR RUIZ,** a foreign individual, and **TYLER ALLEN**, a foreign individual, <br><br> *Defendants.* | No. 3:15-cv-00185-SI <br><br><br> **PLAINTIFF UNIGESTION HOLDING, S.A.'S, RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNTS I-IV** |

Page 1 -    PLAINTIFF UNIGESTION HOLDING, S.A.'S,
RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS COUNTS I-IV
PDX\128154\201374\RKH\15678831.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## PLAINTIFF UNIGESTION HOLDING S.A.'S, RESPONSE TO DEFENDANTS' MOTION TO DISMISS

### INTRODUCTION

The Defendants have taken a bold approach to their defense of the allegations levelled against them in the instant Complaint. They have for the most part, admitted to the alleged conduct—but they have taken exception to Plaintiff Unigestion Holding, S.A.'s ("Digicel") conclusion that their admitted conduct constitutes fraudulent or illegal activity or a violation of the RICO statutes. The admissions present an unavoidable result for Defendants with respect to their motion to dismiss. The motion should be denied.

First, the Defendants' admissions belie any argument that the claims asserted in the Complaint lack the specificity necessary to allow Defendants to mount a defense to the claims. It is now clear that there is no dispute as to the basic conduct at issue. Second, where a defendant admits or otherwise acknowledges the veracity of the basic allegations against them but disputes the legal implications of those actions, the relief available to that defendant, if any, does not rest in a motion to dismiss.

In sum, Defendants here do not, and cannot, seek to challenge whether the instant Complaint sets forth a short and plain statement of the facts which could give rise to a finding of liability and damages against them, but rather, Defendants seek a "pre-determination" that the acts that they are accused of—and to which they have mostly admitted —do not ultimately constitute illegal or improper conduct giving rise to liability and damages in favor of Digicel. This determination rests squarely within the province of a jury.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

On a motion to dismiss, the court is obligated to treat the allegations in the Complaint as true for purposes of analyzing the sufficiency of the pleading. Accordingly, Defendants' creative re-articulation of the facts and similarly artful restatement of the "conclusions" are premature in support of a motion to dismiss. It means, therefore, that in the instant case where Digicel has properly alleged the underlying facts and where Defendants have clearly understood and admitted a large majority of those allegations, the Court must accept as true those allegations against Defendants that set forth and describe the anatomy of a scheme to piggyback and illicitly profit from Digicel's significant investment and ownership of cellular communications infrastructure and customer relationships in Haiti. Accordingly, Defendants' motion to dismiss should be denied.

### Digicel in Haiti

Digicel began its operations in Haiti approximately nine years ago. Over that period of time Digicel has invested heavily in developing and building a cellular communications infrastructure that now provides reliable cellular telephone service to even the most remote and rural areas of Haiti for some 2.4 million Haitian customers where no such service previously existed.

Digicel's investment in Haiti has gone well beyond just bringing cellular telephone access to the Western Hemisphere's poorest country. Indeed, during its operations there, Digicel's investment has expanded well beyond the corners of its business and into developing schools, providing disaster relief—including $5 million dollars in relief aid after the 2010 earthquake—and other significant investments in the revitalization of urban areas. In addition, by operation of local law, a portion of every

Page 3 -   PLAINTIFF UNIGESTION HOLDING, S.A.'S,
RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS COUNTS I-IV
PDX\128154\201374\RKH\15678831.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

dollar earned from the termination of international telephone calls is paid to the government for the benefit of Haiti's National Education Fund.  In fact, of the total floor rate of 23 cents set by the government, 5 cents—or approximately 22 cents out of every dollar—goes to the National Education Fund.

Defendants seek to make a quick profit from Digicel's substantial and sustained commitment to the development of the Haitian cellular telecom market through their fraudulent and illicit exploitation and manipulation of Digicel SIM Cards and cell towers to misappropriate the use of Digicel's cellular infrastructure for their own benefit and financial gain.

