**Richard K. Hansen**
Email: rhansen@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.796.2958
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
Kim Vaughan Lerner LLP
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone: 954.527.1115
Facsimile: 954.527.1116

Attorney for Plaintiff, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDINGS, S.A.,** a foreign corporation, d/b/a **DIGICEL HAITI**, <br><br> *Plaintiff,* <br><br> *vs.* <br><br> **UPM TECHNOLOGY, INC. d/b/a UPM TELECOM, INC, and UPM MARKETING, INC.,** an Oregon corporation; <br> **UPM TELECOM, INC.,** an Oregon a/b/n; <br> **UPM MARKETING, INC.,** an Oregon a/b/n; **BENJAMIN SANCHEZ a/k/a BENJAMIN SANCHEZ MURILLO,** an Oregon resident; **BALTAZAR RUIZ,** an Oregon resident, **and TYLER ALLEN**, an Oregon resident <br> *Defendants.* | **Case No.: 3:15-cv-00185-SI** <br><br><br> **PLAINTIFF'S NOTICE OF FILING AUTHORITY ON HAITIAN LAW** |

## **PLAINTIFF, UNIGESTION HOLDINGS, S.A. d/b/a DIGICEL HAITI'S, NOTICE OF FILING AUTHORITY ON HAITIAN LAW IN RESPONSE TO INSTRUCTIONS RECEIVED AT JANUARY 27 HEARING**

Plaintiff Unigestion Holdings, S.A., d/b/a/ Digicel Haiti ("Digicel Haiti"), hereby provides notice of filing exemplars of Haitian Law in which the prohibitions against certain types of telecommunications fraud otherwise described as "bypass activity" have been articulated.[1] All documents attached hereto, are accompanied by certified, notarized translations of the entire document or the referenced portions thereof.

1. **Decret Accordant Á L'Etat Le Monopole Des Services De Télécommunications [1977 Decree Regarding the Formation of Telecommunications Regulator] (Oct. 12, 1977) (Haiti).** A true and correct copy of the original document and a certified translation of relevant excerpts is here attached as "Composite Exhibit A".

   a. Attached are relevant Articles from the 1977 Telecommunications Act stating: that traffic with foreign countries should be through international switching centers; that company(ies) must be granted authorization to operate telecommunications installations; that there is a criminal penalty for "[t]hose who negligently or recklessly disturb . . . disrupt" the telecommunications services.

   b. Granting to the State, exclusive monopoly on telecommunications services in Haiti.

---

[1] The attached papers establish that bypass fraud is a violation of statutory and regulatory measures taken by the Haitian government to protect the telecommunications structure in Haiti. These violations are remedied through the permitted investigation, confiscation, and ultimate seizure of equipment used to perpetrate bypass activity. At the time of this filing, the only cases we have identified in Haiti referencing "bypass fraud" have been criminal cases in which the appellate court reversed any arrest or detention on the ground that "bypass fraud" is not addressed in the Haitian Criminal Code. In at least one such case, the appellate court has upheld the enforcement of confiscation and seizure orders. Digicel will file a Supplemental Notice with the full case opinions and certified translations as soon as they have been retrieved.

2. **Avis du CONATEL[2] [Opinion of CONATEL Regarding Illegal Telephone Traffic] (Sept. 22, 2008) (Haiti).**  A true and correct copy of the original document and a certified translation is here attached as "Composite Exhibit B".

   a. Proclaiming that the "flow of fraudulent international traffic on the national telephone network . . . is strictly prohibited by the State of Haiti."  Further, authorizing network operators to disconnect all telephone numbers used for illegal or fraudulent traffic.

3. **Protocole d'Accord Sur La Lutte Contre Les Fraudes Dans Le Secteur Des Télécommunications [Memorandum of Understanding on the Fight Against Fraud in the Telecommunications Sector] (April 11, 2013) (Haiti).**  A true and correct copy of the original document and a certified translation is here attached as "Composite Exhibit C".

   a. Articulating a Memorandum of Understanding amongst CONATEL and several Haitian Telecom operators to increase efforts against telephone fraud.

4. **Circulaire No. 009, Conseil National Des Télécommunications [CONATEL Circular No. 009 Regarding VoIP] (May 8, 2013) (Haiti)**.  A true and correct copy of the original document and a certified translation is here attached as "Composite Exhibit D".

   a. Drawing from the authority granted to CONATEL and general telecommunication regulation, this Circular articulates an "interest in stepping up the fight against telephone fraud" and "the fight against bypass." The circular defines "bypass" and proclaims that it is within CONATEL's legal rights to investigate diverted traffic, terminate service to IP addresses found to be in violation, confiscation of all equipment use to divert traffic, and taking any legal or statutory action against the violator or violators.

---

[2] Conseil National Des Télécommunications [National Counsel of Telecommunications] ("CONATEL")

**5. Protocole d'Accord pour lutter efficacement contre les perturbations dans le secteur des Télécommunications, plus particuliérement, au niveau du traffic utilisant les protocoles IP [Memorandum of Understanding for Fighting Effectively Against the Disruptions in the Telecommunications Sector, Especially at the Level of Traffic Using IP Protocols] (December 1, 2015) (Haiti).** A true and correct copy of the original document and a certified translation is here attached as "Composite Exhibit E".

    a. Noting that any "decline in traffic due to diversion of traffic on routes dedicated to call termination to other clandestine routes is detrimental to operators." Conduct deemed illegal includes "[t]he amendment of the identification of the number calling."

Dated: February 10, 2016

                      Respectfully submitted,

| | |
|---|---|
| SCHWABE, WILLIAMSON & WYATT, P.C.<br>Richard K. Hansen, OSB #832231<br>Telephone: 503.796-2958<br>Facsimile: 503.796.2900<br><br>*Attorneys for Plaintiff, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti* | By:  /s/ Robert C.L. Vaughan<br><br>KIM VAUGHAN LERNER LLP<br>Robert C. L. Vaughan (*Pro Hac Vice*)<br>Cherine Smith Valbrun (*Pro Hac Vice*)<br>Leah B. Storie (*Pro Hac Vice*)<br>One Financial Plaza, Suite 2001<br>Fort Lauderdale, FL  33394<br>Telephone:          (954) 527-1115<br>Facsimile:          (954) 527-1116<br>E-mail: rvaughan@kvllaw.com<br><br>*Attorneys for Plaintiff, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of February, 2016, I caused to be served a copy of the foregoing PLAINTIFF UNIGESTION HOLDING S.A.'S, NOTICE OF FILING on the following person via the Court's CM/ECF electronic service system:

Kathryn P. Salyer, OSB #883017
ksalyer@tsbnwlaw.com
Tomasi Salyer Baroway
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204-3136
Telephone: (503) 994-9900
*Attorneys for Defendants*

_____/s/ Robert C.L. Vaughan_____
Robert C.L. Vaughan,

5