**Richard K. Hansen**
Email: rhansen@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.796.2958
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
Kim Vaughan Lerner LLP
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone: 954.527.1115
Facsimile: 954.527.1116

Attorney for Plaintiff, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDINGS, S.A.,** a foreign corporation, d/b/a **DIGICEL HAITI**,<br><br>　　　　　*Plaintiff,*<br><br>　vs.<br><br>**UPM TECHNOLOGY, INC. d/b/a UPM TELECOM, INC.,** and **UPM MARKETING, INC.,** an Oregon corporation;<br>**UPM TELECOM, INC.,** an Oregon a/b/n;<br>**UPM MARKETING, INC.,** an Oregon a/b/n; **BEN SANCHEZ a/k/a BEN SANCHEZ MURILLO,** a foreign individual; **BALTAZAR RUIZ,** a foreign individual, and **TYLER ALLEN**, a foreign individual,<br><br>　　　　　*Defendants.* | No. 3:15-cv-00185-SI<br><br><br>**PLAINTIFF UNIGESTION HOLDING S.A.'S, MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS** |

Page 1 -　PLAINTIFF, UNIGESTION HOLDING S.A.'S, MOTION TO DISMISS COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## INTRODUCTION

After months of litigating their two motions to dismiss Plaintiff's allegations, Defendants have alleged ten counterclaims, five sounding in statute and five sounding in state-law tort and equitable claims (collectively "Counterclaims"). Surprisingly, Defendants' filing suffers from the very pleading deficiencies they articulated and unsuccessfully argued in opposition to Plaintiff's complaint. Now, in what appears to be a desperate attempt to distract from the merits of the Plaintiff's well-tested allegations, Defendants' have now constructed a nearly incomprehensible pleading that, at best, leaves Digicel Haiti to guess as to which party is bringing what claims and what "prayers for relief" are associated with a particular defendant or claim. As if that weren't enough, the Counterclaims also fail to adequately allege sufficient facts to support the basic elements of the claims for which relief is requested or to satisfy the pleading and plausibility analyses that the Defendants/Counterclaimants themselves so vigorously argued mere weeks ago in support of their own efforts to dismiss the Plaintiff's Complaint.

## LEGAL ARGUMENT

The pleading requirements of Rule 8 and the cases interpreting this Rule require that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To be entitled to a presumption of truth, allegations in a complaint may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair

Page 2 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S, MOTION
TO DISMISS COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

"In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009).  "The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  This includes legal conclusions couched as factual allegations, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 555.

## I.   **Defendants' Counterclaims Are Insufficiently Plead To Allow Plaintiff to Assert a Proper Defense**

At a minimum, Rule 8(a) requires that:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery         and         continued         litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Defendants' pleading does not meet these most basic standards.  Based on the unorthodox and confusing manner in which Defendants chose to plead their claims, it is impossible to discern precisely which Defendants are bringing which claims and what prayers for relief are associated with any

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

particular counterclaim.   For these reasons alone, it is impossible for Digicel Haiti to mount a proper and effective defense to these allegations.[1]

The Counterclaims state that the pleading sets forth "*Defendants'* compulsory counterclaims".  [Defs. Counterclaim at ¶ 238, ECF No. 73] (emphasis supplied).  Yet, in the body of the actual Counterclaims, UPM is the only defendant reasserting and realleging the allegations for each count.  [ECF No. 73 at ¶¶ 241, 244, 247, 250, 253, 258, 267, 270, 275, 281].  This choice becomes even more perplexing at the end of the Counterclaims where Defendants assert separate prayers for relief, one on behalf of "Defendants" and one on behalf of "UPM."   [ECF No. 73 at pp. 41-42.].  Because of this inconsistent and fragmented composition, Digicel Haiti is forced to guess at which Defendant is bringing which claim, which Defendant is claiming to have standing for which claim, and which Defendant is seeking what relief for which claim.

