**Richard K. Hansen**
Email: rhansen@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.796.2958
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
Kim Vaughan Lerner LLP
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone: 954.527.1115
Facsimile: 954.527.1116

Attorney for Plaintiff, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDINGS, S.A.,** a foreign corporation, d/b/a **DIGICEL HAITI**, <br> *Plaintiff,* <br><br> vs. <br><br> **UPM TECHNOLOGY, INC. d/b/a UPM TELECOM, INC.,** and **UPM MARKETING, INC.,** an Oregon corporation; <br> **UPM TELECOM, INC.,** an Oregon a/b/n; <br> **UPM MARKETING, INC.,** an Oregon a/b/n; **BEN SANCHEZ a/k/a BEN SANCHEZ MURILLO,** a foreign individual; **BALTAZAR RUIZ,** a foreign individual, and **TYLER ALLEN**, a foreign individual, <br> *Defendants.* | No. 3:15-cv-00185-SI <br><br><br> **PLAINTIFF UNIGESTION HOLDING S.A.'S, REPLY IN SUPPORT OF MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS** |

Page 1 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S, MOTION
TO DISMISS COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## CERTIFICATION

Pursuant to Local Rule 7.1, the undersigned counsel for the Plaintiff Unigestion Holdings, SA ("Digicel Haiti") hereby certifies that Plaintiff conferred with Defendants' counsel by telephone in an attempt to resolve the dispute presented in the Motion set forth below.

## ARGUMENT

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F. 3d 1202, 1216 (9th Cir. 2011).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

"Establishing the plausibility of a complaint's allegations is a two-step process." *Eclectic Props. E., LLC v. Marcus & Millichap Co.,* 751 F.3d 990, 995 (9th Cir. 2014).  At the first step, "a court should 'identif[y] pleadings that, because they are no more than legal conclusions, are not entitled to the assumption of truth." *Id.* at 996 (quoting *Iqbal,* 556 U.S. at 679).  At the second step, "a court should assume the veracity of 'well-plead factual allegations' and determine whether they plausibly give rise to an entitlement to

Page 2 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S, MOTION
             TO DISMISS COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

relief." *Id.* quoting *Iqbal, 556* U.S. at 679.  Defendant's Counterclaims do not meet these most basic requirements.

### I.    <u>Defendant's Title 47 Claims Must Be Dismissed</u>

Defendants admit that the ***sole basis*** for bringing five claims pursuant to The Communications Act of 1934 ("The Act") was their interpretation of six general allegations found in Plaintiff, Unigestion Holdings, S.A.'s ("Digicel Haiti's") Amended Complaint, specifically paragraphs 15, 17, 18, 23, 71, and 83.  These paragraphs use personal possessive nouns or pronouns when describing or referencing the equipment used to route every international cellular call that enters Haiti for termination on the Digicel network.  In hindsight, the allegations could have more specifically identified Digicel USA, Inc., as the "subsidiary" or related company *owner* of the switches and equipment, or it could have used another name (other than "Digicel") to refer to the Plaintiff "Unigestion Holdings, S.A." in this case or it could have used multiple other names to identify the various "Digicel" entities that may ultimately be impacted—directly or indirectly—by Defendant's fraudulent conduct.

The "Digicel Group" includes several related companies and subsidiaries.  All of these different but related entities all travel under one name--"Digicel".  Not surprisingly, so does "AT&T" and not surprising so does "UPM".  The fact is, however, that none of this level of detail and specificity was necessary or germane to the core allegations in the underlying pleading.  Now, for the sake of expedience and to create confusion, these "facts" are being (ab)used by the Defendants in a desperate effort to distract from the claims in the Amended Complaint.  Even more important, however, is that the Court's inquiry for purposes of the instant motion to dismiss is not the contents of the Amended

