**Kathryn P. Salyer**, OSB #883017
ksalyer@tsbnwlaw.com
Tomasi Salyer Baroway
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204-3136
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

**Christopher W. Savage** (*Pro Hac Vice*)
chrissavage@dwt.com
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006-3401
Telephone: (202) 973-4200
Facsimile: (202) 973-4499

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNIGESTION HOLDING, S.A., a foreign corporation, d/b/a **DIGICEL HAITI**,<br><br>Plaintiff,<br><br>v.<br><br>**UPM TECHNOLOGY, INC.** d/b/a **UPM TELECOM, INC.**, and **UPM MARKETING, INC.**, an Oregon corporation; **UPM TELECOM, INC.**, an Oregon a/b/n; **UPM MARKETING, INC.**, an Oregon a/b/n; **BENJAMIN SANCHEZ** a/k/a **BENJAMIN SANCHEZ MURILLO**, an Oregon resident; **BALTAZAR RUIZ**, an Oregon resident; and **TYLER ALLEN**, an Oregon resident,<br><br>Defendants. | Case No. 3:15-CV-00185-SI<br><br>**DEFENDANT UPM TECHNOLOGY, INC.'S OBJECTION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE** |

Page 1 of 8 - DEFENDANT UPM TECHNOLOGY, INC.'S OBJECTION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE
UPM-L1\00231999.000

*TOMASI SALYER BAROWAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

UPM Technology, Inc. ("UPM") objects to Plaintiff Unigestion Holding, S.A.'s ("Digicel-Haiti") Motion to Take Judicial Notice ("Plaintiff's JN Motion"). FRE 201(e) provides that a party is entitled to be heard on the propriety of taking judicial notice. Digicel-Haiti asks this court to take judicial notice of a document it claims was filed in the public record and to "consider the content of said document." Plaintiff's JN Motion, p. 4. The document at issue is entitled Transfer of Control Application (the "Application") and it was purportedly filed by one or more Digicel-Haiti affiliates with the Federal Communications Commission ("FCC"). The document supplied to this court does not contain a case or proceeding number or other information which identifies when or if it was actually filed. Digicel-Haiti provides no information to the Court about the details any filing. The "Certificate of Service" attached to the Application merely reflects that the document was served on a number of individuals on December 19, 2013.

Digicel-Haiti represents that the substance of the transaction at issue in the Application are that two entities, Global Caribbean Fibre SAS ("GCF") and Fibre Investments Holdings Ltd. IBC ("FIHL") request the transfer of a submarine cable landing license to FIHL. Digicel-Haiti also represents (without providing citations to any FCC rules) that the parties to the transaction noted in the Application were required to disclose certain details, including information about each applicant. According to Digicel-Haiti, the information that FIHL is required to disclose includes the identity of its affiliated foreign carriers.[1] In the Application, FIHL states that it is affiliated with a number of foreign carriers, and that one of them is purportedly Digicel Unigestion Holdings, S.A. (t/a Digicel Haiti) of the Republic of Haiti. Digicel-Haiti evidently wants this Court to rely on the Application to conclude both that Digicel-Haiti, the plaintiff in this action, *is* a "foreign" carrier (that is, a carrier operating in another country) – a point that is not in dispute in this action – but also that Digicel-Haiti *is not* a United

---

[1] Notably absent from Plaintiff's JN Motion are any citations to FCC rules or other legal authority for these broad prepositions.

DEFENDANT UPM TECHNOLOGY, INC.'S OBJECTION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE
UPM-L1\00231999.000

*TOMASI SALYER BAROWAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

States "international" carrier subject to the Communications Act of 1934 as amended, 47 U.S.C. §§ 151 *et seq.* (that is, a carrier engaged in carrying traffic between the United States and another country) – which in fact (as UPM has shown in its counterclaims and its opposition to Digicel-Haiti's motion to dismiss those counterclaims) Digicel-Haiti plainly is, if the allegations of its Amended Complaint are to be believed.

As described below, there are many problems with Digicel-Haiti's position, and the Court should refuse to take judicial notice of the Application or any facts it supposedly contains.

A. **A Court May Take Judicial Notice of the Existence of Documents in the Public Record, But Not of Disputed Information Contained Therein.**

While Plaintiff's JN Motion askes this Court only to take notice of a purportedly filed Application it also asks the court to "consider the content" of that Application. Tellingly, Plaintiff's Reply in Support of Motion to Dismiss ("Plaintiff's Reply") carries this request much further, boldly stating that the "Public Record Establishes Digicel-Haiti as a 'Foreign Carrier.'" Plaintiff's Reply, p. 5. In fact the Application does no such thing.

