**Richard K. Hansen**
Email: rhansen@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.796.2958
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
Kim Vaughan Lerner LLP
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone: 954.527.1115
Facsimile: 954.527.1116

Attorneys for Plaintiff, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDINGS, S.A.,** a foreign corporation, d/b/a **DIGICEL HAITI**,<br><br>          *Plaintiff,*<br><br>vs.<br><br>**UPM TECHNOLOGY, INC. d/b/a UPM TELECOM, INC.,** and **UPM MARKETING, INC.,** an Oregon corporation;<br>**UPM TELECOM, INC.,** an Oregon a/b/n;<br>**UPM MARKETING, INC.,** an Oregon a/b/n; **BEN SANCHEZ a/k/a BEN SANCHEZ MURILLO,** a foreign individual; **BALTAZAR RUIZ,** a foreign individual, and **TYLER ALLEN**, a foreign individual,<br>          *Defendants.* | No. 3:15-cv-00185-SI<br><br><br><br>**PLAINTIFF UNIGESTION HOLDING S.A.'S, RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS RULE 12(h)(3) OR FOR RECONSIDERATION** |

Page 1 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S,
RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS RULE 12(h)(3) OR
RECONSIDERATION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

**PLAINTIFF UNIGESTION HOLDING S.A.'S, RESPONSE IN OPPOSITION TO DEFENDANTS' [THIRD] MOTION TO DISMISS UNDER RULE 12(h)(3) OR FOR RECONSIDERATION**

There is sometimes only a thin line between zealous advocacy and impermissible gamesmanship. There is however, always a line. Unfortunately, as has become evident from Defendants' latest filings, they are either unable or unwilling to acknowledge that line. In their latest two-part assault on the complaint, Defendants first alleged unsubstantiated statutory counterclaims that hung on the most strained "interpretation" of the allegations of the Amended Complaint. Next, after Digicel Haiti responded to their allegations by providing (as yet) unrebutted evidence that the counterclaims were clearly unfounded, and likely in bad faith, Defendants morphed their latest position into yet another legally unsupported filing, their purported Motion to Dismiss Under Rule 12(h)(3) or for Reconsideration, Dkt. 89 (the "Third Motion to Dismiss"). This recent set of filings should be seen for exactly what it is, a substantively vacuous and dilatory attempt to distract from the merits of the underlying claims.

As a threshold issue, Defendants' request for reconsideration is procedurally improper and accordingly, entirely unsustainable. Additionally, Defendants provide absolutely no legal support for their general assertions that ownership of the switches is somehow determinative of the Court's subject matter jurisdiction. Absent *any* legal foundation for their argument, Defendants baldly assert that Digicel Haiti does not have standing to bring this lawsuit. This argument completely ignores well-established jurisprudence regarding Fed. R. Civ. P 12(b)(1) and its time-tested interpretation.

The Amended Complaint alleges damages and injuries suffered directly by Digicel Haiti, separate and distinct from any factual concerns regarding the ownership of switches located in

Page 2 -     PLAINTIFF, UNIGESTION HOLDING S.A.'S, RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS RULE 12(h)(3) OR RECONSIDERATION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

the United States. This is perhaps best exemplified by the fact that Digicel Haiti's claims include, for example, RICO claims grounded on the access device fraud statute resulting from Defendants' illicit use Digicel Haiti SIM Cards and does not include a unique claim founded on operation and ownership of switches in the United States.

Once again, Defendants' arguments are based upon misdirection and misinformation with little regard for the actual facts or issues that have been identified and articulated in the case. Once again, this Court's resources are being diverted away from the core issue to address the fallacy that is the Defendants' latest "defense".

## LEGAL ARGUMENT

### I.    Defendants' Request for Reconsideration is Improper and Must Be Denied

As a threshold issue, the Court should deny Defendants' request for reconsideration as procedurally improper. Defendants cite no legal authority in support of their contention that reconsideration is warranted, or specifically in this instance, that it has been timely requested. This is because there is none. There is no basis in rule or precedent that should convince this court to "reconsider" its order. Defendants' request should therefore be summarily denied as procedurally improper and therefore impermissible.

