**Richard K. Hansen**
Email: rhansen@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.796.2958
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
Kim Vaughan Lerner LLP
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone: 954.527.1115
Facsimile: 954.527.1116

Attorneys for Plaintiff, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDINGS, S.A.,** a foreign corporation, d/b/a **DIGICEL HAITI**, <br><br> *Plaintiff,* <br><br> vs. <br><br> **UPM TECHNOLOGY, INC. d/b/a UPM TELECOM, INC.,** and **UPM MARKETING, INC.,** an Oregon corporation; <br> **UPM TELECOM, INC.,** an Oregon a/b/n; <br> **UPM MARKETING, INC.,** an Oregon a/b/n; **BENJAMIN SANCHEZ a/k/a BENJAMIN SANCHEZ MURILLO,** an Oregon resident; **BALTAZAR RUIZ,** an Oregon resident; **TYLER ALLEN,** an Oregon resident; and, **DUY TRAN a/k/a BRUCE TRAN**, a foreign individual. <br><br> *Defendants.* | No. 3:15-cv-00185-SI <br><br><br> **PLAINTIFF UNIGESTION HOLDING S.A.'S, RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

Page 1 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S, RESPONSE IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND
AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## PLAINTIFF UNIGESTION HOLDING S.A.'S, RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT

This is a case about fraud.  Put simply, the Defendants plotted and conspired to underpay Digicel for telecommunications services and access to its network so that they could resell that service and network access at a profit.  And, while the methods employed by the Defendants to perpetrate this fraud may have been sophisticated and complex, even "novel" and "unprecedented" as a basis of a claim in this Court, the motivation and the underlying harms were not.    Put simply, Defendants' goal was profit and they employed a web of misrepresentation and concealment to realize that goal.

This case has now been pending for well over a year.  On what is now their fourth attempt to dismiss this lawsuit, it is entirely fair to say that the Defendants have thrown everything—including the kitchen sink—into their attempts to avoid a determination on the merits of the underlying claims.  In some of their loftier arguments in opposition to the claims, Defendants have cast themselves as modern day Robin Hoods—robbing from the rich "telcom monopoly" to give to the poor—on a self-styled crusade to create an new telecommunications paradigm.

The facts will quickly bear out that there is no "evil monopoly"; there has been no "giving to the poor" and there is no lofty crusade.  But there has been fraud and theft.  As alleged, the evidence will bear out clandestine and secretive operations in Haiti, and possibly even other countries; extraordinary efforts by the Defendants to avoid and evade detection of their operations; illegal and fraudulent shipment of equipment and money between the USA, Guatemala and Haiti; fraudulent representations to US and foreign law enforcement and customs officials; the illegal and fraudulent manipulation of Digicel Haiti telecommunications property in

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Oregon; and the fraudulent misrepresentations to Digicel Haiti to secure access to its telecommunications infrastructure and network—all designed to generate profits for the Defendants in Oregon.

Defendants' current Motion does not include several challenges raised in their last Motion for Rehearing [Dkt. 89], nor does it seek to contest Digicel Haiti's standing as asserted in their last 12(h)(3) challenge.  The natural conclusion is that these concerns have now been satisfactorily addressed.  Rather, Defendants have used this *fourth* opportunity—after answering the Complaint—to once again attack the pending claims from a more obtuse angle.  In this fourth attempt at dismissal, Defendants attempt to repackage and recharacterize Digicel Haiti's claims, as claims emanating from foreign law and FCC regulation and not as plainly alleged, claims in fraud.  As explained below, this new approach seeks to ignore the causes of action that have actually been plead and focus instead upon a more "convenient" set of claims as re-articulated by the Defense.

Accordingly, with respect to the claims actually plead in the Second Amended Complaint ("SAC"), the Defendants' arguments are unavailing.  As this Court has previously determined, Digicel Haiti has pled allegations sufficient to state claims for RICO, RICO Conspiracy, fraud, conversion, and unjust enrichment.  These latest challenges provide no new dimension to this initial analysis and determination, and Defendants' latest Motion should therefore be denied.

