**Richard K. Hansen**
Email: rhansen@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.796.2958
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
Kim Vaughan Lerner LLP
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone: 954.527.1115
Facsimile: 954.527.1116

Attorney for Plaintiff and Counter-Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDINGS, S.A.,** a foreign corporation, d/b/a **DIGICEL HAITI**, <br><br> *Plaintiff,* <br><br> vs. <br><br> **UPM TECHNOLOGY, INC. d/b/a UPM TELECOM, INC.,** and **UPM MARKETING, INC.,** an Oregon corporation; <br> **UPM TELECOM, INC.,** an Oregon a/b/n; <br> **UPM MARKETING, INC.,** an Oregon a/b/n; **BEN SANCHEZ a/k/a BEN SANCHEZ MURILLO,** a foreign individual; **BALTAZAR RUIZ,** a foreign individual, **TYLER ALLEN**, a foreign individual, and **DUY TRAN a/k/a BRUCE TRAN**, a foreign individual, | No. 3:15-cv-00185-SI <br><br><br> **PLAINTIFF UNIGESTION HOLDING S.A.'S, MOTION TO STRIKE AFFIRMATIVE DEFENSES** |

Page 1 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S, MOTION TO
STRIKE AFFIRMATIVE DEFENSES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

*Defendants and Counter-Plaintiff's,*

**vs.**

**UNIGESTION HOLDINGS, S.A.,** a foreign corporation, d/b/a **DIGICEL HAITI**; and **DIGICEL USA, INC.,** a Delaware corporation,

*Counter-Defendants.*

## CERTIFICATION

In compliance with Local Rule 7.1, the undersigned attorney hereby certifies that the parties made a good faith effort through telephone conference to resolve the dispute presented by the Motion set forth below and have been unable to do so.

## INTRODUCTION

Pursuant to Rule 12(f) of the Federal Rule of Civil Procedure, Plaintiff, Unigestion Holdings S.A. ("Digicel Haiti) moves to strike Defendants' First, Second, Fifth, Sixth, and Seventh Affirmative Defenses. Defendants' First and Second Affirmative Defenses of failure to state a claim and standing are both insufficient as a matter of law where they are predicated on failed arguments presented in Defendants' numerous motions to dismiss. For this reason alone, these defenses should be stricken.

Defendants' Fifth, Sixth, and Seventh Affirmative Defenses of unclean hands, restraint of trade, and illegality also fail as a matter of law because they are premised on the same facts that constitute causes of action for anticompetitive conduct. Because these affirmative defenses outline a cause of action for an antitrust or anticompetitive claim, they must be alleged as affirmative claims for which a remedy exists, not posed as

Page 2 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S, MOTION TO
STRIKE AFFIRMATIVE DEFENSES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

affirmative defenses. In light of the fact that UPM has alleged Communications Act and a Sherman Act claims, the affirmative defenses that rely on the same factual basis and legal arguments should be stricken.

**LEGAL ARGUMENT**

## I.    Legal Standard for Motion to Strike Affirmative Defenses

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure "[t]he court may strike from a pleading an insufficient defense . . ." to avoid the expenditure of time and money on the litigation of spurious issues. *Fed. Rules Civ. Pro. R.* 12(f); *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "The disposition of a motion to strike is within the discretion of the district court." *United States v. Cole*, No. 3:13-cv-01606-SI, 2014 U.S. Dist. LEXIS 42956, at *6 (D. Or. Mar. 31, 2014); *referencing Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990).

"An affirmative defense may be insufficient as a matter of pleading or as a matter of law." *U.S. v. Cole*, 2014 U.S. Dist. LEXIS 42956, at *7.; *referencing Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (addressing an affirmative defense that was insufficiently plead). "An affirmative defense may be considered insufficiently pled where it fails to provide plaintiff with fair notice of the defense asserted." *Joe Hand Promotions, Inc. v. Estrada*, No. 1:10-cv-02165-OWW-SKO, 2011 U.S. Dist. LEXIS 61010, at *2-3 (E.D. Cal. June 7, 2011) (internal citations omitted). Finally, "an affirmative defense is insufficient as a matter of law where there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Id.*

