**Kathryn P. Salyer**, OSB #883017
**Eleanor A. DuBay**, OSB #073755
ksalyer@tomasilegal.com
edubay@tomasilegal.com
Tomasi Salyer Martin
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204-3136
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

**Christopher W. Savage**, D.C. Bar #362657
chrissavage@dwt.com
*(Admitted Pro Hac Vice)*
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006-3401
Telephone: (202) 973-4200
Facsimile: (202) 973-4499

        Attorneys for Defendants


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDING, S.A**., a foreign corporation, d/b/a **DIGICEL HAITI**,<br><br>        Plaintiff,<br><br>    v.<br><br>**UPM TECHNOLOGY, INC**. d/b/a **UPM TELECOM, INC**., and **UPM MARKETING, INC**., an Oregon corporation; **UPM TELECOM, INC**., an Oregon a/b/n; **UPM MARKETING, INC**., an Oregon a/b/n; **BENJAMIN SANCHEZ** a/k/a **BENJAMIN SANCHEZ MURILLO**, an Oregon resident; **BALTAZAR RUIZ**, an Oregon resident; **TYLER ALLEN**, an Oregon resident; and **DUY TRAN a/k/a BRUCE TRAN,** a foreign individual,<br><br>        Defendants. | Case No. 3:15-CV-00185-SI<br><br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF UNIGESTION HOLDING S.A.'S MOTION TO STRIKE AFFIRMATIVE DEFENSES** |

**UPM TECHNOLOGY, INC**. d/b/a **UPM TELECOM, INC**., and **UPM MARKETING, INC**., an Oregon corporation; **UPM TELECOM, INC**., an Oregon a/b/n; **UPM MARKETING, INC**., an Oregon a/b/n; **BENJAMIN SANCHEZ** a/k/a **BENJAMIN SANCHEZ MURILLO**, an Oregon resident; **BALTAZAR RUIZ**, an Oregon resident; **TYLER ALLEN**, an Oregon resident; and **DUY TRAN a/k/a BRUCE TRAN,** a foreign individual,

        Defendants and
        Counterclaim-Plaintiffs,

    v.

**UNIGESTION HOLDING, S.A**., a foreign corporation, d/b/a **DIGICEL HAITI;** and **DIGICEL USA, INC.**, a Delaware corporation,

        Counterclaim-Defendants.

Defendants UPM Technology, Inc. d/b/a UPM Telecom, Inc. and UPM Marketing, Inc., an Oregon corporation; UPM Telecom, Inc., an Oregon a/b/n; UPM Marketing, Inc., an Oregon a/b/n; Benjamin Sanchez a/k/a Benjamin Sanchez Murillo, an Oregon resident; Baltazar Ruiz, an Oregon resident; and Tyler Allen, an Oregon resident (collectively, "UPM") hereby oppose Plaintiff Unigestion Holding S.A.'s Motion to Strike Affirmative Defenses ("Motion").

## I.    INTRODUCTION

The Motion requests that the Court strike five of UPM's affirmative defenses: (1) First Affirmative Defense (Failure to State a Claim); (2) Second Affirmative Defense (Standing); (3) Fifth Affirmative Defense (Unclean Hands); (4) Sixth Affirmative Defense (Restraint of Trade); and (5) Seventh Affirmative Defense (Illegality). The Motion argues that the challenged affirmative defenses fail as a matter of law. Specifically, Plaintiff ("Digicel-Haiti") contends that the First and Second Affirmative Defenses were previously raised by UPM in a Rule 12(b)(6) motion and the court ruled on those defenses when it denied the motion. Additionally,

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Digicel-Haiti contends that the Fifth, Sixth, and Seventh Affirmative Defenses fail as a matter of law because they purportedly allege the same conduct set forth in UPM's counterclaims.

The Motion is nothing more than a litigation tactic to delay or otherwise stall the proceeding.  It is clear that Digicel-Haiti is merely bootstrapping the Motion with its Motion to Dismiss Defendants' Counterclaims (Doc 133) in an effort to obfuscate its unlawful conduct.  As many courts have held, Rule 12(f) cannot be used for dilatory purposes and a motion to strike should be denied if it requires the court to resolve any substantive legal or factual issues.  Digicel-Haiti rightly points out that the parties have exhaustively briefed the issues set forth in earlier Rule 12(b)(6) motions because the parties clearly disagree as to the legal and factual issues raised by UPM.  Consequently, the court should not strike UPM's affirmative defenses because they clearly present questions of law or fact that the Court should hear at a later proceeding, including a motion for summary judgment or trial.

