**Richard K. Hansen**
Email: rhansen@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.796.2958
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
Kim Vaughan Lerner LLP
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone: 954.527.1115
Facsimile: 954.527.1116

Attorney for Counterclaim Defendants, Unigestion
Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti;
and Digicel USA Incorporated

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDINGS, S.A.,** a foreign corporation, d/b/a **DIGICEL HAITI**,<br><br>*Plaintiff,*<br><br>vs.<br><br>**UPM TECHNOLOGY, INC. d/b/a UPM TELECOM, INC.,** and **UPM MARKETING, INC.,** an Oregon corporation;<br>**UPM TELECOM, INC.,** an Oregon a/b/n;<br>**UPM MARKETING, INC.,** an Oregon a/b/n; **BEN SANCHEZ a/k/a BEN SANCHEZ MURILLO,** a foreign individual; **BALTAZAR RUIZ,** a foreign individual, and **TYLER ALLEN**, a foreign individual,<br><br>*Defendants,* | No. 3:15-cv-00185-SI<br><br><br>**PLAINTIFF, UNIGESTION HOLDING S.A.'S, REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES** |

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

**UPM TECHNOLOGY, INC.,** an Oregon
corporation;

*Counterclaim Plaintiff,*

**vs.**

**UNIGESTION HOLDINGS, S.A.,** a
foreign corporation, d/b/a **DIGICEL
HAITI**; and **DIGICEL USA, INC.**
a Delaware corporation;

*Counterclaim Defendants.*

## I.    Digicel Haiti's Motion to Strike Defenses is Timely Pursuant to the Federal Rules of Civil Procedure

Pursuant to Federal Rule of Civil Procedure Rule 12(f)(2) a party is obligated to make a motion to strike "either before responding to the pleading or, if a response is not allowed, within 21 days of being served with the pleading." Fed.R.Civ.P. Rule 12(f)(2). Contrary to UPM's outlandish assertion, Digicel Haiti's motion to strike is neither dilatory nor made in an attempt to "bootstrap" with its Motion to Dismiss Counterclaims. Instead, Digicel Haiti has simply made a timely, well-supported motion pursuant to the applicable rule. Further proof that the motion to strike was not made to obfuscate the proceeds is evident where Digicel Haiti did not even request a hearing on the matter, as it believes these issues can be decided on the papers.[1]

---

[1] In order to expedite the prosecution of its claims and motion to dismiss, Digicel Haiti did not request a hearing on this matter. However, it remains available to provide oral argument on these issues if the Court so desires.

Page 2 -    UNIGESTION HOLDING S.A. REPLY MEMORANDUM IN
SUPPORT OF MOTION TO STRIKE AFFIRMATIVE
DEFENSES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## II.     **UPM's Opposition Does Not Provide the Court with Law Opposing the Points Raised in Digicel Haiti's Motion to Strike**

UPM argues, without the applicable legal support, that its flawed legal defenses, failure to state a claim, and standing, should be allowed to survive until trial.  This is contrary to the law.  Where a party has attempted multiple failed motions to dismiss for failure to state a claim and standing, the Court must not continue to entertain these arguments as defenses.  *See Gessele v. Jack in the Box, Inc.*, No. 3:10-cv-960-ST, 2011 U.S. Dist. LEXIS 99419, at *7-8 (D. Or. Sep. 2, 2011); *see also FDIC v. Pelletreau & Pelletreau*, 965 F. Supp. 381, 390 (E.D.N.Y. 1997) (striking affirmative defenses as insufficient as a matter of law where same arguments were previously rejected on defendant's motion to dismiss).

UPM's reference to *Whittlestone* is similarly misplaced.  In *Whittlestone* the court allowed claims alleged in plaintiff's complaint to proceed because they were more properly subject to a Rule 12(b)(6) or Rule 56 motion, not a Rule 12(f) motion. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010).  Under no analysis can be read to support the permissibility of affirmative defenses where corresponding claims have already repeatedly failed a Rule 12(b)(6) analysis.  UPM's affirmative defenses of failure to state a claim and standing must be stricken.

## III.     **UPM's Defenses Related to Anticompetitive Conduct Should Be Stricken**

UPM encourages the Court to allow its Unclean Hands, Restraint of Trade, and Illegality affirmative defenses to proceed because they provide it a safeguard in the event that UPM's anticompetitive counterclaims are dismissed.  Predictably, UPM again fails to

Page 3 -     UNIGESTION HOLDING S.A. REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

present case law in support of its contention.  Evidently, UPM lacks legal support because this notion is precisely what the law cited in Digicel Haiti's motion to strike seeks to prevent.

