**Richard K. Hansen**
Email: rhansen@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.796.2958
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
Kim Vaughan Lerner LLP
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone: 954.527.1115
Facsimile: 954.527.1116

Attorney for Counterclaim Defendants, Unigestion
Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti;
and Digicel USA Incorporated

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDINGS, S.A.,** a foreign corporation, d/b/a **DIGICEL HAITI**,<br><br>      *Plaintiff,*<br><br>   vs.<br><br>**UPM TECHNOLOGY, INC. d/b/a UPM TELECOM, INC.,** and **UPM MARKETING, INC.,** an Oregon corporation;<br>**UPM TELECOM, INC.,** an Oregon a/b/n;<br>**UPM MARKETING, INC.,** an Oregon a/b/n; **BEN SANCHEZ a/k/a BEN SANCHEZ MURILLO,** a foreign individual; **BALTAZAR RUIZ,** a foreign individual, and **TYLER ALLEN**, a foreign individual,<br><br>      *Defendants;* | No. 3:15-cv-00185-SI<br><br><br>**COUNTERCLAIM DEFENDANTS', UNIGESTION HOLDING S.A. AND DIGICEL USA'S, REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM PLAINTIFF'S COUNTERCLAIMS** |

Page 1 -    COUNTERCLAIM DEFENDANTS', UNIGESTION HOLDING
S.A. AND DIGICEL USA'S, REPLY MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS COUNTERCLAIM
PLAINTIFF'S COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

**UPM TECHNOLOGY, INC.,** an Oregon corporation;

        *Counterclaim Plaintiff,*

    **vs.**

**UNIGESTION HOLDINGS, S.A.,** a foreign corporation, d/b/a **DIGICEL HAITI**; and **DIGICEL USA, INC.** a Delaware corporation;

        *Counterclaim Defendants.*

Page 2 -    COUNTERCLAIM DEFENDANTS', UNIGESTION HOLDING S.A. AND DIGICEL USA'S, REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM PLAINTIFF'S COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## **Table of Contents**

I.    UPM Cannot Refute the Insufficiency of its Antitrust Pleadings ..........................................................4

    a.    UPM Fails to Allege Market Dominance in the Relevant Market: a Required Element of its Claim  5

    b.    UPM's Reliance on *Lenox's* "Single Enterprise" Theory Is Misplaced................................................7

    c.    Extraterritorial Application of The Sherman Act Is Improper ..........................................................9

    d.    UPM Does Not Have Antitrust Standing ...........................................................................................10

    e.    UPM Does Not Allege Antitrust Conduct or Injury .........................................................................12

II.   Digicel Haiti is Not Subject to The Communications Act ...................................................................13

III.  CONCLUSION......................................................................................................................................15

Page 3 -    COUNTERCLAIM DEFENDANTS', UNIGESTION HOLDING
S.A. AND DIGICEL USA'S, REPLY MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS COUNTERCLAIM
PLAINTIFF'S COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## I.     UPM Cannot Refute the Insufficiency of its Antitrust Pleadings

Cognizant that it cannot articulate a well-pled claim and that it cannot remedy the deficiencies in pleading highlighted by Digicel Haiti and Digicel USA (collectively "Counterclaim Defendants") in the Motion to Dismiss Counterclaims [ECF 133], UPM's Opposition to Motion to Dismiss Counterclaims [ECF 136] (the "Opposition") merely attempts to explain away or otherwise excuse, without more, those fatal deficiencies. The deficiencies in UPM's pleading nonetheless remain and dictate dismissal of the pending Counterclaims.

As detailed in the Motion to Dismiss Counterclaims, UPM's Counterclaims fail to allege the elements and facts necessary to state viable claims, particularly with regard to the purported Sherman Act Section 2 claim.  Tellingly, in the Opposition, the Counterclaim Plaintiff rarely—and never effectively—points the Court towards actual allegations in its Counterclaims that purport to survive or belie the Counterclaim Defendants' challenges.  Despite the several "explanations" in the Opposition, it is axiomatic that this Court cannot use argument in the Opposition to Motion to Dismiss to 'fill in the blanks' of UPM's defective Counterclaims, and therefore dismissal is warranted.[1]

---

[1] When considering a Rule 12(b)(6) motion the district court is confined by the facts contained within the four corners of the complaint, or in this case counterclaims. *See MCI Communs. Servs. v. City of Eugene*, 359 F. App'x 692, 697 (9th Cir. 2009) (noting that court is confined by the facts contained in the four corners of the complaint when considering a Rule 12(b)(6) motion to dismiss).

