**Kathryn P. Salyer**, OSB #883017
**Eleanor A. DuBay**, OSB #073755
ksalyer@tomasilegal.com
edubay@tomasilegal.com
Tomasi Salyer Martin
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204-3136
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

**Christopher W. Savage**, D.C. Bar #362657
(admitted *pro hac vice*)
chrissavage@dwt.com
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006-3401
Telephone: (202) 973-4200
Facsimile: (202) 973-4499

        Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDING, S.A**., a foreign corporation, d/b/a **DIGICEL HAITI**,<br><br>    Plaintiff,<br><br>v.<br><br>**UPM TECHNOLOGY, INC**. d/b/a **UPM TELECOM, INC**., and **UPM MARKETING, INC**., an Oregon corporation; **UPM TELECOM, INC**., an Oregon a/b/n; **UPM MARKETING, INC**., an Oregon a/b/n; **BENJAMIN SANCHEZ** a/k/a **BENJAMIN SANCHEZ MURILLO**, an Oregon resident; **BALTAZAR RUIZ**, an Oregon resident; and **TYLER ALLEN**, an Oregon resident; and **DUY "BRUCE" TRAN,** an Oregon resident,<br><br>    Defendants. | Case No. 3:15-CV-00185-SI<br><br><br>**DEFENDANTS' SUPPLEMENTAL FILING REGARDING  MOTION TO DISMISS COUNTERCLAIMS** |

**UPM TECHNOLOGY, INC**. d/b/a **UPM TELECOM, INC**., and **UPM MARKETING, INC**., an Oregon corporation; **UPM TELECOM, INC**., an Oregon a/b/n; **UPM MARKETING, INC**., an Oregon a/b/n; **BENJAMIN SANCHEZ** a/k/a **BENJAMIN SANCHEZ MURILLO**, an Oregon resident; **BALTAZAR RUIZ**, an Oregon resident; **TYLER ALLEN**, an Oregon resident; and **DUY TRAN a/k/a BRUCE TRAN,** an Oregon resident,

> Defendants and Counterclaim-Plaintiffs,

>    v.

**UNIGESTION HOLDING, S.A**., a foreign corporation, d/b/a **DIGICEL HAITI;** and **DIGICEL USA, INC.**, a Delaware corporation,

> Counterclaim-Defendants.

Defendants UPM Technology, Inc. d/b/a UPM Telecom, Inc., UPM Marketing, Inc., UPM Telecom, Inc., UPM Marketing, Inc., Benjamin Sanchez a/k/a Benjamin Sanchez Murillo, Baltazar Ruiz, Tyler Allen, and Duy "Bruce" Tran (collectively "UPM"), hereby provide this supplementary filing following oral argument on Plaintiffs' motion to dismiss UPM's counterclaims.

At the oral argument in this matter held on January 18, 2017, UPM's counsel distributed and referred to a graphic intended to illustrate the operation of the markets alleged in UPM's antitrust counterclaims. In addition, counsel referred to, but did not distribute, a chart identifying the elements of its antitrust counterclaims and the key paragraphs in UPM's allegations relating to each such element.

*TOMASI SALYER MARTIN*
121 SW MORRISON STREET, SUITE 1850
PORTLAND, OREGON 97204
TELEPHONE: (503) 894-9900
FACSIMILE: (971) 544-7236

With permission from the Court granted at the oral argument, UPM hereby attaches, for the Court's ease of reference, copies of those two items.

Dated: January 22, 2018.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
    Christopher W. Savage
    D.C. Bar #362657
    chrissavage@dwt.com
    Telephone: (202) 973-4200
    *Admitted Pro Hac Vice*

Of Attorneys for Defendants

Page 3 of 3 - DEFENDANTS' SUPPLEMENTAL FILING REGARDING MOTION TO DISMISS COUNTERCLAIMS
UPM-L1\00388557.000

*TOMASI SALYER MARTIN*
121 SW MORRISON STREET, SUITE 1850
PORTLAND, OREGON 97204
TELEPHONE: (503) 894-9900
FACSIMILE: (971) 544-7236

