**Richard K. Hansen**
Email: rhansen@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.796.2958
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
Kim Vaughan Lerner LLP
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone: 954.527.1115
Facsimile: 954.527.1116

*Attorney for Counterclaim Defendants, Unigestion
Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti;
and Digicel USA Incorporated*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDING, S.A.,** a foreign corporation, d/b/a **DIGICEL HAITI**, <br><br> *Plaintiff,* <br><br> vs. <br><br> **UPM TECHNOLOGY, INC. d/b/a UPM TELECOM, INC.,** and **UPM MARKETING, INC.,** an Oregon corporation; <br> **UPM TELECOM, INC.,** an Oregon a/b/n; <br> **UPM MARKETING, INC.,** an Oregon a/b/n; **BENJAMIN SANCHEZ a/k/a BENJAMIN SANCHEZ MURILLO,** an Oregon resident; **BALTAZAR RUIZ,** an Oregon resident; **TYLER ALLEN,** an | No. 3:15-cv-00185-SI <br><br> **COUNTERCLAIM DEFENDANTS', UNIGESTION HOLDING S.A. AND DIGICEL USA'S, REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM PLAINTIFFS' SECOND AMENDED COUNTERCLAIMS** <br><br> **ORAL ARGUMENT REQUESTED** |

Page 1 -    COUNTERCLAIM DEFENDANTS', UNIGESTION HOLDING
S.A. AND DIGICEL USA'S, REPLY MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS COUNTERCLAIM
PLAINTIFFS' SECOND AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Oregon resident; and, **DUY TRAN a/k/a BRUCE TRAN**, a foreign individual.

*Defendants.*

**UPM TECHNOLOGY, INC. d/b/a UPM TELECOM, INC.,** and **UPM MARKETING, INC.,** an Oregon corporation;
**UPM TELECOM, INC.,** an Oregon a/b/n;
**UPM MARKETING, INC.,** an Oregon a/b/n; **BENJAMIN SANCHEZ a/k/a BENJAMIN SANCHEZ MURILLO,** an Oregon resident; **BALTAZAR RUIZ,** an Oregon resident; **TYLER ALLEN,** an Oregon resident; and, **DUY TRAN a/k/a BRUCE TRAN**, a foreign individual.

*Defendants and Counterclaims-Plaintiffs,*

vs.

**UNIGESTION HOLDING, S.A.,** a foreign corporation, d/b/a **DIGICEL HAITI**; and **DIGICEL USA, INC.**, a Delaware corporation,

*Counterclaim-Defendants.*

The *Twombly* Court, interpreting Rules 8 and 12 established that, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It continued, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . ." *Id.* (*referencing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004) "[T]he pleading must contain something

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

Although all participants here are now well-versed in the standards governing a motion to dismiss after multiple rounds of motion practice, this principle merits emphasis. UPM's explanation of its Sherman Act counterclaim as outlined in its Opposition [ECF 169] encourages this Court to presume the basic elements of an antitrust claim as a foregone conclusion and jump directly into whether this matter fits an essential facilities analysis. This approach is misguided and incorrect. UPM's amended Sherman Act claim as pled is still devoid of the most basic required antitrust elements, and UPM's Opposition merely dodges these concerns in favor of rhetoric and factual arguments that do not aid the Court's required analyses. In reply, Digicel now clarifies certain salient points relevant to the analysis of Digicel's Motion to Dismiss.[1]

## I.    UPM's Opposition Does Not Address The Insufficiency of Its Sherman Act Claim

### a.    UPM Must Plead the Elements Required to Sustain a Sherman Act Section 2 Claim, Not Merely The Existence of An Alleged Essential Facility

