**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| **UNIGESTION HOLDING, S.A.** | **Case No.: 3:15–cv–00185–SI** |
| Plaintiff, | |
| v. | **CIVIL TRIAL MANAGEMENT ORDER** |
| **UPM TECHNOLOGY, INC., et al.** | |
| Defendant. | |

## I.    General Directions

The parties shall electronically file the documents described below using the District Court's CM/ECF system, except where otherwise indicated in this Order. Trial exhibits, impeachment exhibits, impeachment witness statements, and witness disability statements should not be electronically filed. Other than copies of trial exhibits, each filed document should be separately captioned. When documents are required by this Order to be sent to the Court by email, they should be submitted in Word format and transmitted by email to:

> Courtroom Deputy Mary Austad
> Telephone:  503–326–8034
> Email:  mary_austad@ord.uscourts.gov

Any questions may be directed to the Courtroom Deputy at the email or telephone number above. Absent a showing of good cause, no exhibits or testimony will be received in evidence at trial unless presented in accordance with this Order.

## II.    Documents Due 28 Days (Four Weeks) Before the Pretrial Conference

### A.    Plaintiff's Trial Exhibit List and Trial Exhibits.

1.    Each party shall prepare a list of proposed exhibits, in numerical order, with a short identifying description (e.g., "Letter from Smith to Jones, dated Jan. 1, 2011"). The parties shall confer in advance in order to avoid listing the same document on both Plaintiff's exhibit list and Defendant's exhibit list. Plaintiff's exhibits should be numbered and listed starting with the number "1." Defendant's exhibits should be numbered and listed starting with the number "201." If there are likely to be more than 200 exhibits per party or if there are multiple parties, please contact the Courtroom Deputy well in advance to obtain additional instructions. In addition to filing the exhibit list with the CM/ECF system, Plaintiff should email its exhibit list in Word format to the Courtroom Deputy at the email above.

2.    Each trial exhibit should have an exhibit sticker on the first page that lists both the exhibit number and the case number.

3.    Trial Exhibit Notebooks

a.    Judge's Copy and Opposing Counsel Copy. Do not electronically file trial exhibits. Instead, please provide a Judge's paper copy of Plaintiff's trial exhibits (bearing a copy of the exhibit stickers), double–sided and three–hole punched, and placed in labeled three–ring binders with numerical side index tabs for each exhibit. (This set is in addition to the original trial exhibits.) Staples and clips should be removed from the copies of the exhibits that are

placed in three–ring binders. Not later than the time when the Judge's paper copy of trial exhibits is delivered to the Court, counsel must provide a similarly prepared copy to opposing counsel.

        b.     Original Trial Exhibits. Not later than the first day of trial, the original trial exhibits should be delivered to the Courtroom Deputy. This set is in addition to the Judge's bench copy. The original trial exhibits should also be inserted in labeled three–ring binders with numerical side index tabs for each exhibit. The original exhibits will be used first by the witnesses and later by the jury, so counsel should bring an additional copy of the trial exhibits for counsel's own use at trial. Thus, counsel will need to prepare at least four exhibit notebooks (an original to be used by the witnesses, a Judge's bench copy, a copy for opposing counsel, and a copy for counsel's own use). In addition, separate instructions may be sent by the Courtroom Deputy regarding the electronic Jury Evidence Presentation System ("JERS").

        4.     Photographs, charts, and the like should be individually numbered and listed, unless they are part of a unified or common set, in which case they may be given a lead exhibit number, with sequential designations by letter, *e.g.*, Ex. 50a, 50b, *etc.*

        5.     Each impeachment exhibit should be listed on a party's exhibit list only as "Impeachment Exhibit." Impeachment exhibits shall be marked and delivered only to the Clerk's Office. Plaintiff's and Defendant's impeachment exhibits are due seven (7) days before the pretrial conference. See Section VI(A)(2) below for a discussion of what constitutes an "impeachment" exhibit.

        6.     Even if exhibits are pre–admitted in evidence at the pretrial conference, an exhibit must be "used" or "referenced" during trial in order to be submitted to the jury during deliberations.

