**Richard K. Hansen**, OSB #832231
Email: rhansen@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
Kim Vaughan Lerner LLP
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone: 954.527.1115
Facsimile: 954.527.1116

*Attorney for Plaintiff, Unigestion Holdings, S.A., a Foreign Corporation, D/b/a Digicel Haiti*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDINGS, S.A.,** a foreign corporation, d/b/a **DIGICEL HAITI**, <br><br> *Plaintiff,* <br><br> vs. <br><br> **UPM TECHNOLOGY, INC**. d/b/a **UPM TELECOM, INC**., and **UPM MARKETING, INC**., an Oregon corporation; **UPM TELECOM, INC**., an Oregon a/b/n; **UPM MARKETING, INC**., an Oregon a/b/n; **BENJAMIN SANCHEZ** a/k/a **BENJAMIN SANCHEZ MURILLO**, an Oregon resident; **BALTAZAR RUIZ**, an Oregon resident; **TYLER ALLEN**, an Oregon resident; and **DUY TRAN a/k/a** | No. 3:15-cv-00185-SI <br><br><br> **ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' SECOND AMENDED COUNTERCLAIMS** <br><br> **DEMAND FOR JURY TRIAL** |

Page 1 -   **ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' SECOND AMENDED COUNTERCLAIMS-DEMAND FOR JURY TRIAL**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

**BRUCE TRAN**,

      *Defendants;*

**UPM TECHNOLOGY, INC.,** an
Oregon corporation;
      *Counterclaim Plaintiff,*

    vs.

**UNIGESTION HOLDINGS, S.A.,** a
foreign corporation, d/b/a **DIGICEL
HAITI**; and **DIGICEL USA, INC.**
a Delaware corporation;
      *Counterclaim
      Defendants.*

## Plaintiff, Unigestion HOlding, S.A.'s answer AND AFFIRMATIVE DEFENSES to Defendants' Second Amended Counterclaims

Plaintiff, UNIGESTION HOLDING, S.A., d/b/a Digicel Haiti, ("Digicel Haiti"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Second Amended Counterclaims [ECF 158] filed by Defendants, UPM TECHNOLOGY, INC. ("UPM TECHNOLOGY"), UPM TELECOM INC., ("UPM TELECOM"); UPM MARKETING, INC.("UPM MARKETING") (collectively the companies together shall be referred to as "UPM"),:[1]

---

[1] The Defendants in their Second Amended Counterclaims refer to the counterclaims as "Defendants' compulsory counterclaims" [ECF 158 at ¶¶ 302]. However, Defendants confirmed through their filings that only the corporate defendants are asserting counterclaims [ECF 81 at 4-5], and the Court confirmed this assertion in its corresponding order. [ECF 95 at 13-14].

Page 2 -    **ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' SECOND AMENDED COUNTERCLAIMS-DEMAND FOR JURY TRIAL**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## ANSWER

Digicel hereby answers each paragraph of the Second Amended Counterclaims. All headings and *ad damnum* or "wherefore" clauses of the Second Amended Counterclaims, to the extent they contain purported factual allegations, are specifically denied. To the extent that Digicel is without knowledge as to any allegation, Digicel denies those allegations.

232. No response is required as this paragraph states a legal conclusion.

233. No response is required as this paragraph states a legal conclusion.

234. No response is required as this paragraph states a legal conclusion.

235. No response is required to the extent that this paragraph states a legal conclusion. The remaining factual allegations of paragraph 235 are denied.

236. No response is required to the extent that this paragraph states a legal conclusion. Plaintiff is without sufficient knowledge or information as to the remaining allegations of this paragraph 236 and therefore denies same.

237. No response is required as this paragraph states a legal conclusion. Plaintiff is without sufficient knowledge or information as to the remaining allegations of this paragraph 237 and therefore denies same.

238. No response is required as this paragraph states a legal conclusion.

239. No response is required as this paragraph states a legal conclusion.

240. No response is required to this paragraph as the allegations relate to Defendants' Seventh Counterclaim that was dismissed, and therefore, must be stricken pursuant to the Court's order, ECF 188.

241. No response is required as this paragraph states a legal conclusion. Plaintiff is without sufficient knowledge or information as to the remaining allegations of this paragraph 241

Page 3 -   **ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' SECOND AMENDED COUNTERCLAIMS-DEMAND FOR JURY TRIAL**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

and therefore denies same.

