**Kathryn P. Salyer**, OSB #883017
**Eleanor A. DuBay**, OSB #073755
ksalyer@tomasilegal.com
edubay@tomasilegal.com
Tomasi Salyer Martin
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204-3136
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

**Christopher W. Savage**, D.C. Bar #362657
(admitted *pro hac vice*)
chrissavage@dwt.com
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006-3401
Telephone: (202) 973-4200
Facsimile: (202) 973-4499

        Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDING, S.A**., d/b/a **DIGICEL HAITI**, | Case No. 3:15-CV-00185-SI |
| Plaintiff and Counter-Claim Defendant | |
| v. | **UPM TECHNOLOGY, INC.'S MOTION PURSUANT TO RULE 8(B)(6) TO DEEM CERTAIN ALLEGATIONS ADMITTED FOR PURPOSES OF THIS LITIGATION** |
| **UPM TECHNOLOGY, INC**. d/b/a **UPM TELECOM, INC.**; **UPM MARKETING, INC.**; **UPM TELECOM, INC.**; **UPM MARKETING, INC.**; **BENJAMIN SANCHEZ** a/k/a **BENJAMIN SANCHEZ MURILLO; BALTAZAR RUIZ; TYLER ALLEN;** and **DUY "BRUCE" TRAN** | **ORAL ARGUMENT REQUESTED** |
| Defendants and Counter-Claim Plaintiffs | |
| v. | |
| **DIGICEL-USA, INC.** | |
| Additional Counter-Claim Defendant | |

Page 1 of 11 - DEFENDANTS' MOTION PURSUANT
TO RULE 8(B)(6) TO DEEM CERTAIN ALLEGATIONS
ADMITTED FOR PURPOSES OF THIS LITIGATION

## CERTIFICATION

Pursuant to Local Rule 7.1, the undersigned attorney hereby certifies that Defendants' counsel conferred with Plaintiff's counsel in an attempt to resolve the dispute presented by the Motion set forth below.

## MOTION

Counterclaim Plaintiffs UPM Technology, Inc. d/b/a UPM Telecom, Inc., UPM Marketing, Inc., UPM Telecom, Inc., and UPM Marketing, Inc., (collectively "UPM") hereby move, pursuant to Federal Rule of Civil Procedure 8(b)(6), for an order that all of the allegations contained in certain paragraphs in UPM's Counterclaims be deemed admitted.[1]

The basis for this motion is that Counterclaim Defendant Unigestion Holdings, S.A., d/b/a Digicel Haiti ("Digicel-Haiti") failed to respond in any substantive manner to the affected allegations.[2]  Under Rule 8(b)(6), an allegation (other than one that relates to the amount of damages) that has not been denied, "is admitted."  The Court, therefore, should rule that Digicel-Haiti has admitted the affected allegations and be estopped from denying them for the remainder of this litigation.

This is the only resolution of this dispute that does not entail severe prejudice to UPM.  Under the recent Court-ordered schedule, UPM was given about nine months (essentially October 2019 through June 2020) to obtain discovery from Digicel-Haiti regarding the factual underpinnings of UPM's Communications Act and other counterclaims. UPM cannot meaningfully plan and manage discovery, or determine the need for and scope of expert

---

[1]    The document containing the affected allegations is ECF # 158, Defendants' Second Amended Answer, Affirmative Defenses And Counterclaims To Plaintiff's Second Amended Complaint And Demand For Jury Trial, filed April 27, 2018 ("UPM Counterclaims").  The specific paragraphs from its Counterclaims that UPM seeks to have deemed admitted are: ¶¶ 240, 242, 244-301, and 352-375.  In addition, ¶¶ 305, 308, 311, 314, 317, 322, 331, 334, 339, and 345 should also be deemed admitted to the extent that they purport to incorporate by reference Digicel-Haiti's response to the earlier-numbered paragraphs.

[2]    The document containing the defective responses is ECF #193, Answer and Affirmative Defenses to Defendants' Second Amended Counterclaims ("Digicel-Haiti Answer").

