**Richard K. Hansen**
Email: rhansen@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.796.2958
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
Kim Vaughan Lerner LLP
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone: 954.527.1115
Facsimile: 954.527.1116

> *Attorneys for Counterclaim Defendants, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti; and Third-Party Defendant Digicel USA Incorporated*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDINGS, S.A.,** a foreign corporation, d/b/a **DIGICEL HAITI**, <br><br> *Plaintiff,* <br><br> vs. <br><br> **UPM TECHNOLOGY, INC. d/b/a UPM TELECOM, INC.,** and **UPM MARKETING, INC.,** an Oregon corporation; <br> **UPM TELECOM, INC.,** an Oregon a/b/n; <br> **UPM MARKETING, INC.,** an Oregon a/b/n; **BEN SANCHEZ a/k/a BEN** | No. 3:15-cv-00185-SI <br><br><br> **THIRD-PARTY DEFENDANT DIGICEL USA, INC.'S, MOTION TO DISMISS UPM TECHNOLOGY, INC'S AMENDED COUNTERCLAIMS** |

Page 1 -   THIRD-PARTY DEFENDANT, DIGICEL USA, INC.'S
MOTION TO DISMISS UPM TECHNOLOGY, INC.'S
AMENDED COUNTERCLAIMS

PDX\128154\201374\RKH\26706979.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

**SANCHEZ MURILLO,** a foreign individual; **BALTAZAR RUIZ,** a foreign individual, and **TYLER ALLEN**, a foreign individual,

*Defendants;*

**UPM TECHNOLOGY, INC.,** an Oregon corporation;

*Counterclaim Plaintiff,*

vs.

**UNIGESTION HOLDINGS, S.A.,** a foreign corporation, d/b/a **DIGICEL HAITI**; and **DIGICEL USA, INC.** a Delaware corporation;

*Counterclaim Defendant and Third-Party Defendant.*

## THIRD-PARTY DEFENDANT, DIGICEL USA'S, MOTION TO DISMISS UPM'S TECHNOLOGY, INC.'S AMENDED COUNTERCLAIMS

Third-Party Defendant, DIGICEL USA, INC. ("Digicel USA"), by and through its undersigned counsel, hereby files its Motion to Dismiss UPM TECHNOLOGY'S Amended Counterclaim(s) against Digicel USA [ECF 202] ("Counterclaim)[1]

## CERTIFICATION

In compliance with Local Rule 7.1, the undersigned attorney hereby certifies that the parties made a good faith effort through email and telephone conference to resolve the dispute

---

[1] The Defendants in their Counterclaim refers to the Counterclaim as "Defendants' compulsory counterclaims" [ECF 202 at ¶¶ 325]. However, Defendants confirmed through their filings that only UPM is asserting Counterclaims [ECF 81 at 4-5], and the Court confirmed this assertion in its corresponding order. [ECF 95 at 13-14].

Page 2 -    THIRD-PARTY DEFENDANT DIGICEL USA, INC.'S
            MOTION TO DISMISS UPM TECHNOLOGY, INC.'S
            AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

presented by the Motion set forth below and have been unable to do so.

## LEGAL ARGUMENT

UPM's most recent attempt at re-pleading its Amended Counterclaims fails to state a claim against Digicel USA. The Amended Counterclaims is devoid of any substantive factual allegations regarding Digicel USA that give rise to a cause of action against Digicel USA. Inexplicably, however, Digicel USA remains in the caption and prayer for relief, even though it is not identified as a defendant in any claim. Digicel USA respectfully requests that it be formally dismissed from this action.

UPM's conclusory agency allegations are insufficient—without more—to sustain a claim against Digicel USA. The threadbare allegations of agency are insufficient to meet the requisite pleading standards, and they do not implicate Digicel USA in any wrongdoing. Instead, the summary allegations which are analyzed further below, merely demonstrate an alleged business relationship between Digicel Haiti and Digicel USA. As the Ninth Circuit has held, agency is more than a mere business relationship. Here, UPM's failure and ultimate inability to allege a true agency relationship in which Digicel Haiti is the supposed principal, commands the immediate dismissal of Digicel USA with prejudice.

