**Richard K. Hansen**
Email: rhansen@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.796.2958
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
Kim Vaughan Lerner LLP
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone: 954.527.1115
Facsimile: 954.527.1116

Attorney for Counterclaim Defendants, Unigestion
Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti;
and Digicel USA Incorporated

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDINGS, S.A.,** a foreign corporation, d/b/a **DIGICEL HAITI**, <br>        *Plaintiff,* <br><br>   vs. <br><br> **UPM TECHNOLOGY, INC. d/b/a UPM TELECOM, INC.,** and **UPM MARKETING, INC.,** an Oregon corporation; <br> **UPM TELECOM, INC.,** an Oregon a/b/n; <br> **UPM MARKETING, INC.,** an Oregon a/b/n; **BEN SANCHEZ a/k/a BEN SANCHEZ MURILLO,** a foreign individual; **BALTAZAR RUIZ,** a foreign individual, and **TYLER ALLEN**, a foreign individual, <br>       *Defendants;* | No. 3:15-cv-00185-SI <br><br> **THIRD-PARTY DEFENDANT, DIGICEL USA, INC.'S, REPLY IN SUPPORT OF MOTION TO DISMISS UPM TECHNOLOGY, INC'S AMENDED COUNTERCLAIMS** |

Page 1 - DIGICEL USA INC.'S REPLY IN
      SUPPORT OF MOTION TO DISMISS

**UPM TECHNOLOGY, INC.,** an Oregon corporation;

    *Counterclaim Plaintiff,*

  vs.

**UNIGESTION HOLDINGS, S.A.,** a foreign corporation, d/b/a **DIGICEL HAITI**; and **DIGICEL USA, INC.** a Delaware corporation;

    *Counterclaim Defendant and Third-Party Defendant.*

## THIRD-PARTY DEFENDANT, DIGICEL USA'S, REPLY IN SUPPORT OF MOTION TO DISMISS UPM'S TECHNOLOGY, INC'S AMENDED COUNTERCLAIMS

Third-Party Defendant, DIGICEL USA, INC. ("Digicel USA"), by and through its undersigned counsel, hereby files its Reply in Support of its Motion to Dismiss UPM TECHNOLOGY'S Amended Counterclaim(s) against Digicel USA [ECF 202] ("Counterclaim").

UPM, in its Response in Opposition ("Opposition") [ECF 209], argues that its failure to allege any wrongdoing on the part of Digicel USA is "beside the point." ECF 209 at 6. However, this tacit admission that UPM failed to allege any conduct for which liability can be imposed on Digicel USA is, in fact, the ultimate point. The Counterclaim is void of any allegations regarding Digicel USA that amount to more than it performed its contract duties to another, entirely separate entity that has some level of common ownership. These sparse allegations do not reach the pleading standards required to hold Digicel USA hostage to this litigation any longer. Furthermore, the absence of a specific cause of action against Digicel USA makes the Counterclaim impossible to defend. More important, any Communication Act claim by UPM against Digicel USA is barred by the statute of limitations.

Page 2 - DIGICEL USA INC.'S REPLY IN
   SUPPORT OF MOTION TO DISMISS

**LEGAL ARGUMENT**

**I.    UPM's Claim Against Digicel USA is Barred by the Statute of Limitations**

While it was unclear from the Counterclaim, based on UPM's Response it can now be assumed that UPM is seeking to hold Digicel USA responsible for a violation of 47 U.S.C. 201. Inexplicably, UPM has never alleged this claim against Digicel USA prior to its last pleading [ECF 202], and therefore the claim is barred by the applicable statute of limitations.[1]  Pursuant to 47 U.S.C 415(b) there is a two (2) year limitation on Communications Act claims seeking damages. 47 U.S.C. 415(b).  This limitation applies to Section 201 claims brought in federal district courts. *US West, Inc. v. Business Discount Plan, Inc.*, 196 F.R.D. 576, 2000-2 Trade Cas. (CCH) P73098 (D. Colo. 2000).  UPM has consistently argued and alleged throughout this action that it ceased its activity in Haiti in 2014; five (5) years before it brought this claim against Digicel USA.  ECF 202 at ¶ 167 ("Defendants state that UPM ceased its operations in Haiti during 2014.").[2]  This is well over double the time allowed by 47 U.S.C. 215(b).  Accordingly, Digicel USA must be dismissed from this action with prejudice.[3]

**II.    UPM's Response Does Not Address its Failure to Meet Pleading Requirements**

Regardless of the excuses set forth in UPM's Counterclaim does not provide any fact-based allegations necessary to maintain Digicel USA as a party to this action.  On the face of the Counterclaim it is undiscernible as to which claim Digicel USA is even a "defendant."  In

---

[1] The fact that this claim is now alleged for the first time against Digicel USA creates severe prejudice as it relates to the operative Scheduling Order and the parties' ongoing discovery efforts. At the time these were put into place, the only count against Digicel USA had been dismissed. Allowing this claim to go forward, despite its delayed entry into this litigation, presents a new claim raised for the first time against a new counter-defendant.

