**Anne M. Talcott**, OSB #965325
Email:  atalcott@schwabe.com
**Kathryn E. Kelly**, OSB #175162
Email:  kkelly@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
KIM VAUGHAN LERNER LLP
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone: 954.527.1115
Facsimile: 954.527.1116

Attorney for Plaintiff, Unigestion Holdings, S.A.,
a foreign corporation, d/b/a Digicel Haiti

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNIGESTION HOLDINGS, S.A.,** a foreign corporation, d/b/a **DIGICEL HAITI,**<br><br>*Plaintiff,*<br><br>vs.<br><br>**UPM TECHNOLOGY, INC. d/b/a UPM TELECOM, INC,** and **UPM MARKETING, INC.,** an Oregon corporation;<br>**UPM TELECOM, INC.,** an Oregon a/b/n;<br>**UPM MARKETING, INC.,** an Oregon a/b/n; **BENJAMIN SANCHEZ a/k/a BENJAMIN SANCHEZ MURILLO,** an Oregon resident; **BALTAZAR RUIZ,** an Oregon resident; **TYLER ALLEN,** an Oregon resident; and **DUY TRAN a/k/a BRUCE TRAN,**<br><br>*Defendants.* | No. 3:15-cv-00185-SI<br><br>**PLAINTIFF, UNIGESTION HOLDINGS, S.A.'S, MOTION FOR LEAVE TO AMEND TO ADD AFFIRMATIVE DEFENSE** |

Page 1 -    PLAINTIFF'S MOTION TO AMEND TO ADD
AFFIRMATIVE DEFENSES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

PDX\128154\201374\AMT\31294282.1

**UPM TECHNOLOGY, INC.,** an Oregon corporation;

       *Counterclaim Plaintiff,*

**vs.**

**UNIGESTION HOLDINGS, S.A.,** a foreign corporation, d/b/a **DIGICEL HAITI**; and **DIGICEL USA, INC.** a Delaware corporation;

       *Counterclaim Defendant and Third-Party Defendant.*

## LR 7-1 CERTIFICATION

Pursuant to Local Rule 7-1(a), Plaintiff, Unigestion Holdings, S.A. ("Digicel Haiti") states that its counsel conferred by telephone on July15, 2021, with counsel for Defendants regarding this motion.  Defendants responded that they would only agree to the amendment if Plaintiff too agreed to let Defendants amend to add an affirmative defense of statute of limitations.  For reasons set forth below, Plaintiff could not agree to this proposal because it believes in good-faith that Defendants waived their statute of limitations defense.  This is particularly relevant where Plaintiff has relied on Defendants' continued representations throughout this litigation that UPM's activities in Haiti began in earnest in 2014, with some very limited exploratory activity in 2011.  Ultimately, the parties made a good-faith effort to resolve the issues raised in this motion but were unable to do so.

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND
### TO ADD AFFIRMATIVE DEFENSE

Plaintiff Digicel Haiti, by and through the undersigned counsel, pursuant to Fed. R. Civ. P. 15(a)(2) and LR 15, hereby respectfully moves the Court for leave to amend its Answer [ECF 207] to add the affirmative defense of Statute of Limitations based on evidence recently

Page 2 -    PLAINTIFF'S MOTION TO AMEND TO ADD
       AFFIRMATIVE DEFENSES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

PDX\128154\201374\AMT\31294282.1

disclosed by Defendants during discovery.  A true and correct copy of the proposed amendment is attached as Exhibit A to this motion.  The amendment can be found at paragraph 12 of the affirmative defenses.  Ex. A at 26.

### FACTUAL BACKGROUND

Throughout this litigation UPM has stridently maintained that it "provided calling to Haiti . . .during the period from approximately March 2014 through approximately December 2014."  ECF 202 at ⁋ 288.  This representation is confirmed throughout UPM's 49-page Answer and Counterclaims, ECF 202, where it consistently references "2014 through the present" as the relevant time frame pertaining to its answers and counterclaim allegations.  *See generally ECF 202*.

Upon review of documents recently produced by UPM and communications with UPM's counsel, it is *now* apparent that UPM's activity in Haiti began in mid-2011, several years earlier than previously represented, and the activity that took place in 2011 and 2012 went well beyond basic "testing" of the market.  Documents produced by the Defendants unambiguously confirm that UPM was operating gateways in Haiti in 2011, and it knew Digicel SIM cards were being blocked as early as 2011.[1]  One such document evidencing this knowledge is document bates No. UPM000771, a December 2, 2011, email sent to Tyler Allen, one of the co-defendants.  In the email a member of UPM management suggests that UPM take advantage of Digicel Haiti rate promotions due to the frequency with which SIMs were being blocked.  A true and correct copy of this email communication is attached as Exhibit 1 to the supporting Declaration of

---

[1] Paragraph 291 of the Answer and Counterclaims mentions "certain activities" in 2011 "in the nature of market exploration" that were "terminated in 2011 shortly after they began."

