**Kathryn P. Salyer**, OSB #883017
**Eleanor A. DuBay**, OSB #073755
**Blake Van Zile,** OSB #184672
ksalyer@tomasilegal.com
edubay@tomasilegal.com
bvanzile@tomasilegal.com
Tomasi Salyer Martin
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204-3136
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

**Christopher W. Savage**, D.C. Bar #362657
chrissavage@dwt.com
(Admitted *Pro Hac Vice*)
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006-3401
Telephone: (202) 973-4200
Facsimile: (202) 973-4499

    Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDING, S.A**., a foreign corporation, d/b/a **DIGICEL HAITI**, <br><br> Plaintiff, <br><br> v. <br><br> **UPM TECHNOLOGY, INC**., *et al.,* <br><br> Defendants & Counterclaim-Plaintiffs | Case No. 3:15-CV-00185-SI <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ADD AFFIRMATIVE DEFENSE AND CONDITIONAL MOTION FOR LEAVE TO ADD AFFIRMATIVE DEFENSE** |

Counterclaim plaintiff UPM Technology, Inc. ("UPM"), hereby: (a) opposes the

motion of Unigestion Holding S.A. ("Digicel-Haiti") (ECF #226) to amend its currently-effective

Answer (ECF #207) to add the affirmative defense of the Statute of Limitations, and (b)

conditionally moves for leave to amend its Third Amended Answer (ECF #202) to add the

Page 1 of 10 - DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO ADD AFFIRMATIVE DEFENSE AND CONDITIONAL MOTION FOR
LEAVE TO ADD AFFIRMATIVE DEFENSE
UPM-L1\00586825.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

affirmative defense of the Statute of Limitations. UPM's opposition and conditional motion are so intimately linked, both factually and legally, that both ease of presentation and judicial economy are served by including them in this single document.

## LOCAL RULE 7-1 CERTIFICATION

Pursuant to Local Rule 7-1(a), UPM states that its counsel conferred with counsel for Digicel-Haiti by telephone and by email regarding this motion. Counsel for Digicel-Haiti would not concur in this motion.

## UPM'S MOTION FOR LEAVE TO AMEND TO ADD AFFIRMATIVE DEFENSE

UPM objects to Digicel-Haiti's claim that it alone should be permitted to add a Statute of Limitations defense, but if the Court grants Digicel-Haiti's motion, UPM respectfully moves this Court for leave to amend *its* Answer and Counterclaims (ECF #202) to add the affirmative defense of Statute of Limitations. pursuant to Fed. R. Civ. P. 15(a)(2) and Local Rule 15. This motion is based on the facts and argument laid out below. A true and correct copy of the proposed amendments to UPM's Answer and Counterclaims is attached hereto as Exhibit A.

## ARGUMENT

### I.   DIGICEL-HAITI WILL NOT BE UNFAIRLY PREJUDICED IF IT CANNOT ASSERT A STATUTE OF LIMITATIONS DEFENSE

As the Court stated in the most recent telephone conference (held July 19, 2021), the goal in handling motions such as this one (and Digicel-Haiti's pending motion) is to reach a result that avoids unfair prejudice to either party. The way to achieve that goal here is either to permit both parties to amend their pleadings, or to permit neither of them to do so.[1] To see why

---

[1]   As Digicel-Haiti notes, the general framework for evaluating these motions was set out in *Foman v. Davis,* 371 U.S. 178, 182 (1962). The main factors relevant to a motion for leave to amend are: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of amendment." In the Ninth Circuit, "consideration of prejudice to the opposing party … carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). For this reason, our discussion here focuses on issues of prejudice, although we point to other factors where appropriate.

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

this symmetrical approach is the only fair one, it is necessary to lay out how the parties' understanding of the time periods relevant to this case has evolved over the course of the litigation.

This case started in July 2015 with Digicel-Haiti's complaint (ECF #1), which raised concerns about UPM's actions during 2014. It made no mention of earlier periods. That complaint was dismissed, and Digicel-Haiti filed an amended complaint (ECF #34) in August 2015. That document, too, focused on 2014 and made no mention of earlier periods. UPM's answer to the amended complaint, including its own counterclaims (ECF #73) (filed in March 2016), also focused on 2014 without addressing earlier periods.

In October 2016, more than a year into the case, Digicel-Haiti filed its Second Amended Complaint (ECF #104) ("SAC"). By this point, Digicel-Haiti had been apprised of the substance of UPM's claim that it violated the Communications Act for Digicel-Haiti to deauthorize UPM's SIM cards and keep UPM from using them to complete calls to Haiti. Digicel alleged:

> Upon information and belief, Defendants' bypass operations in Haiti date back to 2011. Defendants' ongoing unlawful activity is not isolated but rather is persistent and poses a continuing threat.

