**Kathryn P. Salyer**, OSB #883017
**Eleanor A. DuBay**, OSB #073755
**Blake Van Zile,** OSB #184672
ksalyer@tomasilegal.com
edubay@tomasilegal.com
bvanzile@tomasilegal.com
Tomasi Salyer Martin
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204-3136
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

**Christopher W. Savage**, D.C. Bar #362657
chrissavage@dwt.com
*(Admitted Pro Hac Vice)*
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006-3401
Telephone: (202) 973-4200
Facsimile: (202) 973-4499

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDING, S.A**., a foreign corporation, d/b/a **DIGICEL HAITI**, | Case No. 3:15-CV-00185-SI |
| Plaintiff, | **DECLARATION OF ELEANOR A. DUBAY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ADD AFFIRMATIVE DEFENSE AND CONDITIONAL MOTION FOR LEAVE TO ADD AFFIRMATIVE DEFENSE** |
| v. | |
| **UPM TECHNOLOGY, INC**., *et al.,* | |
| Defendants & Counterclaim-Plaintiffs. | |

I, Eleanor A. DuBay, declare and state:

1.    I am one of the attorneys for Defendants in the above referenced action.

2.    I make this declaration in support of Defendant's Opposition to Plaintiff's

Motion to Add Affirmative Defense and Conditional Motion for Leave to Add Affirmative

Page 1 of 3 - DECLARATION OF ELEANOR A. DUBAY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ADD AFFIRMATIVE DEFENSE AND CONDITIONAL MOTION FOR LEAVE TO ADD AFFIRMATIVE DEFENSE

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Defense.  I make this supplemental declaration based on personal knowledge and my review of the records and files in this proceeding and public records referenced herein.  I am competent to testify if called to do so.

3.    Attached hereto and incorporated herein is a letter dated July 16, 2021 from Cherine Valbrun, attorney for Plaintiff, and addressed to Christopher Savage, one of Defendants' counsel.

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

Dated:  July 30, 2021.


By: /s/ Eleanor A. DuBay
      Eleanor A. DuBay, OSB #073755
      Portland, Oregon

Page 2 of 3 - DECLARATION OF ELEANOR A. DUBAY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ADD AFFIRMATIVE DEFENSE AND CONDITIONAL MOTION FOR LEAVE TO ADD AFFIRMATIVE DEFENSE



KIM VAUGHAN LERNER LLP

ONE FINANCIAL PLAZA • SUITE 2001
FORT LAUDERDALE, FLORIDA 33394
PHONE 954.527.1115 • FAX
954.527.1116
WWW.KVLLAW.COM
Cherine Valbrun, Partner
cvalbrun@kvllaw.com

Friday, July 16, 2021

**VIA EMAIL**

Eleanor A. DuBay
Kathryn P. Salyer
Blake Van Zile
TOMASI SALYER MARTIN
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204-3136
ksalyer@tomasilegal.com
edubay@tomasilegal.com
bvanzile@tomasilegal.com

Christopher W. Savage
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006-3401
chrissavage@dwt.com

      **Re:**   **Discovery**

Dear Chris:

      I was hoping we would have more time to meet and confer to ensure that all discovery has been satisfactorily answered, to discuss and resolve all outstanding objections to discovery requests, and to determine disputes as to specific requests or general concerns regarding the scope of discovery. Hopefully, we can make progress towards this in the coming days, and once this effort is complete we can then determine those, hopefully limited, issues that need to be taken up with the Court, first by telephone conference and, if necessary, through motions to compel discovery. Due to the extent and protracted nature of discovery in this matter, I believe it is best to consolidate the issues Plaintiff has raised throughout the case and request that we have a discussion prior to Monday's hearing if possible. Below is a list of the issues that we would like to discuss:

      1.     Based on our records, we have no written response to Plaintiff's most recent request for production. Please confirm that you are not withholding any responsive documents based on any objections or claim of work-product or attorney-client privilege.

EXHIBIT 1
Page 1 of 3

May 17, 2021
Page **2** of **3**

2.      Early in the litigation, Defendants agreed that they would produce documents that identify the individuals' roles and duties at UPM. This would include their job descriptions, along with any contracts, business plans, e-mails etc. that states their duties, position, or ownership interest.  To date the documents reviewed do not specify the contractual relationship between the individual defendants and UPM.  Please advise as to whether these exist or were withheld from production.

