**Anne M. Talcott**, OSB #965325
Email:  atalcott@schwabe.com
**Kathryn E. Kelly**, OSB #175162
Email:  kkelly@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
KIM VAUGHAN LERNER LLP
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone: 954.527.1115
Facsimile: 954.527.1116

       *Attorneys for Plaintiff, Unigestion Holdings, S.A.,*
       *a Foreign Corporation, d/b/a Digicel Haiti*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNIGESTION HOLDING, S.A.**, <br><br> Plaintiff & Counterclaim Defendant, <br><br> v. <br><br> **UPM TECHNOLOGY, INC**., *et al.* <br><br> Defendants and Counterclaim Plaintiff <br><br> v. <br><br> **UNIGESTION HOLDING, S.A.,** <br><br> Counterclaim-Defendant. | Case No. 3:15-CV-00185-SI <br><br><br> **PLAINTIFF, UNIGESTION HOLDINGS, S.A.'S, REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND TO ADD AFFIRMATIVE DEFENSE** |

UNIGESTION'S REPLY ISO MOTION FOR LEAVE TO
AMEND TO ADD AFFIRMATIVE DEFENSE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4842-2876-5172, v. 3

Defendants failed to present even one substantive legal argument against Digicel Haiti's request for leave to amend.  In their response, Defendants did not contend that Digicel failed to meet the requisite factors to be granted leave to amend, nor did they argue that the facts brought to light by newly discovered evidence do not warrant amendment.  Essentially, Defendants' response boils down to "if they get to, so should we."  Although this is not an "opposition" in the traditional sense, Digicel Haiti will address UPM's response here.  Because it disagrees that the issues are inextricably linked, Digicel will address UPM's "conditional motion for leave to amend" through a separately filed response in opposition to that request.

The key to UPM's business operation is to evade detection.  It operates in secret to infiltrate telecommunications networks and turn a profit at the expense of its unsuspecting host(s).  Consequently, the heart of this case is grounded in fraud—clandestine activities that were purposefully and systematically concealed from Digicel Haiti by UPM over the course of many years, and even continuing during the course of this litigation.  In essence, Digicel Haiti's fight against bypass was a fight against an unknown perpetrator until the 2014 arrests and confiscation of evidence alleged in the pleadings allowed it to identify UPM.  After this, Digicel Haiti moved swiftly to assert its claims through this litigation.

I.    **Defendants Cannot Disavow Knowledge of Their Own Activities**

Defendants seem to argue that because certain documents were just recently disclosed, then either Digicel Haiti should not be permitted to amend or both parties should be allowed to adjust their pleadings.  Defendants' response argues that "both of [the parties] learned earlier this year that UPM's activities in Haiti in the pre-2014 period were more extensive than either party had thought."  ECF 233 at 9.  This is a misstatement of fact as shown by the relevant new evidence.  Frankly, it strains credulity to suggest that *both* parties only just learned of UPM's activities earlier this year.  ***UPM and the individual Defendants were the parties engaging in these activities the***

Page 1 -    UNIGESTION'S REPLY ISO MOTION FOR LEAVE TO
            AMEND TO ADD AFFIRMATIVE DEFENSE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4842-2876-5172, v. 3

*entire time*!  These activities were not being carried out without UPM knowledge or consent.  In fact, UPM's 2011 activities required careful and methodical logistical, technical, and strategic planning by many branches and employees of UPM's company.  To say that UPM somehow just learned of its own activities is preposterous.

At best UPM's counsel appears to differentiate between counsels' knowledge and UPM's knowledge.  Assuming this to be true, and even affording counsel every professional courtesy and benefit of the doubt, the ultimate result remains the same—UPM and the individual Defendants knew that their fraudulent bypass efforts were being blocked in 2011, and therefore the statute of limitations has run on any claims UPM has brought under The Communications Act or Oregon state law.[1]   Contrary to counsel's previous representations—on the Defendants' behalf, and presumably at their instruction—UPM was actively and aggressively pursuing bypass operations in Haiti well beyond the time period previously represented to this Court and to Digicel Haiti in litigation.  The only party that will be prejudiced by denying amendment is the party from which this was being systematically concealed, Digicel Haiti.

## II.    Granting Digicel Haiti's Amendment Will Not Prejudice UPM

Allowing Digicel Haiti to amend is not inconsistent with denying UPM that same request.  UPM's argument that it should be allowed to amend merely because Digicel Haiti has identified newly discovered evidence presenting a new defense is insufficient to either oppose Digicel Haiti's request to amend or support the amendment sought by UPM.  Essentially, UPM would have this Court ignore the context of the newly discovered evidence presented by Digicel Haiti to support amendment or, alternatively, accept that context but nonetheless conclude that UPM, somehow, should not be imputed to have knowledge of its own operations.  That is neither logical nor "fair."

---

[1] UPM concedes that for the purposes of this litigation a two-year statute of limitations applies to all claims.  See ECF 233 at n. 2.

