**Anne M. Talcott**, OSB #965325
Email: atalcott@schwabe.com
**Kathryn E. Kelly**, OSB #175162
Email: kkelly@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
KIM VAUGHAN LERNER LLP
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone: 954.527.1115
Facsimile: 954.527.1116

*Attorneys for Plaintiff, Unigestion Holdings, S.A.,
a Foreign Corporation, d/b/a Digicel Haiti*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNIGESTION HOLDING, S.A**.,<br><br>        Plaintiff & Counterclaim<br>        Defendant,<br><br>    v.<br><br>**UPM TECHNOLOGY, INC**., *et al.*<br><br>        Defendants and Counterclaim<br>        Plaintiff<br><br>    v.<br><br>**UNIGESTION HOLDING, S.A.,**<br><br>        Counterclaim-Defendant. | Case No. 3:15-CV-00185-SI<br><br><br><br>**PLAINTIFF, UNIGESTION HOLDINGS, S.A.'S, RESPONSE IN OPPOSITION TO UPM TECHNOLOGY'S MOTION FOR LEAVE TO AMEND** |

UNIGESTION'S RESPONSE IN OPPOSITION TO UPM
TECHNOLOGY'S MOTION FOR LEAVE TO AMEND

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

UPM Technology has failed to present even one substantive legal argument or factual allegation that the Court may consider in support of its request for leave to amend. Like its response to Digicel Haiti's motion, the basis of UPM's request to amend is merely a "goose gander" argument with no legal foundation. Without regard to any legal bases, concepts of waiver, or considerations of prejudice to the plaintiff, UPM simply relies upon the notion that "If they get to [amend], so should we." That alone is not enough. Even a cursory review of the conduct and facts leading up to UPM's request to amend, dictate that UPM's motion for leave to amend should be denied.

UPM's proposed amendment purports to add the affirmative defense of statute of limitations. In other words, after strenuously maintaining for almost six years that it conducted no bypass in Haiti before 2014, UPM now intends to argue—after the discovery of contradictory evidence proving bypass activities in 2011—that Digicel's claims should be barred by the statute of limitations. Without providing any new factual allegations to support its amended pleading, UPM's proposed new defense simply states, "Digicel-Haiti's claims against UPM are barred by the applicable Statute of Limitations." ECF 233-1 at P 325. This threadbare amendment as no legal or factual support and must therefore be denied.

## LEGAL ARGUMENT

As Defendants concede, an amendment requested under Fed. R. Civ. P. 15 is evaluated according to the *Foman* factors. The five factors emphasized by *Foman* include: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance of the amendment; and (5) futility of amendment. See *Foman v. Davis*, 371 U.S. 178 (1962). "The Ninth Circuit has held that 'the consideration of prejudice to the opposing party . . .

Page 1 -  UNIGESTION'S RESPONSE IN OPPOSITION TO UPM
TECHNOLOGY'S MOTION FOR LEAVE TO AMEND

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

carries the greatest weight.'" *World Fuel Servs. v. Evergreen Helicopters, Inc.*, No. 3:16-cv-00504-SB, 2019 U.S. Dist. LEXIS 224517, at *11-12 (D. Or. Dec. 2, 2019); *citing Eminence Capital*, 316 F.3d at 1052.

UPM's strenuous denials of bypass prior to 2014 and related actions throughout the litigation and the record evidence in this litigation weigh strongly against allowing UPM to amend its affirmative defenses to assert a limitations defense. First, any amendment would be futile where it appears that UPM waived the statute of limitations defense by not previously asserting this defense. Futility alone, notwithstanding any other factor, is sufficient to deny UPM's motion. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) ("Futility alone can justify the denial of a motion for leave to amend.").

UPM has never once alleged, or even suggested, that Digicel Haiti knew about UPM's conduct during 2011, and it has presented no evidence or pointed to any allegations in the pleadings that indicate this now. Because it cannot. There is no record evidence or allegation that Digicel Haiti had any knowledge of *UPM's bypass activities* before the Haitian police investigation that revealed evidence of UPM's actions in Haiti.

