**Kathryn P. Salyer**, OSB #883017
**Eleanor A. DuBay**, OSB #073755
**Blake Van Zile,** OSB #184672
ksalyer@tomasilegal.com
edubay@tomasilegal.com
bvanzile@tomasilegal.com
Tomasi Salyer Martin
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204-3136
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

**Christopher W. Savage**, D.C. Bar #362657
chrissavage@dwt.com
(Admitted *Pro Hac Vice*)
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006-3401
Telephone: (202) 973-4200
Facsimile: (202) 973-4499

        Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDING, S.A**., a foreign corporation, d/b/a **DIGICEL HAITI**, <br><br> Plaintiff, <br><br> v. <br><br> **UPM TECHNOLOGY, INC**., *et al.,* <br><br> Defendants & Counterclaim-Plaintiffs | Case No. 3:15-CV-00185-SI <br><br><br> **DEFENDANTS' REPLY IN SUPPORT OF CONDITIONAL MOTION FOR LEAVE TO ADD AFFIRMATIVE DEFENSE** |

        Counterclaim plaintiff UPM Technology, Inc. ("UPM"), hereby replies to the

opposition of Unigestion Holding S.A. ("Digicel-Haiti") (ECF #238) to UPM's Conditional

Motion for Leave to Add Affirmative Defense (ECF #231). As discussed more fully below,

Digicel-Haiti has not shown, and cannot show, either that it will be prejudiced by granting

UPM's conditional motion, or that it has been prejudiced by virtue of UPM's good faith

Page 1 of 15 - DEFENDANTS' REPLY IN SUPPORT OF
CONDITIONAL MOTION FOR LEAVE TO ADD
AFFIRMATIVE DEFENSE
UPM-L1\00591525.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

characterization of the scope of its activities during the 2011-2012 period as less significant than discovery ultimately showed them to be. Moreover, as UPM explained in its earlier papers on this matter, neither judicial economy nor basic fairness support Digicel-Haiti's preferred result, which is that it be permitted to include a Statute of Limitations defense in its pleadings while denying UPM the opportunity to do so. In these circumstances, the only fair and reasonable resolution of this dispute is to permit both parties to amend their pleadings, or permit neither to.

## ARGUMENT

## I.    DIGICEL-HAITI HAS NOT SHOWN, AND CANNOT SHOW, THAT IT WOULD BE PREJUDICED BY PERMITTING UPM TO ASSERT A STATUTE OF LIMITATIONS DEFENSE.

Digicel-Haiti's filings completely fail to show that it would be prejudiced if UPM, along with Digicel-Haiti, were permitted to assert a Statute of Limitations defense.[1] Instead, Digicel-Haiti seizes on the fact that UPM's characterization of its efforts to resell Digicel-Haiti's services during the 2011-2012 period implied less activity than discovery shows actually occurred.[2] We first discuss the lack of prejudice to Digicel-Haiti and then address UPM's characterization of its resale efforts.

Simply stated, Digicel-Haiti would not be prejudiced by permitting UPM to add a Statute of Limitations defense because it has not relied to its detriment on UPM's failure to raise that defense earlier.

---

[1]    As noted in UPM's earlier filing, the fact that allowing a Statute of Limitations defense may lower or eliminate a claimant's recovery is not the kind of "prejudice" that warrants denying leave to amend; if it were, then no such amendment could ever be permitted.

[2]    UPM's activity at issue in this case consisted of UPM buying Digicel-Haiti services at retail and reselling them to third parties. Digicel-Haiti characterizes this resale activity as "bypass" and asserts that it was fraudulent. UPM believes that its resale activities were lawful and that its right to resell Digicel-Haiti services is protected by the Communications Act. UPM will refer to its activity here as "resale."

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

For the first year and a half of this litigation – from the time of Digicel-Haiti's initial Complaint (ECF #1, dated February 2, 2015) until its Second Amended Complaint (ECF #104, dated October 18, 2016), both parties' pleadings focused entirely on UPM's resale of Digicel-Haiti's services during 2014. All of that activity occurred within the 2-year limitations period applicable both to Digicel-Haiti's fraud claims and to UPM's Communications Act claims, so Statute of Limitations issues did not arise.

