**Kathryn P. Salyer,** OSB #883017
**Eleanor A. DuBay,** OSB #073755
**Blake Van Zile,** OSB #184672
ksalyer@tomasilegal.com
edubay@tomasilegal.com
bvanzile@tomasilegal.com
Tomasi Salyer Martin
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204-3136
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

**Christopher W. Savage**, D.C. Bar #362657
chrissavage@dwt.com
(Admitted Pro Hac Vice)
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006-3401
Telephone: (202) 973-4200
Facsimile: (202) 973-4499

   Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDING, S.A**., a foreign corporation, d/b/a **DIGICEL HAITI**,<br><br>  Plaintiff,<br><br>  v.<br><br>**UPM TECHNOLOGY, INC**., *et al.,*<br><br>  Defendants & Counterclaim-Plaintiffs | Case No. 3:15-CV-00185-SI<br><br>**DECLARATION OF DUY "BRUCE" TRAN IN SUPPORT OF CONDITIONAL MOTION FOR LEAVE TO ADD AFFIRMATIVE DEFENSE** |

   1.  My name is Duy "Bruce" Tran. I am the owner and Chief Executive Officer of UPM Technology, Inc. ("UPM"), one of the defendants in the above-captioned action.

Page 1 of 5 - DECLARATION OF DUY "BRUCE" TRAN
IN SUPPORT OF CONDITIONAL MOTION FOR LEAVE
TO ADD AFFIRMATIVE DEFENSE
UPM-L1\00591527.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

I make this declaration based on my personal knowledge of the matters addressed here, except where I indicate that I am relying on information provided by others.

2.    I have been advised by counsel that some concern has arisen in connection with UPM's allegations and discovery responses regarding the scope of UPM's resale of plaintiff Unigestion Holdings, S.A. d/b/a Digicel-Haiti's ("Digicel-Haiti") services during the 2011-2012 period. I note that while Digicel-Haiti refers to these activities as "bypass," UPM's view is that it was lawfully *reselling* services to third parties that it had purchased at retail prices from Digicel-Haiti. I will therefore refer to the relevant activities as "resale."

3.    Digicel-Haiti initiated this case in on February 2, 2015. (ECF #1). Its Complaint focused entirely on UPM's resale of Digicel-Haiti's services during 2014. UPM's resale activities were a very small aspect of UPM's overall operations (see below) in 2014, but as of the time Digicel-Haiti filed its Complaint, such activities were relatively recent, and I believed I had a reasonably accurate recollection of those events.

4.    UPM first filed its counterclaims in this case on March 1, 2016. (ECF #73). As with Digicel-Haiti's claims, UPM's counterclaims focused on its resale of Digicel-Haiti's services in 2014, and did not mention any prior periods.

5.    Digicel-Haiti filed its Second Amended Complaint on October 18, 2016. (ECF #104). As with its earlier filings, Digicel-Haiti's Second Amended Complaint focused on UPM's resale of Digicel-Haiti's services during 2014. However, for the first time in the case, Digicel-Haiti also briefly asserted that UPM had also been reselling Digicel-Haiti's services in 2011-2012. *Id.* at ¶ 168.

Page 2 of 5 - DECLARATION OF DUY "BRUCE" TRAN
IN SUPPORT OF CONDITIONAL MOTION FOR LEAVE
TO ADD AFFIRMATIVE DEFENSE
UPM-L1\00591527.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

6.     At the time of Digicel-Haiti's Second Amended Complaint, and subsequently, my recollection was that UPM had engaged in some small efforts to explore the Haiti market in the 2011 time frame, but that those efforts had not been significant. Accordingly, UPM's counsel reflected that recollection in UPM's Answer, Affirmative Defenses, and Counterclaims, which was filed June 14, 2017 (ECF #127), as well as in subsequent filings. Counsel also reflected that recollection in later discovery responses prepared on behalf of UPM and me personally. I would also note that UPM's resale business in Haiti in the 2011-2102 time frame was managed by an employee who had been terminated by the company due to substantial misconduct, so that by June 2017 it was not possible for me to refresh my recollection by speaking with people who had been directly involved. Also, by June 2017, the company had electronically archived its older records, including from the 2011-2012 period, so that it was not possible to refresh my recollection by reviewing emails or other documents from that period. Finally, I would note that the period from approximately 2017 through 2019 was an extraordinarily challenging one for the company, placing significant demands on my time and attention. I believe this also may have affected my recollection of the scope of the company's activities back in 2011 and 2012.

