**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **UNIGESTION HOLDINGS, S.A., d/b/a DIGICEL HAITI**, | Case No. 3:15-cv-185-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **UPM TECHNOLOGY, INC. d/b/a UPM TELECOM, INC.; UPM MARKETING, INC.; UPM TELECOM, INC.; BENJAMIN SANCHEZ a/k/a BENJAMIN SANCHEZ MURILLO; BALTAZAR RUIZ; TYLER ALLEN; and DUY TRAN a/k/a BRUCE TRAN**, | |
| Defendants. | |

Anne M. Talcott and Kathryn E. Kelly, Schwabe, Williamson & Wyatt, pc, 1211 SW Fifth Avenue, Suite 1900, Portland, OR 97204; and Robert C.L. Vaughan, Cherine Smith Valbrun, and Leah Storie, Kim Vaughan Lerner, llp, One Financial Plaza, Suite 2001, Fort Lauderdale, FL 33394. Of Attorneys for Plaintiff.

Kathryn P. Salyer, Eleanor A. DuBay, and Blake Van Zile, Tomasi Salyer Martin, 121 SW Morrison Street, Suite 1850, Portland, OR 97204; and Christopher W. Savage, Davis Wright Tremaine, llp, 1919 Pennsylvania Avenue NW, Suite 800, Washington, DC 20006. Of Attorneys for Defendants.

PAGE 1 – ORDER

**Michael H. Simon, District Judge.**

Plaintiff Unigestion Holdings, S.A., doing business as Digicel Haiti, Inc. (Digicel Haiti) provides mobile telecommunications services in Haiti. In its Third Amended Complaint, Digicel Haiti asserts claims of fraud, conversion, and unjust enrichment against UPM Technology, Inc. (UPM) and several individuals and entities affiliated with UPM (collectively, Defendants) ECF 200. In Defendants' Answer, Affirmative Defenses and Counterclaims, UPM asserts counterclaims. ECF 202. Digicel Haiti has answered UPM's counterclaims. ECF 207. Dispositive motions are due by November 5, 2021, and the Court has scheduled a ten-day jury trial to begin on April 4, 2022.

Now pending before the Court are two motions to amend. First, Plaintiff Digicel Haiti moves to amend its answer to UPM's counterclaims to add an affirmative defense based on the applicable statute of limitations. ECF 226. Second, Defendant UPM similarly moves to amend its answer to Digicel Haiti's claims to add an affirmative defense based on the applicable statute of limitations. ECF 233. For the reasons stated below, the Court GRANTS both motions.

Rule 15(a)(2) of the Federal Rule of Civil Procedure provides that the "court should freely give leave [to amend a pleading] when justice so requires." A district court should apply Rule 15's "policy of favoring amendments with extreme liberality." *Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) (simplified). The purpose of the rule "is 'to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoting *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011)).

A district court, however, may, within its discretion, deny a motion to amend "due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment.'" *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (alteration in original) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)); *see also Foman v. Davis*, 371 U.S. 178 (1962) (stating the five *Foman* factors of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, and futility).

"Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Generally, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis in original). When weighing the factors, all inferences should be made in favor of granting the motion to amend. *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Here, the Court finds no evidence of bad faith (or dilatory motive) or repeated failure to cure by either side. Also, neither Digicel Haiti nor UPM has shown that it has relied to its detriment on the other's failure previously to raise an affirmative defense based on a statute of limitations; thus, the Court find no undue prejudice. In addition, neither party contends that the other's assertion of a statute of limitations affirmative defense would be futile, so the Court need not address that issue. Further, because both sides present adequate explanations for their respective delays, the Court declines to find that either side's delay was undue.

Finally, the Court recognizes that granting the two pending motions to amend may justify a modest reopening of limited discovery. The Court recognizes that the parties have been working together cooperatively and in good faith to provide reasonable reciprocal discovery. The

PAGE 3 – ORDER

Court anticipates this will continue. Any additional reasonable discovery, however, should be requested and provided promptly so as not to cause any delay in either the current deadline for filing dispositive motions or the current trial date, neither of which the Court anticipates extending. If any party needs the Court's assistance in resolving a discovery dispute, the parties should promptly contact the Courtroom Deputy.

The Court GRANTS both Plaintiff's Motion to Amend (ECF 226) and Defendants' Motion to Amend (ECF 233). Both sides shall file their amended pleadings within 7 days.

**IT IS SO ORDERED**.

DATED this 30th day of August, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 4 – ORDER