**Anne M. Talcott**, OSB #965325
Email: atalcott@schwabe.com
**Kathryn E. Kelly**, OSB #175162
Email: kkelly@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
KIM VAUGHAN LERNER LLP
One Financial Plaza, Suite 2001
Fort Lauderdale, FL 33394
Telephone: 954.527.1115
Facsimile: 954.527.1116

     Attorney for Counterclaim Defendants, Unigestion
     Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti;
     and Digicel USA Incorporated

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNIGESTION HOLDINGS, S.A., a foreign corporation, d/b/a **DIGICEL HAITI**, <br><br>          *Plaintiff,* <br><br> vs. <br><br> **UPM TECHNOLOGY, INC. d/b/a UPM TELECOM, INC.,** and **UPM MARKETING, INC.,** an Oregon corporation; <br> **UPM TELECOM, INC.,** an Oregon a/b/n; <br> **UPM MARKETING, INC.,** an Oregon a/b/n; **BEN SANCHEZ a/k/a BEN SANCHEZ MURILLO,** a foreign individual; **BALTAZAR RUIZ,** a foreign individual, and **TYLER ALLEN**, a foreign individual, <br><br>          *Defendants;* | Case No. 3:15-cv-00185-SI <br><br><br><br> **UNIGESTION HOLDINGS, S.A.'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO UPM TECHNOLOGY, INC.'S AMENDED COUNTERCLAIMS** |

**UPM TECHNOLOGY, INC.,** an Oregon corporation;

*Counterclaim Plaintiff,*

**vs.**

**UNIGESTION HOLDINGS, S.A.,** a foreign corporation, d/b/a **DIGICEL HAITI**; and **DIGICEL USA, INC.** a Delaware corporation;

*Counterclaim Defendant and Third-Party Defendant.*

## PLAINTIFF, UNIGESTION HOLDING, S.A.'S, ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIMS TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Plaintiff, UNIGESTION HOLDING, S.A., d/b/a Digicel Haiti, ("Digicel Haiti"), by and through its undersigned counsel, hereby files its Amended Answer and Affirmative Defenses to the Counterclaims [ECF 202] filed by Defendants, UPM TECHNOLOGY, INC. ("UPM TECHNOLOGY"), UPM TELECOM INC., ("UPM TELECOM"); UPM MARKETING, INC.("UPM MARKETING") (collectively the companies together shall be referred to as "UPM"),:[1]

## ANSWER

Digicel hereby answers each paragraph of the Counterclaims. All headings and *ad damnum* or "wherefore" clauses of the Counterclaims, to the extent they contain purported factual allegations, are specifically denied. To the extent that Digicel is without knowledge as to any allegation, Digicel denies those allegations.

---

[1] The Defendants in their Counterclaims refer to the counterclaims as "Defendants' compulsory counterclaims" [ECF 202 at ¶¶ 302]. However, Defendants confirmed through their filings that only UPM Technology Inc. is asserting counterclaims [ECF 81 at 4-5], and the Court confirmed this assertion in its corresponding order. [ECF 95 at 13-14].

Page 1    UNIGESTION'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO UPM TECHNOLOGY, INC.'S AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4832-4880-4857, v. 1

205. No response is required as this paragraph states a legal conclusion.

206. No response is required as this paragraph states a legal conclusion.

207. Plaintiff admits that there are variable costs and fixed and overhead costs associated with the operation of a wireless network.  Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 207 and therefore denies same.

208. No response is required to the extent that this paragraph states a legal conclusion. The remaining factual allegations of paragraph 208 are denied.

209. No response is required to the extent that this paragraph states a legal conclusion. Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 209 and therefore denies same.

210. Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 210 and therefore denies same.

211. No response is required as this paragraph states a legal conclusion.

212. No response is required as this paragraph states a legal conclusion.

213. No response is required as this paragraph states a legal conclusion.

214. No response is required as this paragraph states a legal conclusion. Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 214 and therefore denies same.

215. No response is required as this paragraph states a legal conclusion. Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 215 and therefore denies same.

216. No response is required as this paragraph states a legal conclusion. Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 216 and

Page 2     UNIGESTION'S AMENDED ANSWER AND
AFFIRMATIVE DEFENSES TO UPM TECHNOLOGY,
INC.'S AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4832-4880-4857, v. 1

therefore denies same.

