**Anne M. Talcott**, OSB #965325
Email: atalcott@schwabe.com
**Kathryn E. Kelly**, OSB #175162
Email: kkelly@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
**Cherine Smith Valbrun** *(Pro Hac Vice)*
E-mail: cvalbrun@kvllaw.com
E-mail: emailservice@kvllaw.com
KIM VAUGHAN LERNER LLP
312 SE 17th Street, Suite 300
Fort Lauderdale, FL  33316
Telephone: 954.527.1115
Facsimile: 954.527.1116

> *Attorney for Plaintiff, Unigestion Holdings, S.A.,*
> *a foreign corporation, d/b/a Digicel Haiti*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNIGESTION HOLDINGS, S.A.,**<br><br>Plaintiff & Counterclaim Defendant,<br><br>v.<br><br>**UPM TECHNOLOGY, INC.**, *et al.*,<br><br>Defendants and Counterclaim Plaintiffs,<br><br>v.<br><br>**UNIGESTION HOLDINGS, S.A.**,<br><br>Counterclaim Defendant. | No. 3:15-cv-00185-SI<br><br>**UNIGESTION HOLDINGS, S.A.'S, OMNIBUS MOTION TO COMPEL**<br><br>Request for Oral Argument |

Page 1 -    UNIGESTION OMNIBUS MOTION TO COMPEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

Plaintiff, UNIGESTION HOLDING, S.A., d/b/a Digicel Haiti, ("Digicel Haiti"), by and through its undersigned counsel, hereby files its Omnibus Motion to Compel Discovery from Defendants, UPM TECHNOLOGY, INC. ("UPM TECHNOLOGY"), UPM TELECOM INC., ("UPM TELECOM"), UPM MARKETING, INC.("UPM MARKETING") (collectively referred to as "UPM"), BEN SANCHEZ ("SANCHEZ"), BATHAZAR RUIZ ("RUIZ"), TYLER ALLEN ("ALLEN"), and DUY TRAN ("TRAN"), (collectively the "individual Defendants"):

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7-1(a), the parties by and through counsel of record, made a good faith effort to confer and resolve differences by email and telephone conferences but were unable to reach an agreement on the subject of this motion.  Even today, the parties continue to discuss ways to narrow their discovery disputes, and will continue to do so while consideration of their respective motions to compel is pending. Digicel Haiti will advise the Court if any of the matters raised in this motion are resolved by the parties.

## MOTION TO COMPEL

Pursuant to Fed. R. Civ. P. 26 and 37, and LR 7-1, Digicel Haiti moves this Court for an order requiring Defendants to produce certain responsive documents and information that are reasonably necessary for the prosecution of Digicel Haiti's case. The specific language of the contested requests is set out below, and the factual arguments attendant to each response are explained in turn.  To the extent Defendants did not provide written responses to certain requests for documents, the motion analyzes, by process of deduction, whether responsive documents were produced, and if not, this motion seeks a written affirmation that no responsive documents exist or alternatively, the production of any responsive, relevant documents.

Page 2 -     UNIGESTION OMNIBUS MOTION TO COMPEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

PDX\128154\201374\AMT\31840925.1

## BACKGROUND FACTS

Digicel Haiti propounded its first request for production of documents on August 28, 2015. While documents were eventually produced, the vast majority of UPM's documents were produced on the eve of major deadlines in the case, including the day before the end of fact discovery and the evening before the parties' last conference with the Court. The timing of these large document productions—the day before these deadlines—delayed evaluation of what information or documents remained outstanding from the responses and production. To the extent reasonably possible, Digicel Haiti's counsel has undertaken review of these documents while working to ascertain which requests may not have be fulfilled. This effort has been exacerbated by the fact that the individual Defendants have **never** served written responses to any of Digicel Haiti's Requests for Production.

Finally, Fed. R. Civ. P. 26(b)(1) provides that a party may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The Defendants' failure or refusal to respond to several of Digicel's requests run afoul of this basic premise.

## FACTUAL ARGUMENT AND SPECIFIC REQUESTS

Digicel Haiti moves the Court to compel production of any and all documents relevant and responsive to the following requests, including documents in the possession, custody, or control of the individual Defendants. The arguments in support of this motion are presented following the respective request which is included here for ease of reference.

