**Anne M. Talcott**, OSB #965325
Email: atalcott@schwabe.com
**Kathryn E. Kelly**, OSB #175162
Email: kkelly@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
**Cherine Smith Valbrun** (*Pro Hac Vice*)
E-mail: cvalbrun@kvllaw.com
KIM VAUGHAN LERNER LLP
312 SE 17th Street, Suite 300
Fort Lauderdale, FL  33316
Telephone: 954.527.1115
Facsimile: 954.527.1116

*Attorneys for Plaintiff and Counterclaim-Defendant*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNIGESTION HOLDINGS, S.A.,** a foreign corporation, d/b/a **DIGICEL HAITI**, <br><br> *Plaintiff,* <br><br> vs. <br><br> **UPM TECHNOLOGY, INC. d/b/a UPM TELECOM, INC.,** and **UPM MARKETING, INC.,** an Oregon corporation; **UPM TELECOM, INC.,** an Oregon a/b/n; **UPM MARKETING, INC.,** an Oregon a/b/n; **BEN SANCHEZ a/k/a BEN SANCHEZ MURILLO,** a foreign individual; **BALTAZAR RUIZ,** a foreign individual, **TYLER ALLEN**, a foreign individual, and **DUY TRAN a/k/a BRUCE TRAN,** a foreign individual, <br><br> *Defendants;* | Case No. 3:15-cv-00185-SI <br><br><br> **UNIGESTION HOLDINGS, S.A.'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL** <br><br>  ORAL ARGUMENT REQUESTED |

UNIGESTION'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-290

**UPM TECHNOLOGY, INC.,** an Oregon
corporation;

     *Counterclaim Plaintiff,*

  vs.

**UNIGESTION HOLDINGS, S.A.,** d/b/a
**DIGICEL HAITI** and **DIGICEL USA, INC.,**

    *Counterclaim Defendants*

   Plaintiff, UNIGESTION HOLDING, S.A., d/b/a Digicel Haiti, ("Digicel Haiti"), by and

through its undersigned counsel, hereby files its Response in Opposition to Defendants' Motion to

Compel Discovery:

**RESPONSE**

   Defendants' Motion to Compel outlines four separate issues for which they seek to compel

discovery: 1) Information About Individuals; 2) Defense Against Digicel-Haiti's Fraud Claim; 3)

Prosecution of UPM's Communications Act Claims; and 4) Damages.  Within each category,

movants identify multiple interrogatories for which they seemingly seek more information or

contest an objection.  Of the twenty-three (23) specific interrogatories mentioned, five were

answered and there is no argument specifying what information is missing or what Defendants are

seeking.[1]

**FACTUAL ARGUMENT AND SPECIFIC REQUESTS**

  **I.**  **Category 1 – Information About Individuals**

   <u>Interrogatories 1-1, 1-2, 1-4</u> – Digicel Haiti has answered these interrogatories.  However,

---

[1] Defendants' Motion to Compel, ECF 247, attaches numerous exhibits including a chart sent to Digicel Haiti during the discovery process requesting more information related to certain interrogatories.  In some instances, additional information was provided, and the parties discussed narrowing the scope of specific requests.  As indicated in the parties' respective Motions to Compel, efforts towards resolving as many issues as possible are on-going.

Page 1 -  UNIGESTION'S RESPONSE IN OPPOSITION TO
      DEFENDANTS' MOTION TO COMPEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

Digicel Haiti did not agree with Defendants that "identification" requires an explanation of job duties and history. Digicel Haiti has provided additional information about former or current employees' job titles, dates of employment, and last known address where available. *See* Letter to C. Savage, attached hereto as Exhibit A.

Interrogatory 2-4 – Any communications had with Mr. Gosal or Mr. Smith over which Digicel Haiti have possession, custody, or control are undersigned counsel's investigative and factual work product that was necessary for the prosecution of this case. This is precisely the type of work that Fed. R. Civ. P. 26(b)(3) was created to protect. Rule 26(b)(3) codified the work product rule set for in the seminal case of *Hickman v. Taylor*. *See Hickman v. Taylor,* 329 U.S. 495 (1947). In relevant part, Rule 26(b)(3) provides:

> a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Fed. R. Civ. P. 26(b)(3). The accompanying 1970 advisory notes confirm that the information requested by Defendants is precisely the type of information that the Rule intends to protect. The notes declare that "the party seeking access to the documents must make a special showing of substantial need and a showing that he or she cannot elsewhere obtain the substantial equivalent of the materials without undue hardship." Lewis H. Orland, *Observations on the Work Product Rule*, 29 Gonz. L. Rev. 281, 282 (1994). This rule was put in place, as emphasized by later decisions, to protect precisely what is sought here, attorney notes from interviews and

Page 2 -   UNIGESTION'S RESPONSE IN OPPOSITION TO
        DEFENDANTS' MOTION TO COMPEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

communications gathered for the purposes of gaining information about the case. *See Upjohn Co. v. United States*, 449 U.S. 383, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981) (counsel not required to produce notes from witness interviews particularly because interview notes inherently contain the lawyer's mental impressions and analysis).

