**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **UNIGESTION HOLDINGS, S.A., d/b/a DIGICEL HAITI**, | Case No. 3:15-cv-185-SI |
| Plaintiff and Counterclaim-Defendant, | **ORDER** |
| v. | |
| **UPM TECHNOLOGY, INC.,** *et al.*, | |
| Defendants and Counterclaim-Plaintiffs. | |

Anne M. Talcott and Kathryn E. Kelly, SCHWABE, WILLIAMSON & WYATT, PC, 1211 SW Fifth Avenue, Suite 1900, Portland, OR 97204; and Robert C.L. Vaughan, Cherine Smith Valbrun, and Leah Storie, KIM VAUGHAN LERNER, LLP, One Financial Plaza, Suite 2001, Fort Lauderdale, FL 33394. Of Attorneys for Plaintiff.

Kathryn P. Salyer, Eleanor A. DuBay, and Blake Van Zile, TOMASI SALYER MARTIN, 121 SW Morrison Street, Suite 1850, Portland, OR 97204; and Christopher W. Savage, DAVIS WRIGHT TREMAINE, LLP, 1919 Pennsylvania Avenue NW, Suite 800, Washington, DC 20006. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Plaintiff Unigestion Holdings, S.A., doing business as Digicel Haiti, Inc. (Digicel Haiti) provides mobile telecommunications services in Haiti. In its Third Amended Complaint (TAC),[1] Digicel Haiti asserts claims of fraud, conversion, and unjust enrichment against UPM Technology, Inc. (UPM) and several individuals and entities affiliated with UPM (collectively,

---

[1] ECF 200.

PAGE 1 – ORDER

Defendants). In Defendants' Amended Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Third Amended Complaint (DAA),[2] UPM asserts counterclaims. In Unigestion Holdings, S.A.'s Amended Answer and Affirmative Defenses to UPM Technology, Inc.'s Amended Counterclaims (UAA),[3] Digicel Haiti answers UPM's counterclaims. Dispositive motions are due November 5, 2021, and a ten-day jury trial will begin on April 4, 2022.

Now pending before the Court are two motions to compel and a letter from UPM. First, UPM moves to compel Digicel Haiti to: (a) provide complete answers to several of UPM's interrogatories; and (b) clarify what documents Digicel Haiti has lost due to technical problems. ECF 247. Second, Digicel Haiti moves to compel Defendants to produce certain responsive documents and information requested by Plaintiff. ECF 248. Third, the Court received a letter from UPM dated October 18, 2021 and a response from Unigestion dated October 19, 2021, regarding an urgent discovery issue.

## BACKGROUND

As stated by Defendants, the parties appear to agree that UPM sent agents to Haiti to purchase Digicel Haiti SIM cards and then send the purchased cards back to UPM in Oregon.[4] UPM activated these SIM cards and used them to initiate and authenticate two types of calls to Haiti.[5] The first type of call was sent to Haiti over the Internet and then appeared to "originate" on Digicel Haiti's network in Haiti.[6] The second type of call originated in the United States on a

---

[2] ECF 244.

[3] ECF 245.

[4] DAA, ¶¶ 50, 65, 86, 97.

[5] *Id.*, ¶¶ 87-90.

[6] *Id.*, ¶¶ 57, 68, 82.

network operated by a Digicel Haiti "roaming partner." The call was then sent by that roaming partner carrier in the United States to Digicel Haiti under Digicel Haiti's "Roam Like You're Home" (RLYH) program.[7] Thus, in one of these two ways, UPM "linked" third-party calls beginning in the United States and bound for Digicel Haiti customers to calls that UPM "initiated."[8] Digicel Haiti charged UPM the rate for "local" calls in Haiti, rather than Digicel Haiti's higher rate for inbound international calls.[9] After Digicel Haiti concluded that a SIM card was being used for this purpose, Digicel Haiti "de-authenticated" that card, thereby blocking UPM from using it further.[10] The parties disagree on whether UPM's actions constitute fraud, on whether Digicel Haiti's de-authentication of purchased SIM cards violated its obligations as a common carrier, and on issues of damages.

