**Kathryn P. Salyer**, OSB #883017
**Eleanor A. DuBay**, OSB #073755
**Blake Van Zile,** OSB #184672
ksalyer@tomasilegal.com
edubay@tomasilegal.com
bvanzile@tomasilegal.com
Tomasi Salyer Martin
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204-3136
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

**Christopher W. Savage**, D.C. Bar #362657
chrissavage@dwt.com
(Admitted *Pro Hac Vice*)
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006-3401
Telephone: (202) 973-4200
Facsimile: (202) 973-4499

    Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDING, S.A**., a foreign corporation, d/b/a **DIGICEL HAITI**, <br><br>     Plaintiff & Counterclaim-Defendant, <br><br>     v. <br><br> **UPM TECHNOLOGY, INC**., *et al.,* <br><br>     Defendants & Counterclaim-Plaintiffs | Case No. 3:15-CV-00185-SI <br><br> **DEFENDANTS BENJAMIN SANCHEZ A/K/A BENJAMIN SANCHEZ MURILLO, BALTAZAR RUIZ, TYLER ALLEN AND DUY TRAN AKA BRUCE TRAN'S MOTION FOR SUMMARY JUDGMENT** <br><br> **Oral Argument Requested** <br> **Hearing: January 14, 2022 at 10:00 AM** |

Page 1- DEFENDANTS BENJAMIN SANCHEZ A/K/A
BENJAMIN SANCHEZ MURILLO, BALTAZAR RUIZ,
TYLER ALLEN AND DUY TRAN AKA BRUCE TRAN'S
MOTION FOR SUMMARY JUDGMENT
UPM-L1\00605099.001

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

## LOCAL RULE 7-1 CERTIFICATION

Pursuant to Local Rule 7-1(a), Defendants Benjamin Sanchez a/k/a Benjamin Sanchez Murillo, Baltazar Ruiz, Tyler Allen and Duy Tran aka Bruce Tran ("Moving Defendants") state that their counsel conferred in good faith with counsel for Plaintiff, Digicel-Haiti, to resolve the disputed issues and were unable to do so.

## MOTION

Pursuant to Fed. R. Civ. P. 56, the Moving Defendants move this Court for an order granting summary judgment in their favor because there are no genuine disputes of material fact as to Digicel-Haiti's remaining claims of fraud, conversion and unjust enrichment[1] and, thus, the Moving Defendants are entitled to judgment as a matter of law.

This Motion is supported by:

1.    The Declaration of Benjamin Sanchez a/k/a Benjamin Sanchez Murillo ("Sanchez Dec.");

2.    The Declaration of Baltazar Ruiz ("Ruiz Dec.");

3.    The Declaration of Tyler Allen ("Allen Dec."); and

4.    The Declaration of Duy Tran aka Bruce Tran ("Tran Dec.").

## LEGAL MEMORANDUM

### I.    FACTUAL BACKGROUND.

Contemporaneously herewith defendants UPM Technology, Inc., *et al.* (the UPM defendants, collectively "UPM") has filed a Motion for Summary Judgment. Consequently, to

---

[1] Digicel-Haiti's conversion (Count III) and unjust enrichment (Count IV) claims are derivative actions of the fraud claims (Counts I and II). Since the Moving Defendants are entitled to summary judgment on the fraud claims because there are no genuine issues of material fact and they are entitled to judgment as a matter of law, Digicel-Haiti cannot maintain the claims for conversion and unjust enrichment. As such, the Moving Defendants are also entitled to judgment as a matter of law as to those claims.

Page 2- DEFENDANTS BENJAMIN SANCHEZ A/K/A BENJAMIN SANCHEZ MURILLO, BALTAZAR RUIZ, TYLER ALLEN AND DUY TRAN AKA BRUCE TRAN'S MOTION FOR SUMMARY JUDGMENT
UPM-L1\00605099.001

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

avoid repetition of briefing, Moving Defendants incorporate the Factual Background stated therein as if fully set forth herein.

