**Anne M. Talcott**, OSB #965325
Email: atalcott@schwabe.com
**Kathryn E. Kelly**, OSB #175162
Email: kkelly@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
**Cherine Smith Valbrun** (*Pro Hac Vice*)
E-mail: cvalbrun@kvllaw.com
E-mail: emailservice@kvllaw.com
KIM VAUGHAN LERNER LLP
312 SE 17th Street, Suite 300
Fort Lauderdale, FL  33316
Telephone: 954.527.1115
Facsimile: 954.527.1116

Attorney for Plaintiff, Unigestion Holdings, S.A.,
a foreign corporation, d/b/a Digicel Haiti

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNIGESTION HOLDINGS, S.A., d/b/a DIGICEL HAITI**, | No. 3:15-cv-00185-SI |
| Plaintiff and Counterclaim Defendant, | |
| v. | **PLAINTIFF UNIGESTION HOLDINGS, S.A.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANTS' LIABILITY FOR FRAUD** |
| **UPM TECHNOLOGY, INC., *et al.*,** | |
| Defendants and Counterclaim Plaintiffs. | **ORAL ARGUMENT REQUESTED** |

UNIGESTION HOLDINGS' MOTION FOR PARTIAL
SUMMARY JUDGMENT AS TO DEFENDANTS'
LIABILITY FOR FRAUD

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

## LR 7-1 CERTIFICATION

Pursuant to Local Rule 7-1(a), Plaintiff Unigestion Holdings, S.A. ("Digicel Haiti") states that its counsel conferred by telephone on November 12, 2021, with counsel for Defendants regarding this motion.  The parties made a good-faith effort to resolve the issues raised in this motion but were unable to do so.

## DIGICEL HAITI'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANTS' LIABILITY FOR FRAUD CLAIMS

Plaintiff Digicel Haiti moves pursuant to Fed. R. Civ. P 56 and LR 56, for partial summary judgment as to Defendants' liability for fraud as asserted in Counts I and II of Digicel Haiti's Third Amended Complaint ("TAC").

## FACTUAL BACKGROUND

On February 2, 2015, Digicel Haiti brought suit against Defendants for civil RICO, fraud, unjust enrichment, and conversion.  ECF 1.  Over the course of multiple motions to dismiss, the claims were pared down to two counts of fraud—one related to VoIP bypass calls and one related to Roam Like Your Home ("RLYH") Bypass calls—unjust enrichment and conversion, as represented in Digicel Haiti's TAC.  ECF 200.

Multiple years of motions practice, attempts at settlement, and discovery have now given way to dispositive motions for summary judgment.  In this motion, Digicel Haiti seeks partial summary judgment for liability as to Counts I and II of its TAC, fraud related to VoIP calls and fraud related to RLYH calls.

Defendants admit in their recent Motion to Compel (ECF 247) the following set of facts which are therefore not in dispute:

1. UPM had individuals in Haiti purchase Digicel-Haiti SIM cards [from undetermined sources] and had those SIM cards sent to UPM in Oregon.  ECF 247 at 3; TAC, ECF 200; Defendants' Amended Answer, ECF 244 ("Defendants' Answer"), ¶¶ 50, 65, 86,

Page 1 -    UNIGESTION HOLDINGS' MOTION FOR PARTIAL
            SUMMARY JUDGMENT AS TO DEFENDANTS'
            LIABILITY FOR FRAUD

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

97; Ex. 8,[1] UPM Tech.'s Resp. to First Req. For Admis. Nos. 9-13; Ex. 1, UPM Corp. Rep. Dep. 106:19 – 110:19.

2. UPM activated those SIM cards [ECF 247 at 3; Defendants' Answer at ¶¶ 87-90], and used them to initiate and authenticate two types of calls: (a) calls sent to Haiti via the Internet and originated on Digicel-Haiti's network [ECF 247 at 3., Defendants' Answer at ¶¶ 57, 68, 82] and (b) RLYH calls on the United States network of a Digicel Haiti roaming partner, sent by that carrier to Digicel Haiti.  ECF 247 at 3, Defendants' Answer at ¶¶ 83, 129.

