**Anne M. Talcott**, OSB #965325
Email: atalcott@schwabe.com
**Kathryn E. Kelly**, OSB #175162
Email: kkelly@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
**Cherine Smith Valbrun** (*Pro Hac Vice*)
E-mail: cvalbrun@kvllaw.com
E-mail: emailservice@kvllaw.com
KIM VAUGHAN LERNER LLP
312 SE 17th Street, Suite 300
Fort Lauderdale, FL 33316
Telephone: 954.527.1115
Facsimile: 954.527.1116

Attorney for Plaintiff, Unigestion Holdings, S.A.,
a foreign corporation, d/b/a Digicel Haiti

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNIGESTION HOLDINGS, S.A., d/b/a DIGICEL HAITI**, | No. 3:15-cv-00185-SI |
| Plaintiff and Counterclaim Defendant, | |
| v. | **UNIGESTION HOLDINGS, S.A.'S RESPONSE IN OPPOSITION TO INDIVIDUAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| **UPM TECHNOLOGY, INC.,** *et al.*, | |
| Defendants and Counterclaim Plaintiffs. | **ORAL ARGUMENT REQUESTED** |

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

**INTRODUCTION**

Each of the individual defendants, Benjamin Sanchez ("Sanchez"), Baltazar Ruiz ("Ruiz"), Tyler Allen ("Allen"), and Duy (a/k/a Bruce) Tran ("Tran"), (collectively "Moving Defendants"), directed actions or carried out specific and identifiable responsibilities that were part and parcel to the Bypass fraud alleged in Digicel Haiti's Third Amended Complaint (the "TAC"). Discovery confirmed these activities, and the Moving Defendants' deposition testimony corroborated the intent and extent of the scheme. The TAC alleges and puts each Moving Defendant on notice of their fraudulent conduct and how it furthered the fraud undertaken by co-defendant UPM Technology, Inc.'s ("UPM") corporate form, and during the discovery process the extent of each Moving Defendants' involvement was confirmed.[1] UPM is the vehicle through which the fraud was executed, and each of the individual Defendants participated, individually and in cooperation with others in furthering the fraud. Each of the Moving Defendants is fully on notice of the individual actions Digicel Haiti alleged they undertook to facilitate Bypass and RLYH fraud, and they are on notice of what those actions were and how they constituted a "representation" or "active concealment." By admitting and acknowledging the Bypass scheme, UPM not only concedes its own role in the fraud but necessarily concedes all of the Moving Defendants' participation and liability. Summary judgment on Digicel Haiti's fraud claims is therefore appropriate as to *all Defendants*.[2, 3]

---

[1] Digicel Haiti acknowledges that Oregon law requires parties to plead alter ego as a separate theory of recovery. *Bates v. Bankers Life & Cas. Co.*, 993 F. Supp. 2d 1318, 1354 (D. Or. 2014) referencing *Amfac Foods, Inc. v. Int'l Sys. & Controls Corp.*, 294 Or. 94, 104, n. 12, 654 P.2d 1092 (1982). As argued, although the TAC does not use the term "alter ego" the allegations and record evidence meet the requirements to plead and prove this theory of liability. Digicel Haiti requests the Court hold that under Fed. R. Civ. P. 15 that the pleadings be amended to conform to the evidence.

[2] If the Court grants the Moving Defendants' motion, summary judgment as to UPM's liability for fraud is still required for the reasons outlined in Digicel Haiti's Motion for Partial Summary Judgment. *See* ECF 269.

[3] To clarify, Digicel Haiti's position is that the Moving Defendants' Motion for Summary Judgment should be denied, but Digicel Haiti's own Partial Motion for Summary Judgment as to Defendants' Liability for Fraud (ECF 269) should be granted.

Page 1 -    UNIGESTION HOLDINGS' RESPONSE IN OPPOSITION
TO INDIVIDUAL DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

## I.    EVEN THOUGH NOT SPECIFICALLY PLEAD, MOVING DEFENDANTS' CONDUCT MEETS ALTER EGO TEST

As Moving Defendants argue, the test for alter ego liability in Oregon is laid out in *Amfac Foods*. *See Amfac Foods, Inc. v. Int'l Sys. & Controls Corp.*, 294 Or. 94, 103, 654 P.2d 1092 (1982). To establish alter ego liability, a party must show (1) control of the corporation; (2) that the control was used to engage in misconduct, and (3) the misconduct caused the party harm. *Id.* Moving Defendants urge the Court to also impart a requirement that the plaintiff establish that the alter ego activity causes an inability to obtain an adequate remedy from the corporation. However, where fraud is present, that requirement is lessened. *See Frontier Recovery, LLC v. Lane Cty.*, No. 09-6017-TC, 2009 U.S. Dist. LEXIS 137010, at *7 (D. Or. July 6, 2009) (depending on the type of claim against a corporation, an adequate remedy is not always an ability to collect from a corporation); *referencing State ex rel. Neidig v. Superior Nat. Ins. Co.*, 343 Or. 434, 455, 173 P.3d 123 (2007) (emphasis supplied).

