**Anne M. Talcott**, OSB #965325
Email: atalcott@schwabe.com
**Kathryn E. Kelly**, OSB #175162
Email: kkelly@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
**Cherine Smith Valbrun** (*Pro Hac Vice*)
E-mail: cvalbrun@kvllaw.com
E-mail: emailservice@kvllaw.com
KIM VAUGHAN LERNER LLP
312 SE 17th Street, Suite 300
Fort Lauderdale, FL  33316
Telephone: 954.527.1115
Facsimile: 954.527.1116

   *Attorney for Plaintiff, Unigestion Holdings, S.A.,*
   *a foreign corporation, d/b/a Digicel Haiti*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNIGESTION HOLDINGS, S.A., d/b/a DIGICEL HAITI, | No. 3:15-cv-00185-SI |
| Plaintiff and Counterclaim Defendant, | |
| v. | **PLAINTIFF UNIGESTION HOLDINGS, S.A.'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANTS' LIABILITY FOR FRAUD** |
| UPM TECHNOLOGY, INC., *et al.*, | |
| Defendants and Counterclaim Plaintiffs. | **ORAL ARGUMENT REQUESTED** |

UNIGESTION HOLDINGS' REPLY ISO MOTION FOR
PARTIAL SUMMARY JUDGMENT AS TO
DEFENDANTS' LIABILITY FOR FRAUD

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

Defendants spend a significant portion of their response attempting to compartmentalize and trivialize its conduct.  Contrary to Defendants' arguments, Digicel Haiti does not argue that each individual action on its own is *the* actionable fraud.  Rather, the active concealment, illegal or otherwise improper or deceptive conduct perpetrated at every step of the Defendants' Bypass scheme is emblematic of and instrumental to the ultimate fraud committed by misrepresenting the true origin of the Bypassed calls.  Each action cannot—and should not—be evaluated in a vacuum because they were all part of an admitted chain of events required for Defendants to effectuate their fraud.  Put simply, the sum is greater than the parts.  Defendants' response is a blatant attempt to hide the forest behind a stand of individual trees—hopeful that this Court will elect to discuss isolated acts and ignore the evidence of a global and coordinated fraudulent enterprise.  Digicel Haiti's motion does not mis-cite or mis-construe any single fact; rather it describes and confirms with record evidence what Digicel has alleged all along—that Defendants have perpetrated a well-coordinated, lucrative, and fraudulent scheme that originated in Oregon and culminated in Haiti, as well as other locations around the globe.

## I.    DEFENDANTS ADMIT THEIR ACTIVITY AND IT IS FRAUD

Defendants' response attempts to explain away Bypass fraud and unauthorized resale as "innovative" and harmless.  At times, Defendants have embraced their brand of "piracy" as modern day privateering, encouraged by the FCC and U.S. authorities.  The record evidence confirms that nothing is further from the truth as the FCC has specifically admonished operators to *follow the laws of the countries in which they operate.*  There are no deficiencies in Digicel Haiti's factual showing.  There are no material facts in dispute regarding Defendants' fraud.

While Defendant UPM attempts to excuse away its conduct, *Defendants admit that they did everything Digicel Haiti alleges they did.*  The record evidence and their own response here confirm this to be true.  Defendants' response purports to offer "economic justifications" for their fraudulent scheme, but an economic justification is not a denial.  As obvious as it sounds, if economic justification alone was enough to avoid liability for fraud or illegal activity, *everyone*

Page 1 -    UNIGESTION HOLDINGS' REPLY ISO MOTION FOR
PARTIAL SUMMARY JUDGMENT AS TO
DEFENDANTS' LIABILITY FOR FRAUD

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

*would get a pass!*  Defendants suggest that Digicel's allegations of fraud are simply attempts to avoid an unwinnable contract dispute.  Respectfully, the suggestion is laughable in the face of record evidence that confirms the extent that UPM and the individual Defendants employed to *avoid detection by Digicel.*

At other times, Defendants argue that their fraud was really "not that bad" because it was not economically as successful as they hoped.  Alternatively, they blame the Internet for not allowing them to display the calls' true international origins—after initially suggesting, incorrectly, that the equipment was not capable of transmitting the omitted information.  Defendants' arguments are the legal equivalent of throwing *everything*—and anything—against the wall to see what will stick.

