**Kathryn P. Salyer**, OSB #883017
**Eleanor A. DuBay**, OSB #073755
**Blake Van Zile,** OSB #184672
ksalyer@tomasilegal.com
edubay@tomasilegal.com
bvanzile@tomasilegal.com
Tomasi Salyer Martin
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204-3136
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

**Christopher W. Savage**, D.C. Bar #362657
chrissavage@dwt.com
(Admitted *Pro Hac Vice*)
Davis Wright Tremaine LLP
1301 K Street NW, Suite 500 East
Washington, DC 20005-3317
Telephone: (202) 973-4200
Facsimile: (202) 973-4499

     Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDING, S.A**., a foreign corporation, d/b/a **DIGICEL HAITI,**<br><br>    Plaintiff & Counterclaim-Defendant,<br><br>    v.<br><br>**UPM TECHNOLOGY, INC**., *et al.,*<br><br>    Defendants & Counterclaim-Plaintiffs | Case No. 3:15-CV-00185-SI<br><br>**REPLY IN SUPPORT OF DEFENDANTS BENJAMIN SANCHEZ A/K/A BENJAMIN SANCHEZ MURILLO, BALTAZAR RUIZ, TYLER ALLEN AND DUY TRAN AKA BRUCE TRAN'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Oral Argument Requested**<br>**Hearing: January 14, 2022 at 10:00 AM** |

Page 1 - REPLY IN SUPPORT OF DEFENDANTS BENJAMIN SANCHEZ A/K/A BENJAMIN SANCHEZ MURILLO, BALTAZAR RUIZ, TYLER ALLEN AND DUY TRAN AKA BRUCE TRAN'S MOTION FOR SUMMARY JUDGMENT
UPM-L1\00616018.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

## REPLY

Defendants Benjamin Sanchez a/k/a Benjamin Sanchez Murillo, Baltazar Ruiz, Tyler Allen and Duy Tran aka Bruce Tran ("Moving Defendants")[1] have shown that they are entitled to summary judgment dismissing all of Digicel-Haiti's claims against them. There are no genuine issues as to any material fact, and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Moving Defendants have established that Digicel-Haiti has failed "to make a showing sufficient to establish the existence of an element essential to" Digicel-Haiti's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Accordingly, Digicel-Haiti bore the burden in its Opposition "to establish that a genuine issue as to any material fact actually does exist." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Digicel-Haiti has utterly failed to satisfy this burden and, in fact, does not dispute any of the facts set forth by Moving Defendants. Digicel-Haiti has thereby conceded that Moving Defendants are entitled to summary judgment as a matter of law.

First, Digicel-Haiti has failed to establish each and every element of fraud against any of the Moving Defendants; indeed, Digicel-Haiti's Opposition[2] does not even address Moving Defendants' legal arguments. Digicel-Haiti has simply failed to prove that any of the Moving Defendants committed any acts of fraud against Digicel Haiti. Sensing this, Digicel-Haiti makes an entirely improper request to amend its Complaint under Fed. R. Civ. P. 15. This request must be disregarded in its entirety because it is not well grounded in law or fact. Finally, even if Digicel-Haiti were permitted to amend its Complaint, the Moving Defendants should still

---

[1] Unless otherwise noted, capitalized terms herein have the same meaning as those set forth in Moving Defendants' Motion for Summary Judgment, ECF #259 (the "Moving Defendants' Motion").

[2] Unigestion Holdings, S.A.'s Response in Opposition to Individual Defendants' Motion for Summary Judgment, ECF #276 (the "Opposition").

Page 2 - REPLY IN SUPPORT OF DEFENDANTS BENJAMIN SANCHEZ A/K/A BENJAMIN SANCHEZ MURILLO, BALTAZAR RUIZ, TYLER ALLEN AND DUY TRAN AKA BRUCE TRAN'S MOTION FOR SUMMARY JUDGMENT
UPM-L1\00616018.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

be dismissed from the case, because the undisputed facts show that Digicel-Haiti has no claim against any of them, even under the piercing the corporate veil / alter ego legal theory that Digicel-Haiti now seeks to advance. Accordingly, Moving Defendants are entitled to summary judgment as a matter of law.

