# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNIGESTION HOLDINGS, S.A., d/b/a DIGICEL HAITI**, | Case No. 3:15-cv-185-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **UPM TECHNOLOGY, INC.,** *et al.*, | |
| Defendants. | |

Anne M. Talcott and Kathryn E. Kelly, SCHWABE, WILLIAMSON & WYATT PC, 1211 SW Fifth Avenue, Suite 1900, Portland, OR 97204; and Robert C.L. Vaughan, Cherine Smith Valbrun, and Leah B. Storie, KIM VAUGHAN LERNER LLP, One Financial Plaza, Suite 2001, Fort Lauderdale, FL 33394. Of Attorneys for Plaintiff.

Kathryn P. Salyer, Eleanor A. DuBay, and Blake Van Zile, TOMASI SALYER MARTIN, 121 SW Morrison Street, Suite 1850, Portland, OR 97204; and Christopher W. Savage, DAVIS WRIGHT TREMAINE LLP, 1919 Pennsylvania Avenue NW, Suite 800, Washington, DC 20006. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

The parties have filed several motions, which the Court has scheduled for oral argument on January 14, 2022. One of the pending motions is Plaintiff Unigestion Holdings, S.A.'s Motion for Summary Judgment on Defendant UPM Technology, Inc.'s Counterclaims. ECF 264. Plaintiff's first argument is that UPM's counterclaims are time-barred under the

PAGE 1 – ORDER

Communications Act's two-year statute of limitations, 47 U.S.C. § 415. *See* ECF 264, at 7-12 (internal pages 3-8). According to Plaintiff, "all of UPM's Counterclaims, including its putative state law claims are barred by the applicable two-year statute of limitations, and they should be summarily adjudicated as a matter of law." ECF 264, at 12 (internal page 8). In response, UPM states:

> Digicel-Haiti argues that UPM's Communications Act claims are barred by the Statute of Limitations. To the extent that UPM's claims as pled extend to Digicel-Haiti's actions during the 2011-2012 period, UPM agrees. UPM's claims relating to the 2014 period, however, are not barred.

ECF 279, at 7 (internal page 3). In its reply, Plaintiff argues that because UPM's counterclaims do not allege damages based on "overcharges" and because UPM failed to bring its claims within two years after the challenged conduct was first discovered, the entirety of UPM's counterclaims is time-barred. ECF 285, at 2-4 (internal pages 1-3). Neither party, however, discusses the Ninth Circuit's decision in *Davel Commc'ns, Inc. v. Qwest Corp.*, 460 F.3d 1075, 1091-93 (9th Cir. 2006), which may be relevant to this precise issue.

Both sides should be prepared to discuss at oral argument the Ninth Circuit's decision in *Davel*. In addition, if either party desires to file a supplemental brief not to exceed five pages discussing whether *Davel* informs the statute of limitations question now before the Court, that party may do so not later than January 12, 2022.

**IT IS SO ORDERED**.

DATED this 6th day of January, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 2 – ORDER