**Kathryn P. Salyer**, OSB #883017
**Eleanor A. DuBay**, OSB #073755
**Blake Van Zile,** OSB #184672
ksalyer@tomasilegal.com
edubay@tomasilegal.com
bvanzile@tomasilegal.com
Tomasi Salyer Martin
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204-3136
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

**Christopher W. Savage**, D.C. Bar #362657
chrissavage@dwt.com
(Admitted *Pro Hac Vice*)
Davis Wright Tremaine LLP
1301 K Street NW, Suite 500 East
Washington, DC 20005-3317
Telephone: (202) 973-4200
Facsimile: (202) 973-4499

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDING, S.A**., a foreign corporation, d/b/a **DIGICEL HAITI**,<br><br>Plaintiff & Counterclaim-Defendant,<br><br>v.<br><br>**UPM TECHNOLOGY, INC**., *et al.,*<br><br>Defendants & Counterclaim-Plaintiffs | Case No. 3:15-CV-00185-SI<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING THE STATUTE OF LIMITATIONS**<br><br>**Oral Argument Requested**<br>**Hearing: January 14, 2022 at 10:00 AM** |

Page 1 – DEFENDANTS' SUPPLEMENTAL BRIEF
REGARDING THE STATUTE OF LIMITATIONS
UPM-L1\00619386.000

UPM Technology, Inc. ("UPM") respectfully submits this brief regarding Statute of Limitations issues, in accordance with the Court's order requesting the parties to address *Davel Communications, Inc. v. Qwest Corp.,* 460 F.3d 1075, 1091-93 (9th Cir. 2006). (Order, ECF #290). *Davel* confirms that the applicable Statute of Limitations, 47 U.S.C. § 415(b), does not bar UPM's claims under the Communications Act ("Act") arising from Digicel-Haiti's blocking the SIM cards that UPM was using to resell Roam Like You're Home ("RLYH") service during 2014.

*Davel* arose from the implementation of Federal Communications Commission ("FCC") rules governing services that local exchange carriers, such as Qwest, provide to competitive payphone service providers, such as Davel. The FCC required local exchange carriers to file cost-based rates for (among other things) fraud protection services used in connection with the access lines the payphone providers purchased from the carriers. 460 F.3d at 1081-82. The FCC set a deadline of April 15, 1997, for carriers to file the cost-based rates, *id.* at 1082-83, but Qwest did not do so until at least five years later. *Id.* at 1083, 1092. The rates Qwest filed were much lower than the ones Davel had been paying since the years-earlier tariff filing deadline, and once Qwest filed the new rates, Davel sued to recover the amounts it had been overcharged – going all the way back to the April 15, 1997 filing deadline.[1]

The District Court dismissed Davel's claims seeking damages for the excessive rates, on Statute of Limitations grounds. It held that once Qwest failed to file cost-based rates in April 1997, Davel was on notice that the rates it was paying were likely too high – which meant that its cause of action first accrued at that time. *Id.* at 1091. On appeal, Davel argued that its cause of action did not accrue until Qwest actually filed its lower, cost-based rates in 2003. The Ninth Circuit disagreed with Davel, but still reversed the District Court's conclusion that ***all*** of Davel's claims were time-barred. The Ninth Circuit reasoned that "Davel had a cause of action … as soon

---

[1] As far as UPM's research reveals, the District Court's ruling in *Davel* is not reported – at least not in the LEXIS research database. As a result, certain details – such as the precise date on which Davel filed its complaint, and the precise date on which Qwest ultimately filed appropriate rates – are not readily available. These details, however, are not material to the issues at hand.

Page 2 – DEFENDANTS' SUPPLEMENTAL BRIEF
REGARDING THE STATUTE OF LIMITATIONS
UPM-L1\00619386.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

as Qwest missed the federal filing deadline and Davel *paid for* fraud protection services based on the non-compliant [higher] rates." *Id.* at 1091 (emphasis added). Even though Davel knew (or at least was on inquiry notice) that it was paying excessive fraud protection rates as early as April 1997 (when Qwest missed the filing deadline), Qwest's obligation to file lower, cost-based rates was "ongoing." *Id.* at 1091. As a result, "*[e]ach time Davel paid*" the excessive rates, "*it was injured anew.*" *Id.* (emphasis added). The Court of Appeals therefore concluded that Davel's claims based on "amounts *paid* under [excessive] tariffs within two years prior to the filing of the complaint are timely." *Id.* at 1092-93 (emphasis added).

*Davel* destroys Digicel-Haiti's Statute of Limitations argument. Davel *knew* for five years prior to filing its complaint that Qwest's rates were too high, but it was *injured* each time it *paid* the excessive rates. So, claims arising from *payments* it made within two years of filing its complaint were not time-barred. In our case, Digicel-Haiti's obligation to permit resale of its RLYH service also was (and is) "ongoing," so even if UPM knew in 2011 or 2012 that Digicel-Haiti might block the SIM cards UPM would later use, that does not affect UPM's cause of action arising from Digicel-Haiti's *actually blocking* the SIM cards in 2014. Each time Digicel-Haiti blocked a RLYH resale SIM card, UPM "was injured anew." UPM's claims based on Digicel-Haiti's blocking within two years of its complaint – that is, during 2014 – are therefore not time-barred.

