**Anne M. Talcott**, OSB #965325
Email: atalcott@schwabe.com
**Kathryn E. Kelly**, OSB #175162
Email: kkelly@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
**Cherine Smith Valbrun** (*Pro Hac Vice*)
E-mail: cvalbrun@kvllaw.com
E-mail: emailservice@kvllaw.com
KIM VAUGHAN LERNER LLP
312 SE 17th Street, Suite 300
Fort Lauderdale, FL  33316
Telephone: 954.527.1115
Facsimile: 954.527.1116

Attorney for Plaintiff, Unigestion Holdings, S.A.,
a foreign corporation, d/b/a Digicel Haiti

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| UNIGESTION HOLDINGS, S.A., d/b/a DIGICEL HAITI, | No. 3:15-cv-00185-SI |
| Plaintiff and Counterclaim Defendant, v. | **PLAINTIFF, UNIGESTION HOLDING'S, SUPPLEMENTARY BRIEF ANALYZING** *DAVEL COMMUNS., INC. V. QWEST CORP.* |
| UPM TECHNOLOGY, INC., *et al.*, | |
| Defendants and Counterclaim Plaintiffs. | |

The reasoning and holding of *Davel* align with Digicel Haiti's application of 47 U.S.C.

§ 415 and arguments in its Reply to UPM's opposition to the application of the statute of

Page 1     UNIGESTION HOLDINGS' SUPPLEMENTARY BRIEF
ANALYZING *DAVEL COMMUNS., INC. V. QWEST
CORP.*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4858-7257-2681, v. 4

limitations after March 1, 2014.  See ECF 258 at 2-4.  Indeed, *Davel* supports Digicel Haiti's interpretation of the statute of limitations because it confirms that notice inquiry alone is sufficient to start the two-year period set out in 47 U.S.C. § 415, and it circumscribes the rolling application of the statute of limitations to ongoing obligations that are self-renewing, such as overcharges and tariffs that are billed, filed, and paid on an interval-based schedule, rendering prior notice impossible.  *See Davel Communs., Inc. v. Qwest Corp.*, 460 F.3d 1075, 1092 (9th Cir. 2006).

I.    **UPM Was Indisputably on Notice of Claims in 2012**

*Davel* confirms: "[a]ccrual does not wait until the injured party has access to or constructive knowledge of all the facts required to support its claim . . . Rather, once a plaintiff has [inquiry] notice [of its claim], it bears the responsibility of making diligent inquiries to uncover the remaining facts needed to support the claim." *Id.* (internal quotations and citations omitted).  Here, UPM was not even burdened with having to make further inquiry or investigation.  There is no question of fact regarding UPM's notice or knowledge.  UPM was very much aware, even before they targeted Haiti, that Digicel Haiti was taking affirmative action to disrupt bypass—which purportedly now gives rise to UPM's alleged causes of action.  The record is crystal clear:  UPM knew as early as 2012 that Digicel Haiti was taking this action to protect its network by blocking SIM cards that UPM also now admits were being used for Bypass.

Contrary to UPM's arguments, its notice of claims extends through 2014 and includes the disruption of Bypass using RLYH to terminate international calls to Haiti.  Unlike *Davel*, UPM was not subject to a new overcharge or hidden rate or unfiled tariff.  UPM simply devised another method to realize the same fraudulent outcome—avoid paying Digicel the established rate for terminating international calls on Digicel's Haiti network.  The moment UPM knew that Digicel Haiti was blocking SIMs used for Bypass, VoIP or RLYH, UPM was on notice of potential claims

Page 2    UNIGESTION HOLDINGS' SUPPLEMENTARY BRIEF
ANALYZING *DAVEL COMMUNS., INC. V. QWEST
CORP.*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4858-7257-2681, v. 4

relating to that activity, and the two-year clock started as to any claims related to the "blocking" of SIM cards.

