**Anne M. Talcott**, OSB #965325
Email: atalcott@schwabe.com
**Kathryn E. Kelly**, OSB #175162
Email: kkelly@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
**Cherine Smith Valbrun** *(Pro Hac Vice)*
E-mail: cvalbrun@kvllaw.com
E-mail: emailservice@kvllaw.com
KIM VAUGHAN LERNER LLP
312 SE 17th Street, Suite 300
Fort Lauderdale, FL  33316
Telephone: 954.527.1115
Facsimile: 954.527.1116

      *Attorneys for Plaintiff, Unigestion Holdings, S.A.,*
      *a foreign corporation, d/b/a Digicel Haiti*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNIGESTION HOLDINGS, S.A., d/b/a DIGICEL HAITI**, | No. 3:15-cv-00185-SI |
| Plaintiff and Counterclaim Defendant, | |
| v. | **PLAINTIFF UNIGESTION HOLDINGS, S.A.'S OMNIBUS MOTIONS IN *LIMINE*** |
| **UPM TECHNOLOGY, INC.**, *et al.*, | **Request for Oral Argument** |
| Defendants and Counterclaim Plaintiff. | |

PLAINTIFF UNIGESTION HOLDINGS, S.A.'S
MOTIONS IN *LIMINE*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4856-0693-3007, v. 3

## LR 7-1 CERTIFICATION

Pursuant to Local Rule 7-1, Plaintiff Unigestion Holdings, S.A., d/b/a Digicel Haiti ("Digicel Haiti") states that its counsel conferred by telephone with counsel for Defendants UPM Technology, Inc. ("UPM") and Duy "Bruce" Tran (collectively, "Defendants") regarding these motions in *limine*. The parties made a good-faith effort to resolve the issues raised in this motion but were unable to do so.

## INTRODUCTION

Digicel Haiti, by and through its attorneys of record, hereby submits the following ten (10) motions in *limine* to expedite trial on Digicel Haiti's claim for fraud by active concealment, reduce the risk of jury confusion, and avoid unfair prejudice. In particular, Digicel Haiti requests an order:

- Excluding references to Digicel Haiti's 2018 Server Crash;

- Excluding references to Haitian governmental spending and/or taxation of international calls;

- Excluding references to the dismissal of Defendants Tyler Allen, Balthazar Ruiz, and Benjamin Sanchez;

- Exclusion of references to and evidence relevant only to UPM's bifurcated and stayed counterclaims;

- Exclusion of any references to the FCC and FCC policy encouraging or supporting Bypass as a means of "driving down" international termination rates;

- Exclusion of references to outside litigation involving Digicel Haiti, non-party Digicel USA, Inc. ("Digicel USA"), Digicel Holdings, Ltd., and their corporate officers;

- Exclusion of references to UPM purchasing subscriber identify module ("SIM") cards from Digicel Haiti; and

- Striking evidence solely relevant to Defendants' third and fourth affirmative defenses because Digicel USA was dismissed.

Page 1 -    PLAINTIFF UNIGESTION HOLDINGS, S.A.'S
            MOTIONS IN *LIMINE*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4856-0693-3007, v. 3

- Exclude the use of irrelevant and prejudicial terms monopoly, anti-competitive and their derivatives.

- Exclude UPM's expert, Joseph Gillan from testifying during Digicel Haiti's trial on the claim of fraud by active concealment against UPM and Mr. Tran.

### LEGAL STANDARD

A motion in *limine* is a procedural device that may be used to exclude anticipated inadmissible or prejudicial evidence before it is actually offered at trial. *See Luce v. United States*, 469 U.S. 38, 41 n.3 (1984). The Court has discretion in evaluating whether anticipated evidence is relevant or unfairly prejudicial under Federal Rules of Evidence ("Rule" or "FRE") 401, 402, and 403. *Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 987, 993 (9th Cir. 2009). Under these rules, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FRE 401. Pursuant to Rule 403, relevant evidence should be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needless presenting cumulative evidence." FRE 403.

### MOTIONS IN LIMINE

### I.    MOTION TO EXCLUDE REFERENCES TO DIGICEL HAITI'S 2018 SERVER CRASH

As disclosed during discovery, Digicel Haiti experienced a server crash in 2018. Email communications that were archived in the server were lost as a result of this crash. After a diligent search, Digicel Haiti was able to search and retrieve email communications from key people that were available on their local machines. All relevant and responsive documents were produced and this issue is resolved.[1] Resolved

---

[1] Defendants were previously granted leave to depose an organizational representative on this issue. ECF 251, p.4 (explaining that a deposition of an organization representative "should be sufficient" to provide clarity regarding lost documents, if any).

