**Anne M. Talcott**, OSB #965325
Email: atalcott@schwabe.com
**Kathryn E. Kelly**, OSB #175162
Email: kkelly@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
**Cherine Smith Valbrun** *(Pro Hac Vice)*
E-mail: cvalbrun@kvllaw.com
E-mail: emailservice@kvllaw.com
KIM VAUGHAN LERNER LLP
312 SE 17th Street, Suite 300
Fort Lauderdale, FL  33316
Telephone: 954.527.1115
Facsimile: 954.527.1116

    *Attorneys for Plaintiff, Unigestion Holdings, S.A.,*
    *a foreign corporation, d/b/a Digicel Haiti*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNIGESTION HOLDINGS, S.A., d/b/a DIGICEL HAITI**, | No. 3:15-cv-00185-SI |
| Plaintiff and Counterclaim Defendant, | |
| v. | **PLAINTIFF UNIGESTION HOLDINGS, S.A.'S PROPOSED JURY INSTRUCTIONS** |
| **UPM TECHNOLOGY, INC., *et al.*,** | |
| Defendants and Counterclaim Plaintiff. | |

Page 1 -    PLAINTIFF UNIGESTION HOLDINGS, S.A.'S
    PROPOSED JURY INSTRUCTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

Plaintiff Unigestion Holdings, S.A., d/b/a Digicel Haiti ("Digicel Haiti") hereby submits its requested jury instructions. In accordance with the Court's instructions in its Civil Trial Management Order [ECF 191], Digicel Haiti lists the Ninth Circuit Model Instruction number and not the full text.  Digicel Haiti includes below the full text of all other proposed jury instructions. "MCJI" denotes Ninth Circuit Model Civil Jury Instruction (2017 Edition). "UCJI" denotes Oregon Uniform Civil Jury Instruction.

## I.    Requested 9th Circuit Model Instructions

- 1.12 Direct and Circumstantial Evidence

- 2.4 Deposition in Lieu of Live Testimony

- 2.11 Use of Interrogatories

- 2.12 Use of Requests for Admission

- 4.2 Liability of Corporations—Scope of Authority Not in Issue

## II.    Index to Additional Proposed Jury Instructions

| NUMBER | TITLE |
| --- | --- |
| No. 1 | BURDEN OF PROOF -  UCJI 14.01(modified) |
| No. 2 | PREPONDERANCE OF THE EVIDENCE - UCJI 14.02 |
| No. 3 | CLEAR AND CONVINCING EVIDENCE - UCJI 14.03 |
| No. 4 | FRAUDULENT MISREPRESENTATION—STANDARD OF PROOF - UCJI 42.10 |
| No. 5 | FRAUDULENT MISREPRESENTATION/DECEIT/FRAUD—GENERAL - UCJI 42.01 |
| No. 6 | FRAUDULENT MISREPRESENTATION—FALSE REPRESENTATION CONCEALMENT - UCJI 42.05 (modified) |
| No. 7 | DEFINITION OF ACTIVE CONCEALMENT |

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

| No. 8 | NO DUTY OR FIDUCIARY RELATIONSHIP REQUIRED FOR FRAUD |
|-------|------------------------------------------------------|
| No. 9 | DAMAGES—PRELIMINARY INSTRUCTION - UCJI 70.01 |
| No. 10 | DAMAGES—PROOF - MCJI 5.1 (modified) |
| No. 11 | PUNITIVE DAMAGES—GENERAL - UCJI 75.02 |

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 1**

**BURDEN OF PROOF -  UCJI 14.01 (modified)**

A party must prove any claim that party has made. This is called the burden of proof.

In this case, the plaintiff must prove the facts of plaintiff's claim by clear and convincing evidence.

Plaintiff must only prove the damages it suffered due to plaintiff's fraud by a preponderance of the evidence.

Page 4 -     PLAINTIFF UNIGESTION HOLDINGS, S.A.'S
PROPOSED JURY INSTRUCTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 2**

**PREPONDERANCE OF THE EVIDENCE - UCJI 14.02**

When a party must prove a claim by a preponderance of the evidence, that party must persuade you by evidence that makes you believe the claim is more likely true than not true.

After weighing all of the evidence, if you cannot decide that something is more likely true than not true, you must conclude that the party did not prove it. You should consider all of the evidence, no matter who produced it.

