**Kathryn P. Salyer**, OSB #883017
**Eleanor A. DuBay**, OSB #073755
**Blake Van Zile,** OSB #184672
ksalyer@tomasilegal.com
edubay@tomasilegal.com
bvanzile@tomasilegal.com
Tomasi Salyer Martin
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204-3136
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

**Christopher W. Savage**, D.C. Bar #362657
chrissavage@dwt.com
(Admitted *Pro Hac Vice*)
Davis Wright Tremaine LLP
1301 K Street NW, Suite 500 East
Washington, DC 20005-3317
Telephone: (202) 973-4200
Facsimile: (202) 973-4499

  Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDING, S.A**., a foreign corporation, d/b/a **DIGICEL HAITI**, <br><br>   Plaintiff & Counterclaim-Defendant, <br><br>   v. <br><br> **UPM TECHNOLOGY, INC**., *et al.,* <br><br>   Defendants & Counterclaim-Plaintiffs | Case No. 3:15-CV-00185-SI <br><br> **DEFENDANTS' EXPERT WITNESS STATEMENT** |

Page 1 – DEFENDANTS' EXPERT WITNESS STATEMENT
UPM-L1\00626540.000

Pursuant to the Court's Trial Management Order (ECF # 191), Defendants UPM Technology, Inc. and Bruce Tran (collectively, "UPM") submit its expert witness statement.

The sole remaining claim in this case is that UPM used HBS to actively conceal the fact that when UPM was using SIM cards for Digicel-Haiti's network, UPM was not an individual subscriber. UPM has asked the Court to dismiss this claim as it relates to UPM's use of Roam Like You're Home ("RLYH") service (that is, dismiss Count I of the operative Complaint) on two grounds. First, the record establishes that the economic arrangements associated with RLYH service are such that Digicel-Haiti was not harmed when UPM resold RLYH, but, to the contrary, it profited.[1] Because proof that alleged fraudulent conduct resulted in damage to the plaintiff, this means that Digicel-Haiti's fraud claim regarding RLYH cannot succeed whether UPM used HBS in connection with RLYH or not.

If the Court does not dismiss Count I on that ground, however, then (as UPM has explained in its renewed motion for summary judgment) it should do so because in the RLYH context, efforts by UPM to avoid having its SIMs cut off cannot be fraudulent, because Digicel-Haiti had no right to cut off those SIMs. The reason is that Digicel-Haiti's provision of RLYH service is governed by United States law and, under United States law, UPM's use of RLYH service is a form of resale of one carrier's telecommunications services (Digicel-Haiti's RLYH offering) by another carrier (UPM), and restrictions on such resale are illegal under 47 U.S.C. § 201 and rulings of the Federal Communications Commission ("FCC") interpreting and applying that statute. This means that in taking steps to avoid having its SIMs cut off, UPM was not interfering with Digicel-Haiti's ability to take actions that Digicel-Haiti was lawfully entitled to

---

[1] This is explained in more detail in UPM's renewed motion for summary judgment. Very briefly, when UPM handled a call using RLYH, Digicel-Haiti received its local per-minute rate (paid by UPM) **_and_** its $0.23 per minute international rate (paid by its roaming partner), whereas if the call that UPM had resold had gone directly to Digicel-Haiti's international gateway, Digicel-Haiti would only have received the $0.23 rate. The only way that RLYH resale could harm Digicel-Haiti economically would be if Digicel-Haiti had to pay its roaming partner more than the local per-minute rate for handling the call within the United States. Digicel-Haiti's Rule 30(b)(6) witness testified, however, that for RLYH calls, Digicel-Haiti did not pay its roaming partner anything at all. Boute Depo., 92:14-96:3.

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

take. To the contrary, UPM was taking steps to protect itself from Digicel-Haiti's illegal action in cutting off the SIMs that UPM was using to resell RLYH service.

To address these issues, UPM will present the expert testimony of Mr. Joseph Gillan. The substance of Mr. Gillan's qualifications, the substance of his opinions, and the facts on which he relied are provided in the form of his expert report (including his C.V.), which is attached hereto as Exhibit 1. For ease of reference, however, UPM provides a summary of that testimony below:

- Resale of telecommunications services is an important regulatory tool that encourages cost-based rates (among other benefits);

- The economic value of resale is particularly acute in instances where market power might otherwise enable a firm to profitably sustain economically inefficient and discriminatory prices;

- The FCC has a long history of concluding that restrictions on resale violate sections 201 and 202 of the Communications Act, citing resale as a critically important regulatory tool to police price discrimination where market power might otherwise sustain above-cost prices;

