**Kathryn P. Salyer**, OSB #883017
**Eleanor A. DuBay**, OSB #073755
**Blake Van Zile,** OSB #184672
ksalyer@tomasilegal.com
edubay@tomasilegal.com
bvanzile@tomasilegal.com
Tomasi Salyer Martin
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204-3136
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

**Christopher W. Savage**, D.C. Bar #362657
chrissavage@dwt.com
(Admitted *Pro Hac Vice*)
Davis Wright Tremaine LLP
1301 K Street NW, Suite 500 East
Washington, DC 20005-3317
Telephone: (202) 973-4200
Facsimile: (202) 973-4499

    Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDING, S.A.**, a foreign corporation, d/b/a **DIGICEL HAITI**, <br><br>     Plaintiff & Counterclaim-Defendant, <br><br>     v. <br><br> **UPM TECHNOLOGY, INC.**, *et al.,* <br><br>     Defendants & Counterclaim-Plaintiffs | Case No. 3:15-CV-00185-SI <br><br> **DEFENDANTS' PROPOSED JURY INSTRUCTIONS** |

Pursuant to the Court's Civil Trial Management Order [ECF #191], Defendants submit their requested jury instructions. Defendants respectfully reserve the right to alter, amend, and/or supplement the following requested jury instructions, as appropriate and required.

## I.    Defendants' Requested 9th Circuit Model Civil Jury Instructions

- MCJI No. 1.8 Two or More Parties—Different Legal Rights
- MCJI No. 1.9 What is Evidence
- MCJI No. 1.10 What is Not Evidence
- MCJI No. 1.12 Direct and Circumstantial Evidence
- MCJI No. 2.13 Expert Opinion
- MCJI No. 2.14 Charts and Summaries Not Received in Evidence
- MCJI No. 2.15 Charts and Summaries Received in Evidence
- MCJI No. 2.16 Evidence in Electronic Format
- MCJI No. 3.2 Consideration of Evidence

## II.    Defendants' Requested Oregon Uniform Civil Jury Instructions / Special Instructions

### INDEX OF INSTRUCTIONS

| I # | Title | Comments | Page |
|---|---|---|---|
| 1. | Fraudulent Misrepresentation – Burden of Proof | UCJI No. 14.01 and UCJI No. 42.10 (modified) | 1 |
| 2. | Clear and Convincing Evidence | UCJI No. 14.03 (modified) | 2 |
| 3. | Fraudulent Misrepresentation / Deceit / Fraud – General | UCJI No. 42.01 | 3 |
| 4. | Fraudulent Misrepresentation – False Representation of Material Matter | UCJI No. 42.02 (modified) | 4 |
| 5. | Fraudulent Misrepresentation – False Representation by Active Concealment | UCJI No. 42.05 (modified) | 5 |
| 6. | Fraudulent Misrepresentation – Knowledge of Falsity | Special Instruction | 6 |
| 7. | Fraudulent Misrepresentation – Intent to Deceive | Special Instruction | 7 |

| 8. | Fraudulent Misrepresentation – Reasonable Reliance | UCJI No. 42.06 (modified) | 8-9 |
| 9. | Fraudulent Misrepresentation – Plaintiff Damaged | Special Instruction | 10 |
| 10. | Fraudulent Misrepresentation – Damages – Preliminary Instruction | UCJI No. 70.01; MCJI 5.1; UCJI No. 42.11 (modified) | 11 |
| 11. | Compensatory Damages | Special Instruction | 12 |
| 12. | Preponderance of the Evidence | UCJI No. 14.02 | 13 |
| 13. | Punitive Damages – General | UCJI No. 75.02 (modified) | 14-15 |
| 14. | Punitive Damages – Out-of-State Conduct | UCJI No. 75.02A (modified) | 16 |
| 15. | Personal Liability of Corporate Director or Officer | Special Instruction | 17 |
| 16. | Adverse Inference – Spoliation / Destruction of Evidence | Special Instruction | 18 |

Dated: February 28, 2022.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    Blake Van Zile, OSB #184672
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    bvanzile@tomasilegal.com
    Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    Telephone: (202) 973-4200
    *(Admitted Pro Hac Vice)*

Of Attorneys for Defendants

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

## FRAUDULENT MISREPRESENTATION—BURDEN OF PROOF
### UCJI No. 14.01/UCJI No. 42.10 (modified)[1]

A party must prove any claim that party has made. This is called the burden of proof.

