**Kathryn P. Salyer**, OSB #883017
**Eleanor A. DuBay**, OSB #073755
**Blake Van Zile,** OSB #184672
ksalyer@tomasilegal.com
edubay@tomasilegal.com
bvanzile@tomasilegal.com
Tomasi Salyer Martin
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204-3136
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

**Christopher W. Savage**, D.C. Bar #362657
chrissavage@dwt.com
(Admitted *Pro Hac Vice*)
Davis Wright Tremaine LLP
1301 K Street NW, Suite 500 East
Washington, DC 20005-3317
Telephone: (202) 973-4200
Facsimile: (202) 973-4499

   Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDING, S.A**., a foreign corporation, d/b/a **DIGICEL HAITI**, <br><br>   Plaintiff & Counterclaim-Defendant, <br><br>   v. <br><br> **UPM TECHNOLOGY, INC**., *et al.,* <br><br>   Defendants & Counterclaim-Plaintiffs | Case No. 3:15-CV-00185-SI <br><br> **DEFENDANTS' PROPOSED VERDICT FORM** |

Pursuant to the Court's Civil Trial Management Order [ECF #191], Defendants submit the attached proposed special verdict form.

Dated: February 28, 2022.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    Blake Van Zile, OSB #184672
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    bvanzile@tomasilegal.com
    Telephone: (503) 894-9900


DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    Telephone: (202) 973-4200
    *(Admitted Pro Hac Vice)*

Of Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

**UNIGESTION HOLDING, S.A**., a foreign corporation, d/b/a **DIGICEL HAITI**,

    Plaintiff,

    v.

**UPM TECHNOLOGY, INC**. d/b/a **UPM TELECOM, INC**., and **UPM MARKETING, INC**., an Oregon corporation; **UPM TELECOM, INC**., an Oregon a/b/n; **UPM MARKETING, INC**., an Oregon a/b/n; and **DUY TRAN a/k/a BRUCE TRAN,** a foreign individual.*,*

    Defendants.

Case No. 3:15-CV-00185-SI

**VERDICT FORM**

We, the Jury, being first duly empaneled and sworn, do unanimously find as follows:

**Count I (RLYH Plan) – UPM Technology, Inc.**

1.    Did UPM Technology, Inc. (UPM) use human behavior software (HBS) in connection with its resale of Roam Like You're Home (RLYH) services in the United States?

\_\_\_\_    YES        \_\_\_\_    NO

*If the answer to Question 1 is "No", your verdict is for Defendant UPM on Count I.  Skip Questions 2-9 and go directly to Question 10.  If the answer is "Yes" go to Question 2.*

2.    Did UPM's use of HBS in connection with its resale of RLYH service in the United States have the effect of concealing from Unigestion Holding, S.A. dba Digicel Haiti (Digicel) that UPM was reselling RLYH service in the United States?

\_\_\_\_    YES        \_\_\_\_    NO

*If the answer to Question 2 is "No", your verdict is for Defendant UPM on Count I.  Skip Questions 3-9 and go directly to Question 10.  If the answer is "Yes" go to Question 3.*

Page 1 – SPECIAL VERDICT FORM

3.      Was UPM's use of HBS in connection with its resale of RLYH service in the United States a false representation of a material matter?

\_\_\_\_  YES           \_\_\_\_  NO

*If the answer to Question 3 is "No", your verdict is for Defendant UPM on Count I.  Skip Questions 4-9 and go directly to Question 10.  If the answer is "Yes" go to Question 4.*

4.      Did UPM use HBS in connection with its resale of RLYH service in the United States with knowledge of its falsity?

\_\_\_\_  YES           \_\_\_\_  NO

*If the answer to Question 4 is "No", your verdict is for Defendant UPM on Count I.  Skip Questions 5-9 and go directly to Question 10.  If the answer is "Yes" go to Question 5.*

5.      Did UPM intend to deceive Digicel by using HBS in connection with UPM's resale of RLYH service in the United States?

\_\_\_\_  YES           \_\_\_\_  NO

*If the answer to Question 5 is "No", your verdict is for Defendant UPM on Count I.  Skip Questions 6-9 and go directly to Question 10.  If the answer is "Yes" go to Question 6.*

6.      Did UPM's use of HBS in connection with UPM's resale of RLYH service in the United States cause Digicel to change its behavior?

\_\_\_\_  YES           \_\_\_\_  NO

*If the answer to Question 6 is "No", your verdict is for Defendant UPM on Count I.  Skip Questions 7-9 and go directly to Question 10.  If the answer is "Yes" go to Question 7.*

7.      Was it reasonable for Digicel to change its behavior as it did, as a result of UPM's use of HBS in connection with UPM's resale of RLYH service in the United States?

\_\_\_\_  YES           \_\_\_\_  NO

*If the answer to Question 7 is "No", your verdict is for Defendant UPM on Count I.  Skip Questions 8-9 and go directly to Question 10.  If the answer is "Yes" go to Question 8.*

Page 2 – SPECIAL VERDICT FORM

8.      Did Digicel suffer damages as a result of UPM's use of HBS in connection with UPM's resale of RLYH service in the United States?

