**Kathryn P. Salyer**, OSB #883017
**Eleanor A. DuBay**, OSB #073755
**Blake Van Zile,** OSB #184672
ksalyer@tomasilegal.com
edubay@tomasilegal.com
bvanzile@tomasilegal.com
Tomasi Salyer Martin
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204-3136
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

**Christopher W. Savage**, D.C. Bar #362657
chrissavage@dwt.com
(Admitted *Pro Hac Vice*)
Davis Wright Tremaine LLP
1301 K Street NW, Suite 500 East
Washington, DC 20005-3317
Telephone: (202) 973-4200
Facsimile: (202) 973-4499

     Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDING, S.A**., a foreign corporation, d/b/a **DIGICEL HAITI**, <br><br>     Plaintiff & Counterclaim-Defendant, <br><br>     v. <br><br> **UPM TECHNOLOGY, INC**., *et al.,* <br><br>     Defendants & Counterclaim-Plaintiffs | Case No. 3:15-CV-00185-SI <br><br> **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S DEPOSITION DESIGNATIONS** |

Defendants UPM Technology, Inc. and Bruce Tran (collectively, "UPM") object to Plaintiff, Digicel-Haiti's, designation of deposition transcripts from Balthazar Ruiz and Tyler Allen as substantive testimony in lieu of live testimony. ECF #306, #308. Federal Rules of Civil Procedure ("Rule") 32(a)(4) provides that for non-party witnesses, the offering party of the deposition transcript must show:

(A) that the witness is dead;

(B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;

(C) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;

(D) that the party offering the deposition could not procure the witness's attendance by subpoena; or

(E) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used.

Here, Digicel-Haiti has failed to demonstrate that the declarants, Ruiz and Allen, are unavailable to be present and testify in person at trial under Rule 32(a)(4). First, neither declarant is a party to this proceeding.[1] Second, both declarants reside locally (less than 100 miles from Portland) and are available to appear at trial; neither are deceased and Digicel-Haiti can procure their attendance at trial by subpoena. Thus, Digicel-Haiti cannot use their deposition transcripts as substantive evidence. To be sure, Digicel-Haiti could use such transcripts to impeach the declarants, but Digicel-Haiti must first subpoena their appearance at trial to provide live testimony. Moreover, since both witnesses could be subpoenaed to appear at trial, such deposition testimony would constitute inadmissible hearsay under Federal Rule of Evidence 802 for which no exception applies.

---

[1] *See* ECF #294.

Page 2 – DEFENDANTS' OBJECTIONS TO
PLAINTIFF'S DEPOSITION DESIGNATIONS
UPM-L1\00626579.000

Confusingly, Digicel-Haiti has listed both declarants, Ruiz and Allen, on its witness list (ECF #302), apparently indicating that Digicel-Haiti will subpoena the declarants.[2] By including them on its witness list, however, Digicel-Haiti necessarily recognizes that the use of substantive deposition testimony in lieu of live testimony is not necessary (or permitted).

Furthermore, Digicel-Haiti's designations are confusing, random and nonsensical. The purpose of designations is to indicate matter that will be read to the jury (again, in lieu of live testimony, which is not appropriate here). This means that the designations have to provide at least some minimal context, by including an entire question and an entire answer. Digicel-Haiti's designations do not meet this test. For example, in one case, it highlighted one sentence in the middle of a paragraph without any corresponding question. ECF #307-1, Ex. A, p. 9. Worse, on several pages all that is highlighted is a single word or seemingly randomly selected numbers (*e.g.*, *id.*, p. 111; 162; 179; 202; 208), while on another, four words within a sentence are highlighted (*id.*, p. 146). These "designations" cannot possibly be read as substantive testimony without confusing and misleading the jury. And these are just a few examples of incomplete and random highlighting which would be misleading, confusing, and unhelpful to the jury.

In these circumstances, even (despite Rule 32(a)(4)) the Court were to allow the depositions to be read as substantive testimony, it must exclude these particular designations in their entirety for Ruiz and Allen under Federal Rule of Evidence 403. If, however, the Court allows Digicel-Haiti to include designations for Ruiz and Allen, then the Court should require Digicel-Haiti to re-note its designations to provide appropriate context and to avoid being confusing and misleading, so that UPM can properly ascertain appropriate counter-designations.

---

[2] UPM can speculate that Digicel-Haiti's deposition designations for Ruiz and Allen were intended for impeachment purposes. But in that case, they should not have been filed at all, because under the Court's pretrial order, deposition excerpts to be used for impeachment need not be filed with the Court. ECF #191, ¶ D(5).

Page 3 – DEFENDANTS' OBJECTIONS TO
PLAINTIFF'S DEPOSITION DESIGNATIONS
UPM-L1\00626579.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Accordingly, UPM respectfully requests that the Court exclude Digicel-Haiti's deposition designations for Ruiz and Allen as substantive testimony at trial, in lieu of live testimony.

Dated: February 28, 2022.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    Blake Van Zile, OSB #184672
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    bvanzile@tomasilegal.com
    Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    Telephone: (202) 973-4200
    *(Admitted Pro Hac Vice)*

Of Attorneys for Defendants

Page 4 – DEFENDANTS' OBJECTIONS TO
PLAINTIFF'S DEPOSITION DESIGNATIONS
UPM-L1\00626579.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2022, I served the foregoing **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S DEPOSITION DESIGNATIONS** on the following individuals by electronic service to said individuals:

Robert C.L. Vaughan
Cherine Smith Valbrun
Leah Storie
Kim Vaughan Lerner LLP
One Financial Plaza
100 SE Third Avenue • Suite 2001
Fort Lauderdale, FL 33394
Email: rvaughan@kvllaw.com
Email: cvalbrun@kvllaw.com
Email: lstorie@kvllaw.com

Anne M. Talcott
Kathryn E. Kelly
Schwabe, Williamson & Wyatt, PC
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Email: atalcott@schwabe.com
Email: kkelly@schwabe.com

Dated: February 28, 2022.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    Blake Van Zile, OSB #184672
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    bvanzile@tomasilegal.com
    Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    Telephone: (202) 973-4200
    *(Admitted Pro Hac Vice)*

Of Attorneys for Defendants

Page 1 – CERTIFICATE OF SERVICE
UPM-L1\00623085.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236