**Kathryn P. Salyer**, OSB #883017
**Eleanor A. DuBay**, OSB #073755
**Blake Van Zile,** OSB #184672
ksalyer@tomasilegal.com
edubay@tomasilegal.com
bvanzile@tomasilegal.com
Tomasi Salyer Martin
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204-3136
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

**Christopher W. Savage**, D.C. Bar #362657
chrissavage@dwt.com
(Admitted *Pro Hac Vice*)
Davis Wright Tremaine LLP
1301 K Street NW, Suite 500 East
Washington, DC 20005-3317
Telephone: (202) 973-4200
Facsimile: (202) 973-4499

      Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDING, S.A**., a foreign corporation, d/b/a **DIGICEL HAITI**, | Case No. 3:15-CV-00185-SI |
| Plaintiff & Counterclaim-Defendant, | **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S JURY INSTRUCTIONS AND VERDICT FORM** |
| v. | |
| **UPM TECHNOLOGY, INC**., *et al.,* | |
| Defendants & Counterclaim-Plaintiffs | |

Page 1 – DEFENDANTS' OBJECTIONS TO PLAINTIFF'S JURY INSTRUCTIONS
AND VERDICT FORM
UPM-L1\00626585.000

Defendants UPM Technology, Inc. and Bruce Tran (collectively, "UPM") object to Digicel-Haiti's proposed jury instructions [ECF #313] and verdict form [ECF #312] to the extent that the proposed jury instructions and verdict form are contrary to those submitted contemporaneously herewith by UPM.  Specifically, UPM objects as follows:

## I.    JURY INSTRUCTIONS:

UPM hereby specifically objects to Plaintiff's Requested Jury Instructions [ECF #313] as follows:

1.    UPM objects to Digicel-Haiti's request for Ninth Circuit Model Civil Jury Instruction ("MCJI") No. 4.2 (Liability of Corporations—Scope of Authority Not in Issue) because agency theory is not at issue in this case. ECF #313 at 2. However, if the Court provides MCJI No. 4.2 to the jury, it should also provide MCJI No. 4.1 (Corporations and Partnerships—Fair Treatment) and MCJI No. 4.4 (Agent and Principal—Definition).

2.    Digicel-Haiti's Instructions No. 1 and No. 4 repeat the principle that the plaintiff must prove the elements of its fraud claim by clear and convincing evidence, which violates LR 51-1(d)(4).  Likewise, Digicel-Haiti's Instructions No. 1, No. 9 and No. 10  repeat the principle that a plaintiff must prove its damages suffered due to a defendant's fraudulent conduct by preponderance of the evidence. LR 51-1(d)(4). Moreover, Digicel-Haiti's Instruction No. 1 improperly adds the burden of proof for damages to Oregon Uniform Civil Jury Instructions ("UCJI") No. 14.01, which only provides the burden of proof for *claims*.  The plaintiff's burden of proof to prevail on its claim and its burden of proof to be awarded damages are separate, distinct subjects, with different legal standards, which should not be addressed in one instruction. LR 51-1(d)(3).  Moreover, Digicel-Haiti's Instructions No. 9 and No. 10 are redundant; there should only be one preliminary instruction on damages. When read together, Digicel-Haiti's duplicative Instructions make the applicable burden of proof for its claims and for its request for damages confusing and misleading to the jury. LR 51-1(d)(3)-(4).

Page 2 – DEFENDANTS' OBJECTIONS TO PLAINTIFF'S JURY INSTRUCTIONS
AND VERDICT FORM
UPM-L1\00626585.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

3.    Digicel-Haiti's Instruction No. 5 (UCJI No. 42.01 (Fraudulent Misrepresentation/Deceit/Fraud—General)), at ¶¶ (2)-(3), improperly instructs the jury on reckless fraud, which is not at issue in this case. Only instructions specific to intentional fraud can be given. LR 51-1.

4.    Digicel-Haiti's Instructions No. 6 and No. 7 repeatedly set forth the principle of fraudulent misrepresentation by active concealment. LR 51-1(d)(4). They also misstate and make the applicable legal standard difficult to understand. First, no Oregon state court has held that ""[f]raud by concealment is characterized by deceptive acts or contrivances intended to hide information, mislead, avoid suspicion, or prevent further inquiry into a material matter." Instruction No. 1 at ¶ 2. While this Court has quoted this characterization set forth by the Fourth Circuit Court of Appeals, it is not controlling authority under Oregon law. ECF #294 at 26 (citing *United States v. Colton*, 231 F.3d 890, 899-900 (4th Cir. 2000)). Second, Instruction No 6, ¶ 3 should be removed because it repeats, in a more broad and confusing manner, the same principle set forth in ¶ 1. For the same reasons, Digicel-Haiti's Instruction No. 7 should be stricken in its entirety. As indicated in UPM's proposed jury instructions, the issue of active concealment should be addressed by UCJI 42.05 (modified).

5.    Digicel-Haiti's Instruction No. 8 should be stricken because it does not relate to any issue before the jury. LR 51-1. The factual issue of whether the defendant had some form of special relationship with the plaintiff or a duty to speak is only relevant to a claim of fraudulent misrepresentation by silence, nondisclosure or omission of material fact. All such claims have been dismissed from this case. ECF #294 at 23-26, fn. 15, 29-30.

