**Anne M. Talcott**, OSB #965325
Email: atalcott@schwabe.com
**Kathryn E. Kelly**, OSB #175162
Email: kkelly@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
**Cherine Smith Valbrun** *(Pro Hac Vice)*
E-mail: cvalbrun@kvllaw.com
E-mail: emailservice@kvllaw.com
KIM VAUGHAN LERNER LLP
312 SE 17th Street, Suite 300
Fort Lauderdale, FL  33316
Telephone: 954.527.1115
Facsimile: 954.527.1116

*Attorneys for Plaintiff, Unigestion Holdings, S.A.,*
*a foreign corporation, d/b/a Digicel Haiti*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNIGESTION HOLDINGS, S.A., d/b/a DIGICEL HAITI**, <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> **UPM TECHNOLOGY, INC., *et al.*,** <br><br> Defendants and Counterclaim Plaintiff. | No. 3:15-cv-00185-SI <br><br><br> **PLAINTIFF UNIGESTION HOLDINGS, S.A.'S REPLY IN SUPPORT OF OMNIBUS MOTIONS IN *LIMINE*** <br><br> **Request for Oral Argument** |

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4856-0693-3007, v. 3

Plaintiff Unigestion Holdings, S.A., d/b/a Digicel Haiti ("Digicel Haiti") submits the following Reply in Support of its Omnibus Motions in *Limine* [**ECF 298**] ("Reply"). This Reply is supported by the record and the points and authorities below.

## INTRODUCTION

In responding to Digicel Haiti's omnibus motions in *limine*, Defendants UPM Technology, Inc. ("UPM") and Duy "Bruce" Tran ("Tran") (collectively, "Defendants") did not dispute that Digicel Haiti's third and sixth motions in *limine* relating to the exclusion of references to the dismissal of Defendants Tyler Allen, Balthazar Ruiz, and Benjamin Sanchez, and the exclusion of references to outside litigation involving Digicel Haiti and non-parties Digicel USA, Inc. ("Digicel USA") and Digicel Holdings, Ltd., and their corporate officers, respectively, should be granted. Defendants do, however, dispute Digicel Haiti's remaining eight motions in *limine* either in part or in full. As explained below, Defendants' objections are meritless and should be overruled to avoid unnecessarily expanding the scope of trial on Digicel Haiti's claim of fraud by active concealment and undermining, or even worse rendering meaningless, the Court's bifurcation order [**ECF 294**].

## REPLY MEMORANDUM

## I.    MOTION NO. 1 TO EXCLUDE REFERENCES TO DIGICEL HAITI'S 2018 SERVER CRASH

Digicel Haiti experienced a server crash causing data saved on backup files to become corrupt or otherwise inaccessible. [**ECF 330**, Ex. 2, Maarten Boute Tr. 59:9–25, 60:1–10]. After a diligent search, Digicel was able to retrieve certain email communications stored on the local machines of key people and ultimately produce all relevant and responsive documents that it located. This discovery issue was argued and resolved when the Court ruled on the parties' competing motions to compel [**ECF 251**] and allowed the Defendants to explore the possible "missing information" through depositions of Digicel Haiti's corporate representatives more than four months ago.

Page 1 -     PLAINTIFF UNIGESTION HOLDINGS, S.A.'S REPLY
             IN SUPPORT OF OMNIBUS MOTIONS IN *LIMINE*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4856-0693-3007, v. 3

Although Defendants concede that all relevant emails have been produced, Defendants now assert that they should be able to reference the server crash, speculating that such data could provide a basis to cross-examine relevant witnesses. The problem with these objections, however, is that Digicel Haiti's first motion in *limine* does not impact Defendants' ability to cross-examine witnesses. Defendants are free to inquire as to what information (e.g., "bypass-SIM-specific usage data") was made available to each witness and how such information could impact their testimony concerning damages. Such cross examination, however, does not necessitate irrelevant and unfairly prejudicial inquiries into a previously resolved discovery dispute involving an unintentional server crash and certainly does not justify the allegations or inferences of "spoliation" of evidence which is the basis of Defendants' objection. *See* FRE 403; *United Food Grp., LLC v. Cargill, Inc.*, Case No. CV 11-7752 SS, 2014 U.S. Dist. LEXIS 204278, at *10 (C.D. Cal. Nov. 14, 2014) (excluding references to resolved discovery disputes as irrelevant and unfairly prejudicial).

