**Anne M. Talcott**, OSB #965325
Email: atalcott@schwabe.com
**Kathryn E. Kelly**, OSB #175162
Email: kkelly@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
**Cherine Smith Valbrun** *(Pro Hac Vice)*
E-mail: cvalbrun@kvllaw.com
E-mail: emailservice@kvllaw.com
KIM VAUGHAN LERNER LLP
312 SE 17th Street, Suite 300
Fort Lauderdale, FL  33316
Telephone: 954.527.1115
Facsimile: 954.527.1116

    *Attorneys for Plaintiff, Unigestion Holdings, S.A.,*
    *a foreign corporation, d/b/a Digicel Haiti*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNIGESTION HOLDINGS, S.A., d/b/a DIGICEL HAITI**, | No. 3:15-cv-00185-SI |
| Plaintiff and Counterclaim Defendant, | |
| v. | **PLAINTIFF UNIGESTION HOLDINGS, S.A.'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM** |
| **UPM TECHNOLOGY, INC., *et al.*,** | |
| Defendants and Counterclaim Plaintiffs. | |

Page 1 -   UNIGESTION'S OBJECTIONS TO DEFENDANTS'
           PROPOSED JURY INSTRUCTIONS AND VERDICT
           FORM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

Plaintiff Unigestion Holdings, S.A., d/b/a Digicel Haiti ("Digicel Haiti") submits the following Objections to Defendants UPM Technology, Inc.'s ("UPM") and Duy "Bruce" Tran's ("Tran") (collectively, "Defendants") Proposed Verdict Form [**ECF 328**] ("Response"). This Response is supported by the record and the points and authorities below.

## I.      Objections To Defendants' Jury Instructions

Generally, Plaintiff objects to any modification of jury instructions proposed by Defendants.  Plaintiff urges the Court to accept and use its proposed jury instructions.  Specific objections to individual instructions proposed by Defendants are outlined below:

Objection to modification of UCJI No. 42.06 – Reasonable Reliance

Plaintiff objects to the inclusion and proposed modification of this instruction.  The modification to the instruction is duplicative of the general fraud instruction, which is sufficient to address this element of the claim.  Duplicating the instruction as requested by Defendants will result in undue prejudice to the plaintiff by putting undue emphasis on the instruction.

Objection to modification of UCJI No. 75.02 – Punitive Damages

Plaintiff objects to the proposed modifications of this instruction.  Defendants' proposed modifications include unnecessary narrative that is confusing and unfairly prejudicial.  The proposed modifications are an unnecessary and improper variation from the standard instruction.  Defendants' arguments regarding whether punitive damages are available for in-state v. out-of-state conduct are a confusing oversimplification and extrapolation of distinguishable caselaw and should not be permitted.

Objection to instruction UCJI 75.02A – Punitive Damages and Out-of-State Conduct

Plaintiff objects to inclusion of this proposed instruction.  If Defendants are found liable for fraud then their conduct in its totality—including, but not limited to conduct within Oregon—is what caused Plaintiffs' damages.  Moreover, this instruction is unnecessary and redundant.  Its inclusion amounts to Defendants' attempt to "talk" the jury out of finding punitive damages

Page 2 -     UNIGESTION'S OBJECTIONS TO DEFENDANTS'
            PROPOSED JURY INSTRUCTIONS AND VERDICT
            FORM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

based on a spurious and unjustified separation of the series of transactions and events resulting in Plaintiff's damages.

<u>Objection to Special Instruction Liability of Corporate Director or Officer</u>

Plaintiff objects to the inclusion of this proposed instruction.  Defendant Tran is an individual defendant in this case.  Defendants' proposed instruction suggests a higher bar for his liability for his conduct to direct and control UPM's Bypass operation.  That is not the case.  Further, the idea that his individual liability requires its own instruction with a separately stated burden of proof would likely confuse the jury by implying a higher burden to prove his liability as an individual defendant.

