**Kathryn P. Salyer**, OSB #883017
**Eleanor A. DuBay**, OSB #073755
**Blake Van Zile,** OSB #184672
ksalyer@tomasilegal.com
edubay@tomasilegal.com
bvanzile@tomasilegal.com
Tomasi Salyer Martin
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204-3136
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

**Christopher W. Savage**, D.C. Bar #362657
chrissavage@dwt.com
(Admitted *Pro Hac Vice*)
Davis Wright Tremaine LLP
1301 K Street NW, Suite 500 East
Washington, DC 20005-3317
Telephone: (202) 973-4200
Facsimile: (202) 973-4499

      Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDING, S.A**., a foreign corporation, d/b/a **DIGICEL HAITI**, <br><br>    Plaintiff & Counterclaim-Defendant, <br><br>    v. <br><br> **UPM TECHNOLOGY, INC**., *et al.,* <br><br>    Defendants & Counterclaim-Plaintiffs | Case No. 3:15-CV-00185-SI <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFF UNIGESTION HOLDINGS, S.A.'S OBJECTIONS TO DEFENDANTS' EXHIBIT LIST** |

Page 1 – DEFENDANTS' RESPONSE TO PLAINTIFF UNIGESTION
HOLDINGS, S.A.'S OBJECTIONS TO DEFENDANTS' EXHIBIT LIST
UPM-L1\00628653.000

Digicel-Haiti objects to Defendants UPM Technology, Inc. and Bruce Tran's (collectively, "UPM") exhibits based on the following general categories: authentication, relevance, foundation, hearsay and undue prejudice. ECF #343.

First, authentication and foundation for each exhibit will be satisfied by witness testimony. *See e.g.*, Rule 901(b)(1) ("Testimony of a Witness with Knowledge"); Rule 602 ("Evidence to prove personal knowledge may consist of the witness's own testimony"). It would be improper to exclude any exhibit at this stage under either Rule 901 or 602.

Second, Digicel-Haiti's limited objections based on hearsay (Exhibits 505 and 507) are invalid, either because the exhibit falls within a hearsay exception, or are not hearsay at all. Again, these issues will be satisfied by witness testimony. Specifically, Exhibit 505 is a business record falling under Rule 803(6). This will be established by testimony of UPM's witnesses.[1]  Further, Exhibit 507 is the CV of expert witness Joseph

---

[1] Digicel-Haiti incorrectly claims that simply because UPM produced documents during discovery, that satisfies the business records exception to the hearsay rule. *See* ECF #338. UPM, like Digicel-Haiti, must still meet the requirements of Rule 803(6) to establish that each exhibit satisfies the business records exception. Moreover, under the prevailing test for the admission of emails, there is no merit to Digicel-Haiti's claim that merely being a communication within a business record is enough to satisfy the business records exception. *See In re Oil Spill by the Oil Rig DEEPWATER HORIZON*, 2012 U.S. Dist. LEXIS 3406, 2012 WL 85447 (E.D. La. Jan. 11, 2012); *see also United States v. Heine*, No. 3:15-cr-238-SI, 2017 U.S. Dist. LEXIS 165367, *16-18 (D. Or. Oct. 5, 2017).

Digicel-Haiti also claims that UPM has stipulated to the authenticity of exhibits. This is entirely false. ECF #338. UPM agreed that Digicel-Haiti did not need to waste time in depositions establishing that emails and other documents that UPM had produced in discovery, had indeed come from UPM's records. That remains true. UPM assumes that the Court would look askance at UPM trying to force Digicel-Haiti to prove that a document that Digicel-Haiti got from UPM, came from UPM. So, if it were somehow relevant to prove that "Exhibit ABC is a document that was present in UPM's files," and UPM produced the document, UPM will not contest that it was, indeed, in its files. But that is quite a different question than whether a document that happened to be in UPM's files is

Page 2 – DEFENDANTS' RESPONSE TO PLAINTIFF UNIGESTION HOLDINGS, S.A.'S OBJECTIONS TO DEFENDANTS' EXHIBIT LIST
UPM-L1\00628653.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Gillan. It is not hearsay within the meaning of Rule 801 and, even if it were, it would fall within an exception under Rule 803.

As for Digicel-Haiti's relevance objection, the exhibits proffered by UPM are relevant to the claims asserted by Digicel-Haiti, namely Digicel-Haiti's assertion that it has suffered damages as a result of UPM's purported fraudulent conduct. Under Rule 401, "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."   Based upon the case at this stage, Exhibits 501-506 are relevant to UPM's argument that Digicel-Haiti has not been damaged and, even if Digicel-Haiti was damaged, the extent of those damages is insignificant.

Digicel-Haiti has also objected to the same exhibits under Rule 403, asserting that it would be unduly prejudiced by exhibits that rebut its substantive claims. But simply being contrary to Digicel-Haiti's view of the facts is not, and cannot be, unduly prejudicial. And, certainly, the probative value of the exhibits considerably outweighs any minor, incidental prejudice to Digicel-Haiti (of which there is none).

