**Kathryn P. Salyer**, OSB #883017
**Eleanor A. DuBay**, OSB #073755
**Blake Van Zile,** OSB #184672
ksalyer@tomasilegal.com
edubay@tomasilegal.com
bvanzile@tomasilegal.com
Tomasi Salyer Martin
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204-3136
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

**Christopher W. Savage**, D.C. Bar #362657
chrissavage@dwt.com
(Admitted *Pro Hac Vice*)
Davis Wright Tremaine LLP
1301 K Street NW, Suite 500 East
Washington, DC 20005-3317
Telephone: (202) 973-4200
Facsimile: (202) 973-4499

        Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDING, S.A**., a foreign corporation, d/b/a **DIGICEL HAITI**, <br><br> Plaintiff & Counterclaim-Defendant, <br><br> v. <br><br> **UPM TECHNOLOGY, INC**., *et al.,* <br><br> Defendants & Counterclaim-Plaintiffs | Case No. 3:15-CV-00185-SI <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFF UNIGESTION HOLDINGS, S.A.'S OBJECTIONS TO DEFENDANTS' LAY WITNESS LIST AND STATEMENTS** |

Page 1 – DEFENDANTS' RESPONSE TO PLAINTIFF UNIGESTION HOLDINGS, S.A.'S OBJECTIONS TO DEFENDANTS' LAY WITNESS LIST AND STATEMENTS
UPM-L1\00628636.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Digicel-Haiti objects to UPM's and Mr. Tran's (collectively, "UPM") lay witness, Daniel Romero. ECF #345.

First, while its argument is not entirely clear, Digicel-Haiti apparently objects to Mr. Romero on the grounds that he resides and works in Mexico. ECF #345 at 2. Mr. Romero's location, however, is irrelevant. Digicel-Haiti's own witnesses, at least as UPM understands it, live in Haiti where they pursue their full-time jobs. ECF #303.[1] Further, Digicel-Haiti cites no authority for the notion that a witness who lives or works outside the United States must be excluded.[2] Mr. Romero has personal knowledge of facts relevant to the sole surviving claim in this case, which is that UPM supposedly defrauded Digicel-Haiti by means human behavior software ("HBS"). There is no basis under the rules of evidence, and Digicel-Haiti cites none, for excluding Mr. Romero from providing relevant evidence at trial on the basis of where he lives.

Second, Digicel-Haiti argues that Mr. Romero is being offered to testify about issues as to which UPM refused to provide discovery earlier in the case, and should be excluded on that basis. ECF #345 at 2. This is untrue. UPM has not, as Digicel-Haiti claims, "vigorously contested any discovery related to UPM's activities, offices, and employees outside of the United States." *Id.* To the contrary. While UPM has objected to discovery about UPM's *call termination business* in countries other than Haiti, it has never objected to discovery regarding activities *relating to its business in Haiti,* even if those activities occurred outside of Haiti. *See, e.g.,* UPM's Opposition To Digicel-Haiti's Omnibus Motion To Compel (ECF #249) at 11 & n.5. As counsel for UPM stated during Mr. Tran's deposition: "I am certainly going to let Mr. Tran answer questions about

---

[1] UPM notes that Digicel Haiti's Lay Witness Statements (ECF #303) does not comply with the Court's Civil Trial Management Order (ECF #191) in that it does not include the witnesses addresses.

[2] Although likely not intended by Digicel Haiti, such an argument would have the consequence of discriminating against witnesses based upon their national origin.

Page 2 – DEFENDANTS' RESPONSE TO PLAINTIFF UNIGESTION HOLDINGS, S.A.'S OBJECTIONS TO DEFENDANTS' LAY WITNESS LIST AND STATEMENTS
UPM-L1\00628636.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

operations, what we've talked about: Germany, Russia, Guatemala, *Mexico.* To the extent any of those activities *relate to Haiti,* absolutely." Tran Depo., 79:16-20 (emphasis added). As articulated in UPM's Motions *in Limine* 6, Digicel-Haiti has sought to pursue evidence regarding UPM's operations in jurisdictions other than Haiti, and UPM has objected to *that.*[3] Mr. Romero will testify about UPM's activities relating to its operations *in Haiti* – and, in particular, about UPM's SIM management practices.

In this regard, Digicel-Haiti misreads Mr. Romero's witness statement. Digicel-Haiti says that his testimony will relate to UPM's "international offices," but that is not true. His anticipated testimony does not include any references to "international offices." Rather, it relates to the management of SIMs "in connection with UPM's operations in Haiti during the periods of time relevant to this case." ECF #320, p. 9. Moreover, with regard to UPM's "international offices," if it becomes relevant at trial, Mr. Romero will explain that while resides in Mexico *now,* he was a resident of Oregon, working for UPM, here, during the entire time period relevant to this case. To the extent that his physical location matters, therefore, at the relevant time he was in Oregon, not in some "international office."[4]

Grasping at straws, Digicel-Haiti argues (with no legal support) that some aspect of Mr. Romero's employment status might justify excluding his testimony.

---

[3] For example, Digicel-Haiti alleged that, "[a]s a part of the fraudulent enterprise UPM Telecom has also been implicated in other fraudulent bypass operations in other regions with high international termination rates and has been implicated in fraudulent bypass traffic into the wholesale market servicing those areas." Third Amended Complaint, ECF #200 ¶ 170. But these issues have not been relevant to this case for years – at least since the RICO claims were dismissed – and UPM has consistently objected to pursuing these issues, on the ground that it is not relevant to Digicel-Haiti's claims.

