**Kathryn P. Salyer**, OSB #883017
**Eleanor A. DuBay**, OSB #073755
**Blake Van Zile,** OSB #184672
ksalyer@tomasilegal.com
edubay@tomasilegal.com
bvanzile@tomasilegal.com
Tomasi Salyer Martin
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204-3136
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

**Christopher W. Savage**, D.C. Bar #362657
chrissavage@dwt.com
(Admitted *Pro Hac Vice*)
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, DC 20006-3401
Telephone: (202) 973-4200
Facsimile: (202) 973-4499

    Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDING, S.A**., a foreign corporation, d/b/a **DIGICEL HAITI**,<br><br>    Plaintiff & Counterclaim-Defendant,<br><br>    v.<br><br>**UPM TECHNOLOGY, INC**., *et al.,*<br><br>    Defendants & Counterclaim-Plaintiffs | Case No. 3:15-CV-00185-SI<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF UNIGESTION HOLDINGS, S.A.'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM** |

Page 1 – DEFENDANTS' RESPONSE TO PLAINTIFF UNIGESTION
HOLDINGS, S.A.'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY
INSTRUCTIONS AND VERDICT FORM
UPM-L1\00628809.001

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Defendants UPM Technology, Inc. and Bruce Tran (collectively, "UPM") hereby respond to Digicel-Haiti's objections to UPM's proposed jury instructions and verdict form.[1] UPM respectfully requests that the Court accept and use UPM's Proposed Jury Instructions (ECF #327) ("UPM Instructions") and Verdict Form (ECF #328) ("UPM Verdict Form"), as filed.

At the outset, UPM notes that Digicel-Haiti did not file a response to UPM's Objections to Plaintiff's Proposed Jury Instructions and Verdict Form (ECF #334). Thus, Digicel-Haiti's proposed jury instructions (ECF #313) and verdict form (ECF #312) should be disregarded to the extent that they differ from UPM's Instructions and Verdict Form. Digicel-Haiti also did not object to UPM's Requested 9th Circuit Model Civil Jury Instructions ("MCJIs"),[2] and so has waived any objection to including UPM's requested MCJIs.[3]

---

[1] Plaintiff Unigestion Holdings, S.A.'s Objections to Defendants' Proposed Jury Instructions and Verdict Form (ECF #341) ("Objections").

[2] Digicel-Haiti did not object to the following MCJIs: MCJI No. 1.8 (Two or More Parties—Different Legal Rights); MCJI No. 1.9 (What is Evidence); No. 1.10 (What is Not Evidence); MCJI No. 1.12 (Direct and Circumstantial Evidence); MCJI No. 2.13 (Expert Opinion); MCJI No. 2.14 (Charts and Summaries Not Received in Evidence); MCJI No. 2.15 (Charts and Summaries Received in Evidence); MCJI No. 2.16 (Evidence in Electronic Format); and MCJI No. 3.2 (Consideration of Evidence). *Compare* UPM Instructions (ECF #327), p. 2, ¶ I *with* Plaintiff's Objections (ECF #341).

[3] UPM maintains its objection to Digicel-Haiti's request for MCJI No. 4.2 (Liability of Corporations—Scope of Authority Not in Issue). If the Court provides this agency theory-related instruction to the jury, UPM renews its request to provide MCJI No. 4.1 (Corporations and Partnerships—Fair Treatment) and MCJI No. 4.4 (Agent and Principal—Definition). *See* ECF #334, p. 2, ¶ I(1).

Page 2 – DEFENDANTS' RESPONSE TO PLAINTIFF UNIGESTION HOLDINGS, S.A.'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM
UPM-L1\00628809.001

## I.   RESPONSE TO DIGICEL-HAITI'S OBJECTIONS TO UPM'S PROPOSED JURY INSTRUCTIONS

### A.   Introduction and Updated Index of UPM's Proposed Instructions

UPM proposed using several Oregon Uniform Court Jury Instructions ("UCJIs"). Digicel-Haiti generally objects to "any modification of jury instructions proposed by Defendants," but it specifically objects only to Instruction No. 8 (UCJI No. 42.06 (Reasonable Reliance)), Instruction No. 13 (UCJI No. 75.02 (Punitive Damages—General)), and Instruction No. 14 (UCJI No. 75.02A (Punitive Damages—Out-of-State Conduct)), as modified by UPM.[4]

