**Anne M. Talcott**, OSB #965325
Email: atalcott@schwabe.com
**Kathryn E. Kelly**, OSB #175162
Email: kkelly@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
**Cherine Smith Valbrun** *(Pro Hac Vice)*
E-mail: cvalbrun@kvllaw.com
E-mail: emailservice@kvllaw.com
KIM VAUGHAN LERNER LLP
312 SE 17th Street, Suite 300
Fort Lauderdale, FL  33316
Telephone: 954.527.1115
Facsimile: 954.527.1116

*Attorneys for Plaintiff, Unigestion Holdings, S.A.,
a foreign corporation, d/b/a Digicel Haiti*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNIGESTION HOLDINGS, S.A., d/b/a DIGICEL HAITI**, <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> **UPM TECHNOLOGY, INC.,** *et al.*, <br><br> Defendants and Counterclaim Plaintiff. | No. 3:15-cv-00185-SI <br><br><br> **PLAINTIFF UNIGESTION HOLDINGS, S.A.'S RESPONSE IN OPPOSITION TO UPM TECHNOLOGY INC.'S RENEWED MOTION FOR SUMMARY JUDGMENT** <br><br> **ORAL ARGUMENT REQUESTED** |

Page 1 -    UNIGESTION'S RESPONSE IN OPPOSITION TO UPM
TECHNOLOGY'S RENEWED MOTION FOR
SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

Plaintiff Unigestion Holdings, S.A., d/b/a Digicel Haiti ("Digicel Haiti") submits the following Response in Opposition to UPM Technology Inc.'s and Duy Tran's (collectively "Defendants") Renewed Motion for Summary Judgment ("MSJ") [**ECF 335**] ("Response").

## INTRODUCTION

Defendants' redoubled efforts to keep this case away from a jury at any and all costs, peaked with its "renewed" MSJ. Defendants' filing can only be described as one last Hail Mary, an "everything plus the kitchen sink" attempt to prevent Digicel Haiti from presenting this case to a jury—the ultimate trier of fact. Defendants do not merely renew and repeat their arguments which have been previously considered and ruled upon, it ignores this Court's order on the prior briefed and argued summary judgment motions and combines its prior arguments with additional facts gleaned from Digicel Haiti's numerous pretrial filings to scrape together any and all last-ditch arguments it can now muster.

The multiple internal inconsistencies between this motion and Defendants' previous filings are difficult to keep track of. For example, on the one hand, *Defendants admit to connecting calls through Bypass* and on the other, they argue that Digicel Haiti cannot show that UPM connected any Bypass calls and therefore has no damages. Obviously, on this—Defendants' third or fourth attempt to convince this Court to gut Digicel Haiti's damages case—a slight oversimplification of Defendants' efforts to overcomplicate every conceivable aspect of Digicel Haiti's remaining case is excusable, if not warranted, just to bring us back to center in this litigation.

This is a fraud case based upon fraud through active concealment. The Plaintiff alleges that through a sophisticated international enterprise designed at every level to hide its very existence and operations from Digicel Haiti, UPM and its principal Duy Tran, have utilized fraud and artifice to actively conceal their protracted and secret use of Digicel Haiti's telecommunications infrastructure in Haiti to its own pecuniary benefit and to Digicel Haiti's detriment. Defendants have admitted the fraudulent conduct. The actual and circumstantial evidence of damages must now go to the jury along with the details of Defendants' fraud. Defendants' untimely second bite at yet another MSJ should be summarily denied.