Defendants' scheme avoids paying the established government set floor rate of 23 cents per minute to Digicel to terminate international cellular telephone traffic in Haiti using the Digicel cellular telephone infrastructure and uses the Digicel cellular towers and cellular switches without properly compensating Digicel for the use of this infrastructure.  To accomplish these ends, Defendants have created a mechanism which allows them to avoid (or "bypass") the Digicel international "Gateway," another name for a computerized portal through which all international calls intended for termination on the Digicel Haiti cellular network must first pass.  Using a combination of fairly sophisticated servers (located in Oregon) and a clandestine network of locally installed "probes" (located in Haiti) designed to simulate individual cellular telephones, Defendants then fraudulently route these international calls back into Digicel's cellular infrastructure masqueraded as "local" calls purporting to be from one local Haiti cellular telephone to another.  The net effect is that Defendants—on the back of Digicel's investment—avoid the established Digicel charges for terminating international calls,

Page 4 -    PLAINTIFF UNIGESTION HOLDING, S.A.'S,
RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS COUNTS I-IV
PDX\128154\201374\RKH\15678831.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

avoid the massive investment required to provide this "service," and effectively avoid the government imposed tariffs for terminating international telephone traffic in Haiti. It is this "business model" that the Defendants have now misguidedly characterized in their motion as capitalist "competition." Put another way, it is simply fraud.[1]

Defendants' motion to dismiss improperly asks this Court to adjudicate the merits of the underlying allegations of the Complaint on a motion to dismiss. This is not the purpose or function of a motion to dismiss. Rather, this Court should only consider whether the allegations of the Complaint, when taken as true, are sufficient to state a claim for which relief can be granted; not whether the allegations when properly pled, ultimately establish liability against Defendants. The Complaint here meets and exceeds the required pleading standard, and Defendants' motion to dismiss—which in many respects, confesses to the allegations—should be denied.

On its face, the Complaint is a short and plain statement that pleads fraudulent activity to a degree well in excess of the specificity required by Rules 8 and 9 of the Federal Rules of Civil Procedure. Plaintiff pleads, beyond the basic detail, facts constituting racketeering activity pursuant to 18 USC §§ 1962(b), (c), and (d), which includes language that the Ninth Circuit has previously determined was more than adequate to plead intent to defraud through the use of mail and wires. The Complaint also alleges fraudulent conduct by Defendants with more than sufficient specificity to survive a motion to dismiss. Again, Defendants' motion to dismiss should be denied.

---

[1] Notably it is also conversion, a claim that Digicel makes in its Complaint. Defendants have not moved to dismiss the conversion claim, so those facts which may also constitute conversion and unjust enrichment are not further discussed in the context of this responsive pleading.

Page 5 -    PLAINTIFF UNIGESTION HOLDING, S.A.'S,
            RESPONSE IN OPPOSITION TO DEFENDANTS'
            MOTION TO DISMISS COUNTS I-IV
PDX\128154\201374\RKH\15678831.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

## LEGAL ARGUMENT

### I.    THE COMPLAINT MEETS AND EXCEEDS ALL APPLICABLE PLEADING STANDARDS

The Federal Rules of Civil Procedure require a "short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P.* 8(a)(2).  The Rule 8 standard contains "a powerful presumption against rejecting pleadings for failure to state a claim."  *Gillian v. Jamco Devlp. Corp.,* 108 F. 3d 246, 249 (9th Cir. 1997) (citation omitted).  "[D]etailed factual allegations" are not required.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 US 544, 555 (2007)) (reaffirming that "a well-pleaded complaint may proceed even if it strikes a savvy judge that the actual proof of those facts is improbable, and that a recovery is very remote or unlikely").

The court, at this stage of the proceedings, is obligated to: (1) construe the complaint in the light most favorable to the plaintiff; (2) presume all factual allegations to be true; and (3) draw all reasonable inferences in favor of the plaintiff.  *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996).  On a motion to dismiss, any ambiguities are resolved in favor of upholding the pleading.  *Walling v. Beverly Enterprises,* 476 F.2d 393, 396 (9th Cir. 1973).  Further, a motion to dismiss is properly granted only where there is either a "lack of [a] cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

Digicel's pleading well exceeds these standards.  The Complaint includes a concise but adequate factual explanation of the challenged activity with specific detail, including the proverbial who, what, when, where, and why.  [*Compl. passim*].  Perhaps

Page 6 -    PLAINTIFF UNIGESTION HOLDING, S.A.'S, RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNTS I-IV

PDX\128154\201374\RKH\15678831.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

the best illustration of the Complaint's sufficiency is the detailed "explanation" of these same factual allegations included in Defendants' own memorandum in support of their motion to dismiss. Indeed, the truest test of the adequacy of a pleading is whether or not it provides a defendant with enough information to mount a legal defense.