Ultimately, Digicel Haiti cannot formulate a proper and thorough response given the disjointed manner in which Defendants have cobbled together their counterclaims and prayers for relief.   Accordingly, Digicel Haiti respectfully requests that Defendants' Counterclaims be dismissed in their entirety for failure to state a claim for which relief can be granted and failure to meet the most basic Rule 8 pleading requirements due to the pleading's failure to allege the specific party pursuing a claim and the specific relief being sought pursuant to each claim.  In the alternative, Defendants must be required to re-plead

---

[1] In an abundance of caution to preserve all Rule 12 arguments, Plaintiff is submitting this motion to dismiss on all grounds for dismissal, even in light of the pleading's deficiencies, assuming that all claims are being brought by all Defendants.

Page 4 -     PLAINTIFF, UNIGESTION HOLDING S.A.'S, MOTION
                 TO DISMISS COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

their entire Counterclaim to remedy these deficiencies.

## II.    Individual Defendants Lack Standing To Sue Digicel and Must be Dismissed with Prejudice

The standing jurisprudence of federal courts "contains two strands: Article III standing, which enforces the Constitution's case-or-controversy requirement, [and] prudential standing, which embodies judicially self-imposed limits on the exercise of federal jurisdiction." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11, 124 S. Ct. 2301, 159 L. Ed. 2d 98 (2004) (citations and internal quotations omitted).  Article III's requirements are unambiguous:

> The irreducible constitutional minimum of standing contains three elements.  First, the plaintiff must have suffered an "injury in fact" -- an invasion of a legally protected interest which is (a) concrete and particularized; and (b) "actual or imminent, not 'conjectural' or 'hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court."  Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136 (1992) (citations and internal quotations omitted).  Benjamin Sanchez ("Sanchez"), Baltazar Ruiz ("Ruiz"), and Tyler Allen ("Allen") (collectively "Individual Defendants") do not even meet the threshold requirement of suffering an injury in fact.  There is not one factual allegation in the Counterclaim alleging damages on the part of *any* Individual Defendant.  Rather, every count of the Counterclaim alleges a purported "damage" to UPM.  [ECF No. 73 at ¶¶ 243, 246, 249, 252, 257, 266, 269, 273-4, 279-80, 286].  To the extent that any Counterclaim is brought on behalf of an Individual Defendant, the Counterclaim should

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

be dismissed with prejudice for lack of standing and failure to state a claim. Again, because of the confusing manner in which the Counterclaims were stated, Plaintiff respectfully requests that this Court enter an order specifically dismissing all Individual Defendants from the stated Counterclaims. Further, any "prayer for relief" on behalf of the Individual Defendants should be stricken and entirely discounted as procedurally and substantively improper.

### III.     Defendants' Title 47 Claims Must Be Dismissed Because Digicel Haiti is not Subject to Application of the Act

Defendants have attempted to bring various statutory claims pursuant to the Communications Act of 1934 (the "Act"). However, based on the plain language of the Act, it does not apply to foreign carriers such as Digicel Haiti, and Digicel Haiti is not a "common carrier" as is required for Defendants to pursue their claims. Defendants' pleading does not, because it cannot, include any *factual allegations* to support application of the Act to Digicel Haiti. Accordingly, all claims brought under Title 47 must be dismissed for failure to meet the requisite pleading standards and failure to state a claim for which relief can be granted.

#### a.     Defendants' Pleadings Are Insufficient to Establish That Digicel Haiti Operates Within the United States

Application of the Act is governed by 47 USC § 152. This section dictates:

The provisions of this Act shall apply to all interstate and foreign communication by wire or radio and all interstate and foreign transmission of energy by radio, which originates and/or is received *within the United States, and to all persons engaged within the United States in such*

Page 6 -     PLAINTIFF, UNIGESTION HOLDING S.A.'S, MOTION
             TO DISMISS COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

*communication* or such transmission of energy by radio, and to the licensing and regulating of all radio stations as hereinafter provided . . .

47 USC § 152(a) (emphasis supplied). The Act is not intended to govern foreign carriers such as Digicel Haiti who are not "engaged within the United States." *Id.* This would constitute an impermissible, extraterritorial application of the Act. This scenario has been addressed by Federal Courts interpreting the extent of the Federal Communications Commission's ("FCC") jurisdiction to enforce the Act. "The Communications Act authorizes the Commission to regulate 'foreign telecommunications.' The Commission claims no authority to directly regulate foreign carriers." *Cable & Wireless P.L.C. v. FCC*, 334 U.S. App. D.C. 261, 166 F.3d 1224, 1229 (1999) (relying on the differentiation between foreign and domestic carriers to uphold application of order to "carriers within [Commission's] jurisdiction" noting that FCC "claims no authority to directly regulate foreign carriers"); *see also FTC v. Verity Int'l, Ltd.*, 443 F.3d 48, 59 (2d Cir. 2006) ("As indicated by the 'engaged within the United States' limitation, the Communications Act does not apply to foreign terminating carriers.").