Page 3 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S, MOTION
TO DISMISS COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Complaint which have already been tested, reviewed, and allowed to proceed.  Rather, the focus now is on the sufficiency of allegations contained within *Defendants'* Counterclaims and whether or not those allegations contain the necessary *factual* allegations "to require [Digicel Haiti] to be subjected to the expense of discovery and continued litigation." *Starr,* 652 F. 3d at 1216.  The Defendants' allegations cannot pass this required scrutiny for the reasons set forth below.

     a.   <u>Defendant's Single Allegation Regarding Common Carrier Status is Insufficient and Unsupported by the Facts</u>

Indeed, outside of the Amended Complaint—at worst, ambiguous because of the alleged 'inartful' use of pronouns—Defendants confess that they have no basis for their claim that Digicel Haiti is subject to The Act.  On the other hand, Digicel USA—which operates the equipment in question—has been duly issued a 214 license.  This fact was independently confirmed by the Defendants prior to their filing.  They filed the pleading nonetheless.

The issue is not whether Digicel Haiti must "live the consequences of those allegations," [Defs. Response to Mot. to Dismiss, D.E. 81 at 10], because Digicel made no such allegations.  Rather, the pertinent question is whether or not Defendants have met their burden of reasonable inquiry and alleged a sufficient, plausible factual basis to assert their claims before filing their pleading.

Paragraph 209 of the Counterclaim is the single allegation that purports to allege Digicel Haiti's "common carrier" status.  When this paragraph is unpacked, the implausibility of Defendant's allegations becomes inescapably apparent.  First, Defendants allege that Digicel Haiti is the "owner" of two Gateways, then Defendants

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

express uncertainty regarding whether or not Digicel Haiti or a "different third-party" carries the calls to Haiti.  Finally, the paragraph is summarily concluded with a legal conclusion that Digicel Haiti is a common carrier for purposes of The Act.  The strikethrough below illustrates unsupported legal conclusions that should be disregarded. Defendants allege in relevant part:

> "Upon information and belief, Digicel-Haiti owns and operates two "Gateway" switches, one in Miami, Florida and one in New York, New York.  By means of these devices, Digicel-Haiti offers to carry telephone calls from the United States to Haiti, using *either* Digicel-Haiti's own facilities, the facilities of affiliates acting in concert with Digicel-Haiti, or the facilities of third-party carriers.  ~~Digicel Haiti is, therefore, an international common carrier that completes with among other entities, UPM, in the United States market for the business of delivering traffic from the United States to Haiti for termination.~~

[Defs. Ans., D.E. 73 at ¶ 209].  What remains are the *only* allegations of the entire Counterclaim that purport to "support" Defendants' Title 47 claims.

### b.   Public Record Establishes Digicel Haiti as a "Foreign Carrier"

Had Defendants honored their basic obligation of reasonable inquiry they would have easily discovered that Digicel Haiti is a foreign carrier that is not subject to The Act. Indeed, even a general internet search for the terms "Unigestion Holdings foreign carrier" produces results that include a public filing with the Federal Communications Commission ("FCC") in which certain required disclosures are made to the FCC regarding Digicel Haiti's status as a "foreign carrier".  A true and correct copy of one such filing is attached as Exhibit "A".[1]  This document, a matter of public record filed with the FCC

---

[1] A Court may take judicial notice of matters of public record when considering the merits of a motion to dismiss.  *See Callan v. N.Y. Cmty. Bank*, No. 13-17198, 2016 U.S. App. LEXIS 5403, at *1 (9th Cir. Mar. 23, 2016).

Page 5 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S, MOTION
            TO DISMISS COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

under the penalty of perjury, explicitly lists Digicel Haiti as a foreign carrier with no operations in the United States.