Rule 201 "permits a court to take judicial notice of adjudicative facts not subject to reasonable dispute." *United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994). "Adjudicative facts are simply the facts of the particular case." Advisory Committee Notes to Fed. R. Evid. 201. "Judicial notice of adjudicative facts must be approached cautiously because it dispenses 'with traditional methods of proof' and removes the fact noticed from the province of the jury." *United States v. Jaimes*, 297 F. Supp. 2d 1254, 1256 (D. Haw. 2003) (citing Fed. R. Evid. 201, Advisory Committee Notes to subdivision (b)). Accordingly, judicial notice is appropriate only when the matter is established "beyond reasonable controversy," or is a fact "beyond reasonable dispute." *Jaimes*, 297 F. Supp. 2d at 1256. *See also Agustin v. PNC Fin. Servs. Group*, 707 F. Supp. 2d 1080, 1086, 2010 U.S. Dist. LEXIS 37609, *9-10 (D. Haw. 2010).

A court may also take judicial notice of undisputed "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).  A court may take judicial notice of a public record not for the truth of the facts recited therein, but for the existence of the document. *Id.* at 690. *See also United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004).  (the Court "can only take judicial notice of the existence of those matters of public record … but not of the veracity of the arguments and disputed facts contained therein"); *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1125-1126, 2015 U.S. Dist. LEXIS 49954, *18-19 (C.D. Cal. 2015)(the Court "may take judicial notice of the existence of certain matters of public record … [but] may not take judicial notice of one party's opinion of how a matter of public record should be interpreted."). *See also In re Unumprovident Corp. Secs. Litig.*, 396 F. Supp. 2d 858, 875 (E.D. Tenn. 2005) (taking judicial notice of forms filed with the SEC, but noting that the court was "only taking judicial notice of the existence of these documents and not the specific statements and/or allegations contained within the documents," because "[i]t would be improper for the Court to rely upon these documents to determine disputed factual issues).

None of the cases cited by Digicel-Haiti stand for the proposition that this Court should take judicial notice of the disputed contents of public records, which is precisely the result that Digicel-Haiti is ultimately seeking.

B.      **The Application Does Not Even Purport to Address Whether Digicel-Haiti Was a United States Common Carrier At Times Material To Defendant's Counterclaims.**

The issue raised by Plaintiff's Motion to Dismiss is whether Defendant has sufficiently alleged that Digicel-Haiti is a United states common carrier as defined in 47 U.S. C. § 153(10).  Digicel-Haiti argues that public records establish that it is a "foreign carrier." Plaintiff's Reply p. 5.  Presumably Digicel-Haiti wants this Court to conclude, based on the content of the Application, that Digicel-Haiti is a not a United States common carrier *because* it

Page 4 of 8 -    DEFENDANT UPM TECHNOLOGY, INC.'S OBJECTION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE
UPM-L1\00231999.000

*TOMASI SALYER BAROWAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

is, instead, a "foreign carrier." The Court should reject this argument.

First, even if everything contained in the Application is taken as true, it is unclear whether the entity identified in there – "Digicel Unigestion Holdings, S.A. (t/a Digicel Haiti)" – is or was same entity as Plaintiff in this action, "Unigestion Holdings, S.A." Is the plaintiff the same entity, but with a different name? Has there been a merger of one or more entities – perhaps with different operations – into a new one? The difference in entity names alone means that judicial notice is not appropriate.

Second, the Application on its face is two-and-a-half years old. Whatever the facts may have been in late 2013, they may have changed in any number of ways in 2014, 2015, and today. So even if, as Digicel-Haiti now argues, its status as a foreign carrier in 2013 somehow established that it was not a United States common carrier in 2013 – and, as noted below, it doesn't – that does not mean that it did not become a United States common carrier immediately following that filing, by engaging in the activities described in the Amended Complaint. Simply stated, even if the Application were otherwise probative, which it is not, it is irredeemably stale.