From a substantive perspective, Defendants' arguments related to the Court's Order (Dkt. 58) are also similarly misplaced. In their motion, Defendants cherry-pick two passages of explanatory language to drive this frivolous motion, while conveniently ignoring the entirety of the rest of the Order. This approach is similar to the tactics first employed by the Defendants in their prior unsuccessful challenge on their last Motion to Dismiss the Amended Complaint—

Page 3 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S, RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS RULE 12(h)(3) OR RECONSIDERATION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

where they selectively chose isolated passages, critiquing each clause, independent of any other, to create a misleading impression—a tactic bordering on blatant fabrication.

        a.   This Courts' Order Does Not Rely on A "Mistaken Reading" of the Amended Complaint

Although the Court is the singular authority on how it relied on the arguments, pleadings, and papers to arrive at an order, the plain language of the Order guts the core of Defendants' recent arguments.  First, the Order primarily considers whether or not Digicel Haiti made a sufficiently plausible claim that meets the applicable pleading standards.  In evaluating the sufficiency of the pleadings, the Court addresses, in great detail, whether or not the allegations of the Amended Complaint laid out sufficient facts to state a misrepresentation, or affirmative concealment, that would support the counts ***bottomed on theories of fraud***.  One illustrative portion of the Order summarizes the active concealment involved in the alleged fraudulent conduct.  The absence of any mention of the switches in the following excerpted section is significant and telling:

> Digicel alleges that in order to serve UPM's customers, UPM must perpetuate Digicel's mistaken beliefs about the nature of the incoming calls.  According to Digicel, it attempts to 'detect and deter bypass fraud' and has worked with the Haitian Police to stop bypass operations.  This lead to the reasonable inference that Digicel would not connect the calls coming from UPM's Receivers if Digicel knew that UPM routed the calls from SIM Servers in Oregon."

Dkt. 58 at 18.  The additional well-reasoned analysis of the Order likewise does not rely on "ownership" of the switches as a basis for its legal determinations.

Accordingly, reconsideration of the Order would be futile and would not address the flimsy standing issues recently advanced in Defendants' Third Motion to Dismiss.  This, coupled

Page 4 -     PLAINTIFF, UNIGESTION HOLDING S.A.'S, RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS RULE 12(h)(3) OR RECONSIDERATION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

with the fact that reconsideration is entirely improper, warrants an outright denial of Defendants' request for reconsideration.

## II.  Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction Has No Legal Merit

### a.  Defendants' Motion to Dismiss For Lack of Subject Matter Jurisdiction Must Be Denied

Absent any legal analysis regarding why each individual count should be dismissed, Defendants' Third Motion to Dismiss seeks dismissal for a lack of subject matter jurisdiction under Rule 12(b)(1) due to a purported lack of standing. A review of the relevant legal standards and the allegations of the Amended Complaint dictates a denial of the Third Motion to Dismiss.

"For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and *must construe the complaint in favor of the complaining party*." *Warth v. Seldin*, 422 U.S. 490, 501, 95 S. Ct. 2197, 2206 (1975) (emphasis added). "A motion to dismiss under 12(b)(1) for lack of standing . . . involves an examination of the face of the complaint." *Haase v. Sessions*, 266 U.S. App. D.C. 325, 835 F.2d 902, 908 (1987).

"A motion to dismiss an action for failure to state a claim or for want of subject matter jurisdiction may be granted only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Calhoun v. United States*, 475 F. Supp. 1, 2-3 (S.D. Cal. 1977) *citing Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); *Sherman v. Yakahi*, 549 F.2d 1287 (9th Cir. 1977).

"On a motion to dismiss, [t]he standing question is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

jurisdiction." *Immigrant Assistance Project, LA County v. I.N.S.,* 306 F.3d 842, 859 (9th Cir. 2002) (internal quotations omitted). Significantly, as is the case here, "[t]he actual or threatened injury required by Art. III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing.'" *In re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litig.,* 2005 U.S. Dist. LEXIS 42706, at *6 (D. Or. Aug. 15, 2005).

       b.  <u>Digicel Haiti's Claims Include Claims For Access Device Fraud Related to Use of Digicel Haiti SIM Cards and Damages Associated with the Fraudulent Usage of Digicel Haiti's Network</u>