## I.    Defendants' 12(b)(6) Arguments Violate Rule 12(g)(2) and Must Be Rejected

All of Defendants' argument regarding the implications of paragraph 38 of the SAC, arguments regarding plausibility of the allegations, and arguments regarding the application of Oregon state law were available in response to each prior iteration of the complaint.  The arguments now asserted are not based on any new information or fresh allegations which were

Page 3 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S, RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

not available at the initiation of this litigation.  Consequently, these arguments should have been articulated in the prior motions to dismiss, and because they were omitted they are now considered waived.  A plain reading of Fed. R. Civ. P 12(g)(2) and its interpretation in the federal courts renders this an unambiguous outcome.

> Fed. R. Civ. P. 12(g)(2) states that . . . a party that makes a motion under the rule must not make another motion under the rule raising a defense or objection that was available to the party but omitted from its earlier motion. Rule 12(h)(2), in turn, provides that arguments which pertain to a plaintiff's failure to state a claim upon which relief can be granted may be raised: (A) in any pleading allowed or ordered under Fed. R. Civ. P. 7(a); (B) by a motion under Rule 12(c); or (C) at trial. To summarize, under Rule 12(g)(2) and Rule 12(h)(2), a party that seeks to assert a defense that was available but omitted from an earlier Rule 12 motion can only do so in a pleading, a Rule 12(c) motion, or at trial.

*Northstar Fin. Advisors, Inc. v. Schwab Invs*., 135 F. Supp. 3d 1059, 1064 (N.D. Cal. 2015) (foreclosing on defendants' attempt to raise Rule 12(b)(6) arguments that were available but omitted from prior motion); *See also Wright & Miller, 5C Federal Practice & Procedure § 1388,* 491-95 (3d ed. 2004) (citing additional cases applying Federal Rule 12(g)(2) and Rule 12(h)(2)) ("The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading."); *see e.g. Md. Cas. Co. v. Shreejee Ni Pedhi's, Inc.*, No. 3:12-cv-121-J-34MCR, 2013 U.S. Dist. LEXIS 16635, at *14-15 (M.D. Fla. Jan. 8, 2013) (where "[p]laintiff has completely failed to show how any of the new factual allegations have given rise to a defense that did not exist prior to the amendment, those later raised Rule 12(b)(6) defenses were procedurally barred") (*citing Cross v. Suffolk City School Bd.*, No. 2:11cv88, 2011 U.S. Dist. LEXIS 75970, 2011 WL 2838180, *7 (E.D. Va. July 14, 2011) (same).

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Rule 12 must operate in this fashion. Otherwise a never-ending hamster-wheel of Rule 12(b)(6) motions would overwhelm federal dockets and block plaintiffs from obtaining a determination on the factual bases of their claims. The instant case is emblematic. This is now Defendants' fourth attempt to have Plaintiff's claims dismissed. With each new motion, Defendants create new arguments stemming from the same previously reviewed and tested allegations. The multiple bites at the proverbial apple violate the purpose and policy behind the Rule 12(b)(2)-(5) requirement that parties raise all available defenses in their first motion. As discussed in further detail below, paragraph 38 of the SAC has been in all versions of the complaint. *See* Dkt. 1 at ¶ 17, Dkt. 34 at ¶ 17. Defendants have waived any further (new) arguments centered on this allegation, even if those arguments are at the heart of their latest motion to dismiss. Similarly, all of the Defendants' arguments regarding the plausibility of the allegations, the sufficiency of pleadings regarding misrepresentations, and the application of Oregon tort law were available and raised in previous argument as these allegations have all been available from the start. All of the Defendants' arguments regarding these issues are procedurally barred and should be denied outright.[1]

Any attempt by Defendants to argue that a lack of specificity in the original or amended Complaint supports their ability to revive Rule 12(b) arguments should also fail. *See Dee-K Enters. v. Heveafil SDN. Bhd.,* 985 F. Supp. 640, 643 n.2 (E.D. Va. 1997) (holding that defendants' arguments regarding venue were waived because they were not brought in first response to original complaint regardless of adjudicated lack of specificity). Here the Court has

---

[1] In an abundance of caution, Plaintiff has once again addressed the merits of these arguments in the later sections of this memorandum. Plaintiff also explores how the Court's prior orders dealt with Defendants' current arguments which further supports the application of Rule 12(g)(2) as grounds to deny the Defendants' instant Motion.