"A defense which demonstrates that plaintiff has not met its burden of proof is not

Page 3 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S, MOTION TO
STRIKE AFFIRMATIVE DEFENSES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *referencing Flav-O-Rich v. Rawson Food Service, Inc. (In re Rawson Food Service, Inc.),* 846 F.2d 1343, 1349 (11th Cir. 1988) (recognizing that a defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense). "Rather, an affirmative defense is one that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all the elements of the plaintiff's claim are proven." *Joe Hand Promotions, Inc.*, 2011 U.S. Dist. LEXIS 61010, at *3-4.; *citing Kanne v. Conn. General Life Ins. Co.*, 867 F.2d 489, 492 n.4 (9th Cir. 1988). Defendants bear the burden of proof for affirmative defenses. *Id.*

## II.    Defendants' First and Second Affirmative Defenses:  Failure to State a Claim and Standing

Defendants should be prohibited from resurrecting their unsuccessful dismissal arguments as affirmative defenses.  Indeed, the District Court of Oregon has held that where a motion to dismiss for failure to state a claim was filed, leave to amend was granted, and the amendment remedied any deficiencies, the affirmative defense of failure to state a claim served no purpose. *See Gessele v. Jack in the Box, Inc.*, No. 3:10-cv-960-ST, 2011 U.S. Dist. LEXIS 99419, at *7-8 (D. Or. Sep. 2, 2011).  In *Gessele* the court unequivocally held that grounds for a previously unsuccessful motion to dismiss cannot be resurrected as an affirmative defense:

> In response to an initial complaint, an affirmative defense based on failure to state a claim may be alleged in a conclusory fashion.  Here, however, defendant already filed a motion to dismiss the initial complaint for that reason, and plaintiffs filed the First Amended Complaint to correct the deficiencies raised by that motion. There appear to be no additional defects with pleading the elements of plaintiffs' claims. Therefore, this affirmative defense now serves no purpose and is stricken.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

*Id.*  This premise is squarely applicable to Defendants' first and second affirmative defenses.  The parties have briefed Digicel Haiti's alleged failure to state a claim and lack of standing *ad nauseum*.  *See* ECF 21, 27, 31, 89, 92, 93, 113, 117 and 119.  All challenges presented by Defendants in this regard have been defeated time and again.  *See* ECF 95 and 122.  These repeated challenges, ultimately resulted in this Court's holding that Digicel Haiti did in fact have standing to bring the claims properly asserted in the Second Amended Complaint.  *Id.*  Accordingly, Defendants' first and second affirmative defenses of failure to state a claim and standing "now serve[] no purpose" and should be stricken. *Id.*; *see also FDIC v. Pelletreau & Pelletreau*, 965 F. Supp. 381, 390 (E.D.N.Y. 1997) (striking affirmative defenses as insufficient as a matter of law where same arguments were previously rejected on defendant's motion to dismiss).

**III.    Defendants' Fifth, Sixth, and Seventh Affirmative Defense:  Unclean Hands, Restraint on Trade, and Illegality**

Defendants' unclean hands, restraint on trade, and illegality defenses also fail as a matter of law where they allege the same conduct that is addressed by UPM's Communications Act and Sherman Act counterclaims.  *See* ECF 127 at 35, 36-38, 43-47; s*ee Frost v. Shipowners & Merchs. Towboat Co.*, No. 72-2123 GBH., 1974 U.S. Dist. LEXIS 8570, at \*4 (N.D. Cal. May 10, 1974) (alleged unlawful antitrust conduct on the part of the antitrust plaintiff does not form the basis of an affirmative defense, whether called 'unclean hands' or 'illegality,' but rather . . . such conduct must be attacked by a separate action); *see also Nestlé Purina PetCare Co. v. Blue Buffalo Co. Ltd.,* No. 4:14 CV 859 RWS, 2016 U.S. Dist. LEXIS 106677, at \*17-18 (E.D. Mo. Aug. 11, 2016) (striking unclean hands defense as barred as a matter of law and stating that such argument should

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

be presented as a counterclaim rather than an affirmative defense).