## II.    LEGAL ARGUMENT

### A.  FRCP 12(f) Standard.

Under FRCP 12(f), a court may strike affirmative defenses "if they present an 'insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter.'" *Gessele v. Jack in the Box, Inc.*, 2011 U.S. Dist. LEXIS 99419, *2, 2011 WL 3881039 (D. Or. Sept. 2, 2011). "However, striking a defense is a drastic remedy which is disfavored and seldom granted." *Id*.  A motion to strike "will be denied unless it is clear that under no circumstances could the defenses succeed." *FDIC v. Pelletreau & Pelletreau*, 965 F. Supp. 381, 389 (E.D.N.Y. June 3, 1997) (citing *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds*, 478 U.S. 1015, 106 S. Ct. 3324, 92 L. Ed. 2d 731 (1986)).  "If an affirmative defense gives fair notice of the defense by alleging sufficient facts to be plausible, then a motion to strike is not only futile, but a sanctionable dilatory tactic." *Gessele*, 2011 U.S. Dist. LEXIS 99419 at *5.  A motion to strike should be denied if the defense "fairly presents a question of law or fact that the court should hear at trial." *Pelletreau*, 965 F. Supp. at 389.  "To this end, a defendant's pleading must be construed liberally." *Id.*

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Further, "courts may not resolve disputed and substantial factual or legal issue[s] in deciding … a motion to strike." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotations omitted). If a motion to strike requires the court to resolve a substantial question of law, the motion must be denied. *Pelletreau*, 965 F. Supp. at 389. *See Whittlestone*, 618 F. 3d at 974 ("Rule 12(f) is 'neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint.'"). "Because the purpose of pleading an affirmative defense is simply to give fair notice to plaintiff of the defense being asserted, leave to amend should be freely granted in absence of prejudice to the opposing party." *Joe Hand*, 2011 U.S. Dist. LEXIS 61010 at *4 (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826-27 (9th Cir. 1979).

When presented with a motion to strike, the court starts by determining whether the affirmative defense falls within one of the enumerated categories of FRCP 12(f): (1) insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous. *Whittlestone*, 618 F.3d at 973-74. "An affirmative defense is insufficient as a matter of law where there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Joe Hand*, 2011 U.S. Dist. LEXIS 61010 at *3 (internal quotations omitted).

### B. Defendants' First and Second Affirmative Defenses.

The Motion requests that the court strike UPM's First Affirmative Defense (Failure to State a Claim) and Second Affirmative Defense (Standing). Essentially, Digicel-Haiti argues that because UPM asserted similar defenses and claims in a Rule 12(b)(6) motion which was denied by the court, the affirmative defenses have no purpose and should be stricken. These arguments are untenable for several reasons. First, Digicel-Haiti ignores the fact that the standard for Rule 12(b)(6) is, in essence, limited to the four corners of the complaint. Simply because UPM's arguments did not prevail on a Rule 12(b)(6) motion does not mean they will be unsuccessful when considered on a motion for summary judgment standard or at trial. A motion to strike affirmative defenses should not be granted "unless it is clear that under no circumstances could the defenses succeed." *Pelletreau*, 965 F. Supp. at 389. Further, the purpose of an

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

affirmative defense is merely to put the plaintiff on notice of the defense and should not be stricken if it presents a question of law or fact that should be decided at trial.  *Id*.

Second, as in *Whittlestone*, the Court should not decide that UPM's affirmative defenses are precluded "as a matter of law" because they present disputed factual and legal issues. As Plaintiff acknowledges, the issues set forth in the Rule 12(b)(6) motion are hotly contested legal and factual issues.  The Court should not resolve such disputes by granting the motion to strike and concluding, as a matter of law, that UPM is barred from arguing the First and Second Affirmative Defenses.  Accordingly, the Motion to Strike the First and Second Affirmative Defenses should be denied.