By their nature, anticompetitive causes of action are available to provide a remedy that will restrict or eliminate unlawful, anticompetitive conduct.  To that end, aggrieved parties must bring anticompetitive claims as affirmative causes of action in order for this policy goal to be realized.  A back-up set of anticompetitive affirmative defenses does nothing to achieve this end because they will not bring a stop to the complained of conduct.  This renders anticompetitive defenses insufficient a matter of law.[2]  UPM's defenses relying on anticompetitive conduct must be stricken.  S*ee Frost v. Shipowners & Merchs. Towboat Co.*, No. 72-2123 GBH., 1974 U.S. Dist. LEXIS 8570, at *4 (N.D. Cal. May 10, 1974) (alleged unlawful antitrust conduct on the part of the antitrust plaintiff does not form the basis of an affirmative defense, whether called 'unclean hands' or 'illegality,' but rather . . . such conduct must be attacked by a separate action); s*ee also Dyson, Inc. v. Sharkninja Operating LLC*, No. 14 C 9442, 2017 U.S. Dist. LEXIS 63033, at *46 (N.D. Ill. Apr. 26, 2017) (holding that unclean hands defense fails as a matter of law if where application of defense would leave the alleged wrongs without remedy it is better to attempt to prove claims on the merits.); *Nestlé Purina PetCare Co. v. Blue Buffalo Co. Ltd.,* No. 4:14 CV 859 RWS, 2016 U.S. Dist. LEXIS 106677, at *17-18 (E.D. Mo. Aug. 11, 2016) (striking unclean hands defense as barred as a matter of law and

---

[2] Insufficiency as a matter of law is grounds for striking an affirmative defense.  *See* ECF 132 at 3-4.

Page 4 -    UNIGESTION HOLDING S.A. REPLY MEMORANDUM IN
SUPPORT OF MOTION TO STRIKE AFFIRMATIVE
DEFENSES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

stating that such argument should be presented as a counterclaim rather than an affirmative defense).

## CONCLUSION

Based on the foregoing, Digicel Haiti respectfully requests that UPM's First, Second, Fifth, Sixth, and Seventh Affirmative Defenses be stricken.

Dated: October 2, 2017

Respectfully submitted,

| | |
|---|---|
| | By: /s/ Robert C.L. Vaughan |
| SCHWABE, WILLIAMSON & WYATT, P.C.<br>Richard K. Hansen, OSB #832231<br>Telephone: 503.796-2958<br>Facsimile: 503.796.2900<br><br>*Attorneys for Counterclaim Defendants, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti and Digicel USA, Inc.* | KIM VAUGHAN LERNER LLP<br>Robert C. L. Vaughan (*Pro Hac Vice*)<br>Cherine Smith Valbrun (*Pro Hac Vice*)<br>Leah B. Storie (*Pro Hac Vice*)<br>One Financial Plaza, Suite 2001<br>Fort Lauderdale, FL  33394<br>Telephone:        (954) 527-1115<br>Facsimile:        (954) 527-1116<br>E-mail: rvaughan@kvllaw.com<br><br>*Attorneys for Plaintiff, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti* |

SCHWABE, WILLIAMSON & WYATT, P.C.<br>Attorneys at Law<br>Pacwest Center<br>1211 SW 5th Ave., Suite 1900<br>Portland, OR  97204<br>Telephone: 503.222.9981<br>Fax: 503.796.2900

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of October 2017, I caused to be served a copy of the foregoing PLAINTIFF, UNIGESTION HOLDING S.A.'S, REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES on the following persons via the Court's CM/ECF electronic service system:

| | |
|---|---|
| Kathryn P. Salyer, OSB #883017<br>ksalyer@tsbnwlaw.com<br>Tomasi Salyer Baroway<br>121 SW Morrison Street, Suite 1850<br>Portland, Oregon 97204-3136<br>Telephone: (503) 994-9900<br><br>*Attorneys for Counterclaim Plaintiff* | Christopher W. Savage (*Pro Hac Vice*)<br>chrissavage@dwt.com<br>Davis Wright Tremaine LLP<br>1919 Pennsylvania Ave. NW Ste. 800<br>Washington DC 20006-3401<br>Tel: (202) 973-4200<br><br>*Attorneys for Counterclaim Plaintiff* |

/s/ Robert C.L. Vaughan_____
Robert C.L. Vaughan

Page 6 -    UNIGESTION HOLDING S.A. REPLY MEMORANDUM IN
SUPPORT OF MOTION TO STRIKE AFFIRMATIVE
DEFENSES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900