Page 4 -     COUNTERCLAIM DEFENDANTS', UNIGESTION HOLDING
S.A. AND DIGICEL USA'S, REPLY MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS COUNTERCLAIM
PLAINTIFF'S COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

a. <u>UPM Fails to Allege Market Dominance in the Relevant Market: a Required Element of its Claim</u>

UPM encourages this Court to "extend" Digicel Haiti's retail market share *in Haiti* to infer an unpled, related monopoly in the United States.  Not surprisingly, UPM cites no law in support of the unprecedented proposition that a foreign company, that does not operate in the United States, should be subject to U.S. antitrust laws and to the jurisdiction of U.S. courts for their legal business operations *abroad*; or that a foreign company's legal share of a *foreign* market can somehow be used to impute or otherwise measure that company's non-existent share of an undefined U.S. market under the Sherman Act.

As UPM concedes, however, the relevant market for its Sherman Act claim would be the United States market for calls to Haiti.   Even so, the Counterclaims make no allegations stating any percentage of the United States market for calls to Haiti held by Digicel USA, Digicel Haiti, or the alleged fictional single enterprise.  Ignoring the obvious market within which it competes against the AT&T's, the Verizon's, and the Sprint's of the world, UPM baldly concludes that it "competes" with Digicel USA and Digicel Haiti to terminate calls in Haiti.  The argument fails.  The reason for that failure is simple: Digicel Haiti has no market in the U.S. because it has no operations here.  Additionally, by its own admission, UPM does not provide switching services (certainly not to Digicel Haiti or any other Digicel entity) and therefore cannot "compete" with Digicel USA.

Desperate to avoid these inconvenient truths, UPM tries, in a most strained and tortured analysis, to connect the gaping holes in its Counterclaims by attempting to extrapolate Digicel Haiti's market for retail customers—*in Haiti*—to an otherwise non-

Page 5 -    COUNTERCLAIM DEFENDANTS', UNIGESTION HOLDING S.A. AND DIGICEL USA'S, REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM PLAINTIFF'S COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

existent U.S. market presence.  This "fictional" U.S. presence, however, cannot cure UPM's failure to plead any entities' dominate share of the "relevant" U.S. market.

Moreover, UPM's argument is logically flawed.  Digicel Haiti's alleged share of the local retail market in Haiti does not and cannot (plausibly) automatically translate to a monopoly or corresponding share of the US market for calls destined for Haiti.  Assume, for example, that a majority of calls from the United States to Haiti are made by Haitians or Haitian-Americans residing in the United States.  These consumers, constituting an overwhelming majority of the market for calls from the United States to Haiti do not even have access to Digicel Haiti's products because, again, Digicel Haiti does not operate in the U.S.  Rather, those consumers, who presumably constitute an overwhelming share of the relevant market, use their local, U.S. carriers, such a Verizon, AT&T, Sprint, etc., to make their calls to Haiti.  This fact alone would at least skew, if not eliminate, any basis for inferring that Digicel Haiti's alleged share of the retail market *in Haiti* could somehow automatically translate into a corresponding amount of the market *in the U.S.* for calls destined for Haiti.

Because of this, UPM did not, and cannot, allege a corresponding market share in the relevant market—the U.S. market—for calls destined for Haiti.  The paragraphs of the Counterclaims that UPM attempts to rely upon, only reinforce Counterclaim Defendants' bases for dismissal.  UPM directs the Court specifically to paragraphs 14, 248, and 250 of the Answer and Counterclaims.  All three paragraphs explicitly reference Digicel Haiti's operation and market share *in Haiti*.  There is absolutely no allegation claiming any share,

Page 6 -    COUNTERCLAIM DEFENDANTS', UNIGESTION HOLDING
S.A. AND DIGICEL USA'S, REPLY MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS COUNTERCLAIM
PLAINTIFF'S COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

much less a monopoly, of the purported relevant US market.[2]  This fatal pleading error alone, warrants dismissal.  Again, in light of the fact that Digicel Haiti does not even operate in the United States, any further amendment would be futile and only serve to encourage further baseless arguments.  UPM's Sherman Act claim should be dismissed without leave to amend.