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 22, 2018, I served the foregoing **DEFENDANTS'**

**SUPPLEMENTAL FILING REGARDING  MOTION TO DISMISS COUNTERCLAIMS**

on the following individuals by electronic service to said individuals:

Robert C.L. Vaughan
Cherine Smith Valbrun
Leah Storie
Kim Vaughan Lerner LLP
One Financial Plaza
100 SE Third Avenue • Suite 2001
Fort Lauderdale, FL 33394
Email: rvaughan@kvllaw.com
Email: cvalbrun@kvllaw.com
Email: lstorie@kvllaw.com

Richard K. Hansen
Anne M. Talcott
Schwabe, Williamson & Wyatt, PC
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Email: rhansen@schwabe.com
Email: atalcott@schwabe.com

Dated: January 22, 2018.

TOMASI SALYER MARTIN


By: /s/ Eleanor A. DuBay
Kathryn P. Salyer, OSB #883017
Eleanor A. DuBay, OSB #073755
ksalyer@tomasilegal.com
edubay@tomasilegal.com
Telephone: (503) 894-9900


DAVIS WRIGHT TREMAINE LLP


By: /s/ Christopher W. Savage
Christopher W. Savage, D.C. Bar #362657
chrissavage@dwt.com
Telephone: (202) 973-4200
*(Admitted Pro Hac Vice)*

Of Attorneys for Defendants

PAGE 1 – CERTIFICATE OF SERVICE
UPM-L1\00338687.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236



| Element of Claim | Summary of Allegations | Key Pleading References | |
|---|---|---|---|
| **Monopoly power** | Digicel monopolizes local service market in Haiti (at least 75% share) and has used its power there to extend its monopoly to the US-Haiti route | ¶ 248<br>¶ 249<br>¶ 250 | (Digicel has 75% share in Haiti)<br>(little or no landline in Haiti)<br>(Digicel has 75% or more share in Haiti) |
| **Relevant product market** | Market: All calls from US to Haiti | ¶ 332 | (Defines product market) |
| | Submarket: All calls from US to Digicel-Haiti customers | ¶ 333 | (Defines product sub-market) |
| **Relevant geographic market** | The entire United States (because calls to Haiti can originate anywhere) | ¶ 334 | (Defines geographic market) |
| **Willful acquisition / maintenance of monopoly** | Digicel "requires" that calls to Digicel-Haiti customers be routed via gateways in Miami/New York; this violates the Communications Act | ¶ 336 | (States allegation) |
| | Digicel charges $0.23 for calls whether delivered in Haiti or to gateways; this is predatory – a zero price for the US-Haiti transport | ¶ 337 | ($0.23 charge the same for delivery to NY/Miami or to Haiti) |
| | Digicel refuses to complete calls UPM sent to Haiti, routed either via the internet, or using Roam Like You're Home ("RLYH"); this was intended to protect Digicel's monopoly, and breached Digicel's contracts with UPM arising from the purchase of SIM cards, minutes, and RLYH plans | ¶ 240<br><br>¶ 241<br>¶ 252<br><br>¶ 255<br><br>¶ 266<br><br>¶ 269<br><br>¶ 281<br>¶ 282<br>¶ 284<br>¶ 285<br><br>¶ 287<br>¶ 288<br>¶ 290<br>¶ 291<br><br>¶¶ 298-305<br><br>¶ 338 | (FCC describes abuse of terminating monopoly to harm competition in the US)<br>(Same)<br>(No technical or legal requirement for SIM cards to be linked to particular devices)<br>(No contractual limitations on use of SIM cards)<br>(Calls only completed if SIM card valid & enough $$ on the account)<br>(Deactivation of SIM cards kept UPM from completing calls)<br>(Blocking RLYH calls violated § 202)<br>(Blocking RLYH calls foreclosed competition)<br>(Blocking Haiti-based calls violated § 202)<br>(Blocking Haiti-based calls foreclosed competition)<br>(Blocking RLYH calls violated § 201)<br>(Blocking RLYH calls foreclosed competition)<br>(Blocking Haiti-based calls violated § 201)<br>(Blocking Haiti-based calls foreclosed competition)<br>(Blocking use of SIM cards breached contracts with UPM)<br>(Blocking use of SIM cards protects monopoly) |