In an effort to sidestep the basic requirements of pleading a Sherman Act claim, UPM encourages the Court to evaluate its entire Sherman Act claim on the merits of a series of strained, conclusory essential facilities allegations. The deficiency is a fatal one. *See Aerotec Int'l, Inc. v. Honeywell Int'l, Inc.*, 836 F.3d 1171, 1183 (9th Cir. 2016) ("This novel framing of Aerotec's § 2 claim is an effort to sidestep the reality that there was no actual refusal to deal."). To sufficiently plead its seventh counterclaim, "Monopolization/Attempted Monopolization in Violation of 15

---

[1] In an effort to avoid redundancy and repetition, Digicel reincorporates and adopts its reply to arguments that UPM has repeated and readopted from their own prior filings. *See* ECF 145 at I.a, I.d., and I.e.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

U.S.C. § 2," UPM must adequately plead "(a) the possession of monopoly power in the relevant market; (b) the willful acquisition or maintenance of that power; and (c) causal antitrust injury." *Somers v. Apple, Inc*., 729 F.3d 953, 963 (9th Cir. 2013); [ECF 158 at 53].  Relying on an essential facilities claim also requires a party to show (1) that the opposing party is a monopolist in control of an essential facility, (2) that the party, as a competitor, is unable reasonably or practically to duplicate the facility, (3) that the opposing party has refused to provide the party access to the facility, and (4) that it is feasible for the opposing party [the alleged monopolist] to provide such access.  *See Aerotec Int'l, Inc. v. Honeywell Int'l, Inc.*, 836 F.3d 1171, 1184-85 (9th Cir. 2016).  In other words, while a properly pled essential facilities claim could include some of the elements of a Sherman Act Section 2 claim, a well-plead Section 2 claim still requires a party to establish antitrust standing, the possession of monopoly power in a properly defined relevant market, and antitrust injury by the operation of anticompetitive conduct.  Notwithstanding the new "label" that UPM has interjected in its renewed effort at amendment, the incurable pleading deficiencies that have plagued this counterclaim from the very beginning with respect to these basic elements still remain.

UPM has not plausibly pled that it is a competitor that can possess antitrust standing, it has not plausibly pled a monopoly by Digicel in the relevant market, it has not plausibly pled Digicel's willful acquisition or maintenance of that power, and it has failed to make out an antitrust injury. UPM's Opposition does little to address these defects but rather, UPM argues that the "cumulative value" or net effect of it pleadings should be enough to forego these standards.  This argument is legally and factually insufficient and does nothing to further the Court's analysis or UPM's purported claim.

Page 4 -     COUNTERCLAIM DEFENDANTS', UNIGESTION HOLDING
             S.A. AND DIGICEL USA'S, REPLY MEMORANDUM IN
             SUPPORT OF MOTION TO DISMISS COUNTERCLAIM
             PLAINTIFFS' SECOND AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

b.  UPM Does Not Have Antitrust Standing

UPM's conclusion that it "competes" with Digicel is not sufficient to confer antitrust standing, nor is UPM's attempt to intertwine standing with its labored essential facilities argument.  Throughout its Opposition, UPM employs the circular logic that because it has attempted to allege an essential facilities claim, it has somehow sufficiently established that it is a competitor in the same market as Digicel [which allows it to make an essential facilities claim], therefore meeting the *Somers v. Apple* standard that the parties agree applies.  ECF 169 at 25-26. This is unsustainable in fact and law.  If what UPM suggests were in fact the case, then *any* party that wished to enter an adjacent or related market would be able to conjure up an essential facilities claim to establish antitrust standing and attempt to gain entry into a market on the back of another company's investment.  This is precisely one example of the widely-held criticism of the essential facilities doctrine—that it operates to chill competition by reducing the feasibility of risky investments—particularly in the telecommunications industry.[2]