        7.     Do not mark an expert witness report as an exhibit.

        8.     Parties must seek leave of court to file supplemental exhibits after the applicable exhibit deadlines set forth in this Order. Any proposed supplemental exhibits must be separately captioned and include a complete amended exhibit list.

   **B.**    **Plaintiff's Lay Witness List.**

        1.     List the names of all lay witnesses to be called and, for each witness, state: the witness's address and occupation; counsel's estimate of the length of time for direct examination; and a fair narrative statement summarizing the substance of the testimony expected to be elicited on direct examination. Do not merely provide the subject matter of the testimony. For example, do not say, "The witness will testify about the accident." Instead say, "The witness will testify that the defendant ran a red light and was traveling at approximately 30 miles per hour."

        2.     Testimony at trial will be limited to the material fairly summarized in the witness statement, absent a showing of good cause for the omission, balanced against any prejudice to the opposing party. If an issue is not fairly and accurately disclosed, the Court may exclude that portion of the witness's direct examination, even though that issue may have been fully revealed during that witness's deposition.

        3.     Impeachment witness statements should be marked and delivered only to the Court. Plaintiff's and Defendant's impeachment witness statements are due seven (7) days before the pretrial conference. See Section VI(A)(2) below for a discussion of who constitutes an "impeachment" witness.

   **C.**    **Plaintiff's Expert Witness List.**

        1.     Supply a narrative statement or report of each expert witness to be called at trial (whether in a party's case–in–chief or rebuttal). The narrative statement or report shall set forth the qualifications of the expert witness and summarize in fair detail the substance of any opinions to be expressed by the expert witness, along with the facts, data, and assumptions upon which each opinion is based. Counsel shall also provide an estimate of the length of time for direct examination. Do not mark an expert witness report as an exhibit.

2.      As with lay witnesses, testimony at trial of an expert witness will be limited to the material fairly summarized in the expert witness statement or report, absent a showing of good cause for the omission, balanced against any prejudice to the opposing party. If an issue is not fairly and accurately disclosed in the statement or report filed with the Court, the Court may exclude that portion of the expert witness's direct examination, even though that issue may have been fully revealed during that expert witness's deposition or in the written report separately disclosed to opposing counsel.

3.      The requirement for filing expert witness statements for purposes of trial does not replace a party's obligations to provide expert disclosure during discovery under Rule 26 of the Federal Rules of Civil Procedure or any applicable court order.

### D.      Plaintiff's Substantive Evidence Deposition Designations.

1.      Deposition testimony that Plaintiff intends to offer as substantive evidence in lieu of live testimony must be submitted to the Court with those portions sought to be admitted highlighted. Portions of deposition testimony that Plaintiff intends to offer as substantive evidence should be highlighted in yellow, and portions of deposition testimony that Defendant intends to offer as substantive evidence should be highlighted in blue. Mini–transcripts are preferred, if available.

2.      The Court encourages the Parties to confer well in advance of these deadlines and to submit a single copy of each deposition transcript that contains appropriate highlighting for each Party's designations (yellow for plaintiff; blue for defendant). After all objections and other matters (including cross–designations under the "rule of completeness") relating to such deposition testimony have been ruled upon, counsel for the party initially propounding such deposition testimony will be required to prepare a "final" edited transcript (preferably, a mini–transcript) of all testimony that will be read (or otherwise presented by video or audio) to the jury.

3.      Where video–taped deposition testimony is to be shown to the jury, the Court recommends that the video be "tightly edited" (preferably under 30 minutes) with a synchronized transcript appearing on the video. In the absence of a stipulation among the parties, any "final" editing will need to await the Court's rulings on any objections. In addition, the Court encourages the parties to stipulate to neutral summaries of the video–taped witness's background and the witness's role in the events of the trial, so that deposition presentation time need not be taken up with those matters. The Court or counsel may explain to the jury what a deposition is before showing a video–taped deposition offered in lieu of live testimony.

4.      Deposition transcripts used in lieu of live testimony are generally not considered to be trial exhibits because they will be read to the jury and not given to the jury during deliberations. The final edited transcript, however, will be listed in the trial records as a "court exhibit."