242.    No response is required to this paragraph as the allegations relate to Defendants' Seventh Counterclaim that was dismissed, and therefore, must be stricken pursuant to the Court's order, ECF 188.

243.    No response is required as this paragraph states a legal conclusion. Plaintiff is without sufficient knowledge or information as to the remaining allegations of this paragraph 243 and therefore denies same.

244.    No response is required to the extent that this paragraph states a legal conclusion. Additionally, no response is required to this paragraph as the allegations relate to Defendants' Seventh Counterclaim that was dismissed, and therefore, must be stricken pursuant to the Court's order, ECF 188.

245.    No response is required to this paragraph as it relates to allegations that must be stricken pursuant to the Court's order, ECF 188. Plaintiff is without sufficient knowledge or information regarding Defendants' information or beliefs, therefore, the remaining allegations of this paragraph 245 are denied.

246.    No response is required to this paragraph as it relates to allegations that must be stricken pursuant to the Court's order, ECF 188. Plaintiff is without sufficient knowledge or information regarding Defendants' information or beliefs, therefore, the remaining allegations of this paragraph 245 are denied.

247.    No response is required to this paragraph as the allegations relate to Defendants' Seventh Counterclaim that was dismissed, and therefore, must be stricken pursuant to the Court's order, ECF 188.  Plaintiff is without sufficient knowledge or information regarding Defendants' information or beliefs, therefore, the remaining allegations of this paragraph 247 are denied.

Page 4 -    **ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' SECOND AMENDED COUNTERCLAIMS-DEMAND FOR JURY TRIAL**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

248.   No response is required to this paragraph as it relates to allegations that must be stricken pursuant to the Court's order, ECF 188.  Plaintiff is without sufficient knowledge or information regarding Defendants' information or beliefs, therefore, the remaining allegations of this paragraph 248 are denied.

249.   No response is required to this paragraph as the allegations relate to Defendants' Seventh Counterclaim that was dismissed, and therefore, must be stricken pursuant to the Court's order, ECF 188. The remaining factual allegations of paragraph 249 purport to cite to reference materials that speak for themselves.

250 – 296.  No response is required to this paragraph as the allegations relate to Defendants' Seventh Counterclaim that was dismissed, and therefore, must be stricken pursuant to the Court's order, ECF 188. The remaining factual allegations of paragraphs 250 – 296 are denied.

297 – 301. No response is required to this paragraph as the allegations relate to Defendants' Seventh Counterclaim that was dismissed, and therefore, must be stricken pursuant to the Court's order, ECF 188. The remaining factual allegations of paragraphs 297-301 are denied.

302.  Denied as UPM's categorization of its counterclaim as compulsory calls for a legal conclusion.  This allegation is further denied where it is unclear if Communications Act claims are at all within the jurisdiction of this Court.

303. Admitted to the extent that Digicel-Haiti has filed suit in this Court.  Denied as to whether this is sufficient to consent to jurisdiction as this calls for legal conclusion.

304.  No response is required as this paragraph states a legal conclusion.

305.  Denied as multiple paragraphs in 232 through 296 relate to Defendants' Seventh

Page 5 -   **ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' SECOND AMENDED COUNTERCLAIMS-DEMAND FOR JURY TRIAL**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Counterclaim that was dismissed, and therefore, must be stricken pursuant to the Court's order, ECF 188.

306. Denied to the extent that Digicel-Haiti's conduct amounts to "unreasonable discrimination" or that Digicel Haiti allowed anyone to "complete such calls." Admitted to the extent that Digicel-Haiti did act to prevent UPM's theft of calling minutes by blocking offending SIM Cards.

307. Denied.

308. Denied as multiple paragraphs in 232 through 296 relate to Defendants' Seventh Counterclaim that was dismissed, and therefore, must be stricken pursuant to the Court's order, ECF 188.

309. Denied to the extent that Digicel-Haiti's conduct amounts to "unreasonable discrimination." Admitted to the extent that Digicel-Haiti did act to prevent UPM's theft of calling minutes by blocking offending or impermissible use of Digicel SIM Cards. The remaining allegations of paragraph 309 state legal conclusions to which no response is required.

310. Denied.

311. Denied as multiple paragraphs in 232 through 296 relate to Defendants' Seventh Counterclaim that was dismissed, and therefore, must be stricken pursuant to the Court's order, ECF 188.