*TOMASI SALYER MARTIN*
121 SW MORRISON STREET, SUITE 1850
PORTLAND, OREGON 97204
TELEPHONE: (503) 894-9900
FACSIMILE: (971) 544-7236

testimony, without knowing which factual allegations Digicel-Haiti admits and which it denies. Unless the Court grants this motion, UPM will not know Digicel-Haiti's substantive responses until late December 2019 at the earliest.  Digicel-Haiti's failure to respond to those allegations, therefore, will have wasted an entire third of the time allotted for UPM's discovery and expert witness preparation.  Deeming the un-responded-to allegations admitted is the only way to avoid this prejudice without substantially extending the schedule.

In light of this prejudice, and in the unfortunate circumstances giving rise to this dispute, UPM also requests that the Court order Digicel-Haiti to pay UPM's reasonable costs and attorneys' fees in filing and prosecuting this motion.

## I.    ARGUMENT

As described below, Digicel-Haiti, either in pure bad faith or as a result of grossly inexcusable neglect, refused to provide a substantive response to more than eighty (80) paragraphs of allegations in UPM's Counterclaims.  This defective filing was made with no possible legal justification, with no advance notice to counsel for UPM, and in blatant disregard of the procedural schedule that the parties had negotiated and submitted to the Court a mere three weeks prior to Digicel-Haiti's defective pleading.  Digicel-Haiti's dilatory action has severely prejudiced UPM's ability to prosecute its Counterclaims (including, notably, evaluating what discovery is required, how to formulate that discovery, and the nature and scope of necessary expert witness testimony), by depriving UPM of three months of time – a third of the total allotted in the schedule – to conduct those activities.  Digicel-Haiti's dilatory conduct has also required UPM's counsel, at UPM's expense, to expend time and effort dealing this dispute rather than with the merits of the case.

### A.    Factual Background

A brief recitation of the events leading to Digicel-Haiti's defective pleading will assist in understanding why the Court should grant this motion:

*TOMASI SALYER MARTIN*
121 SW MORRISON STREET, SUITE 1850
PORTLAND, OREGON 97204
TELEPHONE: (503) 894-9900
FACSIMILE: (971) 544-7236

- **March 30, 2018:**  This Court issues ECF #154, an Opinion and Order that: (a) granted, in part, Digicel-Haiti's motion under Rule 12(f) to strike certain UPM affirmative defenses; (b) granted Digicel-Haiti's motion under Rule 12(b)(6) to dismiss UPM's antitrust claims; and (c) denied Digicel-Haiti's motion under Rule 12(b)(6) to dismiss UPM's Communications Act claims.  This ruling contains a separate discussion of the standard for motions to strike under Rule 12(f), *see* ECF #154 at 2-4, and the standard for motions to dismiss under Rule 12(b)(6), *see* ECF #154 at 4.

- **April 27, 2018:**  UPM files ECF #158, "Defendants' Second Amended Answer, Affirmative Defenses And Counterclaims To Plaintiff's Second Amended Complaint And Demand For Jury Trial" ("UPM Counterclaims"), laid out in ¶¶ 232-375.

- **May 25, 2018:**   Digicel-Haiti files ECF # 162, a ***Motion to Dismiss*** UPM's Counterclaims, focused entirely on UPM's renewed antitrust claims.   It specifically incorporates the Court's earlier ruling stating the standard for motions to dismiss under Rule 12(b)(6).  It does not contain a motion to strike under Rule 12(f); indeed, it does not mention Rule 12(f), or even the word "strike" or any cognates.

- **September 3, 2019:**  This Court issues ECF # 188, an Opinion and Order granting ECF #162, Digicel-Haiti's ***motion to dismiss*** UPM's antitrust claims (as well as granting ECF #178, UPM's motion to dismiss Digicel-Haiti's RICO claims).  The Court had not been asked to strike any allegations from UPM's Counterclaims and it did not do so.  This ruling does not mention Rule 12(f), or use the word "strike" or any cognates.

***TOMASI SALYER MARTIN***
121 SW MORRISON STREET, SUITE 1850
PORTLAND, OREGON 97204
TELEPHONE: (503) 894-9900
FACSIMILE: (971) 544-7236

- **September 6, 2019**:  On behalf of all parties, Digicel-Haiti's counsel files ECF #189, an agreed joint proposed schedule for this case.  The second item in the agreed schedule (see chart, page 3) is "Digicel Answers Counterclaims."  The due date for that pleading is set for September 27, 2019.