## I.    UPM Fails to State a Claim Against Digicel USA

The Court's Order on the parties' latest round of motions to dismiss unequivocally rejected UPM's Sherman Act claims, the only cause of action that UPM attempted to assert against Digicel USA in its prior pleadings. [ECF 188].    Rather than dismiss Digicel USA entirely, UPM continues to retain Digicel USA in the heading of its pleading and to list it in the prayer for relief. UPM, however, failed to include any allegations of wrongdoing on the part of Digicel USA, or to allege any conduct for that matter, which rises to a level sufficient to state a claim against Digicel

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

USA.  The omission of any allegations relating to actionable conduct on behalf of Digicel USA was so glaring that it first appeared that a scrivener's error was responsible for Digicel USA's continued appearance in the heading.  That notion was quickly dispelled by UPM.

It is impossible to ascertain from the allegations here what claims for relief UPM intends to assert against Digicel USA. Regardless of its intent, however, UPM has failed to state any claim against Digicel USA.  Digicel USA must be dismissed entirely from this action.

a.  No Wrongdoing by Digicel USA is Alleged

UPM fails to allege any actionable conduct by Digicel USA, and, therefore, the Counterclaim fails to state a claim against Digicel USA.  UPM's paper-thin allegations do not provide the factual content necessary to even suggest, let alone sustain a claim against Digicel USA.  UPM simply alleges that Digicel USA switches calls for Digicel-Haiti—entirely legal. There are no allegations that Digicel USA caused any damage to UPM.  Instead, UPM repeatedly alleges "Digicel Haiti's actions" as the conduct that caused its damages.  [ECF 202 at ⊮ 330, 331; 334, 335, 338, 339, 342, 343, 349].  All allegations related to Digicel USA simply state UPM's conclusions regarding the business function that Digicel USA performs for Digicel Haiti and for multiple other carriers.  [ECF 202 at ⊮⊮ 220-222; 255; 310; 320, 346].[2]  The absence of any allegations imputing actionable conduct to Digicel USA, constitutes a failure by UPM to state a claim against Digicel USA.  Accordingly, Digicel USA must be dismissed from this action.

**II.    UPM's Attempted Agency Allegations Are Insufficient**

---

[2] There are also two mentions of Digicel USA in UPM's affirmative defenses, however, these allegations are neither part of the general allegations nor incorporated into the Counterclaim causes of action.  ECF 202 at ⊮⊮ 323, 324.

Page 4 -    THIRD-PARTY DEFENDANT DIGICEL USA, INC.'S
MOTION TO DISMISS UPM TECHNOLOGY, INC.'S
AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Beyond the pure absence of any allegations of wrongdoing by Digicel USA, UPM tries to justify Digicel USA's ongoing presence in the litigation by creating a fictitious "agency" relationship between Digicel Haiti and Digicel USA. Regardless of the numerous facts that refute the existence of an agency between the Digicel parties, even viewed in the light most favorable to UPM, the allegations of the Counterclaim do not approach the factual threshold necessary to adequately plead an agency relationship. *Ashcroft v. Iqbal*, 556 U.S. 662, 680, 129 S. Ct. 1937, 1950 (2009) ("Because the well-pleaded fact of parallel conduct, accepted as true, did not plausibly suggest an unlawful agreement, the Court held the plaintiffs' complaint must be dismissed.") Consequently, UPM cannot legally or factually impute the actions of Digicel Haiti to Digicel USA, and Digicel USA must be dismissed.

Courts in the Ninth Circuit have cautioned that the mere pleading of agency theory is insufficient to treat alleged defendants interchangeably. *See Aquilina v. Certain Underwriters at Lloyd's Syndicate #2003*, No. 18-00496-ACK-KJM, 2019 U.S. Dist. LEXIS 165866, at *27-28 (D. Haw. Sep. 26, 2019).[3] Where, as here, "the only agency-related facts in the Complaint are general allegations of the business relationships between the parties" these agency theories "do not justify the [counterclaims'] treatment of the Defendants as interchangeable." *Id.* In analyzing whether allegations of agency can suffice to plead a cause of action against an alleged agent, the Central District of California, citing the Ninth Circuit, reasoned that "[c]oncerning specificity, the Ninth Circuit has explained that, 'to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the

---

[3] *Aquilina* discusses and analyzes pleading requirements under both Rule 8(a) and Rule 9(b) governing cases sounding in fraud. The *Aquilina* court's holdings as to pleading requirements of Rule 8(a) alone support dismissal of Digicel USA.