[2] Any attempt by UPM to argue that there is "continued activity" allowing this late pleading against Digicel USA should be precluded where UPM is adamant that it has not been active in Haiti since 2014, and therefore, could not be the victim of any activity causing damages since that year.

[3] This further supports the argument that UPM should not be permitted to replead, which is discussed further later in the brief.

Page 3 - DIGICEL USA INC.'S REPLY IN
          SUPPORT OF MOTION TO DISMISS

hindsight, and with the benefit of Digicel USA's arguments supporting dismissal, through its Opposition, UPM seems to suggest that Digicel USA should be a defendant in the Communications Act (Section 201) claim. However, UPM is non-committal even in its Opposition, vacillating between generally referring to its "Communication Act claims" while only mentioning that Digicel USA should be included in its count bottomed on Section 201. The applicable pleading standards and general processes of litigation do not allow for this type of posturing. UPM's pattern of including numerous generalized and conclusory allegations in its pleadings, failing to specify the claim for which it is seeking relief, and then, on the backend through briefing, selecting which claim it would like to pursue is not how litigation works. The Counterclaim fails to indicate any cause of action against Digicel USA, and Digicel USA must be dismissed.[4]

In further irreverence to the pleading and discovery process, UPM repeatedly suggests throughout its Opposition that it expects "discovery will permit UPM to flesh out in more fact-specific detail additional aspects of Digicel USA's activities . . ." ECF 209 at 6. This is categorically not how litigation and pleading work. These types of fishing expeditions, kicked off by over-generalized, conclusory allegations, are exactly what Rule 8 and the relevant case law seek to prevent. UPM did not and cannot make any allegations of any wrongdoing, either unjust or unreasonable, on behalf of Digicel USA. Simply put, Digicel USA must be dismissed from this action.

---

[4] UPM asks the Court to allow it to yet again replead its claims if Digicel USA is dismissed. At this stage, amendment should not be permitted. UPM has had innumerable opportunities to adequately allege a claim against Digicel USA. Its most successful attempt, including Digicel USA in the Sherman Act claims, was categorically rejected. In the most recent Counterclaim, UPM simply left Digicel USA's names in the caption and general allegations about its shared ownership with Digicel Haiti to see if it could get the Court to bite. It is now apparent that amendment would be futile and, therefore, should not be allowed.

Page 4 - DIGICEL USA INC.'S REPLY IN
       SUPPORT OF MOTION TO DISMISS

### III.    UPM's Opposition Confirms that Digicel Haiti and Digicel USA Share a Mere Business Relationship

UPM's own characterization of Digicel Haiti and Digicel USA's relationship highlights the applicability of *Aquilina* to the analysis of Digicel USA's motion to dismiss. *See Aquilina v. Certain Underwriters at Lloyd's Syndicate #2003*, No. 18-00496-ACK-KJM, 2019 U.S. Dist. LEXIS 165866 (D. Haw. Sep. 26, 2019). In its Opposition UPM lists the allegations it thinks establish an agency relationship that allows Digicel USA and Digicel Haiti to be treated interchangeably; even though, nowhere in its Counterclaim does UPM allege that Digicel USA and Digicel Haiti are interchangeable. UPM emphasizes Digicel USA's ownership of the switches, and that Digicel Haiti sets the prices for the calls that go through the switches, which applied to UPM's Roam Like Your Home ("RLYH") calls. ECF 209 at 8. This is precisely the business relationship that Aquilina describes as being inadequate to establish agency and interchangeable liability. Digicel USA owns its own switches. Digicel Haiti contracts with Digicel USA to switch its calls from the United States. UPM's own description of the Digicel Haiti and Digicel USA's interactions describes a standard, contractual relationship.

Lastly, UPM's Opposition makes inaccurate assumptions about how Digicel USA is compensated that are not grounded in any allegations set forth in any pleading. UPM inaccurately states that "Digicel Haiti dictates the price that Digicel USA will charge third parties for switching and carrying calls to Haiti." ECF 209 at 8. UPM cites to paragraph 222 of the Counterclaims as support. This is not only inaccurate, but it contradicts the allegations of the Counterclaims as they are entirely silent as to the notion that Digicel USA is the party that charges third parties for switching or carrying calls. In fact, the Counterclaim supports the notion that Digicel Haiti sets its own rates and Digicel USA is merely paid by Digicel Haiti for its switching services. ECF 202 at ¶222. If this is the harbinger for UPM's agency argument, it is not only insufficient, it is also

Page 5 - DIGICEL USA INC.'S REPLY IN
     SUPPORT OF MOTION TO DISMISS

inaccurate and absent from the Counterclaim allegations. Overall, UPM's agency allegations are insufficient and implausible.