Page 3 -     PLAINTIFF'S MOTION TO AMEND TO ADD
             AFFIRMATIVE DEFENSES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

PDX\128154\201374\AMT\31294282.1

Robert C.L. Vaughan ("Vaughan Decl."). Additional documents disclosed in discovery further substantiate this timeline.

This newly confessed timeframe now subjects UPM's counterclaims to the potentially claim dispositive affirmative defense of Statue of Limitations. Under The Communications Act, "all complaints against carriers for the recovery of damages . . . shall be filed . . . within two years from the time the cause of action accrues, and not after…. 47 U.S.C. § 415. Furthermore, federal courts have held that where a party brings state law claims in conjunction with Communications Act claims, the two-year statute of limitations set forth in 47 U.S.C § 415 should also be applied to the state law claims. "[P]utative state law claims are in fact governed by the federal statute of limitations set out in § 415(b)." *See MFS Int'l, Inc. v. Int'l Telcom Ltd.*, 50 F. Supp. 2d 517, 520 (E.D. Va. 1999)(*referencing e.g., Hofler v. Am. Tel. & Tel. Co.*, 328 F. Supp. 893, 894 (E.D. Va. 1971); *Ward v. N. Ohio Tel. Co.*, 251 F. Supp. 606, 611 (N.D. Ohio 1966), aff'd, 381 F.2d 16 (6th Cir. 1967). Where UPM knew in 2011 that the SIM cards it was using for bypass were being "blocked", the statute of limitations ran in 2013, well before any Communications Act claim or state law claim was ever filed in this case.

UPM's knowledge of blocking activity started the clock on the statute of limitations. UPM's allegations explicitly specify the blocking of SIM cards as the basis of its Communications Act and state law claims, encompassing the entirety of UPM's counterclaims and requests for recovery of damages. See ECF 202, First Counterclaim, Counts I – V at 48-52. Specifically, UPM alleges that "Digicel-Haiti's actions in blocking the use by UPM of SIM cards. . .constitutes "unreasonable discrimination' against UPM," and constitutes an "unjust or unreasonable charge, practice, classification or regulation." *See ECF 202* at ₱₱ 330, 334, 338, 342, and 348. UPM filed its first iteration of its Communications Act claims in its original

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

PDX\128154\201374\AMT\31294282.1

Answer and Counterclaims on March 1, 2016.  *See ECF 73*.[2]  Based on the first filing date of UPM's counterclaims, if UPM had knowledge of its alleged damages before March 1, 2014 (two years before the filing date), Counts I-V and its Second through Fifth Counterclaims are barred by the statute of limitations.  Documents recently produced by Defendants and the recent admissions through counsel make it crystal clear that UPM knew that the Digicel Haiti SIM cards being used for bypass operations were being blocked as early as December 2011.  Accordingly, based on this new evidence and information the applicable statute of limitations is claim determinative and Digicel Haiti should be permitted to amend to add this affirmative defense.

## LEGAL ARGUMENT

A party wishing to amend a pleading must obtain the written consent of the opposing party or leave from the court, and leave is freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  Fed. R. Civ. P. 15 "advises the court that 'leave shall be freely given when justice so requires.'"  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  The Ninth Circuit has instructed district courts to apply Fed. R. Civ. P. 15's policy of favoring amendments to pleadings with "extreme liberality."  *Id*.

The Supreme Court identified five factors (the "Foman Factors") for courts to consider in reviewing a motion for leave to amend: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance of the amendment; and

---

[2] Likewise, UPM's state law claims rely on the same activity, losses occurring from the blocking of SIM cards, as their basis for damages.  *See ECF 202, Second – Fifth Counterclaims*.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

PDX\128154\201374\AMT\31294282.1

(5) futility of amendment.  See *Foman v. Davis*, 371 U.S. 178 (1962).  "The Ninth Circuit has held that 'the consideration of prejudice to the opposing party . . . carries the greatest weight.'" *World Fuel Servs. v. Evergreen Helicopters, Inc.*, No. 3:16-cv-00504-SB, 2019 U.S. Dist. LEXIS 224517, at *11-12 (D. Or. Dec. 2, 2019); *citing Eminence Capital*, 316 F.3d at 1052.  "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under [Fed. R. Civ. P. 15(a)] in favor of granting leave to amend."  *Id.*

**I.**   **<u>Foman Factors 1 – 3 Are Not Present Here; Digicel Haiti Moved Diligently For Leave to Amend Upon Newly Discovered Evidence</u>**