SAC at ¶ 168. Digicel-Haiti was thus the first party to put the pre-2014 period into issue.[2] This fact alone refutes any claim that Digicel-Haiti would be prejudiced without a Statute of Limitations defense.[3] A key purpose of a limitations period is to protect parties from having to

---

[2]    We refer to the "pre-2014 period" because the underlying facts show that UPM terminated a number of calls onto Digicel-Haiti's network in 2011 and 2012, but then did not do so again until 2014. *See infra.* Serendipitously, the limitations period for common law fraud (Digicel-Haiti's claim) and claims against carriers under the Communications Act (UPM's claim) is the same: two years. *See* O.R.S. § 12.100(1); 47 U.S.C. § 415(b). Applying a two-year limitations period to the July 2015 filing date of the Complaint means that conduct before July 2013 will not lead to liability for either party. For this reason, UPM does not contend that permitting either party to assert the Statute of Limitations would be "futile" within the meaning of *Foman. See* Digicel-Haiti Motion at 7-8.

[3]    Digicel-Haiti will of course be "prejudiced" in the sense that, without the Statute of Limitations, its potential damages increase. But that cannot constitute the kind of "prejudice" that justifies amending a
(note continued)…

Page 3 of 10 - DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO ADD AFFIRMATIVE DEFENSE AND CONDITIONAL MOTION FOR
LEAVE TO ADD AFFIRMATIVE DEFENSE
UPM-L1\00586825.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

present evidence about, and litigate the propriety of, conduct that is "too far" in the past – with "too far" defined by the applicable statute. Having *itself* brought pre-2014 conduct into the case, Digicel-Haiti can hardly claim to be prejudiced if it has to defend what *it* did during that same time frame.

UPM's pleading in response to the SAC did not dispute that UPM had been active in Haiti in 2011. To the contrary, UPM responded to Digicel-Haiti's allegation above as follows:

> Answering Paragraph 168, Defendants deny. In further response to the allegations of the first sentence of Paragraph 168, Defendants admit that UPM undertook certain activities to explore operation in Haiti during 2011 but did not continue those activities in any substantial way thereafter until it operated in Haiti briefly during 2014.

Answer and Counterclaims (ECF #127) at ¶ 168. Moreover, UPM affirmatively alleged this pre-2014 activity as part of its counterclaims:

> In addition, UPM engaged in activities in Haiti in 2011, in the nature of market exploration. Those activities were terminated 2011 shortly after they began and were not begun again until 2014, as alleged above.

*Id.* at ¶ 259. Both Digicel-Haiti and UPM repeated these allegations in their currently operative pleadings, filed in 2019 and 2020.[4]

As discussed below, discovery has revealed that UPM's pre-2014 activities were more extensive than it understood at the time it filed its counterclaims. But for Digicel-Haiti to claim that it has been prejudiced because it was somehow unaware until this spring that pre-2014 events were at issue is absurd. Its own 2016 pleading first put those events into play; UPM's 2017 counterclaims did the same, and both parties' subsequent pleadings continued to do so. And over the course of more than three years of pleadings, Digicel-Haiti never sought to assert the

---

…(note continued)

pleading; otherwise a Statute of Limitations defense could always be added by amendment, and never be waived.

[4]    These are Digicel-Haiti's Third Amended Complaint (ECF #200), at ¶ 168 and UPM's Answer and Counterclaims (ECF #202), at ¶¶ 167-168, 291.

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Statute of Limitations. It is now nearly *five years* from the time ***Digicel-Haiti*** put pre-2014 periods into the case in its Second Amended Complaint, and more than four years since UPM raised that time frame in its counterclaims. If waiting five years after the pre-2014 period was raised to assert the Statute of Limitations is not "undue delay," it is hard to imagine what "undue delay" would be. The pre-2014 period has been in the case since the fall of 2016, and throughout the intervening half-decade of pleading and re-pleading, neither party raised a Statute of Limitations defense. It is too late to claim the right to do so now.[5]

The lack of prejudice to Digicel-Haiti is particularly plain here because each party's legal claims focus on ***exactly the same facts.*** It is undisputed that UPM used SIM cards from Digicel-Haiti to terminate calls onto Digicel-Haiti's network in Haiti, either connecting directly to that network (for calls delivered to Haiti via the Internet) or reaching it indirectly, via arrangements in the United States (for calls delivered via resale of Digicel-Haiti's "Roam Like You're Home" service). Digicel-Haiti did not want UPM to terminate calls in these ways, and so cut off (deauthorized) the SIM cards UPM was using. This key pattern of events – whether occurring in 2011, 2012, or 2014 – is at the heart of each party's case. Digicel-Haiti says that what UPM did constituted common-law fraud. UPM says that what Digicel-Haiti did violated the federal Communications Act. The parties disagree about how the law applies, but the exact same facts are at issue in both parties' claims.