3.      As the parties have discussed, we believe that your proposed limitation on the scope of discovery remains flawed and ambiguous.  For example:

a.  As we previously stated, we do not agree to Defendants' attempt to limit responses to Haiti.  As we articulated to you, as a threshold matter, we believe that we are entitled to evidence that either proves or can lead to proof of activities that has damaged Plaintiff—which would include evidence of activities in other countries where such activities are directly or indirectly related to the activities in Haiti.   We believe that Defendants' activities outside of Haiti are relevant and can lead to the discovery of admissible evidence of compensatory and possibly even punitive damages as alleged.  If UPM's activities in other countries contributed or aided—directly or indirectly—their operation in Haiti, such as placing equipment in the Dominican Republic, these activities are relevant and responsive and discoverable.

b.  From the outset of this litigation Defendants steadfastly insisted that they *only* operated in Haiti during 2014.  Defendants have consistently restricted their responses accordingly.  That notwithstanding, Plaintiff maintained its requests for discovery going back to 2011.  Your recent productions clearly evidences activities from 2011 – 2015.  Please confirm that you have re-searched and produced **all** relevant and responsive documents going back to 2011 notwithstanding any prior responses limited to 2014.

4.      We have been informed that all emails communications that were archived in the client's servers were lost as a result of the server crash in 2018.  However, IT was able to search and retrieve email communications from some people that were available on their local machines.  These communications were limited, post-dated the litigation, and were either irrelevant, privileged, or contained work-product.  We will be preparing appropriate privilege logs.

5.      We have one laptop from a former employee that is inaccessible.  We have been and continue to work with an e-forensics firm to access and hopefully review its contents.  These efforts have thus far been unsuccessful but we wanted to disclose the existence of this device and the possibility that the data is irretrievable.  Without access to the data, we are unable to say if there is any relevant or responsive information.

6.      Currently neither party has produced a privilege log related to its production.  While the parties agreed that production of documents that post-dated the

May 17, 2021
Page **3** of **3**

filing of this litigation was unnecessary, we still need to agree upon a date from which the parties should produce privilege logs.

7.      Both parties indicated that they would like to take depositions.  As you know we have yet to agree on when and how those will occur.  We requested that UPM provide dates it will make Defendants, including corporate representatives of the corporate defendants, available for deposition.  Previously you have indicated that it may be "months" before some of the individual defendants will be available, if at all.  We need to address if this is still the case and how we can proceed.  Additionally, we should specifically discuss the depositions of the individual Defendants, Messrs. Sanchez, Ruiz, and Allen.  You previously indicated that you would provide stipulations from each Defendant as a substitution for deposition.  Presently we cannot agree to this offer.  As we have requested in the past, we require deposition dates for the following persons:

    i.   Ben Sanchez a/k/a Ben Sanchez Murillo
    ii.   Baltazar Ruiz 3. Tyler Allen
    iii.   Duy Tran a/k/a Bruce Tran
    iv.   Corporate Representative for UPM Technology, Inc. d/b/a UPM Telecom, Inc.
    v.   Corporate Representative for UPM Marketing, Inc.
    vi.   Corporate Representative for UPM Telecom, Inc.
    vii.   Corporate Representative for UPM Marketing, Inc.

8.      In accordance with the Court's directive, Plaintiff provided Defendants with a draft proposed stipulation of facts in hopes of narrowing the issues in the case.  We have not received a response to the proposed draft.  We believe an agreement on the stipulations would help narrow the issues related to discovery objections and the scope of depositions.  Please provide your comments regarding our proposed draft.

9.      Finally, it has been brought to our attention that the ongoing political unrest in Haiti following the assassination of the President, is making travel and access to employees difficult and unreliable.  At least for the short term, we should anticipate delays in communication and some challenges if travel and access to personnel is required.  We should plan accordingly.

Very truly yours,
*/s/ Cherine Smith Valbrun*_____
Cherine Valbrun

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2021, I served the foregoing **DECLARATION OF ELEANOR A. DUBAY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ADD AFFIRMATIVE DEFENSE AND CONDITIONAL MOTION FOR LEAVE TO ADD AFFIRMATIVE DEFENSE** on the following individuals by electronic service to said individuals:

Robert C.L. Vaughan
Cherine Smith Valbrun
Leah Storie
Kim Vaughan Lerner LLP
One Financial Plaza
100 SE Third Avenue • Suite 2001
Fort Lauderdale, FL 33394
Email: rvaughan@kvllaw.com
Email: cvalbrun@kvllaw.com
Email: lstorie@kvllaw.com

Anne M. Talcott
Kathryn E. Kelly
Schwabe, Williamson & Wyatt, PC
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Email: atalcott@schwabe.com
Email: kkelly@schwabe.com

Dated: July 30, 2021.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    Blake Van Zile, OSB #184672
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    bvanzile@tomasilegal.com
    Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    Telephone: (202) 973-4200
    *(Admitted Pro Hac Vice)*

Of Attorneys for Defendants

PAGE 1 – CERTIFICATE OF SERVICE
UPM-L1\00586777.000