Page 2 -    UNIGESTION'S REPLY ISO MOTION FOR LEAVE TO
            AMEND TO ADD AFFIRMATIVE DEFENSE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4842-2876-5172, v. 3

Two factual issues raised in UPM's response/motion require further explanation. First, UPM suggests that Digicel Haiti first brought the 2011 time-period into issue and so must have been on notice. That is not entirely correct. In response to any allegations of bypass activities in 2011 during hearings and other discussions related to the relevant time period of UPM's activities, UPM's counsel routinely described these activities as "testing" or "exploratory" in nature. In fact, during the discovery process, UPM confirmed in response to interrogatories that UPM's counterclaims were limited to the period of 2014 to the present. Specifically, UPM stated that[2]:

- In response to interrogatory no. 3 of Plaintiff's First Set of Interrogatories to UPM: "… during 2014 (that is, during the time that UPM itself was involved in terminative calls to Haiti via resale of Digicel-Haiti's services)."

- In response to interrogatory no. 4 of Plaintiff's First Set of Interrogatories to UPM: "UPM only had SIM servers/SIM boxes (as it understands those terms) containing Digicel-Haiti SIM cards during 2014, in connection with UPM's operations regarding sending traffic to Haiti that year."

- In response to interrogatory no. 15 of Plaintiff's First Set of Interrogatories to UPM: "6. This per-month lost profit amount began in approximately May 2014 and continues to the present, a period of approximately 68 months as of the date of this answer UPM's lost profit damages under these assumptions, are therefore approximately 5441 million."

More importantly, not once was there any indication that during this time UPM knew its efforts were being blocked by Digicel Haiti—which would begin the statutory clock for its Communications Act claims.

Digicel Haiti, on the other hand, was fighting an unidentified enemy. Any suspicions regarding 2011 were disclosed in an effort to respond to the Court's inquiries during the extended back and forth related to properly amending the complaint, and Digicel Haiti only had actual knowledge of the limited information that was being revealed in real time or its good faith belief. Once Digicel Haiti reviewed documents ultimately produced by UPM confirming that UPM was

---

[2] *See* Responses of UPM Technology. Inc. to Plaintiff's First Set of Interrogatories, which were marked Confidential by UPM, and are attached hereto as Exhibit A pursuant to the Stipulated Protective Order.

Page 3 -    UNIGESTION'S REPLY ISO MOTION FOR LEAVE TO AMEND TO ADD AFFIRMATIVE DEFENSE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

in fact conducting bypass during 2011 *and* knew of Digicel's efforts to combat their bypass as early as 2011, it filed its motion to amend. UPM was the only party in possession of the relevant information and affirmatively failed to disclose it.

Second, UPM asserts that because the same facts are at issue for both parties, if anyone is allowed to amend everyone should be allowed to amend. This is argument is factually and legally inaccurate. UPM alone had knowledge of its fraudulent activities in 2011. As such, to the extent that UPM has any Communications Act claims, it knew or should have known of them since 2011. Digicel Haiti, on the other hand, did not know of UPM's activities. That is proven by the very documents UPM just produced. Whether or not UPM's counsel was fully aware of the extent of those activities is irrelevant. Whether or not the individual defendants had conveniently forgotten about the extent of UPM's 2011 activity is irrelevant, and frankly supports the application of the statute of limitations here. As UPM's response points out, one purpose of the statute of limitations is so parties do not have to go back in time to litigate issues that are likely forgotten. *See* ECF 233 at 3-4. UPM knew cards were being blocked in 2011—their own correspondence confirms as much. The statute of limitations for Communications Act claims is two years. For purposes of that analysis, UPM knew of its alleged damages and waited to bring its claims years after the statute had run.

## CONCLUSION

Based on the foregoing, Digicel respectfully requests that it be permitted to amend its Answer to include an affirmative defense of statute of limitations as to UPM's counterclaims.

Page 4 -    UNIGESTION'S REPLY ISO MOTION FOR LEAVE TO
            AMEND TO ADD AFFIRMATIVE DEFENSE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

4842-2876-5172, v. 3

Dated:  August 9, 2021

Respectfully submitted,


By:    s/ Robert C.L. Vaughan

KIM VAUGHAN LERNER LLP
Robert C. L. Vaughan (*Pro Hac Vice*)
Cherine Smith Valbrun (*Pro Hac Vice*)
Leah B. Storie (*Pro Hac Vice*)
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone:          (954) 527-1115
Facsimile:          (954) 527-1116
E-mail: rvaughan@kvllaw.com

*Attorneys for Plaintiff, Unigestion Holdings,
S.A., a Foreign Corporation, d/b/a Digicel
Haiti*


SCHWABE, WILLIAMSON & WYATT, P.C.
Anne Talcott, OSB #965325
Telephone: 503.796-2958
Facsimile: 503.796.2900

*Attorneys for Plaintiff, Unigestion Holdings,
S.A., a Foreign Corporation, d/b/a Digicel
Haiti*


Page 5 -     UNIGESTION'S REPLY ISO MOTION FOR LEAVE TO
             AMEND TO ADD AFFIRMATIVE DEFENSE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4842-2876-5172, v. 3