Bypass, by its very nature, is clandestine. Digicel Haiti may very well know that it is being targeted; but how and by whom are always the challenge. Even where suspect SIM cards are identified and interrupted, there is no way to trace ownership of those cards back to the guilty party who, literally, could be operating from anywhere in the world. UPM on the other hand, not only *knew* about its own bypass activities, but affirmatively concealed and denied those bypass activities even during the course of the litigation up until the documents were disclosed in discovery. It appears that UPM avoided raising this defense before now, because suggesting that Digicel Haiti was time barred from making claims going back to 2011 would have been

Page 2 -   UNIGESTION'S RESPONSE IN OPPOSITION TO UPM
          TECHNOLOGY'S MOTION FOR LEAVE TO AMEND

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

inconsistent with UPM's previous position that there were no bypass activities in 2011. Now that the jig is up, there is no further benefit to UPM to continue avoiding that defense. However, because UPM waived this defense, allowing an amendment now would be improper.

The additional *Foman* factors also weigh in favor of dismissal. UPM's shift in its stated position regarding the period of bypass activity is a tectonic shift in this case—it is a *big* deal. Contrary to its earlier position that it was in Haiti for mere "months" in 2014—from April to November to be exact—the revelation that UPM was conducting Bypass against Digicel Haiti going back to 2011, exponentially increases—by over 300%—its exposure for damages and Digicel Haiti's associated losses. It also significantly undermines UPM's arguments and claims that it was damaged by Digicel Haiti's effective efforts at blocking bypass. The prejudice to the opposing party, the most heavily weighted *Foman* factor, is severe in this instance.

Digicel Haiti was limited, directly and indirectly, by UPM's persistent representations that any activity in 2011 was only "experimental" and that UPM's damages only began in 2014. UPM's aggressive position tainted legal arguments during the motion to dismiss stage and arguments relating to the scope of UPM's operations and the relationship between its Haiti and other UPM international operations in Digicel Haiti's arguments to the court on several issues and its own alleged "damages." In one Order from July 26, 2016, the Court notes (based upon UPMs arguments):

> Defendant UPM is an Oregon corporation[2] that facilitated international calls to people in Haiti at lower rates than Digicel Haiti. UPM asserts that it essentially resold Digicel Haiti's services within the United States at a discount from approximately April 2014 to November 2014. Due to Digicel Haiti's effective efforts to prevent UPM from reselling Digicel Haiti's services, as described below, UPM no longer facilitates calls to Haiti.

[ECF 154 at 6-7.]

Page 3 -   UNIGESTION'S RESPONSE IN OPPOSITION TO UPM
TECHNOLOGY'S MOTION FOR LEAVE TO AMEND

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

From the very outset of the litigation, UPM consistently and aggressively represented, even through sworn testimony, that it was only operating bypass at Digicel Haiti's expense during 2014. It is insufficient to suggest that this was mere mistake or oversight because to have taken such an aggressive position, counsel must have either gleaned these facts from documents or from the Defendants themselves.  Now that the truth about the extent of UPM's operations have been revealed, those representations which have permeated so many different facets of this litigation cannot simply be orphaned and ignored as "forgotten facts."  Because UPM cannot meet any of the *Foman* factors outlined above, its request must be denied.

### I.    UPM Has Waived its Statute of Limitations Defense

Federal Rules of Civil Procedure 8(c) and 12(b) require that [the state] raise the statute of limitations in its first responsive pleading to avoid waiving the defense.  *Nardi v. Stewart*, 354 F.3d 1134, 1140 (9th Cir. 2004); citing Fed. R. Civ. P. 8(c) ("In pleading to a preceding pleading, a party shall set forth affirmatively . . . statute of limitations . . . and any other matter constituting an . . . affirmative defense"); Fed. R. Civ. P. 12(b) ("Every defense . . . shall be asserted in the responsive pleading," except certain specified defenses (not including limitations defenses) that may be raised by motion).  "Failure to plead an affirmative defense . . . results in a waiver of that defense."  *Crestwood Capital Corp. v. Andes Indus.,* 771 F. App'x 383, 383 (9th Cir. 2019) *citing Enlow v. Salem-Keizer Yellow Cab Co., Inc.*, 389 F.3d 802, 819 (9th Cir. 2004).  Pursuant to these well-established standards, UPM waived its defense and therefore amendment should be denied.