Digicel-Haiti's Second Amended Complaint (ECF #104) was the first pleading to put the 2011-2012 period in issue, alleging that "[u]pon information and belief, Defendants' bypass operations in Haiti date back to 2011." ECF #104 at ¶168.

Intervening motions and arguments took enough time that UPM did not file its Answer, Defenses and Counterclaims (ECF #127) until June 14, 2017. In that pleading, UPM admitted (in its answer) and alleged (in its counterclaims) that it had engaged in *some* relevant activity during the 2011-2012 period. It did not, however, assert a Statute of Limitations defense.

Motions, arguments, and a nearly year-long mediation intervened between UPM's counterclaims and Digicel-Haiti's response to them. Ultimately, Digicel-Haiti responded on September 27, 2019 (ECF #193), more than two years later. Digicel-Haiti did not assert a Statute of Limitations defense (just as UPM had not earlier). This omission is telling, because by that point its own allegations showed that it viewed UPM's resale activity in the 2011-2012 period to have been significant, and UPM had by then admitted and alleged that *some* relevant activity had occurred during that period. As the case then stood, therefore, both parties were content to address both the 2014 period (which remained the focus of the pleadings), as well as events from

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

the earlier 2011-2012 period (as to which both parties alleged that some relevant activity had occurred).[3]

So, UPM could have asserted a limitations defense in June 2017, but didn't, and Digicel-Haiti could have asserted a limitations defense in September 2019, but didn't. The question now is whether Digicel-Haiti would be prejudiced by permitting UPM to add that defense. That question boils down to asking whether Digicel-Haiti would have done anything differently, had UPM asserted the defense back in June 2017.[4]

Digicel-Haiti's filings do not specify anything it would have done differently – and it is hard to imagine what such action might have been.

First, consider Digicel-Haiti's discovery efforts. If UPM had asserted a limitations defense, Digicel-Haiti would still have sought discovery about UPM's actions during the 2011-2012 period. This is true both because of Digicel-Haiti's own allegation about that period, and also because it would want discovery in support of efforts to defeat that defense. In fact, Digicel-Haiti sought discovery about the 2011-2012 period, and UPM provided it. In this regard, it is true that some UPM interrogatory responses (provided in early 2020) were based on its then-current belief that its resale activity during the 2011-2012 period had been insignificant, but UPM

---

[3]    A simultaneous decision by both parties not to assert a Statute of Limitations defense can be entirely rational. The conduct underlying both parties' claims is the same: UPM resold Digicel-Haiti's services, which Digicel-Haiti believes constitutes actionable fraud, and Digicel-Haiti blocked UPM's use of SIM cards for resale, which UPM believes constitutes an actionable violation of the Communications Act. If each party believes (a) that its own claims are meritorious, while also believing (b) that the other party's claims are likely to fail, both parties will want to include as much of the relevant conduct as possible.

[4]    Digicel-Haiti claims that UPM has waived its right to assert a Statute of Limitations defense. *See* Digicel Opposition (ECF #238) at 4-5. Of course UPM has done so – by not asserting that defense the first time it could have. But Digicel-Haiti has *also* waived that right, by not asserting the defense in its answer to UPM's counterclaims. The point of *both* parties' pending motions is to get relief from those waivers.

Page 4 of 15 - DEFENDANTS' REPLY IN SUPPORT OF
CONDITIONAL MOTION FOR LEAVE TO ADD
AFFIRMATIVE DEFENSE
UPM-L1\00591525.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

provided documents relating to that earlier period promptly upon finding them during its document review earlier this year.[5]

Moreover, Digicel-Haiti has yet to take the depositions of any UPM witnesses. It cannot, therefore, claim that its decisions about deposition strategy have been affected by some belief that a Statute of Limitations defense was not in play. Moreover, as counsel noted in the most recent status conference with the Court, to the extent that Digicel-Haiti believes that it needs additional discovery to specifically address Statute of Limitations issues, UPM will not object to such discovery on the grounds that it is being posed too late.[6] Digicel-Haiti, in short, has not been prejudiced in its discovery efforts by virtue of UPM not seeking to assert a limitations defense until now, and will not be prejudiced if UPM is allowed to do so.[7]

Similarly, Digicel-Haiti has not been prejudiced with respect to filing dispositive motions. Each party has filed (and had granted) motions to dismiss some of the other party's claims (UPM's antitrust claims and Digicel-Haiti's RICO claims, respectively). The currently effective case schedule (ECF #237) establishes a deadline of November 5, 2021, for filing dispositive motions following the close of discovery. Each party is free to file motions based on the Statute of Limitations at that time, and UPM may indeed do so. If it does, Digicel-Haiti will

---

[5]    In light of what was learned during review of UPM's documentary records, UPM will provide updated responses to those interrogatories. *See* Fed. R. Civ. P. 26(e).