7.     My recollection of the scope of UPM's resale activities in the 2011-2012 time frame was modified somewhat as a result of counsel's review of UPM documents, undertaken in response to Digicel-Haiti's more recent discovery requests. In that connection, I and my staff worked with counsel's staff to upload UPM's entire document database to counsel's document review platform, but I was not personally involved in the document review or production process. Among other things, this entailed retrieving old records from the company's

Page 3 of 5 - DECLARATION OF DUY "BRUCE" TRAN
IN SUPPORT OF CONDITIONAL MOTION FOR LEAVE
TO ADD AFFIRMATIVE DEFENSE
UPM-L1\00591527.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

electronic archives, a process which required a substantial amount of time and effort by senior company IT personnel. Again, by the time discovery began in this case, records from that period were not routinely or readily available to me or other UPM personnel.

8.    Counsel's review of UPM documents, conducted pursuant to Digicel-Haiti's recent discovery requests, included (at Digicel-Haiti's request) documents from 2011 forward. That review turned up documents that quantified the scope of UPM's 2011-2012 efforts to resell Digicel-Haiti's services. Counsel's work showed that only a tiny fraction (in the range of 1%-2%) of UPM's documents mention "Haiti" and "Digicel." This is consistent with my recollection that UPM's efforts to resell Digicel's services were a very minor part of the company's overall operations in the 2011-2012 time period.

9.    I have reviewed some documents and made some calculations to further test my recollection that UPM's efforts to resell Digicel-Haiti's services in the 2011-2012 period were minor. It appears from the documents reviewed by counsel and produced to Digicel-Haiti that UPM's revenues from its resale activities in Haiti for those years were, in both cases, less than $100,000. This is not a negligible amount in the abstract, but by way of perspective, UPM's revenues from resale of Digicel-Haiti services amounted to less than one-half of 1% of UPM's total revenues in 2011, and less than one-third of 1% of UPM's total revenues in 2012.

10.    As noted above, Digicel-Haiti did not bring up UPM's activities in 2011 and 2012 until the fall of 2016, and UPM did not respond to Digicel-Haiti on that point until mid-2017 – five or more years after the fact. As also noted above, my subjective recollection at that time – and continuing until reviewing materials from the 2011-2012 time frame generated in recent discovery efforts – was that UPM had explored the prospect of operating in Haiti during

Page 4 of 5 - DECLARATION OF DUY "BRUCE" TRAN
IN SUPPORT OF CONDITIONAL MOTION FOR LEAVE
TO ADD AFFIRMATIVE DEFENSE
UPM-L1\00591527.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

the 2011-2012 time period but had not engaged in any significant operations there during that time. That recollection was correct in the sense that UPM's resale of Digicel-Haiti's services did not materially contribute to UPM's overall operations or revenues (as indicated above). I was, however, mistaken in failing to recall that UPM had in fact resold a certain amount of Digicel-Haiti services in the 2011-2012 time frame.

11.    This error was entirely unintentional and, to the extent that it created any problems for the Court or the parties in this matter, I apologize for it. Notwithstanding this inadvertent lapse in my recollection, I (personally and in my capacity as CEO of UPM) have at all times responded to Digicel-Haiti's discovery requests to the best of my knowledge and belief and otherwise participated in the discovery process in good faith.

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

Dated: August 23, 2021

By:    _____
Duy "Bruce" Tran
Irvine, California

Page 5 of 5 - DECLARATION OF DUY "BRUCE" TRAN
IN SUPPORT OF CONDITIONAL MOTION FOR LEAVE
TO ADD AFFIRMATIVE DEFENSE
UPM-L1\00591527.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 23, 2021, I served the foregoing **DECLARATION OF DUY "BRUCE" TRAN IN SUPPORT OF CONDITIONAL MOTION FOR LEAVE TO ADD AFFIRMATIVE DEFENSE** on the following individuals by electronic service to said individuals:

Robert C.L. Vaughan
Cherine Smith Valbrun
Leah Storie
Kim Vaughan Lerner LLP
One Financial Plaza
100 SE Third Avenue • Suite 2001
Fort Lauderdale, FL 33394
Email: rvaughan@kvllaw.com
Email: cvalbrun@kvllaw.com
Email: lstorie@kvllaw.com

Anne M. Talcott
Kathryn E. Kelly
Schwabe, Williamson & Wyatt, PC
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Email: atalcott@schwabe.com
Email: kkelly@schwabe.com

Dated: August 23, 2021.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
     Kathryn P. Salyer, OSB #883017
     Eleanor A. DuBay, OSB #073755
     Blake Van Zile, OSB #184672
     ksalyer@tomasilegal.com
     edubay@tomasilegal.com
     bvanzile@tomasilegal.com
     Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
     Christopher W. Savage, D.C. Bar #362657
     chrissavage@dwt.com
     Telephone: (202) 973-4200
     *(Admitted Pro Hac Vice)*

Of Attorneys for Defendants

Page 1 of 1 – CERTIFICATE OF SERVICE