217.    No response is required as this paragraph states a legal conclusion. Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 217 and therefore denies same.

218.    No response is required as this paragraph states a legal conclusion. Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 218 and therefore denies same.

219.    Digicel-Haiti admits it is a subsidiary of Digicel Holdings.  Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 219 and therefore denies same.

220.    Plaintiff is without sufficient personal knowledge or information as to Digicel-USA's ownership and corporate structure therefore denies this paragraph.

221.    Plaintiff admits Digicel-USA operates two international gateway switches in Miami, Florida and New York, New York, and holds a FCC 214 License.  Plaintiff is without sufficient personal knowledge or information as to the remainder of this paragraph and therefore denies the same.

222.    Denied as to UPM's categorization of Digicel-USA as Digicel-Haiti's agent where this is a legal conclusion.  No additional response is required as this paragraph states a legal conclusion regarding carrier status.  Plaintiff denies the remainder of this paragraph and its sub-parts.

223.    Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 223 and therefore denies same.

224.    No response is required as the allegation states a legal conclusion.  Plaintiff is

Page 3     UNIGESTION'S AMENDED ANSWER AND
AFFIRMATIVE DEFENSES TO UPM TECHNOLOGY,
INC.'S AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4832-4880-4857, v. 1

without sufficient knowledge or information as to the remaining allegations of paragraph 224 and therefore denies same.

225.    Digicel-Haiti admits that a portion of its networks are a GSM and that the acronym "GSM" is used to mean Global System for Mobile Communications.  Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 225 and therefore denies same.

226.    Plaintiff is without sufficient information required to admit this allegation and therefore denies same.

227.    Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 227 and therefore denies same.

228.    Plaintiff admits that in a GSM framework a radio device is distinct from the SIM card. Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 228 and therefore denies same.

229.    Plaintiff admits that a SIM card is an integrated circuit that stores an IMSI number and associated authorization key.  Plaintiff is without sufficient information as to the remaining allegations of paragraph 229 and therefore denies same.

230.    Plaintiff admit that it orders SIM cards from manufactures, and the manufacturers assign IMSI numbers to SIM cards.  Admitted that wireless network operators provide a range of IMSI numbers to the manufacturer.  Plaintiff is without sufficient information as to the remaining allegations of paragraph 230 and therefore denies same.

231.    Plaintiff admits it provides a suggested range of IMSI numbers to SIM card manufacturers.

232.    Plaintiff admits that it assigns each SIM cards a MSISDN.  Plaintiff is without

Page 4    UNIGESTION'S AMENDED ANSWER AND
AFFIRMATIVE DEFENSES TO UPM TECHNOLOGY,
INC.'S AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4832-4880-4857, v. 1

sufficient information as to the remaining allegations of paragraph 232 and therefore denies same.

233.    Plaintiff admits that SIM cards only become active on a network when placed into a handset or device and a transaction takes place.  Plaintiff is without sufficient information as to the allegations of paragraph 233 and therefore denies same.

234.    Plaintiff admits that in some instances radio devices send signals to and from the wireless network, and that the SIM cards contains an ISMI that is transmitted by the radio devices. Plaintiff is without sufficient information as to the remaining allegations of paragraph 234 and therefore denies same.

235.    Plaintiff admits that certain, specific types of radio devices may be associated with different SIM cards at different times.  Plaintiff is without sufficient information as to the remaining allegations of paragraph 235 and therefore denies same.

236.    Plaintiff admits that some wireless devices can use different SIM cards.  Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 236 and therefore denies same.

237.    Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 237 and therefore denies same.

238.    Plaintiff admits that SIM cards can be removed from certain devices and placed into certain new ones.  Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 238 and therefore denies same.

239.    Plaintiff admits that a SIM cards contains the IMSI number and that the IMSI number is used to track subscriber accounts.  Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 239 and its sub-parts and therefore denies same.

Page 5    UNIGESTION'S AMENDED ANSWER AND
AFFIRMATIVE DEFENSES TO UPM TECHNOLOGY,
INC.'S AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4832-4880-4857, v. 1

240. Plaintiff admits that SIM cards that have not yet been used are in a pre-active state, and that a SIM card becomes active when it transmits to the network. Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 240 and therefore denies same.

241. Plaintiff admits customers could recharge or top-up from the internet. Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 241 and therefore denies same.