## I.    Individual Defendants' Responses to Digicel Haiti's Request for Production

As of the date of this motion, the individual Defendants have failed to provide *any* responses to Digicel Haiti's request for production of documents. Opposing counsel has indicated

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

PDX\128154\201374\AMT\31840925.1

verbally in conferral, that the individual Defendants do not have any documents to produce.  Even so, there have been no written responses on behalf of the individual defendants to confirm or verify this representation.  Because the record is silent as to whether the individual Defendants have responsive documents in their possession or control, Digicel Haiti moves to compel a written answer from the individual Defendants regarding all pending requests for production directed at them.  Digicel Haiti is entitled to an affirmative, written response regarding whether any individual Defendant is in possession of responsive documents.  *See* Fed. R. Civ. P. 34b(2)(B), (C); *Fischer v. Forrest*, 2017 U.S. Dist. LEXIS 28102, at *2 (SDNY Feb. 28, 2017).

Digicel Haiti's request for production instructs:

Identify each document, formerly in your possession, custody, or control, which would have been responsive to this request, but which has been destroyed, discarded, lost or otherwise disposed of, and identify the person destroying, discarding, losing or otherwise disposing of such documents, the time and place such disposition occurred, the person maintaining possession, custody, or control of such document during the existence, and if the document was not accidentally lost, the person ordering or authorizing the disposition of such document. If specific identification of individual documents in response to this instruction is not possible, identify each category of documents which would have been responsive to this request, but which have been destroyed, discarded, lost or otherwise disposed of and identify the person destroying, discarding, losing or otherwise disposing of such documents, the time and place such disposition occurred, the person maintaining possession, custody, or control of such document during the existence, and the person ordering or authorizing the disposition of such documents.

*See* Instruction 4 of Digicel Haiti's Request for Production of Documents to the Defendants (July 21, 2020).  Accordingly, even if an individual Defendant, had at one point, but no longer has responsive documents, they are obligated to provide a response.

## II.     <u>Documents related to UPM's operations outside of Haiti that had an impact or prove damages associated with bypass operation in Haiti</u>.

Digicel Haiti requested all documents pertaining to Defendants' bypass activity throughout the world on the grounds that it was relevant for purposes of establishing punitive damages related

Page 4 -     UNIGESTION OMNIBUS MOTION TO COMPEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

PDX\128154\201374\AMT\31840925.1

to Defendants' continuous and purposeful ongoing bypass related activities. The parties agreed to narrow this request to any and all documents, even if involving operations from other countries, if those operations are in any way *related to Defendants' activities in Haiti*. For example, Digicel Haiti discovered that UPM Guatemala and its officers or employees were wiring funds and providing logistical support for equipment purchase and placement in Haiti. Digicel Haiti believes that the parties' previous disagreements as to the scope of this information that is discoverable has resulted in relevant documents regarding activities that took place outside of Haiti, but were related to Haiti, not being produced. Although UPM seems to have provided a small subset of documents related to activities in other countries, it does not appear that Defendants have sourced documents from any new custodians who may have relevant information.

   a.   Related Requests:

FIRST REQUEST FOR PRODUCTION NO. 4: Any and all documents that concern, mention, pertain, or relate to UPM Technology's relationship with UPM Marketing Guatemala, S.A., or any other Guatemalan entity related to the UPM Group of Companies, including but not limited to incorporation documents, merger documents, operating agreements, shareholder agreements, or share purchase agreements.

RESPONSE: Defendant objects to this Request on the grounds that it (a) seeks documents which are neither relevant nor likely to lead to the discovery of admissible evidence; (b) is overly broad and unduly burdensome with respect to time and scope; and (c) seeks documents which contain information which is proprietary and/or confidential. Without waiving and subject to these objections, Defendant will produce UPM Marketing Guatemala's S.A/s articles of incorporation.

SECOND REQUEST FOR PRODUCTION NO. 24 : All documents pertaining to UPM's authorized use of SIM Cards and VoIP, or other means of internet-based call transmission, to

Page 5 -    UNIGESTION OMNIBUS MOTION TO COMPEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

PDX\128154\201374\AMT\31840925.1

transmit international calls to countries other than Haiti, including but not limited to Afghanistan, Burkina Faso, Egypt, El Salvador, Gambia, Guinea, Guinea Bissau, Honduras, Ivory Coast, Liberia, Libya, Mail, Mauritania, Morocco, Senegal, Sierra Leone, Tanzania, Tunisia, and Uganda.

RESPONSE: As noted above, UPM will not respond to requests for information about its operations in countries other than Haiti on the grounds that such information is irrelevant to this lawsuit and is not reasonably likely to lead to the discovery of relevant material.