Here, Defendants confirm by attaching the communication it received from Mr. Smith's attorneys, that they had the same opportunity to speak with Mr. Gosal and Mr. Smith as did attorneys for Digicel Haiti. Further if, as Defendants argue, they want information to "assist UPM in cross-examining and impeaching Digicel-Haiti witnesses who were in contact with, and/or who directly or indirectly relied upon, these individuals for any of their testimony" then there are multiple ways this information can be obtained without violating the work product doctrine, including but not limited to third-party discovery and depositions of Mr. Gosal and Mr. Smith themselves. Defendants' failure to explore any of these options or to demonstrate the hardship required by the rule in favor of violating the protections inherent in the investigative work of Digicel Haiti's counsel is not in line with the purposes of discovery or recognition of the work product doctrine. Digicel Haiti should not be compelled to further respond to Interrogatory 2-4.

## II.   Category 2 – Defense Against Fraud

Defendants seek to compel information they say is relevant to determine the extent of Digicel Haiti's reliance on the fact that calls transmitted by UPM presented as local rather than international calls. Defendants argue that they should be entitled to certain information because this reliance element puts at issue "what [Digicel Haiti] understood its services were being used for; when and how it learned its services were being sold; and what it did in response." ECF 247 at 5. However, in its own Motion to Compel, Defendants expressly rely on these "key facts" that "are not in dispute":

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

> [The parties] agree that Digicel-Haiti charged UPM the rate for local calls in Haiti, rather than Digicel-Haiti's higher $0.023/minute [sic] rate for inbound international calls. And, they agree that Digicel-Haiti, when it concluded that a SIM card was being used for this purpose, deauthenticated it, blocking UPM from using it.

ECF 247 at 3 (internal citations omitted). Defendants cannot simultaneously identify these as "undisputed" key facts related to what Digicel Haiti allegedly did when it discovered cards were being used for bypass while at the same time seeking to compel broad and roving discovery related to these very activities. In other words, if it is truly undisputed that Digicel Haiti connected UPM's bypass calls as local calls rather than international, that alone demonstrates Digicel Haiti's reliance on the "local" phone number represented by UPM to be the call being delivered for connection. Likewise, disconnecting SIM Cards identified as being used for bypass explains exactly what action Digicel Haiti took to deal with this issue.

Defendants concede as much in their Response and Objections to Digicel Haiti's Rule 30(b)(6) Notice. *See* Response and Objections at 3.[2] Defendants argue that any deposition topics related to the "undisputed facts" are objectionable. Defendants' argument there applies directly to this response. Digicel Haiti should not be required to produce answers or documents that involve these "undisputed facts." The notion that UPM, just by virtue of having been sued, should now have access to company wide information and business dealings that involve the entire Digicel Group—not just Digicel Haiti—is entirely unreasonable, particularly where these facts are "undisputed."

Interrogatory 1-7 - Specifically, UPM claims that it needs access to any communications between Digicel Haiti and the Haitian government regarding bypass. In its response to this interrogatory, Digicel Haiti agreed to answer by producing communications with the Government

---

[2] A true and correct copy of UPM's Response and Objections to Digicel Haiti's 30(b)(6) Notice is attached hereto as Exhibit B.

Page 4 -    UNIGESTION'S RESPONSE IN OPPOSITION TO
            DEFENDANTS' MOTION TO COMPEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

of Haiti concerning bypass that reference or discuss UPM. This is an entirely reasonable limitation on Defendants' initial overbroad request. The Motion to Compel contains no indication or argument about how or why Digicel Haiti should be required to list or produce any communication that does not even reference UPM. Further, UPM has access to the public communications of the Government of Haiti, its telecommunication ministry, and the telecommunication laws of Haiti which discuss the legal parameters of what is required of all Haitian carriers and how they are required to deal with bypass. This mitigates the scope of documents Defendants should seek from Digicel Haiti, and weighs against compelling further response to this request.