## I.  UPM'S MOTION TO COMPEL

### A.  Failure to Comply with Local Rule 37-1

Local Rule 37-1 of the District of Oregon provides, in relevant part:

> Motions for an order compelling an answer, designation, production, or inspection must provide *only* the pertinent interrogatory, question, request, or notice of deposition, including any pertinent responses and/or objections, together with the legal arguments of the party.

LR 37-1 (emphasis added). This rule is intended to assist the Court with judicial efficiency. In Defendant UPM's Motion to Compel (ECF 247), UPM failed to comply with this rule and failed

---

[7] *Id.*, ¶¶ 83, 129.

[8] *Id.*, ¶¶ 57, 68, 82.

[9] *Id.*, ¶¶ 58, 136.

[10] DAA and UAA, ¶ 312.

to ask for relief from that rule before filings its motion. Accordingly, except as expressly stated below, UPM's Motion to Compel is DENIED for failure to comply with LR 37-1.

## B.  Relevant Time Period

UPM states that Digicel Haiti has refused to provide information for periods before January 1, 2014. Based on the Court's ruling on September 7, 2021 (ECF 242), that temporal limitation is inappropriate. Digicel Haiti must supplement its discovery responses to include responsive documents and information before 2014.

## C.  Clarity Regarding Lost Documents

Digicel Haiti has indicated that it has no documents available for any period before 2018 and that lacks information about any specific SIM card usage or blocking. If UPM wants additional information from Digicel Haiti on this issue, UPM may notice the deposition of an organizational representative pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. That should be sufficient.

## D.  Communications Between Digicel Haiti and Jaspaul Gosal amd Andrew Smith

UPM seeks communications between Digicel Haiti and Jaspaul Gosal (a former UPM employee) and Andrew Smith (an associate of Mr. Gosal). Digicel Haiti objects, asserting both attorney-client privilege and the work product doctrine. It does not appear to the Court that there is any legitimate basis to assert the attorney-client privilege for communications between an officer or employee of Plaintiff and either Mr. Gosal or Mr. Smith, who never worked for Plaintiff. Documents constituting such communications shall be produced.

For any documents prepared after February 2, 2015 (the date this action began), Digicel Haiti may withhold under the word product doctrine any interviews or reports prepared by its outside counsel and any interviews or reports prepared by Digicel Haiti's officers or employees at the express direction of outside counsel, if made for purposes of this litigation. Any other

PAGE 4 – ORDER

responsive documents that Digicel Haiti continues to withhold under the work product doctrine must be individually listed on a privilege log provided to UPM within two weeks and may be the subject of further proceedings upon request by UPM.

**E.  Communications Between Digicel Haiti and Other Individuals**

*See* Section A, *supra*.

**F.  Communications Between Digicel Haiti and the Haitian Government**

*See* Section A, *supra*.

**G.  Terms and Condtitions on which Digicel Haito Provides SIM Cards to Distributors**

UPM obtained SIM cards in Haiti from distributors who had obtained them from Digicel Haiti. UPM states that the terms and conditions under which Digicel Haiti provides SIM cards to its distributors are relevant to how Digicel Haiti expected them to be sold to, and used by, purchasers such as UPM's agents and UPM. Digicel Haiti responded to Interrogatory 6 of UPM's First Set of Interrogatories (1-16) by asserting that the terms and conditions of any SIM card sales described in dealer contracts are "wholly irrelevant and outside the scope of this dispute." Relevance, however, is a low bar. Digicel Haiti shall answer Interrogatory 1-16.

**H.  Digicel Haiti's Knowledge of Resale/Bypass**

In Interrogatory 1-33, UPM asked Digicel Haiti "when and how" Digicel Haiti "first learned" that it was being bypassed using the Internet. Digicel Haiti addressed the "when," stating that it started "protecting its network from bypass" in 2007. UPM states that this answer does not address the "how." Digicel Haiti shall provide a complete answer to Interrogatory 1-33.