On February 2, 2015, Plaintiff Digicel-Haiti filed a RICO complaint against the defendants, including the Moving Defendants, alleging three RICO claims (for violation of 18 §§ 1962(c), 1962(b), and 1962(d)) and a variety of minor state law claims. Over the course of this proceeding, the Court dismissed the RICO claims and all of the state law claims except Digicel-Haiti's fraud claims (Counts I and II) and the derivative conversion (Count III) and unjust enrichment (Count IV) claims. However, rather than dismiss the Moving Defendants, who were only included in this proceeding by Digicel-Haiti to meet the pleading requirements of a RICO claim, Digicel-Haiti continues to advance its unfounded fraud claims against the individuals.

However, the Third Amended Complaint (ECF #200) (the "Complaint") fails to include any allegations that the Moving Defendants did anything that could conceivably constitute a basis for a fraud claim. None of the allegations asserted by Digicel-Haiti against the Moving Defendants allege that they did anything at all in their personal capacities. To the contrary, everything the Moving Defendants did with respect to any aspect of any matter raised in the Complaint, was done—and alleged to have been done—in their capacity as an employee or executive of UPM. *See* Sanchez Dec., ¶ 7; Ruiz Dec., ¶ 7; Allen Dec., ¶ 7; and Tran Dec., ¶ 8. Accordingly, all of the claims asserted against the Moving Defendants must be dismissed.

## II.    SUMMARY JUDGMENT STANDARD.

Summary judgment is appropriate when there exists no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file,

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

"[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288-89, 88 S. Ct. 1575, 20 L. Ed. 2d 569 (1968); *Ruffin v. County of Los Angeles*, 607 F.2d 1276, 1280 (9th Cir. 1979), *cert. denied*, 445 U.S. 951, 100 S. Ct. 1600, 63 L. Ed. 2d 786 (1980). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the mere allegations or denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n.11; *First Nat'l Bank*, 391 U.S. at 289; *Strong v. France*, 474 F.2d 747, 749 (9th Cir. 1973).

If the moving party satisfies its initial burden on summary judgment, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some

Page 4- DEFENDANTS BENJAMIN SANCHEZ A/K/A
BENJAMIN SANCHEZ MURILLO, BALTAZAR RUIZ,
TYLER ALLEN AND DUY TRAN AKA BRUCE TRAN'S
MOTION FOR SUMMARY JUDGMENT
UPM-L1\00605099.001

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. Rather, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)) (internal quotations omitted). In ruling on a motion for summary judgment, the "district court may limit its review to the documents submitted for purposes of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001). A party opposing summary judgment must direct the court's attention to specific, triable facts, and general references without page or line numbers are not sufficiently specific. *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003). The court is not obligated to "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).

## III. PLAINTIFF'S FRAUD CLAIM AGAINST THE MOVING DEFENDANTS MUST BE DISMISSED.

### A. The Moving Defendants Must be Dismissed Because Digicel-Haiti Fails to Allege Any Claim Against Them in an Individual Capacity.

While Digicel-Haiti's Complaint contains allegations and claims related to the broad category of "Defendants", there is not a single allegation related to any of the Moving Defendants in their individual, personal capacity. To the contrary, Digicel-Haiti acknowledges that the Moving Defendants are employees and executives of the UPM defendants. *See* Complaint, ¶¶ 7-10.

In fact, when one reads the entirety of the various complaints filed in this action, it is abundantly clear that the Moving Defendants were only included in this action in order for Digicel-Haiti to meet the requirements of a RICO claim. For example, Digicel-Haiti continues to include allegations related to wiring funds and mailing because wire fraud and mail fraud are predicate acts under RICO, but neither wiring funds nor mailing have anything to do with

Page 5- DEFENDANTS BENJAMIN SANCHEZ A/K/A BENJAMIN SANCHEZ MURILLO, BALTAZAR RUIZ, TYLER ALLEN AND DUY TRAN AKA BRUCE TRAN'S MOTION FOR SUMMARY JUDGMENT
UPM-L1\00605099.001

Digicel-Haiti's state law claims. Pointedly, _every one_ of the allegations related to the Moving Defendants are contained within a section of the Complaint entitled "Defendants' Mail and Wire Fraud Activities." _See_ Complaint, ¶¶ 137-172. As UPM articulates in its Motion for Summary Judgment, Digicel-Haiti's fraud claim relates to UPM's so-called "bypass" of Digicel-Haiti's preferred (and more expensive) routing of international calls inbound to Haiti. Shipping items to or from Haiti, or wiring funds to pay for those items, are entirely irrelevant to the question of liability on the fraud claim – which depends on allegedly false representations by UPM to Digicel-Haiti.