3. Defendants agree that UPM linked third party calls bound for Digicel Haiti customers to the calls UPM initiated.  ECF 247 at 3, Defendants' Answer at ¶¶ 57, 68, 82.

4. Defendants acknowledge that Digicel Haiti relied on these actions taken by Defendants by charging UPM the rate for local calls in Haiti, rather than the standard rate for inbound international calls.  ECF 247 at 3, Defendants' Answer at ¶¶ 58, 136.

Finally, Defendants agree that when it concluded that a SIM card was being used for this purpose, Digicel Haiti reacted by deauthenticating it, which blocked UPM from using it.  ECF 247 at 3; ECF 245; and Defendants' Answer, ¶ 312.

Furthermore, undisputed evidence confirms that Defendants' fraud also included shipping equipment to Haiti, including gateways used to connect VoIP calls, in such a way as to purposefully avoid detection. *See* Ex. 3, UPM005654 – 5661;[2] Ex. 4, Ruiz Dep. 210:1-20; 212:12-15; Ex. 5, Allen Dep. 90:11-20.  In fact, UPM created a fake company, Video Vizion, for the sole purpose of using the company name to mislabel bypass equipment and create fake invoices in an attempt to conceal its true function.  Ex. 5, Allen Dep. 92: 11-21; 93:12-13,19; Ex. 4, Ruiz Dep. 210: 1 – 11; 211: 21-24; Ex. 1,UPM Corp. Rep Dep. 362: 1-4; 364:3-4.

---

[1] References herein to "Ex. ___" refer to exhibits to the Declaration of Anne M. Talcott filed concurrently herewith.

[2] Counsel for UPM has stipulated to the authenticity of all documents produced by Defendants.  Ex. 4, Ruiz Dep. 298:7-11.

Page 2 -  UNIGESTION HOLDINGS' MOTION FOR PARTIAL
SUMMARY JUDGMENT AS TO DEFENDANTS'
LIABILITY FOR FRAUD

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

The gateways were also frequently relocated in-country to avoid detection based on usage patterns.  Finally, Defendants used anti-bypass detection techniques, including the use of specialized human behavior software, to induce Digicel Haiti to connect calls being routed through Bypass by creating the false impression that calls were being placed by individual [human] subscribers rather than by UPM's SIM Servers and Gateways.  *See* ECF 247, Sec. C; Ex. 8, UPM Tech. Resp. to First Req. for Admis. No. 22; Ex. 2, UPM Tech. Corp. Rep. Dep. 552 – 553; Ex. 6, McEwen Dep. 127 – 128.  These actions worked together in concert to actively conceal or misrepresent Defendants' use of the SIM cards UPM admittedly acquired to conduct Bypass operations.

Based on these undisputed facts *alone*, the applicable case law supports the award of summary judgment as to liability for Digicel Haiti's fraud claims.  Defendants argue in opposition, *not* that they did not do these acts, but rather, premise their defense on the false notion that these acts of telecommunications piracy are condoned by the U.S. Regulator—The FCC.  The argument is on its face unavailing and unsupported by the record.

The undisputed material facts demonstrate as a matter of law that Defendants knowingly made multiple intentional and materially false representations to actively conceal their use of Digicel Haiti's SIM cards.  These representations were made with the intention of concealing the true origin of Defendants' calls and of causing Digicel Haiti to act on these (mis)representations and omissions by connecting the calls and suffering a pecuniary loss.  The objective was to avoid the international termination rate charged by Digicel Haiti—a rate which was based on a benchmark rate set by the international community and adopted and imposed by the Haitian Regulator, CONATEL.  Ex. 4, Ruiz Dep. 50:11-20; 234:12-18.  As a matter of law, Defendants' actions amount to fraud, and summary judgment is warranted.