Oregon courts caution that the corporate form should not be used as a shield for fraud. *Amfac* confirms "that equity will disregard the corporate fiction for the purpose of preventing the successful perpetration of a fraud." *Amfac Foods, Inc. v. Int'l Sys. & Controls Corp.*, 294 Or. 94, 105, 654 P.2d 1092, 1100 (1982). Courts in this District emphasize that personal liability is "imposed on a shareholder to prevent fraud or injustice." *Peterson v. Harville*, 445 F. Supp. 16, 25 (D. Or. 1977) *citing Schlecht v. Equitable Builders*, 272 Or. 92, 96, 535 P.2d 86, 88 (1975). Corporations are not meant to protect and eventually absolve individual employees of working in a concerted effort to execute a corporate fraud.

> "The concept [of corporateness] will be sustained only so long as it is invoked and employed for legitimate purposes. Perversion of the concept to improper uses and dishonest ends (e.g., to perpetuate fraud, to evade the law, to escape obligations), on the other hand, will not be countenanced. . . .. It is difficult, of course, to set out precise rules as to when personal liability should be imposed."

*Id.* (internal citations omitted). "Whether the corporate veil should be pierced depends on the innumerable individual equities of each case." *Id. citing United States v. Standard Beauty Supply Stores*, 561 F.2d 774, 777 (9th Cir. 1977).

Page 2 -    UNIGESTION HOLDINGS' RESPONSE IN OPPOSITION TO INDIVIDUAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

The individual equities in this case weigh in favor of holding the Moving Defendants responsible for their *individual* roles in the Bypass operation.  Each Moving Defendant played a distinct role in the Bypass fraud carried out against Digicel Haiti under the corporate form of UPM.  Their actions, as proven in discovery, foreclose any issue of fact regarding their direct involvement in UPM's fraud, and the deliberate actions taken to facilitate and further that fraud.

### A.     Moving Defendants Controlled UPM's Actions

A corporate officer bears liability for the corporation's actions.  The Ninth Circuit found that a "corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf."  *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1069 (9th Cir. 2016) *citing Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996) (internal quotation marks omitted).  UPM's founder and Chief Executive Officer, Duy Tran, devised and created UPM's corporate form in order to carry out a Bypass business.  ECF 200 at ⁋ 10.  When questioned about his role at UPM, Tran expounded, "I manage all the key people, I make key decisions, I work with banks, I create vision for the company, I guide my team for the next products, directions. Hire key employees, hire key employees." Ex. 1[4] at 33:2-6.  He confirmed there is no one else in the company or on a corporate board to whom he reports. *Id.* at 37:13-16.  Tran confirmed he has total control over UPM and its activities.  Co-defendant Sanchez assisted Tran as UPM's President until 2016.  *Id*. at 37:17-23.[5]

From its inception, UPM was Tran's creation and fully under his control.  He worked to build a team around him to exploit telecommunications industries across developing nations. The company's fraudulent purpose of carrying out Bypass was well known to Tran's co-defendants.  Co-defendant, Ruiz testified that it was always known that Bypass was the business

---

[4] "Ex. ___" refers to the exhibits attached to the Declaration of Cherine Smith Valbrun in Support of Unigestion Holding Inc.'s Opposition to the Individual Defendants' Motion for Summary Judgment filed concurrently herewith.

[5] Information regarding Sanchez' specific actions are limited because he was not made available for deposition.

Page 3 -     UNIGESTION HOLDINGS' RESPONSE IN OPPOSITION
             TO INDIVIDUAL DEFENDANTS' MOTION FOR
             SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

model for UPM, and "bypass was what the company was all about."  Ex. 2 at 125:18-20; 126:1-12.  In his testimony, co-defendant Allen testified that Tran gave purposeful instructions to hide UPM's purpose because he knew countries would intervene if they knew what UPM was doing.  *See* ECF 200 at ⁋ 140; Ex. 3 at 78:11-13, 17-18; 79:2-11.  Moving Defendants further benefited from UPM's Bypass due to a profit sharing pay arrangement.  Ex. 2 at 39:8-21.[6]  *The more Bypass minutes that were connected, the more money they made.*

## B.    Moving Defendants Used Their Control to Engage in Misconduct

All the while, the Moving Defendants took actions to further UPM's Bypass business with full knowledge that Bypass was illegal in the other countries where UPM operated, including Haiti.  Ex. 3 at 58-59; Ex. 2 at 124:14-18.  Ruiz drafted Standard Operating Procedures that gave detailed instruction to all UPM employees on how to ship Bypass equipment in ways to avoid detection by government agents.  Ex. 2 at 168:16-20; 169.  Shipping practices aimed at concealment also resulted in the creation and use of a fake company, "Video Vizion," to create invoices reflecting fake transactions and the mislabeling and concealment of gateways to facilitate shipment into countries of interest.  Ex. 3 at 92:11-21; 93:12-13, 19; Ex. 2 at 210:1–11; 211:21-24; Ex. 4 at 362:1-4; 364:3-4.