Defendants did exactly what Digicel Haiti says they did.  The evidence is clear and convincing.  The evidence has been admitted, mis-characterized and ultimately weaponized by the Defendants in the ultimate example of "gaslighting"—with the Defendants accusing Digicel Haiti of improperly terminating services that Defendants never legally acquired in the first instance.  This is akin to attempting to convince a victim that it was the aggressor, and asserting the victim was crazy for thinking otherwise.  Defendants transmitted and connected calls on Digicel Haiti's network by avoiding international switches and reselling subscription products intended for individual use.  It is now up to this Court to hold them responsible.  The record evidence confirms that the Defendants have misrepresented the nature of their conduct, the scope of their conduct, and the length of their conduct at every step of the way.

## II.    DEFENDANTS INTENDED TO DECEIVE AND DAMAGE DIGICEL HAITI

Defendants appear content to make any argument possible.  For example, Defendants disingenuously insist that they only did what the SIM cards were *intended to do*, and the calls presented themselves in the *only way* technically possible.  These arguments are demonstrably false.  The SIM cards were never intended by Digicel to be utilized in remote SIM banks to perpetrate commercial fraud against its own network.  Defendants illegally acquired SIM cards

Page 2 -    UNIGESTION HOLDINGS' REPLY ISO MOTION FOR
            PARTIAL SUMMARY JUDGMENT AS TO
            DEFENDANTS' LIABILITY FOR FRAUD

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

from third parties who were not Digicel Haiti-authorized retail dealers. They did so after confirming that the infrastructure in Haiti was susceptible to fraud and lacked the resources to enforce Digicel Haiti's commercial preferences and Haiti's laws. Defendants describe the risk associated with the type of associates they maintained in Haiti.

Defendants never contacted Digicel Haiti directly to ask to develop a wholesale relationship nor did they contact an authorized retailer to develop a relationship. Defendants pursued extreme lengths to disguise Bypass equipment that they shipped into Haiti. They committed customs violations by creating fraudulent companies and shipping documents to illegally import Bypass gateways. This is not the normal activity of a *bona fide* business operation. These are not the actions taken by a company that is operating as intended. Defendants admit that Bypass is their business model—making their profits by secretly terminating international calls as local calls on the networks of their unsuspecting targets, like Digicel Haiti. Defendants' general argument that "we did what we did, and it worked the way it was supposed to" does not absolve them from fraud.

Defendants also suggest that Digicel Haiti suffered no damages. This is absurd. Even if Defendants only connected one Bypass call, Digicel Haiti has suffered damages. The record evidence is that Defendants' activity far exceeded one call, and it continued for multiple years— despite Defendants' denials for much of the litigation. The *amount* of damages are an issue that must be determined by a jury. Defendants' liability in fraud, however, is a question that is appropriate for summary judgment.[1]

### III.    UPM'S RLYH USE WAS ALSO FRAUDULENT

UPM blatantly admits it used a special, individual subscriber program to aggregate minutes to Digicel Haiti's network and then sold those minutes to third parties. ECF 278 at 24.

---

[1] "Federal Civil Procedure Rule 56(d)(2) provides, in its entirety, that '[a]n interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.'" *Rapid Funding Grp., Inc. v. Keybank Nat'l Ass'n*, No. CV 07-1348-PK, 2009 U.S. Dist. LEXIS 79058, at *39-40 (D. Or. June 23, 2009).

Page 3 -    UNIGESTION HOLDINGS' REPLY ISO MOTION FOR
PARTIAL SUMMARY JUDGMENT AS TO
DEFENDANTS' LIABILITY FOR FRAUD

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

Defendants then caused these minutes to be transmitted to Digicel Haiti's network, again under a false pretense. The only difference between RLYH fraud and Bypass Fraud is that in the case of RLYH fraud the false pretext is that the call is coming from a legally enrolled individual subscriber, not an unauthorized commercial reseller of Digicel Haiti minutes. The fraud operates to secure the same result, by directing calls to Digicel Haiti's network that conceal their true origin, Defendants caused Digicel Haiti to connect calls it would have otherwise refused or billed at higher rates. Digicel was fraudulently induced to terminate these calls until it became aware that a SIM card was being misused.

Defendants assert that simply because the RLYH calls did not "bypass" an international switch, then it was not fraudulent. This is without merit or reason. Defendants accepted third-party international calls intended to be terminated in Haiti. Defendants then used a subscription service designed for use by individual Digicel Haiti subscribers ("RLYH") who were roaming in the United States and used those individual subscriptions to present the third-party international calls to Digicel Haiti's network as RLYH calls. They were not. The third-party international callers whose calls were ultimately terminated on the Digicel Haiti network, had no subscription or relationship with Digicel Haiti.