## I.    PLAINTIFF HAS FAILED TO ADDRESS, LET ALONE ESTABLISH, EACH ELEMENT OF ITS FRAUD CLAIM AGAINST ANY MOVING DEFENDANT

Digicel-Haiti's Opposition does not address the facts and legal arguments in Moving Defendants' Motion that show that summary judgment must be granted in their favor on Digicel-Haiti's fraud claim.[3] As the Moving Defendants explained, under Oregon law, in order to maintain a claim for fraud, Digicel-Haiti must establish each element of fraud, including damages, by clear and convincing evidence. *See Sharkey v. Burlingame Co.*, 131 Or. 185, 191-92, 282 P. 546 (1929); *Dizick v. Umpqua Cmty. Coll.*, 287 Or. 303, 311, 599 P.2d 444, 448 (1979) (citing *Webb v. Clark*, 274 Or. 387, 391, 546 P.2d 1078 (1976); *Conzelmann v. N.W.P. & D. Prod. Co.*, 190 Or. 332, 350, 225 P.2d 757 (1950)). The essential elements of a fraud claim that Digicel-Haiti must establish are: (1) a material misrepresentation that was false; (2) which material misrepresentation the defendant knew was false; (3) the defendant intended that the plaintiff rely on that false material misrepresentation; (4) the plaintiff justifiably relied on that misrepresentation; and (5) was damaged as a result. *Strawn v. Farmers Ins. Co.,* 350 Or. 336, 351–52, 258 P.3d 1199 (Or. 2011).

Moving Defendants explained in their Motion that Digicel-Haiti has not, and cannot, establish that any of the Moving Defendants made any misrepresentation to Digicel-Haiti that was either material, false, or knowing. There is simply no evidence at all that any of the Moving Defendants ever had any contact whatsoever with Digicel-Haiti, much less that there were contacts in any Moving Defendant's individual capacity that amounted to a knowing

---

[3] Moving Defendants' Motion, p. 10-12.

Page 3 - REPLY IN SUPPORT OF DEFENDANTS BENJAMIN SANCHEZ A/K/A BENJAMIN SANCHEZ MURILLO, BALTAZAR RUIZ, TYLER ALLEN AND DUY TRAN AKA BRUCE TRAN'S MOTION FOR SUMMARY JUDGMENT
UPM-L1\00616018.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

material misrepresentation to Digicel-Haiti. And because the Moving Defendants made no representations to Digicel-Haiti at all, it obviously cannot show that it justifiably relied on any purported material misrepresentation or that it was damaged as a result.

Once the Moving Defendants established that Digicel-Haiti has not, and could not, establish one or more elements of its fraud claim against the Moving Defendants, Digicel-Haiti was then required to establish the existence of a genuine issue of material fact by presenting admissible evidence that either raised new, relevant information or that challenged the accuracy of the facts that the Moving Defendants presented. *See Celotex Corp.*, 477 U.S. at 323; *Matsushita Elec.*, 475 U.S. at 586. Digicel-Haiti's Opposition utterly fails to meet this burden. In fact, it does not even address the arguments set forth in the Motion relating to Digicel-Haiti's fraud claim, the purported heart of its case. Nowhere in the Opposition does Digicel-Haiti attempt to salvage its fraud claim against the Moving Defendants. In these circumstances, it is clear that the Moving Defendants are entitled to summary judgment as a matter of law because Digicel-Haiti has conceded that there are no genuine issues of material fact and it cannot establish one or more elements of its fraud claim against the Moving Defendants by clear and convincing evidence.

## II.    PLAINTIFF'S ATTEMPT TO AMEND ITS COMPLAINT IS UNTIMELY, NOT MADE IN GOOD FAITH AND SHOULD BE ENTIRELY DISREGARDED

Digicel-Haiti concedes that under that Oregon law, a plaintiff must plead veil piercing / alter ego as a separate cause of action.[4] *See Amfac Foods, Inc. v. Int'l Sys. & Controls Corp.*, 294 Or. 94, 104, fn. 12, 654 P.2d 1092 (1982). It nevertheless requests, in a footnote, that "the Court hold that under Fed. R. Riv. P. 15 that the pleadings be amended to conform to the evidence."[5] Its purported basis for this request is that "the allegations and record evidence meet

---

[4] Opposition, p. 1, fn. 1.