*Davel* relied on *Sprint Communications Co., L.P., v. FCC,* 76 F.3d 1221, 1227-31 (D.C. Cir. 1996). *See Davel,* 460 F.3d at 1092. In *Sprint,* the D.C. Circuit explained that a cause of action accrues "when the injured party discovers … *that it has been injured.*" 76 F.3d at 1228 (emphasis added). Here, each time Digicel-Haiti blocked a UPM SIM card, it stopped working, and UPM "discover[ed] that it [had] been injured" with respect to that SIM card at that time. This means, as UPM has conceded, that claims regarding SIM cards blocked during 2011 and 2012 are time-barred. But UPM did not and could not discover that it was *injured* by Digicel-Haiti's blocking of SIM cards in 2014 until those SIM cards were *actually blocked.* So, *Sprint* confirms that UPM's claims arising from Digicel-Haiti's blocking of SIM cards in 2014 are not time-barred.

Page 3 – DEFENDANTS' SUPPLEMENTAL BRIEF
REGARDING THE STATUTE OF LIMITATIONS
UPM-L1\00619386.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

*Davel* also relied on *MCI Telecommunications Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086 (3rd Cir. 1995). There the question was when a long distance carrier's cause of action accrued against a customer that did not pay its bills. The Third Circuit ruled that the cause of action arose when a bill became "past due." 71 F.3d at 1100-01. This makes perfect sense under the "injury" rule: a carrier is injured by non-payment of a bill when the customer does not pay by the due date; that is the date on which the carrier "discovers … that it has been injured" by non-payment. *Sprint, supra,* 76 F.3d at 1228. Here, UPM was injured when Digicel-Haiti *actually blocked* a SIM card. It makes no difference when UPM knew or suspected or might have known or should have known that Digicel-Haiti might or would engage in blocking.

UPM notes that the "injury rule" established in *Davel, Sprint and MCI* confirms two points UPM raised in its earlier briefing. First, Section 206 states that a carrier such as Digicel-Haiti is liable any time it "shall do" anything that violates the Act and injures someone.[2] Neither Digicel-Haiti's subjective knowledge as to whether blocking SIM cards violated the Act, nor UPM's knowledge or expectation that Digicel-Haiti would block SIM cards, is relevant. UPM's claims against Digicel-Haiti accrued each time Digicel-Haiti *took action* that *injured* UPM – that is, each time Digicel-Haiti blocked a SIM card UPM was using for RLYH resale. As a result, UPM's cause of action arising from Digicel-Haiti's blocking of SIM cards during 2014 accrued during 2014, because UPM was injured by that blocking during 2014.[3]

Moreover – and unlike the situation in *Davel* regarding inquiry notice – the fact that Digicel-Haiti blocked SIM cards that UPM was using for in-country bypass during 2011 and 2012 did not constitute notice – inquiry or otherwise – that Digicel-Haiti would *also* block SIM cards

---

[2] That provision states: "In case any common carrier *shall __do__* … any act, matter, or thing in this Act prohibited or declared to be unlawful, or *shall __omit to do__* any act, matter, or thing in this Act required to be done, such common carrier *shall be liable to the person or persons __injured thereby__* for the full amount of damages sustained in consequence of any such violation … together with a reasonable counsel or attorney's fee … ." 47 U.S.C. § 206 (emphasis added)

[3] *See* Defendants' Opposition To Digicel-Haiti's Motion For Summary Judgment On Defendant UPM Technology Inc.'s Counterclaims (ECF #279) at 11 n.31 (liability under the Communications Act depends on what carriers do, not on what they know or intend).

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

UPM used for Roam Like You're Home ("RLYH") resale, two years later, in 2014. The passage of time alone vitiates any claim of inquiry notice. But more fundamentally, the fact that Digicel-Haiti had blocked SIM cards being used to authenticate in-country bypass calls originating on its network in Haiti does not mean that it would *also* block SIM cards being used to authenticate RLYH resale calls being made two years later on the networks of its roaming partners in the United States. Both the technological arrangements and applicable legal regime as between in-country bypass and RLYH resale are sufficiently distinct that Digicel-Haiti's actions in one scenario do not imply or predict its actions in the other. As a result, there is no merit to Digicel-Haiti's basic claim that its blocking of in-country bypass SIMs in 2011 and 2012 reasonably put UPM on notice that it would also block RLYH resale SIMs in 2014.[4]

Dated: January 12, 2022.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    Blake Van Zile, OSB #184672
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    bvanzile@tomasilegal.com
    Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    Telephone: (202) 973-4200
    *(Admitted Pro Hac Vice)*

Of Attorneys for Defendants

---

[4] *See id.* at 3-4.

Page 5 – DEFENDANTS' SUPPLEMENTAL BRIEF
REGARDING THE STATUTE OF LIMITATIONS
UPM-L1\00619386.000

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2022, I served the foregoing **DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING THE STATUTE OF LIMITATIONS** on the following individuals by electronic service to said individuals:

Robert C.L. Vaughan
Cherine Smith Valbrun
Leah Storie
Kim Vaughan Lerner LLP
One Financial Plaza
100 SE Third Avenue • Suite 2001
Fort Lauderdale, FL 33394
Email: rvaughan@kvllaw.com
Email: cvalbrun@kvllaw.com
Email: lstorie@kvllaw.com

Anne M. Talcott
Kathryn E. Kelly
Schwabe, Williamson & Wyatt, PC
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Email: atalcott@schwabe.com
Email: kkelly@schwabe.com

Dated: January 12, 2022.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    Blake Van Zile, OSB #184672
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    bvanzile@tomasilegal.com
    Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    Telephone: (202) 973-4200
    *(Admitted Pro Hac Vice)*

Of Attorneys for Defendants

Page 1 of 1 – CERTIFICATE OF SERVICE
UPM-L1\00619386.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236