## II. The Facts of This Case Do Not Support a Rolling Application of the Statute of Limitations

Unlike *Davel*, here there are no notice issues presented, or even alleged, that support a rolling application of the statute of limitations. There was no formal or informal commercial "relationship" between Digicel Haiti and UPM which created any ongoing obligations akin to the tariff filings for which *Davel's* narrow holding allowed a rolling statute of limitations. In contrast, the fact that Digicel Haiti "blocked" SIM cards, which UPM now alleges caused its damages, was always well-known to UPM. This activity did not vacillate from month-to-month or year-to-year. There was no "new activity" that supports a rolling application of the statute of limitations. It seems elementary but bears repetition, UPM was on notice of potential claims related to the blocking of cards from the very first instant it realized that Digicel Haiti was blocking SIM cards used for any type of bypass. No facts presented in this matter support a rolling application of the statute.

UPM agrees that its claims prior to March 1, 2014, are barred, yet it disingenuously argues that it could not foresee that Digicel Haiti would also block its "continued" efforts to avoid paying the established rates to terminate international calls on its network. This argument strains credulity, especially when one considers the lengths that UPM employed to hide its ongoing activities from Digicel Haiti. Moreover, this argument fails to bring the facts of this case any closer to what is required by *Davel* and its progeny for a rolling application of the statute of limitations. *See also Nw. Pub. Communs. Council v. Qwest Corp.*, No. 09-CV-1351-BR, 2010 U.S. Dist. LEXIS 113773, at *19 (D. Or. Oct. 25, 2010) (upholding *Davel's* notice analysis but refusing to apply a rolling statute of limitations for claims related to rate charge claims). UPM's

Page 3     UNIGESTION HOLDINGS' SUPPLEMENTARY BRIEF ANALYZING *DAVEL COMMUNS., INC. V. QWEST CORP.*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4858-7257-2681, v. 4

claims are grounded in the argument that it should be allowed to use specific equipment—SIM cards—to improperly and secretly terminate international calls on Digicel Haiti's network infrastructure without paying Digicel's rates to do so. This was a practice that Digicel Haiti deemed to be improper and illegal and took consistent efforts to disrupt in accordance with Haitian law. This was not a "per transaction" occurrence where UPM was unsure of what would happen if Digicel Haiti discovered a Bypass operation. There is no ongoing rate, billing, overcharge, or tariff issue that "renews" itself on a billing cycle or is filed anew or resets on a particular timetable. In the instant matter, UPM "acquired" SIM cards and used them to gain illicit access to Digicel Haiti's network. Digicel Haiti protected its network by following the law of Haiti and disrupting offending SIM cards. Even a cursory review of these undisputed facts underscores the ridiculous nature of UPM's retaliatory counterclaims and further supports application of the statute of limitations as encouraged by Digicel Haiti.

Once UPM knew for the first time that SIM cards used in Bypass would be interrupted by Digicel, it was on notice of any potential claims stemming from disconnected cards. The notion that UPM should benefit from a rolling limitations period because it devised new methods to effectuate *the same fraud* is unsupported in law and fact. Its alleged damages still stem from the interruption of SIM cards used in Bypass; the two-year statue has still expired. "The statute is not discretionary and the lapse of time beyond the limitation period not only bars the remedy but also destroys the liability." *Armstrong Utilities, Inc. v. Gen. Tel. Co. of Pennsylvania*, 25 FCC 2d 385 (1970).

Page 4     UNIGESTION HOLDINGS' SUPPLEMENTARY BRIEF
ANALYZING *DAVEL COMMUNS., INC. V. QWEST CORP.*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

4858-7257-2681, v. 4

**CONCLUSION**

Based on the foregoing, Digicel Haiti respectfully requests that 47 U.S.C. § 415's two-year statute of limitations be applied to bar the entirety of UPM's counterclaims.

Dated this 12th day of January, 2022.

Respectfully submitted,

By:    *s/ Robert C.L. Vaughan*

Anne Talcott, OSB #965325
Email: atalcott@schwabe.com
Kathryn E. Kelly, OSB #175162
Email: kkelly@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Telephone: 503.796-2958

Robert C. L. Vaughan (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
Cherine Smith Valbrun (*Pro Hac Vice*)
Email:  cvalbrun@kvllaw.com
Leah B. Storie (*Pro Hac Vice*)
Email:  lstorie@kvllaw.com
KIM VAUGHAN LERNER LLP
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone:    (954) 527-1115

*Attorneys for Plaintiff, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti*

UNIGESTION HOLDINGS' SUPPLEMENTARY BRIEF ANALYZING *DAVEL COMMUNS., INC. V. QWEST CORP.*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4858-7257-2681, v. 4