Page 2 -    PLAINTIFF UNIGESTION HOLDINGS, S.A.'S
MOTIONS IN *LIMINE*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4856-0693-3007, v. 3

discovery disputes are irrelevant and unfairly prejudicial and should be excluded under FRE 402 and 403. *See United Food Grp., LLC v. Cargill, Inc.*, Case No. CV 11-7752 SS, 2014 U.S. Dist. LEXIS 204278, at *10 (C.D. Cal. Nov. 14, 2014) (excluding references to resolved discovery disputes as irrelevant and unfairly prejudicial).

Digicel Haiti respectfully moves the Court to exclude any mention of the server crash or speculation regarding what any purported missing documents may have shown. A preemptive ruling on this issue will avoid confusion and unfair prejudice against Digicel Haiti. FRE 403.

## II.  MOTION TO EXCLUDE REFERENCES TO HAITIAN GOVERNMENTAL SPENDING OR TAXATION OF INTERNATIONAL CALLS

Defendants have repeatedly argued that Digicel Haiti's damages should be reduced by "$0.05 per minute due to the Haitian government." ECF 255, pp. 31-33; *See also* ECF 284 at 24. This argument is factually and legally unsupportable, and Digicel Haiti respectfully requests that any reference to or reliance on Haitian government taxation or spending of international telecommunications taxation be excluded from the trial in this matter.

Defendants have yet to make a cogent and legally supported argument that Digicel Haiti's recovery should be limited in any way by the specter of a tax obligation to the Haitian government. Any tax liability stemming from damages suffered by Digicel Haiti is not before this Court, not the subject of this Court's jurisdiction, and not relevant to the determination of damages in this case. It is therefore irrelevant and likely to confuse a jury and should therefore be excluded from this trial on those grounds. FRE 402, 403.

## III.  MOTION TO EXCLUDE REFERENCES TO DISMISSAL OF DEFENDANTS TYLER ALLEN, BALTHAZAR RUIZ, AND BENJAMIN SANCHEZ

The Court recently granted summary judgment dismissing individual defendants Tyler Allen, Balthazar Ruiz, and Benjamin Sanchez. ECF 294, at p. 39. Although

Page 3 -  PLAINTIFF UNIGESTION HOLDINGS, S.A.'S
MOTIONS IN *LIMINE*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4856-0693-3007, v. 3

dismissed, these defendants are likely to be called to testify at trial as lay witnesses or, if unavailable, have portions of their deposition transcripts introduced at trial. *See* FRCP 32. References to the dismissal of these individuals, including but not limited to references to these individuals as "defendants" or "former defendants," is irrelevant and could create unfair prejudice to the detriment of either party and otherwise cause jury confusion. FRE 402, 403; *Oyarzo v. Tuolumne Fire Dist.*, Case No. 1:11-cv-01271-SAB, 2013 U.S. Dist. LEXIS 150367, at *24–25 (E.D. Cal. Oct. 18, 2013) (excluding references to "defendants [who] have been dismissed from this action" as irrelevant and highly prejudicial).

## IV.    MOTION TO EXCLUDE REFERENCES TO AND EVIDENCE RELEVANT ONLY TO UPM'S BIFURCATED AND STAYED COUNTERCLAIMS

The Court has bifurcated Digicel Haiti's fraud claim from UPM's counterclaims and stayed UPM's counterclaims until after trial is complete on Digicel Haiti's fraud claim. ECF 294. Consistent with the Court's order, Digicel Haiti respectfully requests that the Court exclude references to UPM's counterclaims (*see* ECF 244, ¶¶ 329–381) and the theories on which those claims are based, including but not limited to its assertions under the Communications Act of 1934, 47 U.S.C. §§ 151 et seq., and assertions that Digicel Haiti is a common carrier and has a purported quasi-contractual relationship with UPM. *See Coan v. Dunne*, No. 3:15-cv-00050, 2019 WL 1976146, 2019 U.S. Dist. LEXIS 75463, at *7–8 (D. Conn. May 3, 2019) (excluding evidence that is "only relevant to stayed claims"); *Genband US LLC v. Metaswitch Networks Corp.*, Case No. 2:14-cv-33-JRG-RSP, 2015 U.S. Dist. LEXIS 176746, at *13 (E.D. Tex. Sept. 30, 2015) (excluding "evidence or argument on the stayed claims, except to the extent that such evidence is relevant to the claims" at issue).