In criminal trials, the state must prove that the person charged with a crime is guilty beyond a reasonable doubt. That is not the standard to use in this civil trial. Instead, the party who is required to prove something by a preponderance of the evidence only has to prove that it is more likely true than not true.

Page 5 -    PLAINTIFF UNIGESTION HOLDINGS, S.A.'S
PROPOSED JURY INSTRUCTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 3**

**CLEAR AND CONVINCING EVIDENCE - UCJI 14.03**

When a party must prove a claim by clear and convincing evidence, that party must persuade you by evidence that makes you believe the truth of the claim is highly probable.

You should consider all of the evidence no matter who presented it.

This is a higher standard of proof than preponderance of the evidence, but lower than the criminal standard of beyond a reasonable doubt.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 4**

**FRAUDULENT MISREPRESENTATION—
STANDARD OF PROOF - UCJI 42.10**

The plaintiff must prove the elements of fraud by clear and convincing evidence.

_____

COMMENT: *Riley Hill Gen. Contractor, Inc. v. Tandy Corp.*, 303 Or 390, 392, 737 P2d 595 (1987); *Dizick v. Umpqua Cmty. Coll.*, 287 Or 303, 311, 599 P2d 444 (1979); *Cook v. Michael*, 214 Or 513, 527, 330 P2d 1026 (1958); *Oregon Pub. Emps.' Ret. Bd. ex rel. Or, Pub. Emps.' Ret. Fund v. Simat, Helliesen & Eichner*, 191 Or App 408, 423–24, 83 P3d 350 (2004); *Peterson v. McCavic*, 249 Or App 343, 356, 277 P3d 572 (2012), *rev den*, 352 Or 564 (2012).

NOTE: This instruction applies to all elements except damages. *See* UCJI 42.11.

Page 7 -     PLAINTIFF UNIGESTION HOLDINGS, S.A.'S
             PROPOSED JURY INSTRUCTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 5**

**FRAUDULENT MISREPRESENTATION/DECEIT/FRAUD—GENERAL - UCJI 42.01**

To prevail on a claim of fraudulent concealment, the plaintiff must prove all of the following:

(1) The defendant made a false representation of a material matter;

(2) The defendant [knew that the representation was false / recklessly made the representation without knowing if it was true or false];

(3) The defendant [intended to mislead the plaintiff / knew that (he / she) was misleading the plaintiff / recklessly disregarded whether (he / she) was misleading the plaintiff];

(4) The plaintiff reasonably relied on the representation; and

(5) The plaintiff was damaged as a direct result of [his / her] reliance on the representation.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 6**

**FRAUDULENT MISREPRESENTATION—FALSE REPRESENTATION
CONCEALMENT - UCJI 42.05 (modified)**

A person may make a false representation of a material matter by concealing the truth. A false representation by concealment occurs when a person, by any word or act, conceals a material matter either by creating a false impression covering up the truth, or by removing an opportunity that might otherwise have led to the discovery of the truth.

Fraud by concealment is characterized by deceptive acts or contrivances intended to hide information, mislead, avoid suspicion, or prevent further inquiry into a material matter.

**Supporting authority: [ECF 294 at 25-26]**

One party to a transaction who by concealment or other action intentionally prevents the other from acquiring material information is subject to the same liability to the other, for pecuniary loss as though he had stated the nonexistence of the matter that the other was thus prevented from discovering.

**Supporting authority: [ECF 294 at 25]; the *Restatement (Second) of Torts* § 550 (1977)**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 7**

**DEFINITION OF ACTIVE CONCEALMENT**

Active or actual concealment means a*ny words or acts which create a false impression covering up the truth, or which remove an opportunity that might otherwise have led to the discovery of a material fact* as by floating a ship to conceal the defects in her bottom, sending one who is in search of information in a direction where it cannot be obtained, *or even a false denial of knowledge by one in possession of the facts are classed as misrepresentations*, no less than a verbal assurance that the fact is not true.

*MAT, Inc. v. Am. Tower Asset Sub, Ltd. Liab. Co.,* 312 Ore. App. 7, 17, 493 P.3d 14, 21 (2021)

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 8

## NO DUTY OR FIDUCIARY RELATIONSHIP REQUIRED FOR FRAUD

No fiduciary relationship, no statute, no other independent legal duty to disclose is necessary to make active concealment actionable fraud—simple "good faith" imposes an obligation not to purposefully conceal material facts with intent to deceive.