- The FCC is clear that it is concerned with the above-cost pricing of international termination service, which is the price that UPM's resale arrangement undercuts (i.e., arbitrages);

- Digicel-Haiti enjoys market power in the termination of international calls to Haiti (particularly with regard to calls to its own customers in Haiti) and is thus able to maintain termination prices above cost;

- The FCC has never permitted a restriction that prohibited the resale of CMRS service as part of an offering of a non-mobile service (such as the UPM arrangement) that uses CMRS-resale as a means to terminate international traffic into Haiti and thus impose market pressure on international termination rates to that country;

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

- The FCC has for years sought to foster alternatives to traditional international termination mechanisms to place pressure on international termination rates to move closer to cost;

- The UPM arrangement is a method of alternative international termination (specifically, re-origination) that FCC policy encourages because it could, over time, encourage reductions in termination rates and move such rates closer to their economic costs;

- Digicel-Haiti's discontinuing UPM's ability to access the RLYH services for which it had paid (and was willing to pay) is the kind of conduct that the FCC's ban on resale restrictions is intended to prevent.

- UPM's resale of RLYH service was an economically rational response to the problem of Digicel-Haiti's inflated termination rates, and its resale of RLYH service would have increased consumer welfare by placing competitive pressure on Digicel-Haiti's termination rates, leading to lower prices for consumers in America calling Digicel-Haiti subscribers in Haiti. UPM's service configuration, therefore, was consistent with, and would have advanced, the FCC's policies with respect to international termination rates;

- UPM's activities in reselling Digicel-Haiti's services were reasonable, and Digicel-Haiti's refusal to permit them to be resold was unreasonable and discriminatory, within the meaning of sections 201 and 202 of the Communications Act, as the FCC has generally interpreted and applied those provisions to resale situations;

- This conclusion does not change just because Digicel-Haiti may not have intended to have its RLYH services resold in the manner undertaken by UPM (or at all). Carriers with market power will always want to use that power to increase their profits and maintain their market position. The point of the FCC's policy banning restrictions on resale is precisely to forbid carriers from acting on those desires, because permitting them to do so harms consumer welfare;

- Digicel-Haiti's refusal to permit UPM to resell RLYH service does not become reasonable if it was applied automatically by some software in its system, or by virtue of a conscious decision by some Digicel-Haiti employee, nor does it become reasonable even if the policy

Page 4 – DEFENDANTS' EXPERT WITNESS STATEMENT
UPM-L1\00626540.000

of the Government of Haiti was to ban resale; the economic logic of the FCC's policy does not change because a foreign government might want to encourage behavior by carriers under that government's authority that harm American consumers and, indeed, the FCC has affirmatively encouraged United States entities like UPM to engage in innovative bypass arrangements to undercut such restrictions;

- Digicel-Haiti's actions prohibiting the resale of its RLYH service to protect its revenues, its international termination rates, or its market power generally, violated sections 201 and 202 under the economic analysis that the FCC has long applied to resale restrictions.

Dated: February 28, 2022.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    Blake Van Zile, OSB #184672
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    bvanzile@tomasilegal.com
    Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    Telephone: (202) 973-4200
    *(Admitted Pro Hac Vice)*

Of Attorneys for Defendants

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2022, I served the foregoing **DEFENDANTS' EXPERT WITNESS STATEMENT** on the following individuals by electronic service to said individuals:

Robert C.L. Vaughan
Cherine Smith Valbrun
Leah Storie
Kim Vaughan Lerner LLP
One Financial Plaza
100 SE Third Avenue • Suite 2001
Fort Lauderdale, FL 33394
Email: rvaughan@kvllaw.com
Email: cvalbrun@kvllaw.com
Email: lstorie@kvllaw.com

Anne M. Talcott
Kathryn E. Kelly
Schwabe, Williamson & Wyatt, PC
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Email: atalcott@schwabe.com
Email: kkelly@schwabe.com

Dated: February 28, 2022.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
   Kathryn P. Salyer, OSB #883017
   Eleanor A. DuBay, OSB #073755
   Blake Van Zile, OSB #184672
   ksalyer@tomasilegal.com
   edubay@tomasilegal.com
   bvanzile@tomasilegal.com
   Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
   Christopher W. Savage, D.C. Bar #362657
   chrissavage@dwt.com
   Telephone: (202) 973-4200
   *(Admitted Pro Hac Vice)*

Of Attorneys for Defendants

Page 1 – CERTIFICATE OF SERVICE
UPM-L1\00626540.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236