In this case, the plaintiff must prove its claims against defendants by clear and convincing evidence. Specifically, the plaintiff must prove the elements of its fraud claims by clear and convincing evidence.

---

[1]    *Riley Hill Gen. Contractor, Inc. v. Tandy Corp.*, 303 Or. 390, 392, 737 P.2d 595 (1987); *Dizick v. Umpqua Cmty. Coll.*, 287 Or. 303, 311, 599 P.2d 444 (1979); *Cook v. Michael*, 214 Or. 513, 527, 330 P.2d 1026 (1958); *Oregon Pub. Employees' Ret. Bd. ex rel. Oregon Pub. Employees' Ret. Fund v. Simat, Helliesen & Eichner*, 191 Or. App. 408, 423–24, 83 P.3d 350 (2004); *Peterson v. McCavic*, 249 Or. App. 343, 356, 277 P.3d 572 (2012), *rev den*, 352 Or. 564 (2012); *Webb v. Clark*, 274 Or. 387, 391, 546 P.2d 1078 (1976).

## CLEAR AND CONVINCING EVIDENCE

## UCJI No. 14.03 (modified)[2]

When a party must prove a claim by clear and convincing evidence, that party must persuade you by evidence that makes you believe the truth of the facts asserted is highly probable.

This is a higher standard of proof than preponderance of the evidence, but lower than the criminal standard of beyond a reasonable doubt.

You should consider all of the evidence no matter who presented it. Clear and convincing evidence must be free from confusion, fully intelligible, distinct, and establish that the defendant intended to deceive the plaintiff.

---

[2]     *Riley Hill Gen. Contractor, Inc. v. Tandy Corp.*, 303 Or. 390, 407-408, 737 P.2d 595 (1987) (citing *Cook v. Michael*, 214 Or. 513, 527, 330 P.2d 1026 (1958)); *Dizick v. Umpqua Cmty. Coll.*, 287 Or. 303, 311, 599 P.2d 444 (1979).

## FRAUDULENT MISREPRESENTATION/DECEIT/FRAUD—GENERAL

## UCJI No. 42.01[3]

To prevail on a claim of fraudulent misrepresentation, the plaintiff must prove all of the following:

(1)     The defendant made a false representation of a material matter;

(2)     The defendant knew that the representation was false;

(3)     The defendant intended to mislead the plaintiff;

(4)     The plaintiff reasonably relied on the representation; and

(5)     The plaintiff was damaged as a direct result of its reliance on the representation.

---

[3]     COMMENT: *Riley Hill Gen. Contractor, Inc. v. Tandy Corp.*, 303 Or. 390, 405, 737 P.2d 595 (1987); *Oksenholt v. Lederle Laboratories, a Div. of Am. Cyanamid Corp.*, 294 Or. 213, 222–23, 656 P.2d 293 (1982); *U. S. Nat'l Bank of Oregon v. Fought*, 291 Or. 201, 220–21, 630 P.2d 337 (1981); *Webb v. Clark*, 274 Or. 387, 391, 546 P.2d 1078 (1976).

The elements of a fraud claim have also been described to include nine elements. *Williams v. Philip Morris Inc.*, 182 Or. App. 44, 49–50, 48 P.3d 824, *adh'd to on recons*, 183 Or. App. 192, *rev den*, 335 Or. 142 (2002), *cert granted and judgment vacated on other grounds*, 540 U.S. 801 (2003), *original opinion adh'd to*, 193 Or. App. 527 (2004). Oregon courts have suggested, however, that the nine-part list of elements unnecessarily fractionalizes the essential elements of a fraud claim. *Williams*, 182 Or. App. at 50 n 5 (citing *Briscoe v. Pittman*, 268 Or. 604, 610, 522 P.2d 886 (1974)); *Fought*, 291 Or. at 221–22.