\_\_\_\_  YES            \_\_\_\_  NO

*If the answer to Question 8 is "No", your verdict is for Defendant UPM on Count I.  Skip Question 9 and go directly to Question 10.  If the answer is "Yes" go to Question 9.*

9.      What is the amount of Digicel's damages, if any, for Count I (RYLH Plan)?

    a.      How many minutes of traffic did UPM complete on Digicel's network that UPM would not have completed, but for its use of HBS in connection with its resale of RLYH service in the United States?

                    _____ minutes

    b.      What rate was Digicel entitled to receive for that traffic?

            $\_.\_\_ per minute

    c.      Multiply the number from (a) times the number from (b):

            $_____

    d.      How much has UPM already paid Digicel?

            $_____

    e.      Subtract d from c.

            $_____

**Count II (Internet-Delivered Calls) – UPM Technology, Inc.**

10.     Did UPM Technology, Inc. (UPM) use human behavior software (HBS) in connection with calls it sent to Haiti via the Internet?

\_\_\_\_  YES            \_\_\_\_  NO

*If the answer to Question 10 is "No", your verdict is for Defendant UPM on Count II.  Skip Questions 11-18 and go directly to Question 19.  If the answer is "Yes" go to Question 11.*

11.     Did UPM's use of HBS in connection with calls it sent to Haiti via the Internet have the effect of concealing from Digicel that UPM was terminating calls it had sent to Haiti via the Internet?

____ YES          ____ NO

*If the answer to Question 11 is "No", your verdict is for Defendant UPM on Count II. Skip Questions 12-18 and go directly to Question 19. If the answer is "Yes" go to Question 12.*

12.     Was UPM's use of HBS in connection with the termination of calls in Haiti via the internet a false representation of a material matter?

____ YES          ____ NO

*If the answer to Question 12 is "No", your verdict is for Defendant UPM on Count II. Skip Questions 13-18 and go directly to Question 19. If the answer is "Yes" go to Question 13.*

13.     Did UPM use HBS in connection with its termination of calls in Haiti via the internet with knowledge of its falsity?

____ YES          ____ NO

*If the answer to Question 13 is "No", your verdict is for Defendant UPM on Count II. Skip Questions 14-18 and go directly to Question 19. If the answer is "Yes" go to Question 14.*

14.     Did UPM intend to deceive Digicel by using HBS in connection with calls it sent to Haiti via the Internet?

____ YES          ____ NO

*If the answer to Question 14 is "No", your verdict is for Defendant UPM on Count II. Skip Questions 15-18 and go directly to Question 19. If the answer is "Yes" go to Question 15.*

15.     Did UPM's use of HBS in connection with calls it sent to Haiti via the Internet cause Digicel to change its behavior?

____ YES          ____ NO

*If the answer to Question 15 is "No", your verdict is for Defendant UPM on Count II. Skip Questions 16-18 and go directly to Question 19. If the answer is "Yes" go to Question 16.*

16.     Was it reasonable for Digicel to change its behavior as it did, as a result of UPM's use of HBS in connection with calls UPM sent to Haiti via the Internet?

____ YES          ____ NO

*If the answer to Question 16 is "No", your verdict is for Defendant UPM on Count II.  Skip Questions 17-18 and go directly to Question 19.  If the answer is "Yes" go to Question 17.*

17.     Did Digicel suffer damages as a result of UPM's use of HBS in connection with calls UPM sent to Haiti via the Internet?

____ YES          ____ NO

*If the answer to Question 17 is "No", your verdict is for Defendant UPM on Count II.  Skip Question 18 and go directly to Question 19.  If the answer is "Yes" go to Question 18.*

18.     What is the amount of Digicel's damages, if any, for Count II (Internet-Delivered Calls)?

    a.     How many minutes of traffic did UPM complete on Digicel's network that UPM would not have completed, but for its use of HBS in connection with calls UPM sent to Haiti via the Internet?

                _____ minutes

    b.     What rate was Digicel entitled to receive for that traffic?

           $_.__ per minute

    c.     Multiply the number from (a) times the number from (b):

           $_____

    d.     How much has UPM already paid Digicel?

           $_____

    e.     Subtract d from c.

           $_____

*Answer Questions 19-21 **only if** you answered "Yes" to all of Questions 1-8.  If you answered "No" to any of Questions 1-8, your verdict is for Defendant Tran on Count I.  Skip Questions 19-21 and go directly to Question 22.*

**Count I (RLYH Plan) – Duy Tran a/k/a Bruce Tran.**

19.    Did Mr. Tran actively participate in UPM's use of HBS to actively conceal UPM's resale of RLYH services in the United States?