6.    Digicel-Haiti's Instruction No. 11 improperly includes the recklessness standard for punitive damages. *See* UCJI No. 75.02 Comment, p. 2, ¶ 2 ("Read both the recklessness and the malice standards only if the plaintiff alleges both and submits both to the jury"). Digicel-Haiti did not plead that UPM has "shown a reckless and outrageous indifference to a highly unreasonable risk of harm *and* has acted with a conscious indifference to the health, safety and welfare of others." *Compare* ORS 31.730(1)(b) *with* [ECF 200] at ¶¶ 182, 192.

Page 3 – DEFENDANTS' OBJECTIONS TO PLAINTIFF'S JURY INSTRUCTIONS
AND VERDICT FORM
UPM-L1\00626585.000

## II.    VERDICT FORM

Similar to Digicel-Haiti's proposed jury instructions, its proposed Verdict Form [ECF #312] results in a mischaracterization of the applicable law and limited issues at trial.

1.    Digicel-Haiti's proposed Verdict Form impermissibly conflates its two separate and distinct causes of action, "in-country bypass" and "RLYH".  Each claim is stated as a separate Count in Digicel-Haiti's Third Amended Complaint,[1] and each is based on discrete facts. Moreover, as UPM has repeatedly articulated, it has distinct defenses related to each Count. For example, UPM has consistently argued that in order for UPM to have engaged in "active concealment" within the meaning of the Court's order limiting the issues for trial (ECF #294), Digicel-Haiti must first prove it has a right to cut off the SIM cards UPM used, and UPM has always contended that, in relation to RLYH, Digicel-Haiti does not have such a right. To conflate the two causes of action in the Verdict Form would inevitably undermine Defendants' contentions and defenses, which are not identical as to the two Counts.

2.    Digicel-Haiti's proposed Verdict Form impermissibly ignores a number of the separate elements of a fraud claim, each of which must be proved by clear and convincing evidence. These critical omissions include, but are not limited to, that (1) Digicel-Haiti relied upon any UPM active concealment; (2) that such reliance was reasonable; and (3) that UPM acted with the requisite intent and knowledge of falsity. In addition, the Verdict Form incorrectly asks whether UPM "concealed or directed the concealment of a material matter," which is not the appropriate issue to be decided by the jury. The question is  whether UPM used Human Behavior Software to *actively conceal* a material matter. ECF #294 at 30-31.

3.    The Verdict Form also impermissible conflates separate issues related to damages. First, Digicel-Haiti must prove by clear and convincing evidence that it was damaged as a result of is reasonable reliance on the active concealment of a material matter. Only if the jury

---

[1] Third Amended Complaint, ECF #200, *compare* Count I: Fraud (RLYH Plan) *with* Count II: Fraud (IP Calls), p. 34-35.

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

finds that Digicel-Haiti has met that burden can it consider an award of damages, the amount of which must be proved by a preponderance of the evidence. Thus, the Verdict Form must first ask whether Digicel-Haiti proved by clear and convincing evidence that it was damaged, before the jury is asked, if so, in what amount.

4.     Digicel-Haiti's Verdict Form also fails to set forth a means of calculation of the damages it is requesting. As the Court is aware, the parties to date have not agreed on the method by which a purported damages award should be calculated. Some aspects of that determination will be a factual issue for the jury, but the factual determination must be guided (particularly in a legally and technically complex case such as this one) by the Verdict Form.

5.     In two different respects, Digicel-Haiti's Verdict Form ignores the constitutional limitations placed on punitive damage awards: (1) it fails to separately identify actual economic damages to provide a standard for ensure that a punitive damages award (if any) is constitutionally proportional; and (2) it fails to consider constitutional limitations on out-of-state harm. Further, the Verdict Form incorrectly includes a reference to "reckless and outrageous indifference," which is not at issue in this case. Digicel-Haiti did not plead a reckless fraud claim, and ignores that that "reckless and outrageous indifference" only applies where a defendant has created "a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety, and welfare of others." These claims have has not been plead by Digicel-Haiti and are not at issue. The only permissible standard for awarding punitive damages in accordance with Oregon law is by showing by clear and convincing evidence that the Defendants have acted with malice. *See generally* ORS 31.730; Oregon UCJI 75.02.

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Dated: February 28, 2022.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    Blake Van Zile, OSB #184672
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    bvanzile@tomasilegal.com
    Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    Telephone: (202) 973-4200
    *(Admitted Pro Hac Vice)*

Of Attorneys for Defendants

Page 6 – DEFENDANTS' OBJECTIONS TO PLAINTIFF'S JURY INSTRUCTIONS AND VERDICT FORM
UPM-L1\00626585.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2022, I served the foregoing **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S JURY INSTRUCTIONS AND VERDICT FORM** on the following individuals by electronic service to said individuals:

Robert C.L. Vaughan
Cherine Smith Valbrun
Leah Storie
Kim Vaughan Lerner LLP
One Financial Plaza
100 SE Third Avenue • Suite 2001
Fort Lauderdale, FL 33394
Email: rvaughan@kvllaw.com
Email: cvalbrun@kvllaw.com
Email: lstorie@kvllaw.com

Anne M. Talcott
Kathryn E. Kelly
Schwabe, Williamson & Wyatt, PC
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Email: atalcott@schwabe.com
Email: kkelly@schwabe.com

Dated: February 28, 2022.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
   Kathryn P. Salyer, OSB #883017
   Eleanor A. DuBay, OSB #073755
   Blake Van Zile, OSB #184672
   ksalyer@tomasilegal.com
   edubay@tomasilegal.com
   bvanzile@tomasilegal.com
   Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
   Christopher W. Savage, D.C. Bar #362657
   chrissavage@dwt.com
   Telephone: (202) 973-4200
   *(Admitted Pro Hac Vice)*

Of Attorneys for Defendants