To the extent that Defendants are now seeking spoliation sanctions within their objections, that request is procedurally improper and otherwise meritless. A discovery motion "may not be combined with any response," Local Rules ("LR") 7-1(b), 26-3(b)(2), and "must" contain a certification of conferral and comply with all operative scheduling orders [**ECF 237**]. LR 7-1(a); LR 26-3(c)(g) ("The Court will deny any discovery motion that does not contain the certification require[ment]."). But even had Defendants complied with the Local Rules and operative scheduling orders (which they did not), Defendants' request for an adverse jury instruction is unsupported by the facts and the law. There absolutely can be no suggestion at this stage of intentional misconduct on Digicel Haiti's part and the inference is just as strong that Digicel Haiti is *more* prejudiced than UPM by the missing information—not the other way around.

Digicel Haiti's efforts to maintain relevant data by and through backup files and retrieve data through laborious technical efforts were facially reasonable. *See Courser v. Michigan House of Representatives*, 404 F. Supp. 3d 1125, 1155 (W.D. Mich. 2019) (explaining that litigants are only required to make "reasonable efforts" and need not "retain every piece of information"), *aff'd*,

Page 2 -  PLAINTIFF UNIGESTION HOLDINGS, S.A.'S REPLY
IN SUPPORT OF OMNIBUS MOTIONS IN *LIMINE*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4856-0693-3007, v. 3

831 F. App'x 161 (6th Cir. 2020). Without evidence of intentional, purposeful, or other deliberate conduct, the data loss arising from the server crash cannot provide a basis for imposing sanctions. *See Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991) (holding that court erred in sanctioning for spoliation because, among other reasons, the record did not demonstrate that the respondent destroyed the records). Defendants are also unable to demonstrate that any lost data would have benefited—as opposed to harmed—their defense of the case. *Id.,* (explaining that record loss was "not relevant" because there was no evidence such records would have benefited movant). It is no surprise that Defendants have enthusiastically and repeatedly pointed out that *their call records (CDRs) are the only paper records in this case*, the suggestion being that Digicel Haiti has no way of contradicting their assertion of limited Bypass activities. To now suggest that they are the ones being prejudiced by this unfortunate technological failure is preposterous. As a result, Digicel Haiti respectfully requests that the Court grant its first motion in *limine* and exclude any mention of the server crash and related speculation and deny Defendants' improper and baseless motion for spoliation sanctions.

## II.    MOTION NO. 2 TO EXCLUDE REFERENCES TO HAITIAN GOVERNMENTAL SPENDING OR TAXATION OF INTERNATIONAL CALLS

Digicel Haiti moved to exclude references to Haitian governmental spending and taxes. The primary concern is that Defendants will raise irrelevant and prejudicial arguments regarding the application of Haitian tax law, particularly as a response to the proper amount of damages in this case. Digicel Haiti also suspect that Defendants will attempt to suggest or imply that the taxes imposed in Haiti are misused or misappropriated in some way by the relevant Haitian authorities.

In response, Defendants concede that they do not intend to suggest or refer to any alleged violation of Haitian law by Digicel Haiti, but do intend to refer to Digicel Haiti's purported non-payment of Haitian taxes to request a corresponding damage offset ("$0.05 per minute"). [**ECF 329**]; [**ECF 278**, p.8, n.10]. There is no evidence that Digicel Haiti will not be liable for taxes on a damage award. Further, UPM has failed to demonstrate how any purported issue, testimony, or evidence related to Digicel Haiti's purported tax obligations are relevant to a determination of

Page 3 -    PLAINTIFF UNIGESTION HOLDINGS, S.A.'S REPLY
IN SUPPORT OF OMNIBUS MOTIONS IN *LIMINE*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