<u>Objection to Special Instruction Regarding Spoliation of Evidence</u>

Plaintiff objects to the inclusion of this proposed instruction.  Plaintiff addresses this issue in detail in its Reply in Support of its Motions in *Limine*.  There is no inference to be drawn from an accidental server crash and importantly, there has been no evidence, or request or motion to determine that any "spoliation" ever occurred.  To allow such an instruction now would be prejudicial to the Plaintiff and risks suggesting a level of intent or malice with regard to the server crash that is absolutely untrue and could taint other aspects of the case.

## II.      Objections to Defendants Proposed Verdict Form

Defendants' proposed verdict form very narrowly casts the case as only dealing with whether a jury could find Defendants' use of Human Behavior Software ("HBS") as active concealment.  This is a mischaracterization of the claim at issue and the Court's ruling on summary judgment.  The Court held that Plaintiff's fraud claim is one that is limited to active concealment and reasoned that Defendants use of HBS alone was ***enough*** to allow the fraud claim for active concealment to move forward, not that it is the singular issue to be tried.  The entirety of Defendants' pretrial filings revolves around this self-serving misinterpretation.  The relevant portion of the Court's order bears inclusion:

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

Viewing the evidence in the light most favorable to the non-moving party (Digicel Haiti, for purposes of Defendants' motion for summary judgment) and drawing all reasonable inferences in favor of Digicel Haiti, as the Court should do at this stage of the lawsuit, Digicel Haiti has shown a genuine dispute on whether UPM engaged in active concealment to the detriment of Digicel Haiti. When Digicel Haiti believed that its SIM cards were being used in a "bypass" fashion and not by individual persons making local calls in Haiti or using RLYH as an individual subscriber, Digicel Haiti deactivated (or de-authorized) that SIM card. UPM was aware of that fact since 2011 and, viewing the evidence in the light most favorable to Digicel Haiti, UPM tried to mislead Digicel Haiti into believing that the SIM cards were being used by natural persons making individual calls, rather than being used with multiple SIM cards in UPM's SIM Units (or Gateway devices).

UPM's use of human behavior software is a deceptive act or contrivance intended to hide information, mislead, avoid suspicion, or prevent further inquiry into a material matter. It also creates a false impression covering up the truth and makes the discovery of a material fact more difficult. If UPM did use that software to deceive Digicel Haiti or to hinder Digicel Haiti's ability to identify and block SIM cards being used by other than natural persons for individual calls and UPM did that with the requisite intent to deceive Digicel Haiti, ***that is enough*** to allow Digicel Haiti's claim of fraud by active concealment to proceed to trial. To that extent, the Court denies Defendants' motion for summary judgment against Digicel Haiti's claim of fraud by active concealment.

[ECF 294 at 30-31] (Emphasis added).

Defendants' proposed verdict form inexplicably centers around the notion that HBS *is the only possible way they can be held liable for fraud by active concealment.*  Accordingly, Plaintiff objects to Defendants' verdict form in its entirety and urges the use of its proposed verdict form [ECF 310] that allows the jury to determine, based on the relevant evidence, whether Defendants defrauded Plaintiffs through active concealment.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

Dated this 7th day of March, 2022.

Respectfully submitted,

By:   *s/ Robert C.L. Vaughan*

Anne Talcott, OSB #965325
Email: atalcott@schwabe.com
Kathryn E. Kelly, OSB #175162
Email: kkelly@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Telephone: 503.796-2958

Robert C. L. Vaughan (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
Cherine Smith Valbrun (*Pro Hac Vice*)
Email:  cvalbrun@kvllaw.com
Leah B. Storie (*Pro Hac Vice*)
Email:  lstorie@kvllaw.com
KIM VAUGHAN LERNER LLP
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone:     (954) 527-1115

*Attorneys for Plaintiff, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti*

Page 5 -   UNIGESTION'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900