Finally, Digicel-Haiti has objected to UPM's Exhibits 501-503 as an "improper summary."   Exhibits 501-503 are summaries of the Call Detail Records ("CDRs") in UPM's possession regarding the relevant calls to Haiti at issue in this case. Under Rule 1006,

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court.

---

admissible or even authentic. For example, UPM's files contain, and UPM produced, a range of emails from third parties. That does not mean that the content of those third-party emails is not hearsay, nor does it mean that a UPM witness could necessarily testify that an email purporting to be from Mr. John Doe actually came from Mr. John Doe; all UPM knows is that it got an email from an address like john.doe@gmail.com. These kinds of issues have to be sorted out on an exhibit-by-exhibit basisz, considered in light of the purpose for which an exhibit is being offered.

Page 3 – DEFENDANTS' RESPONSE TO PLAINTIFF UNIGESTION
HOLDINGS, S.A.'S OBJECTIONS TO DEFENDANTS' EXHIBIT LIST
UPM-L1\00628653.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

> The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

In this case, the CDRs consist of extremely voluminous records which cannot be conveniently examined in court. Indeed, the entire set of UPM's CDRs contain, literally, multiple terabytes of data which, if provided in a hard copy, would consist of hundreds of boxes worth of records, most of which would have nothing to do with this case: the CDRs include the records for every call ever made using UPM's system, of which only a very small fraction relate to Haiti and Digicel-Haiti.

In fact, CDRs have been found to be exactly the kind of voluminous records that fall within Rule 1006. "[W]ithout a visual demonstrative, testimony regarding historical cellular analysis, like other voluminous data, would be virtually impossible." *United States v. Nelson*, 533 F. Supp. 3d 779, 798-99 (N.D. Cal. 2021) (noting it would "require numerous days of cellular testimony alone and be extremely wasteful of the jury's time" to present all the relevant information from CDRs); see e.g., *State v. Wright*, No. 08-1737, 2010 Iowa App. LEXIS 9 (Ct. App. Jan. 22, 2010) (analyzing state's application of Rule 1006 for the admission of CDRs and summaries). Other summary data in UPM's exhibits (such as summaries of amounts paid for top-ups) are based on business records other than CDRs, but those, too, are sufficiently voluminous to warrant presentation as a summary. Those underlying records can and will be made available to the Court and Digicel-Haiti upon request.

Exhibit 506 is an illustrative excerpt of an extremely small fraction of data from UPM's CDR database to illustrate to the Court, and the jury, what the CDRs look like. UPM can make the CDRs available for the Court and Digicel-Haiti's inspection, however, as noted, it would consist of multiple terabytes of data that would be nearly unreadable in its native format. In addition, if required, UPM can provide testimony at trial relating to

Page 4 – DEFENDANTS' RESPONSE TO PLAINTIFF UNIGESTION HOLDINGS, S.A.'S OBJECTIONS TO DEFENDANTS' EXHIBIT LIST
UPM-L1\00628653.000

the admissibility of the CDRs, including testimony that the CDRs are a record made at or near the time of the event and that they are kept in the ordinary course and as a regular practice of UPM's business. The summaries proffered by UPM, Exhibits 501-503, are necessary to provide the historical cellular data to the jury in a format that is readable and useful.

Dated: March 14, 2022.                    TOMASI SALYER MARTIN

                                          By: /s/ Eleanor A. DuBay
                                              Kathryn P. Salyer, OSB #883017
                                              Eleanor A. DuBay, OSB #073755
                                              Blake Van Zile, OSB #184672
                                              ksalyer@tomasilegal.com
                                              edubay@tomasilegal.com
                                              bvanzile@tomasilegal.com
                                              Telephone: (503) 894-9900


                                          DAVIS WRIGHT TREMAINE LLP

                                          By: /s/ Christopher W. Savage
                                              Christopher W. Savage, D.C. Bar #362657
                                              chrissavage@dwt.com
                                              Telephone: (202) 973-4200
                                              *(Admitted Pro Hac Vice)*

                                          Of Attorneys for Defendants

Page 5 – DEFENDANTS' RESPONSE TO PLAINTIFF UNIGESTION HOLDINGS, S.A.'S OBJECTIONS TO DEFENDANTS' EXHIBIT LIST
UPM-L1\00628653.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2022, I served the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF UNIGESTION HOLDINGS, S.A.'S OBJECTIONS TO DEFENDANTS' EXHIBIT LIST** on the following individuals by electronic service to said individuals:

Robert C.L. Vaughan
Cherine Smith Valbrun
Leah Storie
Kim Vaughan Lerner LLP
One Financial Plaza
100 SE Third Avenue • Suite 2001
Fort Lauderdale, FL 33394
Email: rvaughan@kvllaw.com
Email: cvalbrun@kvllaw.com
Email: lstorie@kvllaw.com

Anne M. Talcott
Kathryn E. Kelly
Schwabe, Williamson & Wyatt, PC
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Email: atalcott@schwabe.com
Email: kkelly@schwabe.com

Dated: March 14, 2022.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    Blake Van Zile, OSB #184672
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    bvanzile@tomasilegal.com
    Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    Telephone: (202) 973-4200
    *(Admitted Pro Hac Vice)*

Of Attorneys for Defendants

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236