[4] UPM also notes that, given today's global workforce, it is hardly surprising that UPM has, and had, employees and contractors in jurisdictions outside the United States (including Mexico).

Specifically, Digicel-Haiti appears to imply that UPM does not know Mr. Romero's employment status, which, evidently according to Digicel-Haiti, should be a basis for excluding his testimony. But, if Digicel-Haiti had deposed Mr. Romero (as to which, *see* below), it would have discovered that at different times, Mr. Romero has been both an employee and independent contractor for UPM, which again – if it becomes relevant – Mr. Romero will explain at trial.

Finally, Digicel-Haiti appears to be requesting that the Court sanction UPM by excluding a witness, Mr. Romero, at trial, based on some vaguely-stated grounds apparently arising from complaints about discovery. There is no possible basis for such an extreme sanction. First, there is no basis for Digicel-Haiti's claim that UPM did not adequately disclose Mr. Romero or his knowledge. As Digicel-Haiti concedes, in response to an interrogatory, UPM identified Mr. Romero as an individual who had personal knowledge of the relevant facts.[5] Indeed, UPM stated that Mr. Romero's job title was "SIM Manager."[6] Later, Digicel-Haiti identified Mr. Romero as an individual who Digicel-Haiti wanted to depose. Counsel for the parties communicated extensively by email regarding the various depositions, including arranging for Mr. Romero's deposition.[7] However, after UPM offered to make Mr. Romero available, Digicel-Haiti for whatever reason abandoned its attempt to depose him. Yet now, Digicel-Haiti seeks to sanction UPM by excluding Mr. Romero because of Digicel-Haiti's own decision not to depose him. Not only has Digicel-Haiti not set forth any competent legal authority supporting Mr. Romero's exclusion; it has not justified a second bite at the apple by deposing Mr. Romero, or getting additional

---

[5] Declaration, Ex. 1.

[6] *Id.*

[7] *Id.*, Ex. 2.

Page 4 – DEFENDANTS' RESPONSE TO PLAINTIFF UNIGESTION HOLDINGS, S.A.'S OBJECTIONS TO DEFENDANTS' LAY WITNESS LIST AND STATEMENTS
UPM-L1\00628636.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

discovery from or about him. Discovery closed long ago and should not be reopened.[8]

It is clear why Digicel Haiti wants to exclude Mr. Romero from testifying at trial, and it is clear that its concerns have nothing to do with his job status, or where he works, or whether earlier discovery was adequate. Digicel-Haiti wants to exclude Mr. Romero because his testimony will damage Digicel-Haiti's case. As set forth in his witness statement, Mr. Romero will testify that "he was involved in the day-to-day process of SIM management in connection with UPM's operations in Haiti" during the relevant periods, and he will testify – based on his personal knowledge – that "UPM did not configure its SIM management software to mimic or simulate human behavior with regard to the selection of SIMs or the pattern of calls placed using the SIMs. To the contrary, it configured the software to randomly select a SIM and then place calls over that SIM essentially continuously until the SIM was cut off by Digicel-Haiti." ECF #320 at 9.

This testimony, obviously, will be problematic for Digicel-Haiti. But the fact that Mr. Romero's testimony will undercut Digicel-Haiti's claims is no reason to exclude it.

Accordingly, the Court should not exclude Mr. Romero from trial, and should not permit Digicel-Haiti to depose him, or obtain further discovery from or about him, the eve of trial.

---

[8] The Court may recall the parties' discovery squabbles last fall, in which, among other things, Digicel-Haiti expressed some concerns about the adequacy of the search terms that UPM used to identify responsive documents from the more than two million documents contained in the electronic database of all UPM documents. The Court suggested, and UPM agreed, that if Digicel-Haiti wanted to request that UPM run certain searches to try to find responsive documents, UPM would do so. Digicel-Haiti never suggested any search strings for UPM to run. It is entirely inappropriate for Digicel-Haiti to argue on the eve of trial that UPM should re-visit discovery regarding Mr. Romero – especially where, as noted above, Digicel-Haiti waived its right to depose him.

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Dated: March 14, 2022.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    Blake Van Zile, OSB #184672
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    bvanzile@tomasilegal.com
    Telephone: (503) 894-9900


DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    Telephone: (202) 973-4200
    *(Admitted Pro Hac Vice)*

Of Attorneys for Defendants

Page 6 – DEFENDANTS' RESPONSE TO PLAINTIFF UNIGESTION
HOLDINGS, S.A.'S OBJECTIONS TO DEFENDANTS' LAY WITNESS
LIST AND STATEMENTS
UPM-L1\00628636.000

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2022, I served the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF UNIGESTION HOLDINGS, S.A.'S OBJECTIONS TO DEFENDANTS' LAY WITNESS LIST AND STATEMENTS** on the following individuals by electronic service to said individuals:

Robert C.L. Vaughan
Cherine Smith Valbrun
Leah Storie
Kim Vaughan Lerner LLP
One Financial Plaza
100 SE Third Avenue • Suite 2001
Fort Lauderdale, FL 33394
Email: rvaughan@kvllaw.com
Email: cvalbrun@kvllaw.com
Email: lstorie@kvllaw.com

Anne M. Talcott
Kathryn E. Kelly
Schwabe, Williamson & Wyatt, PC
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Email: atalcott@schwabe.com
Email: kkelly@schwabe.com

Dated: March 14, 2022.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    Blake Van Zile, OSB #184672
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    bvanzile@tomasilegal.com
    Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    Telephone: (202) 973-4200
    *(Admitted Pro Hac Vice)*

Of Attorneys for Defendants

Page 1 – CERTIFICATE OF SERVICE
UPM-L1\00628636.000