With regard to UPM's Special Instructions, Digicel-Haiti objects to Instruction No. 15 (Personal Liability of Corporate Director or Officer) and Instruction No. 16 (Adverse Inference – Spoliation / Destruction of Evidence).[5] But Digicel-Haiti raises *no objection* to UPM's Special Instruction No. 6 (Fraudulent Misrepresentation – Knowledge of Falsity), Instruction No. 7 (Fraudulent Misrepresentation – Intent to Deceive), Instruction No. 9 (Fraudulent Misrepresentation – Plaintiff Damaged), or Instruction No. 11 (Compensatory Damages).[6] Accordingly, UPM's Instructions Nos. 6, 7, 9 and 11 are unopposed and should be provided to the jury as requested by UPM.

Based on the foregoing, UPM has updated its Index of Instructions, italicizing those without any objection, as follows:

### INDEX OF INSTRUCTIONS

---

[4] Objections, p. 2-3.

[5] *Id.*, p. 3.

[6] *Compare* Objections *with* UPM Instructions, p. 2-3, 9-10, 13, 15,

Page 3 – DEFENDANTS' RESPONSE TO PLAINTIFF UNIGESTION HOLDINGS, S.A.'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM
UPM-L1\00628809.001

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

| I # | Title | Comments | Instructions Page[7] | Objection? |
|---|---|---|---|---|
| 1. | Fraudulent Misrepresentation – Burden of Proof | UCJI No. 14.01 and UCJI No. 42.10 (modified) | 4 | General |
| 2. | Clear and Convincing Evidence | UCJI No. 14.03 (modified) | 5 | General |
| 3. | *Fraudulent Misrepresentation / Deceit / Fraud – General* | *UCJI No. 42.01* | *6* | *None* |
| 4. | Fraudulent Misrepresentation – False Representation of Material Matter | UCJI No. 42.02 (modified) | 7 | General |
| 5. | Fraudulent Misrepresentation – False Representation by Active Concealment | UCJI No. 42.05 (modified) | 8 | General |
| 6. | *Fraudulent Misrepresentation – Knowledge of Falsity* | *Special Instruction* | *9* | *None* |
| 7. | *Fraudulent Misrepresentation – Intent to Deceive* | *Special Instruction* | *10* | *None* |
| 8. | Fraudulent Misrepresentation – Reasonable Reliance | UCJI No. 42.06 (modified) | 11-12 | Specific |
| 9. | *Fraudulent Misrepresentation – Plaintiff Damaged* | *Special Instruction* | *13* | *None* |
| 10. | Fraudulent Misrepresentation | UCJI No. 70.01; MCJI 5.1; UCJI | 14 | General |

[7] Instruction page number references herein have been updated per ECF #327.

Page 4 – DEFENDANTS' RESPONSE TO PLAINTIFF UNIGESTION HOLDINGS, S.A.'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM
UPM-L1\00628809.001

| I # | Title | Comments | Instructions Page[7] | Objection? |
|---|---|---|---|---|
| | – Damages – Preliminary Instruction | No. 42.11 (modified) | | |
| 11. | *Compensatory Damages* | *Special Instruction* | *15* | *None* |
| 12. | *Preponderance of the Evidence* | *UCJI No. 14.02* | *16* | *None* |
| 13. | Punitive Damages – General | UCJI No. 75.02 (modified) | 17-18 | Specific |
| 14. | Punitive Damages – Out-of-State Conduct | UCJI No. 75.02A (modified) | 19 | Specific |
| 15. | Personal Liability of Corporate Director or Officer | Special Instruction | 20 | Specific |
| 16. | Adverse Inference – Spoliation / Destruction of Evidence | Special Instruction | 21 | Specific |

**B.     Digicel-Haiti's Objections Fail to Satisfy Rule 51 Because They Are Not Sufficiently Specific, and are Otherwise Fatally Flawed.**

Digicel-Haiti's Objections (and proposed instructions) would seriously and materially mislead the jury by reducing Digicel-Haiti's burden of proof and oversimplifying the distinct elements of its claim of common-law fraud by active concealment. As the Ninth Circuit has repeatedly held, "'[j]ury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading.'" *Hunter v. Cty. of Sacramento*, 652 F.3d 1225, 1232 (9th Cir. 2011) (quoting *Dang v. Cross*, 422 F.3d 800, 804 (9th Cir. 2005)). Moreover, each party is entitled to an instruction about their theory of the case "if it is supported by law and has foundation in

Page 5 – DEFENDANTS' RESPONSE TO PLAINTIFF UNIGESTION HOLDINGS, S.A.'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM
UPM-L1\00628809.001

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

the evidence." *Id*.[8] UPM's Instructions properly and accurately present the issues at trial, are fully supported by controlling law and based on admissible trial evidence; Digicel-Haiti's Objections and instructions, in contrast, do not.