Page 1 -     UNIGESTION'S RESPONSE IN OPPOSITION TO UPM
             TECHNOLOGY'S RENEWED MOTION FOR
             SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

Not only is the filing untimely, all but one of Defendants' arguments lack any legal support—meaning there are no cases cited *whatsoever* in support of the renewed arguments. There are no new facts included and certainly no new caselaw cited to create even the illusion that the filing was proper or necessary. Rather, Defendants seek to either repackage old arguments or use old facts to create new arguments that they failed to raise in the previous motions for summary judgment. From a strictly procedural perspective, the prejudice to Digicel Haiti to have to address this renewed motion on the eve of trial is not insignificant. A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). As the Ninth Circuit cautioned: "Disregard[ing] the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id.* Defendants should not be so rewarded. Being mindful (and grateful) for this Court's repeated courtesies to both sides regarding timing and scheduling throughout this litigation, this is a horse of a different color. This is nothing more than re-argument on dispositive motions which have been previously argued. The deadline for dispositive motions passed on December 3, 2021. Defendants filed their dispositive motions—as did Digicel Haiti. Defendants' motions[1] were heard and argued, for hours. Digicel Haiti's motion was deferred until the second part of the case—after the fraud claim is adjudicated. Defendants now seek to have a second bite at the apple before Digicel Haiti's motion is even heard in the first instance. Defendants' "renewed" MSJ must be denied.

If the Court does, once again, entertain the merits of Defendants' latest MSJ, even a cursory review of the relevant precedents regarding evidence of damages and causation, disposes of the majority of Defendants' arguments. Digicel Haiti's proffered evidence of the damages it suffered due to Defendants' fraud—Defendants' admitted fraud—satisfies the basic evidentiary threshold to take this matter to a jury. The remaining factual arguments raised by Defendants in the renewed MSJ do little more than highlight the multitude of issues that further support submitting Digicel

---

[1] Defendant UPM Technology, Inc.'s Motion for Summary Judgment (ECF Nos. 254, 255) and Defendants Benjamin Sanchez a/k/a Benjamin Sanchez Murillo, Baltazar Ruiz, Tyler Allen and Duy Tran aka Bruce Tran's Motion for Summary Judgment (ECF 259).

Page 2 -    UNIGESTION'S RESPONSE IN OPPOSITION TO UPM
            TECHNOLOGY'S RENEWED MOTION FOR
            SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

Haiti's fraud claim to a trial by jury.[2]

## LEGAL ARGUMENT

### I.   Digicel Haiti Has Proffered Sufficient Damages Evidence

"A defendant whose wrongful conduct has rendered difficult the ascertainment of the precise damages suffered by the plaintiff, is not entitled to complain that they cannot be measured with the same exactness and precision as would otherwise be possible." *Blanchard v. Makinster*, 137 Or. 58, 66, 290 P. 1098, 1098 (1931). This old adage still rings true and speaks exactly to the facts of this case. Defendants' attempt through their Renewed MSJ to create legally unsupportable hurdles to Digicel Haiti's ability to prove damages. Defendants' arguments preview how it may try to challenge Digicel Haiti's damages case at trial, but these arguments do not present cognizable grounds for summary judgment on the eve of trial. Defendants purport to articulate several challenges to Digicel Haiti's damages case—which range from the barely relevant (albeit inappropriate for summary judgment) to borderline unintelligible. Respectfully, none of these challenges rise to the level required under the caselaw to prevent Digicel Haiti from presenting its case to the jury—and certainly not on a rehearing or reconsideration of Defendants' previously argued MSJs. This is not a breach of contract case where damages are a liquidated sum articulated in an agreement. Defendants first denied bypass entirely, then admitted only being in Haiti briefly, then later admitted to having forgotten a portion of their time in Haiti doing bypass—but only after circumstantial evidence was discovered which forced that "recollection." Those denials were only possible because a significant portion of the proof of the alleged fraud is circumstantial. The jury—not the court—should be allowed to determine if Defendants are to be believed regarding the rest of their denials.

"The general rule of damages in fraud is that a plaintiff is entitled to such damages as naturally and proximately resulted from the fraud." *McLean v. Charles Ellis Realty, Inc.*, 189 Or.

---

[2] Defendants' remaining arguments seek improper piecemeal adjudication of issues. This was previously argued in Digicel Haiti's Response to UPM's Motion for Summary Judgment. [ECF 274 at 6-8]. Rather than repeat that argument here, Digicel Haiti incorporates and renews this objection as it also applies to the Renewed MSJ.