Defendants' memorandum seeks to explain away and defend the fraudulent scheme described in the Complaint. There is no confusion about the conduct alleged and no dispute about the basic underlying facts. Surely then, the Complaint in its present form, presents a "cognizable legal theory" or a "sufficient [set of] facts" if Defendants were able to articulate a substantive explanation of their version "of facts" in opposition to the allegations that comprise the legal claims asserted. The Complaint indisputably meets the requisite standards here, where Defendants' memorandum attempts to present a substantive response directly addressing the allegations presented and offering their own alternative conclusions based upon those allegations.

## II.    THE COMPLAINT ALLEGES THE FRAUDULENT INTENT REQUIRED TO SUSTAIN A RICO ACTION

Stripped of the rhetoric and their several attempts to prematurely litigate the "legality" of their conduct, Defendants' argument for dismissal of Digicel's RICO claims rests primarily on the notion that the Complaint does not sufficiently plead specific intent as to the predicate acts of mail, wire, and access fraud. This argument is unavailing as it is wholly contradicted by well-established case law of this Court and the Ninth Circuit Court of Appeals.

Page 7 -    PLAINTIFF UNIGESTION HOLDING, S.A.'S,
RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS COUNTS I-IV
PDX\128154\201374\RKH\15678831.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

### a. The Complaint Alleges That Defendants' Mail, Wire, and Access Device Fraud were Carried Out To "Intentionally Defraud" Digicel

In *U. S. Bank Nat'l Ass'n v. Franulovic,* the defendant argued that plaintiff's RICO action did not plead the "intent" or "scienter" to defraud which is required under the mail and wire fraud statutes. 2007 U.S. Dist. LEXIS 40550 (D. Or. June 1, 2007).  In *Franulovic*, a case presenting an analogous set of circumstances to the case at bar, this Court evaluated a similar argument on a motion to dismiss and applied precedent set by the Ninth Circuit holding that plaintiff's allegations were sufficient in that instance to aver the required intent.  In that case, this Court emphasized that "RICO imposes no additional *mens rea* requirement beyond that found in the predicate crimes," and "the Ninth Circuit held that plaintiffs may aver scienter generally, just as the rule states—that is, simply by saying that scienter existed."  *Id.* at *11; *quoting U.S. v. Blinder*, 10 F.3d 1468, 1477 (9th Cir. 1993).  The Ninth Circuit further opined that "[t]his lenient standard also comports with Rule 9(b) which states that for allegations of fraud, '[m]alice, intent, knowledge, and other condition of mind...may be averred generally.'" *Id.* at *12; *see also Odom v. Microsoft Corp.,* 486 F.3d 541, 554 (9th Cir. 2007) ("[S]pecific intent to deceive or defraud requires only a showing of the defendants' state of mind, for which general allegations are sufficient.")

In *Franulovic* the court found that the plaintiff satisfied its burden of pleading intent by simply stating that "[defendant] formed this scheme to defraud U.S. Bank in an effort to obtain money by means of false or fraudulent pretenses and by using the mail or wire communications," and intentionally used mail and wire communications "in an effort to further [her] scheme of bank fraud . . . ."  *Id.*  Ultimately, this Court

Page 8 -   PLAINTIFF UNIGESTION HOLDING, S.A.'S,
RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS COUNTS I-IV
PDX\128154\201374\RKH\15678831.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

reasoned that, "[b]ecause these allegations include the specific intent required for plaintiff's predicate fraud claims, they satisfy the Ninth Circuit's lenient pleading standard for intent to defraud." *Id.* at 12-13.