Digicel Haiti does not operate within the United States and it is, by definition, a foreign carrier. Defendants' own allegations stating that Digicel USA holds a 214 Authorization to operate as an international common carrier support this proposition. [ECF No. 73 at ¶¶ 210-211,]. Digicel USA is the Digicel entity that is licensed under the Act while Digicel Haiti runs operations strictly within Haiti. As is evident even from

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Defendants' threadbare allegations, Digicel Haiti is a foreign carrier entirely outside the enforcement jurisdiction of the Act.

> b. Defendants Do Not and Cannot Sufficiently Allege That Digicel Haiti is a "Common Carrier"

The Act defines a "common carrier" as, in relevant part, "any person engaged as a common carrier for hire, in interstate or foreign communication by wire or radio. . ." 47 U.S.C. § 153(10). To be subject to claims under 47 USC §§ 201 and 202, a party must be a "common carrier." Again, pursuant to this definition the Act does not apply to Digicel Haiti as it operates solely within Haiti as a foreign carrier.

Tellingly, when stripped of all legal conclusions and conclusory statements, Defendants' Counterclaims provide no plausible allegations to support their position that Digicel Haiti is a common carrier. Defendants' allegation regarding Digicel Haiti's operations states in summary fashion:

> On information and belief (based on Digicel-Haiti's representations to this Court), Digicel-Haiti owns and operates two "Gateway" switches one in Miami, Florida, and one in New York, New York. By means of these devices, Digicel-Haiti offers to carry telephone calls from the United States to Haiti. . .Digicel-Haiti is, therefore, an international common carrier . . .

[ECF 73 at ¶ 209]. Defendants purport to base their allegations on Digicel Haiti's representations, but no such representations regarding outright ownership of US equipment or operations have been made. The allegation is created out of whole cloth. This conclusory allegation that Digicel Haiti is an international common carrier under the Act, when in fact it is a foreign carrier, should be disregarded.

In its Amended Complaint Digicel Haiti alleges: "Plaintiff Digicel is a corporation organized under the laws of Haiti. Its headquarters and principal place of business is

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

located in Port-Au-Prince, Haiti.  Digicel Haiti owns mobile telecommunications switches located in Haiti through which all voice calls to and from its subscribers must pass." [Amed. Compl. at ¶ 1, ECF No. 34].  Digicel Haiti never alleges that it "owns" any switches in the US.  Rather it describes how these switches channel traffic to Haiti, as is necessary to legitimately route an international call intended for termination on the Digicel Haiti network.  Digicel Haiti does not claim ownership over any equipment or operations within the United States, and beyond this singular assertion, Defendants do not assert any factual allegations to support the notion that Digicel Haiti operates within the United States.  By their own admission, the UPM Defendants have identified Digicel USA as an entity that holds a 214 Authorization and "runs Digicel Holdings, Ltd.'s ("Digicel Holdings") US operations".  Notwithstanding this "discovery" the UPM Defendants nevertheless make the allegation that Digicel Haiti is a "common carrier" in the USA without a shred of good faith evidence to support such a conclusion.  Defendants' singular, conclusory, and, frankly, factually distorted allegation, is insufficient to subject Digicel Haiti to applicability of the Act and additional litigation regarding these contrived claims. Even if the Court did accept this conclusion as true—which it shouldn't—it would still fall short of supporting Defendants' claims.  *See Starr v. Baca,* 652 F.3d at 1216 ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.")

Defendants' factual allegations in their Counterclaim do not support their bald legal conclusion that Digicel Haiti is a "common carrier" under the Act.  Outside of these

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

conclusory allegations, Defendants provide no plausible factual allegation that Digicel Haiti is a common carrier subject to the Act.  Accordingly, Defendants cannot state a claim for relief under 47 U.S.C. §§ 201 or 202, or 214[2][3][4], and these claims should be dismissed with prejudice as Defendants cannot allege through amendment facts sufficient to plead that Digicel Haiti is a common carrier.