In light of the above, it is undeniable that further argument on the issue would be tantamount to working to prove a negative. Based upon this fact alone, Defendants' claims based upon Digicel Haiti's status as a "common carrier" should be rejected in their entirety.

c. Defendants' Additional Argument Implying Common Carrier Status Also Fails

Lastly, Defendants allege that "[t]he essence of being a common carrier is holding out to the public, *i.e.,* an entity letting it be known that its services are available to any customers that might make use of them." The argument is entirely inapplicable to the analysis here, as are the cases cited by the Defendants in support of this position. [D.E. 81, at 11]. Further, Defendants do not (and cannot) point to any allegation of the Counterclaim that provides a factual basis to support this position. Defendants suggest that somehow an entity can be considered a common carrier because customers may know it offers services, no matter the location of the company or its operations. With all due respect, the argument is misleading, inapposite and nonsensical. There are ***zero*** allegations that Digicel Haiti is holding itself out to the [USA] public that its services are available to them.

The fallacy in the argument is compounded by the fact that the Defendants cite to cases which are wholly inapplicable to the case at bar and to the arguments they purport to make. Indeed, the cases cited do not contemplate *where* the entity in question operates as that issue was not before any of the courts in the cases in question. Rather, the

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

referenced cases involved the correct classification of radio and telecommunications services that were openly operating in the United States.  In one case, the court considered whether or not an entity is a common carrier or non-common carrier based on how it held itself out, with the fact of operations in the United States having already been established. *See National Ass'n of Regulatory Utility Comm'rs v. F.C.C.*, 525 F.2d 630, 641-42 (D.C. Cir. 1976) (exploring common carrier status as related to actual services provided and whether or not they are provided in an indiscriminate fashion).  In the other case, the court contemplated whether or not a "telecommunications carrier" should also be considered a common carrier, again in reference to their services in the United States, a fact similarly not disputed in that case.  *See Verizon California, Inc. v. F.C.C.,* 555 F.3d 270, 275076 (D.C. Cir. 2009).[2]

Under The Act, the term "common carrier" is a specifically defined term, to wit: "any person engaged as a common carrier for hire, in interstate or foreign communication by wire or radio. . ."  47 U.S.C. § 153(10).  If an entity does not meet this basic definition of being engaged for hire in the United States, it is not a common carrier under The Act. *See* 47 USC § 152(a) (limiting applicability of The Act to carriers "engaged within the United States").  Defendant's remaining arguments demonstrate and confirm that there are no facts that support their claims of Digicel Haiti's alleged operation as a common carrier "engaged within the United States" especially in the face of evidence in the public record that has been herein submitted to definitively refute this claim.  Accordingly,

---

[2] The citation and reference to this case and mere implication that it is at all factually relevant is all the more disingenuous because of opposing counsel's direct involvement in the briefing in that matter.

Page 7 -     PLAINTIFF, UNIGESTION HOLDING S.A.'S, MOTION
             TO DISMISS COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Defendants cannot sustain their Title 47 claims, and they should be dismissed with prejudice.

## II.  Defendants' "Interference" Arguments are Similarly Unavailing

Digicel Haiti argues in its Motion to Dismiss that the Defendants' intentional interference claim should be dismissed because Digicel Haiti is a necessary party to the business relationship in question (the purchase and subsequent use of individual SIM cards to access telecommunications services).  Defendants respond by attempting to recast Digicel Haiti's role in the several transactions involving the Digicel SIM cards as merely that of a neutral "seller" or "distributor"—of their own SIM cards!  This is a convenient and fanciful distortion of the facts—those facts being that Digicel Haiti sells SIM cards to persons whom it believes to be individual cellular subscribers; these SIM cards are acquired by the Defendants under false pretext, using a network of clandestine agents; the SIM cards are improperly aggregated by the Defendants in Oregon; and subsequently used to perpetrate a fraud against Digicel Haiti to facilitate the termination of international cellular traffic on Digicel Haiti's network without paying the appropriate rate.  There is no "interference" claim which exists, let alone which can be plausibly plead under the facts of this case.