Third, and most fundamentally, even if the entity identified in the Application ("Digicel Unigestion Holdings, S.A. (t/a Digicel Haiti)") is the same as the Plaintiff in this case, and even if everything in the Application is true, and even if the relevant facts haven't changed since 2013, all the Application purports to show is that Digicel-Haiti operates as a carrier in Haiti. See Plaintiff's JN Motion p. 4. That point is not in dispute. Indeed, that point has no bearing on the separate (relevant) question of whether – as alleged in the Amended Complaint – Digicel Haiti is engaged in activities that make it a United States international carrier *in addition to being* a foreign carrier. This latter point is the only relevant inquiry for purposes of Plaintiff's Motion to Dismiss. Notably, this is because these two designations are not mutually exclusive. Moreover, nowhere in the material Plaintiff filed is there a definition of the term "foreign carrier," much less any justification for the conclusion that its purported status as a foreign

carrier precludes it from also being a United States common carrier. Again, whether Digicel-Haiti is a foreign carrier is irrelevant: even if it is a foreign carrier, it may still be a United States common carrier, subject to the requirements of the Communications Act and the jurisdiction of the FCC (even if it is, as UPM has explained, operating without proper FCC authorization).

For all these reasons, the Court should decline to take judicial notice of the Application, and certainly should not consider the document as providing any information relevant to the status of Digicel-Haiti as a United States international carrier. But even if everything in the Application is taken as true, it does not establish that Digicel Haiti is not a United States common carrier.

## CONCLUSION

This court should deny Plaintiff's Motion to Take Judicial Notice. Plaintiff failed to establish that the Application was filed in the public record. Moreover, the contents of the Application are in dispute as they relate to the issues in this case.

Judicial notice is appropriate only when the matter is established beyond reasonable controversy or is a fact beyond reasonable dispute. The existence and authenticity of a document which is a matter of public record is judicially noticeable, but the veracity and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DEFENDANT UPM TECHNOLOGY, INC.'S OBJECTION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE
UPM-L1\00231999.000

*TOMASI SALYER BAROWAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

validity of their contents (such as the underlying arguments made by the parties, disputed facts and conclusions of fact) are not.

Dated: May 24, 2016.

TOMASI SALYER BAROWAY

By:/s/ Kathryn P. Salyer
        Kathryn P. Salyer, OSB #883017
        ksalyer@tsbnlaw.com
        Telephone: (503) 894-9900

        Of Attorneys for Defendants


DAVIS WRIGHT TREMAINE LLP

By:/s/ Christopher W. Savage
        Christopher W. Savage (*Pro Hac Vice*)
        chrissavage@dwt.com
        Telephone: (202) 973-4200
        Of Attorneys for Defendant UPM
        Technology, Inc.

Page 7 of 8 –    DEFENDANT UPM TECHNOLOGY, INC.'S OBJECTION TO PLAINTIFF'S REQUEST FOR
        JUDICIAL NOTICE
        UPM-L1\00231999.000

*TOMASI SALYER BAROWAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

# CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2016 I served the foregoing **DEFENDANT UPM TECHNOLOGY, INC.'S OBJECTION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE** on the following individuals by electronic service to said individuals a true copy thereof, addressed to their last known regular address and deposited in the Post Office at Portland, Oregon:

Robert C.L. Vaughan
Cherine Smith Valbrun
Leah Storie
Kim Vaughan Lerner LLP
One Financial Plaza
100 SE Third Avenue • Suite 2001
Fort Lauderdale, FL 33394
Email: rvaughan@kvllaw.com
Email: cvalbrun@kvllaw.com
Email: lstorie@kvllaw.com

Attorneys for Plaintiff

Richard K. Hansen
Anne M. Talcott
Schwabe, Williamson & Wyatt, PC
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Email: rhansen@schwabe.com
Email: atalcott@schwabe.com

Attorneys for Plaintiff

Dated: May 24, 2016.

TOMASI SALYER BAROWAY

By: s/ Kathryn P. Salyer
    Kathryn P. Salyer, OSB #883017
    (503) 894-9900
    ksalyer@tsbnwlaw.com
    Attorneys for Defendants

DAVIS WRIGHT TREMAINE LLP

By:/s/ Christopher W. Savage
    Christopher W. Savage (*Pro Hac Vice*)
    chrissavage@dwt.com
    Telephone: (202) 973-4200
    Of Attorneys for Defendants

Page 8 of 8 -    DEFENDANT UPM TECHNOLOGY, INC.'S OBJECTION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE
UPM-L1\00231999.000

*TOMASI SALYER BAROWAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236