Although the sufficiency of the Amended Complaint's pleadings has already been tested and established, it may nevertheless be instructive to highlight the source of this Court's jurisdiction over Defendants' actions and Digicel Haiti's standing to bring such claims. Here, the nature of Digicel Haiti's damages as plead in the Amended Complaint are evident. Defendants' misuse and abuse of Digicel Haiti's SIM Cards is an integral part of the cause of damages that accrue directly to Digicel Haiti. As a direct result of Defendants' fraudulent scheme, Digicel Haiti is being deprived of the value of international telecommunications minutes being connected through the illegal use of Digicel Haiti's SIM Cards and cellular telecommunications infrastructure as plead in the Amended Complaint. *See infra.* Section II.c. Digicel Haiti is also suffering damages to its business goodwill and network operations. *Id.*

The Access Device Fraud Statute, 18 U.S.C. § 1029, prohibits the unauthorized use of access devices including SIM Cards. *See* Dkt. 58 at 20. Access device fraud is an enumerated predicate act pursuant to the federal Racketeer Influenced and Corrupt Organization Act ("RICO"). *See* 18 U.S.C. § 1961(1). Damages for racketeering conduct are provided for pursuant to 18 U.S.C. §1964(c): "Any person injured in his business or property by reason of a

Page 6 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S, RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS RULE 12(h)(3) OR RECONSIDERATION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee . . ." 18 U.S.C.S. § 1964 (c).  Digicel Haiti has plead this injury to its business through Defendants' use of its SIM Cards and cellular telecommunications network in Haiti pursuant to the Access Device Fraud Statute and RICO.  It has standing to pursue its claims.  *See In re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litig.,* 2005 U.S. Dist. LEXIS 42706, at *6.  Similarly, damages caused by Defendants' bypass operations and the illicit connection of calls to and through Digicel Haiti's telecommunications network also support Digicel Haiti's statutory and state law claims for damages.

    c.  <u>Digicel Haiti's Standing is Sufficiently Plead and Does Not Rely on Ownership of Switches in The United States</u>

In its Amended Complaint, Digicel Haiti makes claims based on damages resulting from Defendants' illicit use of Digicel Haiti SIM Cards to perform and facilitate illegal and fraudulent bypass operations.  While one necessary component of perpetuating bypass fraud is devising a method of improperly routing calls around the switches, the damages that flow from this fraudulent conduct do not necessarily inure to the "owner" of the switches.  Rather, damages are suffered by the company which loses revenue as a result of Defendants' activities used to illegally connect calls originating outside of Haiti and terminated in Haiti using fraudulent bypass operations—in this case Digicel Haiti.

Digicel Haiti is the company that is losing revenue, having its SIM Cards used in an unauthorized manner, and having its network performance and infrastructure compromised as a result of Defendants' bypass fraud.  A reading of the Amended Complaint demonstrates sufficiently plead allegations which innumerate the damages to Digicel Haiti by way of

Page 7 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S, RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS RULE 12(h)(3) OR RECONSIDERATION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Defendants' bypass fraud.  A prodigious example is the detailed explanation of damages suffered by Digicel Haiti as outlined in paragraph 148 of the Amended Complaint:

> As a direct and proximate result of the Count III Defendants' conspiracy, the overt acts taken in furtherance of that conspiracy, and violations of 18 U.S.C. § 1962(d), Plaintiff has been injured in their business and property in that it has suffered:
> (a) Loss of revenue from millions of minutes of international airtime;
> (b) Loss of funds used to implement and execute the investigative operations which
> lead to the discovery of Defendants racketeering activity;
> (c) Loss or diminution of Plaintiff's business and customer goodwill;
> (d) Disruption of Plaintiff's business operations;
> (e) Damages to Plaintiff's commercial reputation; and
> (f) Damages to Plaintiff's reputation and standing with the Haitian Government.

Dkt. 34 at ¶ 148.  Likewise, the Amended Complaint sets out similar damages for the additional RICO and state law claims.  *See also* Dkt. 34 at ¶¶ 133, 134, 141, 167.  Taken as true, the allegations of the Amended Complaint make out direct damages to Digicel Haiti that are more than sufficient to establish standing to assert the alleged claims.  Defendants' Third Motion to Dismiss should also be denied.