Page 5 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S, RESPONSE IN
            OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND
            AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

ordered Plaintiff to allege, in exacting detail, all of its business practices relevant to the transmission of calls and the ownership and function of any entity that is involved in this process. This amendment was requested after the Court already ruled on the viability of Digicel Haiti's RICO and fraud allegations. While these issues are presented in more detail in the SAC, the core allegations against Defendants regarding their conduct remained the same as first stated in the original Complaint. Accordingly, Defendants are precluded from pursuing new 12(b)(6) arguments regarding the same allegations, and the Motion must be denied.

II.    **The Second Amended Complaint ("SAC") Adequately Pleads Claims Rooted in the Laws of The United States and the State of Oregon**

On a motion to dismiss, the Court is limited "to the question [of] whether, if proved, the averments of the complaint would state a claim under the statute." *Diaz v. Gates*, 420 F.3d 897, 907 (9th Cir. 2005) (refusing to dismiss Plaintiff's RICO claim on 12(b)(6) motion). As this Court previously held:

> A complaint will survive a motion to dismiss where a plaintiff offer[s] facts that tend[s] to exclude the defendant's innocuous alternative explanation. Moreover, if two alternative explanations exist, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6). Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is implausible."

Dkt. 58 at 4 (internal citations omitted). Defendants' new Motion once again purports to challenge the plausibility of Digicel Haiti's allegations. Plaintiff's Second Amended Complaint demonstrably meets and exceeds the applicable pleading requirements with respect to the plausibility of the claims alleged, and accordingly, Defendants' effort to re-cast and re-characterize the claims in the SAC should be rejected.

Page 6 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S, RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

a. **The Second Amended Complaint Adequately States Claims For RICO Violations and Fraud**

To state a civil RICO claim, a plaintiff must allege facts showing: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (internal quotation marks and citation omitted).

Defendants do not argue that these elements are not alleged. Rather they argue that because Digicel Haiti did not include the legal explanation of Haitian telecommunications regulations regarding the minimum international rate, then the SAC has somehow failed to state a claim. Not only is this argument improper for a 12(b)(6) motion because it asks the Courts to consider the merits of Digicel Haiti's claim, but on an even more basic level, the argument is also incorrect. The paragraph that the Defendants have seized upon regarding the applicable calling rate in Haiti is merely illustrative—as a starting point—of the harm suffered by Digicel Haiti. Defendants' attempts to make this allegation the basis of Defendants' liability to Digicel Haiti, or the full measure of Digicel Haiti's damages are misleading and erroneous. Digicel Haiti's claims, as fully developed in the SAC, are plainly bottomed on Defendants' fraudulent acts—specifically, RICO violations, as executed through multiple instances of mail and wire fraud, common law fraud, and violations of 18 USC § 1029. The allegations of the SAC do not rely on the violation and adjudication of foreign law.

Defendants' argument in this regard is entirely lacking in legal support. They notably make no effort to explain how or why the SAC's multiple detailed allegations of liability and

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

damages are insufficient, from a pleading standpoint, against their newest motion to dismiss.[2] They cite to no case law to support their argument that the "23 cent per minute" paragraph leads to any failure to state a claim.  Rather, they embark on a disjointed argument regarding Fed. R. Civ. P. 44.1, pleading of foreign law, and payment for international calls made via the internet. This is not the basis for Digicel Haiti's allegations of fraud or RICO violations and a motion to dismiss is not the place to argue their "defenses."