Defendants' unclean hands affirmative defense relies on "activities that [allegedly] violate the Act and constitute unfair and unreasonable business practices, restraint of trade, and acts that stifle competition . . ." ECF 127 at ¶ 274.  The restraint of trade defense identifies "a monopoly . . . which constitutes an unreasonable restraint to trade."  *Id.* at ¶ 275.  Lastly, Defendants' illegality defense identifies Digicel USA and Digicel Haiti's interactions as "an unlawful restraint of trade and violation of the Act."  *Id.* at ¶ 276.  As a matter of law, all three of these defenses must be stricken because they should be presented as a separate counterclaim.  *See Frost,* 1974 U.S. Dist. LEXIS 8570, at *4.  Any remedy available as a result of the complained of conduct is through the prosecution of the Communications and Sherman Act counterclaims, not as an affirmative defense.  *See Dyson, Inc. v. Sharkninja Operating LLC,* No. 14 C 9442, 2017 U.S. Dist. LEXIS 63033, at *46 (N.D. Ill. Apr. 26, 2017) (holding that unclean hands defense fails as a matter of law if where application of defense would leave the alleged wrongs without remedy it is better to attempt to prove claims on the merits.)  Accordingly, Digicel Haiti requests that Defendants' fifth, sixth, and seventh affirmative defenses be stricken. [1]

### CONCLUSION

Based on the foregoing, Digicel Haiti respectfully requests that Defendants' first,

---

[1] Counter-Defendants do not concede that UPM has the requisite standing or has alleged elements sufficient to state a claim under the Communications Act or Sherman Act.  This motion to strike does not waive or supersede the arguments presented in Counter-Defendants' Motion to Dismiss Counterclaims regarding these issues.    Further, were the Court to dismiss UPM's Communications Act or Sherman Act claims, it would further support the argument that the attendant affirmative defenses should also be stricken.  *See Adidas Am., Inc. v. Payless Shoesource, Inc.,* 546 F. Supp. 2d 1029, 1081 (D. Or. 2008) (party entitled to summary judgment on antitrust counterclaims and unclean hands affirmative defenses where both were premised on the same factual basis and legal arguments).

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

second, fifth, sixth, and seventh affirmative defenses be stricken.

Dated:  August 14, 2017

Respectfully submitted,

By:    /s/Richard K. Hansen

KIM VAUGHAN LERNER LLP
Robert C. L. Vaughan (*Pro Hac Vice*)
Cherine Smith Valbrun (*Pro Hac Vice*)
Leah B. Storie (*Pro Hac Vice*)
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone:   (954) 527-1115
Facsimile:    (954) 527-1116
E-mail: rvaughan@kvllaw.com


*Attorneys for Plaintiff and Counter-Defendants*

SCHWABE, WILLIAMSON & WYATT, P.C.
Richard K. Hansen, OSB #832231
Telephone: 503.796.2958
Facsimile: 503.796.2900

*Attorneys for Plaintiff and Counter-Defendants*

Page 7 -    PLAINTIFF, UNIGESTION HOLDING S.A.'S, MOTION TO
STRIKE AFFIRMATIVE DEFENSES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August, 2017, I caused to be served a copy of the foregoing PLAINTIFF UNIGESTION HOLDING S.A.'s MOTION TO STRIKE AFFIRMATIVE DEFENSES on the following person via the Court's CM/ECF electronic service system:

| | |
|---|---|
| Kathryn P. Salyer, OSB #883017<br>ksalyer@tsbnwlaw.com<br>Elenor A. DuBay, OSB #073755<br>edubay@tomasilegal.com<br>Tomasi Salyer Baroway<br>121 SW Morrison Street, Suite 1850<br>Portland, Oregon 97204-3136<br>Telephone: (503) 994-9900<br><br>*Attorneys for Defendants* | Christopher W. Savage (*Pro Hac Vice*)<br>chrissavage@dwt.com<br>Davis Wright Tremaine LLP<br>1919 Pennsylvania Ave. NW Ste. 800<br>Washington DC 20006-3401<br>Tel: (202) 973-4200<br><br>*Attorneys for Defendants* |

     __/s/ Richard K. Hansen__
     Richard K. Hansen, OSB #832231

Page 1 -  CERTIFICATE OF SERVICE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900