### C.  Defendants' Fifth, Sixth, and Seventh Affirmative Defenses.

Digicel-Haiti next argues that the court should strike the Fifth Affirmative Defense (Unclean Hands), the Sixth Affirmative Defense (Restraint of Trade), and the Seventh Affirmative Defense (Illegality) because "they allege the same conduct that is addressed by" UPM's counterclaims and that the defenses fail as a matter of law.  At the outset, Rule 12(f) does not include failing as a matter of law as one of the categories of affirmative defenses subject to a motion to strike.  Plaintiff does not allege that the Fifth, Sixth, and Seventh Affirmative Defenses are insufficiently plead, redundant, immaterial, impertinent, or scandalous.  Moreover, it is clear based on the case law set forth above that a motion to strike an affirmative defense because it fails as a matter of law must be denied because it requires the court to make determinations regarding contested factual and legal issues, which determination is better suited to a motion for summary judgment or trial.

As the *Whittlestone* court noted, if Rule 12(f) could be used by litigants to dismiss all or part of an affirmative defense because it failed as a matter of law, such a result would create "redundancies within the [FRCP] because a Rule 12(b)(6) motion (or a motion for summary judgment at a later stage in the proceedings) already serves such a purpose."  618 F. 3d at 974. Indeed, Digicel-Haiti has filed a Rule 12(b)(6) motion attacking UPM's counterclaims, which form the basis of Digicel-Haiti's argument that the affirmative defenses fail as a matter of law.

Page 5 of 7 - DEFENDANTS' OPPOSITION TO PLAINTIFF UNIGESTION
HOLDING S.A.'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
UPM-L1\00365611.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Digicel-Haiti's claim that "[a]ny remedy available as a result of the complained of conduct is through the prosecution of the Communications and Sherman Act claims, not as an affirmative defense" is clearly disingenuous as Digicel-Haiti has simultaneously filed a motion to dismiss the Communications and Sherman Act claims. Should the court grant both the motion to dismiss and the motion to strike, UPM could be stripped of all defenses relating to Digicel-Haiti's unlawful antitrust conduct. Thus, the filing of the motion to strike is obviously tactical in nature. It is exactly this type of litigation tactic that courts disfavor and "why motions to strike are not often granted and are generally disfavored." *Joe Hand*, 2011 U.S. Dist. LEXIS 61010, at *18.

Further, such a result would be contrary to the purpose of Rule 12(f) and would require the court to resolve disputed and substantial factual and legal issues. As the court in *Whittlestone* explained, disputed factual and legal issues are best left to Rule 12(b)(6) motions or motions for summary judgment. The legal issues presented in UPM's counterclaims are complex and disputed. *See Pelletreau*, 965 F. Supp. at 390. Such issues are exactly the type of questions of law that a court should reserve for a hearing on the merits after discovery has been conducted. *Id*.

### III.    CONCLUSION

For the foregoing reasons, Digicel-Haiti's Motion to Strike Affirmative Defenses should be denied.

Dated: September 8, 2017.        TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    Telephone: (202) 973-4200
    *(Admitted Pro Hac Vice)*

Of Attorneys for Defendants

Page 6 of 7 - DEFENDANTS' OPPOSITION TO PLAINTIFF UNIGESTION
HOLDING S.A.'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
UPM-L1\00365611.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 8, 2017, I served the foregoing **DEFENDANTS'**

**OPPOSITION TO PLAINTIFF UNIGESTION HOLDING S.A.'S MOTION TO STRIKE**

**AFFIRMATIVE DEFENSES** on the following individuals by electronic service to said

individuals:

Robert C.L. Vaughan
Cherine Smith Valbrun
Leah Storie
Kim Vaughan Lerner LLP
One Financial Plaza
100 SE Third Avenue • Suite 2001
Fort Lauderdale, FL 33394
Email: rvaughan@kvllaw.com
Email: cvalbrun@kvllaw.com
Email: lstorie@kvllaw.com

Richard K. Hansen
Anne M. Talcott
Schwabe, Williamson & Wyatt, PC
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Email: rhansen@schwabe.com
Email: atalcott@schwabe.com

Dated: September 8, 2017.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    Telephone: (503) 894-9900
    Of Attorneys for Defendants

DAVIS WRIGHT TREMAINE LLP

    Christopher W. Savage (*Pro Hac Vice*)
    chrissavage@dwt.com
    Telephone: (202) 973-4200
    Of Attorneys for Defendants

PAGE 1 – CERTIFICATE OF SERVICE
UPM-L1\00365611.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236