      b.   UPM's Reliance on *Lenox's* "Single Enterprise" Theory Is Misplaced

UPM relies on *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, (10th Cir. 2017) to prop up its single-enterprise allegations.  While *Lenox* does discuss *in dicta,* the evolution and extension of the single-enterprise theory, it remains a non-binding case that gives an "abstract" overview of this theory, all the while, noting the novelty and undecided nature of many of the considerations discussed.[3]  *Id.* at 1232*.* *Lenox* simply "recognize[s] the viability of such a [single enterprise] theory in the abstract." *Id.*  In reality, *Lenox* does not go nearly far enough to support UPM's strained arguments here.

Indeed, when more thoroughly scrutinized, *Lenox* provides minimal assistance with the question relevant to this Court's analysis: to wit, whether two sister-subsidiaries can be construed as a single enterprise where there is no allegation of involvement or concerted action on the part of the common corporate parent shared by the two sister organizations.

---

[2] UPM attempts to reference FCC reporting status and Haitian market share without making a direct allegation and without alleging any supporting factual basis or law.  Their reference is incorrect and a misplaced attempt to fill the void in pleading with inadequate conclusory allegations of dominant market share in the *relevant* market.

[3] *Lenox* has yet to be cited in another case for any of proposition related to single-enterprise theories.

Page 7 -    COUNTERCLAIM DEFENDANTS', UNIGESTION HOLDING S.A. AND DIGICEL USA'S, REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM PLAINTIFF'S COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

*Lenox* focuses on the actions of sister-subsidiaries *and* their parent corporation. This analysis is the logical extension of *Copperweld*'s parent-subsidiary single entity application. *Lenox*, which has not been previously considered by the Ninth Circuit, however, does not go so far as to apply the single-entity theory to *only* sister-subsidiaries—without an involved parent—as would necessarily be the case here. This is significant. *Lenox* admittedly suggests the extension of the single-enterprise theory to Section 2 claims, but it never endorses its application to a group of related companies without the involvement of the common parent that unifies the related horizontal or parallel entities. For that reason, the *Lenox* analysis does not reach the Digicel USA and Digicel Haiti relationship at issue here.

More importantly, *Lenox* supports the extension of the single-enterprise theory only where there is "coordinated activity" between the entities. As the *Lenox* court acknowledged, "nothing in our prior discussion should be read to suggest that a corporation can be held liable under § 2 (of the Sherman Act) for the anticompetitive conduct of one or more related entities, merely by virtue of its place in the same corporate family." *Id.* at 1237. Although the *Lenox* court never detailed the type and nature of the activity required to meet the necessary level of "coordinated activity," it is noteworthy that in its brief discussion of the possible circumstances under which coordinated activity could be found, the discussion centered, almost exclusively, on the activities of the parent entity. *Id.* at 1238-39. Again, this is significant. Here, no unifying, controlling (parent) entity has been alleged as a member of the single-enterprise suggested in the Counterclaims. Instead, UPM is attempting to rely on the every-day (independent)

Page 8 -    COUNTERCLAIM DEFENDANTS', UNIGESTION HOLDING
S.A. AND DIGICEL USA'S, REPLY MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS COUNTERCLAIM
PLAINTIFF'S COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

operations of Digicel USA and Digicel Haiti, respectively, to conjure up "coordinated activity." This is insufficient to adequately plead a Section 2 single-enterprise.

### c. Extraterritorial Application of The Sherman Act Is Improper

UPM argues that the suggested extraterritorial application of The Sherman Act should not be an issue considered by the Court at this juncture. This is incorrect. The consideration of this issue is appropriate—now—because UPM's suggested extraterritorial application of The Sherman Act goes directly to the heart of whether UPM has stated a claim upon which relief can be granted. *See Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 254, 130 S. Ct. 2869, 2877 (2010) (considering the extraterritorial application of a statute requires a Rule 12(b)(6) analysis because it implores the court to consider "whether the allegations the plaintiff makes entitle him to relief."). Based on both parties' pleadings, UPM is undeniably advocating the extraterritorial application of The Sherman Act. UPM's Counterclaims allege that Digicel Haiti is a Haitian entity, whose complained-of-activities took place ***in Haiti.*** Specifically, UPM alleges violations of the Sherman Act through the alleged improper disconnection ***in Haiti*** of SIM Cards that were bought ***in Haiti*** and the alleged interruption of UPM's (unauthorized) use of Digicel Haiti's telecom infrastructure located ***in Haiti***, all in furtherance of Haitian law permitting and encouraging the restriction of bypass operations and the interruption of these bypass services.[4] UPM also emphasizes the existence and operation of Haiti's