| Element of Claim | Summary of Allegations | Key Pleading References |
|---|---|---|
| | Digicel refuses to permit resale of RLYH service within the US; this violates the Communications Act, which bans anticompetitive restrictions on resale | ¶ 242 (Explanation of how and why resale competition helps constrain monopoly power)<br>¶ 262 (Describes how UPM acquired SIM cards for RLYH use)<br>¶¶ 263-264 (Path of RLYH calls through network)<br>¶ 266 (RLYH calls only completed when fully paid)<br>¶ 267 (Digicel identified RLYH services being resold & blocked them)<br>¶ 281 (Blocking RLYH calls violated § 202)<br>¶ 282 (Blocking RLYH calls foreclosed competition)<br>¶ 287 (Blocking RLYH calls violated § 201)<br>¶ 288 (Blocking RLYH calls foreclosed competition)<br>¶ 339 (Blocking RLYH calls intended to protect monopoly) |
| | Digicel failed to report as a dominant carrier to the FCC, which perpetuates its monopoly on the US-Haiti route by avoiding regulatory scrutiny | ¶ 234 (States FCC rules re: dominant international carriers)<br>¶¶ 293-296 (Digicel failed to report as dominant to the FCC, which prevented UPM from protecting itself)<br>¶¶ 340 (Failure to report as dominant helped maintain monopoly) |
| **Antitrust injury:** | | |
| • Unlawful conduct | See above re: willful acquisition/maintenance of monopoly. The same actions constitute unlawful conduct for purposes of showing antitrust injury | See above |
| • Causing injury to plaintiff | UPM was rendered unable to sell its services and fully excluded from the market, resulting in millions of dollars in damages | ¶¶ 259-261 (Digicel's actions prevented UPM from competing after approximately November 2014) |
| • Flowing from what makes it illegal | The injury to UPM is the direct result of Digicel-Haiti's unlawful exclusionary conduct | ¶ 343 (UPM harmed directly in its "business or property" due to Digicel actions) |
| • Of the type antitrust laws intended to prevent | Digicel-Haiti's actions deprive consumers of options in the market and permit it to maintain high prices; this is clear and direct harm to consumers | ¶ 235 (Call termination fees are transfer of wealth from calling parties – US consumers – to foreign carrier & government)<br>¶ 241 (Blocking calls increases prices and harms competition in the US) |

2

| Element of Claim | Summary of Allegations | Key Pleading References |
|---|---|---|
| | UPM was directly harmed in its business (millions of dollars in damages) by virtue of Digicel-Haiti refusing to complete UPM's paid-for calls on Digicel-Haiti's network, whether via the internet or RLYH | ¶¶ 259-261 (Digicel's actions prevented UPM from competing after approximately November 2014)<br><br>¶ 343 (UPM harmed directly in its "business or property" due to Digicel actions) |
| **Antitrust standing** | UPM was a participant in the same markets in which the anticompetitive effects occurred | ¶ 244 (UPM is a competitive international carrier with Section 214 authorization, compting on US-Haiti route)<br>¶ 247 (Digicel-USA and Digicel-Haiti are both international carriers)<br>¶ 262 (UPM competed against Digicel in the spot market for minutes to Haiti)<br>¶¶ 263-264 (Describes call path of RLYH calls)<br>¶ 267 (Last sentence indicates that cutting off SIM cards prevented UPM from completing calls in competition with Digicel)<br>¶ 281 (Blocking RLYH calls violated § 202)<br>¶ 282 (Blocking RLYH calls foreclosed competition)<br>¶ 284 (Blocking Haiti-based calls violated § 202)<br>¶ 285 (Blocking Haiti-based calls foreclosed competition)<br>¶ 287 (Blocking RLYH calls violated § 201)<br>¶ 288 (Blocking RLYH calls foreclosed competition)<br>¶ 290 (Blocking Haiti-based calls violated § 201)<br>¶ 291 (Blocking Haiti-based calls foreclosed competition) |

3