UPM relies on *MCI v. Commc'ns Corp. v. AT&T Co.* to support this argument.  UPM's reliance on this case, however, is both misplaced and unhelpful for numerous reasons.  As it applies to the instant argument, the *MCI* court explicitly discusses MCI's ***existing presence*** in the market for providing interconnections and the regulatory authority granted to MCI to access certain interconnections from AT&T.  *MCI v. Commc'ns Corp. v. AT&T Co.*, 708 F.2d 1081, 1134, 1136 (7th Cir. 1983) (discussing MCI's regulatory authority to provide services to consumers and AT&T's obligations to provide MCI access to certain interconnections required

---

[2] *See* Refusals to Deal and Essential Facilities, Testimony of R. Hewitt Pate on Behalf of United States Telecom Association, United States Department of Justice (July 8, 2006), https://www.justice.gov/atr/refusals-deal-and-essential-facilities-r-hewitt-pate-statement#31.

Page 5 -   COUNTERCLAIM DEFENDANTS', UNIGESTION HOLDING
S.A. AND DIGICEL USA'S, REPLY MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS COUNTERCLAIM
PLAINTIFFS' SECOND AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

to provide these services).  UPM has received no such regulatory mandate nor does it possess its own equipment to compete in the relevant termination market.  Additionally, Digicel does not have an exclusive presence as did the Bells in the *MCI* case.  UPM and Digicel are not competitors, and UPM has not sufficiently alleged competition so as to create antitrust standing.

Furthermore, the *MCI* opinion is so fact specific and its procedural posture so unique, that it renders that case virtually useless for evaluating the sufficiency of UPM's allegations to state a claim for which relief can be granted in this case.  Specifically, *MCI* provides an appellate evaluation of evidence adduced at trial and whether *that evidence* and the trial procedures in that specific case supported the jury's findings.  The opinion draws upon on a unique, well-established record of a heavily regulated relationship between a gargantuan monopolist and it's [lesser] known competitor.  The facts of *MCI* are not analogous to the instant facts.  Additionally, even where *MCI* addresses in *dicta,* whether MCI and AT&T were in the same market, it is hardly instructive here.

UPM must plead, beyond mere conclusory statements, that it is a competitor with Digicel in the relevant market and not rely on the idea that it is a competitor simply because it *could* use Digicel's network to make money.  Notwithstanding UPM's new essential facilities allegations however, this Court's previous observations remain true: "UPM's standalone transportation service is not interchangeable with Digicel's transportation-termination service, because its transportation service would only partially meet a third-party carrier's needs."  ECF 154 at 17.  Accordingly, UPM's failure to provide any allegations that establish antitrust standing as a competitor of Digicel commands final dismissal of this claim.

//

Page 6 -    COUNTERCLAIM DEFENDANTS', UNIGESTION HOLDING
S.A. AND DIGICEL USA'S, REPLY MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS COUNTERCLAIM
PLAINTIFFS' SECOND AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

c. <u>UPM Does Not Plead Digicel's Monopoly in the Relevant Market</u>

UPM again encourages this Court to extend or extrapolate Digicel Haiti's retail market share *in Haiti* to infer an unpled, related monopoly in the United States. ECF 169 at 28-30. In its Opposition, UPM again tries to string together allegations regarding Digicel Haiti's (Haiti) and Digicel USA's (U.S.) operations as a means of extrapolating Digicel Haiti's Haitian market share to the alleged relevant market. UPM again cites no law in support of its still unprecedented proposition that a foreign company's legal share of a *foreign* market can somehow be used to impute or otherwise measure that company's non-alleged [and unarticulated] share of an undefined U.S. market under the Sherman Act. The precise argument that Digicel put forth in its prior Reply, remains equally relevant in this round of briefing, as do this Court's prior holdings. *See* ECF 154 at 21-22 (*referencing Verizon Commc'ns, Inc. v. Law Offices of Curtis V. Trinko, LLP,* 540 U.S. 398, 415 n. 4 (2004)) ("A mere unfair advantage combined with the use of upstream monopoly power is not sufficient to state a claim for monopoly or attempted monopoly of the second market under a leveraging theory."); *see also* ECF 145 at 5-7. UPM's abject failure to plausibly allege that Digicel has a monopoly in the U.S. market for calls going to Haiti, also commands dismissal.