5.      Deposition excerpts (whether by video, audio, transcript, or otherwise) that are intended solely for impeachment purposes need not be filed with the Court or disclosed to opposing counsel. See Section VI(A)(2) below for a discussion of what constitutes an "impeachment" witness.

### E.      Plaintiff's Itemized List of Special Damages (if any). Please specify and itemize any special damages claimed and briefly describe the nature of the evidence that will support the claim for each item.

### F.      Plaintiff's Trial Brief. Please provide a brief summary of all material factual and legal contentions, along with the elements of each claim or defense, including citations to all relevant authorities. Trial memoranda are limited to 35 pages in length (preferably using 13–point font), unless prior approval has been received.

**G.    Plaintiff's Motions in Limine.** Please state all motions in limine in a single document, with each separate motion clearly identified. Include specific citations to all necessary and appropriate authorities. This document is limited to 15 pages in length (preferably using 13−point font), unless prior court approval has been received. Motions in limine should not be filed under seal, unless prior court approval has been received.

**H.    Plaintiff's Proposed Voir Dire Questions (for jury trials).** Plaintiff may submit voir dire questions that Plaintiff would like the Court to ask. Upon request, the Court will likely allow each party up to 15 minutes for attorney−conducted voir dire after the Court's questioning. If any voir dire is undertaken by counsel with permission of the Court, it shall be limited to matters that are appropriate for voir dire.

**I.    Plaintiff's Proposed Jury Instructions (for jury trials).** The parties shall confer about proposed jury instructions and, if possible, submit a joint set of stipulated jury instructions, in addition to any instructions about which the parties may disagree. For any Ninth Circuit model instructions, please submit only the model instruction number and not the full text of that instruction. Instructions shall be brief, clear, written in plain English and free of argument. In addition to the document electronically filed using CM/ECF and also delivered as a Judge's paper copy, please email a copy of the Proposed Jury Instructions in Word format to the Courtroom Deputy at the email address above. If there are more than 10 instructions, please include an index. Counsel need only submit proposed jury instructions that are case−specific to the clams or defenses presented. The Court will use its own preferred general instructions. Counsel must also follow the requirements stated in Local Rule 51−1.

**J.    Plaintiff's Proposed Verdict Form (for jury trials).** The parties shall confer about a proposed verdict form and, wherever possible, submit a stipulated form of verdict or set of questions, in addition to any matters about which the parties may disagree. In addition to the document electronically filed using CM/ECF and also delivered as a Judge's paper copy, please email a copy of the Proposed Verdict Form in Word format to the Courtroom Deputy at the email address above.

**K.    Plaintiff's Suggested Findings of Fact and Conclusions of Law (for court trials).** The parties shall confer about suggested findings of fact and conclusions of law and, wherever possible, submit a joint set of suggested findings of fact and conclusions of law, in addition to any suggested findings or conclusions about which the parties may disagree. In addition to the document electronically filed using CM/ECF and also delivered as a Judge's paper copy, please email a copy of the Suggested Findings of Fact and Conclusions of Law in Word format to the Courtroom Deputy at the email address above. The suggested findings of fact shall be fairly and neutrally stated and not be argumentative in form. Each suggested finding of fact and conclusion of law shall be separately stated in its own numbered paragraph.

## III.    Documents Due 21 Days (Three Weeks) Before the Pretrial Conference

**A.    Defendant's Exhibit List and Trial Exhibits.** See instructions above regarding Plaintiff's Exhibit List. As stated above, Defendant's exhibits should be numbered and listed starting with the number "201."

**B.    Defendant's Lay Witness List.** See instructions above regarding Plaintiff's Lay Witness List.

**C.    Defendant's Expert Witness List.** See instructions above regarding Plaintiff's Expert Witness List.

**D.    Defendant's Substantive Evidence Deposition Designations, Including Defendant's Cross−Designations to Plaintiff's Deposition Designations.** See instructions above regarding Plaintiff's Substantive Evidence Deposition Designations.

**E.    Defendant's Trial Brief.** See instructions above regarding Plaintiff's Trial Brief.

**F.    Defendant's Motions in Limine.** See instructions above regarding Plaintiff's Motions in Limine.

**G.    Defendant's Proposed Voir Dire Questions (for jury trials).** See instructions above regarding Plaintiff's Proposed Voir Dire Questions.