312. Denied to the extent that Digicel-Haiti's conduct amounts to "unjust or unreasonable" "charge, practice, classification or regulation." Denied that other users of Digicel SIM cards used their SIM Cards "to complete such calls." Admitted to the extent that Digicel-Haiti did act to prevent UPM's theft of calling minutes by blocking the impermissible and offending use of Digicel SIM Cards.

**ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' SECOND AMENDED COUNTERCLAIMS-DEMAND FOR JURY TRIAL**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

313.  Denied.

314.  Denied as multiple paragraphs in 232 through 296 relate to Defendants' Seventh Counterclaim that was dismissed, and therefore, must be stricken pursuant to the Court's order, ECF 188.

315.  Denied to the extent that Digicel-Haiti's conduct amounts to "unjust or unreasonable" "charge, practice, classification or regulation."  Denied that other users of Digicel SIM cards used their SIM Cards were allowed to initiate similar calls.  Admitted to the extent that Digicel-Haiti did act to prevent UPM's theft of calling minutes by blocking the impermissible or offending use of Digicel SIM Cards.

316.  Denied.

317.  Denied as multiple paragraphs in 232 through 296 relate to Defendants' Seventh Counterclaim that was dismissed, and therefore, must be stricken pursuant to the Court's order, ECF 188.

318.  Denied as Digicel-Haiti cannot answer as to the operations or business decisions of Digicel-USA.  Denied as to the legal conclusion that the relationship between Digicel-Haiti and Digicel-USA is one of affiliates. The remaining allegations pf paragraph 318 state a legal conclusion to which no response is required.

319.  No response is required as this paragraph states a legal conclusion.

320.  No response is required as this paragraph states a legal conclusion.

321.  Denied.

322.  Denied as multiple paragraphs in 232 through 296 relate to Defendants' Seventh Counterclaim that was dismissed, and therefore, must be stricken pursuant to the Court's order, ECF 188.

Page 7 -    **ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' SECOND AMENDED COUNTERCLAIMS-DEMAND FOR JURY TRIAL**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

323.  Denied.

324.  Admitted that Digicel-Haiti sells Digicel SIM Cards to allow individual purchases access to its network for the number of minutes purchased.  Denied that bulk purchases for resale purposes are within Digicel-Haiti's purpose of selling Digicel SIM Cards to individual purchasers.  Admitted that a customer must purchase new minutes after minutes are used up.  All remaining factual allegations of paragraph 324 are denied.

325.  Denied to the extent that Digicel-Haiti has no knowledge of the specific packaging purchased by UPM's agents.  The remaining allegations of paragraph 325 state legal conclusions to which no response is required.

326.  Denied to the extent that Digicel-Haiti is not able to admit or deny the exact number of purchases, by volume or price, made by UPM or its agents.

327.  Denied to the extent that Digicel-Haiti is not able to admit or deny UPM's understanding of the import or scope of its purchases.  Denied that Digicel-Haiti's conduct manifested an intent to let UPM use its minutes for resell purposes or provide unknown third-parties access to its network.  Denied that Digicel-Haiti's conduct established an implied-in-fact contract that Digicel-Haiti would provide access to its Haitian network to UPM for bypass operations or to third-parties to which UPM resold the minutes.  The remaining allegations of paragraph 327 state legal conclusions to which no response is required.

328.  No response is required to this legal conclusion.

329.  Denied.

330.  No response is required as this paragraph states a legal conclusion.

331.  Denied as multiple paragraphs in 232 through 296 relate to Defendants' Seventh Counterclaim that was dismissed, and therefore, must be stricken pursuant to the Court's order,

Page 8 -    **ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' SECOND AMENDED COUNTERCLAIMS-DEMAND FOR JURY TRIAL**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

ECF 188.

332.  No response is required as this paragraph states a legal conclusion.  The remining factual allegations of paragraph 332 are denied.

333.  No response is required as this paragraph states a legal conclusion.  The remaining factual allegations of paragraph 333 are denied.

334.  Denied as multiple paragraphs in 232 through 296 relate to Defendants' Seventh Counterclaim that was dismissed, and therefore, must be stricken pursuant to the Court's order, ECF 188.

335.  Admitted to the extent that Digicel-Haiti did block SIM Cards that were being used in illegal bypass operations. The remaining allegations of paragraph 335 state legal conclusions to which no response is required.