- **September 9, 2019:**  The Court issues ECF #190, adopting the initial phases of parties' proposed schedule, including the requirement that Digicel-Haiti's answer to UPM's counterclaims is due on September 27, 2019.

- **September 27, 2019:**  Digicel-Haiti files ECF # 193, its Answer and Affirmative Defenses to UPM's Counterclaims.

Despite the fact that Digicel-Haiti had not moved to strike any of UPM's Counterclaims, and despite the fact that the Court's ruling made no mention of striking any allegations, Digicel-Haiti's response to more than eighty (80) paragraphs of UPM's allegations was the following:

> No response is required to this paragraph *as the allegations relate to Defendants' Seventh Counterclaim that was dismissed, and therefore, must be stricken pursuant to the Court's order, ECF 188*. The remaining factual allegations of [the referenced paragraphs] are denied.

*See, e.g.,* Digicel-Haiti Answer at ¶¶ 250-296 (emphasis added).[3]  Digicel-Haiti used this formulation to avoid providing a substantive response to approximately eighty (80) paragraphs of factual allegations, spanning more than 30 pages, addressing a range of topics.  These include how calls are routed from the United States to Haiti; how calls sent via the internet are handled; and various economic and other facts about the markets and industries in which UPM and Digicel-Haiti operate.  As discussed below, all of these allegations are relevant to several UPM counterclaims, including, notably, its claims that Digicel-Haiti acted in an unjust, unreasonable, and unreasonably discriminatory manner in violation of 47 U.S.C. §§ 201 and 202.

---

[3]    Not all of the relevant paragraphs of the answer contained the last sentence shown above. The relevance of that sentence is discussed *infra*.

*TOMASI SALYER MARTIN*
121 SW MORRISON STREET, SUITE 1850
PORTLAND, OREGON 97204
TELEPHONE: (503) 894-9900
FACSIMILE: (971) 544-7236

**B.** **There Is No Good Faith Basis For Digicel-Haiti's Assertion That The Court's Recent Ruling Required or Even Contemplated Striking Any Allegations.**

There is no legal basis for Digicel-Haiti's claim that any or all UPM allegations that "relate to" UPM's dismissed antitrust claim "must be stricken pursuant to the Court's order, ECF 188." Digicel-Haiti had not asked the Court to strike any UPM allegations, and the Court did not purport to do so. No rule of procedure and no case in this circuit (or, as far as UPM's research reveals, anywhere) suggests that the necessary or appropriate effect of a ruling dismissing a particular legal ***claim*** is that ***factual allegations*** relating to or supporting that claim should be or must be stricken. It is inconceivable that experienced counsel could in good faith repeatedly assert that this Court's order mandated striking any UPM allegations. Again, not only did the Court's order say nothing about striking anything, Digicel-Haiti had not moved the Court to strike anything. Moreover, the Court's earlier order had made clear that the standards for striking allegations under Rule 12(f) are entirely different from the standards for dismissing claims under Rule 12(b)(6). *See* Opinion and Order, ECF #154 at 3-4. So, Digicel-Haiti's assertion that dismissal of the antitrust claim naturally implies that allegations "related to" that claim must be stricken is patently frivolous. The only explanation, unfortunately, is that something other than good faith must have motivated this aspect of Digicel-Haiti's pleading.

Even if there were some remotely colorable good-faith basis for Digicel-Haiti unilaterally ignoring allegations that solely or uniquely arose in connection with UPM's antitrust claims – and there is not – Digicel-Haiti plainly acted in bad faith by arrogating to itself the right to determine which of UPM's counterclaims (beyond the dismissed antitrust claims) UPM's factual allegations "relate to."[4] In so doing, Digicel-Haiti conveniently avoided responding to a

---

[4]    In this regard, because Digicel-Haiti without explanation deemed certain allegations to "relate to" UPM's antitrust counterclaims, it is impossible to know what factual allegations it purports to be denying when it asserts that, while it is not responding to the allegations that "relate to" the antitrust counterclaim, it is denying any "remaining" factual allegations. *See, e.g.,* Digicel-Haiti Answer at ¶¶ 250-296. That intentional ambiguity means that Digicel-Haiti's "denials" are plainly inadequate under Rule 8(b)(2), since they do not "fairly respond to the substance of the allegation[s]" at issue.