Page 5 -    THIRD-PARTY DEFENDANT DIGICEL USA, INC.'S
MOTION TO DISMISS UPM TECHNOLOGY, INC.'S
AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

plaintiff to relief.' Such factual content is absent here." *Sollberger v. Wachovia Sec., LLC*, No. SACV 09-0766 AG (ANx), 2010 U.S. Dist. LEXIS 66233, at *8-9 (C.D. Cal. June 30, 2010) *citing Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Likewise, the Amended Counterclaim's conclusory statement that Digicel USA is an agent of Digicel Haiti solely by virtue of Digicel USA transmitting calls to Digicel Haiti defies reason. It bears repeating that the fact supporting UPM's agency allegation is exactly the same if UPM were describing a perfectly legitimate business relationship where Digicel USA is providing a service to Digicel Haiti. As in *Sollberger*, the Amended Counterclaim lacks the necessary factual content to subject Digicel USA to further participation under an agency theory in this litigation.

> a. The Counterclaim Contains No Facts to Support Agency

In a transparent attempt to maintain Digicel USA as a defendant after the Court's dismissal of the antitrust claims, UPM summarily alleges that there is an "agency" relationship between Digicel Haiti and Digicel USA. [ECF 202 at ℙ 222]. The cursory allegations of agency merely describe a business relationship between the Digicel parties. Indeed, inaccuracies aside, it outlines the type of business relationship that Digicel USA shares with multiple carriers, not an agency relationship as suggested by UPM.

In the Ninth Circuit, courts rely on the presences of two main facts to denote the existence of an agency relationship: 1) the alleged principal's control over the alleged agent; and 2) the alleged agent's ability to legally bind the alleged principal. *See United States v. Bonds*, 608 F.3d 495, 506 (9th Cir. 2010); *Whisper Soft Mills, Inc. v. NLRB*, Nos. 83-7717; 83-7813; 83-7840, 1985 U.S. App. LEXIS 29703, at *12 (9th Cir. Mar. 11, 1985). The principal's ability to control the agent is essential. "An agent is one who "act[s] on the principal's behalf and subject to the principal's control. To form an agency relationship, both the principal and the agent must manifest

Page 6 -    THIRD-PARTY DEFENDANT DIGICEL USA, INC.'S
MOTION TO DISMISS UPM TECHNOLOGY, INC.'S
AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

assent to the principal's right to control the agent." *Id.*, citing *Restatement (Third) Agency § 1.01*. Another "essential characteristic of an agency is the power of the agent to commit his principal to business relationships with third parties. An agent can by nature bind his principal to a transaction with a third person. ***A party without this capacity to bind the principal is not an agent***." *Whisper Soft Mills, Inc. v. NLRB*, Nos. 83-7717; 83-7813; 83-7840, 1985 U.S. App. LEXIS 29703, at *12 (9th Cir. Mar. 11, 1985) (internal citations omitted) (Emphasis added).

Viewing the allegations of the Counterclaim in light of these established standards and in the light most favorable to UPM, the abject lack of factual support for the existence of an agency relationship between Digicel Haiti and Digicel USA mandates Digicel USA's immediate dismissal. *See Woodard v. Labrada*, No. EDCV 16-00189-JGB (SPx), 2016 U.S. Dist. LEXIS 82849, at *16-18 (C.D. Cal. May 12, 2016) (granting defendants' motion to dismiss where plaintiff failed to allege facts sufficient to show defendants had an agency relationship with co-defendant). In keeping with multiple Ninth Circuit rulings, the *Woodward* court found that dismissal was required where plaintiffs failed to allege facts sufficient to establish an agency relationship between co-defendants and the primary defendant. Where plaintiff alleged no facts indicating that the co-defendants furthered the primary defendant's misconduct, dismissal of the co-defendants was necessary. *Id.* Here too, for the very same reasons, dismissal is warranted.

In its Amended Counterclaim, UPM summarily declares that Digicel USA acts as Digicel-Haiti's agent with respect to offering to carry calls from the United States to Haiti. Specifically, UPM alleges that:

> 222. Digicel-USA acts as Digicel-Haiti's agent with respect to offering to carry telephone calls from the United States to Haiti, such that Digicel-USA and Digicel-Haiti are both common carriers within the meaning of the Act. Specifically:
>
> a. Digicel-Haiti takes steps to ensure, and purports to require, that inbound international calls from the United States be routed via Digicel-USA.

Page 7 -    THIRD-PARTY DEFENDANT DIGICEL USA, INC.'S
MOTION TO DISMISS UPM TECHNOLOGY, INC.'S
AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

b.  Digicel-Haiti dictates the price to be charged to third party carriers for calls that Digicel-USA carries from the United States to Haiti.

c.  Digicel-Haiti ultimately receives the entirety of the charge to third party carriers for delivering calls to Haiti, with small cost-allocation-based compensation to Digicel-USA, such that the economic substance of the transaction is that Digicel-Haiti is paid the demanded rate for the service.