Finally, through its Opposition, but nowhere in its Counterclaims, UPM improperly and inaccurately argues that Digicel Haiti "directs" Digicel USA to "charge" third parties when it sends calls to Haiti, and this evidences Digicel USA's ability to "bind" Digicel Haiti. ECF 209 at 9. While the ability of one party to bind another is a hallmark of an agency relationship, its characterization of Digicel Haiti and Digicel USA's relationship in this regard is entirely fiction that is not supported by any allegation of the Counterclaim. Rather, this falsity is merely a last-ditch argument of counsel that is outside the four corners of the Counterclaim, and accordingly, should not be considered by the Court.[5]

## IV.    UPM's Reliance on *AT&T Corp. v. FCC* is Irrelevant and Unhelpful

UPM relies heavily on *AT&T Corp. v. FCC,* 317 F.3d 277 (D.C. Cir. 2003) to prop up its haphazard argument that Digicel USA is a proper party to this action. Even a cursory review of *AT&T* shows that this reliance is misplaced. *AT&T Corp. v. FCC* is so wildly different from the facts at issue here that the Court should dismiss its analysis out-of-hand. In *AT&T Corp. v. FCC*, AT&T one carrier, Atlas, was found to have created, from whole cloth, a "sham entity solely in order to increase the rates charged to AT&T." *Id.* at 230.[6] In its attempt to build parallels between *AT&T* and this instant matter, UPM overstates, to the point of distortion, that *AT&T* stands for the broad proposition that inter-company arrangements can be in violation of Section 201 where the

---

[5] This assertion made by UPM in its Opposition is false. For the purposes of the motion before the Court it is more important to note that this argument is outside what can be considered by the Court because this is not included in the Counterclaim. In other words, it is not an allegation UPM could make in good faith. However, Digicel USA emphasizes the inaccuracy of this claim.

[6] The opinion goes on to describe in detail the "close relationship" between Atlas, and the carrier it created, Total. It is crystal clear that this case provides no aid to the Court in its evaluation of Digicel USA's motion to dismiss.

effect is to force customers to pay excessive rates.  ECF 209 at 6.  However, UPM's own (mis)characterization of the case, still does not remotely apply to the relationship between Digicel Haiti and Digicel USA.  Digicel USA does nothing to cause other carriers to pay excessive rates. Most significantly, <u>nothing of the like is alleged in the Counterclaim</u>.

Digicel USA, as alleged in both the Third Amended Complaint [ECF 200] and UPM's Counterclaim [ECF 202], merely provides contracted switching services for Digicel Haiti.  Digicel USA does not participate in pricing and even the switching service it provides does not cause carriers to pay varying or excessive rates.  As alleged, Digicel USA's switches produce call reports for Digicel Haiti, and the resulting billing functions and interactions with third-party carriers are handled by Digicel Haiti. ECF 200 at ⁋ 39.  Unlike in *AT&T*, Digicel USA is paid by Digicel Haiti, not the other carrier.  There is not even an opportunity for Digicel USA to cause other carriers to pay excessive rates.  Here *AT&T* is unavailing and provides no support for UPM's inadequate pleadings or Digicel USA's presence in this case.

## V.    <u>Conclusion</u>

Based on the foregoing, Digicel USA respectfully requests the Court dismiss Digicel USA from this action with prejudice.

Respectfully submitted,

By:    /s/ Richard K. Hansen

SCHWABE, WILLIAMSON & WYATT, P.C.
Richard K. Hansen, OSB #832231
1211 SW 5th Ave., Suite 1900
Portland, OR 97201
Telephone: 503.796-2958
Facsimile: 503.796.2900
Email: RHansen@Schwabe.com

KIM VAUGHAN LERNER LLP
Robert C. L. Vaughan (*Pro Hac Vice*)
Cherine Smith Valbrun (*Pro Hac Vice*)
Leah B. Storie (*Pro Hac Vice*)
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone:       (954) 527-1115
Facsimile:        (954) 527-1116
E-mail: rvaughan@kvllaw.com

*Attorneys for Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti and Digicel USA, Inc.*

*Attorneys for Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti and Digicel USA, Inc.*

Page 8 - DIGICEL USA INC.'S REPLY IN
        SUPPORT OF MOTION TO DISMISS

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of December, 2019, I caused to be served a copy of

the foregoing **DIGICEL USA INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS** on

the following person via the Court's CM/ECF electronic service system:

Eleanor A. DuBay, OSB #073755
edubay@tomasilegal.com
Tomasi Salyer Martin
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204-3136
Telephone: (503) 894-9900

Christopher W. Savage (*Pro Hac Vice*)
D.C. Bar No. 362657
chrissavage@dwt.com
Davis Wright Tremaine LLP
1919 Pennsylvania Ave. NW Ste. 800
Washington DC 20006-3401
Tel: (202) 973-4200

*Attorneys for Counterclaim Plaintiff*

*Attorneys for Counterclaim Plaintiff*

/s/ Robert C.L. Vaughan_____
    Robert C.L. Vaughan

Page 1 – CERTIFICATE OF SERVICE