There was no undue delay, bad faith, or repeated failure to cure deficiencies by amendment previously allowed on the part of Digicel Haiti.  The parties are still in the fact discovery period.  During the second half of June 2021, Digicel Haiti completed its initial review of UPM's document production.  Upon completion of that initial review, it became apparent that UPM's activities in Haiti pre-dated the March to December 2014 timeline as previously posited by Defendants.  The documents confirm that UPM was conducting *significant* bypass operations throughout the second half of 2011 through 2012 with knowledge that Digicel Haiti SIM cards were being blocked.  This activity went well beyond the initial "exploration" mentioned in Defendants' Answer.  *See ECF 202* at ¶ 291.  This recent—and significant—development was also one basis for the parties' most recent request to modify the scheduling order.  *See ECF* 212. As soon as the document review process confirmed that a statute of limitations defense applies, Digicel Haiti filed the instant motion.  There was no undue delay, bad faith, or failure to cure deficiencies where Digicel Haiti has never sought a prior amendment on this issue and the availability of this defense was only confirmed in the last two weeks.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

PDX\128154\201374\AMT\31294282.1

## II.     There is No Undue Prejudice to UPM

"Absent prejudice or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Bokenfohr v. Gladen*, No. 3:17-cv-01870-BR, 2018 U.S. Dist. LEXIS 89310, at *10-11 (D. Or. May 29, 2018); *citing Eminence Capital,* 316 F.3d at 1052.  UPM suffers no prejudice if Digicel Haiti is allowed to amend, and leave should be granted.

Here UPM's own conduct, as confirmed through its document production, is the basis for this amendment.  After over six years of litigation, Digicel Haiti has just learned through discovery that the statute of limitations may bar all counterclaims, and therefore it is the party that has been prejudiced during this protracted litigation.  If Digicel Haiti had full [confirmed] knowledge of the timing of UPM's activities through either UPM's pleadings or representations to the Court, it would have included this defense in its initial Answer, sought further discovery regarding UPM's pre-2014 activity, or potentially filed case dispositive motions regarding all of UPM's counterclaims.

Digicel Haiti is seeking to amend within two weeks of confirming the applicability of the statute of limitations, and there is abundant time for UPM to respond to this defense throughout additional discovery and motions process.  There is no undue prejudice to UPM, and pursuant to Rule 15 and the Foman Factors the Court should allow Digicel Haiti leave to amend to include a statute of limitations defense.

## III.     Amendment is Not Futile Where It Involves A Case Dispositive Defense

Newly discovered evidence squarely proves that UPM knew its SIM cards were being blocked as early as 2011.  This evidence is sufficient to support the addition of a statute of limitations defense, and where a party demonstrates that a statute of limitations defense could

Page 7 -     PLAINTIFF'S MOTION TO AMEND TO ADD
             AFFIRMATIVE DEFENSES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

PDX\128154\201374\AMT\31294282.1

apply, amendment is not futile.  *See Allegro Corp. v. Only New Age Music, Inc.*, No. 01-790-HU, 2002 U.S. Dist. LEXIS 27449, at \*46 (D. Or. Oct. 4, 2002) (allowing amendment to add statute of limitations defense where opposing parties' claim was outside limitations period).  Amendment "is futile [only] 'if no set of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim.'" *Wisdom v. Centerville Fire Dist., Inc.*, 391 F. App'x 580, 583 (9th Cir. 2010)(*quoting Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988)).  "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Bokenfohr* at \*11; *citing AmerisourceBergen Corp. v. Dialysist West, Inc*., 465 F.3d 946, 957 (9th Cir. 2006) (*quoting Foman*, 371 U.S. at 182).

Here, Digicel Haiti has now obtained evidence that UPM knew SIM cards were blocked nearly 5 years before it first filed its counterclaims.  This is more than double the applicable two-year limitations period set by 47 U.S.C. ℙ 415.  Digicel Haiti should be permitted to amend to add a statute of limitations defense and pursue this defense to UPM's counterclaims.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 8 -    PLAINTIFF'S MOTION TO AMEND TO ADD
AFFIRMATIVE DEFENSES

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

PDX\128154\201374\AMT\31294282.1

## CONCLUSION

Based on the foregoing, Digicel respectfully requests that it be permitted to amend its Answer to include an affirmative defense of statute of limitations as to UPM's counterclaims.

Dated this 16ᵗʰ day of July, 2021.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By:  */s/ Anne M. Talcott*
     Anne M. Talcott, OSB #965325
     Email:  atalcott@schwabe.com
     Kathryn E. Kelly, OSB #175162
     Email:  kkelly@schwabe.com
     Telephone:  503.222.9981
     Facsimile:  503.796.2900

KIM VAUGHAN LERNER LLP

By:  */s/ Robert C.L. Vaughan*
     Robert C. L. Vaughan (*Pro Hac Vice*)
     Email:  rvaughan@kvllaw.com
     Cherine Smith Valbrun (*Pro Hac Vice*)
     Email:  cvalbrun@kvllaw.com
     Leah B. Storie (*Pro Hac Vice*)
     Email:  lstorie@kvllaw.com
     One Financial Plaza, Suite 2001
     Fort Lauderdale, FL  33394
     Telephone:  (954) 527-1115
     Facsimile:  (954) 527-1116

*Attorneys for Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti and Digicel USA, Inc.*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

PDX\128154\201374\AMT\31294282.1