Given this, it would be bizarre to say that Digicel-Haiti can litigate the facts of what happened during the pre-2014 period against UPM, but that UPM cannot raise its own arguments about what law properly applies to those very same facts. That is, while Digicel-Haiti would not be prejudiced in any cognizable way if it cannot assert the Statute of Limitations,

---

[5] So, Digicel-Haiti's five-year lag in raising the Staute of Limitations constitutes "undue delay" under *Foman*. In addition, note that Digicel-Haiti failed to raise a Statute of Limitations defense in any of its pleadings in response to UPM's counterclaims – which were pled and re-pled as the case continued to evolve. From this perspective, Digicel-Haiti's failure to raise a Statute of Limitations defense constitutes a "repeated failure to cure deficiencies by amendments previously allowed." *Foman,* 371 U.S. at 182.

Page 5 of 10 - DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO ADD AFFIRMATIVE DEFENSE AND CONDITIONAL MOTION FOR
LEAVE TO ADD AFFIRMATIVE DEFENSE
UPM-L1\00586825.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

UPM will plainly be unfairly prejudiced if Digicel-Haiti is permitted to assert the Statute, but UPM is not.

The fact that neither party has previously raised a Statute of Limitations defense is particularly relevant here. Under normal rules of pleading, this means that both parties have waived their right to assert that defense. *See* Fed R. Civ. P. 8(c); *United States Postal Service v. American Postal Workers Union,* 893 F.2d 1117, 1122 (9th Cir. 1990) (Rule (c) "requires that a statute of limitations defense be pleaded or it is waived"); *Morrison v. Mahoney,* 399 F.3d 1042, 1046 (9th Cir. 2005) ("Under the Federal Rules of Civil Procedure, a party, with limited exceptions, is required to raise every defense in its first responsive pleading, and defenses not so raised are deemed waived." *McCoy v. Kazi,* 2010 U.S. Dist. LEXIS 150679 at [*47] (C.D. Cal. 2010) ("FRCP 8(c) requires a defendant to plead affirmatively the statute of limitations defense in the answer, otherwise the defense is waived"). A waiver can be set aside when appropriate, but Digicel-Haiti has not made a showing of cognizable prejudice, and so is not entitled to an amendment now.

## II.    IF DIGICEL-HAITI IS ALLOWED TO ADD A STATUTE OF LIMITATIONS DEFENSE, UPM MUST ALSO BE PERMITTED TO DO SO.

Digicel-Haiti bases its claim that it will be prejudiced on information that was supposedly recently revealed in discovery. *See* Digicel-Haiti Motion at 3-4. The discussion above shows that this simply cannot be true: from nearly the beginning of this litigation, each party's claims, while focusing on 2014, alleged that relevant events had occurred in 2011 as well. How can Digicel-Haiti claim to be surprised that its own factual allegations are true?[6]

That said, if facts revealed in discovery warrant permitting Digicel-Haiti to amend its pleadings, those facts equally warrant permitting UPM to do so. The history of discovery in

---

[6]    The absurdity of that position – claiming surprise that its own allegations appear to be true – raises a legitimate question as to whether Digicel-Haiti's position – insisting on the right to assert a Statute of Limitations defense against UPM, but refusing to agree that UPM may do so as well – reflects a "bad faith or dilatory motive" within the meaning of *Foman.*

Page 6 of 10 - DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO ADD AFFIRMATIVE DEFENSE AND CONDITIONAL MOTION FOR
LEAVE TO ADD AFFIRMATIVE DEFENSE
UPM-L1\00586825.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

this matter is therefore relevant. As of late 2019, even though  the case had been pending for some time, essentially no discovery had been undertaken. The Court may recall that the parties spent late 2018 and much of 2019 in (ultimately unsuccessful) mediation, and in September 2019 the Court dismissed UPM's antitrust claims and Digicel-Haiti's RICO claims. Following that ruling, and after repleading and sorting out some discovery disputes, discovery began to get underway in early 2020.[7] At that point, however, the COVID-19 pandemic occurred, delaying and disrupting the discovery process.