UPM's proposed statute of limitations defense was waived because UPM had *knowledge in 2011* that SIM cards were being blocked by Digicel Haiti, and it failed to take any action at the time or to include a limitations defense in its responsive pleading because to take such a position in its initial pleadings would have been inconsistent with its ultimate defense that it was not

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

committing bypass before 2014.[1][2]

UPM is sure to argue that if it is precluded by the doctrine of waiver, then waiver should also apply to Digicel Haiti's request to amend its pleadings. The critical distinction between the parties' requests, however, is that unlike Digicel Haiti's very recent exposure to these facts, UPM had *exclusive* prior knowledge of all of this information that was only recently shared with Digicel Haiti and the Court. UPM *alone* knew that it was committing bypass in 2011 and UPM *alone* knew that Digicel Haiti was allegedly "blocking" SIM cards being used by UPM. The suggestion that there must be a symmetry of knowledge—i.e., between the party being blocked and the party blocking the SIM cards—is absolutely false. The nature of bypass is that the victimized entity has no knowledge of who is committing the fraudulent bypass activity.

As a result of its own choices, UPM has waived a statute of limitations defense, and the requested amendment should be denied.

## II. Allowing UPM to Amend Now Would Cause Undue Prejudice to Digicel Haiti

As articulated in Digicel Haiti's Reply in support of its own motion for leave to amend, UPM's continued and aggressive representations regarding its limited bypass activities in 2014 have undeniably shaped this litigation. Without suggesting that it directed any *single* allegation, these misrepresentations shaped the general allegations of Digicel Haiti's amended complaint, which UPM had to "approve" in form and substance; the denials shaped the scope of fact

---

[1] "The essence of waiver is knowledge." *Verex Assurance v. John Hanson S&L,* 816 F.2d 1296, 1302 (9th Cir. 1987)

[2] UPM had knowledge of cards being blocked in 2011 by virtue of its employees, including one or more of the individual Defendants working to carry out UPM's fraudulent bypass activity. *See Phillips v. Colfax Co.,* 195 Or. 285, 300 (1952).

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

discovery—which occurred after multiple mediations and extensive motion practice—including but not limited to discovery related to the damages analyses that the parties created and considered during the multiple protracted settlement negotiations and a protracted mediation process. It also shaped this Court's preliminary factual understanding of UPM's alleged activities in Haiti as reflected in several of this Court's orders.[3]

At this juncture in the litigation, for UPM's counsel to attempt to disavow *UPM's knowledge* of UPM's own actions and affirmative non-disclosure in an effort to re-cast what has transpired thus far in this litigation is a bridge too far. Even if this Court were to accept counsel at his every word, and afford counsel every benefit of the doubt, the inescapable fact is that for counsel's representations to the Court and counsel to have been made in good faith (which we accept to be true), those representations must—at minimum—have been based upon a review of the relevant documents and/or upon information gathered from the Defendants themselves. Since counsel has already advised that *he* only discovered the truth about the true extent of UPM's activities while he was reviewing the documents, the **_only_** conclusion is that UPM and the Defendants were less than candid to their counsel and further stood by while he made representations to counsel and the court which *they* knew to be untrue.

Specifically, UPM did not only hide the ball, it affirmatively and consistently misrepresented that the conduct relevant to Digicel Haiti's claims began in 2014. For example,

---

[3] *See* 9/3/19 Order [ECF 188] at p.6 ("UPM asserts that from April 2014 through November 2014 it essentially resold Digicel Haiti's local and RLYH services within the United States at a discount."); 3/30/18 Order[ECF 154] at p.7 ("UPM asserts that it essentially resold Digicel Haiti's local and RLYH services within the United States at a discount from approximately April 2014 to November 2014."); 7/26/16 Order[ECF 95] at p.21 ("UPM, however, specifically alleges that it is a reseller of telecommunication services and that it provided telecommunication services between the United States and Haiti to wholesale providers from April 2014 to November 2014.")

Page 6 -    UNIGESTION'S RESPONSE IN OPPOSITION TO UPM
TECHNOLOGY'S MOTION FOR LEAVE TO AMEND

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

UPM stated:

- In response to interrogatory no. 3 of Plaintiff's First Set of Interrogatories to UPM: "… during 2014 (that is, during the time that UPM itself was involved in terminative calls to Haiti via resale of Digicel-Haiti's services)."

- In response to interrogatory no. 4 of Plaintiff's First Set of Interrogatories to UPM: "UPM only had SIM servers/SIM boxes (as it understands those terms) containing Digicel-Haiti SIM cards during 2014, in connection with UPM's operations regarding sending traffic to Haiti that year."