[6]    This issue – Digicel-Haiti's seeking information to try to defeat a UPM Statute of Limitations defense – seems to be what underlies Digicel-Haiti's argument that while it did not know in 2011-2012 that the party whose service it was blocking was UPM, UPM knew that it was being blocked by Digicel-Haiti. *See, e.g.,* Digicel-Haiti Opposition (ECF #238) at 2-3. But this argument, to the extent it has any force, goes to why ***Digicel-Haiti*** should be able to assert a limitations defense, not why it would be prejudiced if ***UPM*** is permitted to do so.

[7]    Assuming that the Court grants UPM's motion to amend its pleadings to include a Statute of Limitations defense, and in light of Digicel-Haiti's assertions in its filings regarding what it knew about UPM's resale activities at different times, UPM respectfully requests that the Court permit UPM to engage in a reasonable amount of discovery from Digicel-Haiti focused on those issues.

Page 5 of 15 - DEFENDANTS' REPLY IN SUPPORT OF
CONDITIONAL MOTION FOR LEAVE TO ADD
AFFIRMATIVE DEFENSE
UPM-L1\00591525.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

be, and is, fully able to defend itself against such a motion. Permitting UPM to assert a limitations defense will not prejudice Digicel-Haiti's ability to file or defend against dispositive motions.

Finally, the Court suggested at the recent status conference that conceivably Digicel-Haiti's settlement posture might have been different had it known that UPM would be asserting a Statute of Limitations defense. While this might be true in some cases, it is hard to see how it could have affected the parties here. For prejudice to arise from this consideration, Digicel-Haiti would have to have believed both that (a) it had significant damages arising from the 2011-2012 period, and also that (b) a substantial portion of that claim would be cut off by the Statute of Limitations. In theory, if those conditions were true, then Digicel-Haiti might have been more willing to settle this case than it actually has been.

At the outset, UPM notes that if Digicel-Haiti would have come forward with a settlement offer acceptable to UPM – had Digicel-Haiti only known that a limitations defense was in play – the party most harmed is *UPM,* which, on this theory, could have saved itself substantial legal fees and other costs by settling. So, this consideration does not support the view that Digicel-Haiti has been prejudiced, so much as supporting the view that UPM shot itself in the foot.[8] In this regard, UPM notes that Digicel-Haiti has not argued that settlement would have been in the cards if only it had known about the possibility of a UPM limitations defense.

---

[8] Without revealing any confidential settlement discussions, it is fair to say that the parties have been sufficiently far apart that the inclusion or exclusion of the relatively small dollar amounts represented by UPM's resale efforts during the 2011-2012 period, as part their valuation of Digicel-Haiti's fraud claims, would not, in fact, have made any difference.

Page 6 of 15 - DEFENDANTS' REPLY IN SUPPORT OF
CONDITIONAL MOTION FOR LEAVE TO ADD
AFFIRMATIVE DEFENSE
UPM-L1\00591525.000

Instead, it clearly remains ready to roll the dice on its bet **both** that its fraud claim will prevail **and** that UPM's Communications Act claim will fail.[9]

Moreover, we know that this consideration cannot have affected Digicel-Haiti's settlement strategy, because Digicel-Haiti has admitted that from 2018 onward, it had no access to any documents it might have had relating to the 2011-2012 period (and, for that matter, the 2014 period) because all of its documents were lost in a server crash.[10] This means that until it received UPM's documents, Digicel-Haiti was unable to quantify its own potential recovery relating to the 2011-2012 period. Digicel-Haiti's 2018 server crash means that it was, in effect, "flying blind" during the parties' mediation efforts in 2018-2019 (which may help explain why those efforts were unsuccessful). It also means that the parties' earlier settlement discussions could not have been meaningfully affected by UPM not (then) having asserted a Statute of Limitations defense, because **neither** party was aware (prior to document review and production) of the extent of UPM's resale activities in the 2011-2012 period. Clearly, therefore, Digicel-