242. Plaintiff admits it allowed customers to enroll in the "Roam Like You're Home" program. Plaintiff is without sufficient information as to the remaining allegations of paragraph 242 and therefore denies same.

243. Plaintiff admits that the term "roaming" can be generally and non-exclusively be defined as stated in paragraph 243. Plaintiff is without sufficient information as to the remaining allegations of paragraph 243 and therefore denies same.

244. Denied that Digicel Haiti has roaming agreements in the United States with AT&T Wireless or T-Mobile. Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 244 and therefore denies same.

245. Plaintiff is without sufficient knowledge or information as to how other carriers structure their roaming agreements; therefore, Plaintiff denies paragraph 245.

246. Plaintiff is without sufficient knowledge or information as to how other carriers structure their roaming agreements; therefore, Plaintiff denies paragraph 246.

247. Agreed that roaming agreements allow customers to make and receive calls when they are physically located outside of their carrier's network. Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 247 and therefore denies

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4832-4880-4857, v. 1

same.

248.    Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 248 and therefore denies same.

249.    Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 249 and therefore denies same.

250.    Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 250 and therefore denies same.

251.    No answer is required as the paragraph states a legal conclusion for which no response is required.  Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 251 and therefore denies same.

252.    No answer is required as the paragraph states a legal conclusion for which no response is required.  Denied as to the characterization that roaming agreements are a form of resale.

253.    Denied as to the financial arrangements alleged.

254.    Denied to the extent it is impossible to answer the multi-paragraph allegation that violates applicable pleading standards.  Admitted that this allegation represents Defendant's over-simplification of a standard call.  Paragraph 254 and its subparagraphs are further denied where Plaintiff is without sufficient knowledge or information as to the operation of all networks worldwide to effectively admit or deny the generalizations set forth in paragraph 254 a- j.

   a.    Admitted that landline and wireless telephones are used to initiate calls.  Denied to the extent that Plaintiff is without knowledge as to the broad generalization that all networks and phones operate in an identical fashion.

   b.    Plaintiff is without sufficient knowledge or information as to the allegations of

Page 7    UNIGESTION'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO UPM TECHNOLOGY, INC.'S AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4832-4880-4857, v. 1

this sub-paragraph and therefore denies same.

c.  Plaintiff is without sufficient knowledge or information as to the remaining allegations of this sub-paragraph and therefore denies same.

d.  Plaintiff is without sufficient knowledge or information as to the remaining allegations of this sub-paragraph and therefore denies same.

e.  Plaintiff is without sufficient knowledge or information as to the remaining allegations of this sub-paragraph and therefore denies same.

f.  Denied as the switch does not serve a device.  Admitted as the extent that switches are used to direct calls.  Plaintiff is without sufficient knowledge or information as to the remaining allegations of this sub-paragraph and therefore denies same.

g.  Plaintiff is without sufficient knowledge or information as to the remaining allegations of this sub-paragraph and therefore denies same.

h.  Plaintiff is without sufficient knowledge or information as to the remaining allegations of this sub-paragraph and therefore denies same.

i.  Plaintiff is without sufficient knowledge or information as to the remaining allegations of this sub-paragraph and therefore denies same.

j.  Plaintiff is without sufficient knowledge or information as to the remaining allegations of this sub-paragraph and therefore denies same

255.  Denied that paragraph 255 describes a typical call from the United States to a telephone of Digicel-Haiti's network, as phones are not a part of the network, rather the SIM cards are the devices that provide access to the network.  Admitted that Digicel-USA switches calls to Digicel-Haiti.  Denied that this switching is a matter of "preference."  Plaintiff is without sufficient

Page 8    UNIGESTION'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO UPM TECHNOLOGY, INC.'S AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4832-4880-4857, v. 1

knowledge or information as to the remaining allegations of paragraph 255 and therefore denies same.

256. Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 256 and therefore denies same.

257. Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 257 and therefore denies same.

258. Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 258 and therefore denies same.

259. Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 259 and therefore denies same.

260. Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 260 and therefore denies same.

261. No response is required as this paragraph states a legal conclusion. Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 261 and therefore denies same.

262. Plaintiff admits voice calls can be sent over the internet. Otherwise, Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 262 and therefore denies same.

263. Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 263 and therefore denies same.

264. Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 264 and therefore denies same.

265. Plaintiff is without sufficient knowledge or information as to the allegations of

Page 9    UNIGESTION'S AMENDED ANSWER AND
AFFIRMATIVE DEFENSES TO UPM TECHNOLOGY,
INC.'S AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4832-4880-4857, v. 1

paragraph 265 and therefore denies same.

266.    Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 266 and therefore denies same.

267.    Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 267 and therefore denies same.

268.    Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 268 and therefore denies same.

269.    Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 269 and therefore denies same.

270.    Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 270 and therefore denies same.

271.    Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 271 and therefore denies same.

272.    No response is required as this paragraph states a legal conclusion. Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 272 and therefore denies same.

273.    Admitted that Digicel-Haiti sold SIM cards through various means of distribution. Digicel-Haiti denies that it sold directly or indirectly to individuals with the knowledge that said individuals would sell the SIM cards through illicit channels.    Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 273 and therefore denies same.

274.    Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 274 and therefore denies same.

Page 10    UNIGESTION'S AMENDED ANSWER AND
AFFIRMATIVE DEFENSES TO UPM TECHNOLOGY,
INC.'S AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4832-4880-4857, v. 1

275. Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 275 and therefore denies same.

276. Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 276 and therefore denies same.

277. Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 277 and therefore denies same.

278. Plaintiff answers the sub-parts of 278 as follows:

    a. Admitted

    b. Denied.

    c. Denied.

    d. Denied.

    e. Denied.

    f. Denied.

279. Plaintiff answers the sub-parts of 279 as follows:

    a. Admitted

    b. Denied.

    c. Denied.

    d. Denied.

    e. Denied.

280. Plaintiff is without sufficient information as to the allegations of paragraph 280 and its sub-parts a-f and therefore denies same.

281. Plaintiff is without or information as to the allegations of paragraph 281 and its sub-parts a-f and therefore denies same.

Page 11    UNIGESTION'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO UPM TECHNOLOGY, INC.'S AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4832-4880-4857, v. 1

282. Plaintiff is without sufficient information as to the allegations of paragraph 282 and therefore denies same.

283. Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 283 and therefore denies same.

284. Denied.

285. Plaintiff denies that Defendants categorization of costs incurred is accurate, accordingly the entire allegation lacks merit and is denied.

286. Plaintiff denies this allegation where the assumption of a per-minute rate per call from the United States to Haiti as this amount has fluctuated over the years and is impacted by numerous variables.

287. Admitted that Digicel-Haiti offers a "Roam Like You're Home" rate, the subscription amount which varies over time and exchange rate. Denied that this allows calls to be made at approximately $0.09 per minute.

288. Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 288 and therefore denies same.

289. Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 289 and therefore denies same.

290. Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 290 and therefore denies same.

291. Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 291 and therefore denies same.

292. Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 292 and therefore denies same.

Page 12    UNIGESTION'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO UPM TECHNOLOGY, INC.'S AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4832-4880-4857, v. 1

293.    Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 293 and therefore denies same.

294.    Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 294 and therefore denies same.

295.    Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 295 and therefore denies same.

296.    Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 296 and therefore denies same.

297.    Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 297 and therefore denies same.

298.    Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 298 and therefore denies same.

299.    Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 299 and therefore denies same.

300.    Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 300 and therefore denies same.

301.    Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 301 and therefore denies same.

302.    Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 302 and its sub-paragraphs a-f and therefore denies same.

303.    Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 303 and therefore denies same.

304.    Plaintiff is without sufficient knowledge or information as to the allegations of

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4832-4880-4857, v. 1

paragraph 304 and therefore denies same.

305. Admitted to the extent that an activated, SIM card with an account is necessary to place and complete a call.  No response is required as this paragraph states a legal conclusion regarding the alleged validity of accounts and sufficiency of payments. Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 305 and its sub-parts and therefore denies same.

306. Denied as Digicel-Haiti was not fully paid for calls made by UPM where the true origins of said calls were concealed.

307. Denied.

308. Denied.

309. Denied.

310. Denied.

311. Denied.

312. Admitted that Digicel-Haiti worked to prevent the unauthorized and illicit resell of access to its network.  The remaining allegations of paragraph 312 are denied.

313. Denied.  Digicel-Haiti's actions had the intended effect of preventing theft of international minutes from Digicel-Haiti.