### III.    Information Regarding Use of Roam Like Your Home (RLYH) Plan

UPM grounds their counterclaims on the notion that they were using the RLYH plan just as any other consumer, to send calls to Haiti.  If that was or is the case, there should be substantial documentary evidence of the enrollment of the cards and related invoicing from Digicel Haiti.  The productions provided do not include any invoicing or receipts for RLYH subscriptions—or any evidence of subscriptions at all.

a.    Related Requests:

REQUEST FOR PRODUCTION NO. 19: Any and all documents that concern, mention, pertain, evidence, or relate to the Digicel's Roam Like You're Home ("RLYH") international calling plan, including but not limited to RLYH contracts or books or records relating to RLYH subscriptions.

RESPONSE: Defendant will produce responsive documents in its possession, custody or control, if any.

### IV.    Evidence of Individual Defendants' Employment with UPM and Documents from Individual Defendants

Even with the volume of documents produced by UPM, there are no documents evidencing telephone communications by or among the individual Defendants or evidencing an employment or agency relationship(s) between the individual Defendants and UPM.  Digicel Haiti has a good-

Page 6 -    UNIGESTION OMNIBUS MOTION TO COMPEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

PDX\128154\201374\AMT\31840925.1

faith basis to believe that individual Defendants communicated with contacts in Haiti and throughout different countries regarding bypass using Digicel Haiti SIM Cards through What's App, text messaging, and other cellular phone communications.  In addition to the fact of limited email disclosures, there are no documents from the individual Defendants or texts or WhatsApp communications included in UPM's productions.

     a.  <u>Related Requests</u>:

FIRST REQUEST FOR PRODUCTION NO. 9:  Any and all documents that concern, mention, pertain, or relate to UPM Telecom's relationship with Sanchez, including but not limited to employment, vendor, or independent contractor contracts, paystubs, and federal income tax documents.

RESPONSE: Defendant objects to this Request on the grounds that it (a) seeks documents which are neither relevant nor likely to lead to the discovery of admissible evidence; (b) is overly broad and unduly burdensome with respect to time and scope; and (c) seeks documents which contain information which is proprietary and/or confidential. Without waiving and subject to these objections, Defendant will produce redacted payroll records sufficient to show dates of employment for Sanchez.

FIRST REQUEST FOR PRODUCTION NO. 10:  Any and all documents that concern, mention, pertain, or relate to UPM Telecom's relationship with Ruiz, including but not limited to employment, vendor, or independent contractor contracts, paystubs, and federal income tax documents.

RESPONSE: Defendant objects to this Request on the grounds that it (a) seeks documents which are neither relevant nor likely to lead to the discovery of admissible evidence; (b) is overly broad and unduly burdensome with respect to time and scope; and (c) seeks documents which

Page 7 -    UNIGESTION OMNIBUS MOTION TO COMPEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

PDX\128154\201374\AMT\31840925.1

contain information which is proprietary and/or confidential. Without waiving and subject to these objections, Defendant will produce redacted payroll records sufficient to show dates of employment for Ruiz.

FIRST REQUEST FOR PRODUCTION NO. 11:  Any and all documents that concern, mention, pertain, or relate to UPM Telecom's relationship with Allen, including but not limited to employment, vendor, or independent contractor contracts, paystubs, and federal income tax documents.

RESPONSE: Defendant objects to this Request on the grounds that it (a) seeks documents which are neither relevant nor likely to lead to the discovery of admissible evidence; (b) is overly broad and unduly burdensome with respect to time and scope; and (c) seeks documents which contain information which is proprietary and/or confidential. Without waiving and subject to these objections, Defendant will produce redacted payroll records sufficient to show dates of employment for Allen.

FIRST REQUEST FOR PRODUCTION NO. 13: Any and all communications between or among Defendants regarding the purchase or sale of cellular minutes for use on the Digicel network, including but not limited to WhatsApp messages, SMS text messages, Skype calls, or TeamViewer meetings.

RESPONSE: Defendant objects to this Request on the grounds that it (a) seeks documents which arc neither relevant nor likely to lead to the discovery of admissible evidence; (b) is overly broad and unduly burdensome with respect to time and scope, (c) seeks documents which contain information which is proprietary and/or confidential, and (d) seeks documents which are not in Defendant's possession, custody or control. Without waiving and subject to these objections, Defendant will produce responsive documents in its possession, custody or control.