Interrogatory 1-16 – Defendants seek the terms and conditions under which Digicel Haiti sells SIM Cards to distributors for retail sales. Digicel Haiti provided an answer to this interrogatory stating that Digicel Haiti sells SIM Cards to authorized distributors at wholesale price for retail distribution. Any specific terms and conditions beyond that are irrelevant and outside the scope of this litigation. Digicel Haiti and its lengthy negotiation of wholesale and retail authorization terms hold no point of relevance or comparison for UPM's model of operation and use of Digicel SIM Cards where UPM has admitted that it had no commercial relationship with Digicel and never even tried to establish one. In fact, there is no evidence in this litigation that UPM's "agents" who purchased the cards even did so from authorized dealers—or that they were agents at all. To assume that this allegation is true—without more—is a tremendous logical and legal leap that is unsupported by any record or evidence in this matter.

Throughout this litigation UPM has admitted that it never negotiated directly with Digicel Haiti or even contacted Digicel Haiti to try to establish any authorized bulk or wholesale purchases. Therefore, Digicel Haiti's established, regulated, and highly negotiated confidential

Page 5 -   UNIGESTION'S RESPONSE IN OPPOSITION TO
            DEFENDANTS' MOTION TO COMPEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

distribution channels can shed no light on UPM's covert operations and would have no points of comparison that could be directly or indirectly relevant or illustrative of any claims or defenses in this case. This interrogatory response should not be compelled.

Interrogatory 1-33 – Digicel Haiti provided an answer to this interrogatory. UPM makes no effort to argue its insufficiency. One can extrapolate that UPM wants more information about how Digicel Haiti protected its network from bypass. This has nothing to do with the actual claims in suit but more to do with UPM's efforts to access Digicel's confidential security protocols. Again, if the undisputed facts according to Defendants are that UPM was committing bypass and Digicel Haiti's response was to cut SIM Cards that it identified as committing bypass, it does not seem there is much more that is relevant to the facts Defendants believe are still at issue. Rather, this is an attempt by UPM to learn more about how legitimate carriers—in particular Digicel—protect their networks and for UPM to potentially create an even more efficient means off avoiding detection. It is akin to requiring a company to hand over its network protections in a cyber security case. That is not the purpose of discovery and Digicel Haiti should not be compelled to disclose details of how it protects its networks from illegal bypass activity. Although UPM has represented that it no longer conducts bypass into Haiti, there is no dispute that UPM conducts bypass into other territories on networks related to the Digicel Group.

Interrogatory 1-38 – Likewise, the nature and scope of Digicel Haiti's efforts to prevent bypass are outside the scope of discoverable matters. This is a fraud case in which Defendants have admitted to running bypass and operating a business in the shadows of legitimate telecommunications markets around the world. The audacity required for Defendants to argue they should now be rewarded for their activity by receiving detailed information about how

Page 6 - UNIGESTION'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

Digicel Haiti defends itself from Defendants' theft cannot be overstated.[3]  The Court should deny Defendants' request to compel further answers to this interrogatory based on the facts of this case and the significant public policy implications of entertaining the Defendants' arguments in this regard.

### III.     Category 3 – UPM's Communications Act Claims

Interrogatory 1-9 and 2-17 – UPM's insistence on gathering information regarding Digicel Haiti's legal status in Haiti in an effort to determine Digicel Haiti's "obligations to serve the public" under *Haitian law* highlights that any activity by Digicel Haiti taken in Haiti to curb bypass in Haiti is subject to *Haitian law*, not the U.S. Communications Act.  Accordingly, the actions UPM alleges form the basis of its counterclaims are truly subject to Haitian law and not properly before this Court.  Digicel Haiti's actions in Haiti should not be subject to discovery related to UPM's counterclaims that Digicel Haiti somehow violated the U.S. Communications Act by operating as authorized and obligated under *Haitian* law.  The discovery sought is irrelevant and should not be compelled.

Interrogatories 1-27, 1-29, 2-7 – 13, and 2-15[4] – These requests deal with the operation of Digicel Haiti services including the Roam Like Your Home ("RLYH") plan and its "Diaspora" program.  These interrogatories request information that is irrelevant to this matter and outside the scope of permissible discovery.

Essentially, Defendants want Digicel Haiti to give a blueprint for how it deals with

---

[3] Defendants' arguments regarding application of the statute of limitations are inaccurate in law and proposed application.  Digicel Haiti does not believe these issues are relevant to this discovery dispute, particularly where Digicel Haiti has unequivocally maintained it did not know about Defendants' specific activity until the arrest and investigation that prompted the filing of this litigation.

[4] In response to Interrogatory 2-11, Digicel Haiti provided an extensive answer regarding its marketing efforts in response to 1-14.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

international carriers that have negotiated and entered into agreements to carry traffic to Haiti.  The fact remains, 1) Digicel Haiti's relationships with carriers as it relates to RLYH cannot be analyzed in a vacuum because those arrangements are subject to negotiations related to many Digicel Group carriers and programs; and 2) they are entirely outside the scope of discoverable evidence because the claims and defenses in this litigation are inapposite to the idea of a bargained-for exchange of services.  Just because UPM has alleged that it uses RLYH to connect calls, does not open the floodgates for it to request discovery about its every detail.  UPM's choice to use RLYH is not at issue, and UPM has shown no contract claim or basis that implicates Digicel Haiti's relationships with other carriers.  In fact, UPM has alleged over and over that its damages flow from not being treated equally to other *consumers not other carriers*.