**I.  Digicel Haiti's Efforts to Suppress Resale/Bypass**

Liability for any UPM activity before February 2013 is likely barred under the applicable statute of limitations unless Digicel Haiti shows the statute was tolled. Digicel Haiti states that it did not know that UPM was involved until later, but whether that fact (if proven) tolls the statute

PAGE 5 – ORDER

may depend on the scope and reasonableness of Plaintiff's investigations when it became aware that it was being "bypassed." Digicel Haiti shall provide a complete answer to Interrogatory 1-38.

## J. UPM's Communications Act Claims

*See* Section A, *supra*.

## II. UNIGESTION HOLDINGS, S/A'S OMNIBUS MOTION TO COMPEL

## A. Individual Defendants' Responses to Plaintiff's Requests for Production

Digicel Haiti moves to compel a written answer from the individual Defendants regarding all pending requests for production directed at them. Digicel Haiti states that it is entitled to an affirmative, written response regarding whether any individual Defendant is in possession of responsive documents. *See* Fed. R. Civ. P. 34b(2)(B), (C). This information can be most efficiently learned through the deposition of an individual defendant. Digicel Haiti may inquire on this subject in that manner.

## B. Documents Related to UPM's Operations Outside Haiti

Digicel Haiti requested all documents pertaining to Defendants' bypass activities throughout the world on the grounds that this information is relevant for purposes of establishing punitive damages related to Defendants' continuous and purposeful ongoing bypass related activities. Digicel Haiti states that the parties agreed to narrow this request to all documents, even if involving operations from other countries, if those operations are in any way related to Defendants' activities in Haiti. If Digicel Haiti has correctly stated the parties' agreement, UPM shall confirm in writing that it has conducted a diligent and reasonable search for the agreed-upon documents, produced all non-privileged documents under the parties' agreement, and, upon request by Digicel Haiti, shall describe the details of that search.

PAGE 6 – ORDER

## C. RLYH Documents

Digicel Haiti states that Defendant's document production does not include any invoicing or receipts for RLYH subscriptions, even though Defendant stated that they will produce responsive documents relating to Digicel Haiti's RLYH program. UPM shall confirm in writing that it has conducted a diligent and reasonable search for the agreed-upon documents, produced all non-privileged documents, and, upon request, shall describe the details of that search.

## D. Individual Defendants' Documents

Digicel Haiti states that is has a good-faith faith basis to believe that individual Defendants communicated with contacts in Haiti and throughout different countries regarding bypass using Digicel Haiti SIM Cards through What's App, text messaging, and other cellular phone communications. In addition to the fact of limited email disclosures, Digicel Haiti states that there are no documents from the individual Defendants or texts or WhatsApp communications included in UPM's productions. UPM shall confirm in writing that it has conducted a diligent and reasonable search for these documents, produced all non-privileged documents, and, upon request, shall describe the details of that search.

## E. Supporting Data for Damages Spreadsheet

Digicel Haiti states that Document UPM012624 is a spreadsheet that contains various data points that are allegedly associated with SIM Card numbers. The spreadsheet includes whether the SIM Card was able to be activated and used, its associated phone number, the recharge amount, and total minutes produced. According to Digicel Haiti, this spreadsheet contains entries for 7,951 SIM Cards, but UPM has not produced any receipts or back-up documentation related to this spreadsheet. UPM shall confirm in writing that it has conducted a diligent and reasonable search for these documents, produced all non-privileged documents, and, upon request, shall describe the details of that search.

**F.  Search Criteria Used to Narrow Document Production**

Digicel Haiti seeks disclosure of all initial search criteria used by UPM to make the initial cut and gather the first, larger universe of documents that were ultimately searched for production and subject to the search criteria disclosed for specific requests. UPM substantively responds. If UPM's response is insufficient for Digicel Haiti, Digicel Haiti—after conferring further with UPM—may so inform the Court and describe its belief of any continuing deficiencies.

**G.  Specific Documents Listed on UPM's Privilege Log**

Digicel Haiti seeks to compel the following documents listed on UPM's privilege log. Digicel Haiti argues that on the face of the privilege log these documents are not protected by a recognized privilege and should be produced. The specific entries in question are:

> 1.    PRIVNO000001    Withhold Attorney-Client; Work Product Digicel production of documents.xlsx 9/15/2006 Spreadsheet
>
> 2.    PRIVNO000002 Withhold Attorney-Client; Work Product; Non-Haiti Information export_ds_simStatAllSimCard_20 16_08_04_00_33_55.xlsx 9/15/2006

UPM responds that these two documents were created in response to an inquiry from counsel and attached to an email from Mr. Tran to counsel (Ms. Sayler and Ms. DuBay) in August 2016. The Court accepts UPM's explanation.