As to the allegations relating to each of the individual Moving Defendants:

### 1. Benjamin Sanchez a/k/a Benjamin Sanchez Murillo

The paragraphs in the Complaint which set out facts specific to Defendant Sanchez are paragraphs 143, 145, 146, 147, 149 and 156. The entirety of these paragraphs merely allege that Defendant Sanchez was sent shipments from an unknown Haitian individual. There is not a single fact or allegation pled in Digicel-Haiti's Complaint that claims Defendant Sanchez took any affirmative actions or otherwise performed any action at all, much less any action bearing on any of the elements of Digicel-Haiti's fraud claim. No facts that have emerged in discovery reveal any such actions either. Nevertheless, even if there were allegations or facts related to Defendant Sanchez (which there are not), any such actions were performed as an employee of UPM and not in an individual capacity. Sanchez Dec., ¶ 7. Notably, Defendant Sanchez did not have any personal interest in any profits or losses UPM might have experienced in trying to sell call termination inn Haiti. _Id._, ¶ 5.

### 2. Baltazar Ruiz

The only paragraphs in the Complaint which set out facts specific to Defendant Ruiz are paragraphs 144, 148, 151, and 156, the entirety of which merely allege that Defendant Ruiz sent shipments to Haiti. As with Defendant Sanchez, there is not a single fact or allegation pled in Digicel-Haiti's Complaint that claims Defendant Ruiz took any affirmative actions or

Page 6- DEFENDANTS BENJAMIN SANCHEZ A/K/A
BENJAMIN SANCHEZ MURILLO, BALTAZAR RUIZ,
TYLER ALLEN AND DUY TRAN AKA BRUCE TRAN'S
MOTION FOR SUMMARY JUDGMENT
UPM-L1\00605099.001

_TOMASI SALYER MARTIN_
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

otherwise performed any action in his individual capacity and relating to Digicel-Haiti's fraud claim. Similarly, while Defendant Ruiz's deposition explored his role in shipping, including development of UPM's shipping procedures in late 2012, these facts have no bearing on any element of Digicel-Haiti's fraud claim. Moreover, also as with Defendant Sanchez, even if there were such facts or allegations related to Defendant Ruiz (which there are not), any actions Mr. Ruiz may have taken were performed as an employee of UPM and not in an individual capacity. Ruiz Dec., ¶ 7. Defendant Ruiz also did not have any personal interest in any profits or losses UPM might have experienced in trying to sell call termination in Haiti. *Id*., ¶ 5.

### 3.  Tyler Allen

paragraphs in the Complaint which set out facts specific to Defendant Allen are paragraphs 143, 150, 151, 152, 153, and 154. Parallel to the situation with Mr. Sanchez, the entirety of these paragraphs merely allege that Defendant Allen was sent shipments from an unknown Haitian individual, and there is not a single fact or allegation pled in Digicel-Haiti's Complaint that claims Defendant Allen took any affirmative actions or otherwise performed any action relevant to Digicel-Haiti's fraud claim. And, parallel to the situation with Mr. Sanchez and Ruiz, no facts emerged during discovery suggesting that any such actions occurred. Also as with Mr. Sanchez and Mr. Ruiz, even if there were facts or allegations related to Defendant Allen's actions (which there are not), any such actions were performed as an employee of UPM and not in an individual capacity. Allen Dec., ¶ 7. Similarly to Defendants Sanchez and Ruiz, Defendant Allen also did not have any personal interest in any profits or losses UPM might have experienced in trying to sell call termination in Haiti. *Id*., ¶ 5.

### 4.  Duy Tran a/k/a Bruce Tran

The only paragraph in the Complaint which sets out facts specific to Defendant Tran is paragraph 140. The entirety of this <u>one</u> paragraph merely alleges that Defendant Tran "directed" other UPM employees. There is not a single fact or allegation pled in Digicel-Haiti's Complaint that claims Defendant Tran took any affirmative actions or otherwise performed any

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

action in his individual capacity and relating to Digicel-Haiti's fraud claim. And, nothing in discovery suggests that Mr. Tran in his individual capacity undertook any actions relating to Digicel-Haiti's fraud claim. Moreover, even if there were facts or allegations related to Defendant Tran's actions (which there are not), any such actions were performed as an executive of UPM and not in an individual capacity. Tran Dec., ¶ 8. Specifically, Defendant Tran's only involvement with the matters alleged in the Complaint was in his capacity as CEO of UPM and not in a personal, individual capacity. *Id.*

Accordingly, the Moving Defendants must be dismissed from this action because Digicel-Haiti fails to allege any claim against them in an individual capacity, and no facts have emerged in discovery that would suggest any involvement by them in such a capacity.