## LEGAL ARGUMENT

### I.    STANDARD FOR SUMMARY JUDGMENT

A court must grant summary judgment if the pleadings and supporting documents,

Page 3 -    UNIGESTION HOLDINGS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANTS' LIABILITY FOR FRAUD

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Jesinger v. Nevada Federal Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994).

Substantive law determines which facts are material. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *see also Jesinger*, 24 F.3d at 1130. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. The dispute must also be genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Id.; see Jesinger*, 24 F.3d at 1130. The nonmovant "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 585-88, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995).

In this diversity action, the court will apply the substantive law of the State of Oregon, although the action remains governed by federal procedural law. *See, e.g., Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 427, 116 S. Ct. 2211, 135 L. Ed. 2d 659 (1996).

## II.    THERE ARE NO ISSUES OF MATERIAL FACT AS TO UPM'S FRAUDULENT BYPASS ACTIVITY AND SUMMARY JUDGMENT IS APPROPRIATE

### A.    Elements of a Fraud Claim under Oregon Law

In Oregon, a plaintiff must prove the following to prevail on a claim for fraud:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate injury

*Or. Pub. Emps.' Ret. Bd. ex rel. Or. Pub. Emps.' Ret. Fund v. Simat, Helliesen & Eichner*, 191

Page 4 -    UNIGESTION HOLDINGS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANTS' LIABILITY FOR FRAUD

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

Or. App. 408, 424 (2004) (quotation marks omitted).

Fraud through actual concealment is recognized under Oregon law. Where "fraud is based on actual concealment, as opposed to simple nondisclosure, a duty to speak is not required." *Caldwell v. Pop's Homes, Inc.*, 54 Or. App. 104, 113 (1981); *see also Wieber v. FedEx Ground Package Sys., Inc.*, 231 Or. App. 469, 484 (2009) ("Moreover, even in the absence of a duty to speak, actions by a defendant to actively conceal the truth can constitute fraud.")

As this Court has previously noted, active concealment is discussed at length in the Restatement (Second) of Torts (1977): "One party to a transaction who by concealment or other action intentionally prevents the other from acquiring material information is subject to the same liability to the other, for pecuniary loss as though he had stated the nonexistence of the matter that the other was thus prevented from discovering." ECF 58 at 12; Restatement (Second) of Torts §§ 550 (1977). The commentary to this section explains that this rule applies "when the defendant successfully prevents the plaintiff from making an investigation that he would otherwise have made, and which, if made, would have disclosed the facts; or when the defendant frustrates an investigation." *Id.* § 550 cmt. b; *see also Caldwell*, 54 Or. App. at 113 ("Restatement (Second) of Torts §§ 550, 551 (1977), states that nondisclosure is actionable where there is a duty to speak but notes no such duty requirement where there has been an active concealment.")

The U.S. Court of Appeals for the Fourth Circuit explained this in detail in *United States v. Colton*:

> [T]he common law clearly distinguishes between concealment and nondisclosure. The former is characterized by deceptive acts or contrivances intended to hide information, mislead, avoid suspicion, or prevent further inquiry into a material matter. The latter is characterized by mere silence. Although silence as to a material fact (nondisclosure), without an independent disclosure duty, usually does not give rise to an action for fraud, suppression of the truth with the intent to deceive (concealment) does. *** In short, at common law, no fiduciary relationship, no statute, no other independent legal duty to disclose is necessary to make active

Page 5 -   UNIGESTION HOLDINGS' MOTION FOR PARTIAL
SUMMARY JUDGMENT AS TO DEFENDANTS'
LIABILITY FOR FRAUD

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

concealment actionable fraud—simple "good faith" imposes an obligation not to purposefully conceal material facts with intent to deceive.

*United States v. Colton*, 231 F.3d 890, 899-900 (4th Cir. 2000).

Within the strictures of this precedent, an analysis of record evidence demonstrates that there are no remaining issues of material fact regarding Defendants' liability for fraud.[3] Each legal element of Digicel Haiti's fraud claim is established by undisputed facts, and summary judgment as to Defendants' liability for fraud is therefore commanded by those facts.