UPM's corporate policies, created and approved by the Moving Defendants—individually and in concert with UPM—were purposefully performed in a way to avoid detection.  Ex. 2 at 150:12-20; 151:18-22; 161:3-8.  Allen was in charge of shipping and receiving SIM cards and SIM card management, such as making sure SIM cards maintained a

---

[6] Ruiz's declaration attached to Moving Defendants' MSJ attempts to contradict Ruiz's explicit deposition testimony that his compensation was tied directly to the profits UPM derived from its Bypass activity.  See ECF 260 at ⁋ 6.  Pursuant to Ninth Circuit case law, this portion of the declaration should be disregarded where it attempts to create a "sham" issue of fact contradicted by clear deposition testimony.  *See Radobenko v. Automated Equip. Corp.*, 520 F.2d 540, 544 (9th Cir. 1975) (contradictory facts included in declaration are sham issues which cannot be used to create issues of fact).

Page 4 -    UNIGESTION HOLDINGS' RESPONSE IN OPPOSITION
TO INDIVIDUAL DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

usable balance. Ex. 3 at 40:5-8. He was charged with filling out the customs forms required for moving equipment between countries and making sure there were no identifiable markings on the equipment or labels which could implicate UPM as a participating entity. *Id.* at 63:22-24; 74-76. Allen also admitted to signing commercial invoices with full knowledge that the line items on the invoice did not match the packaged equipment and that this was done to conceal the true contents of the packages. *Id.* at 97-98.

Remarkably, in 2014 Tran personally had approximately 20 Gateways transmitting calls to Haiti *at his personal home in Oregon*. Ex. 1 at 23:5-15. This is the epitome of using his control over UPM's business to engage in misconduct. Where Moving Defendants used their control over UPM to engage in Bypass, as established by the record evidence, they have personal liability for their actions.

### C.    Moving Defendants' Misconduct Caused Digicel Haiti Harm

As has been established time and again, Defendants' Bypass operations harmed Digicel Haiti. ECF 200 at ¶¶ 181, 191, 194, 199, 200. The general harm that befell Digicel Haiti in the form of connected Bypass calls was executed as a result of Tran's direction and policies and procedures created, implemented, and carried out by Ruiz and Allen.

### II.    DUY TRAN IS THE CENTRAL FIGURE AND MUST BE HELD INDIVIDUALLY RESPONSIBLE

Individual liability is particularly appropriate when the individual, like Tran in this case, was the "guiding spirit" behind the wrongful conduct, and the "central figure" in the challenged corporate activity. *Kelly v. Ringler Assocs.*, No. 3:14-cv-00604-YY, 2017 U.S. Dist. LEXIS 59850, at *28-29 (D. Or. Feb. 21, 2017) *referencing Davis v. Metro Prods., Inc.*, 885 F.2d 515, 523 n. 10 (9th Cir. 1989) (internal quotation marks and ellipsis omitted). As argued above, Tran himself testified that he guides and directs UPM's business, including Bypass operations. He was unequivocal that he is solely responsible for the direction and operation of UPM. Where that operation is indisputably the conduct of Bypass fraud, as directed and overseen by Tran, he must also be held personally liable. There are no issues of fact regarding his control over UPM

Page 5 -    UNIGESTION HOLDINGS' RESPONSE IN OPPOSITION TO INDIVIDUAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

and his role as the central figure of this fraud.  *See* ECF 269 regarding Defendants' liability for fraud and ripeness for summary judgment.

## CONCLUSION

Based on the foregoing, Digicel Haiti respectfully requests the Court deny Individual Defendants' Motion for Summary Judgment.

Dated this 3rd day of December, 2021.

Respectfully submitted,

By:    s/ Robert C.L. Vaughan

Anne Talcott, OSB #965325
Email: atalcott@schwabe.com
Kathryn E. Kelly, OSB #175162
Email: kkelly@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Telephone: 503.796-2958

Robert C. L. Vaughan (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
Cherine Smith Valbrun (*Pro Hac Vice*)
Email:  cvalbrun@kvllaw.com
Leah B. Storie (*Pro Hac Vice*)
Email:  lstorie@kvllaw.com
KIM VAUGHAN LERNER LLP
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone:    (954) 527-1115

*Attorneys for Plaintiff, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti*

Page 6 -    UNIGESTION HOLDINGS' RESPONSE IN OPPOSITION
TO INDIVIDUAL DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900