This is analogous to the neighbor that acquires cable service and then splits their cable to "resell" to others. Even if that neighbor legally acquires his service, it is still fraudulent to "share" that service with others in a manner that prevents the cable provider from properly billing the other neighbors. The same thing happens every time Defendants used RLYH minutes to connect third-party callers to Digicel Haiti's network. This is setting aside the threshold consideration that there is no evidence that UPM ever subscribed to the Digicel Haiti RLYH service in the first instance. Regardless of whether Defendants themselves paid for RLYH, their use and unauthorized resale caused Digicel Haiti to be defrauded and damaged.

## IV.    DIGICEL HAITI'S STATE LAW TORT CLAIMS ARE NOT PREEMPTED

Defendants' final argument is that federal law should somehow prevent Defendants from

Page 4 -    UNIGESTION HOLDINGS' REPLY ISO MOTION FOR
PARTIAL SUMMARY JUDGMENT AS TO
DEFENDANTS' LIABILITY FOR FRAUD

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

being held liable for fraud.  Defendants admit they have already lost this argument once before.

ECF 278 n. 79.  Not surprising, they elect to throw it against the wall again.  Digicel Haiti has

neither requested nor argued that this Court need expand or restrict federal telecommunications

policy to support its state law tort claims.  It is unclear exactly what Defendants attempt to argue,

but this Court has jurisdiction to adjudicate the claims before it.  As such a "preemption

argument"—to the extent that one has been suggested—is inapplicable and unavailing.

Defendants present no law to support their position that "federal law preempts state tort

law to the extent–but only to the extent–that actions UPM would necessarily undertake to

compete with and bypass Digicel Haiti (such as buying SIM cards and top-ups and using and

reselling Digicel-Haiti's services) could be construed under state law to be fraudulent."  ECF 278

n. 79.  Regardless of the semantics, Defendants are making a preemption argument.  This is a

preemption argument that this Court outright denied, and one that the Ninth Circuit explicitly

rejected in *Ting v. AT&T.  Ting v. AT&T*, 319 F.3d 1126, 1140 n.8 (9th Cir. 2003) (the Ninth

Circuit explicitly held that The Act does not preempt state law).  Remarkably, this holding

specifically addressed Sections 201 and 202, the specific sections on which Defendants rely.

When Defendants first attempted this argument, the Court adeptly held:

> As previously discussed, however, Plaintiff primarily alleges that Defendants
> committed fraud through active concealment. Plaintiff raises no issues about
> whether Defendants' alleged conduct complies with or violates any filed tariff.
> Further, Congress has manifested no clear intent to preempt Plaintiff's claim of
> fraud.

ECF 122 at 12.  Defendants attempt to revive this dead argument as if it is now somehow a

different argument.  It is not.  Digicel Haiti still relies on the same fraud claims, and those claims

are not subject to preemption.

## CONCLUSION

Pursuant to the record evidence and arguments herein, there is no dispute as to the

material facts that establish Defendants' liability for fraud.  Defendants knowingly made false

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

representations and engaged in active concealment intended to cause Digicel Haiti to act or refrain from taking action with regard to UPM's bypass activities.  Digicel Haiti reasonably relied on these misrepresentations and active concealments to its detriment and UPM's benefit.

Digicel Haiti respectfully requests that the Court grant summary judgment as to Defendants' liability for fraud.

DATED this 20th day of December, 2021.

Respectfully submitted,

By:   *s/ Robert C.L. Vaughan*

Anne Talcott, OSB #965325
Email: atalcott@schwabe.com
Kathryn E. Kelly, OSB #175162
Email: kkelly@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Telephone: 503.796-2958

Robert C. L. Vaughan (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
Cherine Smith Valbrun (*Pro Hac Vice*)
Email:  cvalbrun@kvllaw.com
Leah B. Storie (*Pro Hac Vice*)
Email:  lstorie@kvllaw.com
KIM VAUGHAN LERNER LLP
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone:    (954) 527-1115

*Attorneys for Plaintiff, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti*

Page 6 -     UNIGESTION HOLDINGS' REPLY ISO MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANTS' LIABILITY FOR FRAUD

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900