[5] *Id.*

Page 4 - REPLY IN SUPPORT OF DEFENDANTS BENJAMIN SANCHEZ
A/K/A BENJAMIN SANCHEZ MURILLO, BALTAZAR RUIZ,
TYLER ALLEN AND DUY TRAN AKA BRUCE TRAN'S
MOTION FOR SUMMARY JUDGMENT
UPM-L1\00616018.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

the requirements to plead and prove this theory of liability."[6] This is so entirely divorced from the truth – neither the allegations in the operative Complaint nor any evidence developed in discovery support a veil piercing / alter ego theory – that UPM can only conclude that the proposed amendment was not made in good faith. In any event, it is unsupported and untimely, is not supported by the law or by any facts, and the Court should disregard it.

First, Digicel-Haiti failed to confer regarding its Rule 15 request to amend its Complaint as required by LR 7-1. For that reason alone, the Court should deny Digicel-Haiti's footnote request to amend its Complaint.

Second, Digicel-Haiti's informal "request" is inadequate under Rule 15 as a means to seek the Court's leave to amend its Complaint.[7] "A bare request in an opposition to a motion to dismiss – without any indication of the particular grounds on which amendment is sought – does not constitute a motion within the contemplation of Rule 15(a)." *Kowal v. MCI Commc'ns Corp.*, 305 U.S. App. D.C. 60, 16 F.3d 1271, 1280 (1994), citing *Confederate Memorial Ass'n, Inc. v. Hines*, 301 U.S. App. D.C. 395, 995 F.2d 295, 299 (D.C. Cir. 1993) (internal quotations omitted). Nor does Digicel-Haiti's request satisfy the requirements of LR 15-1(c), namely that "any party moving for leave to file an amended or supplemental pleading must describe the … changes" that it seeks to make in its pleading. Neither the Court nor the Moving Defendants should even have to consider such an ill-formed, non-specific request.[8]

---

[6] *Id.*

[7] Confusingly, Digicel-Haiti requests that the Court allow amendment to conform to the evidence, but does not cite the specific section of Rule 15 upon which it is supposedly relying. The language relating to conforming pleadings to the evidence is in subsection (b), "Amendments During and After Trial". Digicel-Haiti's request, obviously, was not made during or after trial. As a result, the request must be being made under Rule 15(a)(1)(2), which requires that the moving party either obtain the opposing party's written consent or leave of the court to amend its pleadings.

[8] UPM submits that if Digicel-Haiti had taken the time to identify specific changes to the complaint to include a veil piercing / alter ego cause of action, it would have immediately
(note continued)…

Page 5 - REPLY IN SUPPORT OF DEFENDANTS BENJAMIN SANCHEZ A/K/A BENJAMIN SANCHEZ MURILLO, BALTAZAR RUIZ, TYLER ALLEN AND DUY TRAN AKA BRUCE TRAN'S MOTION FOR SUMMARY JUDGMENT
UPM-L1\00616018.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Third, Digicel-Haiti's request is both untimely and highly prejudicial to the Moving Defendants. Digicel-Haiti does not cite any case or evidence which supports its request to add a cause of action of piercing the corporate veil / alter ego at this late stage of the case. UPM submits that Digicel-Haiti never intended in good faith to include this cause of action against Moving Defendants and, instead, is attempting to amend its Complaint solely as a last-ditch effort to avoid summary judgment. Digicel-Haiti's request has all the hallmarks of something thrown against the wall at the last minute, hoping that it will stick.

Rule 15 provides that prior to trial, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990), citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31, 28 L. Ed. 2d 77, 91 S. Ct. 795 (1971) (trial court "required" to take potential prejudice into account in deciding Rule 15(a) motion). *See also Texaco, Inc. v. Ponsoldt*, 939 F.2d 794 (9th Cir. 1991) (denying leave to amend because of unreasonable prejudice to defendant when plaintiff waited until after discovery was closed and just four months from trial).

In addition to prejudice, the Court should also consider undue delay in deciding whether to allow a late-stage amendment. "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1388; *see also Chodos v. W. Publ'g Co.*, 292 F.3d 992

---

…(note continued)
recognized that it had no good faith basis to assert that cause of action against any of the Moving Defendants.

Page 6 - REPLY IN SUPPORT OF DEFENDANTS BENJAMIN SANCHEZ A/K/A BENJAMIN SANCHEZ MURILLO, BALTAZAR RUIZ, TYLER ALLEN AND DUY TRAN AKA BRUCE TRAN'S MOTION FOR SUMMARY JUDGMENT
UPM-L1\00616018.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

(9th Cir. 2002) (upholding denial of motion to amend complaint when facts had been available to plaintiff before prior amendments and finding that adding new claim was dilatory tactic).