Page 4 -    PLAINTIFF UNIGESTION HOLDINGS, S.A.'S
MOTIONS IN *LIMINE*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

4856-0693-3007, v. 3

## V.  MOTION TO EXCLUDE REFERENCES TO THE FCC AND FCC POLICY ENCOURAGING OR SUPPORTING BYPASS AS A MEANS OF "DRIVING DOWN" INTERNATIONAL TERMINATION RATES

Digicel Haiti respectfully requests that the Court exclude any mention of the FCC or FCC policies that allegedly encourage or support Bypass. The Court's order bifurcating the claims seeks to avoid the unnecessary complication and confusion of Digicel Haiti's common law fraud claim by reference and argument to FCC policy that does not impact the elements of the fraud claim or provide support to any pleaded defense. Any reference to the notion, which has not been properly established by Defendants, that the FCC supports Bypass as an efficient method of reducing the costs of international traffic is misleading and creates an unfair prejudice to Digicel Haiti without providing any probative value as to the defenses plead by Defendants. See FRE 402, 403; see also *Coan v. Dunne*, No. 3:15-cv-00050, 2019 WL 1976146, 2019 U.S. Dist. LEXIS 75463, at *7–8 (D. Conn. May 3, 2019) (excluding evidence that is "only relevant to stayed claims").

## VI.  MOTION TO EXCLUDE REFERENCES TO OUTSIDE LITIGATION INVOLVING DIGICEL HAITI, DIGICEL USA, INC., DIGICEL HOLDINGS, LTD., AND THEIR CORPORATE OFFICERS

Digicel Haiti respectfully requests that the Court exclude any mention of other litigation matters in which Digicel Haiti, Digicel USA, Inc., Digicel Holdings, Ltd., or any of their corporate officers are a party. As a matter of course, there is no external litigation that is relevant to this matter and mentioning that those businesses or their officers are involved in litigation would create undue prejudice and confusion while providing no probative value. FRE 402, 403; *Smith v. City of the Dalles*, Case No. 6:16-cv-1771-SI, 2021 U.S. Dist. LEXIS 105441, at *33 (D. Or. June 4, 2021) (granting motion *in limine* to exclude evidence and argument relating to "other civil lawsuits" under FRE 402 and 403); *Hicks v. Ass'n of Apartment Owners of Makaha Valley Plantation*, Case No. 14-00254HG-KJM, 2016 U.S. Dist. LEXIS 87956, at *6 (D. Haw. July 7, 2016) ("Information relating to other . . . lawsuits or legal disputes is not relevant .

Page 5 -    PLAINTIFF UNIGESTION HOLDINGS, S.A.'S
             MOTIONS IN *LIMINE*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4856-0693-3007, v. 3

. . and would be highly prejudicial. . . . [and] confuse the issues[] and cause undue delay.").

## VII.    MOTION TO EXCLUDE REFERENCES TO UPM PURCHASING SIM CARDS FROM DIGICEL HAITI

Defendants do not dispute that they did not purchase SIM cards directly from Digicel Haiti and the Court relied upon this fact in its ruling on summary judgment. *See, e.g.*, ECF 244, ¶¶ 50, 65, 86, 97 (("Defendants admit that UPM obtained, through third parties, multiple Digicel Haiti SIM Cards[.]"); ECF 294, p. 32 ("UPM purchased the SIM cards at issue from third parties[.]")). Digicel Haiti is concerned that Defendants will suggest or otherwise imply that UPM purchased the SIM cards directly from Digicel Haiti even though Defendants repeatedly admit throughout their pleadings and depositions that no such direct purchase occurred. Such an inference, if allowed, would create an inaccurate and unfairly prejudicial and false impression that the parties had a contractual relationship. FRE 402, 403; *see generally Datatreasury Corp. v. Wells Fargo & Co.*, Case No. 2:06-CV-72 DF, 2010 WL 11538713, 2010 U.S. Dist. LEXIS 152055, at *110–13 (E.D. Tex. Feb. 26, 2010) (excluding evidence that could cause unfair prejudice by creating a "false impression").