**Supporting authorities:** [ECF 294 at 26]; *United States v. Colton,* 231 F.3d 890, 899-900 (4th Cir. 2000); *Heise et ux v. Pilot Rock Lbr. Co.*, 222 Ore. 78, 92, 352 P2d 1072 (1960) (internal quotation marks omitted) ("The foregoing principles are of general application, and to apply them it is not necessary to establish a confidential relationship.")

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 9**

**DAMAGES—PRELIMINARY INSTRUCTION - UCJI 70.01**

If you find that defendants are at fault, then you must decide whether the plaintiff has been damaged and, if so, the amount of its damages.

The fact that I am instructing you with respect to damages is not to be considered by you as an attempt by the court to suggest [or indicate] that you should or should not award damages.

There are two types of damages alleged in this case, compensatory and punitive damages.

Of these two types of damages, you should consider those which you find to have been sustained by the plaintiff as a result of the defendants' fraud.

The plaintiff must prove compensatory damages by a preponderance of the evidence and punitive damages by clear and convincing evidence.

Page 12 -   PLAINTIFF UNIGESTION HOLDINGS, S.A.'S
            PROPOSED JURY INSTRUCTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 10**

**DAMAGES—PROOF – MCJI 5.1 (modified)**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's fraudulent concealment claim, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

The proper measure of damages must be flexible to compensate the plaintiff for whatever loss that has been suffered.

**Supporting authorities:**  [ECF 294 pg. 26-27] Id.; see also *Hocks v. Hocks*, 95 Or. App. 40, 46 (1989) (same), quoting *Dizick*.

Page 13 -    PLAINTIFF UNIGESTION HOLDINGS, S.A.'S
PROPOSED JURY INSTRUCTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 11**

**PUNITIVE DAMAGES—GENERAL-- UCJI 75.02**

If the plaintiff prevails on its fraud claim then you must consider whether *or* not to award punitive damages. A jury may award punitive damages to punish misconduct and deter similar misconduct from occurring in the future. You may award punitive damages against the defendant if the plaintiff shows by clear and convincing evidence that the defendant [either]

(1)    has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety, and welfare of others,

   *or*

(2)    has acted with malice.

Clear and convincing evidence is evidence that makes you believe that the truth of the claim is highly probable. There is no fixed standard for determining the amount of punitive damages and you are not required to award punitive damages. If you decide to award punitive damages, you should consider all of the following in ddetermining the amount:

(a) How reprehensible was that defendant's conduct, considering the nature of that conduct and the defendant's motive?

(b) Is there a reasonable relationship between the amount of punitive damages and plaintiff's harm?

(c) In view of that each defendant's financial condition, what amount is necessary to punish each defendant and discourage future wrongful conduct? You may not punish a defendant merely because a defendant has substantial financial resources.

Page 14 -    PLAINTIFF UNIGESTION HOLDINGS, S.A.'S
            PROPOSED JURY INSTRUCTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

Dated this 22nd day of February, 2022.

Respectfully submitted,

By: _s/ Robert C.L. Vaughan_
    Anne Talcott, OSB #965325
    Email: atalcott@schwabe.com
    Kathryn E. Kelly, OSB #175162
    Email: kkelly@schwabe.com
    SCHWABE, WILLIAMSON & WYATT,
    P.C.
    Telephone: 503.796-2958

    Robert C. L. Vaughan (*Pro Hac Vice*)
    E-mail: rvaughan@kvllaw.com
    Cherine Smith Valbrun (*Pro Hac Vice*)
    Email: cvalbrun@kvllaw.com
    Leah B. Storie (*Pro Hac Vice*)
    Email: lstorie@kvllaw.com
    KIM VAUGHAN LERNER LLP
    One Financial Plaza, Suite 2001
    Fort Lauderdale, FL 33394
    Telephone:    (954) 527-1115

    *Attorneys for Plaintiff, Unigestion Holdings,*
    *S.A., a Foreign Corporation, d/b/a Digicel*
    *Haiti*

Page 15 -    PLAINTIFF UNIGESTION HOLDINGS, S.A.'S
            PROPOSED JURY INSTRUCTIONS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900