**FRAUDULENT MISREPRESENTATION—FALSE REPRESENTATION OF MATERIAL MATTER**

**UCJI No. 42.02 (modified)[4]**

A fraudulent representation must be both false and material. A misrepresentation of a material matter is one that would be likely to affect the conduct of a reasonable person with regard to a transaction with another person.

---

[4]     *Millikin v. Green*, 283 Or. 283, 285, 583 P.2d 548 (1978); *Onita Pac. Corp. v. Trustees of Bronson*, 122 Or. App. 452, 458, 858 P.2d 453, *rev den*, 318 Or. 170 (1993); *Strawn v. Farmers Ins. Co.*, 350 Or. 336, 352, 258 P.3d 1199, *adh'd to on recons*, 350 Or. 521, 256 P.3d 100 (2011); *Nisson v. Tillman*, 213 Or. 133, 137, 323 P.2d 329 (1958); Restat 2d of Torts, § 538

## FRAUDULENT MISREPRESENTATION—FALSE REPRESENTATION BY ACTIVE CONCEALMENT
### UCJI No. 42.05 (modified)[5]

The plaintiff's only claim in this case is that the defendants made misrepresentations by means of active concealment. A person may make a false representation of a material matter by actively concealing the truth, even if they did not make an affirmative statement.

"Active concealment" means:

> Any words or acts which create a false impression covering up the truth, or which remove an opportunity that might otherwise have led to the discovery of the truth.

A false representation by active concealment occurs when a person, by any word or act, intentionally conceals a material matter either by creating a false impression covering up the truth, or by removing an opportunity that might otherwise have led to the discovery of material information.

---

[5] W. Page Keeton et al., *Prosser and Keeton on Torts* §106 (5th ed. 1984); Restat 2d of Torts § 550 (1977); *MAT, Inc. v. Am. Tower Asset Sub, Ltd. Liab. Co.*, 312 Or. App. 7, 17, 493 P.3d 14, 21 (2021) (quoting *Caldwell v. Pop's Homes, Inc.*, 54 Or. App. 104, 113, 634 P.2d 471 (1981)); *Ogan v. Ellison*, 297 Or. 25, 34, 682 P.2d 760 (1984) (quoting *Musgrave v. Lucas*, 193 Or. 401, 410, 238 P.2d 780 (1951)); *Wieber v. FedEx Ground Package Sys., Inc.*, 231 Or. App. 469, 484–85, 220 P.3d 68 (2009), *rev den*, 349 Or. 664 (2011).

**FRAUDULENT MISREPRESENTATION—KNOWLEDGE OF FALSITY**
**Special Instruction [6]**

A fraudulent misrepresentation of a material matter is one that is made by the defendant with knowledge of its falsity or ignorance of its truth.

---

[6]    *Webb v. Clark*, 274 Or. 387, 391, 546 P.2d 1078 (1976) (quoting *Rice v. McAlister*, 268 Or. 125, 128, 519 P.2d 1263 (1974)); *Smith v. United States Escrow Corp.*, 89 Or. App. 224, 229, 748 P.2d 168 (1988); *Strawn v. Farmers Ins. Co.*, 350 Or. 336, 352, 258 P.3d 1199, *adh'd to on recons*, 350 Or. 521, 256 P.3d 100 (2011).

**FRAUDULENT MISREPRESENTATION —INTENT TO DECEIVE**

**Special Instruction[7]**

Fraudulent misrepresentation by active concealment of a material fact requires that the defendant suppress the truth with the intent to deceive the plaintiff.

"Intent" means either:

(1) the defendant desired to induce the plaintiff to act, or refrain from acting, in reliance on the misrepresentation; or

(2) the defendant believed that the plaintiff would act, or refrain from acting, in reliance on the misrepresentation with substantial certainty.