____    YES            ____    NO

*If the answer to Question 19 is "No", your verdict is for Defendant Tran on Count I.  Skip Questions 20-21 and go directly to Question 22.  If the answer is "Yes" go to Question 20.*


20.    Did Digicel suffer damages as a result of Mr. Tran's participation?

____    YES            ____    NO

*If the answer to Question 20 is "No", your verdict is for Defendant Tran on Count I.  Skip Question 21 and go directly to Question 22.  If the answer is "Yes" go to Question 21.*


21.    Of the amount specified in your answer to Question 7, if any, what percentage is:

a.    The joint responsibility of UPM Technology, Inc. and Mr. Tran    _____%

b.    The sole responsibility of UPM Technology, Inc.    _____%

c.    The sole responsibility of Mr. Tran    _____%

*The listed percentages must total 100 percent.*


*Answer Questions 22-24 **only if** you answered "Yes" to all of Questions 10-17.  If you answered "No" to any of Questions 10-17, your verdict is for Defendant Tran on Count II and your deliberations are now complete.  Please have the presiding juror date and sign this form and inform the Courtroom Deputy that you are ready to return to the Courtroom.*

Page 6 – SPECIAL VERDICT FORM

**Count II (IP Calls) – Duy Tran a/k/a Bruce Tran**

22.    Did Mr. Tran actively participate in the use of HBS to actively conceal UPM's use of HBS in connection with calls UPM sent to Haiti via the Internet?

____ YES          ____ NO

*If the answer to Question 22 is "No", your verdict is for Defendant Tran on Count II and your deliberations are now complete.  Please have the presiding juror date and sign this form and inform the Courtroom Deputy that you are ready to return to the Courtroom. If the answer to Question 22 is "Yes" go to Question 23.*

23.    Did Digicel suffer damages as a result of Mr. Tran's participation?

____ YES          ____ NO

*If the answer to Question 23 is "No", your verdict is for Defendant Tran on Count II and your deliberations are now complete.  Please have the presiding juror date and sign this form and inform the Courtroom Deputy that you are ready to return to the Courtroom. If the answer to Question 23 is "Yes" go to Question 24.*

24.    Of the amount specified in your answer to Question 18, if any, what percentage is:

a.    The joint responsibility of UPM Technology, Inc. and Mr. Tran     _____%

b.    The sole responsibility of UPM Technology, Inc.     _____%

c.    The sole responsibility of Mr. Tran     _____%

*The listed percentages must total 100 percent.*

*Answer Questions 25 and 26 __only if__ you answered "Yes" to all of the proceeding Questions and awarded damages in favor of Plaintiff.  If you answered "No" to any of the proceeding Questions or if you awarded $0.00 in damages to Plaintiff, you cannot consider Punitive Damages and your deliberations are now complete. Please have the presiding juror date and sign this form and inform the Courtroom Deputy that you are ready to return to the Courtroom.*

**Punitive Damages**

25.    Did Digicel-Haiti show by clear and convincing evidence that UPM acted with malice?

____ YES          ____ NO

26.    Did Digicel-Haiti show by clear and convincing evidence that Mr. Tran act with malice?

____ YES          ____ NO

*If the answer to Questions 25 and 26 is "No", your deliberations are now complete.  Please have the presiding juror date and sign this form and inform the Courtroom Deputy that you are ready to return to the Courtroom. If the answer to Questions 25 and 26 is "Yes" go to Question 27.*

27.     Should punitive damages be awarded against UPM and in favor of Digicel-Haiti?

____   YES          ____   NO

28.     Should punitive damages be awarded against Mr. Tran and in favor of Digicel-Haiti?

____   YES          ____   NO

*If the answer to Questions 27 and 28 is "No", your deliberations are now complete.  Please have the presiding juror date and sign this form and inform the Courtroom Deputy that you are ready to return to the Courtroom. If the answer to Questions 27 and 28 is "Yes" go to Question 29.*

29.     What amount of punitive damages, if any, do you award Digicel-Haiti?

$_____ punitive damages

30.     Of the amount specified in your answer to Question 29, if any, what percentage is:

a.     The joint responsibility of UPM Technology, Inc. and Mr. Tran      _____%

b.     The sole responsibility of UPM Technology, Inc.                  _____%

c.     The sole responsibility of Mr. Tran                             _____%

*Your deliberations are now complete.  Please have the presiding juror date and sign this form and*

*inform the Courtroom Deputy that you are ready to return to the Courtroom.*

DATED this ____ day of April, 2022.

_____
Presiding Juror

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2022, I served the foregoing **DEFENDANTS' PROPOSED VERDICT FORM** on the following individuals by electronic service to said individuals:

Robert C.L. Vaughan
Cherine Smith Valbrun
Leah Storie
Kim Vaughan Lerner LLP
One Financial Plaza
100 SE Third Avenue • Suite 2001
Fort Lauderdale, FL 33394
Email: rvaughan@kvllaw.com
Email: cvalbrun@kvllaw.com
Email: lstorie@kvllaw.com

Anne M. Talcott
Kathryn E. Kelly
Schwabe, Williamson & Wyatt, PC
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Email: atalcott@schwabe.com
Email: kkelly@schwabe.com

Dated: February 28, 2022.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    Blake Van Zile, OSB #184672
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    bvanzile@tomasilegal.com
    Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    Telephone: (202) 973-4200
    *(Admitted Pro Hac Vice)*

Of Attorneys for Defendants

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236