4856-0693-3007, v. 3

damages in this matter.  Ascertaining the amount of damages suffered by Digicel Haiti does not require irrelevant, confusing, and unfairly prejudicial references to speculative tax liabilities to the Haitian government, which are not the subject of this Court's jurisdiction. FRE 402, 403; *see United States v. Johnson*, 558 F.2d 744, 746–47 (5th Cir. 1977) (excluding evidence of tax overpayment because, among other reasons, it could have resulted in unfair prejudice by appealing to the emotions of the jury and wasted time on collateral issues). As a result, Digicel Haiti respectfully requests that the Court grant its second motion in *limine* and exclude references to Haitian governmental spending or taxation of international calls.

### III.    MOTION NO. 4 TO EXCLUDE REFERENCES TO AND EVIDENCE RELEVANT ONLY TO UPM'S BIFURCATED AND STAYED COUNTERCLAIMS

The Court recently considered the parties' competing motions for summary judgment and Digicel Haiti's related *Daubert*[1] motion (and alternative motion in *limine*). [**ECF 294**]. In its opinion and order, the Court consciously narrowed the scope of the upcoming trial to Digicel Haiti's claim of fraud by active concealment. *Id.* The Court bifurcated and stayed UPM's counterclaims[2] and deferred ruling on Digicel Haiti's motion for summary judgment on these counterclaims and related *Daubert* motion to exclude testimony on these counterclaims "until after the trial" on Digicel Haiti's claim of fraud by active concealment. *Id.* at pp. 35, 37–39 ("[T]he Court defers ruling on Digicel Haiti's motion for summary judgment against UPM's counterclaims until after the trial . . . . [T]he Court defers ruling on Digicel Haiti's Daubert motions . . . until after the trial[.]")]. The Court explained that it envisioned a narrow trial focused primarily on whether Defendants engaged in fraud by active concealment... *Id.* at 30–31, 38–39 ("Indeed, the only issue that appears to be in dispute is whether [Defendants] engaged in fraud by active concealment by using human behavior software.").

Notwithstanding the Court's order (and Defendants' "advance notice"), Defendants now seek to gut that order by introducing references and evidence related to the bifurcated and stayed

---

[1] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

[2] [**ECF 244**].

Page 4 -    PLAINTIFF UNIGESTION HOLDINGS, S.A.'S REPLY
IN SUPPORT OF OMNIBUS MOTIONS IN *LIMINE*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4856-0693-3007, v. 3

counterclaims, including for example, UPM's counterclaims for implied-in-fact contract and unjust enrichment [**ECF 244**, at ¶¶ 351–360, 369–74].  Essentially, the Defendants plan to try their case notwithstanding the Court's Order. UPM's counterclaims are not related to Defendants' remaining affirmative defenses and at least one counterclaim, unjust enrichment, is an <u>equitable</u> claim that is likely <u>inappropriate for jury</u> consideration. [**ECF 294**, at p.32 ("[U]njustment enrichment is an equitable doctrine[.]")]; *see, e.g.*, *State v. Monsanto*, Case No. 18CV00540, 2019 Ore. Cir. LEXIS 306, at *7–8 (Or. Cir. Ct. June 4, 2019) (deferring bench trial on claim for unjust enrichment claim until after jury trial concluded).

Digicel Haiti's fourth motion in *limine* does not impact Defendants' ability to defend against Digicel Haiti's claim of fraud by active concealment. Defendants are free to dispute whether Digicel Haiti meets its burden of proof[3] and introduce evidence related to Defendants' remaining <u>affirmative defenses</u> (e.g., payment/satisfaction). Defendants, however, should not be allowed to introduce theories that have been expressly bifurcated and stayed by the Court to "increase judicial economy and reduce the risk of jury confusion," [**ECF 294**, at p.39], including for example, assertions under the Communications Act of 1934, 47 U.S.C. § 151 *et seq.*  Nor should Defendants be allowed to introduce theories concerning Digicel Haiti's "right" to cut off Defendants' misuse of subscriber identify module ("SIM") cards. Those disputed theories relate to UPM's counterclaims (and potential damages)—not whether Defendants' use of bypass to avoid higher international call rates for in-country calls constituted fraud by active concealment. *See Coan v. Dunne*, No. 3:15-cv-00050, 2019 WL 1976146, 2019 U.S. Dist. LEXIS 75463, at *7–8 (D. Conn. May 3, 2019) (excluding evidence that is "only relevant to stayed claims"); *Genband US LLC v. Metaswitch Networks Corp.*, Case No. 2:14-cv-33-JRG-RSP, 2015 U.S. Dist. LEXIS