Digicel-Haiti's position regarding jury instructions is not only substantively wrong and unduly prejudicial; its Objections are also procedurally deficient. "Under Rule 51, objections to jury instructions ***must* 'stat[e] distinctly the matter objected to and the grounds for the objection.**'" *Hunter*, 652 F.3d at 1231 (quoting Fed. R. Civ. P. 51(c)(1)) (emphasis added). Further, objections to proposed instructions "must be ***sufficiently specific to bring into focus the precise nature of the alleged error*.**" *Id*. (quoting *Palmer v. Hoffman*, 318 U.S. 109, 119, 63 S. Ct. 477 (1943)) (emphasis added). Digicel-Haiti's Objections fail to satisfy these requirements. Its blanket general objection to "any modification of jury instructions proposed by Defendants" is not sufficiently specific to precisely identify either any alleged error or the grounds for the objection.[9] As a result, the Court should disregard Digicel-Haiti's general objections and adopt UPM's Instructions

---

[8] In *Hunter v. Cty. of Sacramento*, the district court used the definition of "practice or custom" stated in MCJI 9.4 (based on Fed. Rules of Evid. 11), to which plaintiffs properly objected as incomplete and misleading by submitting their own jury instructions, accompanied by a citation to one or more cases providing legal support for the stated proposition, that more specifically defined and explained the "practice or custom" prong of a Section 1983 claim under *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). *Hunter,* 652 F.3d at 1228-1236. The Ninth Circuit found that, while the MCJI definition "is consistent with our *Monell* decisions, it is far from a complete statement of our caselaw," which the plaintiffs' proposed instructions directly and correctly encapsulated. *Id*. at 1233-1234. In these circumstances, it was prejudicial error for the trial court to decline to use the plaintiffs' proposed instructions because the theory the instructions explained was key to their case. *Id*. at 1233-1234. Digicel-Haiti's Objections, and its proposed instructions/verdict form, seek a similarly prejudicial result here.

[9] Objections, p. 2.

Nos. 1, 2, 4, 5, and 10, as modified.[10]

Digicel-Haiti's brief objections to UPM Instructions Nos. 8, 13, 14, 15 and 16 are slightly more explicit, but they are still entirely insufficient to meet the requirements of Rule 51. Conspicuously, Digicel-Haiti provides no legal authority whatsoever to support its Objections. For instance, its Objection to Instruction No. 13 (UCJI No. 75.02 – Punitive Damages) claims that UPM's "arguments regarding whether punitive damages are available for in-state v. out-of-state conduct are a confusing oversimplification and extrapolation of distinguishable caselaw," but it fails to articulate the precise nature of *how* unspecified "caselaw" is purportedly distinguishable from the standard set forth in UPM's Instructions.[11]

These deficiencies in Digicel-Haiti's vague, unsupported Objections are sufficient to reject those Objections. Even so, to the extent that UPM can do so, it discusses each Digicel-Haiti objection below.

### 1. Instruction No. 8 (UCJI No. 42.06 – Reasonable Reliance (modified))

Digicel-Haiti objects to the inclusion of *any* instruction on reasonable reliance – an essential element of its claim. Its argument is that the reliance element is sufficiently addressed in UCJI No. 42.01, the general instruction ("[t]he plaintiff reasonably relied on the representation"), and that the inclusion of UCJI No. 42.06

---

[10] Digicel-Haiti failed to advance any specific objection or argument against UPM Instructions No. 1 (UCJI No. 14.01/42.10 (Fraudulent Misrepresentation – Burden of Proof)); Instruction No. 2, (UCJI No. 14.03 (Clear and Convincing Evidence)); Instruction No. 4 (UCJI No. 42.02 (Fraudulent Misrepresentation – False Representation of Material Matter)); Instruction No. 5 (UCJI No. 42.05 (Fraudulent Misrepresentation – False Representation by Active Concealment)); or Instruction No. 10 (UCJI No. 70.01/MCJI 5.1/UCJI No. 42.11 (Fraudulent Misrepresentation – Damages – Preliminary Instruction)). *Compare* Objections, p. 1-2 *with* UPM Instructions, p. 2-3, 4-5, 7-8, 14.