Page 3 -   UNIGESTION'S RESPONSE IN OPPOSITION TO UPM
TECHNOLOGY'S RENEWED MOTION FOR
SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

App. 417, 427 (2003) (internal quotations omitted), *citing Selman v. Shirley*, 161 Ore. 582, 609, (1939). "[T]he proper measure of damages must be flexible to compensate the plaintiff for whatever loss he has suffered." *Dizick v. Umpqua Cmty. Coll.*, 287 Or. 303, 312 (1979). Digicel Haiti has presented overwhelming evidence of Defendants' fraud and the intentionality and motivation behind Defendants' business operations. Digicel Haiti has presented evidence of its losses due, it believes, to bypass. It has presented circumstantial evidence that points to UPM as being responsible for a significant portion of that damage. As Defendants have previously conceded, they were working to 'build a better mouse trap' and to take advantage of the high profit margins available in developing international telecommunications markets like Haiti. In other words, Haiti and Digicel Haiti were targeted by UPM. This better mousetrap and Defendants' efforts to take advantage of the high profit margins were all at Digicel Haiti's expense and all resulted in lost revenue to Digicel Haiti and high profits to Defendants. Defendants have also been forced to concede that their business model was based on Bypass—the very fraud that Digicel now complains of in this suit.

Defendants also use this late-filed MSJ to attack Digicel Haiti's damages expert, Mr. Charles Castel. Digicel Haiti has responded to Defendants' motion in *limine* to exclude Mr. Castel's testimony (ECF 344) which response is relevant here to the extent that it speaks directly to the degree of certainty with which Digicel Haiti is required to "prove" damages prior to trial. While the fact of damages must be clearly shown, the amount of damages need not be proved (prior to trial) with the same degree of certainty. Only a reasonable approximation is required. *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1443 (9th Cir. 1990). The most elementary conceptions of justice and public policy require that the wrongdoer bear the risk of uncertainty which his wrong has created. *Bigelow et al. v. RKO Radio Pictures, Inc.*, 327 U.S. 251, 265 (1946).

Here, Defendants again ask the Court to hold Digicel Haiti to an unreasonable and near impossible certitude with respect to proof of damages—especially when considered in light of the type and nature of the harm inflicted through their own admitted fraud. "Where the fact of damages is certain, the amount of damages need not be calculated with absolute certainty." The law requires

Page 4 -    UNIGESTION'S RESPONSE IN OPPOSITION TO UPM
TECHNOLOGY'S RENEWED MOTION FOR
SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

only that some reasonable basis of computation of damages be used, and the damages may be computed even if the result reached is an approximation. *Phone Funders v. Telecare, Inc.*, NO. 96-55129, 1997 U.S. App. LEXIS 12497, at *3 (9th Cir. May 29, 1997) *citing GHK Associates v. Mayer Group, Inc.* 224 Cal. App. 3d 856, 873-874 (1990). The Court must deny the MSJ and allow the jury to decide the appropriate amount of damages based on the admissible evidence—both direct and circumstantial—presented at trial.

## II.    The Renewed MSJ Primarily Focuses on Disputed Issues of Fact for Trial

Defendants' Renewed MSJ next focuses on certain issues of fact that Defendants misguidedly attempt to characterize as issues appropriate for summary judgment. These issues include arguments regarding whether: (1) the amounts that UPM spent on its operations should provide a set-off of Digicel Haiti's damages; (2) whether Human Behavior Software ("HBS") was effective; (3) whether RLYH Bypass caused Digicel Haiti to lose money; and (4) whether Digicel Haiti had the "right" to disconnect the SIM Cards Defendants were using for bypass.[3]

Here again, Defendants fail to provide any legal support for how these matters present issues of law that can be disposed of—ad hoc and piecemeal—at summary judgment. None of these issues have been established to a point it can reasonably be concluded that there are no material facts in dispute. Additionally, none of these issues are distinct elements of any of the claims or defenses alleged. Rather, these singular discrete *arguments*, are conclusions of fact that Defendants would wish the Court to prematurely take from the jury, to facilitate Defendants' defenses at trial. Further, these arguments are bottomed on a convenient and particularly aggressive and narrow interpretation of the Court's previous order on summary judgment where Defendants advocate that the case be narrowed to *only* allow evidence of Defendants' use of HBS.[4] Defendants are now attempting to use the Court's recently issued Order on summary judgment as

---

[3] This is an issue which the Court has bifurcated along with UPM's telecommunications act claims. Digicel Haiti maintains that this issue is irrelevant in this first phase fraud claim.