Solidifying this rationale, this Court most recently held that "when a complaint alleges with particularity the circumstances constituting fraud, as required by the rule, then generally it will also have set forth facts from which an inference of scienter could be drawn." *In re Galena Biopharma, Inc. Derivative Litig.,* 2015 U.S. Dist. LEXIS 13194 at \*37 (D. Or. Feb. 4, 2015) (upholding Ninth Circuit precedent holding allegation of facts from which a reasonable inference of scienter can be drawn is all that is required to properly plead knowledge and intent).

In keeping with these considerations, the allegations of the Complaint, when taken as true, allege the particular circumstances constituting fraud.[2]  "[G]enerally, [allegations of particular circumstances constituting fraud] will also have set forth facts from which an inference of scienter could be drawn." *See id.*  However, above and beyond the basic inference of scienter, the Complaint explicitly alleges that the Defendants' conduct was carried out to intentionally defraud Digicel.  "Defendants agreed to and did conduct and participate in the conduct of the enterprises' affairs through a pattern of racketeering activity and ***for the unlawful purpose of intentionally defrauding Plaintiff*** . . ."   [Compl. at ¶ 70] (emphasis added). Paragraph 70 continues by explaining, in detail, examples of the known mail, wire, and

---

[2] Defendants do not argue that particularized allegations of fraud are absent from the Complaint.  They instead admit their activities, but contest whether or not those activities constitute a "plausible underlying fraudulent scheme."  Their protests as to the propriety of their conduct are irrelevant to the considerations undertaken by a motion to dismiss, and essentially demonstrate that the pleadings were sufficient to put Defendants on full and fair notice of the legal claims against them. *See supra. Section I.*

Page 9 -     PLAINTIFF UNIGESTION HOLDING, S.A.'S,
             RESPONSE IN OPPOSITION TO DEFENDANTS'
             MOTION TO DISMISS COUNTS I-IV
PDX\128154\201374\RKH\15678831.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

access device fraud activities undertaken by each defendant with the purpose of intentionally defrauding Digicel:

(a) UPM Marketing provided funds by wire to individuals in Haiti for the purchase and use of SIM Cards to commit bypass fraud in violation of 18 U.S.C. § 1341, 18 U.S.C. § 1343, and 18 U.S.C. § 1029;

(b) Sanchez knowingly received hundreds of Digicel SIM Cards from Haiti for use in SIM Boxes in Oregon which were used to commit bypass fraud in violation of 18 U.S.C. § 1341, 18 U.S.C. § 1343, and 18 U.S.C. § 1029;

(c) Ruiz for, with and on behalf of Sanchez and UPM Telecom knowingly caused computer and internet equipment to be sent to Haiti for the commission of bypass fraud in violation of 18 U.S.C. § 1341, 18 U.S.C. § 1343, and 18 U.S.C. § 1029;

(d) Allen for, with and on behalf of Sanchez and UPM Telecom, knowingly received a large quantity of SIM Cards from Haiti for use in SIM Boxes in Oregon which were used to commit bypass fraud in violation of 18 U.S.C. § 1341, 18 U.S.C. § 1343, and 18 U.S.C. § 1029;

(e) Allen for, with and on behalf of Sanchez and UPM Telecom, knowingly received a large quantity of SIM Cards from Haiti for use in SIM Servers in Oregon which were used to commit bypass fraud in violation of 18 U.S.C. § 1341, 18 U.S.C. § 1343, and 18 U.S.C. § 1029;

(f) Allen knowingly caused computer and internet equipment to be sent to Haiti for the commission of bypass fraud in violation of 18 U.S.C. § 1341, 18 U.S.C. § 1343, and 18 U.S.C. § 1029;

(g) Defendants individually and in concert all knowingly participated in programing SIM Cards and constructing SIM Boxes and Servers to carry out the bypass fraud.

(h) Defendants continue their racketeering activity to this day as each international call that bypasses Digicel's switch, and is then subsequently transmitted using Digicel's towers and infrastructure is a predicate act of racketeering activity.

[Compl. at ¶70].