**IV.    Digicel Haiti is Not Subject to 47 USC 214 and Defendants Fail to State a Claim for Which Relief Can be Granted**

> a.  47 USC § 214 Does Not Apply to Digicel Haiti

Section 214 states in relevant part:

> ...[T]he construction of a new line or of an extension of any line, or shall acquire or operate any line, or extension thereof, or shall engage in transmission over or by means of such additional or extended line, unless and until there shall first have been obtained from the Commission a certificate that the present or future public convenience and necessity require or will require the construction, or operation, or construction and operation, of such additional or extended line . . .

47 USC § 214.  This conduct *in the United States* is what implicates 214 Authorization. The Counterclaims do not allege that Digicel Haiti has sought the extension or operation of a new line in the United States or that it has acquired the operation of a line in the United States.  Defendants simply conclude that because Digicel Haiti receives calls from

---

[2] 47 USC 201(1) and (2) legislate, respectively, the "duty of every common carrier" and "a common carrier subject to this Act".

[3] 47 USC 202 makes it "unlawful for any common carrier" to discriminate in practice.

[4] 47 USC 214 requires an authorization for any "construction of a new line or of an extension of any line, or shall acquire or operate any line, or extension thereof, or shall engage in transmission over or by means of such additional or extended line, unless and until there shall first have been obtained from the Commission a certificate that the present or future public convenience and necessity require or will require the construction, or operation, or construction and operation, of such additional or extended line . . ."  Digicel Haiti has never sought the construction of a new line, extension of a line, or operate a line in the United States.  Therefore, Digicel Haiti is not subject to the requirements of 47 USC 214.

Page 10 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S, MOTION
TO DISMISS COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

the United States it should be required to have 214 Authorization.  This is not supported in law or fact.  Digicel Haiti operates in Haiti.  The UPM Defendants have plead no fact to the contrary.

Digicel Haiti does not construct or operate lines or equipment in the United States, therefore, it is not required to have a 214 Authorization.  Again, Defendants provide no allegations of any activity requiring a 214 Authorization on behalf of Digicel Haiti.  They simply conclude that Digicel Haiti should be subject to all provisions of the Act based only on their threadbare conclusion that it should be considered an "international common carrier."  Defendants' claim for a "violation" of 47 USC § 214 must be dismissed with prejudice.

## V.    Defendants Fail to Plead the Elements of Intentional Interference with an Economic Relationship

To plead a claim for intentional interference with economic relations under Oregon law Defendants are required to properly allege the following elements:

> (1) the existence of a professional or business relationship (which could include, e.g., a contract or a prospective economic advantage), (2) intentional interference with that relationship, (3) by a third party, (4) accomplished through improper means or for an improper purpose, (5) a causal effect between the interference and harm to the relationship or perspective damages, and (6) damages.

*McGanty v. Staudenraus,* 901 P.2d 841, 844 (1995) (stating elements); *Uptown Heights Associates v. Seafirst Corp,* 891 P.2d 639, 646 (1995) (dismissing interference claim for lack of pleading improper means of interference)*; Vigilante.com, Inc. v. ArgusTest.com, Inc.,* No. CV04-413-MO, 2005 U.S. Dist. LEXIS 45999, at *40-43 (D. Or. Sep. 6, 2005). Defendants' fail to meet these elements.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

As to the first element, Defendants have not properly alleged any prospective business relationship. A single, conclusory allegation blankly states that "UPM has a variety of business relationships with telecommunications wholesalers and carriers . . . Some of the minutes UPM offered were to place telephone calls to Haiti." [ECF No. 73 at ¶ 282]. This allegation does not plead the existence of any specific potential business relationship which was actually impacted by Digicel Haiti's actions, and constitutes a basic recitation of the first legal element required for this claim. From the vague nature of the allegation it appears that UPM itself has no idea what, if any, business relationship it has that could have possibly been interfered with by Digicel Haiti or, more important, how many minutes were sold "to place telephone calls to Haiti."