Defendants cite to certain cases for the notion that sellers or distributors are considered "strangers" to a business relationship between a re-seller and a third-party customer and consequently, can be held liable for interference in such a relationship.  This argument misses the mark when analyzed in light of the facts in the present matter.  In order to successfully make this claim, UPM must therefore allege that it is purporting to

Page 8 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S, MOTION
TO DISMISS COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

"resell" Digicel Haiti's telecommunications services—services which Digicel Haiti alleges are being stolen.  UPM has alleged no established resell agreements or contractual limitations to Digicel Haiti's involvement with the third-party relationship as in the cases cited by Defendants.  Further, without the specific services and infrastructure that Digicel Haiti provides, Defendants would have no ability to support a "business relationship" with any third-party carriers, so Digicel Haiti is no "stranger" to the alleged relationships. [3]

### III.    The Parties have Conferred

Defendants' counsel has indicated in their Response to Plaintiff's Motion to Dismiss their Counterclaims that there was no attempt to confer regarding the motion to dismiss their counterclaims.  This is true.  Immediately upon being reminded of the oversight, counsel for the Plaintiff reached out to counsel for the Defendants and conferred regarding the entirety of the Motion to Dismiss.  The undersigned apologizes to the Court and Counsel for this oversight and of course, for any inconvenience occasioned as a result.

---

[3] As argued in Digicel Haiti's motion to dismiss, Defendants do not even allege an identifiable business relationship and only assert generally that it "provided calling to . . . wholesale providers."  [D.E. 73 at ¶221].  Then, in that same paragraph Defendants state that "during much of this time period the only activity was testing." *Id.*  If Defendants were only testing their services it is highly unlikely they had established any business relationships sufficient to sustain their claim of interference.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## CONCLUSION

Based on the arguments presented in Digicel Haiti's motion to dismiss and the foregoing, Digicel Haiti respectfully requests that Defendant's Counterclaims be dismissed.

Dated:  May 9, 2016

Respectfully submitted,

| | |
|---|---|
| SCHWABE, WILLIAMSON & WYATT, P.C.<br>Richard K. Hansen, OSB #832231<br>Telephone: 503.796-2958<br>Facsimile: 503.796.2900<br><br>*Attorneys for Plaintiff, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti* | By:   /s/ Robert C.L. Vaughan<br><br>KIM VAUGHAN LERNER LLP<br>Robert C. L. Vaughan (*Pro Hac Vice*)<br>Cherine Smith Valbrun (*Pro Hac Vice*)<br>Leah B. Storie (*Pro Hac Vice*)<br>One Financial Plaza, Suite 2001<br>Fort Lauderdale, FL  33394<br>Telephone:        (954) 527-1115<br>Facsimile:        (954) 527-1116<br>E-mail: rvaughan@kvllaw.com<br><br>*Attorneys for Plaintiff, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti* |

Page 10 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S, MOTION
TO DISMISS COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of May, 2016, I caused to be served a copy of the foregoing PLAINTIFF UNIGESTION HOLDING S.A.'S, REPLY IN SUPPORT OF MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS on the following person via the Court's CM/ECF electronic service system:

| | |
|---|---|
| Kathryn P. Salyer, OSB #883017<br>ksalyer@tsbnwlaw.com<br>Tomasi Salyer Baroway<br>121 SW Morrison Street, Suite 1850<br>Portland, Oregon 97204-3136<br>Telephone: (503) 994-9900<br><br>*Attorneys for Defendants* | Christopher W. Savage (*Pro Hac Vice*)<br>chrissavage@dwt.com<br>Davis Wright Tremaine LLP<br>1919 Pennsylvania Ave. NW Ste. 800<br>Washington DC 20006-3401<br>Tel: (202) 973-4200<br><br>*Attorneys for Defendants* |

　　　　　　　　　　　/s/ Robert C.L. Vaughan　　　　　　　
　　　　　　　　　　　　Robert C.L. Vaughan

Page 11 -　　PLAINTIFF, UNIGESTION HOLDING S.A.'S, MOTION
　　　　　　TO DISMISS COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900