**III.     The Costs and Fees Associated with Defending This Motion Should be Awarded to Plaintiff as Sanctions**

The baseless nature of the Third Motion to Dismiss warrants the award of fees and costs related to the time required to respond to and argue this motion.  The Amended Complaint is chock-full of allegations that clearly make out all relevant standing requirements, and no procedure for proper reconsideration of this Court's order exists.  Defendants' Third Motion to Dismiss does not meet the most basic requirements of reasonableness and good-faith.  Indeed, it unreasonably multiples the proceedings to the point of being vexatious, and appears to have been

Page 8 -     PLAINTIFF, UNIGESTION HOLDING S.A.'S, RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS RULE 12(h)(3) OR RECONSIDERATION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

filed as an attempt to detract from Digicel Haiti's pending motion to dismiss the counterclaims. This should not be countanced.

28 U.S.C. § 1927 provides that any "attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Mad Dogg., Inc. v. Fitness Master, Inc.*, No. 2:15-cv-02616-CAS(JCGx), 2015 U.S. Dist. LEXIS 134942, at *3 (C.D. Cal. Sep. 28, 2015). The statute "applies only to unnecessary filings and tactics once a lawsuit has begun." *In re Keegan Mgmt. Co., Securities Litig.,* 78 F.3d 431, 435 (9th Cir. 1996).

Ownership of switches located in the United States does not impact the damages suffered and plead by Digicel Haiti. These new arguments are merely an effort to misdirect the Court's attention after Defendants have already admitted to using agents to purchase and transfer the SIM Cards, to constructing SIM Server banks to illegally route calls directly to receivers in Haiti, and to conceal the true origin of the calls placed by their SIM Servers and destined for Digicel Haiti's telecommunications network. Accordingly, Digicel Haiti respectfully requests that the Court order Defendants to compensate Digicel Haiti for fees and costs associated with the Third Motion to Dismiss, or in the alternative reserve ruling on sanctions until a more appropriate juncture.

//

//

//

//

//

PLAINTIFF, UNIGESTION HOLDING S.A.'S, RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS RULE 12(h)(3) OR RECONSIDERATION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## CONCLUSION

Based on the foregoing, Digicel Haiti respectfully requests that Defendants' Third Motion to Dismiss be denied, and Digicel Haiti be awarded sanctions in the amount of costs and fees associated with defending the motion.

Dated:  June 20, 2016

Respectfully submitted,

| | |
|---|---|
| SCHWABE, WILLIAMSON & WYATT, P.C.<br>Richard K. Hansen, OSB #832231<br>Telephone: 503.796-2958<br>Facsimile: 503.796.2900<br><br>*Attorneys for Plaintiff, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti* | By:   s/ Robert C.L. Vaughan<br><br>KIM VAUGHAN LERNER LLP<br>Robert C. L. Vaughan (*Pro Hac Vice*)<br>Cherine Smith Valbrun (*Pro Hac Vice*)<br>Leah B. Storie (*Pro Hac Vice*)<br>One Financial Plaza, Suite 2001<br>Fort Lauderdale, FL  33394<br>Telephone:        (954) 527-1115<br>Facsimile:        (954) 527-1116<br>E-mail: rvaughan@kvllaw.com<br><br>*Attorneys for Plaintiff, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti* |

Page 10 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S,
RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS RULE 12(h)(3) OR
RECONSIDERATION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## CERTIFICATE OF SERVICE

I hereby certify that on the 20ᵗʰ day of June, 2016, I caused to be served a copy of the

foregoing PLAINTIFF UNIGESTION HOLDING S.A.'S, RESPONSE IN OPPOSITION TO

MOTION TO DISMISS RULE 12(h)(3) OR RECONSIDERATION on the following person via

the Court's CM/ECF electronic service system:

| | |
|---|---|
| Kathryn P. Salyer, OSB #883017<br>ksalyer@tsbnwlaw.com<br>Tomasi Salyer Baroway<br>121 SW Morrison Street, Suite 1850<br>Portland, Oregon 97204-3136<br>Telephone: (503) 994-9900<br><br>*Attorneys for Defendants* | Christopher W. Savage (*Pro Hac Vice*)<br>chrissavage@dwt.com<br>Davis Wright Tremaine LLP<br>1919 Pennsylvania Ave. NW Ste. 800<br>Washington DC 20006-3401<br>Tel: (202) 973-4200<br><br>*Attorneys for Defendants* |

           s/ Richard K. Hansen_____
               Richard K. Hansen

Page 1 -      CERTIFICATE OF SERVICE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900