Digicel Haiti brings its claims for Defendants' fraudulent acts and violations of the RICO statute in response to Defendants' illicit and improper utilization of Digicel Haiti's telecommunications network and infrastructure and all the Defendants' fraudulent acts, misrepresentations and omissions designed to secure and cover up that utilization—including the illegal and improper use of Digicel Haiti's SIM Cards.  To gain access to that telecommunications network and infrastructure, Defendants devised and implemented a sophisticated fraudulent scheme which *included* a conspiracy to commit fraud in the procurement and use of Digicel Haiti's SIM Cards.  This is all described *in detail* in the SAC through well-plead allegations of fraud, deceit, misrepresentation and conspiracy that have been tested now on three separate occasions.  These same allegations have been found, time and again, in whole or in part, to meet the requirements set forth in Rules 8 and 9, and the seminal cases expounding upon the interpretation of these rules.

Defendants' disconnect from the procedural reality of this case is even more evident where they assert that Digicel Haiti's prior notice of filing Haitian law (made at the behest of the Court), was an attempt to meet the strictures of Rule 44.1.  As the Court will recall, this filing

---

[2] **In prior papers, the Plaintiffs were required to and did successfully articulate the paragraphs in the SAC setting forth who was damaged and how they were damaged by Defendants' fraudulent conduct.  Dkt. 43 at ¶¶ 56-122; Counts I-V.**

Page 8 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S, RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

had no such objective.[3]  Digicel Haiti has not alleged that foreign law applies to the underling allegations of liability, it is not seeking to invoke any laws of Haiti through the SAC, and its claims are firmly rooted in the United States Code and Oregon state law, not in a "supposed foreign-originated legal obligation." Dkt. 113 at 12.

Digicel Haiti included paragraph 38 in the SAC simply to illustrate the minimum rate charged for the termination of international telecom traffic into Haiti.  This allegation clearly does not serve as the basis for Defendants' liability but rather as a starting point for analysis of Digicel Haiti's harm incurred because of UPM's fraudulent conduct.  In its entirety, paragraph 38 states:

> To terminate international telecom traffic originating from or through third party wholesalers or carriers on its network in Haiti, Digicel Haiti must charge those carriers a minimum rate of 23 cents per minute—the "floor" or lowest rate set by the Government of Haiti for terminating incoming international cellular telephone calls into Haiti—to route such traffic through its telecommunications network and proprietary equipment to Digicel Haiti's customers and subscribers in Haiti.

Dkt. 14 at ¶ 38.  As the paragraph explains, the 23 cents per minute rate is simply the floor for international calling rates in Haiti.  This paragraph provides the very basic information needed to begin an analysis of the harm suffered from Defendants' fraud in their illicit use of Digicel Haiti's telecommunications network and infrastructure as well as Defendants' use of Digicel Haiti's SIM Cards and mail and wire to further their fraudulent scheme to avoid payment to Digicel Haiti.  Where there is no pleaded intent to rely on foreign law or any alleged claims that will be determined by foreign law, Defendants' arguments regarding Rule 44.1 should be summarily disregarded.

As explained above, each version of Digicel Haiti's complaint, up to and including the

---

[3] **This was requested by the Court at oral argument on Defendants' Motion to Dismiss the Amended Complaint held on January 28, 2016.**

Page 9 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S, RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

SAC, has included a paragraph, nearly identical to the one excerpted above, detailing the floor rate for international calls terminated in Haiti. *See* Dkt. 1 at ¶ 17, Dkt. 34 at ¶ 17. At no prior point have the Defendants raised any challenge regarding this allegation. At this late juncture on a motion to dismiss, Defendants' argument as to paragraph 38 must be denied.

b. **Digicel Haiti's Allegations of Fraud Meet The *Twombly* and *Iqbal* Pleading Standards**

For at least the second time during this litigation, Defendants are once again attempting to reargue the *Twombly/Iqbal* pleading and plausibility analysis as a basis for a motion to dismiss. The Court and the parties have already engaged in a thorough and complete analysis of the plausibility and sufficiency of the core allegations of the complaint under Rules 8 and 9 and *Twombly* and *Iqbal*. Once again, however, Defendants argue that Digicel Haiti's fraud claims are implausible—this time because Defendants are allegedly accurately transmitting the calling numbers associated with the SIM Cards located in their SIM Boxes. This factual assertion is misleading and lends nothing to the plausibility considerations that have been previously briefed, re-briefed, argued, and re-argued before this Court.