---

[4] The Haitian regulations prohibiting bypass and allowing for the interruption of services to prevent bypass are part of the record [ECF 59 and 71]. Additionally, UPM's argument regarding whether the law in Haiti is merely permissive is not a relevant inquiry. The operation of Haitian law is not a proper inquiry for this Court. To determine whether the application of The Sherman Act sought here is extraterritorial, the first *Timberlane* fact merely requires that bypass operations are in conflict with Haitian law. *See* ECF 133 at 6.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

mandatory minimum rate of 23 cents per minute for the termination of international calls. While UPM questions the very existence of this requirement, it nonetheless relies on the existence of this mandatory floor rate to argue that it somehow operates to give Digicel Haiti and Digicel USA an unfair competitive advantage. The argument is specious because this floor rate applies to all carriers in Haiti.

UPM's reliance on the existence of this mandatory floor rate to support its arguments is significant because it demonstrates UPM's reliance on the operation of the laws of Haiti to pursue its antitrust claim. While they continue to push these arguments, UPM cannot, at the same time, continue to resist the conclusion that they seek an impermissible extraterritorial application of the Sherman Act.

Lastly, UPM purports to argue the United States' government interests by further reference to FCC publications. UPM once again strays from the relevant considerations regarding a determination of the impermissible extraterritorial application of The Sherman Act. What is relevant, is whether Congress intended The Sherman Act to apply to foreign actors and foreign conduct. It did not. There is no amendment to UPM's pleading that can remedy this overreach, and UPM's Sherman Act claim should be dismissed with prejudice for seeking impermissible extraterritorial application.[5]

    d.  <u>UPM Does Not Have Antitrust Standing</u>

Contrary to argument in the Opposition, there is no "deep confusion" regarding UPM's self-serving characterization [of itself] as a reseller of telecommunications, and further self-characterization as a "switch-based" reseller. Both are transparent attempts

---

[5] At the risk of stating the obvious, this position is not, as UPM suggests, inconsistent with Digicel Haiti seeking relief in Oregon.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

to re-write the narrative of this case. Respectfully, the argument is mildly offensive—almost as offensive as a jewelry thief describing himself as a "re-seller" of fine jewelry, or a counterfeiter of sporting tickets describing himself as a "ticket-broker"—but the motivations are similarly transparent. UPM attempts to argue that UPM and Digicel Haiti and Digicel USA performed the "same functions", just using somewhat different technology. The fact that these companies purport to perform the same functions—at some point in their respective business models—is not surprising in light of the fact that Digicel has alleged from the very outset of this case, that UPM is stealing access to its telecommunications network in Haiti **_for resale._**

Despite the obvious inconsistency with other sections of its argument, in footnote 14 of its Opposition, UPM glibly discourages a cross-elasticity of demand analysis because it has alleged direct competition. _See_ ECF 136 at 10. That conclusory allegation ignores the implausibility of UPM's allegations of "direct competition." It is crystal clear from every pleading filed thus far in this case that (however one ultimately describes it), UPM's operation is an entirely dependent—parasitic—operation that is not in "competition" with Digicel Haiti. Rather UPM's business model relies entirely on Digicel's infrastructure, Digicel equipment, Digicel's markets, and Digicel's customers for its entire Haitian existence. Most important however, UPM's "model" relies entirely upon Digicel Haiti's ignorance of UPM's operations to enhance UPM's profits.

Here again, UPM fails to identify any allegations that meet or defeat Digicel Haiti and Digicel USA's challenges to the Counterclaims. Instead, UPM uses its Opposition to present new, unsupported arguments that were not a part of its pleadings. These "new" arguments cannot be considered to prop up UPM's otherwise deficient allegations.