d. <u>UPM Does Not Sufficiently Allege An Antitrust Injury</u>

In its Opposition, UPM admits that it did not allege an antitrust injury to competition. ECF 169 at 32, ("The absence of a bevy of other competitors in UPM's pleading . . .). UPM instead tries to argue that its essential facilities allegations, including its loss of access to Digicel's network, is a sufficient antitrust injury. The UPM Opposition fails in this regard. Instead, these arguments emphasize the absence of any cognizable allegation regarding how Digicel's conduct purports to harm anyone but UPM.

Page 7 -    COUNTERCLAIM DEFENDANTS', UNIGESTION HOLDING
S.A. AND DIGICEL USA'S, REPLY MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS COUNTERCLAIM
PLAINTIFFS' SECOND AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

UPM points to generalizations regarding FCC discussions and alleged policies regarding foreign carriers to somehow prove that it meets the required antitrust injury pleading standards. ECF 169 at 32-33. UPM also tries to infer that its gratuitous and inconsequential relinquishment of its RLYH claims somehow reinvigorates its right to antitrust damages. These arguments—by themselves—are unpersuasive and insufficient. In its pleading, UPM has failed to make any allegation of purported injury to any entity or person other than UPM. This lack of a well-pled antitrust injury defeats UPM's claim, and it must be dismissed.

## II.    Essential Facilities Considerations

UPM posits that Digicel's contentions regarding the unworkable nature of the essential facilities doctrine in general and its specific application to this case are irrelevant. That argument is far from accurate. UPM encourages the Court to treat Digicel's arguments regarding UPM's pleading deficiencies as affirmative defenses or premature evidentiary concerns. This approach lacks legal foundation and completely ignores the court's gatekeeping function and threshold obligation to determine the legal and factual sufficiency of pleadings.

For example, UPM must plausibly allege with sufficient facts, that UPM as Digicel's competitor, is unable reasonably or practically to duplicate the alleged essential facility. Digicel argues that it is impossible for UPM to meet that burden here because, as a matter of fact, there are other avenues or networks available to UPM to terminate calls in Haiti. In its Opposition, UPM admits that it has used another entity to attempt to connect calls in Haiti. ECF 169 at 19. This admission renders implausible, the conclusory allegation that UPM would "need access to Digicel's network to exchange traffic and compete." ECF 158 at ¶ 364(b). UPM then alleges that this is so because of an FCC proclamation regarding incumbent and entrant interactions in the U.S.

Page 8 -    COUNTERCLAIM DEFENDANTS', UNIGESTION HOLDING
S.A. AND DIGICEL USA'S, REPLY MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS COUNTERCLAIM
PLAINTIFFS' SECOND AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

*Id.* This contention is inapplicable and unhelpful to establish this element, and it underscores yet another point of departure between the instant facts and *MCI*. In *MCI,* AT&T had enjoyed wholesale domination over the networks and exchanges. There were no competitors or equivalents with regard to infrastructure as a result of how the telecommunications industry developed in the United States. In contrast, Digicel has several competitors in Haiti. They may not all be of equal size, but they have networks, infrastructure, and SIM Cards which UPM could use to connect the traffic it allegedly transmitted to Haiti. UPM's additional threadbare allegation that Digicel's termination services "may take years to duplicate" is similarly insufficient. *Id.* UPM further does not plausibly plead that Digicel controls an essential facility that is incapable of duplication. In addition to all of the previously analyzed points, this fact presents another ground on which UPM's Sherman Act claim should be dismissed.