**H.    Defendant's Proposed Jury Instructions (for jury trials).** See instructions above regarding Plaintiff's Proposed Jury Instructions.

**I.    Defendant's Proposed Verdict Form (for jury trials).** See instructions above regarding Plaintiff's Proposed Verdict Form.

**J.    Defendant's Suggested Findings of Fact and Conclusions of Law (for court trials).** See instructions above regarding Plaintiff's Suggested Findings of Fact and Conclusions of Law.

**K.    Defendant's Objections to Plaintiff's Evidence and Responses to Plaintiff's Motions in Limine.**

1.    Defendant may file objections to Plaintiff's exhibits, witnesses and witness statements (lay and expert), and substantive deposition testimony designations. Objections may be brief, must be specific and complete and identify the exhibit by number, the witness statement by name, and the transcript by page and line number.

2.    Defendant may file separately in one document a response to Plaintiff's motions in limine.

3.    Defendant may file separately objections to Plaintiff's proposed voir dire questions (for jury trials), objections to Plaintiff's proposed jury instructions (for jury trials), objections to Plaintiff's proposed verdict form (for jury trials), and objections to Plaintiff's suggested findings of fact and conclusions of law, in addition to Defendant's alternative suggested findings of fact and conclusions of law (for court trials).

**IV.    Documents Due 14 Days (Two Weeks) Before the Pretrial Conference**

**A.    Plaintiff's Responses to Defendant's Objections and to Defendant's Motions in Limine.** Plaintiff may respond to Defendant's Objections to Plaintiff's exhibits, witnesses and witness statements (lay and expert), substantive deposition testimony designations, proposed jury instructions (for jury trials), proposed voir dire (for jury trials), proposed verdict form (for jury trials), and suggested findings of fact and conclusions of law (for court trials). Responses should be sufficiently specific to enable the Court to provide a ruling. Plaintiff may also file separately in one document a response to Defendant's motions in limine.

**B.    Plaintiff's Reply in Support of Motions in Limine.** Plaintiff may file a reply in support of Plaintiff's motions in limine.

**C.    Plaintiff's Objections to Defendant's Evidence.** Plaintiff may file objections to Defendant's exhibits, witnesses and witness statements (lay and expert), substantive deposition testimony designations, proposed jury instructions (for jury trials), proposed voir dire (for jury trials), proposed verdict form (for jury trials), and alternative suggested findings of fact and conclusions of law (for court trials), and cross–designations. Objections may be brief, but must be specific and complete and identify the exhibit by number, the witness statement by name, and the transcript by page and line number.

**D.    Plaintiff's Cross–Designations to Defendant's Substantive Evidence Deposition Designations.** See instructions above regarding Plaintiff's Substantive Evidence Deposition Designations.

**V.    Documents Due 7 Days (One Week) Before the Pretrial Conference**

**A.    Defendant's Responses to Plaintiff's Objections.** Defendant may respond to Plaintiff's Objections to Defendant's exhibits, witnesses and witness statements (lay and expert), substantive deposition testimony designations, proposed jury instructions (for jury trials), proposed voir dire (for jury trials), proposed verdict form (for jury trials), and alternative suggested findings of fact and conclusions of law (for court trials). Responses to objections may be brief, but should be sufficiently specific and complete to enable the Court to provide a ruling.

**B.    Defendant's Reply in Support of Motions in Limine.** Defendant may file a reply in support of Defendant's motions in limine.

**C.    Plaintiff and Defendant's Joint Status Report to the Court.** Not later than nine (9) days before the pretrial conference, Plaintiff and Defendant shall meet and confer regarding each other's filed objections to exhibits, witnesses (lay and expert), substantive deposition testimony designations, proposed voir dire questions, proposed jury instructions, proposed verdict form, suggested findings of fact and conclusions of law, and motions in limine. In a single document entitled "Joint Status Report," the Parties shall inform the Court about which disputes they have resolved and which disputes remain unresolved and in need of decision by the Court. There shall be no argument or substantive discussion contained in the Joint Status Report. The Joint Status Report shall be filed seven (7) days before the pretrial conference.