336.  Denied as to the improper legal conclusion that Digicel-Haiti's unnamed "conduct" resulted in a conversion of UPM property for Digicel-Haiti's benefit.  Denied that any actions on the part of Digicel-Haiti were the result of "intentional malice, trickery, or deceit or that it acted with "conscious indifference." Denied that Digicel-Haiti conducted itself reprehensibly or that punitive damages are appropriate.

337.   Denied.

338.  Denied that Digicel-Haiti should be required to pay punitive damages.

339.  Denied as multiple paragraphs in 232 through 296 relate to Defendants' Seventh Counterclaim that was dismissed, and therefore, must be stricken pursuant to the Court's order, ECF 188.

340.  Denied that Digicel-Haiti blocked UPM from receiving the "economic benefit of its purchase" where UPM's alleged economic benefit was directly related to its illicit use of

Page 9 -     **ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' SECOND AMENDED COUNTERCLAIMS-DEMAND FOR JURY TRIAL**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Digicel SIM Cards.

341. Digicel-Haiti denies that UPM is entitled to reimbursement for anything.

342. Digicel-Haiti denies that UPM is entitled to reimbursement for anything. Denied that any actions on the part of Digicel-Haiti were the result of "intentional malice, trickery, or deceit or that it acted with "conscious indifference." Denied that Digicel-Haiti conducted itself reprehensibly or that punitive damages are appropriate.

343. Denied that Digicel-Haiti has retained any benefit to which it was not allowed. It is further denied that Digicel-Haiti is whatsoever liable to UPM from any dollar amount. No response is required to the remaining allegations as this paragraph states legal conclusions.

345. Denied as multiple paragraphs in 232 through 296 relate to Defendants' Seventh Counterclaim that was dismissed, and therefore, must be stricken pursuant to the Court's order, ECF 188.

346. Denied to the extent that Digicel-Haiti lacks the knowledge required to answer as to UPM's relationships with third-parties.

347. Denied to the extent that this calls for an improper legal conclusion as to the classification of Digicel-Haiti's potential legal relationship to third-parties which may or may not use Digicel-Haiti's network.

348. No response is required as this paragraph states legal conclusions.

349. Denied.

350. Denied.

351. Denied to the extent that this allegation relies on the legal conclusion that UPM has damages. Denied to the extent that Digicel-Haiti does not owe UPM any type of damages.

352 – 375. No answer is required to these allegations as these allegations are moot and

Page 10 -   **ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' SECOND AMENDED COUNTERCLAIMS-DEMAND FOR JURY TRIAL**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

should be stricken as moot pursuant to the Court's order, ECF 188.

## AFFIRMATIVE DEFENSES

### (Unclean Hands)

1.    UPM's entire operation in relation to Digicel-Haiti SIM Cards was bottomed on UPM's illicit use of Digicel-Haiti SIM Cards.  Accordingly, any actions taken by Digicel-Haiti to safeguard its network were merely defense actions taken to ward off theft and counteract UPM's fraudulent scheme. This is an absolute defense to all claims pleaded.

### (Failure to State a Claim)

2.    UPM has failed to state a claim for its Communications Act and Section 214 claims. UPM has consistently relied on the fact that Digicel-Haiti does not operate in the United States as a general defense in this matter.  Accordingly, it stands to reason that UPM does not have the requisite ability to bring claims which rely solely on Digicel-Haiti being subject to United States communications regulations.

### (Lack of Standing)

3.    UPM lacks standing to bring any of its claims against UPM.  The damages on which UPM relies to make these claims are not as a result of Digicel-Haiti's actions.  Rather any financial loss felt by UPM is directly related to the break down of its illicit resell and bypass operations. Therefore, UPM lacks standing to bring claims for damages against UPM.

### (Justification)

4.    Any actions taken by Digicel-Haiti to protect its network from illegal bypass activity or the completion of calls which fraudulently concealed their true origin were justified to protect its business against theft and modern-day piracy.  Any financial loss felt by UPM was as a direct result of its own illicit conduct, not activity by Digicel-Haiti.

Page 11 -    **ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' SECOND AMENDED COUNTERCLAIMS-DEMAND FOR JURY TRIAL**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

**(Unconscionability)**

5. The alleged implied-in-fact contract plead by UPM is unconscionable. It is unconscionable to hold Digicel-Haiti liable for breach of an implied-in-fact contract where "performance" of the alleged contract would require Digicel-Haiti to allow UPM to directly and indirectly steal from it.