***TOMASI SALYER MARTIN***
121 SW MORRISON STREET, SUITE 1850
PORTLAND, OREGON 97204
TELEPHONE: (503) 894-9900
FACSIMILE: (971) 544-7236

wide range of substantive factual allegations bearing on UPM's Communications Act counterclaims. Addressing those counterclaims will require consideration of the overall circumstances in which Digicel-Haiti cut off UPM's ability to resell Digicel-Haiti's wireless services,[5] including both the technology involved and the very same competitive and market facts relevant to UPM's dismissed antitrust claims.

Specifically, under Federal Communications Commission ("FCC") precedent cited in UPM's Counterclaims (and to be supplemented and elaborated upon as the case proceeds), an assessment of whether Digicel-Haiti's conduct was "unjust" or "unreasonable" under 47 U.S.C. §§ 201 and 202 will include consideration of competitive and market circumstances. The fact that those same circumstances would have been relevant to UPM's now-dismissed antitrust claim is irrelevant – the Communications Act's regulatory regime and the antitrust laws apply different standards for what constitutes acceptable conduct. *See Verizon Communications, Inc. v. Law Offices of Curtis V. Trinko, LP,* 540 U.S. 398 (2004) (anticompetitive conduct not actionable under the Sherman Act may yet violate the requirements of the Communications Act's regulatory scheme). Indeed, while the Supreme Court in *Trinko* did not address Communications Act claims, the lower courts in that case did. The Second Circuit had upheld the viability of plaintiff's claims in that case under Section 202 of the Communications Act, 47 U.S.C. § 202, as well as the viability of the plaintiff's claims (based on the same factual setting) under the antitrust laws. *Law Offices of Curtis V. Trinko v. Bell Atlantic Corp.,* 305 F.3d 89, 98-101 (2nd Cir. 2002). The Second Circuit's Communications Act ruling, however, was not taken up to the Supreme Court; that Court only considered the antitrust issues. *See* 540 U.S. at 405 ("We granted certiorari, limited to the question whether the Court of Appeals erred in reversing the District Court's dismissal of respondent's antitrust claims"). It thus remains good law. *Trinko* thus illustrates – if any illustration at this point is required – that

---

[5]    For this reason, even seemingly general, "background"-type allegations will be relevant to assessing the "justness" and "reasonableness" of Digicel-Haiti's conduct under the Communications Act.

*TOMASI SALYER MARTIN*
121 SW MORRISON STREET, SUITE 1850
PORTLAND, OREGON 97204
TELEPHONE: (503) 894-9900
FACSIMILE: (971) 544-7236

Communications Act claims can and do survive dismissal of antitrust claims based on the same set of facts.

At bottom, UPM's allegations relating to its antitrust claims – allegations regarding market share, exclusionary conduct, etc. – necessarily *also relate to its Communications Act claims.* Moreover, this point was obvious on the face of UPM's Counterclaims. UPM's allegations of relevant "Statutory and Regulatory Background" contains numerous references to FCC precedent discussing competitive market conditions, and a key section of its Counterclaims which Digicel-Haiti refused to address (¶¶ 249-269) is headed "Facts Relevant to *Violations of the Communications Act and* the Sherman Act." UPM Counterclaims, Heading before ¶ 249.[6] It is hard to see how Digicel-Haiti's filing could have constituted a good faith effort to answer UPM's Counterclaims – even shorn of the antitrust claims – when Digicel-Haiti refused to respond to allegations that were specifically called out as relating to the Communications Act claims as well.

Again, there is no conceivable good faith explanation for Digicel-Haiti failing to respond to UPM's allegations on the ground that they "relate to" UPM's dismissed antitrust claim. The only explanation for Digicel-Haiti's pleading is a bad faith effort at gamesmanship, designed to prejudice UPM, as discussed below.