[ECF 202 at ₽ 222].  Ultimately, UPM's conclusory allegations outline its misconstrued assumptions regarding the business relationship between Digicel USA and Digicel Haiti.  Even so, the facts required to allege a true principal/agent relationship are conspicuously absent—and *cannot be truthfully alleged*.  For example, there are no allegations of control over Digicel USA or that Digicel USA can bind Digicel Haiti to obligations with third parties.  In fact, in its own answer UPM admits that as far as UPM's VoIP calling is concerned, Digicel USA is not even involved in the relevant call transmission.  [ECF 202 at 28 ("Defendants admit that Digicel-USA switches will not generate a CDR with respect to a call that does not traverse those switches . . .")].  Conversely, Digicel USA in no way could have or did take any actions that helped further Digicel Haiti's alleged misconduct of disconnecting the SIM cards obtained by UPM.  To allege so would be entirely implausible because it has been previously established, after much argument, that Digicel Haiti solely operates in the Haiti, identified and disabled the SIM cards from Haiti, and did not have contact with or assistance from a US based entity to do so.  [*ECF* 188, dismissing Digicel Haiti's RICO claim for lack of contact with or damages incurred in the United States.][4]

---

[4] Digicel Haiti believes the inconsistency in UPM's arguments that on the one hand that Digicel Haiti should be subject to Communications Act claims, but on the other hand, Digicel Haiti's RICO claim should have been dismissed from its absolute lack of contact with or damages incurred in the United States is problematic.  After review of the Court's Order on Digicel Haiti's Motion to Dismiss the Communications Act Claims, ECF 154, it elected to forgo renewing that argument in yet another Rule 12(b)(6) motion.  Instead, Digicel  will rely on its affirmative defenses and the Court's continuing ability to review its subject-matter jurisdiction as it relates to

Page 8 -    THIRD-PARTY DEFENDANT DIGICEL USA, INC.'S
              MOTION TO DISMISS UPM TECHNOLOGY, INC.'S
              AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Where neither of the two main indicators of an agency relationship are alleged (and cannot be alleged in good faith), the Court should not permit Digicel USA to be further prejudiced by the whims of UPM's conclusory and deficient allegations.

## III.    Conclusion

Based on the foregoing, Digicel USA respectfully requests the Court dismiss Digicel USA from this action with prejudice.

Respectfully submitted,

By:     /s/ Robert C.L. Vaughan

SCHWABE, WILLIAMSON & WYATT, P.C.

Richard K. Hansen, OSB #832231
Telephone: 503.796-2958
Facsimile: 503.796.2900

*Attorneys for Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti and Digicel USA, Inc.*

KIM VAUGHAN LERNER LLP
Robert C. L. Vaughan (*Pro Hac Vice*)
Cherine Smith Valbrun (*Pro Hac Vice*)
Leah B. Storie (*Pro Hac Vice*)
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone:        (954) 527-1115
Facsimile:        (954) 527-1116
E-mail: rvaughan@kvllaw.com

*Attorneys for Counterclaim Defendants, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti; and Third-Party Defendant Digicel USA Incorporated*

---

these claims.

Page 9 -     THIRD-PARTY DEFENDANT DIGICEL USA, INC.'S MOTION TO DISMISS UPM TECHNOLOGY, INC.'S AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of December 2019, I caused to be served a copy of the foregoing **THIRD-PARTY DEFENDANT DIGICEL USA, INC.'S MOTION TO DISMISS UPM TECHNOLOGY, INC.'S AMENDED COUNTERCLAIMS** on the following person via the Court's CM/ECF electronic service system:

Eleanor A. DuBay, OSB #073755
edubay@tomasilegal.com
Tomasi Salyer Martin
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204-3136
Telephone: (503) 894-9900

*Attorneys for Counterclaim Plaintiff*

Christopher W. Savage (*Pro Hac Vice*)
chrissavage@dwt.com
Davis Wright Tremaine LLP
1919 Pennsylvania Ave. NW Ste. 800
Washington DC 20006-3401
Tel: (202) 973-4200

*Attorneys for Counterclaim Plaintiff*

/s/ Robert C.L. Vaughan
Robert C.L. Vaughan

Page 1-CERTIFICATE OF SERVICE