Nonetheless, in July 2020, Digicel-Haiti served a large (50+ question) document production request on UPM, and UPM began the process of reviewing and producing documents. Those discovery requests sought information from January 1, 2011 forward, and UPM duly produced documents from that date on. That process was ongoing at the time of a telephone conference with the Court (January 19, 2021), and was essentially completed earlier this year.[8]

Prior to this discovery process, neither UPM nor its counsel had reviewed UPM's documents in any detail. So, while (based on the pleadings) both parties were aware that some relevant activity had occurred during the pre-2014 period, it was not until recently that UPM and its counsel understood that the scope of UPM's pre-2014 efforts in Haiti. In practical terms, UPM (or at least its human representatives and counsel) learned about the scope of UPM's pre-2014 activity *later* than Digicel-Haiti did, because – as noted above – Digicel-Haiti has been alleging for nearly five years that there was significant pre-2014 activity in Haiti.  Digicel-Haiti evidently

---

[7]     Some discovery and related disputes remain. The parties are currently engaged in discussions and negotiations regarding all outstanding discovery matters, in an effort to present an agreed schedule that will permit final discovery to occur, and to present to the Court in an orderly and timely manner any disputes that the parties cannot resolve by negotiation.

[8]     *See* note 6, *supra.*

Page 7 of 10 - DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO ADD AFFIRMATIVE DEFENSE AND CONDITIONAL MOTION FOR
LEAVE TO ADD AFFIRMATIVE DEFENSE
UPM-L1\00586825.000

knew this by the fall of 2016. UPM did not realize it until this past spring.[9]

This more detailed understanding of what happened during the pre-2014 period, however, does not warrant any amendments to either party's pleadings. Digicel-Haiti cannot claim in July 2021 to be surprised to learn that UPM was operating in Haiti in 2011 when Digicel-Haiti alleged exactly that, in all of its pleadings from the fall of 2016 forward. Digicel-Haiti cannot claim in July 2021 that it is prejudicial or unfair to have to address UPM's Communications Act claims for pre-2014 periods when, since the fall of 2016, those claims have indicated that there was some relevant activity in 2011. And Digicel-Haiti cannot claim that it has a right to assert the Statute of Limitations when for the last five years it has failed, in pleading after pleading, to do so.

Instead, with its current motion (and its refusal to assent affording UPM symmetrical treatment), Digicel-Haiti is trying to have its cake and eat it, too. It evidently believes that applying its common-law fraud theory to UPM's actions in 2011 will garner additional damages, and so wants to litigate what happened back then. But it *also* wants to avoid any potential liability for itself, arising from what happened back then. This would plainly be unfair, unjust, and prejudicial to UPM. A key benefit of a limitations period is that it makes it unnecessary to litigate about old facts. Here, Digicel-Haiti wants to sacrifice that benefit and litigate the old facts, but not permit UPM to do the same thing.

Digicel-Haiti's claim of prejudice is particularly ironic in light of its recent admission that it has no relevant documentary evidence of any kind available for any period prior

---

[9] In some metaphysical sense, a corporate entity could be said to have "known" whatever was in its records, but for purposes of assessing potential prejudice in resolving the pending motions, what matters is what the relevant human beings reasonably subjectively knew. From that perspective, no human being could be expected to recall, eight years after the fact (that is, as of the parties' operative, 2019 pleadings) the details of what UPM, a multifaceted business enterprise, had done eight years earlier, in 2011, in a relatively small market. In this regard, in practical terms, one purpose of discovery in factually complicated cases is to permit the parties' human representatives to learn what the parties' own records show and, therefore, which issues to contest and which to admit or settle. *See Rivera v. NIBCO, Inc.,* 384 F.3d 822, 824 (9th Cir. 2004) (a basic purpose of discovery is to clarify issues and encourage settlement).

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

to 2018. In a recent letter, Digicel-Haiti's counsel confirmed something that had been somewhat vaguely alluded to in prior communications: due to a server crash, Digicel-Haiti has no, or virtually no, documents available that relate to any time prior to 2018. Counsel for Digicel-Haiti stated: "We have been informed that all emails communications that were archived in the client's servers were lost as a result of the server crash in 2018. [The few that were recoverable] were limited, post-dated the litigation, and were either irrelevant, privileged, or contained work-product." Letter from C. Valbrun to C. Savage dated July 16, 2021.[10] This means that the burden of laying out the facts of what happened during the pre-2014 period is going to fall on UPM, not on Digicel.