- In response to interrogatory no. 5 of Plaintiff's First Set of Interrogatories to UPM: "…On that understanding, over the course of 2014, UPM had a maximum of three such devices in operation in Haiti at any one time, used to originate calls on Digicel-Haiti's network in Haiti.

- In response to interrogatory no. 15 of Plaintiff's First Set of Interrogatories to UPM: "6. This per-month lost profit amount began in approximately May 2014 and continues to the present, a period of approximately 68 months as of the date of this answer UPM's lost profit damages under these assumptions, are therefore approximately $441 million."

These discovery answers are merely exemplars of sworn instances of the multiple communications between the parties wherein UPM insisted that from 2014 forward was the relevant timeframe. These responses were executed by Duy Tran—UPM's principal and an individual defendant in this case. There were also countless emails, conversations, and negotiations where UPM dismissed allegations by Digicel Haiti of bypass activities before 2014 as nothing short of fantasy, insisting instead that 2014 was the only relevant year of bypass activity. To now allow UPM to change that position without consequence would cause severe, undue prejudice to Digicel Haiti. The request must be denied.

## III. UPM's Representations Throughout the Litigation Amount to Dilatory Motive and Bad Faith

UPM's attempt to amend amounts to a bad faith, dilatory action because it is a baseless request. "In the context of a motion for leave to amend, bad faith exists "when the addition of new legal theories are baseless and presented for the purpose of prolonging the litigation . . ." *Claus v. Columbia State Bank*, No. 3:16-cv-01509-AC, 2019 U.S. Dist. LEXIS 188829, at *46 (D. Or. Oct.

Page 7 -     UNIGESTION'S RESPONSE IN OPPOSITION TO UPM
             TECHNOLOGY'S MOTION FOR LEAVE TO AMEND

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

30, 2019); *citing Axial Vector Engine Corp. v. Transporter, Inc.*, No. CIV. 05-1469-AC, 2008 U.S. Dist. LEXIS 130790, 2008 WL 4547795, at *4 (D. Or. Oct. 9, 2008) (citations omitted) (internal quotations omitted).

UPM seeking leave to amend now, nearly six years after the beginning of this litigation while all the time knowing that SIM cards were being disconnected as early as 2011, constitutes a bad faith request—especially where it appears that the reason they chose not to raise that defense earlier was in furtherance of a false narrative. "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Dropzonems, LLC v. Cockayne*, No. 3:16-cv-02348-YY, 2019 U.S. Dist. LEXIS 81598, at *21 (D. Or. Feb. 27, 2019); *citing Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (internal citation omitted). It is beyond dispute that UPM only sought to add a statute of limitations defense after it was forced to disclose its prior bypass activities, its prior knowledge of those activities and after Digicel Haiti acted promptly to amend its own pleadings. Before UPM was forced through discovery to disclose documents showing the true extent of its 2011 activities and its knowledge that Digicel Haiti was intercepting UPM bypass activity as far back as 2011, UPM was happy to keep the wool pulled over everyone's eyes. Even if the misrepresentations regarding UPM's 2011-2013 bypass activities were not initially purposeful, the impact on Digicel Haiti remains the same. Even if counsel was not involved at the outset in furthering those misrepresentations, UPM's eleventh-hour request to amend—in light of the prior representations in this case—is a bad faith request that must be denied.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

## CONCLUSION

UPM's request to amend is futile, causes undue prejudice to Digicel Haiti, and is brought in bad faith.  Based on the foregoing, Digicel Haiti respectfully requests UPM's request for leave to amend its affirmative defenses be denied.

Dated:  August 13, 2021

Respectfully submitted,

By: _s/ Anne M. Talcott_

KIM VAUGHAN LERNER LLP
Robert C. L. Vaughan (*Pro Hac Vice*)
Cherine Smith Valbrun (*Pro Hac Vice*)
Leah B. Storie (*Pro Hac Vice*)
Telephone:        (954) 527-1115
Facsimile:        (954) 527-1116

*Attorneys for Plaintiff, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti*

SCHWABE, WILLIAMSON & WYATT, P.C.
Anne Talcott, OSB #965325
Kathryn E. Kelly, OSB #175162
Telephone: 503.796-2958
Facsimile: 503.796.2900

*Attorneys for Plaintiff, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti*

Page 9 -    UNIGESTION'S RESPONSE IN OPPOSITION TO UPM
TECHNOLOGY'S MOTION FOR LEAVE TO AMEND

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900