---

[9]    *See* note 3 regarding litigation strategy. Without unduly presaging the parties' damages claims, UPM notes that, based on UPM's records produced in discovery (the only records either party has; *see infra*), simply applying Digicel-Haiti's preferred $0.23/minute rate to the of minutes UPM resold – during all relevant periods and with no allowance for the payments UPM made to Digicel-Haiti – produces a maximum damage award for Digicel-Haiti of less than $300,000. When UPM's payments to Digicel-Haiti for recharges, SIM cards, Roam-Like-You're-Home plans, etc. are taken into account, those damages decline to the low five figures **at most**, and may well entirely dissipate. On the other hand, UPM's damages from its Communications Act claims, even considering only the damages caused by Digicel-Haiti blocking UPM from reselling Roam-Like-You're-Home service from within the United States during 2014, amount to many millions of dollars. *See* Exhibit A to Digicel-Haiti's Reply in Support of Motion for Leave to Amend (ECF #236-1), pages 36-40. In these circumstances, a relatively minor upward or downward revision of Digicel-Haiti's valuation of its own claims, based on whether UPM asserts a Statute of Limitations defense or not, could not realistically affect, or have affected, the parties' settlement posture.

[10]    *See* Declaration of Eleanor A. DuBay In Support Of Defendants' Opposition to Plaintiff's Motion to Add Affirmative Defense and Conditional Motion for Leave to Add Affirmative Defense (ECF #232) (attaching letter from Digicel-Haiti counsel confirming Digicel-Haiti has no documents from before 2018).

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Haiti's settlement strategy and settlement opportunities have not been prejudiced by UPM not previously seeking to assert a limitations defense.[11]

Unlike in earlier phases of this case, both parties are now fully aware of the relevant information. Long ago – initially in connection with the mediation – UPM provided Digicel-Haiti with a spreadsheet derived from the company's switch and accounting records identifying (among other information) every single Digicel-Haiti SIM card UPM purchased during 2014 (there were thousands), the amounts UPM spent to recharge/top-up each SIM card, the number of resold minutes completed using each SIM card, and whether the SIM card was enrolled in the "Roam Like You're Home" program. UPM's records for the 2011-2012 period are not as detailed, but do indicate (among other information) the number of SIM cards purchased, the number of resold minutes completed using them, and the cost of top-ups. Digicel-Haiti is now fully empowered to assess its settlement options, armed not only with the relevant data, but also with the knowledge that UPM will be asserting a Statute of Limitations defense. And, with trial nearly eight months away, there is more than enough time to pursue settlement if that is Digicel-Haiti's desire.

In sum, Digicel-Haiti has failed to explain how or why it would be prejudiced by permitting UPM to amend its pleadings to include a Statute of Limitations defense. In these circumstances, and for the reasons laid out in UPM's earlier filing, both judicial economy and fairness require that if Digicel-Haiti is permitted to assert a limitations defense, then UPM should be permitted to do so as well.

---

[11]    From this perspective, the key factor that may have affected settlement negotiations was simply the timing of discovery, which has proceeded, to some extent, in fits and starts rather than continuously over the last several years.

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

**II.    UPM REGRETS ITS CHARACTERIZATION OF ITS RESALE ACTIVITIES DURING THE 2011-2012 PERIOD AS ENTIRELY INSIGNIFICANT, BUT THAT CHARACTERIZATION WAS THE RESULT OF A FAILURE OF RECOLLECTION, NOT ILL-INTENT, AND IN ANY EVENT DID NOT PREJUDICE DIGICEL-HAITI.**

The essence of Digicel-Haiti's argument regarding this entire dispute seems to boil down to this: (1) UPM stated that it did not engage in material resale activity prior to 2014; (2) Digicel-Haiti in some way relied upon that statement; (3) UPM's recent document production showed that there was material resale activity in the 2011-2012 period, and that therefore (4) Digicel-Haiti should be able to assert a Statute of Limitations defense, but UPM should not.

This argument makes no sense.