314. Plaintiff is without sufficient knowledge or information as to the allegations of paragraph 314 and therefore denies same.

315. Admitted that UPM transmitted calls to Haiti using the internet.  Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 315 and therefore denies same.

316. Admitted that UPM used equipment located in Oregon and Haiti to transmit calls

Page 14    UNIGESTION'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO UPM TECHNOLOGY, INC.'S AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4832-4880-4857, v. 1

to Digicel-Haiti's network in Haiti.  Denied that UPM had fully paid for the Digicel-Haiti services used.  All additional allegations of this paragraph are denied.

317.    Denied that UPM had no other way to transmit calls but to conceal the calling number when it was sent to the network in Haiti.  All additional allegations of this paragraph are denied.

318.    Denied as UPM's approximation of costs is inaccurate and oversimplified.

319.    This paragraph states a legal conclusion to which no response is required.

320.    Admitted to the extent that Digicel-Haiti did undertake efforts to prevent theft of its network services.  Denied as UPM and Digicel-Haiti are not in competition, therefore, Digicel-Haiti's actions cannot be classified as having the impact of preventing calls in competition.

321.    Denied.

322.    Denied.

323.    Denied.

324.    Denied.

325.    Denied as UPM's categorization of its counterclaim as compulsory calls for a legal conclusion.  This allegation is further denied where it is unclear if Communications Act claims are at all within the jurisdiction of this Court.

326.    Admitted to the extent that Digicel-Haiti has filed suit in this Court.  Denied as to whether this is sufficient to consent to jurisdiction as this calls for legal conclusion.

327.    No response is required as this paragraph states a legal conclusion.

328.    Denied as multiple paragraphs in 205 through 320 either state legal conclusions or Plaintiff is without sufficient knowledge or information to admit.

329.    No response is required as this paragraph states a legal conclusion.

Page 15    UNIGESTION'S AMENDED ANSWER AND
AFFIRMATIVE DEFENSES TO UPM TECHNOLOGY,
INC.'S AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4832-4880-4857, v. 1

330. Denied to the extent that Digicel-Haiti's conduct amounts to "unreasonable discrimination" or that Digicel Haiti allowed anyone to "complete such calls." Admitted to the extent that Digicel-Haiti did act to prevent UPM's theft of calling minutes by blocking offending SIM Cards.

331. Denied as to the extend UPM characterizes its business as "lawful." Denied that UPM has suffered any damages for which Digicel-Haiti is responsible. Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 331 and therefore denies same.

332. Denied as multiple paragraphs in 205 through 320 either state legal conclusions or Plaintiff is without sufficient knowledge or information to admit.

333. No response is required as this paragraph states a legal conclusion.

334. Denied to the extent that Digicel-Haiti's conduct amounts to "unreasonable discrimination." Admitted to the extent that Digicel-Haiti did act to prevent UPM's theft of calling minutes by blocking offending or impermissible use of Digicel SIM Cards. The remaining allegations of paragraph 334 state legal conclusions to which no response is required.

335. Denied as to the extend UPM characterizes its business as "lawful." Denied that UPM has suffered any damages for which Digicel-Haiti is responsible. Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 335 and therefore denies same.

336. Denied as multiple paragraphs in 205 through 320 either state legal conclusions or Plaintiff is without sufficient knowledge or information to admit.

337. No response is required as this paragraph states a legal conclusion.

338. No response is required as this paragraph states a legal conclusion.

Page 16    UNIGESTION'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO UPM TECHNOLOGY, INC.'S AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

4832-4880-4857, v. 1

339.    Denied as to the extend UPM characterizes its business as "lawful." Denied that UPM has suffered any damages for which Digicel-Haiti is responsible. Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 339 and therefore denies same.

340.    Denied as multiple paragraphs in 205 through 320 either state legal conclusions or Plaintiff is without sufficient knowledge or information to admit.

341.    No response is required as this paragraph states a legal conclusion.

342.    No response is required as this paragraph states a legal conclusion.

343.    Denied as to the extend UPM characterizes its business as "lawful." Denied that UPM has suffered any damages for which Digicel-Haiti is responsible. Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 343 and therefore denies same.

344.    Denied as multiple paragraphs in 205 through 320 either state legal conclusions or Plaintiff is without sufficient knowledge or information to admit.