Page 8 -    UNIGESTION OMNIBUS MOTION TO COMPEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

PDX\128154\201374\AMT\31840925.1

UPM's current production does not include *any* employment agreements or tax forms required for employment of the individual Defendants. If none exist, an affirmative answer indicating as much would be sufficient. For example, UPM's Supplemental Responses exclude any indication that the individual defendants produced any responsive information. Each supplemental answer begins with the boilerplate statement that "[a]ll documents that UPM identified" were produced. The individual defendants are not referenced or mentioned let alone included in the response. Digicel Haiti understands this may be "stylistic" error or oversight. However, in light of the fact that UPM's productions do not show any of the individual defendants as the custodian of any of the documents produced, and in light of the significant evidentiary implications which may lie with an assumption of this nature at trial, Digicel Haiti seeks confirmation regarding whether documents were produced from the individual defendants and more importantly, whether they were even included in the collection process.

## V.    **Supporting Data For Damages Spreadsheet**

Document UPM012624 is a spreadsheet that contains various data points that are allegedly associated with SIM Card numbers. The spreadsheet includes whether the SIM Card was able to be activated and used, its associated phone number, the recharge amount, and total minutes produced. It contains entries for 7951 SIM Cards. Remarkably, there are no receipts or back up provided that is directly related to this spreadsheet. This would presumably include documents like the ones sought in Section II above. Digicel Haiti seeks any and all documents providing the information summarized in the spreadsheet as relevant and discoverable pursuant to the referenced requests.

Additionally, the information in the spreadsheet does not cover the entire period that UPM was routing calls to Haiti—as was only recently disclosed and confirmed. UPM should be

Page 9 -    UNIGESTION OMNIBUS MOTION TO COMPEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

PDX\128154\201374\AMT\31840925.1

compelled to provide the rest of the data which was never included in the initial response.

a.   Related Requests and Document:

SECOND REQUEST FOR PRODUCTION NO. 5.  All documents pertaining to the factual basis for UPM's allegations that UPM has been damaged "in excess of $50,000,000, and will continue to lose at least $1 million per month . . ." See ECF 202 at ¶331.

SECOND REQUEST FOR PRODUCTION NO. 13. All documents pertaining to and evidencing the 10,705 Digicel Haiti SIM Cards allegedly purchased by UPM, including but not limited to any correspondence reduced to writing, identification numbers for each card and the specific usage associated with each card and proofs of purchase.

## VI.   Search Criteria Used to Narrow Universe of Documents

In the parties' last call with the Court, counsel for UPM indicated that it utilized intial search terms to narrow the universe of documents it reviewed for production.  If, as represented by UPM's counsel, search terms were used to create the initial database from which later, individual searches were performed and documents eventually produced, UPM must also disclose those initial terms.  UPM's most recent supplemental responses provide search criteria used to obtain documents for a sampling of individual requests, but UPM did not indicate or disclose any initial search criteria used to make the initial cut and gather the first, larger universe of documents that were ultimately searched for production and subject to the search criteria disclosed for specific requests.  Digicel Haiti requests that the Court compel UPM to follow through on its representations to the Court and the Court's previous instruction to provide these initial search terms and any subsequent terms used to narrow the universe of documents deemed "responsive" to Plaintiff's requests.

Page 10 -   UNIGESTION OMNIBUS MOTION TO COMPEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

PDX\128154\201374\AMT\31840925.1

Moreover, the search criteria provided appear to only apply to Digicel Haiti's Second Request for Production. There is no reference to the First Request for Production or any searches used to gather documents responsive to those requests. Digicel Haiti requests that the Court compel UPM to confirm whether search terms were used to respond to all requests for production and if so, to provide these search terms used to segregate documents responsive to Digicel Haiti's First Request for Production of Documents.

It appears that UPM's search terms are inadequate. Several examples of this inadequacy include (a) there is no search term that includes any portion or derivative of the word "Guatemala"; (b) the Defendants communicated in other languages and there are no foreign terms included in the search; and (c) most surprising, the word "bypass" is not even included in the terms UPM searched.

## VII.    Privilege log:

The attorney-client privilege is limited only "to information related to obtaining [legal] advice" [and] "[a] document prepared for a purpose other than *or in addition to* obtaining legal advice and intended to be seen by persons other than the attorney does not become subject to the privilege merely by being shown to the attorney." *Mechling v. City of Monroe*, 152 Wash. App. 830, 853, 222 P.3d 808 (2009) (emphasis added); *see also In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. 656, 661 (D. Or. 2019). Moreover, the attorney-client privilege is a "narrow privilege," it "does not shield facts from discovery, even if transmitted in communications between attorney and client," and it "must be strictly limited to the purpose for which it exists." *Newman v. Highland Sch. Dist. No. 203*, 186 Wash. 2d 769, 777-78, 381 P.3d 1188 (2016).