How RLYH operates on the whole has no relation to 1) Digicel Haiti's claims and Defendants' defenses to those claims or 2) UPM's counterclaims or Digicel Haiti's defenses to those counterclaims.  Defendants believe the remaining issues in this litigation are whether their actions, which have been described *ad nauseum*, constitute fraud and whether Digicel Haiti blocking SIM cards used by UPM constitutes Communications Act violations.  Descriptions of Digicel Haiti's marketing and business relationships with other carriers are irrelevant and are not discoverable under Rule 26(b)(1) which limits discovery to "any nonprivileged matter that is *relevant to any party's claim or defense . . .*"

Likewise, the mere existence of the Diaspora program, which had never been mentioned in the six plus years of this litigation, is not sufficient to allow Defendants' discovery into it. Information regarding this program does not meet the parameters of Rule 26(b)(1), and it has no relevance to resolving the issues at stake in this litigation.  No further discovery regarding these issues should be compelled.

Page 8 -  UNIGESTION'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

## IV.　　Category 4 – Damages

Interrogatories 1-29 and 2-18 – Both these requests seek information on the economics and profitability of RLYH.  For all the reasons argued in Section III above, these facets of RLYH are irrelevant to the claims and defenses in this litigation.  The overall economic structure and profitability of RLYH has no bearing on the damages alleged by either party.

RLYH does not operate in a stand-alone fashion.  It, like many telecommunications products, is part of larger relationships between carriers, and in Digicel Haiti's case, groups of carriers.  It would be impossible to calculate the profitability of RLYH alone without accounting for how it operates as a piece of the larger contractual agreements between carriers.  The information requested regarding RLYH is not only irrelevant, but it does not exist as requested.

The overall profitability or economic structure of RLYH has no bearing on how many minutes UPM alleges it lost or Digicel Haiti's losses for wrongfully terminated calls.  Rather, Digicel Haiti's damages are inextricably linked to the delta between a regular international call and a local, Haitian call, not the special pricing of subscriber programs that were exploited by Defendants.  The request to compel answers to these interrogatories must be denied.

Interrogatory. 1-31 – UPM persists in its quest to make Haitian taxes an issue in this litigation.  Yet any taxes or tariffs paid to the Government of Haiti by Digicel Haiti bear no relationship to this litigation or the damages asserted in this case.  Defendants' insistence seems to persist from the first iteration of the Complaint that included an allegation regarding a tax paid to the Government of Haiti for international calls.  At the outset this allegation was only included for completeness' sake, and it was removed from all later versions to avoid the very confusion embodied by UPM's continued pursuit of this irrelevant information.

　　UNIGESTION'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

UPM argues that this information is relevant because it should provide an offset for Digicel Haiti's damages. In other words, UPM should only owe Digicel Haiti the delta between a local call and international call *minus* taxes paid to the Haitian government. This is inaccurate. Whatever taxes would have been paid after the international rates were collected are not at issue in this litigation and are no concern of UPM. UPM's argument presents an unprecedented and frankly unsupportable position regarding the calculation of damages. Under UPM's analysis, if Digicel Haiti were to prevail, UPM should be entitled to keep the benefit of taxes that Digicel Haiti may have owed to the Government of Haiti had UPM not been connecting minutes through bypass. Unsurprisingly, in this scenario only UPM wins. The Court should deny Defendants' request to compel this information.

## CONCLUSION

Based on the facts and materials presented, Digicel Haiti requests that the Court deny Defendants' Motion to Compel.

Respectfully submitted,     By:   *s/ Robert C.L. Vaughan*
Anne M. Talcott, OSB #965325
Email: atalcott@schwabe.com
Kathryn E. Kelly, OSB #175162
Email: kkelly@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Telephone: 503.796-2958

KIM VAUGHAN LERNER LLP
Robert C. L. Vaughan (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
Cherine Smith Valbrun (*Pro Hac Vice*)
Email: cvalbrun@kvllaw.com
Leah B. Storie (*Pro Hac Vice*)
Email: lstorie@kvllaw.com
One Financial Plaza, Suite 2001
Fort Lauderdale, FL 33394
Telephone:   (954) 527-1115

*Attorneys for Plaintiff and Counterclaim-Defendant*

Page 10 -   UNIGESTION'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900