**H.  Other Withheld Documents**

Digicel Haiti seeks to compel "withheld" documents listed on UPM's privilege log. According to Digicel Haiti, the following entries indicate merely that the documents are withheld, but there is no recognizable privileged identified. The specific entries in question are:

> 1.    PRIVNO000110 Withhold Non-Haiti Information Invoice 17 TY Consulting Group.xls Ramazzini 10/28/2011 Spreadsheet

PAGE 8 – ORDER

2.    PRIVNO000114 Withhold Non-Haiti Information Intellivoice- send [redacted] starting 4:30pm CST Billy Chase Jack Kohn; noc@upm.com Dmitry Stafeev; Dean Johnson; Liliana de la Torre; Pavel Bokov; Shawn Lane 4/3/2011 Email

3.    PRIVNO000115 Withhold Non-Haiti Information RE: Intellivoice- please send [redacted] Billy Chase Jack Kohn Dmitry Stafeev; Pavel Bokov; Liliana de la Torre; Shawn Lane 4/4/2011 Email

UPM responds that these documents do not relate to any activities in Haiti. The Court accepts UPM's explanation.

## I.   Missing Attachments

Digicel Haiti states that certain documents produced by UPM are missing attachments. UPM responds that the parties have fully addressed this issue. The Court accepts UPM's explanation.

### III.   UPM'S LETTER TO THE COURT DATED OCTOBER 18, 2021

On October 18, 2021, UPM sent a letter to the Court regarding the upcoming deposition of Digicel Haiti's Rule 30(b)(6) organizational representative, which is scheduled to be taken later this week on Friday, October 22, 2021. On October 19, 2021, Digicel Haiti sent a letter to the Court responding to UPM's letter. In addition to the following comments, the Court informs counsel that the Court is **not** available for a telephone call on Friday, October 22, 2021, should one be requested during the deposition.

Regarding the issues raised in UPM's letter of October 18th and Digicel Haiti's response of October 19, the Court states that all objections as to *relevancy* are preserved, regardless of whether Digicel Haiti raises a timely objection. Thus, the Court does not expect Digicel Haiti's counsel to instruct the Rule 30(b)(6) witness not to answer any question other than based on attorney-client privilege or attorney work product. Further, if counsel instructs the witness not to answer a question based on the work product doctrine, the record shall be fully developed and

PAGE 9 – ORDER

contain all relevant facts and details showing the basis for any such instruction so that the Court can later determine whether any instruction not to answer was appropriate and in good faith.

In addition, UPM states in its letter that a witness may not refuse to answer based on a non-disclosure agreement (NDA). The Court generally agrees with UPM on this point and hereby orders that an NDA is an insufficient basis to decline to answer a question at a Rule 30(b)(6) deposition. If any answer may implicate or be covered by an NDA, responsive testimony still must be given but may be designated as confidential under a protective order.

Finally, the Court advises the parties that if a Rule 30(b)(6) witness refuses to answer a deposition question and the Court later determines that the refusal was without proper basis, the Court likely will order that the deposition reopened at the expense of the party producing the witness and the Court would likely also award all reasonable costs to the party taking the deposition. Further, if the deposition cannot be reopened or if a wrongful refusal to answer was done in bad faith, the Court may impose other sanctions, as appropriate, on the organizational party producing the witness.

## CONCLUSION

The Court GRANTS IN PART AND DENIES IN PART both Defendant UPM's Motion to Compel (ECF 247) and Unigestion Holdings, S.A.'s Omnibus Motion to Compel (ECF 248). The Court also addresses UPM's letter dated October 18, 2021 and Digicel Haiti's responsive letter dated October 19, 2021, as stated in this Order.

**IT IS SO ORDERED**.

DATED this 19th day of October, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 10 – ORDER