Given the complete lack of factual support for any claim against the Moving Defendants in their individual capacities, if Digicel-Haiti continues to assert that they are liable, the only possible basis for such a claim would be that the Moving Defendants are liable under an alter ego, or piercing the corporate veil, theory. Not only has Digicel-Haiti failed to plead such a claim, however, but the undisputed facts establish Digicel-Haiti cannot assert an alter ego theory.

In Oregon, "piercing the corporate veil" is an extraordinary remedy available as a last resort, in situations where there is no other adequate and available remedy to repair a plaintiff's injury. *Amfac Foods, Inc. v. Int'l Sys. & Controls Corp.*, 294 Or. 94, 103, 654 P.2d 1092 (1982). Piercing the corporate veil means that the corporate entity is disregarded and the "shareholders who control and dominate [the] corporation may be held personally liable if the corporation is a mere 'instrumentality' or 'alter ego' and where fraud or injustice has resulted." *Id.* at 105. Oregon courts have been "extremely reluctant to disregard the corporate form unless exceptional circumstances exist." *City of Salem v. H.S.B.,* 302 Or. 648, 733 P.2d 890 (1987).

To prevail in a veil-piercing claim against an individual defendant, a plaintiff must show that (1) the defendant had control of the corporation, (2) that the defendant used that control to engage in engaged in misconduct, and (3) that the misconduct harmed plaintiff by

Page 8- DEFENDANTS BENJAMIN SANCHEZ A/K/A
BENJAMIN SANCHEZ MURILLO, BALTAZAR RUIZ,
TYLER ALLEN AND DUY TRAN AKA BRUCE TRAN'S
MOTION FOR SUMMARY JUDGMENT
UPM-L1\00605099.001

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

causing plaintiff's inability to obtain an adequate remedy, such as collecting a judgment, from the corporation. *Stirling-Wanner v. Pocket Novels*, 129 Or. App. 337, 340-41, 879 P.2d 210, 212 (1994) (citing *Amfac Foods v. Int'l Systems*, 294 Or. at 108); *see also Rice v. Oriental Fireworks Co.*, 75 Or App 627, 707 P2d 1250 (1985).

As to the first element, a shareholder's control of the corporation, in and of itself, is insufficient to disregard the shareholder's immunity. *Amfac*, 294 Or. at 107. Rather, the "control" contemplated by *Amfac* "is not simply potential control or control of general operations, but ***actual control over the specific conduct that led to the plaintiff's harm.***" *State ex rel. Neidig v. Superior Nat'l Ins. Co.*, 343 Or. 434, 457, 173 P.3d 123 (2007) (emphasis added). This threshold element will only be satisfied if a plaintiff presents prima facie evidence that an individual actually controls the operation of the company subject to veil-piercing, such that he has complete control over officer, director, and shareholder decisions. *Rice v. Oriental Fireworks Co.*, 75 Or. App. 627, 633, 707 P.2d 1250 (1985).

The second "improper conduct" element includes such conduct as gross undercapitalization, milking or draining of corporate funds, misrepresentations of the corporation, commingling of funds, holding out, and the failure to observe corporate formalities. *Hambleton Bros. Lumber Co. v. Balkin Enters.*, 397 F.3d 1217, 1228 (9th Cir. 2005) (citing *Amfac*, 294 Or. At 109-111). And, finally, as to the third element, a plaintiff must demonstrate a relationship between the specific defendant's improper conduct and the plaintiff's injury; otherwise there will be no basis for recovery. *Amfac*, 294 Or. at 111 ("Consistent with the general policy of shareholder immunity, a shareholder's improper conduct does not give a hunting license to a corporate creditor to redress a general wrong.").