**B.     Defendants' Knowingly Made False Representations to Digicel Haiti**

Defendants' (admitted) business model and the activities taken in order to terminate calls through Bypass fulfill the first four elements of a fraud claim. Defendants' misrepresentations included active concealment. "To support an allegation of fraud, the misrepresentation need not arise out of an affirmative falsehood -- active concealment also can satisfy that element." *In re Brown*, 956 P.2d 188, 196 (Or. 1998); *citing In re Milton O. Brown*, 255 Or. 628, 634-35 (1970). Defendants knowingly made a multitude of fraudulent representations that are material to the interactions between the parties and which resulted in this litigation.

The record evidence confirms that when UPM transmitted a call to Digicel Haiti's network, UPM concealed both the original telephone number associated with the original non-Digicel subscriber and the fact that there was another call originating from UPM's servers rather than an individual cellular handset device. *See, e.g.*, Ex. 4, Ruiz Dep. 50:11-20; 234:12-18; Defendants' Answer at ¶¶ 303, 304. This is the core of UPM's business and revenue generation model. *Id.* This happened with calls both completed by VoIP and Roam Like Your Home. In

---

[3] Digicel Haiti acknowledges that a determination of the amount of damages stemming from Defendants' liability for fraud is not ripe for summary judgment at this time. However, it is timely for Digicel Haiti to request and for this Court to grant summary judgment as to liability for these claims. "Federal Civil Procedure Rule 56(d)(2) provides, in its entirety, that '[a]n interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.'" *Rapid Funding Grp., Inc. v. Keybank Nat'l Ass'n*, No. CV 07-1348-PK, 2009 U.S. Dist. LEXIS 79058, at *39-40 (D. Or. June 23, 2009).

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

the first instance, the calls were sent over the internet to Haiti and then a "local call" was initiated using the UPM Gateways in Haiti—concealing the existence of the international call and avoiding the international termination rates by avoiding the Digicel International gateway and established "routing" to terminate the call.  In the second instance, UPM utilized its gateways in Oregon to digitally package two calls—the original international call *and* the call originated by UPM—and transmit both calls using the Roam Like You're Home Program. Again, this completely concealed the existence of the original non-subscribing international call and caused the calls to be terminated as one "subscribing call" from a simulated roaming Digicel Haiti user, all of which was false.

As part of and to facilitate the execution of the fraudulent Bypass operation, several otherwise "routine" activities and procedures were also conducted through fraudulent or illegal means.  First, Defendants illegally sourced and acquired Digicel Haiti SIM Cards in Haiti from third parties instead of attempting to buy directly from an authorized retailer.  TAC, ECF 200; Defendants' Answer at ¶¶ 50, 65, 86, 97; ECF 247 at 3 and section C; Ex. 8, UPM Tech. Resp. to First Req. for Admis. at No. 9-13; Ex. 1, UPM Corp. Rep. Dep. 106 – 110.  To conceal their Bypass operations from international and local authorities and local operators, Defendants ensured that the equipment necessary to carry out VoIP bypass made it to Haiti without any reference to the UPM name or to any of its affiliated entities.  UPM also ensured that the description of the equipment used in the Bypass operations in Haiti was misrepresented on official shipping and customs documents to avoid detection and possible tariffs.  As part and parcel of UPM's Bypass operations, these fraudulent shipping procedures were purposefully designed to evade detection of the Bypass equipment's true function and use and to conceal the very presence of UPM in Haiti from the authorities and ultimately the targeted local telecom operators.