Digicel-Haiti's proposed amendments would plainly be unreasonably prejudicial to Moving Defendants. The parties have completed discovery, including *years* of responding to discovery requests, multiple motions to compel, and numerous depositions of the parties and their experts. A trial date has been set after years of litigation, along with a scheduling order setting forth detailed pre-trial deadlines. *See Blount, Inc. v. Peterson*, No. 06-398-AA, 2007 U.S. Dist. LEXIS 44007 (D. Or. June 13, 2007) (noting that prejudice was absent because discovery was not complete, no case management dates were set, and there was no trial or pretrial dates). Exacerbating the prejudice to the Moving Defendants, Digicel-Haiti's request for leave to amend was made in a *response* to a summary judgment motion. While there are no facts of which Moving Defendants are aware that could remotely support a corporate veil / alter ego claim, they nevertheless would have conducted discovery differently had they known that this issue was on the table – if nothing else, to force Digicel-Haiti to admit on the record that it had no contact with any of the Moving Defendants in their individual capacities, and to demand all facts and information that Digicel-Haiti had that it thought supported a corporate veil / alter ego claim. Other litigation decisions would likely have been affected as well. With trial less than four months away, it is far too late in the day to try to remedy this prejudice with additional discovery, additional motions practice, or a modification of the schedule.

Moreover, as in the *Jackson* and *Chodos* cases, Digicel-Haiti's purported new cause of action is not based on any new facts or assertions that have come to light in discovery or otherwise. Digicel-Haiti has been aware of the (minimally relevant) conduct by the Moving Defendants that apparently gave rise to its principal claim (fraud) since at least the filing of the original complaint in 2015. Springing a new claim on the Moving Defendants in a response to a motion for summary judgment nearly seven years after the facts were originally pled, and with no newly discovered facts or evidence, is plainly undue delay. This is reason enough to deny

Page 7 - REPLY IN SUPPORT OF DEFENDANTS BENJAMIN SANCHEZ A/K/A BENJAMIN SANCHEZ MURILLO, BALTAZAR RUIZ, TYLER ALLEN AND DUY TRAN AKA BRUCE TRAN'S MOTION FOR SUMMARY JUDGMENT
UPM-L1\00616018.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Digicel-Haiti's informal request to amend.

Finally, as discussed below, any amendment to add a cause of action for veil piercing / alter ego would be futile because there is no conceivable factual support for it. Thus, even if the Court were to consider Digicel-Haiti's informal request, the Court should still deny it because it is futile.

## III. EVEN IF ALLOWED TO AMEND, DIGICEL-HAITI HAS FAILED TO STATE A CLAIM FOR PIERCING THE CORPORATE VEIL / ALTER EGO AGAINST THE MOVING DEFENDANTS

### A. Digicel-Haiti Fails to State a Claim Under a Piercing the Corporate Veil / Alter Ego Theory

As noted above, Digicel-Haiti asserts that the allegations in the Complaint, along with evidence from discovery, support the addition of a veil piercing / alter ego claim.[9]  This is simply not true. The law governing claims of piercing the corporate veil / alter ego shows that Digicel-Haiti could not prevail on that theory even if its request to amend its pleadings were granted, because the facts simply do not support that claim. Its request is thus futile.

The idea behind piercing the corporate veil is to hold a shareholder, owner or director *personally liable for the corporation's debt* because of some wrongdoing of the individual that impaired the plaintiff's ability to recover from the corporation itself. *See Amfac Foods, Inc. v. Int'l Sys. & Controls Corp.*, 294 Or. 94, 108, 654 P.2d 1092, 1101 (1982) ("When a plaintiff seeks to collect a corporate debt from a shareholder by virtue of the shareholder's control over the debtor corporation rather than on some other theory, the plaintiff *must allege and prove* not only that the debtor corporation was under the *actual control* of the shareholder but also that the plaintiff's *inability to collect from the corporation* resulted from some form of *improper conduct* on the part of the shareholder") (emphasis added). Digicel-Haiti's arguments

---

[9] Opposition, p. 1, fn. 1

do not address this legal standard or acknowledge the high burden it faces in trying to meet it.