## VIII.    MOTION TO EXCLUDE ALL EVIDENCE THAT IS SOLELY RELEVANT TO DEFENDANTS' THIRD AND FOURTH AFFIRMATIVE DEFENSES BECAUSE DIGICEL USA WAS DISMISSED

Defendants' third affirmative defense (unclean hands) and fourth affirmative defense (illegality) are based on the purported conduct of Digicel USA.  ECF 244, ¶¶ 323–24. Digicel USA, however, was dismissed from this litigation (*see* ECF 188).  These defenses are therefore moot and otherwise irrelevant to the remaining claims in this case. FRE 401; *see Pipe Restoration Techs. v. Co. V.*, Case No. 8:13-cv-00499 JDE, 2018 U.S. Dist. LEXIS 244808, at *17–18 (C.D. Cal. May 23, 2018) (excluding affirmative defense as moot because it was not pleaded as to the "claims … remaining in [the] case"). Any evidence that solely supports Defendants' unclean hands and illegality affirmative

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4856-0693-3007, v. 3

defenses is therefore no longer "of consequence in determining the action" and must be excluded from trial. FRE 401.

Additionally, Defendants have indicated that they intend to present their counterclaims through these affirmative defenses.  To allow this would be prejudicial to Digicel Haiti and would be in contravention of this Court's Order [ECF 294], which bifurcates the fraud and communications act/FCC related claims.  This Court bifurcated UPM's counterclaims and stayed the trial of those counterclaims until after the trial of Digicel Haiti's claim of fraud by active concealment against UPM and Mr. Tran [ECF 294].  Additionally, the Court deferred ruling on Digicel Haiti's Motion for Summary Judgment Against UPM's Counterclaims (ECF [264]) and Digicel Haiti's Daubert motion to exclude the testimony of UPM's expert witness, Joseph Gillan, until after the trial of Digicel Haiti's claim of fraud by active concealment against UPM and Mr. Tran. [ECF 294].

## IX.    MOTION TO EXCLUDE THE USE OF IRRELEVANT AND PREJUDICIAL TERMS MONOPOLY, ANTI-COMPETITIVE AND THEIR DERIVATIVES

Digicel Haiti seeks to exclude any reference to the terms monopoly, anti-competitive and their derivatives. These terms are not relevant in the trial of Digicel Haiti's claim of fraud by active concealment against UPM and Mr. Tran.  Rather, the terms "monopoly" and "ant-competitive" are specific terms in the Sherman Act.  This Court dismissed UPM's antitrust counterclaim because this Court found that "UPM has failed adequately to plead a plausible antitrust counterclaim under §2 of the Sherman Act against Digicel Haiti (either alone or in combination with Digicel USA)." [ECF 188]. Therefore, Defendants should not be allowed to use the terms.

Page 7 -    PLAINTIFF UNIGESTION HOLDINGS, S.A.'S
MOTIONS IN *LIMINE*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4856-0693-3007, v. 3

**X.    MOTION TO EXCLUDE UPM'S EXPERT, JOSEPH GILLAN FROM TESTIFYING DURING DIGICEL HAITI'S TRIAL ON THE CLAIM OF FRAUD BY ACTIVE CONCEALMENT AGAINST UPM AND MR. TRAN[2]**

Defendants intend to call their proposed expert Joseph Gillan in Digicel Haiti's trial for fraud.  The Court deferred ruling on Digicel Haiti's Daubert Motion (and Alternative Motion in Limine) Against UPM's Expert Witness Joseph Gillan [ECF 272] until after the trial of Digicel Haiti's claim of fraud by active concealment against UPM and Mr. Tran. [ECF 294] Digicel Haiti asks that Mr. Gillan be excluded for all the reasons stated in its Motion [ECF 272].

## CONCLUSION

Based on the foregoing, Digicel Haiti respectfully requests that the Court grants its motions in *limine* and exclude the above-noted references and strike Defendants' third and fourth affirmative defenses.

Dated this 22nd day of February, 2022.

Respectfully submitted,

By: s/ *Robert C.L. Vaughan*
Anne Talcott, OSB #965325
Email: atalcott@schwabe.com
Kathryn E. Kelly, OSB #175162
Email: kkelly@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Telephone: 503.796-2958

Robert C. L. Vaughan (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
Cherine Smith Valbrun (*Pro Hac Vice*)
Email:  cvalbrun@kvllaw.com
Leah B. Storie (*Pro Hac Vice*)
Email:  lstorie@kvllaw.com
KIM VAUGHAN LERNER LLP
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone:   (954) 527-1115

*Attorneys for Plaintiff, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti*

---

[2] Defendants have represented that they will not call proposed expert Don Wood during Digicel Haiti's trial on fraud but will only call him during Defendants' trial on their counterclaims.

Page 8 -    PLAINTIFF UNIGESTION HOLDINGS, S.A.'S
            MOTIONS IN *LIMINE*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4856-0693-3007, v. 3