---

[7]    Restat 2d of Torts, §§ 531, 550; *Elizaga v. Kaiser Found. Hosps., Inc.*, 259 Or. 542, 548, 487 P.2d 870 (1971) (citing Prosser, Torts (3d ed.) 711 at 715-719); *United States Nat'l Bank v. Fought*, 291 Or. 201, 223-26, 630 P.2d 337 (1981); *Riley Hill Gen. Contractor, Inc. v. Tandy Corp.*, 303 Or. 390, 406-07, 737 P.2d 595 (1987); *Caldwell v. Pop's Homes, Inc.*, 54 Or. App. 104, 112, 634 P.2d 471 (1981); *see also* UCJI 40.06.

## FRAUDULENT MISREPRESENTATION—REASONABLE RELIANCE

### UCJI No. 42.06 (modified)[8]

The plaintiff must have (1) actually relied on the fraudulent misrepresentation by active concealment **and** (2) the plaintiff's reliance on the misrepresentation must have been reasonable.

As to the first element, the plaintiff must have in fact relied upon the misrepresentation in acting or refraining from acting, and such reliance must have resulted in their loss. The plaintiff must have relied on the truth of the misrepresentation itself, and their reliance upon its truth must be a substantial factor in inducing them to act or to refrain from action.

Then, if the plaintiff actually relied on the misrepresentation, their reliance must have been reasonable. The standard for assessing whether the plaintiff had a right to rely on the defendant's representation varies depending on the specific circumstances of the parties' relationship.

In determining whether the plaintiff's reliance on the misrepresentation by active concealment was justified, you must consider the totality of the parties' circumstances and conduct, including the sophistication of the party asserting fraud. In doing so, you may consider factors such as:

(1)   Any information known or obvious to the plaintiff to confirm or refute the defendant's representation, as well as any resources or policies plaintiff had, or could have had, to detect such misrepresentations;

---

[8]   *Or. Pub. Emples. Ret. Bd. v. Simat, Helliesen & Eichner*, 191 Or. App. 408, 423-429, 83 P.3d 350 (2004); Restat 2d of Torts, §§ 537, 546-548, cmt. a; *Vasquez-Lopez v. Ben. Or., Inc.*, 210 Or. App. 553, 580-581, 152 P.3d 940 (2007); *Murphy v. Allstate Ins. Co.*, 251 Or. App. 316, 323-327, 284 P.3d 524 (2012); *Peterson v. McCavic*, 249 Or. App. 343, 358, 277 P.3d 572, *rev den*, 352 Or. 564 (2012); *Meader v. Francis Ford, Inc.*, 286 Or. 451, 456, 595 P.2d 480 (1979); *Wieber v. FedEx Ground Package Sys.*, 231 Or. App. 469, 482-484 220 P.3d 68 (2009); *Vukanovich v. Kine*, 268 Or. App. 623, 634-35, 342 P.3d 1075 (2015).

## FRAUDULENT MISREPRESENTATION—REASONABLE RELIANCE
### (Cont.)

(2)   The relative status, knowledge, experience, resources and sophistication of the plaintiff and the defendant in the telecommunications industry;

(3)   The previous experience of the plaintiff and the defendant in similar telecommunications transactions, specifically in identifying and blocking potentially misused SIM Cards;

(4)   The plaintiff's ability to obtain information that would reveal the truth that the defendant actively concealed;

(5)   The parties' respective access to specialists, means of information, and qualifications to engage in telecommunications operations;

(6)   Whether the plaintiff took reasonable precautions to safeguard their own interests;

(7)   Whether the representation was specific or general; and

(8)   Whether the representation was a statement of fact or the expression of an opinion.

## FRAUDULENT MISREPRESENTATION — PLAINTIFF DAMAGED
### Special Instruction[9]

The plaintiff must have suffered a pecuniary loss (*i.e.*, they must have been "damaged") as a direct result of their justifiable reliance on the defendant's material and false misrepresentation by active concealment.