---

[3] A *prima facie* claim for common-law fraud requires a plaintiff to demonstrate that: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person and in the manner reasonably calculated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. [**ECF 294**, at p. 23]. The *prima facie* element of representation can be satisfied by active concealment, in which a duty to speak is not required. *Id.* at 24.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4856-0693-3007, v. 3

176746, at *13 (E.D. Tex. Sept. 30, 2015) (excluding "evidence or argument on the stayed claims[] except to the extent that such evidence is relevant to the claims" at issue). As a result, Digicel Haiti respectfully requests that the Court grant its fourth motion in *limine* and exclude references to and evidence relevant to UPM's bifurcated and stayed counterclaims.

IV.    **MOTION NO. 5 TO EXCLUDE REFERENCES TO THE UNITED STATES FEDERAL COMMUNICATIONS COMMISSION ("FCC") AND FCC POLICY ENCOURAGING OR SUPPORTING BYPASS AS A MEANS OF "DRIVING DOWN" INTERNATIONAL TERMINATION RATES**

Defendants' purported adherence to disputed FCC policies relating to bypass[4] is not relevant to Digicel Haiti's claim of fraud by active concealment or Defendants' remaining affirmative defenses (*see infra* § VI) and is likely to create unnecessary jury confusion. FRE 401, 403. Even had the FCC policies suggested by Defendants existed, and even if Defendants adhered to such FCC policies (both of which are absolutely disputed), Defendants still would not be excused from their fraudulent conduct by active concealment and, as a practical matter, would not have needed to go to such lengths to conceal their activities. [**ECF 294**, at p.31 ("UPM's use of human software is a deceptive act or contrivance intended to hide information, mislead, avoid suspicion, or prevent further inquiry into a material matter.")]. Indeed, earlier in the litigation, this Court expressly rejected UPM's arguments that FCC jurisdiction should somehow apply to these claims. [See e.g. **ECF 122**].  UPM should not now be empowered to raise FCC centered defenses, which are ultimately irrelevant and would only serve to confuse the jury and unnecessarily complicate the individual fraud claim at issue.  Moreover, if such defenses were permitted, the intention behind the Court's bifurcation order would be obviated and UPM would be given two bites at the proverbial apple—trying their case once on the fraud claim and again on the bifurcated phase of the case.  Digicel Haiti acknowledges that UPM may be entitled to raise these issues

---

[4] "For bypass, UPM would use its SIM Units to take calls that began in the United States and transmit them via the internet, in Voice-over-Internet Protocol . . . format, to a Gateway device maintained and operated by UPM in Haiti. . . . After being received . . . the call . . . would be transmitted to Digicel Haiti's communications network in Haiti, for termination in Haiti." [**ECF 294**, at p.3].

Page 6 -    PLAINTIFF UNIGESTION HOLDINGS, S.A.'S REPLY
            IN SUPPORT OF OMNIBUS MOTIONS IN *LIMINE*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4856-0693-3007, v. 3

under the Communications Act when the stay on its bifurcated counterclaims is lifted. [**ECF 224**, at ¶¶ 331, 335, 339, 343, 348–49]. But because the FCC and FCC policy is not relevant to Digicel Haiti's claim of fraud by active concealment, Digicel Haiti respectfully requests that the Court grant its fifth motion in *limine* and exclude any references to the FCC and any FCC policy in the fraud claim.