[11] Objections, p. 2.

Page 7 – DEFENDANTS' RESPONSE TO PLAINTIFF UNIGESTION HOLDINGS, S.A.'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM
UPM-L1\00628809.001

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

(modified or unmodified) will unduly emphasize the element.[12] As UPM has previously explained, however, the Oregon Supreme Court has unambiguously held that for Digicel-Haiti to prevail at trial, "*[e]ach of the essential elements of fraud must be proved*, and the ***failure to prove any one or more is fatal*** to the cause of action." *Conzelmann v. Nw. Poultry & Dairy Prods. Co.*, 190 Or. 332, 350, 225 P.2d 757 (1950) (citing *Condit v. Bodding*, supra; 37 C. J. S., Fraud, 400, § 94) (emphasis added).[13] Further, "the person alleging fraud has the burden of proving it, and it must be established by evidence that is clear, satisfactory, and convincing." *Id.* Digicel-Haiti offers no argument or caselaw that would counter these points.

As a critical  element of Digicel-Haiti's fraud claim, "reasonable reliance" embodies a distinct legal standard that the jury cannot derive from that simple, unadorned phrase in the general instruction. Indeed, the fact that there is a separate uniform instruction on this element alone shows that Digicel-Haiti's request is unreasonable.

Digicel-Haiti's request that the jury receive ***no instruction*** on what "reasonable reliance" means under Oregon law is an improper effort to de-emphasize one of the elements that Digicel-Haiti must affirmatively prove by clear and convincing evidence. Failing to include UPM's proposed Instruction on this essential element of Digicel-Haiti's claim would unfairly diminish Digicel-Haiti's heightened burden of proof and substantially prejudice UPM. In the specific context of this case, Digicel-Haiti must not only show that UPM used human behavior software ("HBS") to make the usage patterns of its SIM cards look like those of individual subscribers; it must also show that Digicel-Haiti ***actually*** relied on those usage patterns <u>and</u> that it was ***reasonable*** for it to rely on that supposedly deceptive usage pattern. So even if Digicel-Haiti can show that

---

[12] *Id.*, p. 2; *see also* UCJI No. 42.01.

[13] *See also* Defendant's Objections to Plaintiff's Proposed Jury Instructions and Verdict Form (ECF # 334), ⁋ II(2).

UPM used HBS at all (which UPM denies), UPM will argue that Digicel-Haiti's own explanation of the extraordinary effectiveness of its bypass detection systems shows that any purported Digicel-Haiti actual reliance on what UPM did was not reasonable.[14] UPM will be prejudiced in making its case if the jury does not receive a specific instruction addressing the legal standard applicable to this specific, key element of Digicel-Haiti's case.

Finally, in addition to objecting to any instruction specific to the reasonable reliance element, Digicel-Haiti apparently also objects to UPM's modification of UCJI No. 42.06 (in UPM's Instruction No. 8). Digicel-Haiti, however, does not state any specific objection (or any grounds for objection) to the modifications UPM made. UPM respectfully refers the Court to the authority UPM cited in its proposed Instruction No. 8 to justify UPM's modifications of that instruction.[15]

## 2. Instruction No. 13 (UCJI No. 75.02 – Punitive Damages (modified))

Digicel-Haiti broadly complains that UPM's modification of UCJI No. 75.02 is an "unnecessary and improper variation from the standard instruction," but fails to identify the specific modifications to which it objects and the grounds for these unstated objections.[16] UPM's modifications to UCJI No. 75.02 are, in fact, necessary in the circumstances of this case. Instruction No. 13 is neither confusing nor prejudicial. Instead,

---

[14] *See* Digicel-Haiti Lay Witness Statements (ECF #303), p.7 (Digicel-Haiti's "system for identifying potential bypass as 99.9% accurate"). The reasonableness of Digicel-Haiti's reliance is not to be assessed in the abstract, but rather in light of Digicel-Haiti's sophistication and knowledge. *See Cocchiara v. Lithia Motors, Inc*., 353 Or. 282, 297 P.3d 1277 (2013); *Or. Pub. Emples. Ret. Bd. v. Simat, Helliesen & Eichner,* 191 Or. App. 408, 428, 83 P.3d 350, 362 (2004).

[15] *See* UPM Instructions, p. 11.

[16] Objections, p. 2.