[4] As argued in its pretrial objections to a number of Defendants' filings, Digicel Haiti believes Defendants' narrowing of the issues before the Court to active concealment only through HBS is erroneous and self-serving. See ECF 341 at 3-4.

Page 5 -    UNIGESTION'S RESPONSE IN OPPOSITION TO UPM
             TECHNOLOGY'S RENEWED MOTION FOR
             SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

a springboard for this renewed motion for summary judgment. That aside, rejecting this aggressively erroneous premise renders large portions of the Defendants' current MSJ moot. Notwithstanding, and in an abundance of caution, Digicel Haiti will briefly address each of Defendants' renewed arguments in turn.

a.  Defendants are Not Entitled to Summary Judgment on "Offset"

Whether Defendants are entitled to an offset for the costs and expenses associated with its fraudulent scheme is a matter for the jury. It is hard to fathom a party arguing in the face of Defendants' admissions and the record evidence in this case that "yes," it undertook the fraudulent activities alleged but that in perpetuating the fraud it incurred expenses for which it is entitled to an Order of reimbursement from the Court. While Defendants are entitled to the opportunity to prove that "yes, but …" affirmative defense at trial, where there are still facts in dispute regarding the extent of its activities and the extent of its expenditures and transactions completed and with whom those transactions were completed to effectuate the fraud against Digicel Haiti, Defendants are not entitled to judgment as a matter of law on a claim for setoff.

b.  Defendants are Not Entitled To Summary Judgment on HBS

On the one hand, Defendants have argued that they did not use HBS in furtherance of Bypass. On the other hand, they suggest that the Court limit the *entire* fraud case to whether they used HBS for Bypass. Defendants' not-so-slight-of-hand aside, Defendants at the same time further suggest that they be granted summary judgment on whether HBS was effective. While the Defendants' many positions on this single issue are enough to cause vertigo, this question, based upon the record evidence, is inapposite because: 1) it is argument; 2) it is not an issue for summary judgment as there are allegedly material facts in dispute; and 3) HBS is not the only means through which UPM actively concealed its Bypass activities. How UPM used HBS, how well it worked, how it worked with the other components of Defendants' fraud against Digicel Haiti and whether it all constitutes active concealment are again all issues of fact for a jury—not an issue for summary judgment.

Semantics and contortions of logic aside, the very nature of Defendants' "arguments"

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

confirm that this is not a matter for summary judgment. It appears that in fashioning their arguments for this motion, Defendants determined that worst case scenario is they lose this motion—which should never even have been filed anyway—best case scenario is they force Digicel Haiti to preview its responses to these arguments for trial. Win-win—for Defendants— not for Digicel Haiti, or this Court.

These are not issues of law for summary judgment, nor are they material facts which are so not in dispute that a judgment as a matter of law is warranted. This is *argument* and Digicel Haiti should not be forced to use the remaining weeks before trial to engage in these newly created improper, untimely, and frankly, illogical arguments.