Other paragraphs similarly allege that Defendants' actions were taken in furtherance of their fraudulent scheme. *See* [Compl. at ¶¶ 71-74, 90-91]. These specific allegations of fraud and general statements regarding intentionally and knowingly acting in a fraudulent manner are sufficient to meet the standards this Court has set for

Page 10 -    PLAINTIFF UNIGESTION HOLDING, S.A.'S,
             RESPONSE IN OPPOSITION TO DEFENDANTS'
             MOTION TO DISMISS COUNTS I-IV
PDX\128154\201374\RKH\15678831.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

adequate pleading under Rules 8 and 9.  Paragraph 70 of the Complaint, quoted above, singularly exceeds this standard, and demonstrates the requisite scienter to plead mail, wire, and access device fraud.  Accordingly, Digicel's allegations, when taken as true, adequately plead Defendants' intentional and knowing participation in predicate acts constituting racketeering activity, and therefore Defendants' motion to dismiss Counts I, II, and III should be denied.

### b. The Nature of Access Device Fraud

Pursuant to 18 U.S.C. § 1029(a)(7): "Whoever knowingly and with intent to defraud uses, produces, traffics in, has control or custody of, or possesses a telecommunications instrument that has been modified or altered to obtain unauthorized use of telecommunications services shall, if the offense affects interstate or foreign commerce, be punished as provided in . . . this section."  The definition of "access devices" provided by the statute includes, "any . . . code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value."  18 U.S.C. § 1029 (e)(1).

It is well-established, in keeping with the Congressional intent of the statute, that the scope of the statutory definition of 'access device' may encompass devices not specifically enumerated in the statute.  *United States v. Brewer*, 835 F.2d 550, 553 (5th Cir. 1987) (acknowledging that the definition is "broad enough to encompass

Page 11 -   PLAINTIFF UNIGESTION HOLDING, S.A.'S,
              RESPONSE IN OPPOSITION TO DEFENDANTS'
              MOTION TO DISMISS COUNTS I-IV
PDX\128154\201374\RKH\15678831.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

technological advances", the court "read long distance access codes into the [definition]" (quotation omitted)); *see also United States v. Scott,* 250 F.3d 550, 552 (7th Cir. 2001) ("A key to the effectiveness of § 1029 in combating credit fraud is a broad, open-ended definition of an "access device" so as to accommodate future technological developments.")

The statue "defines an unauthorized access device as any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud." 18 U.S.C. § 1029(e)(3).  *United States v. Inman*, 411 F.3d 591, 594 (5th Cir. 2005) (examining whether access device was "unauthorized" under § 1029(e)(3)'s "obtained with intent to defraud" prong).  Although, premature on a motion to dismiss, it bears noting that Section 1029 is applicable where a perpetrator uses an otherwise perfectly legitimate access device that was obtained with intent to defraud.  *See Id.* at 595 (describing an unauthorized access device as a "genuine access device being used without authority" and "genuine but misused" in distinguishing between "counterfeit access device" as defined in § 1029(e)(2) and an "unauthorized access device" in § 1029 (e)(3)). Here, where Defendants claim SIM Cards they acquired were bought for value and not manipulated (which is contested), the possession and control of the SIM cards alone, not to mention the other access devices and computer equipment necessary to perpetuate bypass fraud, renders the SIM Cards and those devices "unauthorized access devices" pursuant to § 1029(e)(3) where the access devices were "obtained with intent to defraud." *See Id.*

Further, whether or not Defendants intended to take money from hijacking Digicel's infrastructure or were merely implementing a "competitive business model"

Page 12 -   PLAINTIFF UNIGESTION HOLDING, S.A.'S,
        RESPONSE IN OPPOSITION TO DEFENDANTS'
        MOTION TO DISMISS COUNTS I-IV
PDX\128154\201374\RKH\15678831.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

through fraudulent means, the statute punishes the fraudulent scheme and Defendants should be held liable. Specifically,

> 18 U.S.C. § 1029 is a statute that punishes the fraud scheme and not simply the taking of money. Under that circumstance, it is not required that the court make findings with absolute certainty in the determination of a defendant's intent. ***Once a defendant has engaged in the scheme, culpability is established, and for punishment purposes, only the potential scope of the scheme needs to be determined***."

*United States v. Lin*, 410 F.3d 1187, 1193 (10th Cir. 2005) (emphasis added).