Second, Defendants have not sufficiently alleged the requisite "intent" on the part of Digicel Haiti to interfere with any business relationship. Rather, the allegations only demonstrate that Digicel Haiti was simply exercising its legal ability to block SIM Cards being used to commit bypass. Simply regurgitating these allegations—also reflected in the underlying complaint—do not demonstrate an intent to harm Defendants' prospective economic relationships, and no harmful intent, aside from these conclusory statements, is alleged.

The third element of the claim requires that the interference be by a third-party. *See McGanty v. Staudenraus,* 901 P.2d 841 (1995) (dismissing intentional interference claim on grounds that defendant was not a third-party to economic relationship). Again, Defendants cannot meet this required element. Taking the general allegations of the Counterclaim as true, Defendants allege that they have business relationships with

Page 12 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S, MOTION
TO DISMISS COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

carriers for the sale of minutes. Those minutes include minutes offering to place telephone calls to Haiti. If, as Defendants allege elsewhere in the Counterclaim, it requires the use of Digicel Haiti SIM Cards to route the minutes it has sold to other carriers, then Digicel Haiti should be considered a party to the business relationship – a relationship that would presumably not otherwise exist without the use of Digicel Haiti's equipment and infrastructure. Regardless of Defendants' factually unsupported allegation that "Digicel Haiti is not a party to the business relationship in which UPM sells services on the wholesale market," UPM would be required to turn its back on all its Title 47 counterclaims if it opts to allege that Digicel Haiti is not a required party to complete UPM's business transactions with the carriers to which UPM sells minutes. [ECF No. 73 at ¶ 283]. This internal inconsistency highlights the implausibility of all of Defendants' claims, and represents Defendants' failure to adequately plead a claim for intentional interference with a prospective business relationship.

Fourth, the actions of Digicel Haiti that allegedly harmed Defendants were not through improper means or executed with an improper purpose. "Commonly included among improper means are violence, threats or other intimidation, deceit or misrepresentation, bribery, unfounded litigation, defamation, or disparaging falsehood." *Top Serv. Body Shop, Inc. v. Allstate Ins. Co.*, 582 P.2d 1365, 1371 n. 11 (1978); quoting Fleming, supra note 2, at 612-614; Prosser, supra note 3, § 129, at 936-937; Restatement (Second) of Torts § 766, Comments j, k, § 767, Comment c (Tent. Draft No. 23, 1977). Defendants' pleading does not even approach providing a factual basis for any such allegations. Beyond the conclusory allegation of "intentional malice, trickery or deceit,"

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Defendants do not set out any factual allegation of a malicious act or scheme constituting an improper purpose or means on the part of Digicel Haiti.  [ECF No. 73 at ¶ 285]. Considering that, "a case is made out which entitles plaintiff to go to a jury only when interference resulting in injury to another is wrongful by some measure beyond the fact of the interference itself," Defendants claim should be dismissed.  *Uptown Heights Assocs. Ltd. P'ship v. Seafirst Corp.,* 891 P.2d 639, 647 (1995)

Defendants summarily state that Digicel Haiti employed improper means by (1) breaching an implied in fact contract – a "contract" which has not been established; (2) creating an unlawful restraint of trade; (3) violating statutes, and/or (4) making defamatory statements.  *Id.* at ¶ 284.  The alleged "breach of implied in fact contract" is an unsupported legal conclusion with no supporting facts, as are the assertions that Digicel Haiti unlawfully restrained trade or violated any statutes.  There are simply **no** facts alleging specific actions on Digicel Haiti's behalf that constituted improper means of intentional interference.

Lastly, the threadbare statement that Digicel Haiti made defamatory statements is pure fabrication, and constitutes a baseless regurgitation of one of the examples that Oregon courts have established as improper interference.  That the alleged "statements", which were not disclosed in Defendants' pleading, are defamatory, is no more than an impermissible legal conclusion that should not be considered by this Court.  There are no allegations in the Counterclaims regarding what "defamatory" statements were made, who made such statements, and to whom the statements were made.  For failure to properly plead this additional element, the claim should be dismissed.