Defendants' argument this time around is more appropriately an answer and denial, *not grounds for a motion to dismiss.* Second, Defendants' argument is plagued by the very problem that plagues their underlying "business practices"—they pretend that the initial call does not exist. Specifically, even as the defense articulates its argument here in the instant motion, they attempt to shift all focus away from the original call (made by a US caller and bound for Haiti) and instead, would have the Court focus solely on the subsequent call made by UPM–using Digicel Haiti's SIM card information—without regard to the fact that this subsequent call is merely used to mask or hide the underlying original call as it is smuggled into the Digicel Haiti

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

telecom network.   As further explained below, Defendants' fraudulent *concealment* of the original call, is what is at issue.   The alleged "accurate reporting" of the Digicel Haiti SIM information in a "subsequent" call—with no disclosure of its "hidden cargo"—is at the heart of the scheme used to complete the fraudulent transaction and in the context of this motion is a big red herring.   The Defendants' argument is tantamount to arguing in an identity theft case that the identification being used by the perpetrator was 'genuine and legal', without regard to the fact that the identification did not belong to, and was not originally issued to, the person actually using it.

Defendants further argue that Digicel Haiti has not pled a legal entitlement to accurate information.   Put another way, Defendants argue that Digicel Haiti has not pled a "legal entitlement" not to be the victim of fraudulent misrepresentation, concealment and fraud.   Taken to its logical conclusion, Defendants are arguing that Digicel Haiti is required to plead a legal entitlement *not* to be defrauded.

Digicel Haiti's allegations regarding fraud and active concealment are sufficient to survive dismissal, and Defendants' new twist on this belabored argument regarding plausibility is anemic.   Once more, "UPM's explanation does not, however, refute Digicel's argument that active concealment has occurred."   Dkt. 58 at 15.   As this Court previously found:

> Where a defendant, however, offers a plausible innocent explanation for its actions and there is also a plausible wrongful explanation for the same actions, a court may not dismiss a complaint unless the "defendant's plausible alternative explanation is so convincing that plaintiff's explanation is implausible.   That is not the case here. Moreover, whether the actual facts support either UPM's or Digicel's explanations is a matter more appropriately determined at summary judgment or trial.

*Id.* at 18-19.   The same analysis applies to this new motion. Defendants' "technical inability" to commit a wrongdoing does not allow them to avoid the sufficiently plead allegations of

Page 11 -   PLAINTIFF, UNIGESTION HOLDING S.A.'S, RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

fraudulent actions outlined in the SAC. Any factual challenges to these allegations are not appropriate on a motion to dismiss,[4] and the Defendants' Motion should be denied.

c. **Misrepresentations to Support Fraud Claims Are Adequately Plead**

As this Court has previously determined, Digicel Haiti has plead allegations sufficient to constitute a claim for fraud. Defendants contend that Digicel Haiti failed to plead a misrepresentation by citing "no contract, no statute, no regulation, no industry standard, no FCC (or other) regulatory order" to support its claim of misrepresentation. Dkt. at 16. Again, this argument is legally incorrect.