Page 11 -    COUNTERCLAIM DEFENDANTS', UNIGESTION HOLDING
S.A. AND DIGICEL USA'S, REPLY MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS COUNTERCLAIM
PLAINTIFF'S COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

e.  <u>UPM Does Not Allege Antitrust Conduct or Injury</u>

UPM's Opposition confirms that they are indeed relying upon Digicel Haiti's exercise of its legal rights in Haiti to allege the required "antitrust conduct" and relying on its own suspended operations to allege the required "antitrust injury."  There is no allegation, nor has it ever been suggested, that Digicel Haiti or Digicel USA ever took any action to prohibit any other entity from installing switches, or legitimate receivers to receive and connect calls in Haiti, or from installing their own cell towers to transmit calls within Haiti.  There is no allegation that either Counterclaim Defendant has ever done anything to prevent another company's ability to install and use their own infrastructure or secure their own telecommunications license in Haiti.  Rather, the actions UPM complains of are merely the exercise of Digicel Haiti's legal rights to prevent unauthorized access to—and theft of—Digicel Haiti's telecommunications network and services.

Likewise, UPM also fails to allege an appropriate antitrust injury.  At bottom, UPM attempts to ground its Sherman Act claim on the notion that Digicel Haiti's actions to disconnect UPM from Digicel Haiti's telecommunications infrastructure in Haiti were anticompetitive.  However, implicit in this general theory is the fact that UPM does not and cannot identify any other entity that has been damaged by this alleged conduct, because the complained-of conduct is specific to UPM.  UPM attempts in its Opposition to characterize the allegation as alleging damage to the market for international calls to Haiti, but this argument too, is unavailing.

UPM does not include a market analysis, or any allegations whatsoever, beyond baseless conclusions, that Digicel Haiti's actions have had any impact beyond not allowing UPM to make more money for themselves.  There are no plausible allegations regarding

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

how UPM's operations would provide consumer savings.  Rather, it appears that UPM's bypass operations only provide costs savings for UPM and only translate to profits for its illicit enterprise.  UPM's arguments on this point are inconsistent.  On the one hand, UPM uses its Opposition to suggest that the injury is to consumers and to the market, yet in the same Opposition, UPM states that Digicel Haiti "has harmed UPM by preventing UPM from earning profits that it would have earned."  ECF 136 at 9.  This is not an antitrust injury.  Because there is no antitrust conduct or antitrust injury alleged to sustain its Sherman Act claim, this claim similarly must be dismissed.

## II.    <u>Digicel Haiti is Not Subject to The Communications Act</u>

UPM argues that by virtue of selling a product in a foreign country and then having users that travel to the United States and use that product, Digicel Haiti should be deemed to be "operating" in the United States.  The fallacy in this argument is evident on its face.  Even so, a review of the allegations of the Complaint, taken as true, confirm that Digicel Haiti clearly alleges that it does not do business in the United States.  Further, those allegations specifically outline the separate functions of Digicel USA and Digicel Haiti, and in order to avoid any doubt about the separateness of the two entities, the allegations further detail the compensation structure between the two.  UPM, on the other hand, merely alleges in conclusory fashion that Digicel Haiti operates in the United States.  Based on the plausible allegations of the Complaint and Counterclaims—taken as true— Digicel Haiti is not subject to The Communications Act, and those claims should be dismissed.

Not surprisingly, UPM points the Court to but a single paragraph of the Counterclaims to support the notion that Digicel Haiti should be subject to claims under

Page 13 -   COUNTERCLAIM DEFENDANTS', UNIGESTION HOLDING
             S.A. AND DIGICEL USA'S, REPLY MEMORANDUM IN
             SUPPORT OF MOTION TO DISMISS COUNTERCLAIM
             PLAINTIFF'S COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

The Communications Act.  [ECF 133 at 32; ECF 138 at ¶ 247].  The paragraph confirms that UPM is relying upon an unpled agency theory to attribute the actions of Digicel USA in the United States, to Digicel Haiti in Haiti.  UPM alleges that "based on Digicel-Haiti's representations to this Court, Digicel-USA acts as Digicel-Haiti's agent with respect to offering to carry telephone calls from the United States to Haiti." *Id.*  This argument fails on three grounds.