Additionally, UPM cannot plausibly plead that Digicel refused to provide access because there was absolutely no refusal to deal between the parties. *See Aerotec Int'l, Inc.* 836 F.3d at 1183. Notably, UPM failed to cite even one case demonstrating that an essential facilities claim is proper where the parties have no history of prior dealing. Instead, UPM takes the outrageous position that its high-jacking of Digicel's network thorough the illicit use of manipulated SIM Cards constituted "a course of consensual dealing." ECF 169 at n. 10. UPM's "argument" that the requirement of a history of dealing is strictly limited to claims labeled "refusal to deal" is disingenuous at best. The *Aerotec* court explicitly indicated that a lack of dealing defeats Section 2 claims involving refusal to deal *and* essential facilities. In the section of the opinion dealing generally with Aerotec's "Section 2 Sherman Act" claim the court held:

Aerotec asserts what it describes as "a refusal-to deal/essential-facilities theory," claiming that refusal is proved via intent to foreclose competition or through

Page 9 -     COUNTERCLAIM DEFENDANTS', UNIGESTION HOLDING
S.A. AND DIGICEL USA'S, REPLY MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS COUNTERCLAIM
PLAINTIFFS' SECOND AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Honeywell's control of parts, an essential input. This novel framing of Aerotec's *§ 2* claim is an effort to sidestep the reality that there was no actual refusal to deal.

*Id.* This passage speaks for itself. Irrespective of the lengths to which UPM is willing to stretch the legal analysis it does provide, it still cannot contort its pleadings to meet the required elements of an essential facilities claim.

### III.    Leave to Amend Should Be Denied

UPM fails to identify any allegations that meet or defeat Digicel Haiti and Digicel USA's challenges to UPM's Sherman Act claim. Instead, UPM uses its Opposition to purport to present unsupported factual arguments that do not substantiate or validate the subject pleading. This, along with the fact that UPM has already enjoyed a prior [second] attempt to make out an antitrust claim, supports denying any further leave to amend. This claim cannot be saved by amendment because UPM cannot—out of thin air—allege that it is a competitor of Digicel, that Digicel has a monopoly in the relevant US market, or that any entity other than UPM itself has suffered damages. Allowing UPM to replead under these circumstances, could encourage them to concoct baseless allegations to fill the identified gaps.[3] UPM's antitrust claim should be dismissed with prejudice. *See Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013). ("Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment. . .").

### CONCLUSION

Based on the foregoing, Digicel Haiti and Digicel USA respectfully request that Counterclaim Plaintiff's Second Amended Counterclaim for violation of the Sherman Act be

---

[3] Indeed UPM has now twice confirmed that it is pursuing its antitrust claim on the hopes that "discovery" will provide something to make its case. That is the quintessential definition of a fishing expedition and cannot be countenanced. ECF 158 at ¶ 360; ECF 169 at 11.

Page 10 -    COUNTERCLAIM DEFENDANTS', UNIGESTION HOLDING
S.A. AND DIGICEL USA'S, REPLY MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS COUNTERCLAIM
PLAINTIFFS' SECOND AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

dismissed without leave to amend.

Dated:  July 17, 2018

Respectfully submitted,

SCHWABE WILLIAMSON & WYATT, P.C.

KIM VAUGHAN LERNER LLP
Robert C. L. Vaughan (*Pro Hac Vice*)
Cherine Smith Valbrun (*Pro Hac Vice*)
Leah B. Storie (*Pro Hac Vice*)
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone:     (954) 527-1115
Facsimile:      (954) 527-1116
E-mail: rvaughan@kvllaw.com

By: /s/*Richard K. Hansen*                          .
Richard K. Hansen, OSB #832231
Email: rhansen@schwabe.com
Telephone: (503) 796-2958

*Attorneys for Counterclaim
Defendants, Unigestion Holdings, S.A., a
Foreign Corporation, d/b/a Digicel Haiti and
Digicel USA, Inc.*

*Attorneys for Counterclaim
Defendants, Unigestion Holdings, S.A., a
Foreign Corporation, d/b/a Digicel Haiti
and Digicel USA, Inc.*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900