**D.    Plaintiff and Defendant's Joint Neutral Statement of the Case (for jury trials).** Not later than nine (9) days before the pretrial conference, Plaintiff and Defendant shall meet and confer regarding a brief, two (2) double–spaced pages, at most, joint neutral statement of the case sufficient to identify for the jury the parties and the nature of the claims and defenses (and counterclaims and cross–claims, if applicable). The parties shall file seven (7) days before the pretrial conference a single joint document, regardless of whether they agree on the entirety of the neutral statement of the case. If they do not agree, the joint document shall indicate the specific portions of the neutral statement where the parties agree, the specific portions where they disagree, and what each party would propose for those portions where they do not agree.

**E.    Plaintiff and Defendant's Stipulations.** Not later than nine (9) days before the pretrial conference, Plaintiff and Defendant shall meet and confer regarding what stipulations of fact, definitions or glossaries of technical terms, list and positions of relevant people (with or without photographs), and other similar material they have agreed upon that may be presented to the jury (in jury trials) or to the Court. The parties shall file seven (7) days before the pretrial conference a single joint document, without argument, describing the contents of any such stipulation.

**F.    Impeachment Evidence and Witnesses.** The parties shall not electronically file but shall deliver to each other and to the Clerk's Office a designation of all witnesses, parties, counsel, or others who will be present at trial and who may need accommodation for any disability. Please be specific in your description of the accommodation that may be needed.

**VI.    <u>Miscellaneous</u>**

**A.    Impeachment Evidence (Exhibits and Witnesses).**

1.    The parties shall not electronically file and shall not deliver to each other but shall deliver to the Clerk's Office impeachment exhibits and witness statements of impeachment witnesses. Impeachment exhibits shall be marked in the same fashion that trial exhibits are marked, but may be labeled on the exhibit list simply as "Impeachment Exhibit." A party seeking to use an impeachment exhibit shall bring several copies to trial. If the Court allows such evidence to be used, copies of the impeachment exhibit will be provided to the witness and to opposing counsel at the appropriate time.

2.    Impeachment evidence is evidence (whether an exhibit or live or deposition witness testimony) that is primarily offered to impeach the credibility of a witness. Impeachment of a witness's credibility may occur by showing bias or prejudice, a prior inconsistent statement, a lack of testimonial capacity (e.g., issues of perception, recall, or communication), a witness's character for untruthfulness, or evidence of a criminal conviction, all as provided for under the Federal Rules of Evidence. Evidence that is offered primarily to prove or disprove an element of a claim or defense is not evidence that is offered to impeach the credibility of a witness and thus is not impeachment evidence; it must be disclosed in accordance with this Civil Trial Management Order.

**B.    No other replies.** No party may file a reply beyond what is specified in this Order, unless expressly allowed or requested by the Court.

**C.    The Pretrial Conference.** The following topics may be discussed:

1.    Motions in limine;

2.    Objections to exhibits, witnesses, and deposition designations;

3.    Voir dire questions, procedures, and limitations;

4.    Preemptory and "cause" challenge procedures;

5.    Jury instructions and verdict form (for jury trials);

6.    Neutral statement of the case (for jury trials);

7.    Use and disclosure of demonstrative evidence (for jury trials);

8.    Examination of expert witnesses (*e.g.*, "no tendering");

9.    Stipulations;

10.    Daily schedule and possible use of "chess clock" style time limits;

11.    Courtroom technology, equipment, and personnel needs; and

12.    Juror notebooks and juror questions.

**D.    No Late Submissions.** No exhibits or testimony will be received in evidence at trial unless presented in accordance with this Order. Late submissions, including but not limited to any supplemental or revised exhibits, supplemental or amended witness statements, or supplemental or amended jury instructions, will not be accepted unless there has been a showing of good cause.

**E.    Trial Court Guidelines.** Please review and follow the Trial Court Guidelines for the U.S. District Court of Oregon, which can be found on the Court's website at ord.uscourts.gov/trial–court–guidelines.

**IT IS SO ORDERED.**

**DATED** this 9th day of September, 2019        /s/Michael H. Simon

Honorable Michael H. Simon
United States District Judge.