**(Equitable Estoppel)**

6. UPM should be estopped from arguing it suffered damages as a result of Digicel-Haiti's conduct where if the alleged conduct took place, that conduct was only necessary to protect Digicel-Haiti from theft and stop UPM's illicit scheme.

**(First Breach)**

7. Where UPM claims it had an implied-in-fact contract with Digicel-Haiti, Digicel Haiti asserts that UPM first breached that contract by using Digicel-SIM cards in an unintended manner and for an illegal purpose. Therefore, any conduct related to blocking or disconnecting those offending SIM cards is secondary to the first breach by UPM, and therefore cannot constitute Digicel-Haiti's contract liability.

**(Real Party in Interest)**

8. To the extent that UPM claims it acted merely as reseller and sold Digicel-Haiti minutes to third-parties who then later worked to terminate those minutes on the Digicel-Haiti network, UPM cannot claim it is the real party in interest as to the minutes that were disabled by Digicel-Haiti or as to the Communications Act and Section 214 claims it asserts. Therefore, Digicel-Haiti cannot be liable to UPM for the value of those minutes or Communications Act liability.

**(Failure to Join Necessary Parties)**

Page 12 -    **ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' SECOND AMENDED COUNTERCLAIMS-DEMAND FOR JURY TRIAL**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

9.     To the extent that UPM attempts to rely on arguments that it resold Digicel-Haiti minutes to third-parties that then later bypassed those minutes onto Digicel-Haiti's network, UPM should have brought those third-parties properly before the Court.

**(Self Defense)**

10.     To the extent that Digicel-Haiti is found to have caused damages to UPM, any damages cause to UPM were inflicted as a by-product of Digicel-Haiti defending its property, specifically its network.

**(Fraud in the Inducement)**

11.     Digicel-Haiti was fraudulently induced into selling Digicel SIM cards to UPM's agents on the basis that the agents actively concealed the true purchaser of the SIM cards and their intended purposes for the SIM cards use.  Therefore, the defense of fraud in the inducement operates to relieve Digicel-Haiti of any potential liability connected to UPM's breach of contract claim.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all matters so triable as of right.

**WHEREFORE**, Plaintiff, UNIGESTION HOLDING, S.A., d/b/a Digicel Haiti, having answered the Second Amended Counterclaim, respectfully requests that this Court enter judgment in Plaintiff's favor and award Plaintiff compensatory and punitive damages against Defendants, as well as its fees and costs associated with this action and such other and further relief as the Court deems just and proper.

Page 13 -     **ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' SECOND AMENDED COUNTERCLAIMS-DEMAND FOR JURY TRIAL**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Dated: September 27, 2019           Respectfully submitted,


SCHWABE, WILLIAMSON & WYATT, P.C.


By:    /s/Richard K. Hansen

Robert C. L. Vaughan (*Pro Hac Vice*)      Richard K. Hansen, OSB #832231
Cherine Smith Valbrun      Telephone: 503.796-2958
Leah B. Storie      Facsimile: 503.796.2900
Kim Vaughan Lerner LLP      Of Attorneys for Plaintiff
*Attorneys for Plaintiff*
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone:  (954) 527-1115
Facsimile:  (954) 527-1116
E-mail: rvaughan@kvllaw.com

Page 14 -   **ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' SECOND AMENDED COUNTERCLAIMS-DEMAND FOR JURY TRIAL**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of September, 2019, I caused to be served the foregoing Motion for Leave to Amend Complaint to Conform with Court's Order and Add Request for Punitive Damages to the parties to this action as follows:

Kathryn P. Salyer, OSB #883017
ksalyer@tsbnwlaw.com
Tomasi Salyer Baroway
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204-3136
Telephone: (503) 894-9900

Attorneys for Defendants

Christopher W. Savage (Pro Hac Vice)
Davis Wright Tremaine LLP
1919 Pennsylvania Ave. NW
Suite 800
Washington D.C. 20006-3401

Attorneys for Defendants

by:

☐   U.S. Postal Service, ordinary first class mail
☐   U.S. Postal Service, certified or registered mail,
☐   return receipt requested
☐   hand delivery
☐   facsimile
☒   electronic service
☒   other (specify)  courtesy e-mail

s/ Richard K. Hansen
Richard K. Hansen, OSB #832231

Page 1- CERTIFICATE OF SERVICE