### C.    Under Rule 8(b)(6), Allegations Not Denied Are Deemed Admitted.

Digicel-Haiti has not denied the factual allegations in the Counterclaim paragraphs to which it gave its bad-faith response. To the contrary, it expressly asserts – again,

---

[6]    Because all of UPM's market- and competition-related allegations made in connection with its antitrust counterclaims necessarily also relate to its Communications Act counterclaims, the Court should deem the factual allegations contained in ¶¶ 352-375, which appear in specific connection with UPM's antitrust counterclaim, to be admitted. If, however, the Court is inclined to give any credence at all to Digicel-Haiti's notion that the dismissal of UPM's antitrust counterclaim relieved Digicel-Haiti of the obligation to answer – and, as discussed above, no such credence is appropriate – such leniency by the Court could only possibly apply to the portions of UPM's Counterclaims that were directly framed as relating to the antitrust issue, which would be ¶¶ 352-375. In that event, the Court could deem the other un-responded-to allegations admitted, but permit Digicel-Haiti to promptly admit or deny the allegations in those paragraphs.

*TOMASI SALYER MARTIN*
121 SW MORRISON STREET, SUITE 1850
PORTLAND, OREGON 97204
TELEPHONE: (503) 894-9900
FACSIMILE: (971) 544-7236

with no conceivable basis – that "no response is required" to those allegations. Its own pleading, therefore, shows that it has not responded to the allegations in question.

Rule 8(b)(6) plainly states that allegations that are not denied are deemed admitted. The relief that UPM seeks by this motion, therefore, is precisely what is contemplated by that rule.

**D.     UPM Will Be Severely Prejudiced If This Motion Is Not Granted.**

Granting this motion is the only way to resolve this problem without causing severe prejudice to UPM.

Under the schedule adopted in ECF #190, UPM should have received substantive responses to the allegations in its Counterclaims on September 27, 2019. Those responses are critical to UPM being able to proceed with planning and conducting discovery against Digicel-Haiti, as well as with planning what expert testimony it will need (if any) to establish various facts relevant to UPM's Counterclaims – including facts about the industry in which UPM and Digicel-Haiti operate, facts about how calls get from the United States to Haiti, facts about the underlying technologies, and facts about Digicel-Haiti's market position in Haiti.[7]

If the Court were to resolve this dispute by simply ordering Digicel-Haiti to provide substantive responses, those responses would not be forthcoming, realistically, until late December at the earliest.[8] Under the Court-ordered schedule, UPM would have had about nine months (basically, October 2019 through June 2020) to obtain discovery from Digicel-Haiti, determine what areas required expert testimony, etc. Merely ordering Digicel-Haiti to provide

---

[7]     As described above, facts of this nature are highly relevant to UPM's Communications Act counterclaims, even though they also were relevant to UPM's now-dismissed antitrust counterclaims. That said, the dismissal of the antitrust claims – by eliminating issues such as relevant product and geographic markets, the need to establish facts showing antitrust standing, etc. – has materially lessened and clarified (at least for UPM) the scope of discovery that it will need to seek, and the scope and nature of expert testimony based on that discovery it will need to obtain, as the case proceeds.

[8]     Briefing on this motion will not be completed until mid-November. Even if the Court rules promptly, by mid-December, if it merely directs Digicel-Haiti to provide substantive responses, realistically those responses will not be forthcoming until late December at the earliest.

Page 9 of 11 - DEFENDANTS' MOTION PURSUANT
TO RULE 8(B)(6) TO DEEM CERTAIN ALLEGATIONS
ADMITTED FOR PURPOSES OF THIS LITIGATION

substantive responses would cut that time to roughly six months – a reduction of a third. As a result, unless the Court grants UPM's motion to have the un-responded-to allegations deemed admitted, the only way to avoid significant prejudice to UPM will be to materially extend the case management schedule. And, of course, if Digicel-Haiti's dilatory, bad-faith tactic is allowed to succeed, that will put *UPM* in the position, down the line, of asking the Court to extend the schedule, thus potentially raising concerns from the Court about UPM's diligence and effectiveness in preparing its own case, when the fault lies entirely with Digicel-Haiti.