Considering all of this, UPM's preferred result is that neither party be permitted to amend its pleadings. This would be fair and reasonable for all the reasons described above. Both parties have known since Digicel-Haiti's Second Amended Complaint (five years ago) that pre-2014 events were at issue. Both parties focused on 2014 but asserted that some relevant activity had occurred in 2011. Documentary discovery regarding what happened during the pre-2014 period is essentially complete, and – taking Digicel-Haiti's claim of surprise at face value – both of them learned earlier this year that UPM's activities in Haiti in the pre-2014 period were more extensive than either party had thought.[11] Each party's legal arguments applicable to its and the other party's activity, during 2014 and during the pre-2014 period, will be the same (Digicel-Haiti says there was fraud; UPM says there were Communications Act violations).

In these circumstances, neither party will be unfairly prejudiced by leaving the

---

[10]    In an earlier communication, Digicel-Haiti indicated that its only information about how many SIM cards UPM purchased and what usage was made with them came from facts supplied by UPM to Digicel-Haiti. Counsel for Digicel-Haiti has indicated that she is confirming that indeed no documents at all from Digicel-Haiti are available for the pre-2018 period.

[11]    Put another way, the discovery process has done what it was supposed to do: clarified the facts relevant to the case. *See Rivera v. NIBCO, supra. See also Malek v. Green, Inc.,* 2018 U.S. Dist. LEXIS 144665, [*4] – [*5] (N.D. Cal. August 23, 2018) *quoting United States v. Meyer,* 398 F.2d 66, 71 (9th Cir. 1968) (noting that purposes of discovery include encouraging settlements, avoiding surprise, and, "basic to all others, to elicit truth essential to correct adjudication").

Page 9 of 10 - DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO ADD AFFIRMATIVE DEFENSE AND CONDITIONAL MOTION FOR
LEAVE TO ADD AFFIRMATIVE DEFENSE
UPM-L1\00586825.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

pleadings where they stand. But if only one party is allowed to assert a Statute of Limitations defense, that will plainly prejudice the other party. So, while UPM opposes Digicel-Haiti's motion to amend its pleadings, UPM submits that it would be manifestly unfair and prejudicial to UPM to permit Digicel-Haiti to assert the Statute of Limitations without permitting UPM to do so as well.[12]

## III.     CONCLUSION

For the reasons stated above, the Court should deny Digicel-Haiti's Motion to amend its pleadings to add a Statute of Limitations defense, but if the Court is inclined to grant Digicel-Haiti's motion, fairness requires that UPM also be permitted to do so.

Dated: July 30, 2021.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    Blake Van Zile, OSB #184672
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    bvanzile@tomasilegal.com
    Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    Telephone: (202) 973-4200
    *(Admitted Pro Hac Vice)*

Of Attorneys for Defendants

---

[12]    UPM notes that Digicel-Haiti's discussion of how the Communications Act's limitations period would work, *see* Digicel-Haiti Motion at 4-5, is beside the point. If the Court permits the parties to assert the Statute of Limitations, there will be time enough to litigate how those limitations period might apply to each party's claims.

Page 10 of 10 - DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO ADD AFFIRMATIVE DEFENSE AND CONDITIONAL MOTION FOR
LEAVE TO ADD AFFIRMATIVE DEFENSE
UPM-L1\00586825.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 30, 2021, I served the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ADD AFFIRMATIVE DEFENSE and CONDITIONAL MOTION FOR LEAVE TO ADD AFFIRMATIVE DEFENSE** on the following individuals by electronic service to said individuals:

Robert C.L. Vaughan
Cherine Smith Valbrun
Leah Storie
Kim Vaughan Lerner LLP
One Financial Plaza
100 SE Third Avenue • Suite 2001
Fort Lauderdale, FL 33394
Email: rvaughan@kvllaw.com
Email: cvalbrun@kvllaw.com
Email: lstorie@kvllaw.com

Anne M. Talcott
Kathryn E. Kelly
Schwabe, Williamson & Wyatt, PC
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Email: atalcott@schwabe.com
Email: kkelly@schwabe.com

Dated: July 30, 2021.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
   Kathryn P. Salyer, OSB #883017
   Eleanor A. DuBay, OSB #073755
   Blake Van Zile, OSB #184672
   ksalyer@tomasilegal.com
   edubay@tomasilegal.com
   bvanzile@tomasilegal.com
   Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
   Christopher W. Savage, D.C. Bar #362657
   chrissavage@dwt.com
   Telephone: (202) 973-4200
   *(Admitted Pro Hac Vice)*

Of Attorneys for Defendants