First, it is true that UPM characterized its pre-2014 resale activity as being immaterial to this case. That characterization was wrong, but it was based on a good-faith failure by UPM's Chief Executive Officer to recall the precise scope of UPM's resale efforts in Haiti during the 2011-2012 period.[12] As suggested by the Court during the recent status conference, this filing is accompanied by the Declaration of Duy "Bruce" Tran, describing the circumstances of his mis-recollection on this issue. In brief, UPM's resale efforts in Haiti in 2011-2012 represented a tiny, tiny fraction of UPM's overall activities during that time (less than one-half of one percent of the company's revenues); Digicel-Haiti did not inject the 2011-2012 period into the case until October 2016; and UPM's response to that new matter was not made until June

---

[12]    In Digicel-Haiti's Reply in Support of Motion for Leave to Amend (ECF #235), it argues that UPM is trying to "disavow knowledge" of its "own activities." ECF #235 at 1-2. It makes essentially the same argument in its Opposition to UPM's motion (ECF #238) at 2-3. But a mistaken recollection is not an effort to "disavow" anything. More fundamentally, the question is whether UPM's characterization prejudiced Digicel-Haiti in a way that would justify forbidding UPM to raise a limitations defense. Digicel-Haiti has not explained how or why UPM's characterization would make it prejudicial to permit UPM to do so.

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

2017 – half a decade after the events in question. From the perspective of UPM's overall operations during the 2011-2012 period, it was actually correct for Mr. Tran to consider the company's resale activities in Haiti during that time to be immaterial.[13] It now appears, however, that UPM's resale activities were sufficiently large in absolute terms (slightly less than $100,000 in revenue in both 2011 and 2012) that UPM should have described those activities differently than it did. UPM apologizes for this error.[14]

Second – and critically – it is absolutely clear that UPM's characterization of its 2011-2012 activities as immaterial did not prejudice Digicel-Haiti at all, much less prejudice it in such a way that UPM should not be allowed to assert a limitations defense. Its argument on this point is high on drama (calling UPM's acknowledgement of its error a "tectonic shift" and "a big deal" – Digicel-Haiti Opposition (EFC #238 at 3)) but utterly devoid of specifics. In place of specific examples, Digicel-Haiti says that UPM's characterization of its 2011-2012 activities in

---

[13]     In fact, UPM's resale efforts in 2014 were also quite minor within the scope of its overall operations. Digicel's Complaint, however – filed in early 2015 – necessarily put those then-recent activities into sharp focus. Further confirmation of the minor role that UPM's activities in Haiti played in its overall operations is provided by the accompanying Declaration of Christopher W. Savage, which notes that only a very small fraction of items in the very large document database provided to counsel by UPM – in the range of 1% to 2% of items in the database – mention both "Haiti" and "Digicel."

[14]     UPM seeks the Court's guidance as to whether an amendment of its pleadings to reflect this situation would be appropriate. To the extent that the purpose of pleadings is to provide notice of what matters are in dispute, both UPM and Digicel-Haiti are fully aware that events during the 2011-2012 time frame are at issue. Moreover, Digicel-Haiti will present evidence regarding events from that period, which would support permitting UPM to amend its pleadings to expressly address the application of the Communications Act to those events. *See* Fed. R. Civ. P. 15(b). And, UPM admitted (in its answer) and alleged (in its counterclaims) that *some* relevant activity occurred during that time frame. *See* UPM's Answer and Counterclaims (ECF #202) at ¶¶ 167-168, 291. Finally, if Digicel-Haiti did not believe that UPM's existing pleadings put activities in the 2011-2012 time frame into play, it would have no need to amend its own pleadings to assert a Statute of Limitations defense. All of this suggests that no formal amendment to UPM's pleadings is necessary to apply its Communications Act claims to Digicel-Haiti's conduct during the 2011-2012 period. If, however, the Court believes that the administration of the case would be enhanced by an amendment to UPM's pleadings to expressly address what we now know about the events of that period, UPM will promptly propose such an amendment. UPM respectfully requests that the Court indicate its preference on this question in its disposition of the currently pending motions.