345.    No response is required as this paragraph states a legal conclusion.

346.    Denied as Digicel-Haiti cannot answer as to the operations or business decisions of Digicel-USA. Denied as to the legal conclusion that the relationship between Digicel-Haiti and Digicel-USA is one of affiliates. The remaining allegations pf paragraph 346 state a legal conclusion to which no response is required.

347.    No response is required as this paragraph states a legal conclusion. Denied that Digicel-Haiti is required to obtain a Section 214 authorization.

348.    No response is required as this paragraph states legal conclusions.

349.    Denied as to the extend UPM characterizes its business as "lawful." Denied that

Page 17    UNIGESTION'S AMENDED ANSWER AND
AFFIRMATIVE DEFENSES TO UPM TECHNOLOGY,
INC.'S AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4832-4880-4857, v. 1

UPM has suffered any damages for which Digicel-Haiti is responsible. Plaintiff is without sufficient knowledge or information as to the remaining allegations of paragraph 349 and therefore denies same.

350.    Denied as multiple paragraphs in 205 through 320 either state legal conclusions or Plaintiff is without sufficient knowledge or information to admit.

351.    Admitted that Digicel-Haiti sells Digicel SIM Cards to allow individual purchases access to its network for the number of minutes purchased.  Denied that bulk purchases for resale purposes are within Digicel-Haiti's purpose of selling Digicel SIM Cards to individual purchasers. Admitted that a customer must purchase new minutes after minutes are used up.  All remaining factual allegations of paragraph 351 are denied.

352.    Denied as Digicel-Haiti does not have knowledge of individual purchasers' expectations.  Admitted to the extent that Digicel-Haiti sells SIM cards to provide authorized and commercially reasonable access to its network.

353.    Denied to the extent that Digicel-Haiti has no knowledge of the specific packaging purchased by UPM's agents.  The remaining allegations of paragraph 353 state legal conclusions to which no response is required.

354.    Denied to the extent that Digicel-Haiti is not able to admit or deny the exact number of purchases, by volume or price, made by UPM or its agents.

355.    Denied to the extent that Digicel-Haiti is not able to admit or deny UPM's understanding of the import or scope of its purchases.  Denied that Digicel-Haiti's conduct manifested an intent to let UPM use its minutes for resell purposes or provide unknown third-parties access to its network.  Denied that Digicel-Haiti's conduct established an implied-in-fact contract that Digicel-Haiti would provide access to its Haitian network to UPM for bypass

Page 18    UNIGESTION'S AMENDED ANSWER AND
AFFIRMATIVE DEFENSES TO UPM TECHNOLOGY,
INC.'S AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4832-4880-4857, v. 1

operations or to third-parties to which UPM resold the minutes.  The remaining allegations of paragraph 355 state legal conclusions to which no response is required.

356.   Denied in that Digicel-Haiti does not have knowledge of UPM's understandings. As to the remaining allegations of this paragraph, no response is required as they are legal conclusions.

357.   Denied as to Digicel-Haiti's "manifested intent" to provide anything to UPM.  As to the remaining allegations of this paragraph, no response is required as they are legal conclusions.

358.   Denied.

359.   Denied that UPM has been damaged by Digicel-Haiti.

360.    Denied as multiple paragraphs in 205 through 320 either state legal conclusions or Plaintiff is without sufficient knowledge or information to admit.

361.   No response is required as this paragraph states a legal conclusion.  The remining factual allegations of paragraph 361 are denied.

362.   No response is required as this paragraph states a legal conclusion.  The remaining factual allegations of paragraph 362 are denied.

363.   Denied as multiple paragraphs in 205 through 320 either state legal conclusions or Plaintiff is without sufficient knowledge or information to admit.

364.   Admitted to the extent that Digicel-Haiti did block SIM Cards that were being used in illegal bypass operations. The remaining allegations of paragraph 364 state legal conclusions to which no response is required.

365.   Denied as to the improper legal conclusion that Digicel-Haiti's unnamed "conduct" resulted in a conversion of UPM property for Digicel-Haiti's benefit.  Denied that any actions on the part of Digicel-Haiti were the result of "intentional malice, trickery, or deceit or that it acted

Page 19     UNIGESTION'S AMENDED ANSWER AND
            AFFIRMATIVE DEFENSES TO UPM TECHNOLOGY,
            INC.'S AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4832-4880-4857, v. 1

with "conscious indifference." Denied that Digicel-Haiti conducted itself reprehensibly or that punitive damages are appropriate.