Page 11 -    UNIGESTION OMNIBUS MOTION TO COMPEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

PDX\128154\201374\AMT\31840925.1

Digicel Haiti seeks to compel the following documents listed on UPM's privilege log. On the face of the privilege log these documents are not protected by a recognized privilege and they should be compelled for production. The specific entries in question are:

1. PRIVNO000001 Withhold Attorney-Client; Work Product Digicel production of documents.xlsx 9/15/2006 Spreadsheet

2. PRIVNO000002 Withhold Attorney-Client; Work Product; Non-Haiti Information export_ds_simStatAllSimCard_20 16_08_04_00_33_55.xlsx 9/15/2006

Based on the information provided these emails predate the litigation by almost a decade and there is no attorney known to Digicel Haiti listed as a party to the document. If these dates are accurate and the content is relevant, the documents should be produced.

## VIII.   **Withheld documents**:

Digicel Haiti seeks to compel the following "withheld" documents listed on UPM's privilege log. The following entries indicate merely that the documents are withheld, but there is no recognizable privileged identified. Further, other documents and emails from Intellivoice were produced during discovery. Digicel Haiti believes these documents are not protected and production should be compelled.

1. PRIVNO000110          Withhold Non-Haiti Information          Invoice 17 TY Consulting Group.xls          Ramazzini          10/28/2011 Spreadsheet

2. PRIVNO000114          Withhold Non-Haiti Information Intellivoice- send [redacted] starting 4:30pm CST    Billy Chase          Jack Kohn; noc@upm.com Dmitry Stafeev; Dean Johnson; Liliana de la Torre; Pavel Bokov; Shawn Lane  4/3/2011 Email

3. PRIVNO000115          Withhold Non-Haiti Information RE: Intellivoice- please send [redacted]          Billy Chase          Jack Kohn Dmitry Stafeev; Pavel Bokov; Liliana de la Torre; Shawn Lane          4/4/2011 Email

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

PDX\128154\201374\AMT\31840925.1

## IX.    **Missing attachments**:

Digicel Haiti seeks production of the following missing attachments of documents that were produced by UPM.  These attachments do not appear to be a part of UPM's production and production should be compelled.

1.  UPM005076 – Vendor log
    Attachment(s):
    export_ds_upmRechargeVendorLog_2014_08_05_09_43_47.xlsx

2.  UPM006614 – SIM Report
    Attachments: image001.jpg; SIM REPORT HAITI 5-12.xls

3.  UPM006749 – SIM Report
    Attachments: SIM REPORT HAITI-1.xls

4.  UPM0006984
    Attachments: SIM REPORT HAITI.xls

5.  UPM006992
    Attachments: SIM REPORT HAITI.XLS

6.  UPM007430
    Attachments: SIM REPORT HAITI..xls

7.  UPM009328
    Attachments: STATUS DE PO's DE SIMS Y PINES  2014.xlsx

8.  UPM012264
    Attachments: SIM REPORT HAITI  DEL 30 DE ENERO AL 5 DE FEBRERO.xls; ATT00001.htm

9.  UPM012268
    Attachments: SIM REPORT HAITI .xls; ATT00001.htm

10.  UPM012319
    Attachments: Panama_Haiti_Rev.xlsx

11.  UPM012431
    Attachments: status POS SIMS   .xlsx; status POS  PINES .xlsx

Page 13 -    UNIGESTION OMNIBUS MOTION TO COMPEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

PDX\128154\201374\AMT\31840925.1

## X.      Redactions:

The parties agree to a "no waiver peek" as proposed by the Court.  However, Digicel Haiti reserves its objections, without waiver, so that upon further review, if the parties still cannot agree on a particular document, the Court will compel production.

## XI.     CONCLUSION

Based on the facts and materials presented, Digicel Haiti seeks an order to compel production as specified above.

Dated this 27th day of September, 2021.

Respectfully submitted,

By:     s/ Robert C.L. Vaughan

KIM VAUGHAN LERNER LLP
Robert C. L. Vaughan (*Pro Hac Vice*)
Cherine Smith Valbrun (*Pro Hac Vice*)
Leah B. Storie (*Pro Hac Vice*)
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone:          (954) 527-1115
Facsimile:          (954) 527-1116
E-mail: rvaughan@kvllaw.com

*Attorneys for Plaintiff, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti*

SCHWABE, WILLIAMSON & WYATT, P.C.
Anne Talcott, OSB #965325
Telephone: 503.796-2958
Facsimile: 503.796.2900

*Attorneys for Plaintiff, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti*

Page 14 -    UNIGESTION OMNIBUS MOTION TO COMPEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

PDX\128154\201374\AMT\31840925.1