Here, there is simply no evidence to support an alter ego/veil-piercing claim: (1) there are no allegations or facts showing that any of the Moving Defendants had sufficient control over the specific conduct alleged in Digicel-Haiti's Complaint to pierce the corporate veil; (2) there are no allegations or facts showing that any of the Moving Defendants did

Page 9- DEFENDANTS BENJAMIN SANCHEZ A/K/A
BENJAMIN SANCHEZ MURILLO, BALTAZAR RUIZ,
TYLER ALLEN AND DUY TRAN AKA BRUCE TRAN'S
MOTION FOR SUMMARY JUDGMENT
UPM-L1\00605099.001

anything improper in relation to the UPM defendants, such as disregarding corporate formalities; and (3) there are no allegations or facts showing any relationship between any specific conduct of the Moving Defendants and Digicel-Haiti's alleged injury. Accordingly, Digicel-Haiti cannot establish a claim under an alter ego/veil-piercing theory against the Moving Defendants. In these circumstances, Digicel-Haiti cannot maintain a claim of fraud against the Moving Defendants, and the Court should grant summary judgment in favor of the Moving Defendants.

### B. The Moving Defendants are Entitled to Summary Judgment on Digicel-Haiti's Remaining Claims.

#### 1. The Moving Defendants are entitled to judgment as a matter of law on Digicel-Haiti's fraud claims (Counts I and II).

Notwithstanding the foregoing, even if the Court determines that Digicel-Haiti has adequately plead a claim of fraud against the Moving Defendants in their individual capacity, the Moving Defendants are nonetheless entitled to summary judgment because there are no genuine issues of material fact and judgment as a matter of law is required.  Under Oregon law:

> [t]he essential elements of a common-law fraud claim are: the defendant made a material misrepresentation that was false; the defendant did so knowing that the representation was false; the defendant intended the plaintiff to rely on the misrepresentation; the plaintiff justifiably relied on the misrepresentation; and the plaintiff was damaged as a result of that reliance.

*Farmers Ins. Exch. v. First Choice Chiropractic & Rehab.*, 2014 WL 3591558, at *7 (D. Or. Jul. 18, 2014) (quoting *Strawn v. Farmers Ins. Co.,* 350 Or. 336, 351–52, 258 P.3d 1199 (Or. 2011)); *see also Webb v. Clark,* 274 Or. 387, 391, 546 P.2d 1078 (Or. 1976).  In order to maintain such action *all* of the common law elements of an action for deceit must be present; if any are lacking, the action will not lie.  *Sharkey v. Burlingame Co.*, 131 Or. 185, 191-92, 282 P. 546 (1929); *Fallow v. Bankers Life & Cas. Co.*, No. 1:11-cv-03088-CL, 2013 U.S. Dist. LEXIS 6347, at *24 (D. Or. Jan. 15, 2013) (requiring plaintiff to establish all of the elements of a fraud claim).

The plaintiff must prove the elements of fraud, including damages, by clear and convincing evidence. *Dizick v. Umpqua Cmty. Coll.*, 287 Or. 303, 311, 599 P.2d 444, 448 (1979) (citing *Webb v. Clark*, 274 Or. 387, 391, 546 P.2d 1078 (1976); *Conzelmann v. N.W.P. & D. Prod. Co.*, 190 Or. 332, 350, 225 P.2d 757 (1950)). "Clear and convincing evidence means that the truth of the facts asserted is highly probable." *Coy v. Starling*, 53 Or. App. 76, 80, 630 P.2d 1323 (1981) (citations omitted).

The heart of a fraud claim is, necessarily, the defendant's alleged misrepresentation, which starts the chain of events that leads to the plaintiff's reliance upon that misrepresentation and consequent damages. But the facts here, which are not in dispute,[2] show that none of the Moving Defendants made any misrepresentation to Digicel-Haiti, let alone a misrepresentation that was material or false. While UPM disputes that any of its actions constituted representations or misrepresentations to Digicel-Haiti, it is clear beyond any doubt that any and all claimed representations upon which Digicel-Haiti supposedly relied were undertaken by UPM as a corporate entity, not by any of the Moving Defendants.