Defendants also manipulated SIM card data to "package" the data with a non-Digicel customer's call to allow it to access Digicel Haiti's network in Haiti.  Defendants also used

Page 7 -   UNIGESTION HOLDINGS' MOTION FOR PARTIAL
             SUMMARY JUDGMENT AS TO DEFENDANTS'
             LIABILITY FOR FRAUD

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

software to replicate the calling patterns of a "normal" human being—simulating the likely conduct of a Digicel Haiti subscriber.  Ex. 6, McEwen Dep. 127 – 128.  This replication of human behavior was designed to avoid abnormal call volume or any other type of "non-human" behavior from the Sim Servers and Sim Arrays being used by UPM, which Digicel could detect, or flag, as a sign of "Bypass" operations.  Ex. 4, Ruiz Dep. 287:24 – 28:02.  UPM also used portable, easy-to-move Gateways in various locations to prevent detection.  These "contrivances [were] intended to hide information, mislead, avoid suspicion, or prevent further inquiry into a material matter," amounting to active concealment under the common law.  *Colton*, 231 F.3d at 899.  They amount to fraud.

Defendants' entire pattern of conduct and admitted activity—including the direct acts of Bypass *and all of the surrounding activities required to facilitate the Bypass operations in Haiti*—demonstrate the multiple omissions and false representations that operated to actively conceal their bypass activity and the true origin and nature of the calls that UPM were transmitting to Digicel Haiti's network in Haiti, whether by VoIP Bypass or RLYH Bypass.

C.    **The Misrepresentations Made by Defendants Were Material as a Matter of Law and Committed with the Intention of Causing Digicel Haiti to Act**

Pursuant to Oregon law, materiality is determined by the content of the representations. *Smallwood v. Fisk*, 934 P.2d 557 (Or. App. 1997).  Moreover, materiality may be resolved as a matter of law when reasonable persons could not differ as to the importance of the omissions or misrepresentations.  *Vukanovich v. Kine*, 461 P.3d 223, 235 (Or. App. 2020); *citing Everts v. Holtmann*, 64 Or. App. 145, 152-53, 667 P.2d 1028, *rev den*, 296 Or. 120, 672 P.2d 1193 (1983). Information is material if it "would be likely to affect the conduct of a reasonable man with reference to the transaction with another person."  *See Id.* at 235; citing *Millikin v. Green*, 283 Or. 283, 285, 583 P2d 548 (1978); *see also Pape v. Knoll*, 69 Or. App. 372, 379, 687 P.2d 1087, *rev den*, 298 Or. 150, 690 P.2d 506 (1984) (stating same).

Here, reasonable people could not differ as to the materiality of Defendants' fraud through its misrepresentations and active concealment.  To facilitate its Bypass operations, UPM

Page 8 -    UNIGESTION HOLDINGS' MOTION FOR PARTIAL
            SUMMARY JUDGMENT AS TO DEFENDANTS'
            LIABILITY FOR FRAUD

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

shipped supplies and acquired SIM cards through fraudulent or illegal means. To place its "equipment" in country, it fraudulently labelled, shipped, and cleared equipment into Haiti. Finally, using that equipment and illegally acquired SIM cards, it intentionally transmitted calls onto Digicel Haiti's Haiti network in a manner that disguised the calls' true origins, and using software designed and intended to evade detection. By *any* reasonable analysis, these omissions and (mis)representations were material and impacted the conduct of Digicel Haiti. Moreover, since UPM's actions were all done with the full knowledge that Digicel actively objected to the method and manner of accessing its network and was doing everything in its power to detect and interrupt the fraudulent conduct, there can be no argument as to the materiality of the misrepresentations and acts of concealment. It is uncontested that Defendants' business model and their conduct in furtherance thereof were intended to cause Digicel Haiti to connect and terminate the calls sent by Defendants under false pretenses. Indeed, this Court previously recognized that in order for UPM to serve its customers, Defendants must perpetuate Digicel Haiti's mistaken beliefs about the nature of the incoming calls. ECF 58 at 18. This is the definition of materiality. There is no genuine issue of material fact as to whether Defendants' representations and concealments were material and made with the intention to cause Digicel Haiti to act to connect their calls or to *not act* to disrupt those calls.