First, as has long been established, "[l]imited liability is the rule." *Amfac Foods*, 294 Or. at 102. "The disregard of a legally established corporate entity is an extraordinary remedy which exists as a last resort, where there is no other adequate and available remedy to repair the plaintiff's injury." *Id*. at 103. Indeed, "the control of the corporation by a shareholder, in and of itself, [is not] sufficient to support a claim for recovery that the shareholder's immunity should be disregarded." *Id*. at 107. Digicel-Haiti has no facts, and cannot consistent with Rule 11 allege any facts, that would suggest that any damages to which it may be entitled as a result of UPM's actions would not or could not be satisfied by UPM itself. Recovery from UPM would be an entirely "adequate and available remedy to repair [Digicel-Haiti's] injury."[10]

In this regard, and contrary to Digicel-Haiti's claim, it is very much a requirement of a veil piercing claim to show that an adequate remedy is not available from the corporation. As stated in the controlling case in Oregon, *Amfac Foods*, the extraordinary remedy of disregarding the corporate form is *only* available "where there is no other adequate and available remedy to repair the plaintiff's injury." *Id*. at 103. Indeed, courts considering a veil-piercing argument treat the inadequacy of other remedies as a threshold issue: "challenges to 'corporate form and its limited liability' *will not be considered* 'unless it is demonstrated to be *an absolute necessity*.'" *State ex. rel. Neidig v. Superior Nat'l Ins. Co.,* 343 Or. 434, 445 (2007), *quoting City of Salem v. H.S.B.,* 302 Or. 648, 655, 733 P.2d 890 (1987) (emphasis added). Here, far from Digicel-Haiti having alleged or demonstrated any facts that would suggest that it is "an absolute necessity" to disregard UPM's separate corporate existence, there is no evidence at all that UPM

---

[10] Note that Digicel-Haiti does not suggest, under any theory, that it was harmed by any meaningfully "individual" action of any of the Moving Defendants. All of its claims for relief relate to UPM's efforts to bypass Digicel-Haiti's high call termination rates. So, all of its claims against the Moving Defendants are subsidiary to, and derivative of, its claims against UPM. Of course, as UPM has shown in its summary judgment filings, Digicel-Haiti's claims against UPM are baseless.

Page 9 - REPLY IN SUPPORT OF DEFENDANTS BENJAMIN SANCHEZ A/K/A BENJAMIN SANCHEZ MURILLO, BALTAZAR RUIZ, TYLER ALLEN AND DUY TRAN AKA BRUCE TRAN'S MOTION FOR SUMMARY JUDGMENT
UPM-L1\00616018.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

would be unable to pay any damages for which it may potentially be held liable in this case. *See Summit Props., Inc. v. New Tech. Elec. Contractors, Inc.*, Nos. CV-03-748-ST, CV-03-6394-ST, 2004 U.S. Dist. LEXIS 13053, at \*74 (D. Or. July 2, 2004) (granting summary judgment as to theory of liability premised on piercing the corporate veil because plaintiff could not prove the causation and adequate remedy elements).

Furthermore, and contrary to Digicel-Haiti's incorrect recitation of the elements of the alter ego theory,[11] even "[w]here actual exercise of control is shown to exist, improper conduct ***must also*** be demonstrated." *Id*. (emphasis added). Oregon courts have made clear that the improper conduct at issue is not conduct relating to or affecting the injured party; rather, it is conduct relating to control of the corporation and misuse of that control to the plaintiff's detriment. *State ex rel. Neidig, supra,* 343 Or. at 458, 173 P.3d at 137 ("the relevant conduct is the conduct of the controlling corporation or commonly controlled corporations, not the independent conduct of the subsidiary or affiliated corporation.") So here, Digicel-Haiti would need to show that "those who control the corporation have ***used it to shield themselves*** improperly from responsibility." *Romero-Manzano v. Carlton Plants, LLC*, No. 3:15-CV-00508-BR, 2016 U.S. Dist. LEXIS 112738, at \*14 (D. Or. Aug. 24, 2016) citing *AFD China Intellectual Prop. Law (USA) v. AFD China Intellectual Prop. Law Office*, 3:09-CV-1509-BR, 2014 U.S. Dist. LEXIS 79996, 2014 WL 2619644, at \*7 (D. Or. June 12, 2014)(citing *Salem Tent & Awning Co. v. Schmidt*, 79 Or. App. 475, 719 P.2d 899 (1986)).