---

[9]     *Knepper v. Brown*, 345 Or. 320, 329-332, 195 P.3d 383 (2008); *Strawn v. Farmers Ins. Co.*, 350 Or. 336, 352, 258 P.3d 1199, *adh'd to on recons*, 350 Or. 521, 256 P.3d 100 (2011); *Dizick v. Umpqua Cmty. Coll.*, 287 Or. 303, 311, 599 P.2d 444 (1979); *Riley Hill Gen. Contractor, Inc. v. Tandy Corp.*, 303 Or. 390, 405, 737 P.2d 595 (1987); Restat 2d of Torts, §§ 550, 546, 548A.

## FRAUDULENT MISREPRESENTATION— DAMAGES—PRELIMINARY INSTRUCTION

### UCJI No. 70.01 / MCJI 5.1 / UCJI No. 42.11 (modified)[10]

If you find that the plaintiff has proved the five elements of fraud by active concealment, including that plaintiff was damaged, by clear and convincing evidence, you must next consider the issue of the amount of plaintiff's damages. The plaintiff must prove the amount of its damages by a preponderance of the evidence.

Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant(s).

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered, or suggest or indicate that you should or should not award damages.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

There are two types of damages alleged in this case: (1) compensatory (*i.e.*, economic) damages and (2) punitive damages.

I will now explain compensatory and punitive damages.

---

[10]     *Riley Hill Gen. Contractor, Inc. v. Tandy Corp.*, 303 Or. 390, 392– 93, 737 P.2d 595 (1987); *Dizick v. Umpqua Cmty. Coll*, 287 Or. 303, 311, 599 P.2d 444 (1979); *Cook v. Michael*, 214 Or. 513, 527, 330 P.2d 1026 (1958).

## COMPENSATORY DAMAGES
### Special Instruction[11]

Compensatory damages are the pecuniary losses, including lost profits, that the plaintiff sustained as a direct result of the defendant's active concealment. The plaintiff must prove compensatory damages by a preponderance of the evidence. Compensatory damages are limited to losses the plaintiff actually suffered as a result of the active concealment.

To recover lost profits, the plaintiff must prove that they were entitled to receive more compensation than they received from the defendant.  Both the existence and the amount of lost profits are proved by a preponderance of the evidence, but the plaintiff must present more than speculative or unverifiable estimates of loss.

To decide the amount of lost profits, if any, first decide the total amount of money the plaintiff would have earned but did not. Then subtract from that amount what would have been the plaintiff's costs of doing business to earn the money. What remains are lost profits, which may be awarded as compensatory damages.

---

[11]    *Oksenholt v. Lederle Labs., Div. of Am. Cyanamid Corp.*, 294 Or. 213, 223, 656 P.2d 293 (1982); *Knepper v. Brown*, 213 Or. App. 598, 608 n.5, 162 P.3d 1026 (2007); *Dizick v. Umpqua Cmty. Coll.*, 287 Or. 303, 311-312, 599 P.2d 444, 449 (1979); *Riley Hill Gen. Contractor, Inc. v. Tandy Corp.*, 303 Or. 390, 392–393, 737 P.2d 595 (1987); *Cook v. Michael*, 214 Or. 513, 527, 330 P.2d 1026 (1958).

UCJI No. 70.11; *Willamette Quarries v. Wodtli*, 93 Or. App. 306, 309-10, 761 P.2d 1356 (1988), *aff'd*, 308 Or. 406, 412, 781 P.2d 1196 (1989); *Meader v. Francis Ford, Inc.*, 286 Or. 451, 458, 595 P.2d 480 (1979); *Summa Real Estate Grp., Inc. v. Horst,* 303 Or. App. 415, 464 P.3d 483, 488 (2020); *Cruz Development, Inc. v. Yamalova*, 174 Or. App. 494, 498, 26 P.3d 174 (2001).

## PREPONDERANCE OF THE EVIDENCE

### UCJI No. 14.02[12]

When a party must prove a claim by a preponderance of the evidence, that party must persuade you by evidence that makes you believe the claim is more likely true than not true.