## V.    MOTION NO. 7 TO EXCLUDE REFERENCES TO UPM PURCHASING SIM CARDS FROM DIGICEL HAITI

Digicel Haiti is concerned that Defendants will suggest or otherwise imply that UPM purchased SIM cards directly from Digicel Haiti and thus moves to preclude such attempts. [**ECF 244**, 50, 65, 86, 97 ("Defendants admit that UPM obtained, through third parties, multiple Digicel Haiti SIM Cards[.]")]. While Defendants concede in their response that they will not refer to direct SIM card purchases from Digicel Haiti, Defendants nevertheless improperly included a motion in *limine* related to this issue in their response in violation of LR7-1(b). Digicel Haiti separately addresses this motion in *limine* in its objections to Defendants' other motions in *limine*. Therefore, Digicel Haiti respectfully requests that the Court grant its seventh motion in *limine* and exclude references to, or suggestions of, direct or authorized SIM purchases by Defendants from Digicel Haiti. *See generally Datatreasury Corp. v. Wells Fargo & Co.*, Case No. 2-06-CV-72 DF, 2010 WL 11538713, 2010 U.S. Dist. LEXIS 152055, at *10–13 (E.D. Tex. Feb. 26, 2010) (excluding evidence that could cause unfair prejudice by creating a "false impression").

## VI.    MOTION NO. 8 TO STRIKE OR EXCLUDE ALL EVIDENCE THAT IS RELATED OR RELEVANT TO DEFENDANTS' THIRD AND FOURTH AFFIRMATIVE DEFENSES BECAUSE DIGICEL USA WAS DISMISSED

Defendants' third affirmative defense (unclean hands) and fourth affirmative defenses (illegality) are based on the purported conduct of Digicel USA, an entity dismissed from this litigation long ago. [**ECF 188, 244**]. Defendants concede that evidence related to these affirmative defenses is moot and otherwise irrelevant. [ECF 329, p. 12.] *See also Pipe Restoration Techs. v. Co. V.*, Case No. 8:13-cv-00499 JDE, 2018 U.S. Dist. LEXIS 244808, at *17–18 (C.D. Cal. May 23, 2018) (excluding affirmative defense as moot because it was not pleaded as to the "claims …

Page 7 -    PLAINTIFF UNIGESTION HOLDINGS, S.A.'S REPLY
IN SUPPORT OF OMNIBUS MOTIONS IN *LIMINE*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4856-0693-3007, v. 3

remaining in [the] case"). Defendants' concession, however, appears limited because they state that they nevertheless intend to introduce evidence as "to the existence or function of Digicel-USA in routing calls to Digicel-Haiti." [**ECF 329**, p.12 ("UPM agrees that it will not refer to Digicel-USA's role . . . as illegal or inappropriate.")]. Such evidence is not relevant[5] to Digicel Haiti's claim of fraud by active concealment by Defendants or Defendants' remaining affirmative defenses, and otherwise creates a risk of potential misuse as a means to introduce irrelevant evidence and/or references like those discussed above and below. *See supra* §§ III, IV; *infra* § VII. As a result, Digicel Haiti respectfully requests that the Court grant its eighth motion in *limine* by striking Defendants' third and fourth affirmative defenses and excluding evidence relevant to said defenses.

## VII.   MOTION NO. 9 TO EXCLUDE THE USE OF IRRELEVANT, CONFUSING, AND PREJUDICIAL TERMS MONOPOLY, ANTI-COMPETITIVE, AND THEIR DERIVATIVES

The Sherman Act, 15 U.S.C. §§ 1–38, prohibits monopolization and other related anti-competitive behaviors. The term "monopoly" and its derivatives are terms of art with specific legal meaning not relevant to the claim remaining in this case.  Such terms should not be used in litigation outside of antitrust law because they are likely to confuse or mislead the jury and "exert a prejudicial effect because of the pejorative connotations associated with the term."  *In re 3M Combat Arms Earplug Prods. Liab. Litig. (3M Combat Arms Earplug)*, Case No. 3:19md2885 et al., 2021 U.S. Dist. LEXIS 42274, at *8 (N.D. Fla. Mar. 14, 2021).  *See also Candle Corp. v. Boole & Babbage*, No. CV 82-4758-PAR, 1985 U.S. Dist. LEXIS 17545, at *8 (C.D. Cal. Aug. 2, 1985). Because this dispute no longer involves a claim under antitrust law [**ECF 188**], all references to "monopoly" and its derivatives should be excluded. FRE 401, 403; *see also 3M Combat Arms Earplug*, 2021 U.S. Dist. LEXIS 42274, at *8 (excluding use of term "monopoly" and derivatives of the term because "no antitrust violations" were at issue in the proceedings). Monopoly derivatives include all references to Digicel Haiti's purported market power, which is not relevant

---

[5] Notably, Defendants' thirty-page Trial Memorandum does not identify Digicel-USA. [**ECF 323**].