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

it accurately summarizes the controlling legal standard for awarding punitive damages, and Digicel-Haiti fails to provide any authority or argument to the contrary. Indeed, Digicel-Haiti's proposed instructions explaining damages, when read together, are misleading and confusing as to the availability of and standards for assessing compensatory and punitive damages.[17]

As noted above, Digicel-Haiti objects to the Court instructing the jury on the law distinguishing the availability of assessing punitive damages for in-state versus out-of-state fraudulent conduct, claiming that UPM's instruction is a "confusing oversimplification and extrapolation" of the applicable caselaw.[18] UPM cannot meaningfully respond to such a vague and non-specific concern. UPM simply notes that its proposed instruction is directly based in controlling caselaw, and respectfully refers the Court to the authority UPM has previously provided.[19]

UPM notes that it is seeking to have Digicel-Haiti's punitive damages claims dismissed.[20] If, however, the case will include the potential for punitive damages, the jury **must** be instructed on the constitutional principles limiting the availability of punitive damages for out-of-state conduct. Moreover, as previously described, UCJI No. 75.02 must be modified to remove the "recklessness" standard of punitive damages – recklessness was not pled by Digicel-Haiti – and clarify that punitive damages are only available after a finding of actual and substantial compensatory damages.[21]

---

[17] *See* Digicel-Haiti's proposed jury instructions (ECF #313), p. 12-14; *see also* Defendant's Objections to Plaintiff's Jury Instructions and Verdict Form (ECF #334), ¶¶ I (2), II (3-5).

[18] Objections, p. 2.

[19] *See* UPM Instructions, p. 17.

[20] Defendant's Renewed Motion for Summary Judgment (ECF #335), p. 13-18.

[21] *See* UCJI 75.02 cmt., p. 2 ("Read both the recklessness and the malice standards **only if the plaintiff alleges both** and submits both to the jury.") (emphasis added); *see also* ECF #334, ¶ I(6); Defendant's Renewed Motion for Summary Judgment (ECF #335), p. 12-13.

Page 10 – DEFENDANTS' RESPONSE TO PLAINTIFF UNIGESTION HOLDINGS, S.A.'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM
UPM-L1\00628809.001

### 3.  Instruction No. 14 (UCJI 75.02A – Punitive Damages and Out-of-State Conduct (modified))

Without providing any supporting authority, Digicel-Haiti broadly objects to the (mandatory) inclusion of Instruction No. 14 as an "attempt to 'talk' the jury out of finding punitive damages."[22] According to Digicel-Haiti, such damages are purportedly generally available because "[i]f Defendants are found liable for fraud[,] then their conduct in its totality—including, but not limited to conduct within Oregon—is what caused Plaintiffs' damages."[23] Digicel-Haiti thus seeks to entirely exclude the binding constitutional caselaw precluding awards of punitive damages for out-of-state conduct. This is clearly not the law, and it would be manifest error to give the jury such incomplete, incorrect instructions.

Indeed, Digicel-Haiti entirely ignores the constitutional caselaw precluding awards of punitive damages for out-of-state conduct. In so doing, it seeks to permit, if not affirmatively encourage, the jury to act beyond the bounds of the Due Process Clause. There is no basis in law or fact for Digicel-Haiti's objection. *See e.g.,* Defendant's Renewed Motion for Summary Judgment (ECF #335), p. 13-18. Without repeating UPM's arguments on that point here, UPM notes that the official UCJI comments succinctly demonstrate the need to provide the jury with Instruction No. 14 regarding alleged out-of-state conduct. First, UCJI No. 75.02 contains the following caveat:

> UCJI No. 75.02 instructs the jury on the ***state-law standards*** for awarding punitive damages and the constitutional limitations on those awards. *See State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 123 S Ct 1513, 155 L. Ed. 2d 585 (2003); *BMW of N. Am. v. Gore,* 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996)**. *It may be <u>necessary</u> to instruct the jury on certain other federal constitutional limitations on***

---

[22] Objections, p. 2-3.

[23] *Id.*

*punitive damages.* *See* UCJI Nos. 75.02A (jury may not punish for out-of-state harm).[24]

Then, the caveat to UCJI No. 75.02(A) expressly states that, if evidence of out-of-state conduct by the defendant has been received, "the jury *must* be instructed that it may not use this type of evidence to punish a defendant for conduct that was lawful in the jurisdiction where it occurred."[25] Clearly, the inclusion of UCJI 75.01 (as slightly modified by UPM) is absolutely necessary if Digicel-Haiti's punitive damages claim proceeds to trial.