### c. Whether Digicel Haiti "Could" Disconnect RLYH SIMS is not a Matter for SJ

Finally, whether Digicel Haiti could disconnect RLYH SIM cards used for bypass is a matter of Haitian law, not FCC regulation, and whether it caused UPM to lose money is not a matter of law for summary judgment. The law of Haiti on this issue has been established *ad nauseum* over the past nearly seven years of litigation. Yet Defendants do not suggest that Digicel Haiti is entitled to summary judgment on that point. Defendants' familiar refrain in this case that its fraudulent conduct furthered "FCC policy" on resale, is and should remain unavailing. Because, it is simply not true. Defendants' newest argument that whether Digicel Haiti had a legal right to disconnect the SIM cards somehow informs the parties' business relationship is flawed and nearly nonsensical. Why? Because in the next breath Defendants argue that UPM was not bound by Digicel's Haiti's terms and conditions because it had no relationship with Digicel Haiti; it signed nothing; it accepted no terms and conditions; and it had no obligations under those terms and conditions. Defendants' own inconsistent positions create the very material disputes of fact it now seeks to conveniently ignore in pursuit of summary judgment.

Digicel Haiti had clear terms and conditions that prohibited commercial use of the RLYH program. [ECF 274, Ex. A]. The viability of the RLYH program depended on the singular fact that it was being used by individual subscribers from Digicel Haiti using that service in their individual capacity while roaming in the United States. The program did not allow aggregating

Page 7 -   UNIGESTION'S RESPONSE IN OPPOSITION TO UPM
TECHNOLOGY'S RENEWED MOTION FOR
SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

and reselling roaming access that was only made available to Digicel Haiti subscribers through Digicel Haiti's roaming agreements with third parties—especially when those "reselling" the access had no relationship to or with Digicel Haiti.

Digicel Haiti maintains that Defendants' argument in this regard bears no relevance to the fraud claim. Even so, the argument presents yet additional issues of fact for a jury to determine. This last-minute theory must similarly be disregarded, and the MSJ denied.

### III.    Digicel Haiti Meets the Legal Standards to Present Reputational Damages Claims

Oregon allows for damages for harm to good will, even if an exact number is not provided by the party seeking damages. *See Crowd Mgmt. Servs., Inc. v. Finley*, 99 Or. App. 688, 691 (1989) (holding that once a party proved the defendant caused injuries to reputation and good will, the jury was entitled to determine the amount). A "plaintiff's loss of reputation and business opportunities amount to harm to good will and, once plaintiff established that defendant caused those injuries, the trier of fact was entitled to determine the appropriate compensation." *Id.; referencing Brown v. McCloud*, 96 Or 549, 552, 190 P 578 (1920); *see also Carlson v. Steiner*, 189 Or 255, 265, 220 P2d 100 (1950). "Uncertainty as to the extent of injury or the amount of damages that will properly compensate for an injury does not preclude recovery." *Crowd Mgmt. Servs., Inc.* 99 Or. App. at 691.

Likewise, Defendants are not entitled to summary judgment on this portion of Digicel Haiti's damages claim where Digicel Haiti has properly pled and established through its lay witnesses and experts, that its network suffered non-monetary damages caused by Bypass. Those damages can be valued—or not—by a jury. While Digicel Haiti strives for as much specificity as possible in analyzing the damage caused by Defendants' fraud and resulting theft of services, it is not required to deliver a precise amount of damages ahead of trial. This request for summary judgment must also be denied.

### IV.    Digicel Haiti Meets the Legal Standards to Present Punitive Damages to the Jury

Defendants' request for summary judgment on Digicel Haiti's punitive damages claim rests on the mistaken notion that Digicel Haiti is required to prove, in its pretrial briefings, the very

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

things that the jury is expected to determine at trial. This false premise leads to the error in Defendants' analysis. Further, just like the other arguments before, this request also fails because it involves multiple issues of fact that make it an inappropriate issue for summary judgment. Like Defendants' argument regarding Digicel Haiti's compensatory damages, Defendants incorrectly posit that Digicel Haiti must establish its punitive damages with certainty in order to take its case for punitive damages to the jury. Defendants are wrong.