In an analogous case the Sixth Circuit Court of Appeals reinforced the breadth and necessity of Section 1029 to regulate and mitigate losses to cellular telephone carriers. In *US v. Ashe* the court held that a complainant "need only prove by the appropriate weight of the evidence that the defendant possessed, produced, trafficked, had control over, or had custody of an instrument or device ... that permits a theft of services" to be liable for a violation of § 1029. *US v. Ashe*, 47 F.3d 770, 774 (6th Cir. 1995). In *Ashe*, the court held that converted tumbling cellular telephones, which accessed cellular telephone carrier accounts by transmitting counterfeit signals that permitted illicit roamers to fraudulently obtain free air time, were devices that permitted and facilitated the theft of air time from the individual cellular telephone carriers. This conduct was in violation of § 1029. The court noted that "[i]n 1992, the losses charged to cellular telephone carriers resulting from 'free riding' amounted to over $100 million." *Id.* In the intervening time period since that opinion was issued, the means of cellular telephone and network scams have only grown and evolved. The new reality of this evolving landscape includes persons and entities, like Defendants here, who masquerade as legitimate business competitors by using internet technology

Page 13 -  PLAINTIFF UNIGESTION HOLDING, S.A.'S, RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNTS I-IV

PDX\128154\201374\RKH\15678831.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

to alter the legitimate purpose and intended use of existing infrastructure and equipment.  When all is said and done, their "innovation" still results in an unauthorized and fraudulent use of Digicel's SIM cards, cellular infrastructure, and sustained investment in pioneering and developing a cellular network in Haiti.  It is the new face of telecommunications fraud, and Section 1029 encompasses and penalizes this conduct.

**III.    DEFENDANTS' FRAUDULENT USE OF DIGICEL SIM CARDS CONSTITUTES FRAUD**

In Oregon, it is well-settled that to make a claim for fraud a plaintiff must allege: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate injury." *Or. Pub. Emps.' Ret. Bd. v. Simat, Helliesen & Eichner,* 191 Or. App. 408, 424 (2004) (citation and quotation marks omitted).  A fraud claim can be based on either an affirmative misrepresentation or, in some circumstances, active concealment or nondisclosure.  *See Ogan v. Ellison*, 297 Or. 25, 34 (1984); *Gregory v. Novak*, 121 Or. App. 651, 655, (1993).

Here, Defendants are guilty of both affirmative misrepresentations and active concealment, both of which were relied upon by Digicel.  Defendants "communicated" with Digicel through the calls which ultimately terminated on Digicel's network and which were routed through Defendants' bypass infrastructure.  The calls, as Defendants admit in their motion, were then routed to the ultimate recipient through Digicel's Haiti cellular infrastructure "as a local call rather than an international one." *Defs. Memo. In*

Page 14 -    PLAINTIFF UNIGESTION HOLDING, S.A.'S, RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNTS I-IV

PDX\128154\201374\RKH\15678831.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

*Support of Mot. to Dismiss* at 2. Defendants' manipulation of the routed call that allows it to "communicate" with and present itself to Digicel's network as a "local call" is an affirmative misrepresentation and is integral to the bypass fraud scheme. Similarly, the fact that the spoofed "local call" is actually an international call which is being purposefully diverted around the existing Digicel "Gateway" is actively and fraudulently concealed from Digicel. The allegations of the Complaint detail this process and outlines Defendants' fraudulent scheme. [Compl. at ¶¶ 25, 28, 60, 63, 95, 96, 99.]

Digicel relied on the Defendants' multiple misrepresentations and active concealment–ultimately unwittingly allowing the routing of these fraudulent international calls as local calls to end-users in Haiti. Digicel's network relied on the fraudulent representation that a "local call" was being made and terminated on its network infrastructure, and therefore, did not receive the applicable international rates for its cellular network services. This reliance is evidenced in paragraphs 34, 36, 61, 63, 70, 77, 78, 98.