Page 14 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S, MOTION
             TO DISMISS COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Finally, Defendants fail to properly plead causation and damages sufficient to support their claim.  Defendants, in conclusory fashion, state that "as a direct and proximate result of Digicel-Haiti's interference with UPM's relationship with wholesalers for the sale of cellular telephone services for international calls terminating in Haiti, UPM has suffered damages in an amount to be proven at trial." [ECF No. 73 at ¶ 286].  Again, Defendants do not disclose any factual allegations to support this supposition.  There is no indication of what relationships were damaged, how Digicel Haiti could have unjustifiably caused that damage, or what the actual damages are.  The Defendants have failed to allege whether the damages were the loss of a contract, lost profits, or any other actual, measureable damage.  Rather, based upon the shotgun manner of the entire pleading, it appears Defendants are purely attempting to see what will "stick" with no regard to having actual facts to support their conclusory allegations.  Defendants' failure to properly plead any of the elements of a claim for intentional interference with a prospective economic advantage require that this claim be dismissed with prejudice.[5]

## VI.    __Defendants Fail to State an Implied-In-Fact Contract Claim__

Defendants assert that Digicel Haiti is liable for breach of an implied in fact contract.  "However, a contract implied in fact can arise 'where the natural and just interpretation of the acts of the parties warrants such a conclusion.'"  *Jaqua v. Nike, Inc.*, 865 P.2d 442, 445 (1993).  "A contract implied in fact, like an express contract, is based on mutual expressions of assent.  That assent and the terms of the parties' agreement may

---

[5] Even if this Court were to find these allegations sufficient to meet the requisite pleading and Rule 12(b)(6) standards, Plaintiff's actions are justified by their privilege to take lawful action to protect its economic interests.

PLAINTIFF, UNIGESTION HOLDING S.A.'S, MOTION
TO DISMISS COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

be inferred from the parties' conduct." *Id.;* citing 1 Corbin, Contracts § 18 (1963 and Supp. 1992). Here Defendants do not plead that there was any mutual assent between the parties. There are no allegations that Digicel Haiti had any idea how UPM or its agents would actually be using the SIM Cards.

Indeed, Defendants' attempt at alleging assent states that "Digicel-Haiti's purpose in selling Digicel SIM Cards is to allow purchasers to access the Digicel Haiti network for the number of minutes that are associated with each Digicel SIM Card." [ECF No. 73 at ¶ 260]. This allegation cannot sufficiently plead "mutual" assent as it entirely and intentionally omits how Defendants intended to ultimately use the SIM Cards. There can be no mutual assent when one party is unaware of the other party's intention to use goods in an improper and unintended fashion. Digicel Haiti does not sell its SIM Cards with any expression of mutual assent to their use in bypass operations.

Defendants' attempt to characterize this "implied contract" as one for the simple purchase and use of the SIM Cards is grossly misleading, and the allegations of the claim fail to plead mutual assent to "terms" as suggested by the Defendants, including why the SIM Cards were in-fact purchased and how they were truly intended to be used. Allowing amendment of this claim would be futile as Defendants cannot factually allege that Digicel Haiti assented to the use of the SIM Cards for bypass operations. Therefore, there can be no implied-in-fact contract, and this claim should be dismissed with prejudice.

## VII.    Defendants' Claim for Conversion Fails to State A Claim for Which Relief Can Be Granted

Under Oregon law, "[c]onversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

may justly be required to pay the other the full value of the chattel." *In re Complaint as to the Conduct of Martin*, 970 P.2d 638, 642 (1998). "The gravamen of the tort is the defendant's intent to exercise control over the chattel inconsistently with the plaintiff's rights." *Naas v. Lucas*, 739 P.2d 1051, 1052 (1987).

Defendants allege that "Plaintiff has wrongfully exercised dominion and control over the *use* of the Digicel SIM Cards by blocking their use with an intent to permanently deprive UPM of the use of those cards. This conduct constitutes conversion." [ECF No. 73 at ¶ 271] (emphasis supplied). Defendants' allegation only confirms that Digicel Haiti merely stopped Defendants from using SIM Cards for an illegal and improper purpose, and on its face demonstrates the implausibility of this claim. In other words, UPM never had the right to use the SIM Cards as it did, and therefore it is implausible and impossible for Digicel Haiti to have exercised any control "inconsistent" with UPM's rights.

Further, Defendants received the benefit of use of the SIM Cards up to the time that their nefarious purpose was discovered. Under no analysis should Digicel Haiti be required to pay the full value of the SIM Cards. Finally, Plaintiff has failed to allege necessary facts to support their claim, including but not limited to, for example, how many cards were thus affected, during what time period, when the cards were allegedly discontinued and what value "remained" on these allegedly discontinued (converted) cards. Accordingly, Digicel Haiti respectfully requests that Defendants' conversion claim be dismissed with prejudice.