This Court noted that where "fraud is based on actual concealment, as opposed to simple non-disclosure, a duty to speak is not required." *Caldwell v. Pop's Homes, Inc.*, 54 Or. App. 104, 113 (1981); *see also Wieber v. FedEx Ground Package Sys., Inc.*, 231 Or. App. 469, 484 (2009) ("Moreover, even in the absence of a duty to speak, actions by a defendant to actively conceal the truth can constitute fraud."). Dkt. 58 at 11. To properly plead a claim for fraud, Digicel Haiti does not have to base its claim in a right, either by contract, statute, or otherwise, to the information regarding the true origin of calls transmitted by Defendants. In its pleading, Digicel Haiti successfully alleges fraud by asserting that,

> UPM accomplishes the concealment both by manipulating the SIM card data to "package" the data with the non-Digicel customer's call and by using software to replicate the calling patterns of Digicel's local Haitian subscribers. This replication avoids any abnormal call volume to any particular Digicel cellular tower, which Digicel could detect, or flag, as a sign of "bypass" operations. Digicel further alleges that UPM uses portable, easy-to-move Receivers in various locations to prevent detection by Digicel. Digicel thus alleges "contrivances intended to hide information, mislead, avoid suspicion, or prevent further inquiry into a material matter," amounting to active concealment under the common law.

---

[4] Likewise, Defendants' arguments regarding Digicel Haiti's non-monetary damages are ineffective. At this procedural juncture, it is inappropriate to consider whether or not properly plead damages have been proven.

Page 12 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S, RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

Dkt. 58 at 17; *see also* Dkt. 58 at 15-19. Here again, Defendants "misunderstand[] the requirements for active concealment under the Oregon common law. As previously noted, in Oregon, active concealment occurs—even in the absence of a duty to speak—when a defendant engages in 'acts which create a false impression covering up the truth.'" *Id.* at 15. The Motion should once again, be denied.

### III.    Digicel Haiti's Claims Fall Firmly Within the Jurisdiction of the Federal District Court of Oregon

Defendants only new arguments regarding jurisdiction, should be rejected because in addition to the waiver argument made in the first section, they are inapposite and lacking in legal support. Defendants now attempt to recast this dispute as being centered on interconnection agreement terms or potential contractual arrangements between Digicel Haiti and UPM. The argument is misleading and misplaced. Defendants argue that Digicel Haiti's claims are preempted by The Communications Act, and therefore, should be before the Federal Communications Commission ("FCC"). This assertion is not only inaccurate, it is also extremely confusing considering Defendants themselves sought the jurisdiction of this Court to resolve their own counterclaims grounded in The Communications Act. Like their arguments regarding failure to state a claim, Defendants' preemption arguments are rife with internal inconsistencies and inapplicable to the claims alleged by Digicel Haiti.

### a.    Defendants' Preemption Arguments are Contrary to Established Law

Defendants argue that The Communications Act preempts Digicel Haiti's state law claims. This is legally erroneous. The Ninth Circuit has explicitly held that The Act does not preempt state law. *Ting v. AT&T*, 319 F.3d 1126, 1140 n.8 (9th Cir. 2003) (holding that the

Page 13 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S, RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

district court has jurisdiction to adjudicate claims under The Act). Remarkably, this holding specifically addressed Sections 201 and 202, the specific sections on which Defendants rely.

Defendants' argument is also factually inaccurate where they rely on the notion that "this case . . . relates to how traffic . . . should be routed, how much UPM should pay Digicel-Haiti to terminate that traffic, calls, and what signaling information should accompany it." Dkt. 113 at 32-3. Defendants' creative recharacterization of the causes of action plead is unavailing. The Communications Act cannot preempt state law where the state law claims are not in form or substance, related to the purview of The Act. Digicel Haiti's claims involve RICO and state law claims stemming from a fraudulent scheme perpetrated by Defendants to avoid payment to Digicel Haiti for the use of Digicel Haiti's telecommunications network and infrastructure. Digicel Haiti is not seeking the implementation or revision of an interconnection agreement with Defendants or a ruling involving the legality of Defendants' transmission practices, as Defendants suggest. Rather, Digicel Haiti is seeking relief for the unauthorized and fraudulent conduct which culminated in Defendants' theft of Digicel Haiti's property and services. The fraudulent actions of Defendants in the development and execution of this scheme, as plead in the SAC, are the source of this Court's RICO jurisdiction and pendent state law jurisdiction.