First, it entirely inaccurate.  Not once does UPM explain what "representations" gave rise to the conclusion of agency actions.  Nowhere does UPM plead *facts* that demonstrate Digicel USA's agreement to act on Digicel Haiti's behalf and at its control.  In fact, Digicel USA serves as a switching service for multiple carriers and not exclusively for Digicel Haiti.  Further, if the Court were to adopt UPM's analysis, the inescapable conclusion would result in every telecommunications company in the world that receives a call from the United States being subject to the strictures of The Communications Act through its interactions with any US based entity that switched the call.  This is certainly not what is intended as The Communications Act clearly states that it applies only to persons "engaged within the United States."  47 USC § 152(a) (emphasis supplied).

Second, UPM concedes that it does not allege that Digicel USA is an agent of Digicel Haiti for antitrust purposes.  [ECF 136 at 10].  This is a confusing but nonetheless illustrative change in position by UPM--within the same Opposition.  UPM's Communications Act claims rely entirely on the position that Digicel USA's actions in the United States somehow impose agency liability on Digicel Haiti under The Communications Act, even though they earlier concede that there are insufficient facts to plead an agency liability under The Sherman Act.  At a minimum, this internal

Page 14 -   COUNTERCLAIM DEFENDANTS', UNIGESTION HOLDING
S.A. AND DIGICEL USA'S, REPLY MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS COUNTERCLAIM
PLAINTIFF'S COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

inconsistency demonstrates that the facts necessary to allege an agency relationship are missing from the Counterclaims.

Finally, UPM once again attempts to use its Opposition to "clean up" its deficient allegations. UPM argues in its Opposition that "which entity is selling the service" is what matters. UPM then engages in a strained exercise of "connect-the-dots" in its Opposition to explain its desired conclusion. This exercise is not a part of the Counterclaims. By any analysis, UPM's Communications Act claims, and the entire First Counterclaim must be dismissed.

## III.    CONCLUSION

Based on the foregoing, Digicel Haiti and Digicel USA respectfully request that Counterclaim Plaintiff's Counterclaims be dismissed without leave to amend.

Dated:  October 2, 2017

Respectfully submitted,

| | |
|---|---|
| SCHWABE, WILLIAMSON & WYATT, P.C.<br>Richard K. Hansen, OSB #832231<br>Telephone: 503.796-2958<br>Facsimile: 503.796.2900<br><br>*Attorneys for Counterclaim Defendants, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti and Digicel USA, Inc.* | By:    /s/ Robert C.L. Vaughan<br><br>KIM VAUGHAN LERNER LLP<br>Robert C. L. Vaughan (*Pro Hac Vice*)<br>Cherine Smith Valbrun (*Pro Hac Vice*)<br>Leah B. Storie (*Pro Hac Vice*)<br>One Financial Plaza, Suite 2001<br>Fort Lauderdale, FL  33394<br>Telephone:      (954) 527-1115<br>Facsimile:      (954) 527-1116<br>E-mail: rvaughan@kvllaw.com<br><br>*Attorneys for Counterclaim Defendants, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti and Digicel USA, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of October 2017, I caused to be served a copy of the foregoing COUNTERCLAIM DEFENDANTS', UNIGESTION HOLDING S.A. AND DIGICEL USA INC.'S, REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM PLAINTIFF'S COUNTERCLAIMS AND LEGAL MEMORANDUM IN SUPPORT on the following person via the Court's CM/ECF electronic service system:

| | |
|---|---|
| Kathryn P. Salyer, OSB #883017<br>ksalyer@tsbnwlaw.com<br>Tomasi Salyer Baroway<br>121 SW Morrison Street, Suite 1850<br>Portland, Oregon 97204-3136<br>Telephone: (503) 994-9900<br><br>*Attorneys for Counterclaim Plaintiff* | Christopher W. Savage (*Pro Hac Vice*)<br>chrissavage@dwt.com<br>Davis Wright Tremaine LLP<br>1919 Pennsylvania Ave. NW Ste. 800<br>Washington DC 20006-3401<br>Tel: (202) 973-4200<br><br>*Attorneys for Counterclaim Plaintiff* |

/s/ Robert C.L. Vaughan
Robert C.L. Vaughan

Page 16 -    COUNTERCLAIM DEFENDANTS', UNIGESTION HOLDING
S.A. AND DIGICEL USA'S, REPLY MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS COUNTERCLAIM
PLAINTIFF'S COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900