The only fair solution in these circumstances is to simply apply Rule 8(b)(6) and deem admitted, for purposes of this litigation, all of the allegations in UPM's Counterclaims which Digicel-Haiti tried to ignore. Moreover, because there is no conceivable good faith basis for the position that Digicel-Haiti took in its answers to UPM's allegations, it is appropriate to require Digicel-Haiti to bear UPM's reasonable costs and attorneys' fees in preparing and prosecuting this motion.[9]

## II.    CONCLUSION

The conclusion seems unavoidable that Digicel-Haiti acted in bad faith in refusing to substantively respond to large portions of UPM's Counterclaims. The most appropriate solution is simply to apply rule 8(b)(6) as written and deem the un-responded-to allegations to be admitted. This is also the only solution that avoids severe prejudice to UPM. The Court should therefore rule that for purposes of the remainder of this case, the allegations in ¶¶ 240, 242, 244-301, and 352-375 of UPM's Counterclaims are deemed admitted. In addition, ¶¶ 305, 308, 311,

---

[9]     While the relief on the merits that UPM seeks would not change, its view of Digicel-Haiti's good faith might have been different had Digicel-Haiti limited its evasive pleading to the allegations specifically included under the heading of its now-dismissed antitrust counterclaim – that is, to ¶¶ 352-375. But the overwhelming majority of allegations that Digicel-Haiti refused to respond to were not grouped under that counterclaim, and, as noted above, many were included under a heading expressly indicating that they related to both antitrust and Communications Act claims, and the rest were not assigned to any particular claim at all. It is inconceivable that Digicel-Haiti could in good faith have chosen not to respond to allegations that were specifically identified as relating to non-dismissed claims.

*TOMASI SALYER MARTIN*
121 SW MORRISON STREET, SUITE 1850
PORTLAND, OREGON 97204
TELEPHONE: (503) 894-9900
FACSIMILE: (971) 544-7236

314, 317, 322, 331, 334, 339, and 345 should also be deemed admitted to the extent that they purport to incorporate by reference Digicel-Haiti's response to the earlier numbered paragraphs.

Dated: October 22, 2019

TOMASI SALYER MARTIN

By:    /s/ Eleanor A. DuBay
       Kathryn P. Salyer, OSB #883017
       Eleanor A. DuBay, OSB #073755
       ksalyer@tomasilegal.com
       edubay@tomasilegal.com
       Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By:    /s/ Christopher W. Savage
       Christopher W. Savage
       D.C. Bar #362657
       chrissavage@dwt.com
       Telephone: (202) 973-4200
       *Admitted Pro Hac Vice*

Of Attorneys for Defendants

*TOMASI SALYER MARTIN*
121 SW MORRISON STREET, SUITE 1850
PORTLAND, OREGON 97204
TELEPHONE: (503) 894-9900
FACSIMILE: (971) 544-7236

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 22, 2019, I served the foregoing **DEFENDANTS'**

**MOTION PURSUANT TO RULE 8(B)(6) TO DEEM CERTAIN ALLEGATIONS**

**ADMITTED FOR PURPOSES OF THIS LITIGATION** on the following individuals by

electronic service to said individuals:

Robert C.L. Vaughan
Cherine Smith Valbrun
Leah Storie
Kim Vaughan Lerner LLP
One Financial Plaza
100 SE Third Avenue • Suite 2001
Fort Lauderdale, FL 33394
Email: rvaughan@kvllaw.com
Email: cvalbrun@kvllaw.com
Email: lstorie@kvllaw.com

Richard K. Hansen
Anne M. Talcott
Schwabe, Williamson & Wyatt, PC
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Email: rhansen@schwabe.com
Email: atalcott@schwabe.com

Dated: October 22, 2019.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    Telephone: (202) 973-4200
    *(Admitted Pro Hac Vice)*

Of Attorneys for Defendants

*TOMASI SALYER MARTIN*
121 SW MORRISON STREET, SUITE 1850
PORTLAND, OREGON 97204
TELEPHONE: (503) 894-9900
FACSIMILE: (971) 544-7236