Page 10 of 15 - DEFENDANTS' REPLY IN SUPPORT OF
CONDITIONAL MOTION FOR LEAVE TO ADD
AFFIRMATIVE DEFENSE
UPM-L1\00591525.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

some vague way "limited" Digicel-Haiti "directly and indirectly," *id.,* and that it somehow "shaped" the litigation, including both Digicel-Haiti's discovery and, indeed, its own pleadings. *Id.* at 5. But Digicel-Haiti affirmatively alleged in October 2016 that UPM had engaged in substantial resale efforts during the 2011-2012 period. Assuming (as we do in this respect) that this allegation was made in good faith, this means that Digicel-Haiti has known since no later than October 2016 that events from the 2011-2012 period were at issue. And, in the face of UPM characterization of that activity as immaterial (in June 2017), Digicel-Haiti nevertheless persisted in alleging that UPM's 2011-2012 activities were significant. *See* Digicel-Haiti's Third Amended Complaint (ECF #200), filed October 29, 2019, at ¶168. Far from ***relying on*** UPM's characterization of the earlier period as insignificant (whether to "shape" its litigation decisions or otherwise), Digicel-Haiti – fully aware of UPM's assertion – continued make allegations ***contradicting*** that characterization.

Its position now seems to be that it was shocked – ***shocked!*** – to discover in early 2021 that UPM's activities in the 2011-2012 time frame were significant, even though it had itself been alleging exactly that since 2016 – literally, for years. Digicel-Haiti's own pleadings thus defeat any claim that it relied on UPM's characterization of the events of that earlier time period.[15]

Digicel-Haiti has completely failed to identify any prejudice as a result of UPM's characterization of its activities during the earlier period – much less prejudice that was caused by UPM's failure to earlier assert a limitations defense. In the absence of prejudice, its argument

---

[15]    In this same vein, Digicel-Haiti's discovery requests to UPM have requested information from 2011 forward, indicating that it was relying on its own allegation – that something relevant happened during the 2011-2012 time frame – rather than relying on UPM.

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

seems to be based on some sort of retribution theory: because UPM made a mistake in its characterization of its earlier activities – even one Digicel-Haiti manifestly did not credit or rely on – UPM should be punished, and the appropriate punishment is to deny it the potential benefit of a Statute of Limitations defense. Obviously, such a theory has no support in the policies underlying permissible amendments to pleadings, and should not be credited by the Court here.

In fact, those policies support permitting UPM to amend its pleadings to include a limitations defense. As UPM noted in its earlier filing, motions to amend are governed by the criteria set out in *Foman v. Davis,* 371 U.S. 178, 182 (1962): "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of amendment." As also previously noted, here in the Ninth Circuit, "consideration of prejudice to the opposing party … carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). We briefly address these points below.[16]

First, as to prejudice, and contrary to Digicel-Haiti's arguments (Digicel-Haiti Opposition (ECF #238) at 5-7), the discussion above shows that Digicel-Haiti will not be prejudiced if UPM is permitted to assert a limitations defense, and UPM's earlier filing explains why it would be unfair to UPM to permit Digicel-Haiti to assert a limitations defense while preventing UPM from doing so.

---

[16] Digicel-Haiti accuses UPM of failing to "present even one substantive legal argument" in support of its motion. *See* Digicel-Haiti Opposition (ECF #238) at 1. In fact, UPM explained how the leading case of *Foman v. Davis,* 371 U.S. 178 (1962), and a range of other relevant cases, indicated that Digicel-Haiti's motion should be denied or, if it is granted, that UPM's should be granted too. *See* UPM Conditional Motion (ECF #231) at page 1, note 1; page 5, note 5; page 6, note 8; page 8, note 9; and page 9, note 11.

Page 12 of 15 - DEFENDANTS' REPLY IN SUPPORT OF CONDITIONAL MOTION FOR LEAVE TO ADD AFFIRMATIVE DEFENSE
UPM-L1\00591525.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Second, UPM has not unduly delayed its request to amend its pleadings. *See* Digicel Opposition (ECF #238) at 8. As described above, UPM itself did not realize the extent of its resale activities during the 2011-2012 period prior to the document production that was completed a few months ago. Moreover, UPM's motion to amend its pleadings is **conditional** – that is, UPM only seeks leave to amend its pleadings if Digicel-Haiti is granted leave to do so. Until Digicel-Haiti's motion to amend, UPM was under the impression that, like UPM, Digicel-Haiti was content to litigate both the 2011-2012 period and the originally-pled 2014 period, without regard to the Statute of Limitations, and to let the chips fall as they may.[17] From this perspective, UPM raised its conditional request to amend its pleadings at the earliest possible time – that is, right after Digicel-Haiti's motion.