366. Denied that UPM's blocked SIM cards represent damages. Further, it is denied that Digicel-Haiti is responsible to UPM for any amount of money.

367. Denied that Digicel-Haiti should be required to pay punitive damages. The remaining allegations of this paragraph constitute legal conclusions for which no response is required.

368. Denied as multiple paragraphs in 205 through 320 either state legal conclusions or Plaintiff is without sufficient knowledge or information to admit.

369. Denied that Digicel-Haiti blocked UPM from receiving the "economic benefit of its purchase" where UPM's alleged economic benefit was directly related to its illicit use of Digicel SIM Cards.

370. Digicel-Haiti denies that UPM is entitled to reimbursement for anything.

371. Digicel-Haiti denies that UPM is entitled to reimbursement for anything. Denied that any actions on the part of Digicel-Haiti were the result of "intentional malice, trickery, or deceit."

372. Denied that Digicel-Haiti has retained any benefit to which it was not allowed. It is further denied that Digicel-Haiti is whatsoever liable to UPM from any dollar amount. No response is required to the remaining allegations as this paragraph states legal conclusions.

373. Denied that Digicel-Haiti conducted itself reprehensibly or that punitive damages are appropriate. No response is required to the remaining allegations as this paragraph states legal conclusions.

374. Denied as multiple paragraphs in 205 through 320 either state legal conclusions or

Page 20   UNIGESTION'S AMENDED ANSWER AND
AFFIRMATIVE DEFENSES TO UPM TECHNOLOGY,
INC.'S AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

Plaintiff is without sufficient knowledge or information to admit.

375.    Denied to the extent that Digicel-Haiti lacks the knowledge required to answer as to UPM's relationships with third-parties.

376.    Denied to the extent that this calls for an improper legal conclusion as to the classification of Digicel-Haiti's potential legal relationship to third-parties which may or may not use Digicel-Haiti's network.

377.    No response is required as this paragraph states legal conclusions.

378.    Denied.

379.    Denied.

380.    Denied to the extent that this allegation relies on the legal conclusion that UPM has damages.  Denied to the extent that Digicel-Haiti does not owe UPM any type of damages.  Denied that Digicel-Haiti acted with malice of outrageous indifference to a highly unreasonable risk of harm.

## AFFIRMATIVE DEFENSES

### (Unclean Hands)

1.    UPM's entire operation in relation to Digicel-Haiti SIM Cards was bottomed on UPM's illicit use of Digicel-Haiti SIM Cards.  Accordingly, any actions taken by Digicel-Haiti to safeguard its network were merely defense actions taken to ward off theft and counteract UPM's fraudulent scheme. This is an absolute defense to all claims pleaded.

### (Failure to State a Claim)

2.    UPM has failed to state a claim for its Communications Act and Section 214 claims. UPM has consistently relied on the fact that Digicel-Haiti does not operate in the United States as a general defense in this matter.  Accordingly, it stands to reason that UPM does not have the

Page 21    UNIGESTION'S AMENDED ANSWER AND
AFFIRMATIVE DEFENSES TO UPM TECHNOLOGY,
INC.'S AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4832-4880-4857, v. 1

requisite ability to bring claims which rely solely on Digicel-Haiti being subject to United States communications regulations.

## (Lack of Standing)

3.       UPM lacks standing to bring any of its claims against UPM.  The damages on which UPM relies to make these claims are not as a result of Digicel-Haiti's actions.  Rather any financial loss felt by UPM is directly related to the break-down of its illicit resell and bypass operations.  Therefore, UPM lacks standing to bring claims for damages against UPM.

## (Justification)

4.       Any actions taken by Digicel-Haiti to protect its network from illegal bypass activity or the completion of calls which fraudulently concealed their true origin were justified to protect its business against theft and modern-day piracy.  Any financial loss felt by UPM was as a direct result of its own illicit conduct, not activity by Digicel-Haiti.

## (Unconscionability)

5.       The alleged implied-in-fact contract plead by UPM is unconscionable.  It is unconscionable to hold Digicel-Haiti liable for breach of an implied-in-fact contract where "performance" of the alleged contract would require Digicel-Haiti to allow UPM to directly and indirectly steal from it.