Thus, the first element that Digicel-Haiti must show by clear and convincing evidence is that "the defendant made a material misrepresentation that was false." *Strawn,* 350 Or. at 351–52. Here, there is not one allegation in Digicel-Haiti's Complaint, and not one fact from any source, that remotely suggests that any of the Moving Defendants made any "representation" to Digicel-Haiti at all, much less that any of them misrepresented anything to Digicel-Haiti. There is no logic that would support the notion that shipping items to third-parties in Haiti (not Digicel-Haiti) and receiving items from third parties in Haiti (again, not Digicel-Haiti) could be a representation made ***to Digicel-Haiti.*** And even if such actions could be construed as a form of representation, they are not material to Digicel-Haiti's fraud claim. But,

---

[2] *See e.g.,* UPM's Motion for Summary Judgment, Section I(C) (The Availability of Evidence About UPM's Activities).

Page 11- DEFENDANTS BENJAMIN SANCHEZ A/K/A
BENJAMIN SANCHEZ MURILLO, BALTAZAR RUIZ,
TYLER ALLEN AND DUY TRAN AKA BRUCE TRAN'S
MOTION FOR SUMMARY JUDGMENT
UPM-L1\00605099.001

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

most importantly, Digicel-Haiti must show by "clear and convincing evidence" that the purported misrepresentations made by the Moving Defendants (shipping and receiving goods from Haiti) were false, *and* that the individuals knew they were false. *Id*. Digicel-Haiti has not shown and cannot show that any "representations" reflected in shipping activities were false at all, much less that the Moving Defendants *knew* they were false. *See Burgdorf v. Weston*, 259 Or. App. 755, 316 P.3d 303 (2013) (facts establishing the speaker's knowledge of falsity of the representation must be presented).

Finally, even if, somehow, Digicel-Haiti could prove that the Moving Defendants made a knowingly false misrepresentation, it cannot possibly establish the remaining elements of its fraud claim. *See Fallow*, 2013 U.S. Dist. LEXIS 6347, at *24-25. Specifically, there is no evidence that Digicel-Haiti actually relied on any misrepresentation made by the Moving Defendants (*i.e.*, shipping and receiving goods from Haiti), or that Digicel-Haiti was damaged as a result of any Moving Defendants' conduct. Therefore, Digicel-Haiti's claims against the Moving Defendants fail as a matter of law.

**2. The Moving Defendants are entitled to judgment as a matter of law on Digicel-Haiti's conversion claim (Count III).**

"Conversion is a civil tort." *In re Conduct of Martin*, 328 Or. 177, 184, 970 P.2d 638 (1998). Oregon has long recognized an action for conversion. *See, e.g., Salem Light & Traction Co. v. Anson*, 41 Or. 562, 69 P. 675 (1902); *Craven v. Wright*, 114 Or. 692, 236 P. 1043 (1925). In 1969, the Oregon Supreme Court adopted the definition of conversion from the Restatement (Second) of Torts § 222A:

> (1)    Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel.

> (2)    In determining the seriousness of the interference and the justice of requiring the actor to pay the full value, the following factors are important:

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

(a)     The extent and duration of the actor's exercise of dominion or control;

(b)     the actor's intent to assert a right in fact inconsistent with the other's right of control

(c)     the actor's good faith;

(d)     the extent and duration of the resulting interference with the other's right of control;

(e)     the harm done to the chattel;

(f)     the inconvenience and expense caused to the other.

*Mustola v. Toddy*, 253 Or. 658, 663-64, 456 P.2d 1004 (1969).  "The gravamen of the tort is the defendant's intent to exercise control over the chattel *inconsistently* with the plaintiff's rights." *Naas v. Lucas*, 86 Or. App. 406, 409, 739 P.2d 1051, *rev. denied*, 304 Or. 680, 748 P.2d 142 (1987) (emphasis added).

Digicel-Haiti's claim for conversion is entirely based upon its fraud claim, because the conversion claim merely asserts that the Moving Defendants have wrongfully and improperly kept the revenues that Digicel-Haiti asserts were lost because of the defendants' alleged fraudulent acts. *See* Complaint, ¶¶ 193-196. Because the Moving Defendants are entitled to judgment as a matter of law on Digicel-Haiti's fraud claims, Digicel-Haiti's conversion claim necessarily fails. Specifically, without the fraud claim as support, Digicel-Haiti cannot show (1) that the alleged revenues (the chattel) belonged to Digicel-Haiti in the first place; (2) that the Moving Defendants wrongfully and improperly retained those revenues (the chattel); or (3) that the Moving Defendants' control over the chattel was somehow inconsistent with Digicel-Haiti's rights. Accordingly, the Moving Defendants are entitled to summary judgment in their favor on Digicel-Haiti's conversion claim (Count III).