Defendants' intentions are also beyond dispute. As admitted throughout the litigation, Defendants intended that their actions would result in the connections of calls without paying the established termination rates, or by using the Digicel-Haiti RLYH subscription program to circumvent normal international rate charges all through Bypass. *See, e.g.* Ex. 4, Ruiz Dep. at p. 125. Defendants intended for Digicel Haiti to rely upon their omissions or misrepresentations and connect the Bypassed calls. *Id.*; *See also* Ex. 1, UPM Corp. Rep. Dep. 228 (confirming UPM's development of "software for use in Bypass" and plans "to license that technology to other companies like UPM who were doing Bypass.") That was the business model. No other reasonable intention can be inferred, and there is no material fact in dispute as to Defendants'

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

liability for fraud.

**D.    Digicel Haiti Relied on Defendants' False, Material Representations**

The fact alone that Digicel Haiti connected Defendants' bypassed calls and then billed those calls at either the local rate or as a subscriber RLYH call, is proof positive that Digicel Haiti relied on Defendants' misrepresentations to its detriment.  Further, Digicel Haiti's reliance was reasonable where it took consistent precautions against Bypass and made every effort to disconnect offending SIMs as they were discovered.  There was no willful ignorance or unreasonable reliance as to the origin or nature of the calls.  To the contrary, the record evidence is that Defendants' actions, which were intended to conceal and misrepresent the origin of their calls, worked as Defendants intended.

The reasonableness of Digicel Haiti's reliance is further evidenced by UPM grounding its counterclaims on Digicel Haiti's efforts to disconnect offending cards.  *See* ECF 244 at ₱₱ 331, 335, 339, 343, and 349.  It would be factually impossible and entirely inconsistent for Defendants to argue on the one hand that Digicel Haiti's reliance was unreasonable while UPM also argues that Digicel Haiti's diligence regarding the same activity is the "cause" of its alleged damages.  Digicel Haiti has established it attempts to "detect and deter Bypass fraud" and has worked with the Haitian Police [and regulatory authorities] to stop Bypass operations.  TAC at ₱₱ 72, 73, 78, 79; Ex. 7, Digicel Haiti Corp. Rep. Dep. 40-41.  This leads to the reasonable inference—the undeniable fact—that Digicel Haiti would not have connected the Bypass calls coming from UPM's Servers, Sim Arrays, and gateways if Digicel Haiti knew that UPM was routing calls from SIM Servers in Oregon and was engaged in Bypass.

**CONCLUSION**

Pursuant to the record evidence and arguments herein, there is no dispute as to the material facts that establish Defendants' liability for fraud.  Defendants knowingly made false representations and engaged in active concealment intended to cause Digicel Haiti to act or refrain from taking action with regard to UPM's bypass activities.  Digicel Haiti reasonably

Page 10 -    UNIGESTION HOLDINGS' MOTION FOR PARTIAL
             SUMMARY JUDGMENT AS TO DEFENDANTS'
             LIABILITY FOR FRAUD

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

relied on these misrepresentations and active concealments to its detriment and UPM's benefit.

Digicel Haiti respectfully requests that the Court grant summary judgment as to Defendants' liability for fraud.

Respectfully submitted,


By:    s/ Robert C.L. Vaughan
    Anne Talcott, OSB #965325
    Email: atalcott@schwabe.com
    Kathryn E. Kelly, OSB #175162
    Email: kkelly@schwabe.com
    SCHWABE, WILLIAMSON & WYATT, P.C.
    Telephone: 503.796-2958

    Robert C. L. Vaughan (*Pro Hac Vice*)
    E-mail: rvaughan@kvllaw.com
    Cherine Smith Valbrun (*Pro Hac Vice*)
    Email:  cvalbrun@kvllaw.com
    Leah B. Storie (*Pro Hac Vice*)
    Email:  lstorie@kvllaw.com
    KIM VAUGHAN LERNER LLP
    One Financial Plaza, Suite 2001
    Fort Lauderdale, FL  33394
    Telephone:    (954) 527-1115

    *Attorneys for Plaintiff, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti*


Page 11 -    UNIGESTION HOLDINGS' MOTION FOR PARTIAL
    SUMMARY JUDGMENT AS TO DEFENDANTS'
    LIABILITY FOR FRAUD

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900