Thus, under Oregon law, it does not matter for purposes of a veil piercing / alter ego theory whether the Moving Defendants took any part in UPM's allegedly fraudulent activity toward Digicel-Haiti. The relevant test is whether the Moving Defendants acted improperly in controlling ***UPM*** in a way to ***shield themselves*** from liability for that activity by making UPM

---

[11] Opposition, p. 2.

Page 10 - REPLY IN SUPPORT OF DEFENDANTS BENJAMIN SANCHEZ
A/K/A BENJAMIN SANCHEZ MURILLO, BALTAZAR RUIZ,
TYLER ALLEN AND DUY TRAN AKA BRUCE TRAN'S
MOTION FOR SUMMARY JUDGMENT
UPM-L1\00616018.000

itself unable to satisfy that liability.[12] As a result, Digicel-Haiti's arguments that all of the individual defendants controlled UPM – which of course is untrue – is a red herring. First, other than defendant Tran being the CEO of UPM, Digicel-Haiti has not pointed to any fact showing that defendants Allen, Sanchez[13] and/or Ruiz controlled UPM.[14] Second, the conduct Digicel-Haiti complains about does not relate to *control* of UPM (the corporate entity), but rather relates to their actions as *employees* of UPM, such as shipping and receiving. These activities fail to even arguably rise to the level of corporate control. As the Moving Defendants noted in their Motion, Digicel-Haiti has not, and cannot, show that there was any improper conduct in the corporate control of UPM.[15]

In fact, what has become abundantly clear is that Digicel-Haiti is muddling the causes of action for piercing the corporate veil / alter ego with ideas of conspiracy. The

---

[12] Again, Moving Defendants note that nothing that UPM did was fraudulent at all.

[13] Digicel-Haiti's claim that Mr. Sanchez "was not made available for deposition" is flatly false. Opposition, p. 3, fn. 5. In fact, Mr. Sanchez was made available for a deposition, but as he resides in Japan, Digicel-Haiti had to follow the special legal requirements for live depositions of United States citizens in Japan (including that a live deposition must be held in the United States Embassy). For whatever reason (most likely, lack of diligence on Digicel-Haiti's part in investigating those special requirements), Digicel-Haiti's counsel was unable to schedule Mr. Sanchez' deposition by the close of discovery. Nothing prevented Digicel-Haiti from either propounding additional interrogatories to Mr. Sanchez under Rule 33 or pursuing a deposition on written questions under Rule 31. So, once it (evidently belatedly) became aware of the special restrictions on live depositions in Japan, Digicel-Haiti *chose* not to obtain further discovery from Mr. Sanchez. In these circumstances, any Digicel-Haiti complaint about a lack of discovery from Mr. Sanchez is unfounded.

[14] Indeed, shipping and receiving goods from Haiti can hardly be deemed "controlling" UPM. It is simply absurd to argue that Mr. Allen, essentially a mail/shipping clerk, had "control" over the corporation and should be jointly liable for the alleged fraud. It is the equivalent of arguing that a mail clerk at a pharmaceutical company is liable because he put the shipping label on a box containing a faulty pacemaker.

[15] Digicel-Haiti claims that actions the Moving Defendants took, such as shipping and receiving items to and from Haiti, is sufficient to pierce the corporate veil. But such allegations simply do not rise to the level of corporate misdeeds that are required to pierce the veil.

---

Page 11 - REPLY IN SUPPORT OF DEFENDANTS BENJAMIN SANCHEZ
A/K/A BENJAMIN SANCHEZ MURILLO, BALTAZAR RUIZ,
TYLER ALLEN AND DUY TRAN AKA BRUCE TRAN'S
MOTION FOR SUMMARY JUDGMENT
UPM-L1\00616018.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Opposition even concedes as much: "Corporations are not meant to protect and eventually absolve individual employees of ***working in a concerted effort to execute a corporate fraud***."[16]

There is no legal support for the Digicel-Haiti's bold (and erroneous) conclusion. Presumably all employees of a corporation work together to help the corporation achieve its goals; corporate employees have assigned roles (shipping, accounting, operations, R&D, personnel) and try to perform them as best they can. If the corporate form did ***not*** protect employees from liability arising from actions of the corporation itself, that would make a complete mockery of the idea that corporations have separate legal existence.[17]