After weighing all of the evidence, if you cannot decide that something is more likely true than not true, you must conclude that the party did not prove it. You should consider all of the evidence, no matter who produced it.

---

[12]    COMMENT: *See* ORS 10.095(5); *Riley Hill Gen. Contractor, Inc. v. Tandy Corp.*, 303 Or. 390, 394, 737 P.2d 595 (1987).

## PUNITIVE DAMAGES—GENERAL
### UCJI No. 75.02 (modified)[13]

If the plaintiff has proven damages by a preponderance of the evidence and you have determined that the plaintiff is entitled to an award of compensatory damages, then you must then consider whether or not to also award punitive damages.

A jury may award punitive damages to punish misconduct and deter similar misconduct from occurring in the future. Punitive damages should only be awarded if the defendant's culpability, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

You may award punitive damages against the defendant if the plaintiff shows by clear and convincing evidence that the defendant has acted with malice. Malice is the intentional doing of an injurious act without justification or excuse, including acts committed with a bad motive or so recklessly as to be in disregard of social obligations, or an act wantonly, maliciously or wickedly done.

You may award punitive damages for defendant's conduct that caused harm to the plaintiff in the State of Oregon. You may only award punitive damages for defendant's conduct inside Oregon that caused harm to the plaintiff outside of Oregon, if the plaintiff has proven that such conduct was unlawful in the State of Oregon.

You may not award punitive damages for defendant's conduct outside of the State of Oregon that caused harm to the plaintiff outside the state. You also may not use evidence of out-of-state conduct to punish a defendant for action that was lawful in the jurisdiction where it occurred.

---

[13]     ORS 31.730; *Johannesen v. Salem Hosp.,* 336 Or. 211, 217, 82 P.3d 139 (2003) (quoting *Linkhart v. Savely,* 190 Or. 484, 505–506, 227 P.2d 187 (1951)); *Schwarz v. Philip Morris Inc. (In re Estate of Schwarz)* 206 Or. App. 20, 46-57, 135 P.3d 409 (2006), *aff'd*, 348 Or. 442 (2010), *on remand at Schwarz v. Philip Morris USA, Inc.*, 272 Or. App. 268, 355 P.3d 931 (2015) (following *BMW of North America, Inc. v. Gore,* 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996) and *State Farm Mut. Automobile Ins. Co. v. Campbell,* 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003)); *Vasquez-Lopez v. Ben. Or., Inc.*, 210 Or. App. 553, 581-588, 152 P.3d 940 (2007).

## PUNITIVE DAMAGES—GENERAL (Cont.)

There is no fixed standard for determining the amount of punitive damages and you are not required to award punitive damages. If you decide to award punitive damages, you should consider all of the following separately for each defendant in determining the amount:

(a)    How reprehensible was that defendant's conduct, considering the nature of that conduct and the defendant's motive?

(b)    Is there a reasonable relationship between the amount of punitive damages and the plaintiff's harm?

(c)    Has that defendant taken remedial measures that are reasonable under the circumstances to prevent reoccurrence of the offensive conduct?

(d)    In view of that defendant's financial condition and potential to continue the offensive conduct, what amount is necessary to punish them and discourage future wrongful conduct? You may not punish a defendant merely because a defendant has substantial financial resources.

## PUNITIVE DAMAGES— OUT-OF-STATE CONDUCT
### UCJI No. 75.02A (modified)[14]

Evidence has been received of conduct by the defendant occurring outside the State of Oregon. This evidence may be considered in evaluating the reprehensibility of the defendant's conduct occurring in Oregon if the out-of-state conduct is reasonably related to the conduct of the defendant directed toward the plaintiff in Oregon.

Punitive damages cannot be assessed against a defendant for conduct within Oregon, which is lawful in Oregon.

You may not award punitive damages against the defendant based on evidence of out-of-state conduct that was lawful in the state where it occurred.