Page 8 -    PLAINTIFF UNIGESTION HOLDINGS, S.A.'S REPLY
IN SUPPORT OF OMNIBUS MOTIONS IN *LIMINE*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4856-0693-3007, v. 3

to Digicel Haiti's claim of fraud by concealment or any cognizable defenses thereto. [**ECF 294**]; Digicel Haiti respectfully requests that the Court grant its ninth motion in *limine* and exclude references to the terms "monopoly," "anticompetitive," and/or their derivative forms.

## VIII.    MOTION NO. 10 TO EXCLUDE UPM'S EXPERT, JOSEPH GILLAN, FROM TESTIFYING DURING TRIAL ON DIGICEL HAITI'S CLAIM OF FRAUD BY ACTIVE CONCEALMENT AGAINST UPM AND MR. TRAN

Digicel Haiti previously moved to exclude the testimony of Joseph Gillan when UPM disclosed that it intended to call him for the purpose of testifying on FCC policy. [**ECF 272**, at pp.2–3]. In deferring ruling on this motion, the Court explained that there was no dispute that Mr. Gillan's testimony was "relevant only to UPM's counterclaims." [**ECF 294**, at p.6 ("Digicel Haiti, through a *Daubert* motion . . . seeks to exclude or limit the testimony of . . . Joseph Gillan, which the parties agree is relevant only to UPM's counterclaims." (emphasis added))]. The Court further explained that it would address Mr. Gillan's intended testimony on FCC policy "after the trial on Digicel Haiti's claim of fraud by active concealment[.]" *Id.* at p.40.

Consistent with the Court's order, and Defendants' earlier concession, Mr. Gillan's testimony is irrelevant to any determination of Digicel Haiti's claim of fraud by active concealment and Defendants' remaining affirmative defenses. *See supra* § IV. This testimony, if it survives Digicel Haiti's pending motions and is otherwise deemed admissible, is only relevant to UPM's bifurcated and stayed counterclaims. [**ECF 294**]. As a result, Digicel Haiti respectfully requests that the Court grant its tenth motion in *limine* and preclude Mr. Gillan from testifying during trial on Digicel Haiti's claim of fraud by active concealment. *Coan*, 2019 U.S. Dist. LEXIS 75463, at *7–8 (excluding evidence that is "only relevant to stayed claims").

## CONCLUSION

Based on the foregoing, Digicel Haiti respectfully requests that the Court grant its motions in *limine* and exclude the above-noted references and testimony, and strike Defendants' third and fourth affirmative defenses.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

Dated this 7th day of March, 2022.

Respectfully submitted,

By:  *s/ Robert C.L. Vaughan*
Anne Talcott, OSB #965325
Email: atalcott@schwabe.com
Kathryn E. Kelly, OSB #175162
Email: kkelly@schwabe.com
SCHWABE, WILLIAMSON & WYATT,
P.C.
Telephone: 503.796-2958

Robert C. L. Vaughan (*Pro Hac Vice*)
Email: rvaughan@kvllaw.com
Cherine Smith Valbrun (*Pro Hac Vice*)
Email:  cvalbrun@kvllaw.com
Leah B. Storie (*Pro Hac Vice*)
Email:  lstorie@kvllaw.com
KIM VAUGHAN LERNER LLP
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone:    (954) 527-1115

*Attorneys for Plaintiff, Unigestion Holdings,*
*S.A., a Foreign Corporation, d/b/a Digicel Haiti*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

4856-0693-3007, v. 3