### 4. Instruction No. 15 (Special Instruction – Liability of Corporate Director or Officer)

Digicel-Haiti objects to Instruction No. 15 on the basis that it "suggests a higher bar for [Mr. Tran's] liability for his conduct to direct and control UPM's Bypass operation. That is not the case" – again without citing any relevant, contrary authority or attempting to distinguish UPM's authority.[26] The separate standard set forth in Instruction No. 15 is, in fact, the law, and it would be error to fail to instruct the jury accordingly.

Digicel-Haiti may not like it, but Instruction No. 15 is an accurate summary of Oregon law: where a corporation is liable for fraud, in order to maintain an action for deceit against an officer of the corporation, "it is *necessary to allege and prove* that such officer in some manner participated in the fraudulent representations." *McFarland v. Carlsbad Hot Springs Sanitarium Co.*, 68 Or. 530, 539, 137 P. 209 (1913) (emphasis added). "*Relief against the directors personally requires a much stronger case of fraud* than relief against the company." *Id.* at 537 (citations omitted and emphasis added).

---

[24] UCJI No. 75.02, CAVEAT (emphasis added).

[25] UCJI No. 75.02A, CAVEAT (emphasis in original).

[26] Objections, p. 3.

Page 12 – DEFENDANTS' RESPONSE TO PLAINTIFF UNIGESTION HOLDINGS, S.A.'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM
UPM-L1\00628809.001

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Specifically, "in order to hold the officer of a corporation personally liable for fraud by an agent or employee of the corporation *it is necessary to show that the officer had knowledge of the fraud, either actual or imputed,* or that *he personally participated* in the fraud." *Osborne v. Hay*, 284 Or. 133, 145-46, 585 P.2d 674 (1978) (citing *McFarland*, 68 Or 530 and *Hoff v. Peninsula Drainage Dist.*, 172 Or 630, 643, 143 P.2d 471 (1943)) (emphasis added). A director/officer who *does not participate in or authorize* the making of fraudulent representations is not chargeable with fraud. *Hoff v. Peninsula Drainage Dist.*, 172 Or. at 643 (1943). Digicel-Haiti' problem here is not with UPM's proposed Instruction; it is with the law of Oregon on the topic of officer and director liability for fraud committed by the corporate entity. UPM's proposed Instruction No. 15 is necessary and appropriate in this case.

### 5.  Instruction No. 16 (Special Instruction - Spoliation of Evidence)

Digicel-Haiti objects to UPM's proposed Instruction No. 16 on the grounds that it is supposedly prejudicial, referring to its arguments in connection with its server crash, discussed in its motions *in limine*.[27] But Instruction No. 16 does not direct the jury to draw any inference from the server crash; to the contrary, it instructs that, *without* finding or inferring that the loss or destruction of evidence was intentional or in bad faith, "[y]ou *may, but are not required to*, draw an inference that by reason of the loss…the lost evidence was unfavorable to Digicel-Haiti."[28] This instruction properly states the relevant law, is not misleading, and fairly and adequately states both parties' theory of the case on this issue.

---

[27] Objections, p. 3.

[28] UPM Instructions, p. 21 (emphasis added).

Page 13 – DEFENDANTS' RESPONSE TO PLAINTIFF UNIGESTION HOLDINGS, S.A.'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM
UPM-L1\00628809.001

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

### 6. Summary

Digicel-Haiti's Objections to UPM's proposed Instructions fail to satisfy the requirements of Fed. R. Civ. P. 51(c), and the Court should therefore entirely disregard those Objections. Digicel-Haiti's proposals misrepresent the law and would prevent UPM from having a fair trial. In contrast, UPM's Instructions fairly and adequately cover the issues presented, correctly state the law, and are not misleading. Moreover, they allow both parties to present their theory of the case. *Hunter, supra,* 652 F.3d at 1232; *see also Norwood v. Vance*, 591 F.3d 1062, 1067 (9th Cir. 2010) (finding failure to give additional guidance on operative legal standard rendered instructions incomplete and misleading was prejudicial because "[i]f properly instructed, the jurors might well have reached a different conclusion"); *Fikes v. Cleghorn*, 47 F.3d 1011, 1013 (9th Cir. 1995) (holding that jury "instructions must allow the jury to determine the issues presented intelligently"). For these reasons, the Court should disregard Digicel-Haiti's objections and adopt UPM's proposed Instructions.