Digicel Haiti previously made the showing that there was sufficient evidence to allow its complaint to maintain a claim for punitive damages. Now, the case goes before the jury for the jury to determine whether Defendants acted with malice and intent in the execution of their fraudulent scheme. If the jury finds no liability for damages, Digicel Haiti does not get punitive damages. Likewise, if the jury does not find intentionality, Digicel Haiti does not get punitive damages. However, under no analysis or legal standard do Defendants get to upend that process—through summary judgment—where Digicel Haiti has established sufficient record evidence for the jury to determine that Defendants' fraud was intentional and caused harm to Digicel Haiti. *See Howmar Materials, Inc. v. Peterson*, 171 Or. App. 52, 58, (2000) (punitive damages can be awarded for intentional fraud and defendant's evidence of fraud was sufficient to support adding a punitive damages claim.)

Defendants further argue that they cannot be responsible for punitive damages because of where its conduct took place and because its conduct caused "out-of-state harm." On its face, Defendants' own argument does not absolve it of liability for its fraud. Defendants' statement of the rule acknowledges that "punishing a defendant for in-state conduct that causes out-of-state harm, also necessarily depends on the state of the evidentiary record." ECF 335 at 15; *citing Schwarz v. Philip Morris Inc.* (In re Estate of Schwarz) 206 Or. App. 20, 49-50 (2006). Here, that record will be considered and determined by the jury at the close of the evidence. Defendants then emphasize that whether they should be held responsible for punitive damages depends on the state's interest in preventing the harm that occurred. It is hard to argue with a straight face that Oregon does not have a policy interest in reducing fraud, particularly fraud related to international

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

telecommunications that has impacted the burgeoning telecom networks of numerous sovereign nations,[5] or that Oregon does not have a policy interest in preventing fraud where that fraud involves an international enterprise that was directed and operated from Oregon. Digicel Haiti has already provided sufficient evidence to allow it to maintain its claim for punitive damages, and now it is within the province of the jury to decide if those damages are appropriate in this case.

## CONCLUSION

If history teaches anything, Defendants' reply will surely attempt to cast Digicel Haiti's response as "missing the mark" or "misunderstanding" its points in this renewed motion for summary judgment, for one reason or another. Respectfully, however, the time for dispositive motions has passed and Defendants' Renewed MSJ is improper, unnecessary, and unhelpful. Arguably, this case involves a unique subject matter—Bypass—but a well-known cause of action—fraud—which is as old as time. Digicel Haiti has been wronged by UPM and Mr. Tran through fraudulent conduct directed at enriching UPM and Mr. Tran at Digicel Haiti's expense.

---

[5] UPM also briefly mentions that malice is required to sustain a claim for punitive damages. Digicel Haiti rejects the suggestion that a jury could not determine from a totality of the evidence to be presented here, that UPM carried out its operation with malicious intent to target certain foreign carriers operating in developing and under-resourced territories, including specifically, Digicel Haiti. Even Defendants allude to targeting territories with "high termination rates."

Page 10 -   UNIGESTION'S RESPONSE IN OPPOSITION TO UPM
            TECHNOLOGY'S RENEWED MOTION FOR
            SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

After 5 motions to dismiss, 3 motions for summary judgment and over 242 pleadings—not counting orders, minute orders and clerk's notices—it is now time for Digicel Haiti to have its day in court.  Based on the foregoing, Digicel Haiti respectfully requests the Court deny, outright, Defendants' Renewed Motion for Summary Judgment.

Dated this 16th day of March, 2022.

Respectfully submitted,

By:  *s/ Robert C.L. Vaughan*

Anne Talcott, OSB #965325
Email: atalcott@schwabe.com
Kathryn E. Kelly, OSB #175162
Email: kkelly@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Telephone: 503.796-2958

Robert C. L. Vaughan (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
Cherine Smith Valbrun (*Pro Hac Vice*)
Email:  cvalbrun@kvllaw.com
Leah B. Storie (*Pro Hac Vice*)
Email:  lstorie@kvllaw.com
KIM VAUGHAN LERNER LLP
One Financial Plaza, Suite 2001
Fort Lauderdale, FL  33394
Telephone:    (954) 527-1115

*Attorneys for Plaintiff, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti*

Page 11 -    UNIGESTION'S RESPONSE IN OPPOSITION TO UPM
TECHNOLOGY'S RENEWED MOTION FOR
SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900