The "who, what, when, where, and how of the misconduct charged" can all be found in Digicel's Complaint. Defendants constructed and programed SIM Boxes and SIM Servers to commit bypass fraud. Compl. at ¶¶43 – 64. Defendants operate in Oregon, and they instruct co-conspirators in Haiti and elsewhere from their location in Oregon. Compl. at ¶¶ 2-9. Digicel believes that Defendants' fraudulent activity has been ongoing for at least a year, and further believes that it is still on-going to this day. Compl. at ¶¶ 34, 62. Every single time an international call is made and fraudulently routed through Defendants' SIM Servers to Digicel's cellular network and infrastructure as a domestic call, rather than an international one, a misrepresentation is being made

Page 15 -   PLAINTIFF UNIGESTION HOLDING, S.A.'S,
            RESPONSE IN OPPOSITION TO DEFENDANTS'
            MOTION TO DISMISS COUNTS I-IV

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

to Digicel regarding the origin, nature, and fees applicable to that particular call. Every time that a call is routed to a Digicel customer through Defendants' fraudulent bypass scheme, there is an active concealment of the fact that the call is actually from an international user and that the call is being diverted around the Digicel International Gateway through which all international calls to Haiti terminating with a Digicel customer must pass. Digicel relies on the representations regarding the call's source that Defendants' SIM Servers cause to be sent to Digicel's network, and Digicel relies on these representations to their significant detriment. Contrary to what Defendants assert, this scheme is all based on deceit, not "competition". The misrepresentations presented by these bypass fraud directed calls represent the illicit use of Digicel's incurred costs in cellular network infrastructure, without proper compensation to Digicel.

Defendants' argument that Digicel could not have relied on any representation from Defendants because there was no in-person conversation with anyone at Digicel is an attempt to obfuscate the point and misrepresent the applicable facts and law. Every time that a call is re-routed from the appropriate channels through Defendants' constructed gateways, Defendants deceptively direct the call to essentially knock on Digicel's door and present itself as a domestic communication. Such conduct is a digital misrepresentation and amounts to a communication by Defendants to Digicel. Digicel has properly pled and presented Defendants' fraud. Defendants' motion to dismiss Digicel's fraud claim should be denied.

Page 16 -    PLAINTIFF UNIGESTION HOLDING, S.A.'S,
             RESPONSE IN OPPOSITION TO DEFENDANTS'
             MOTION TO DISMISS COUNTS I-IV
PDX\128154\201374\RKH\15678831.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## CONCLUSION

Based on the foregoing, Digicel respectfully requests that Defendants' Motion to Dismiss Counts I, II, III, and IV be denied.  In the alternative, should this Court hold that any of the contested counts has not been adequately pleaded, Digicel respectfully requests leave to amend its pleadings to conform to this Court's ruling.

Dated:  April 9, 2015

                                        Respectfully submitted,

                                        SCHWABE, WILLIAMSON & WYATT, P.C.

                        By:      /s/ Richard K. Hansen
                                 Richard K. Hansen, OSB #832231
                                 Telephone: 503.796-2958
                                 Facsimile: 503.796.2900
                                 Of Attorneys for Plaintiff

                                 Trial Attorney:  Richard K. Hansen
                                 Of Attorneys for Plaintiff Unigestion
                                 Holding, S.A., a Foreign Corporation, d/b/a
                                 Digicel Haiti

Robert C. L. Vaughan (*Pro Hac Vice*)
Kim Vaughan Lerner LLP
*Attorneys for Plaintiff*
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone:     (954) 527-1115
Facsimile:     (954) 527-1116
E-mail: rvaughan@kvllaw.com

Page 17 -    PLAINTIFF UNIGESTION HOLDING, S.A.'S,
             RESPONSE IN OPPOSITION TO DEFENDANTS'
             MOTION TO DISMISS COUNTS I-IV
PDX\128154\201374\RKH\15678831.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 9th day of April, 2015, I caused to be served a copy of the foregoing PLAINTIFF UNIGESTION HOLDING S.A.'S, RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNTS I-IV on the following person via the Court's CM/ECF electronic service system:

    Kathryn P. Salyer, OSB #883017
    ksalyer@tsbnwlaw.com
    Tomasi Salyer Baroway
    121 SW Morrison Street, Suite 1850
    Portland, Oregon  97204-3136
    Telephone: (503) 894-9900

        Attorneys for Defendants


        /s/ Richard K. Hansen
        Richard K. Hansen, OSB #832231

Page 18 -    CERTIFICATE OF SERVICE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981

PDX\128154\201374\RKH\15678831.2