Page 17 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S, MOTION
TO DISMISS COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## VIII.    Defendants Fail to State a Claim for Money Had And Received

"A claim of money had and received is appropriate when a contract has been fully performed by the plaintiff, and nothing remains to be done but the payment of money." *C. A. M. Concepts, Inc. v. Gwyn*, 136 P.3d 60, 63 (2006).  This claim does not even relate to the applicable facts.  There are no allegations of performance on behalf of Defendants, and there is no allegation of money actually owed to Defendants.  The pleadings simply allege that Digicel Haiti "should not be allowed to keep the money it received."  [ECF No. 73 at¶ 268].  Defendants fail to state a claim for money had and received, and amendment would be futile as this claim does not apply to the underlying facts.

## IX.    Defendants Fail to State a Claim for Unjust Enrichment

The elements of an unjust enrichment claim are that "(1) the plaintiff conferred a benefit on the defendant; (2) the defendant was aware that it had received a benefit; and (3) under the circumstances, it would be unjust for the defendant to retain the benefit without paying for it." *Tucker v. Or. Aero, Inc.*, 474 F. Supp. 2d 1192, 1213 (D. Or. 2007) (quoting *Winters v. County of Clatsop*, 210 Or. App. 417, 421, 150 P.3d 1104 (2007)). Again, Defendants make a basic attempt to regurgitate the elements of the claim along with a few unsupported conclusory statements.  This includes the allegation that "Plaintiff's conduct involved repeated actions to receive a benefit from UPM without reimbursement for the proceeds thereof."  [ECF No. 73 at ¶ 278].  Considering that Defendants themselves allege that they used the SIM Cards to make "in excess of $20,000,000" in profits from the use of Digicel Haiti's SIM Cards and network infrastructure [ECF No. 73 at ¶¶ 243, 249, 257] it is entirely implausible that Defendants

Page 18 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S, MOTION
TO DISMISS COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

did not receive the value of the SIM Cards through their bypass operations or that Digicel Haiti is retaining any benefit without paying for it.  Defendants' unjust enrichment claim should be dismissed.

## CONCLUSION

Based on the foregoing, Digicel Haiti respectfully requests that Defendants' Counterclaims be dismissed.  Digicel Haiti further requests that the Court grant oral argument on this motion and the arguments contained herein.

Dated:  April 4, 2016

Respectfully submitted,

<table>
<tr>
<td>

SCHWABE, WILLIAMSON & WYATT, P.C.
Richard K. Hansen, OSB #832231
Telephone: 503.796-2958
Facsimile: 503.796.2900

*Attorneys for Plaintiff, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti*

</td>
<td>

By:    /s/ Robert C.L. Vaughan

KIM VAUGHAN LERNER LLP
Robert C. L. Vaughan (*Pro Hac Vice*)
Cherine Smith Valbrun (*Pro Hac Vice*)
Leah B. Storie (*Pro Hac Vice*)
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone:      (954) 527-1115
Facsimile:      (954) 527-1116
E-mail: rvaughan@kvllaw.com

*Attorneys for Plaintiff, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti*

</td>
</tr>
</table>

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of April, 2015, I caused to be served a copy of the foregoing PLAINTIFF UNIGESTION HOLDING S.A.'S, MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS on the following person via the Court's CM/ECF electronic service system:

| | |
|---|---|
| Kathryn P. Salyer, OSB #883017<br>ksalyer@tsbnwlaw.com<br>Tomasi Salyer Baroway<br>121 SW Morrison Street, Suite 1850<br>Portland, Oregon 97204-3136<br>Telephone: (503) 994-9900<br><br>*Attorneys for Defendants* | Christopher W. Savage (*Pro Hac Vice*)<br>chrissavage@dwt.com<br>Davis Wright Tremaine LLP<br>1919 Pennsylvania Ave. NW Ste. 800<br>Washington DC 20006-3401<br>Tel: (202) 973-4200<br><br>*Attorneys for Defendants* |

/s/ Robert C.L. Vaughan
Robert C.L. Vaughan

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900