More importantly, even if the Court believes that Digicel Haiti's claims overlap with the purposes of The Act, the Ninth Circuit has conclusively held that the provisions which Defendants urge support preemption are indeed within the jurisdiction of the federal courts. The Ninth Circuit held "that courts have never interpreted § 202(a) as a preemptive provision. Rather, *Panatronic* indicates that courts treat § 202(a) as a consumer protection provision that is designed to remedy unreasonable price disparities. Save for *Boomer*, [the singular case relied upon by Defendants here] no court has ever interpreted §§ 201(b) or 202(a) independently to

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

preempt state law." *Ting v. AT&T*, 319 F.3d 1126, 1140 n.8 (9th Cir. 2003) (state contract and consumer protection laws not preempted by The Act); *See, e.g.*, *Law Offices of Curtis V. Trinko v. Bell Atlantic Corp.*, 305 F.3d 89, 98-99 (2d Cir. 2002) (adjudicating consumer standing under The Act)(reversed on other grounds); *Eagleview Tech. v. MDS Assocs.*, 190 F.3d 1195, 1197 (11th Cir. 1999) (adjudicating common carrier status under The Act); *Am. Message Ctr. v. FCC*, 50 F.3d 35, 40 (D.C. Cir. 1995) (reviewing FCC ruling on sections 201 and 202 of The Act); *Competitive Telecommunications Ass'n v. FCC*, 998 F.2d 1058, 1061 (D.C. Cir. 1993) (reviewing FCC ruling on section 202 of The Act); *Reservation Tel. Coop. v. FCC*, 826 F.2d 1129, 1136 (D.C. Cir. 1987) (reviewing FCC ruling on section 202 of The Act); *Ad Hoc Telecommunications Users Comm. v. FCC*, 680 F.2d 790, 795 (D.C. Cir. 1982) (vacating and remanding FCC ruling on sections 201 and 202 of The Act).  Digicel Haiti's claims do not seek relief intended to be protected by The Act, and even if they did, The Act does not preempt state law.

Defendants attempt to further expand their preemption argument to envelop the entirety of Digicel Haiti's federal and state law causes of action by asserting that the entirety of the pending claims should fall within the exclusive jurisdiction of the FCC.  The argument is flawed at its very core as Digicel Haiti's claims ultimately seek the cessation of Defendants' entire scheme and compensation for the damages flowing from that fraudulent scheme.  Digicel Haiti is not pursuing redress under The Act as Defendants' 'business model' operates entirely outside of these regulations and amounts to fraud and related theft.

Defendants' argument that preemption applies to the SAC because Digicel Haiti seeks resolution of "disputes that might exist between these parties with respect to compensation for, or interconnection arrangements with respect to calls between the United States and Haiti" is

Page 15 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S, RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

factually inaccurate. Dkt. 113 at 31. None of Digicel Haiti's claims rest on the presence or absence of interconnection agreements between Digicel Haiti (or any related entity) and UPM. To the contrary, Digicel Haiti demands that Defendants cease their injurious behavior and remunerate Digicel Haiti for damages owed due to the Defendants' fraudulent conduct and theft of the use of Digicel Haiti's telecom network and infrastructure. This is not a "rate case" or a "connection agreement" dispute because, as Defendants concede in their Motion, there is no agreement between the parties. *See* Dkt. 113 at 26. This is a case of Civil RICO, fraud and theft.

Accordingly, the appropriate venue for this dispute is here, before the federal district court[5], and the Motion should be denied.

### b.  **This Court has Pendent Jurisdiction Over Digicel Haiti's State Law Claims**

Further, this Court has pendent jurisdiction over Digicel Haiti's state law claims where the fraud, conversion, and unjust enrichment alleged are rooted in the same nucleus of facts as the Civil RICO claim. This issue too, has already been determined in this litigation or at a minimum, should have been raised before as it was "available" to the Defendants in prior motions.