Third, nothing about UPM's request to amend its pleadings reflects any sort of "bad faith or dilatory motive" on UPM's part. *See* Digicel-Haiti Opposition (ECF #238) at 7-8. UPM submits that its arguments in support of its position have been entirely in good faith and that, indeed, those arguments should prevail on the merits. As to UPM's characterization of the events of 2011-2012, it made a mistake and has now corrected it, as described above. That is not bad faith, it is good faith.

Fourth, while UPM could have included a Statute of Limitations defense in its earlier pleadings but did not, that applies equally to Digicel-Haiti. *See* Digicel-Haiti Opposition at 5. In these circumstances, if the Court were to rely on this *Foman* factor, neither party should be permitted to amend. On this point in particular, Digicel-Haiti argues that its own failure to earlier raise a limitations defense is excused because, while UPM supposedly "knew" the scope

---

[17]    *See* note 3, *supra,* regarding litigation strategy.

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

of its activity in 2011-2012, Digicel-Haiti was in the dark. *Id.* The problem with this argument is that it is contradicted by Digicel-Haiti's own decision, from September 2016 on, to affirmatively allege that relevant conduct had taken place during the 2011-2012 period. Digicel-Haiti gets things exactly backwards. *It* evidently knew that the earlier period was relevant, even while *UPM* was under the mistaken impression that it wasn't. It is unclear why Digicel-Haiti believes that these circumstances support permitting it to amend its pleadings to assert a limitations defense while denying that option to UPM.

Finally, it would not be futile to permit UPM to assert a limitations defense. The parties may differ as to whether and how that defense applies, but that is no reason to deny UPM the opportunity to assert it. In this regard, Digicel-Haiti argues, inexplicably, that UPM's proposed amendment of its pleadings to assert a limitations defense would be futile because UPM has waived that defense. Digicel-Haiti Opposition at 3. This argument is peculiar both because it misses the point – the only reason UPM needs leave to amend its pleadings is because it has otherwise waived the defense – but also because it applies fully and completely to Digicel-Haiti's own motion – since it, too, waived the Statute of Limitations defense by not raising it earlier, and therefore needs leave of the Court to assert it now. Digicel-Haiti has thus, apparently unwittingly, confirmed UPM's key point, which is that either both parties should be permitted to amend their pleadings, or that neither should.

## III.    CONCLUSION

For the reasons stated above, the Court should deny grant UPM's Conditional Motion to amend its pleadings to add a Statute of Limitations defense. That is, if the Court decides to grant Digicel-Haiti's motion to permit *it* to assert such a defense, then UPM should also be permitted to do so.

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Dated: August 23, 2021.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    Blake Van Zile, OSB #184672
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    bvanzile@tomasilegal.com
    Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    Telephone: (202) 973-4200
    *(Admitted Pro Hac Vice)*

Of Attorneys for Defendants

Page 15 of 15 - DEFENDANTS' REPLY IN SUPPORT OF
CONDITIONAL MOTION FOR LEAVE TO ADD
AFFIRMATIVE DEFENSE
UPM-L1\00591525.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 23, 2021, I served the foregoing **DEFENDANTS' REPLY IN SUPPORT OF CONDITIONAL MOTION FOR LEAVE TO ADD AFFIRMATIVE DEFENSE** on the following individuals by electronic service to said individuals:

Robert C.L. Vaughan
Cherine Smith Valbrun
Leah Storie
Kim Vaughan Lerner LLP
One Financial Plaza
100 SE Third Avenue • Suite 2001
Fort Lauderdale, FL 33394
Email: rvaughan@kvllaw.com
Email: cvalbrun@kvllaw.com
Email: lstorie@kvllaw.com

Anne M. Talcott
Kathryn E. Kelly
Schwabe, Williamson & Wyatt, PC
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Email: atalcott@schwabe.com
Email: kkelly@schwabe.com

Dated: August 23, 2021.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    Blake Van Zile, OSB #184672
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    bvanzile@tomasilegal.com
    Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    Telephone: (202) 973-4200
    *(Admitted Pro Hac Vice)*

Of Attorneys for Defendants

Page 1 of 1 – CERTIFICATE OF SERVICE

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236