## (Equitable Estoppel)

6.       UPM should be estopped from arguing it suffered damages as a result of Digicel-Haiti's conduct where if the alleged conduct took place, that conduct was only necessary to protect Digicel-Haiti from theft and stop UPM's illicit scheme.

## (First Breach)

7.       Where UPM claims it had an implied-in-fact contract with Digicel-Haiti, Digicel

Page 22      UNIGESTION'S AMENDED ANSWER AND
             AFFIRMATIVE DEFENSES TO UPM TECHNOLOGY,
             INC.'S AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4832-4880-4857, v. 1

Haiti asserts that UPM first breached that contract by using Digicel-SIM cards in an unintended manner and for an illegal purpose. Therefore, any conduct related to blocking or disconnecting those offending SIM cards is secondary to the first breach by UPM, and therefore cannot constitute Digicel-Haiti's contract liability.

### (Real Party in Interest)

8.     To the extent that UPM claims it acted merely as reseller and sold Digicel-Haiti minutes to third-parties who then later worked to terminate those minutes on the Digicel-Haiti network, UPM cannot claim it is the real party in interest as to the minutes that were disabled by Digicel-Haiti or as to the Communications Act and Section 214 claims it asserts. Therefore, Digicel-Haiti cannot be liable to UPM for the value of those minutes or Communications Act liability.

### (Failure to Join Necessary Parties)

9.     To the extent that UPM attempts to rely on arguments that it resold Digicel-Haiti minutes to third-parties that then later bypassed those minutes onto Digicel-Haiti's network, UPM should have brought those third-parties properly before the Court.

### (Self Defense)

10.     To the extent that Digicel-Haiti is found to have caused damages to UPM, any damages cause to UPM were inflicted as a by-product of Digicel-Haiti defending its property, specifically its network.

### (Fraud in the Inducement)

11.     Digicel-Haiti was fraudulently induced into selling Digicel SIM cards to UPM's agents on the basis that the agents actively concealed the true purchaser of the SIM cards and their intended purposes for the SIM cards use. Therefore, the defense of fraud in the inducement

Page 23     UNIGESTION'S AMENDED ANSWER AND
              AFFIRMATIVE DEFENSES TO UPM TECHNOLOGY,
              INC.'S AMENDED COUNTERCLAIMS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

4832-4880-4857, v. 1

operates to relieve Digicel-Haiti of any potential liability connected to UPM's breach of contract claim.

## (Statute of Limitations)

12.     Recovery pursuant to UPM's counterclaims is barred by the statute of limitations. Pursuant to 47 U.S.C. ⊩415 the applicable statute of limitations to UPM's Communications Act and state law claims is two years. UPM's counterclaims were filed at least four years, possibly longer, after it was first aware of the activity which it claims forms the basis for its damages. Therefore, the affirmative defense of statute of limitations bars UPM's counterclaims.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands trial by jury on all matters so triable as of right.

**WHEREFORE**, Plaintiff, UNIGESTION HOLDING, S.A., d/b/a Digicel Haiti, having answered the Counterclaim, respectfully requests that this Court enter judgment in Plaintiff's favor and award Plaintiff compensatory and punitive damages against Defendants, as well as its fees and costs associated with this action and such other and further relief as the Court deems just and proper.

Dated:  September 8, 2021

Respectfully submitted,

| | |
|---|---|
| By:      *s/ Anne M. Talcott* | By:      *s/ Robert C.L. Vaughan* |
| SCHWABE, WILLIAMSON & WYATT, P.C. | KIM VAUGHAN LERNER LLP<br>Robert C. L. Vaughan (*Pro Hac Vice*)<br>Cherine Smith Valbrun (*Pro Hac Vice*)<br>Leah B. Storie (*Pro Hac Vice*)<br>Telephone:  954.527.1115<br>Facsimile:  954.527.1116 |
| Anne Talcott, OSB #965325<br>Kathryn E. Kelly, OSB #175162<br>Telephone: 503.796.2958<br>Facsimile: 503.796.2900 | |
| *Attorneys for Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti and Digicel USA, Inc.* | *Attorneys for Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti and Digicel USA, Inc.* |

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4832-4880-4857, v. 1