Page 13- DEFENDANTS BENJAMIN SANCHEZ A/K/A BENJAMIN SANCHEZ MURILLO, BALTAZAR RUIZ, TYLER ALLEN AND DUY TRAN AKA BRUCE TRAN'S MOTION FOR SUMMARY JUDGMENT
UPM-L1\00605099.001

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

### 3. The Moving Defendants are entitled to judgment as a matter of law on Digicel-Haiti's unjust enrichment claim (Count IV).

For the same reason, the Moving Defendants are entitled to summary judgment on Digicel-Haiti's unjust enrichment claim (Count IV) because that claim, too, is predicated on Digicel-Haiti having a successful fraud claim against them. *See* Complaint, ¶¶ 197-203. Without the support of the fraud claim, Digicel-Haiti cannot show (1) that the Moving Defendants retained any profits (a benefit) personally, let alone that those profits belonged to Digicel-Haiti; (2) that the Moving Defendants, personally, were required to pay compensation to Digicel-Haiti; or (3) that the Moving Defendants acted willfully or maliciously. Accordingly, the Moving Defendants are entitled to summary judgment in their favor on Digicel-Haiti's conversion claim (Count III).

### C. Moving Defendants' Joinder of UPM's Motion for Summary Judgment

The claims for relief asserted by Digicel-Haiti (Counts I-IV) against Moving Defendants are identical to the claims for relief asserted against the UPM defendants. Consequently, and notwithstanding the Moving Defendants' distinct and independent basis for dismissal stated herein, to avoid repetition of argument and briefing, Moving Defendants fully and completely join in UPM's Motion for Summary Judgment filed contemporaneously herewith and incorporate it as if fully set forth herein.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 14- DEFENDANTS BENJAMIN SANCHEZ A/K/A BENJAMIN SANCHEZ MURILLO, BALTAZAR RUIZ, TYLER ALLEN AND DUY TRAN AKA BRUCE TRAN'S MOTION FOR SUMMARY JUDGMENT
UPM-L1\00605099.001

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

## IV.     CONCLUSION

For the foregoing reasons, Moving Defendants respectfully request that the Court grant summary judgment in their favor on Digicel-Haiti's remaining claims of fraud, conversion and unjust enrichment.

Dated: November 12, 2021.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    Blake Van Zile, OSB #184672
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    bvanzile@tomasilegal.com
    Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    Telephone: (202) 973-4200
    *(Admitted Pro Hac Vice)*

Of Attorneys for Defendants

Page 15- DEFENDANTS BENJAMIN SANCHEZ A/K/A BENJAMIN SANCHEZ MURILLO, BALTAZAR RUIZ, TYLER ALLEN AND DUY TRAN AKA BRUCE TRAN'S MOTION FOR SUMMARY JUDGMENT
UPM-L1\00605099.001

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2021, I served the foregoing **DEFENDANTS BENJAMIN SANCHEZ A/K/A BENJAMIN SANCHEZ MURILLO, BALTAZAR RUIZ, TYLER ALLEN AND DUY TRAN AKA BRUCE TRAN'S MOTION FOR SUMMARY JUDGMENT** on the following individuals by electronic service to said individuals:

Robert C.L. Vaughan
Cherine Smith Valbrun
Leah Storie
Kim Vaughan Lerner LLP
One Financial Plaza
100 SE Third Avenue • Suite 2001
Fort Lauderdale, FL 33394
Email: rvaughan@kvllaw.com
Email: cvalbrun@kvllaw.com
Email: lstorie@kvllaw.com

Anne M. Talcott
Kathryn E. Kelly
Schwabe, Williamson & Wyatt, PC
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Email: atalcott@schwabe.com
Email: kkelly@schwabe.com

Dated: November 12, 2021.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    Blake Van Zile, OSB #184672
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    bvanzile@tomasilegal.com
    Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    Telephone: (202) 973-4200
    *(Admitted Pro Hac Vice)*

Of Attorneys for Defendants

Page 1 of 1 – CERTIFICATE OF SERVICE
UPM-L1\00605099.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236