This aspect of Digicel-Haiti's argument confirms that it is really complaining that all the defendants supposedly conspired together to commit fraud, not that the corporate veil should be pierced to hold Moving Defendants liable for UPM's purported fraudulent conduct. Indeed, Digicel-Haiti claims, essentially, that the Moving Defendants ***conspired*** with UPM to defraud Digicel-Haiti, and that their actions were in furtherance of that conspiracy. Potential conspiracy theories, however are not at issue in this case. And, as earlier noted, since the RICO causes of action (including conspiracy) have been dismissed, there is no basis for finding that the Moving Defendants took any actions that amount to ***conspiring*** with UPM—nor that such alleged conduct satisfies any, let alone all, of the elements required to maintain a fraud claim against them.[18]

---

[16] Opposition, p. 3 (emphasis added).

[17] Digicel-Haiti's theory would also create an odd disparity in the law: in the case of a corporate debt arising from a damages judgment, non-controlling shareholders would receive the full benefits of a limitation of their liability (to the value of their shares), but hapless employees would be personally liable, without limit. That cannot and should not be the law. It would essentially convert every corporation into a partnership, with employees as partners who are personally liable for the organization's liabilities but do not share in the organization's profits.

[18] Indeed, twisting the notion of conspiracy to include employees doing their jobs would, again, make a mockery of the separate legal existence of corporations. Any suit alleging corporate malfeasance could automatically become a conspiracy case that would include mailroom clerks,

(note continued)…

Page 12 - REPLY IN SUPPORT OF DEFENDANTS BENJAMIN SANCHEZ
A/K/A BENJAMIN SANCHEZ MURILLO, BALTAZAR RUIZ,
TYLER ALLEN AND DUY TRAN AKA BRUCE TRAN'S
MOTION FOR SUMMARY JUDGMENT
UPM-L1\00616018.000

***TOMASI SALYER MARTIN***
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Finally, the Moving Defendants note that Digicel-Haiti has had multiple opportunities to amend its Complaint to conform it to its actual cause of action, namely fraud, but it has not done so. It is telling that in the entire 40-page Complaint, with hundreds of separate allegations, the Moving Defendants are mentioned in a scant handful of paragraphs.[19] The reason the Moving Defendants have such minor roles in the Complaint is evident: the only reason Digicel-Haiti included them in the first place was to satisfy the conspiracy requirements of a RICO claim. In the years since the RICO claims were dismissed, Digicel-Haiti has simply failed to accept that it has no actual claims against the Moving Defendants. The only reasonable conclusion is that Digicel-Haiti continues its baseless claims against the Moving Defendants in order to intimidate and harass them. This is further shown by Digicel-Haiti's complete and utter failure to respond to the Moving Defendants' arguments that Digicel-Haiti cannot satisfy the five elements of a fraud claim against the Moving Defendants individually.

### B. Digicel-Haiti's Assertion That "Tran is the Central Figure and Must be Held Individually Responsible" is Not Supported by Law

As Digicel-Haiti should know, there is no legal theory in Oregon which holds that a "central figure" can be individually responsible for a corporation's actions absent proof of an alter ego, agency, or similar claim—and, of course, there are no facts to support such a claim in any event. There are no legal grounds for Digicel-Haiti's claim that defendant Tran was the "guiding spirit" behind the UPM conduct at issue, and must therefore be held individually liable. Digicel-Haiti's reliance on *Kelly v. Ringler Assocs.* is unavailing and entirely misleading. No. 3:14-cv-00604-YY, 2017 U.S. Dist. LEXIS 59850 (D. Or. Feb. 21, 2017). *Kelly* had nothing to do with finding an individual employee liable for a company's allegedly tortious conduct; rather,

---

…(note continued)

shipping clerks, and anyone else whose normal job duties could be cast as "overt acts" supposedly "in furtherance of" whatever malfeasance the corporation might be charged with.

[19] *See e.g.,* TAC at ¶¶ 7-10, 50, 97, 144-145, 166.