Further, when considering reprehensibility, you may not consider conduct of the defendant, wherever it might have occurred, that is not similar to the conduct upon which you found the defendant liable to the plaintiff.

---

[14] CAVEAT: This instruction should not be used unless evidence has been received of out-of-state conduct by the defendant. If it has been received, the jury *must* be instructed that it may not use this type of evidence to punish a defendant for conduct that was lawful in the jurisdiction where it occurred. *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 421–422, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003). *See also Williams v. Philip Morris, Inc.,* 340 Or. 35, 48, 127 P.3d 1165 (2006), *vacated on other grounds in Philip Morris USA v. Williams,* 549 U.S. 346, 127 S. Ct. 1057, 166 L. Ed. 2d 940 (2007) (analyzing *Campbell*). The writ of certiorari granted on June 9, 2008, *Philip Morris USA, Inc. v. Williams,* 128 S. Ct. 2904, 171 L. Ed. 2d 840, was dismissed as improvidently granted by *Philip Morris USA, Inc. v. Williams,* 556 U.S.     , 129 S. Ct. 1436 (2009).

# PERSONAL LIABILITY OF CORPORATE DIRECTOR OR OFFICER
## Special Instruction[15]

First, in order to maintain an action for fraud against an officer or director of a corporation, it is necessary to establish that the corporation is liable for fraud. Only then can an officer or director be personally liable for the fraudulent conduct.

Second, if the corporation is liable for fraud, the officer or director can only be held personally liable if he or she authorized or participated in the fraudulent conduct. Specifically, the Plaintiff must prove, by clear and convincing evidence, that such director or officer (1) had knowledge of the fraud or (2) personally participated in the fraudulent conduct.

---

[15] *Osborne v. Hay*, 284 Or. 133, 145-46, 585 P.2d 674 (1978); *McFarland v. Carlsbad Hot Springs Sanitarium Co.*, 68 Or. 530, 537-539, 137 P. 209 (1913); *Hoff v. Peninsula Drainage Dist.*, 172 Or. 630, 643, 143 P.2d 471 (1943).

## ADVERSE INFERENCE - SPOLIATION/DESTRUCTION OF EVIDENCE

### Special Instruction[16]

While this case was ongoing, the plaintiff, Digicel-Haiti, lost records and information relevant to the claims it asserts, including Call Detail Records and related information from the relevant time period (August 2011 through March 2012, and April 2014 through October 2014). The loss or destruction of evidence does not need to be intentional or in bad faith. You may, but are not required to, draw an inference that by reason of the loss of the Call Detail Records and related information, the lost evidence was unfavorable to Digicel-Haiti.

---

[16]     *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006); *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994); *Hall v. City of Depoe Bay*, No. 3:17-cv-00479-JR, 2018 U.S. Dist. LEXIS 166640 (D. Or. June 28, 2018); *Dallas Buyers Club, LLC v. Huszar*, No. 3:15-cv-907-AC, 2017 U.S. Dist. LEXIS 16203, at *5 (D. Or. Feb. 6, 2017).

# CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2022, I served the foregoing **DEFENDANTS' PROPOSED JURY INSTRUCTIONS** on the following individuals by electronic service to said individuals:

Robert C.L. Vaughan
Cherine Smith Valbrun
Leah Storie
Kim Vaughan Lerner LLP
One Financial Plaza
100 SE Third Avenue • Suite 2001
Fort Lauderdale, FL 33394
Email: rvaughan@kvllaw.com
Email: cvalbrun@kvllaw.com
Email: lstorie@kvllaw.com

Anne M. Talcott
Kathryn E. Kelly
Schwabe, Williamson & Wyatt, PC
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Email: atalcott@schwabe.com
Email: kkelly@schwabe.com

Dated: February 28, 2022.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    Blake Van Zile, OSB #184672
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    bvanzile@tomasilegal.com
    Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    Telephone: (202) 973-4200
    *(Admitted Pro Hac Vice)*

Of Attorneys for Defendants

Page 1 – CERTIFICATE OF SERVICE
UPM-L1\00623110.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236