## II. RESPONSE TO DIGICEL-HAITI'S OBJECTION TO UPM's PROPOSED VERDICT FORM

Digicel-Haiti's objection to UPM's proposed Verdict Form is premised on the parties' fundamental dispute as to scope of the issues for trial, as limited by the Court's ruling on dispositive motions (ECF #294). Digicel-Haiti claims that it should be able to generally argue and submit to the jury "whether Defendants defrauded Plaintiffs through active concealment."[29] As UPM has explained, however, the Court's ruling seems clear that the *only* surviving issue for trial is whether UPM used HBS to interfere with Digicel-Haiti's ability to identify and block UPM's SIM cards. UPM respectfully refers the Court to UPM's argument on this point in its Reply in Support of UPM's Motions *in Limine*, filed

---

[29] Objections, p. 4.

contemporaneously herewith, its Motions *in Limine* (ECF #324), and its Renewed Motion for Summary Judgment (ECF #335).

As was the case with UPM's proposed jury instructions, Digicel-Haiti does not specifically object to UPM's Verdict Form on any particular legal basis, and, instead, generally objects to the form in its entirety, urging the Court use its own verdict form (ECF #312). As UPM has explained, however, Digicel-Haiti's form would fail to put the essential elements of its fraud claim before the jury, and otherwise materially misstates the applicable law.[30] UPM respectfully requests that the Court use UPM's Verdict Form, which fairly and appropriately puts the issues before the jury and correctly embodies controlling Oregon law.

The vagueness and lack of specificity in Digicel-Haiti's Objections to UPM's Verdict Form fail to satisfy the requirements of Fed. R. Civ. P. 51(c), and the Court should disregard those objections for that reason alone. Moreover, Digicel-Haiti's proposed form misrepresents and confuses the law by, among other things, being inadequately specific as to the several different elements of fraud that Digicel-Haiti must prove by clear and convincing evidence. Adopting Digicel-Haiti's form would prevent UPM from having a fair trial because, among other things, it would interfere with UPM's ability to present its theory of the case to the jury. *Hunter v. Cty. of Sacramento, supra; Norwood v. Vance, supra; Fikes v. Cleghorn, supra.* For these reasons, the Court should disregard Digicel-Haiti's objections to UPM's proposed Verdict Form and adopt UPM's proposed form for use in this case.

---

[30] *See* UPM's Objection to Plaintiff's Jury Instructions and Verdict Form (ECF #334), p. 4-5.

Page 15 – DEFENDANTS' RESPONSE TO PLAINTIFF UNIGESTION HOLDINGS, S.A.'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM
UPM-L1\00628809.001

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

## III.    CONCLUSION

For the foregoing reasons, UPM respectfully requests that the Court disregard Digicel-Haiti's Objections in their entirety, and adopt UPM's Proposed Jury Instructions and Verdict Form, as submitted.

Dated: March 14, 2022.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    Blake Van Zile, OSB #184672
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    bvanzile@tomasilegal.com
    Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    Telephone: (202) 973-4200
    *(Admitted Pro Hac Vice)*

Of Attorneys for Defendants

Page 16 – DEFENDANTS' RESPONSE TO PLAINTIFF UNIGESTION HOLDINGS, S.A.'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM
UPM-L1\00628809.001

*TOMASI SALYER MARTIN*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2022, I served the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF UNIGESTION HOLDINGS, S.A.'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM** on the following individuals by electronic service to said individuals:

Robert C.L. Vaughan
Cherine Smith Valbrun
Leah Storie
Kim Vaughan Lerner LLP
One Financial Plaza
100 SE Third Avenue • Suite 2001
Fort Lauderdale, FL 33394
Email: rvaughan@kvllaw.com
Email: cvalbrun@kvllaw.com
Email: lstorie@kvllaw.com

Anne M. Talcott
Kathryn E. Kelly
Schwabe, Williamson & Wyatt, PC
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Email: atalcott@schwabe.com
Email: kkelly@schwabe.com

Dated: March 14, 2022.

TOMASI SALYER MARTIN

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    Blake Van Zile, OSB #184672
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    bvanzile@tomasilegal.com
    Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    Telephone: (202) 973-4200
    *(Admitted Pro Hac Vice)*

Of Attorneys for Defendants

Page 1 – CERTIFICATE OF SERVICE
UPM-L1\00628809.001