> A district court may assert pendent jurisdiction over claims derived from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding. The power of a federal court to decide pendent claims is wide-ranging. The exercise of the power is discretionary but ordinarily the power if it exists is exercised; only exceptionally is the power not employed.

*Republic of Philippines v. Marcos*, 862 F.2d 1355, 1357 (9th Cir. 1988) (maintaining district court's jurisdiction over state law fraud claim in RICO suit); *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (discussing federal district court's ability to exercise

---

[5] RICO jurisdiction unquestionably lies with the federal district courts. *See* 18 U.S.C. Section 1964(a), (c).

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

jurisdiction over state law claims where removal was requested). Defendants' failure to cite to any applicable legal standard in support of the idea that Digicel Haiti's allegations do not constitute actionable conduct under Oregon law is telling.  Defendants' self-serving arguments regarding public policy are equally unhelpful.

The FCC's past policy positions are entirely inapplicable to any considerations undertaken by this Court on a motion to dismiss claims which are otherwise firmly within the jurisdiction of the federal courts.[6]  The State of Oregon has an equally strong interest in preventing theft and misuse of services and devices—especially when that conduct originates and is managed from within its borders.  Oregon also has an undeniable interest in preventing the harboring of racketeering enterprises with inter-state and international implications.  The SAC properly and sufficiently alleges claims based in the laws of the state of Oregon and properly invokes the jurisdiction of this Court.

//

//

//

//

//

//

---

[6] In addition, the FCC policies cited by Defendants are unhelpful as they do not apply to the factual scenario implicated in this case.  Dkt. 113 at 20-25.  Defendants are not using VoIP to alleviate the strong-hold of a telecom monopoly.  Rather, they are using the internet to highjack another entity's network and telecommunications infrastructure.  Defendants' disjointed view of the applicable facts are further evidence of the inappropriateness of their arguments at this juncture.  The allegations of the SAC, taken as true, sufficiently plead claims sounding in RICO and common law fraud.

Page 17 -   PLAINTIFF, UNIGESTION HOLDING S.A.'S, RESPONSE IN
            OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND
            AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## CONCLUSION

Based on the foregoing, Digicel Haiti respectfully requests that Defendants' Motion to

Dismiss be denied.

Dated:  January 23, 2017

SCHWABE, WILLIAMSON & WYATT, P.C.

By:    /s/Richard K. Hansen
_____

Robert C. L. Vaughan (*Pro Hac Vice*)          Richard K. Hansen, OSB #832231
Cherine Smith Valbrun                          Telephone: 503.796-2958
Leah B. Storie                                 Facsimile: 503.796.2900
Kim Vaughan Lerner LLP
*Attorneys for Plaintiff*                       Trial Attorney:  Richard K. Hansen
One Financial Plaza, Suite 2001                 Of Attorneys for Plaintiff, Unigestion
Fort Lauderdale, FL  33394                       Holdings, S.A., a Foreign Corporation, d/b/a
Telephone:  (954) 527-1115                       Digicel Haiti
Facsimile:  (954) 527-1116
E-mail: rvaughan@kvllaw.com

Page 18 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S, RESPONSE IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND
AMENDED COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of January, 2017, I caused to be served a copy of the foregoing PLAINTIFF UNIGESTION HOLDING S.A.'S, RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT on the following person via the Court's CM/ECF electronic service system:

| | |
|---|---|
| Kathryn P. Salyer, OSB #883017<br>ksalyer@tsbnwlaw.com<br>Tomasi Salyer Baroway<br>121 SW Morrison Street, Suite 1850<br>Portland, Oregon 97204-3136<br>Telephone: (503) 994-9900<br><br>*Attorneys for Defendants* | Christopher W. Savage (*Pro Hac Vice*)<br>chrissavage@dwt.com<br>Davis Wright Tremaine LLP<br>1919 Pennsylvania Ave. NW Ste. 800<br>Washington DC 20006-3401<br>Tel: (202) 973-4200<br><br>*Attorneys for Defendants* |

/s/Richard K. Hansen
Richard K. Hansen

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900