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

it related exclusively to issues of personal jurisdiction. *Id.* In fact, while concluding that there was no personal jurisdiction, the court in *Kelly* noted that "[t]here is a general trend among the district courts to find that employees, who are not officers and directors, are protected by the fiduciary shield doctrine." *Id*., at \*31-32 (internal quotations and citations omitted). That legal analysis would certainly apply here to defendants Allen, Ruiz and Sanchez, who were mere employees of UPM.[20]

Finally, as noted above, even if Mr. Tran took steps in furtherance of UPM's alleged fraud, that does not make him individually liable. Indeed, under Digicel-Haiti's theory, it would be impossible for any company to act fraudulently without also holding the corporate principals liable , since they will often be directly involved in, and always at least formally responsible for, the corporate acts being challenged.  It is impossible to square this approach with the plain requirement of Oregon law that veil piercing be considered only "as a last resort, where there is no other adequate and available remedy to repair the plaintiff's injury." *Amfac Foods*, 294 Or. at 103. For this reason, there is and can be no legal cause of action in Oregon against a corporate officer or shareholder for being a "guiding spirit" or "central figure" of a corporate entity. Again, Digicel-Haiti has failed to establish or even to adequately allege not only the required elements of a veil piercing / alter ego theory, but has also failed to each and every element of a fraud claim against any of the Moving Defendants in their individual capacities – including Mr. Tran. Digicel-Haiti's last minute, desperate efforts to add new causes of action and invent new claims against the Moving Defendants are unsupported by the law and undisputed facts.

---

[20] Digicel-Haiti asserts that Mr. Sanchez was the president of UPM, but conveniently fails to include the entirety of the relevant testimony on that point, in which UPM's CEO, Mr. Tran, explains that Mr. Sanchez "was really inactive way, way, way prior to" 2016. *Compare* Opposition, p. 3 *with* Deposition of Bruce Tran, p. 37, ln. 24 – p. 38, ln. 5.

Page 14 - REPLY IN SUPPORT OF DEFENDANTS BENJAMIN SANCHEZ A/K/A BENJAMIN SANCHEZ MURILLO, BALTAZAR RUIZ, TYLER ALLEN AND DUY TRAN AKA BRUCE TRAN'S MOTION FOR SUMMARY JUDGMENT
UPM-L1\00616018.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

## IV.    CONCLUSION

For the foregoing reasons, Moving Defendants respectfully request that the Court grant summary judgment in their favor on Digicel-Haiti's remaining claims of fraud, conversion and unjust enrichment.[21]

Dated: December 20, 2021.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    Blake Van Zile, OSB #184672
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    bvanzile@tomasilegal.com
    Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    Telephone: (202) 973-4200
    *(Admitted Pro Hac Vice)*

Of Attorneys for Defendants

---

[21] Digicel-Haiti's Opposition wholly ignores Moving Defendants' arguments relating to the conversion and unjust enrichment claims. Because, along with a defense of the fraud claim, Digicel-Haiti failed to provide any argument to support those claims, Digicel-Haiti must be deemed to have conceded that Moving Defendants are entitled to summary judgment.

Page 15 - REPLY IN SUPPORT OF DEFENDANTS BENJAMIN SANCHEZ
A/K/A BENJAMIN SANCHEZ MURILLO, BALTAZAR RUIZ,
TYLER ALLEN AND DUY TRAN AKA BRUCE TRAN'S
MOTION FOR SUMMARY JUDGMENT
UPM-L1\00616018.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2021, I served the foregoing **REPLY IN SUPPPORT OF DEFENDANTS BENJAMIN SANCHEZ A/K/A BENJAMIN SANCHEZ MURILLO, BALTAZAR RUIZ, TYLER ALLEN AND DUY TRAN AKA BRUCE TRAN'S MOTION FOR SUMMARY JUDGMENT** on the following individuals by electronic service to said individuals:

Robert C.L. Vaughan
Cherine Smith Valbrun
Leah Storie
Kim Vaughan Lerner LLP
One Financial Plaza
100 SE Third Avenue • Suite 2001
Fort Lauderdale, FL 33394
Email: rvaughan@kvllaw.com
Email: cvalbrun@kvllaw.com
Email: lstorie@kvllaw.com

Anne M. Talcott
Kathryn E. Kelly
Schwabe, Williamson & Wyatt, PC
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Email: atalcott@schwabe.com
Email: kkelly@schwabe.com

Dated: December 20, 2021.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    Blake Van Zile, OSB #184672
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    bvanzile@tomasilegal.com
    Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    Telephone: (202) 973-4200
    *(Admitted Pro Hac Vice)*

Of Attorneys for Defendants

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236