**Anne M. Talcott**, OSB #965325
Email: atalcott@schwabe.com
**Kathryn E. Kelly**, OSB #175162
Email: kkelly@schwabe.com
**Andrew J. Lee**, OSB #023646
Email: ajlee@schwabe.com
**Sara Kobak**, OSB #023495
Email: skobak@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

        Attorney for Plaintiff, Unigestion
        Holdings, S.A., a foreign corporation,
        d/b/a Digicel Haiti

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDINGS, S.A.,** a foreign corporation, d/b/a **DIGICEL HAITI,**<br><br>                    Plaintiff,<br><br>        vs.<br><br>**UPM TECHNOLOGY, INC. d/b/a UPM TELECOM, INC,** and **UPM MARKETING, INC.,** an Oregon corporation; **UPM TELECOM, INC.,** an Oregon a/b/n; **UPM MARKETING, INC.,** an Oregon a/b/n; **BENJAMIN SANCHEZ a/k/a BENJAMIN SANCHEZ MURILLO,** an Oregon resident; **BALTAZAR RUIZ,** an Oregon resident; **TYLER ALLEN,** an Oregon resident; and **DUY TRAN a/k/a BRUCE TRAN,**<br><br>                    Defendants. | No. 3:15-cv-00185-SI<br><br>**PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO 28 U.S.C. § 1292(B) OR. REV. STAT. § 28.200) AND STAY**<br><br>(ORAL ARGUMENT REQUESTED) |

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

# Table of Contents

LOCAL RULE 7.1 CERTIFICATION ...................................................................... 1

INTRODUCTION ..................................................................................................... 1

POINTS AND AUTHORITIES ................................................................................ 7

I.      Procedural History ........................................................................................ 7

II.     Many Jurists Examining Oregon Law and Persuasive Authority Would
        Likely Answer Digicel Haiti's Questions Differently than this Court Has. .......... 12

        A.      Creating a Misimpression of Material Fact ..................................... 12

        B.      Restitution for Wrongful Conduct (Unjust Enrichment) ............... 19

III.    If the Court Is Persuaded by Digicel Haiti's Showing Regarding Oregon
        Law, It Should Reconsider Its Decision on Summary Judgment and, If It Is
        Not Persuaded, the Court Should Facilitate Prompt Appellate Review ................. 26

        A.      Governing Standards ........................................................................ 26

        B.      Reconsideration ............................................................................... 29

        C.      Interlocutory Review (28 U.S.C § 1292(b)) ................................... 30

        D.      Certification of Questions to the Oregon Supreme Court (Or. Rev.
                Stat § 28.200) .................................................................................. 32

        E.      Pending Review by an Appellate Court, this Court Should Stay
                Proceedings Before It. ..................................................................... 33

CONCLUSION ....................................................................................................... 34

**PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT
REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER
28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

## Table of Authorities

**Cases**

*Abraham v. Corizon Health, Inc.*,
  985 F.3d 1198 (9th Cir. 2021) ................................................................ 28, 29, 33

*Allied Prof'ls Ins. Co. v. Anglesey*,
  No. CV 14-00665 CBM, 2018 U.S. Dist. LEXIS 226407, at *8 (C.D.
  Cal. June 14, 2018) ........................................................................................... 27

*Bagley v. Mt. Bachelor, Inc.*,
  356 Or. 543, 340 P.3d 27 (2014) ....................................................................... 24

*Brandon v United States*,
  382 F.2d 607 (10th Cir. 1967) ........................................................................... 13

*Buero v. Amazon.com Servs.*,
  21 F.4th 623 (9th Cir. 2021) .............................................................................. 28

*In re Cement Antitrust Litig.*,
  673 F.2d 1020 (9th Cir. 1982) ...................................................................... 27, 30

*City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*,
  254 F.3d 882 (9th Cir. 2001) ............................................................................. 26

*Consumer Fin. Prot. Bureau v. CashCall, Inc.*,
  __ F.3d __, Nos. 18-55407, 18-55479, 2022 U.S. App. LEXIS 13810
  (9th Cir. May 23, 2022) ..................................................................................... 23

*E.E.O.C. v. Fred Meyer Stores, Inc.*,
  954 F. Supp. 2d 1104 (D. Or. 2013) .................................................................. 27

*Evergreen W. Bus. Ctr., Ltd. Liab. Co. v. Emmert*,
  354 Or. 790, 323 P.3d 250 (2014) ................................................................ 24, 25

*Great-West Life & Annuity Ins. Co. v. Knudson*,
  534 U.S. 204 (2002) ........................................................................................... 22

*Heverly v. Kirkendall*,
  257 Or. 232, 478 P.2d 381 (1970) ..................................................................... 16

*Honolulu Joint Apprenticeship & Training Comm. of United Ass'n Local
  Union No. 675 v. Foster*,
  332 F.3d 1234 (9th Cir. 2003) ........................................................................... 22

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

*ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*,
22 F.4th 1125 (9th Cir. 2022) .............................................................................. 28

*ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*,
No. 3:12-cv-1058-SI, 2020 U.S. Dist. LEXIS 93371 (D. Or. May 28,
2020) ........................................................................................... 31, 33, 34

*In re Intel Corp. CPU Mktg., Sales Practices & Prods. Liab. Litig.*,
No. 3:18-md-2828-SI, 2022 U.S. Dist. LEXIS 15396 (D. Or. Jan. 26,
2022) ............................................................................................... 20

*Junhan Jeong v. Nexo Fin. LLC*,
No. 21-cv-02392-BLF, 2022 U.S. Dist. LEXIS 10089 (N.D. Cal. Jan.
19, 2022) .......................................................................................... 20

*Larisa's Home Care, Ltd. Liab. Co. v. Nichols-Shields*,
362 Or. 115, 404 P.3d 912 (2017) ................................................................. 21

*Millikin v. Green*,
283 Or. 283, 285, 82 P.2d 760 (1978) .......................................................... 16

*Myer v. E. M. Adams & Co.*,
268 Or. 91, 511 P.2d 841 (1973) ................................................................. 16

*Natkin v. Am. Osteopathic Ass'n*,
No. 3:16-cv-01494-SB, 2017 U.S. Dist. LEXIS 149339 (D. Or. July 27,
2017) ............................................................................................... 27

*Ogan v. Ellison*,
297 Or. 25, 682 P.2d 760 (1984) ................................................................. 16

*Or. Teamster Emplrs. Trust v. Hillsboro Garbage Disposal, Inc.*,
No. 3:11-CV-01487-ST, 2013 U.S. Dist. LEXIS 78409 (D. Or. Jan. 25,
2013) ............................................................................................... 23

*Pennebaker v. Kimble*,
126 Or. 317, 269 P. 981 (1928) ............................................................. 15, 16

*Reese v. BP Expl. (Alaska) Inc.*,
643 F.3d 681 (9th Cir. 2011) ..................................................................... 27

*Reich v. Continental Cas. Co.*,
33 F.3d 754 (7th Cir. 1994) ...................................................................... 22

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

*Smith v. Clark Cnty. Sch. Dist.,*
727 F.3d 950 (9th Cir. 2013) ........................................................................ 26

*Sonner v. Premier Nutrition Corp.,*
971 F.3d 834 (9th Cir. 2020) ...............................................................*passim*

*Specialty Risk Servs. v. Royal Indem. Co.,*
213 Or. App. 620, 164 P.3d 300 (2007).......................................................21

*Steffler v. Williams,*
No. 09-16-KI, 2010 U.S. Dist. LEXIS 80180 (D. Or. Aug. 9, 2010) ......................... 26

*United States v. Auler,*
539 F.2d 642 (7th Cir. 1976) ........................................................................ 15

*United States v. Beckley,*
259 F. Supp. 567 (N.D. Ga. 1965) ................................................................ 13

*United States v. Bowler,*
561 F.2d 1323 (9th Cir. 1977) ...................................................................... 14

*United States v. Cornfeld,*
563 F.2d 967 (9th Cir. 1977) ........................................................................ 14

*United States v De Leeuw,*
368 F. Supp. 426 (E.D. Wis. 1974)............................................................... 14

*United States v. Disla,*
805 F.2d 1340 (9th Cir. 1986) ...................................................................... 14

*United States v. Douglas,*
510 F.2d 266 (9th Cir. 1975) ................................................................. 13, 14

*United States v. Foster,*
580 F.2d 388 (10th Cir. 1978) ...................................................................... 14

*United States v. Freeman,*
373 F. Supp. 50 (S.D. Ind. 1974) ................................................................. 14

*United States v. Freeman,*
524 F.2d 337 (7th Cir. 1975) ........................................................................ 14

*United States v. Glanzer,*
521 F.2d 11 (9th Cir. 1975) .......................................................................... 14

PAGE IV    **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

*United States v. Goldstein*,
   532 F.2d 1305 (9th Cir. 1976) .................................................................. 14

*United States v. Harvey*,
   540 F.2d 1345 (8th Cir. 1976) .................................................................. 14

*United States v. Jaworski*,
   343 F. Supp. 406 (D. Minn. 1972) ............................................................ 15

*United States v. Manning*,
   542 F.2d 685 (6th Cir. 1976) .................................................................... 14

*United States v. Patterson*,
   528 F.2d 1037 (5th Cir. 1976) .............................................................. 1, 15

*United States v. Scaramuzzo*,
   505 F.2d 102 (9th Cir. 1974) .................................................................... 14

*United States v. Shaw*,
   555 F.2d 1295 (5th Cir. 1977) .................................................................. 14

*United States v. Sorota*,
   515 F.2d 573 (5th Cir. 1975) .................................................................... 15

*W. Helicopter Servs., Inc., v. Rogerson Aircraft Corp.*,
   311 Or. 361, 811 P.2d 627 (1991) ...................................................... 28, 32

*Williams v. Philip Morris*,
   182 Or. App. 44, 48 P.3d 824 (2002)................................................... 16, 19

*Wilson v. Gutierrez*,
   261 Or. App. 410, 323 P.3d 974 (2014)........................................................ 21

**Statutes and Rules**

18 U.S.C.A. § 1343.................................................................................... 12

28 U.S.C. § 1292(b)............................................................................*passim*

Fed. R. App. P. 5(a)(3) ............................................................................. 28

Fed. R. Civ. P. 54(b)................................................................................. 26

Or. Rev. Stat § 28.200 ................................................................ 6, 28, 32, 34

PAGE V    **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT
REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER
28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

Or. Rev. Stat. § 28.210 ..................................................................................... 29

Or. Rev. Stat. § 28.215 ..................................................................................... 29

**Other Authorities**

*CSG Illegal Bypass Fraud Protection: Identify and eradicate fraud* (2019), *available at* https://www.csgi.com/wp-content/uploads/229_Illegal_Bypass_Fraud_Protection_English.pdf .......................... 2

E. J. Dionne Jr., *Phone Company Says It Has Pulled the Plug on Free-Call 'Blue Boxes'*, N.Y. TIMES, May 6, 1977, at 25, *available at* https://www.nytimes.com/1977/05/06/archives/phone-company-says-it-has-pulled-the-plug-on-freecall-blue-boxes.html ......................................................... 1

Kala, N., *A Study on Internet Bypass Fraud: National Security Threat*, FORENSIC RES. & CRIMINAL INT. J., Vol. 7, Issue 1, at 31 (Feb. 6, 2019), a*vailable at* https://medcraveonline.com/FRCIJ/FRCIJ-07-00262.pdf ........................ 1

James D. Lawlor, *Federal Criminal Prosecutions under Wire Fraud Statute (18 U.S.C.A. § 1343) for Use of "Blue Box" or Similar Device Permitting User to Make Long-distance Telephone Calls Not Reflected on Company's Billing Records*, 34 A.L.R. Fed. 278 (Originally published in 1977) ..................................................................................... 12

I. Murynets et al., *Analysis and detection of SIMbox fraud in mobility networks*, IEEE INFOCOM 2014 - IEEE Conference on Computer Communications, 2014, pp. 1519-1526, *available at* https://ieeexplore.ieee.org/document/6848087 ............................................... 2

RESTATEMENT (SECOND) TORTS (1977)

§ 551 ............................................................................................................... 16, 17

RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT (2011)

§ 3 ......................................................................................................................... 24

§ 3, comment c ..................................................................................................... 25

§ 4 ......................................................................................................................... 21

§ 4 comment c ................................................................................................ 21, 23

PAGE VI **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

§ 44 ......................................................................................................................... 22

§ 44 comment b ..................................................................................................... 25

**PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT
REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER
28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

## LOCAL RULE 7.1 CERTIFICATION

Through counsel, the parties made a good faith effort to resolve the issues presented by this motion via telephone and have been unable to do so.

## INTRODUCTION

Cheating a phone company is not new.  In the twentieth century, "phone freaks" developed and sold "blue boxes," devices used to defraud telephone companies by allowing callers to emit specific tones to manipulate telephone switches and place free calls to anywhere in the world.  *See, e.g.*, *United States v. Patterson*, 528 F.2d 1037 (5th Cir. 1976) (upholding wire-fraud conviction stemming from attempted sale of device); E. J. Dionne Jr., *Phone Company Says It Has Pulled the Plug on Free-Call 'Blue Boxes'*, N.Y. TIMES, May 6, 1977, at 25.[1]  Now, actors such as defendants have new methods. But the effect is the same:  the targeted network is caused—through artifice and deceit— to charge less than it is lawfully entitled to charge the person using its services.

Defendants' admitted conduct in this case—commonly called "bypass fraud" or "SIM box fraud" in the telecommunications industry—is recognized as one of "the most prolific and costly frauds" directed at telecommunication companies today.  Kala, N., *A Study on Internet Bypass Fraud: National Security Threat*, FORENSIC RES. & CRIMINAL INT. J., Vol. 7, Issue 1, at 31 (Feb. 6, 2019).[2]  These types of bypass activities and misuse

---

[1] *Available at* https://www.nytimes.com/1977/05/06/archives/phone-company-says-it-has-pulled-the-plug-on-freecall-blue-boxes.html.

[2] *Available at* https://medcraveonline.com/FRCIJ/FRCIJ-07-00262.pdf.

PAGE 1    **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

of SIM boxes cause particular harm in developing countries, where the revenue generated from terminating incoming international calls is a common method of subsidizing the termination of local calls to make the technology more accessible and used also for supplying the capital needed to invest in necessary telephone infrastructure. *See generally, e.g., id.* at 35 ("Telecommunication networks in developing nations rely upon tariffs collected through regulated licensed interconnects in order to subsidize the cost of their deployment and operation."). For that reason, such activities are illegal and strictly prohibited in many countries, including Haiti, to prevent significant revenue losses for telecommunication operators, as well as to prevent significant losses of important tax revenues for the developing countries usually targeted by such activities. *See, e.g.*, I. Murynets et al., *Analysis and detection of SIMbox fraud in mobility networks*, IEEE INFOCOM 2014 - IEEE Conference on Computer Communications, 2014, pp. 1519-1526;[3] *see also* ECF 61 at 12 (Haitian agency noting effects on "the funding of the National Education Fund and … the tax revenue of the State in general"). Because bypass activities and SIM box misuse present pervasive and disruptive problems, not surprisingly, an entire security industry is devoted to preventing such activities. *See, e.g.*, *CSG Illegal Bypass Fraud Protection: Identify and eradicate fraud* (2019).[4]

Despite the problems posed by bypass fraud and SIM box misuse, this case

---

[3] *Available at* https://ieeexplore.ieee.org/document/6848087.

[4] *Available at* https://www.csgi.com/wp-content/uploads/229_Illegal_Bypass_Fraud_Protection_English.pdf

PAGE 2    **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

appears to be the first in this nation to squarely confront whether purveyors of these

modern-day "blue boxes" are engaged in tortious conduct.  Defendants UPM

Technology, Inc. ("UPM") and Duy Tran used two hacks to supply third-party

international callers with access to plaintiff Unigestion Holdings, S.A., d/b/a Digicel

Haiti's ("Digicel Haiti") network.[5]  First, UPM used traditional bypass, a method of

rigging international calls to appear to Digicel Haiti as if they originated in Haiti by using

Digicel Haiti SIM cards that were acquired by UPM.  (Op. & Order re: MSJ at 3-4, 17,

ECF 294.)  Second, UPM used RLYH bypass, co-opting Digicel Haiti's Roam Like

You're Home ("RLYH") subscription program, a program under which individual

Digicel Haiti subscribers who were roaming in the United States could make calls back to

Haiti and be charged for each call as if it were a local call that originated in Haiti.  (*Id.*)

For RLYH bypass, UPM caused international calls by people who were not enrolled in

RLYH to appear to Digicel Haiti as if they were initiated by RLYH subscribers using

SIM cards that UPM had acquired and registered under Digicel Haiti's RLYH program.

(*Id.*)

As addressed on partial summary judgment, this Court found that UPM's use of

---

[5] In the Court's opinion and order, it generally referenced UPM's actions and arguments, then analyzed Digicel Haiti's claims against UPM, before finally concluding that Digicel Haiti's claims against Mr. Tran survived to the same extent as did Digicel Haiti's claims against UPM.  (*See* Op. & Order re: MSJ at 36, ECF 294.)  Herein, Digicel Haiti likewise references UPM's actions and arguments without intending to exclude Mr. Tran's conduct.  To be clear, Digicel Haiti contends that any relief this Court grants in relation to its claims against UPM should likewise be granted in relation to its claims against Mr. Tran.

PAGE 3    **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

those methods did not defraud Digicel Haiti.  In the main, the Court seemed to conclude that UPM could permissibly provide callers with access to Digicel Haiti's network by supplying digital credentials—surreptitiously acquired SIM card identification numbers—and by routing calls to disguise their international nature or the callers' *nonenrollment* in the RLYH subscription program.  According to this Court's decision, the initial "digital handshake" between devices did not affirmatively misrepresent, omit, or actively conceal any material facts—including facts about the credentials or location of the person *actually* using the Digicel Haiti's network; facts about UPM's clandestine intermediary role in routing or connecting those third-party's calls, often through gateway devices secretly deployed by UPM; or facts about the surreptitiously acquired SIM card credentials that UPM then used to supply callers access to Digicel Haiti's network or subscription plan discounts.  (*See id.* at 29-30 ("Digicel Haiti has failed to show that UPM made any 'representations' at all to Digicel Haiti.").)

As to Digicel Haiti's claim for restitution (unjust enrichment) rather than damages from fraud, this Court also rejected that claim as a matter of law.  The Court's analysis turned on *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 840 (9th Cir. 2020), which addresses the incompatibility of claims sounding in equity with a "plain, adequate, and complete remedy at law."  (Quotation marks and citation omitted.)  The Court deemed Digicel Haiti's claim for restitution to be an equitable remedy.  Relying on that characterization, the Court seemed to concluded that, by virtue of Digicel Haiti retaining a triable tort claim for damages on the surviving fraud claim, it had an "adequate" legal

PAGE 4    **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

remedy—notwithstanding that the surviving claim may defy presentation of a nonspeculative estimate of the damages arising exclusively from the use of human behavior software or may allow UPM to profit from its wrongful conduct.  (Op. & Order re: MSJ at 32-33, ECF 294; Mar. 29, 2022 Hr'g Tr. 25, 39-41, 47.)

Stated generally, the Court's decision appears to answer the following important legal questions in the negative:

- Where credentials and caller locations are used to calculate charges for beneficial use of a network, do methods that conceal a user's identity or location from the network—such as supplying access or plan subscription credentials for the user, or routing calls through hidden gateway devices to disguise the user's international location—create a false impression of material fact that is actionable under Oregon law?

- In conjunction with or separate from that question, does the persistent use of surreptitiously acquired credentials or hidden gateway devices to access a network in knowing contravention of a network policy or practice, or local law, create a false impression of material fact that is actionable under Oregon law?

- Is a fraud claim for restitution (unjust enrichment) under Oregon law treated exclusively as an equitable remedy, or may such a claim be a legal remedy?

- Does Oregon law deem a tort claim for damages to be a complete and adequate remedy at law if such a remedy does not completely disgorge a wrongdoer's ill-gotten money?

Legally and practically, the Court's order answering those questions is highly consequential for digital service providers, for developing countries targeted by such acts, and for Oregon itself.  In sum, the order announces Oregon as a haven for the digital age's "phone freaks."

As it previewed at the pretrial hearing, Digicel Haiti believes that reasonable

**PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

jurists may differ with material aspects of this Court's order, warranting immediate appellate review. The appellate process often leads parties to further refine legal arguments made to the trial court. Here, that process has led Digicel Haiti to identify various authorities that, because they were not presented by any of the parties, the Court likely did not consider in its initial analysis.

The identification of further authority at this juncture may present an inconvenience for the Court, for which Digicel Haiti apologizes. However, if a review of these authorities now creates a greater understanding of these issues and the prohibitions against the types of bypass and misuse of SIM cards at issue in this case, then declining discretionary relief here would likely only delay the Court's inconvenience until after a trial and ultimately transfer the inconvenience onto jurors and an appellate court.

As such, Digicel Haiti believes that the best course is present to the Court arguments that it believes will be persuasive to appellate judges. The appropriate relief—whether it be reconsideration or immediate appellate review—will depend on the Court's view of the strength of those arguments. If this Court finds the arguments persuasive, reconsideration should follow. If, however, this Court adheres to its decision but acknowledges (as it appeared to do earlier) that reasonable jurists might disagree, this Court should facilitate prompt appellate review. That appellate review can be effectuated by certifying its order for interlocutory review, 28 U.S.C. § 1292(b), or, in the event this Court or the Ninth Circuit decline interlocutory review, certifying Digicel Haiti's questions of state law to the Oregon Supreme Court, Or. Rev. Stat. § 28.200 *et seq.*

PAGE 6    **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

Finally, if appellate review is granted, Digicel Haiti moves for a stay of further proceedings before this Court.

## POINTS AND AUTHORITIES

Below, Digicel Haiti addresses the pertinent procedural history before addressing issues of substantive law—namely, certain disconnects between this Court's decision and state law as it has been, or likely would be construed, by Oregon's courts. Digicel Haiti then addresses the standards and reasons that this Court should grant relief, which Digicel Haiti seeks in the alternative—reconsideration, certifying the Court's order for interlocutory review, or certifying questions to the Oregon Supreme Court. Finally, Digicel Haiti addresses the ancillary relief of a stay.

## I.    Procedural History

Digicel Haiti asserted claims against defendants for fraud and unjust enrichment. (Op. & Order re: MSJ at 2, ECF 294.)[6] The "core" of Digicel Haiti's claim was that "UPM [terminated] calls from people in the United States seeking to call people in Haiti to Digicel Haiti's communication network in a manner that resulted in lower rates than what Digicel Haiti typically charged for inbound international calls." (*Id.*)

At issue were principally two methods by which UPM digitally packaged calls originating in the United States and destined for phones in Haiti. For the first, traditional

---

[6] Digicel Haiti additionally asserted a claim for conversion, which the Court dismissed on summary judgment. Digicel Haiti's present motion does not relate to that aspect of the Court's opinion.

PAGE 7    **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

bypass, UPM caused these international calls to appear to Digicel Haiti, not as originating in the United States with the original callers, but instead as local calls, originating in Haiti, and associated with SIM cards acquired by UPM from Haiti. (*Id*. at 3, 14-15.) For the second, RLYH bypass, UPM caused international calls to appear to Digicel Haiti to be associated, not with the original callers, but instead with SIM cards that UPM had acquired and registered for flat fees of $25 under Digicel Haiti's RLYH program, which allowed certain international calls to be terminated in Haiti at local rates. (*Id*. at 3-4, 17.)

Evidence would allow a jury to conclude that UPM knew these hacks were wrong and transgressed Digicel Haiti's policies or practices, as well as Haitian law governing calls into the country.[7] For example, UPM's traditional bypass method required it to have equipment in Haiti (gateways equipped with radio transmitters), which it concealed from Haitian customs by falsely disguising shipments as other equipment and making false statements to conceal the import of these pieces of equipment and UPM's presence in Haiti. (*Id*. at 14, 19-20.) Similarly, UPM did not acquire SIM cards directly from

---

[7] In its summary judgment motion, UPM appeared to acknowledge that its bypass actions were prohibited by local laws in Haiti, admitting that Digicel Haiti "had the power—and, in Haiti, perhaps even the right—to unilaterally cut off subscribers who used the service in ways that Digicel-Haiti did not like." (UPM's MSJ at 24, ECF 255.) That admission is correct, as Haiti law does not permit an intermediary to substitute or change the SIM number or other identifying information related to a caller as a means to avoid lawful telecommunication charges. *See* ECF 59-1 at 5 ("CONATEL informs all concerned that illegal telephone traffic, such as bypassing, will be resisted with the utmost rigor. … CONATEL authorizes network operators to disconnect … all telephone numbers used for illegal or fraudulent traffic. The reasoned decision of the operator shall be transmitted, in this case, to the competent authorities for legal action.").

PAGE 8    **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**    SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

Digicel Haiti (at wholesale prices), or from authorized vendors (at retail prices); instead, UPM incurred the additional cost of acquiring SIM cards from third-parties, to whom it paid a "mark-up over the retail cost of the SIM cards." (*Id.* at 15.) And—anticipating from past experience that SIM cards would be deactivated when use patterns from UPM's commercial applications deviated from use patterns of individual callers—UPM developed and deployed software to simulate normal consumer usage of SIM cards to conceal the SIM cards' use in an aggregated commercial operation. (*Id.* at 20-22.) Finally, even accepting that UPM had no direct contractual relationship with Digicel Haiti, UPM was well aware that Digicel Haiti's policies and practices strictly prohibited UPM's secret bypass actions to disguise the international nature of calls, as well as UPM's use of SIM cards to incorrectly represent individual callers as valid subscribers of the RLYH discount program. (*Id.* at 22.)

Having concluded that the "key facts are not in dispute," the Court then considered whether UPM engaged in: (i) affirmative misrepresentation; (ii) material omission; or (iii) active concealment. (*Id.* at 27-31.) The Court found no misrepresentation because, after reviewing discrete allegations, the Court concluded that "Digicel Haiti has failed to show that UPM made any 'representations' at all to Digicel Haiti." (*Id.* at 27-29.) Likewise, the Court found there were no material omissions because, among other reasons, absent a showing that UPM made some affirmative representation to Digicel Haiti, "it has failed to show that UPM made a 'half-truth' requiring full disclosure." (*Id.* at 30.) As to concealment, the Court concluded "[t]he situation is different" because:

**PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

> UPM tried to mislead Digicel Haiti into believing that the SIM cards were being used by natural persons making individual calls, rather than being used with multiple SIM cards in UPM's SIM Units (or Gateway devices).
>
> UPM's use of human behavior software is a deceptive act or contrivance intended to hide information, mislead, avoid suspicion, or prevent further inquiry into a material matter. It also creates a false impression covering up the truth and makes the discovery of a material fact more difficult. If UPM did use that software to deceive Digicel Haiti or to hinder Digicel Haiti's ability to identify and block SIM cards being used by other than natural persons for individual calls and UPM did that with the requisite intent to deceive Digicel Haiti, that is enough to allow Digicel Haiti's claim of fraud by active concealment to proceed to trial.

(*Id.* at 30-31.)

As with the bulk of Digicel Haiti's fraud claim for damages, the Court found that Digicel Haiti's claim for restitution for UPM's fraud (unjust enrichment) failed as a matter of law. UPM had argued that, because the claim for unjust enrichment derived from the fraud claim, it also failed to the same extent Digicel Haiti was unable to present evidence that UPM defrauded it. (UPM's MSJ at 16, 27-29, ECF 255.) The Court did not address that argument, deciding the motion instead on an issue the Court raised *sua sponte*, initially in a draft of its opinion and the next day at the hearing on UPM's motions. Without the benefit of briefing from either party, the Court found that Digicel Haiti's claim for restitution (unjust enrichment) is an equitable claim, recognized that "[f]ederal courts … are precluded from awarding equitable relief when an adequate legal remedy exists[,]" and concluded that UPM had such an "adequate remedy" because there remained a part of Digicel Haiti's fraud claim that it "may present … to a jury." (Op. &

PAGE 10    **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

Order re: MSJ at 32-33, ECF 294 (citing, *inter alia*, *Sonner*, 971 F.3d 834).)

The Court also found that Digicel Haiti's claims against Mr. Tran survived to the same extent as did Digicel Haiti's claims against UPM. (*See id.* at 36.)

At the pretrial hearing, the Court further clarified its order, bringing into focus the implications of those rulings on Digicel Haiti's claim. Among other things, this Court explained its understanding that "UPM is entitled to do bypass to their heart's content, at least as far as Oregon law is concerned" (Mar. 29, 2022 Hr'g Tr. 31), even though UPM's activities were affirmatively directed at Haiti and even though those activities were contrary to Haitian law and its prohibitions against disguising international calls to rob telecommunication companies and Haitian tax authorities alike of lawful international charges. The Court further explained that Digicel Haiti is entitled to obtain damages amounting to the entirety of its losses from UPM's bypass and RLYH methods only if Digicel Haiti is able to establish that "'but for' the use of human behavior software, [Digicel Haiti] wouldn't see any presence of UPM in Haiti." (*Id.* at 47.) And, as to recovering less that its entire losses as damages, defendants previewed its position that Digicel Haiti would need to parse the total losses from UPM's bypass and RLYH methods between those calls that "got through by virtue of human behavior software" from those that did not. (*Id.* at 39-40.) For its part, Digicel Haiti volunteered that it may not be able to so parse its losses. (*Id.* at 25.)

The Court set over the trial and indicated that, during that set over, it would permit Digicel Haiti to file a motion to obtain immediate appellate review. (*Id.* at 61, 63.)

**PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

II.     **Many Jurists Examining Oregon Law and Persuasive Authority Would Likely Answer Digicel Haiti's Questions Differently than this Court Has.**

Below, Digicel Haiti addresses Oregon law and persuasive authority regarding the nature of fraud and restitution for wrongful conduct (unjust enrichment), which appears to conflict with aspects of this Court's decision.

A.     **Creating a Misimpression of Material Fact**

As addressed above, the Court appears to have concluded that an actor such as UPM does not make any affirmative misrepresentation, material omission, or active concealment when it uses methods (such as supplying access credentials from its SIM cards or using hidden gateway receivers) to conceal a user's identity or location from the network; or when it persists in the use of surreptitiously acquired credentials or hidden receivers to access a network in knowing contravention of a network policy or practice, or local laws.  In relation to the events that transpire before Digicel Haiti connects an international caller over its network as a result of UPM's bypass or RLYH hacks, this Court concluded that there were no misrepresentations or half-truths because "Digicel Haiti has failed to show that UPM made any 'representations' at all to Digicel Haiti." (*See* Op. & Order re: MSJ at 29-30, ECF 294).)  When the Court analyzed active concealment, it affirmatively addressed only whether the human behavior software gave rise to a fraud claim—to the exclusion of expressly addressing whether other material events associated with UPM's bypass or RLYH hacks amounted to concealment.

That construction of the law appears to conflict with the federal courts' approach

PAGE 12   **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

to analogous fraud claims.  As noted at the outset, schemes to cheat phone companies out of their charges are not new.  Federal courts have regularly upheld wire-fraud convictions of users and sellers of "blue box" devices to prevent billing of long-distance calls.  *See* James D. Lawlor, *Federal Criminal Prosecutions under Wire Fraud Statute (18 U.S.C.A. § 1343) for Use of "Blue Box" or Similar Device Permitting User to Make Long-distance Telephone Calls Not Reflected on Company's Billing Records*, 34 A.L.R. Fed. 278 (Originally published in 1977) (collecting and summarizing cases addressing the problem of "fraudulent electronic access to the long-distance telephone network").

For example, in *Brandon v United States*, 382 F.2d 607, 610 (10th Cir. 1967), the defendant was accused of wire fraud and admitted using "a device which, by the emission of tones of various fixed frequencies, enabled a telephone user to dial a distant telephone without actuating the telephone company's automatic billing equipment."  Among the defendant's argument on appeal, he disputed having made any "false representation … to the telephone company[.]"  *Id*. at 610.  But the Tenth Circuit rejected that argument out of hand, labeling the argument as "border[ing] on the frivolous" in what was then a case of first impression at the appellate level.  *Id*. at 610, 611.  It is not necessary to "allege and prove that a false representation was made by the defendant to the victim" when addressing a scheme to defraud, which the Tenth Circuit treated as self-evidently present.  *Id*. at 610.

Similarly, in *United States v. Douglas*, 510 F.2d 266, 267 (9th Cir. 1975), the Ninth Circuit upheld a wire-fraud conviction stemming from the use of a "blue box,"

PAGE 13    **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

rejecting in the process the defendant's contention that the wire-fraud statute does not "apply to the use of mechanical contrivances to obtain telephone service by fraud." In *United States v. Beckley*, 259 F. Supp. 567, 570 (N.D. Ga. 1965), the defendant argued that the wire-fraud statute was inapplicable because there "were no false pretenses, representations or promises to the telephone company." But the district court rejected that argument because a scheme to defraud need not be predicated on "express false representations" or indeed any "misrepresentation of fact." *Id*. at 570-71. *See also United States v De Leeuw*, 368 F. Supp. 426, 427 (E.D. Wis. 1974) (following same to reject contention that the wire-fraud statute "is not applicable to mere schemes to obtain free telephone service"). Likewise, in *United States v. Freeman*, 373 F. Supp. 50, 51-52 (S.D. Ind. 1974), the district court denied a motion to dismiss the indictment, reasoning that the wire-fraud statute prohibits "a scheme to obtain property by fraudulent pretenses" facilitated by wire communication and "[c]learly" applies "to the use of a 'blue box[,]'" which takes property by "bypass[ing] the telephone company recording devices." *See also United States v. Freeman*, 524 F.2d 337, 339 (7th Cir. 1975) (upholding later wire-fraud conviction).

Two things are striking about decisions regarding the use or sale of "blue boxes." First, the opinions uniformly treat such conduct as a violation of the wire-fraud statute. Second, unlike the cases noted above, most "blue box" defendants tacitly conceded (by not contesting) that their use of "blue boxes" defrauded the telephone company. Aside

PAGE 14  **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

from *Douglas*, 510 F.2d 266, the issue is uncontested in cases before the Ninth Circuit.[8]

The same is true of most cases in other courts.[9]

While Oregon lacks case law specific to "blue box" fraud or other types of fraud

to prevent a network and local tax authorities from collecting lawful charges for digital

services, Oregon law nonetheless compels a searching inquiry of the circumstances

giving rise to a plaintiff's ignorance of material facts to determine whether the

defendant's conduct is deceptive. In *Pennebaker v. Kimble*, 126 Or. 317, 323, 269 P. 981

(1928), the Oregon Supreme Court observed that "the tongue and the pen are only two of

the numerous means of transmitting messages," and supplied as an example that "[o]ne

who draws a check upon a bank represents thereby that he has a deposit to meet the

demand." The court continued on to note that the action of "deceit had its origin in false

---

[8] *See United States v. Disla*, 805 F.2d 1340 (9th Cir. 1986) (upholding wire-fraud conviction stemming from use of "blue box"); *United States v. Cornfeld*, 563 F.2d 967, 968 (9th Cir. 1977) (same); *United States v. Bowler*, 561 F.2d 1323, 1324 (9th Cir. 1977) (same); *United States v. Goldstein*, 532 F.2d 1305, 1307 (9th Cir. 1976) (same); *United States v. Glanzer*, 521 F.2d 11, 12 (9th Cir. 1975) (same); *United States v. Scaramuzzo*, 505 F.2d 102, 103 (9th Cir. 1974) (same).

[9] *See, e.g.*, *United States v. Foster*, 580 F.2d 388, 389 (10th Cir. 1978) (upholding wire-fraud conviction stemming from use of "blue box"); *United States v. Shaw*, 555 F.2d 1295, 1296-97 (5th Cir. 1977) (same); *United States v. Manning*, 542 F.2d 685, 686 (6th Cir. 1976) (same); *United States v. Harvey*, 540 F.2d 1345, 1347 (8th Cir. 1976) (same); *United States v. Auler*, 539 F.2d 642, 648 (7th Cir. 1976) (same); *Patterson*, 528 F.2d at 1041 (holding in relation to the attempted sale of a "blue box" that "[a] scheme to defraud a telephone company of its lawful revenues is within the scope of the [wire-fraud] statute"); *United States v. Sorota*, 515 F.2d 573, 574 (5th Cir. 1975) (upholding wire-fraud conviction stemming from use of "blue box"); *United States v. Jaworski*, 343 F. Supp. 406, 407 (D. Minn. 1972) (upholding application of wire-fraud statute "where the claimed fraud is to circumvent the payment of the telephone bill itself").

PAGE 15  **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

impersonation," such that one is liable for damage from fraud if he "conducts himself in a particular way with the object of fraudulently *inducing another to believe in the existence of a certain state of things*, and *to act upon the basis of its existence*[.]"  *Id.* at 323 (quotation marks and authority omitted; emphasis added).

Thus, the gravamen of a fraud claim under Oregon law is that defendant has "creat[ed] … a false impression by words or acts, or by any trick or device, a deep laid scheme of swindling, or a direct falsehood, a combined effort of a number of associates or the sole effort of a solitary individual." *Id.* at 323-24.  As the Court of Appeals more succinctly explains, "the fundamental character of fraud is the communication of a misimpression to induce another to rely on it." *Williams v. Philip Morris*, 182 Or. App. 44, 54-55, 48 P.3d 824 (2002).

Moreover, as the Oregon Supreme Court implied when mentioning the drawing of a check, transactions can carry implicit representations and parties generally are entitled to assume that a transaction is as it appears. *See Ogan v. Ellison*, 297 Or. 25, 682 P.2d 760 (1984) (sale of two parcels in separate transactions could falsely imply that parcels were lawfully partitioned); *Millikin v. Green*, 283 Or. 283, 285, 82 P.2d 760 (1978) (sale of new building could falsely imply that roof was in good condition); *Myer v. E. M. Adams & Co.*, 268 Or. 91, 97, 511 P.2d 841 (1973) (fraud claim premised on "innuendo"); *Heverly v. Kirkendall*, 257 Or. 232, 234, 478 P.2d 381 (1970) (sale of property with garage on the premises could falsely imply that garage was entirely within the boundary line).

**PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

Finally, there is every reason to conclude that Oregon law imposes a duty to disclose, which may arise from either custom of the industry or applicable law. As a matter of blackletter tort law, a party has a duty to disclose "facts basic to the transaction, if he knows that the other is … under a mistake as to them, and … the customs of the trade or other objective circumstances, would reasonably expect a disclosure of those facts." RESTATEMENT (SECOND) TORTS § 551 (1977).

Such decisions and authorities are strong evidence that reasonable jurists may disagree with this Court's order in relation to Digicel Haiti's fraud claims. In explaining its summary judgment decision on Digicel Haiti's fraud claim, this Court took the view that it was irrelevant whether it "is illegal in Haiti or anywhere else" for UPM to use bypass actions to disguise the international nature of calls, or to use SIM boxes to represent callers as lawful subscribers of the RLYH program. (*See* Mar. 29, 2022 Hr'g Tr. 31 (the Court stating "[w]hat happens in Haiti … I don't really care.").) Likewise, this Court found no misrepresentations because there was "no way" for UPM to disclose that "the call ultimately began with a third party who called from another country" or originated from a different SIM identification number. (Op. & Order re: MSJ at 16-17, ECF 294.) That reasoning, however, appears to wrongly put the burden on Digicel Haiti to assume a violation of Haitian law and industry standards and wrongly absolves UPM of its interference with the original call so that its specific information is hidden from Digicel Haiti when the call is terminated. That is because customs of the telecommunications industry as well as local law are predicated on the credentials and

PAGE 17  **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

location information about a caller that are supplied to initiate a call being accurate such that, when that information is inaccurate or misleading, there is an actionable misrepresentation. *See* RESTATEMENT (SECOND) TORTS § 551.

And there are other grounds on which reasonable jurists may disagree with this Court's order. As a matter of structure and methodology, the Court seemed to sequence through the limited digital dealings between the parties and examined whether there were direct business dealings or contractual relations. (*See, e.g.*, Op. & Order re: MSJ at 4, 16-17, 29-30.) But reasonable jurists could analyze the issues differently, posing the questions as Digicel Haiti has—essentially, does an actor such as UPM create any misimpression of material fact when it uses methods (such as supplying access credentials or hiding gateways) to conceal a user's true identity or location from the network, or to represent a caller as an enrollee of a special subscription program; or when it persists in the use of surreptitiously acquired credentials and hidden gateways to access a network in knowing contravention of a network policy or practice or local law?[10] To pose the questions as such is to echo Oregon law, which confirms that a false impression can be induced by "any trick or device" or by engaging in what appears to one party to be an ordinary transaction, when it is anything but.

---

[10] Or stated differently, jurists could differ with the Court over whether it is Digicel Haiti that has a duty to request information about the original international call (when it does not know of that caller's existence) and instead recognize that it is UPM that has a duty to disclose the existence of that caller when it is the only entity that knows of the caller's existence (which it also knows to be material to how Digicel Haiti would charge for terminating that call).

PAGE 18    **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

Moreover, those aspects of Oregon law strongly suggest that a reasonable jurist examining Digicel Haiti's fraud questions (and the frontiers opened when entities such as UPM sell access to others' networks) may place significant weight on case law regarding the use of "blue boxes" to defraud telephone companies. Clearly, while the technological "trick or device" for cheating a carrier network out of charges have evolved, the broad contours of the "blue box" scheme remain as they always were. The ultimate goal remains to prevent a network from collecting full charges on the person making beneficial use of that network. That goal is still accomplished by conveying electronic signals to the network that affect how the network records the nature of the call in relation to the network's imposition of those charges. Given those similarities, reasonable jurists relying on "blue box" case law as persuasive authority may conclude that, in relation to UPM manipulating the use of Digicel Haiti's services in a manner that omits or disguises facts and thereby avoids the full billing for that use, there exists a genuine issue of material fact about whether UPM purposely induced a misimpression of material fact for its gain and at Digicel Haiti's expense. *Williams*, 182 Or. App. at 54-55.

## B. Restitution for Wrongful Conduct (Unjust Enrichment)

As noted, the parties did not brief the issue on which this Court resolved UPM's motion for partial summary judgment on Digicel Haiti's claim for restitution. The lack of briefing on this issue likely contributed to the Court's repeated comments at the hearing that it was "struggling" with the correct analysis. (*See* Jan. 1, 2022 Hr'g Tr. 40, 41-42.) Ultimately, this Court's decision relied on a recent Ninth Circuit opinion, *Sonner*, 971

PAGE 19  **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

F.3d 834; the common perception that unjust enrichment claims always sound in equity; and an assumption—again, common—that a plaintiff's tort damages, if any, necessarily supply a complete and adequate remedy at law.

In *Sonner*, 971 F.3d 834, the plaintiff class representative asserted various claims for relief, including claims for damages and restitution under California's Consumers Legal Remedies Act ("CLRA") as well as restitution under California's Unfair Competition Law ("UCL"). *Id*. at 837-38. The restitution sought by the plaintiff under those acts "is restitution in equity, not restitution at law" under California law. *Id*. at 839 n.2. Two months before trial, the plaintiff dropped the claim for damages despite a warning from the district court that doing so may be fatal to the claims for equitable relief. *Id*. at 838. Dismissal and an appeal followed.

As the Ninth Circuit explained, "a federal court's equitable authority remains cabined to the traditional powers exercised by English courts of equity, even for claims arising under state law." *Sonner*, 971 F.3d at 840. Traditionally, to access a court of equity, a plaintiff's "plain, adequate and complete remedy at law must be wanting." *Id*. (quotation marks and authority omitted). And, because a state court cannot expand the federal court's authority, "traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action." *Id*. at 844. In *Sonner*, the plaintiff made no showing that she lacked an adequate remedy at law—that was not alleged in the complaint and she sought identical amounts for damages and restitution—

PAGE 20  **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

and thus could not proceed in federal court on her claims for restitution under the UCL and CLRA. *Id.* at 844.

Given its procedural history, *Sonner* presents significant questions regarding its general application at other stages of litigation.[11]  At a minimum, however, it appears to require a district court to consider two issues under state law: (a) whether the challenged claim is equitable; and (b) if so, whether the available legal remedy is complete and adequate.

As to the first issue, this Court concluded that Digicel Haiti's claim for unjust enrichment (restitution for wrongful conduct) sounded in equity.  (*See* Op. & Order re: MSJ at 32-33, ECF 294 (citing *Wilson v. Gutierrez*, 261 Or. App. 410, 411, 323 P.3d 974 (2014); *Specialty Risk Servs. v. Royal Indem. Co.*, 213 Or. App. 620, 625, 164 P.3d 300 (2007)).)  And, indeed, unjust enrichment is often a claim for equitable relief.  But not always.

As explained in RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT (2011), the mistaken belief that restitution "is by its nature equitable rather than legal" is "widespread."  RESTATEMENT (THIRD) OF RESTITUTION § 4 comment c; *see also Larisa's Home Care, Ltd. Liab. Co. v. Nichols-Shields*, 362 Or. 115, 126, 404 P.3d

---

[11] *See Junhan Jeong v. Nexo Fin. LLC*, No. 21-cv-02392-BLF, 2022 U.S. Dist. LEXIS 10089, at *92-93 (N.D. Cal. Jan. 19, 2022) ("Courts in the Ninth Circuit are divided on how exacting of a standard *Sonner* imposes on plaintiffs who plead claims for equitable and legal remedies at the pleading stage."); *In re Intel Corp. CPU Mktg., Sales Practices & Prods. Liab. Litig.*, No. 3:18-md-2828-SI, 2022 U.S. Dist. LEXIS 15396, at *38 (D. Or. Jan. 26, 2022) (addressing implications of *Sonner* at pleading stage).

PAGE 21   **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

912 (2017) (approving of the RESTATEMENT's formulation of the remedy). In fact, "[l]iabilities and remedies within the law of restitution and unjust enrichment may have originated in law, in equity, or in a combination of the two." RESTATEMENT (THIRD) OF RESTITUTION § 4.

Restitution for fraud is a legal remedy. As the Oregon Supreme Court has explained, "liability in restitution" can include "benefits acquired by tort." *Larisa's Home Care*, 362 Or. at 128. That is expressly authorized by RESTATEMENT (THIRD) OF RESTITUTION § 44, which provides that:

> (1) A person who obtains a benefit by conscious interference with a claimant's legally protected interests (or in consequence of such interference by another) is liable in restitution as necessary to prevent unjust enrichment, unless competing legal objectives make such liability inappropriate.
>
> (2) For purposes of subsection (1), *interference with legally protected interests includes conduct that is tortious, or that violates another legal duty or prohibition* (other than a duty imposed by contract), if the conduct constitutes an actionable wrong to the claimant.

(Emphasis added.)

While Digicel Haiti has not identified an opinion from an Oregon appellate court stating that restitution was available at law for fraud, other authorities that Oregon's courts would find persuasive are in accord with the RESTATEMENT (THIRD) OF RESTITUTION. For example, in *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002), the Supreme Court recognized that the label "restitution" does not dictate whether the remedy is legal or equitable; rather, "whether it is legal or equitable

PAGE 22   **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

depends on 'the basis for [the plaintiff's] claim' and the nature of the underlying remedies sought." (Quoting *Reich v. Continental Cas. Co.*, 33 F.3d 754, 756 (7th Cir. 1994) (Posner, J.).) Continuing, the court explained that "for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant but to restore to the plaintiff particular funds or property in the defendant's possession." *Id.* at 214. In contrast, and as recognized by the Ninth Circuit in *Honolulu Joint Apprenticeship & Training Comm. of United Ass'n Local Union No. 675 v. Foster*, 332 F.3d 1234, 1238 (9th Cir. 2003), "legal restitution is a remedy where there is no identifiable *res*[.]" *See also Consumer Fin. Prot. Bureau v. CashCall, Inc.*, __ F.3d __, Nos. 18-55407, 18-55479, 2022 U.S. App. LEXIS 13810, at *36-37 (9th Cir. May 23, 2022) (similar). Those principles have been applied, apparently in relation to Oregon law, to conclude that a fraud claim for restitution is a legal claim. *See Or. Teamster Emplrs. Trust v. Hillsboro Garbage Disposal, Inc.*, No. 3:11-CV-01487-ST, 2013 U.S. Dist. LEXIS 78409, at *37 (D. Or. Jan. 25, 2013) (finding and recommendation), *adopted by* 2013 U.S. Dist. LEXIS 78045 (D. Or. June 4, 2013) (adopting same and granting summary judgment because employee benefit plan's claim for restitution from fraud was legal claim and thus preempted by ERISA).

Despite the "widespread" misapprehension about the origins of restitution, RESTATEMENT (THIRD) OF RESTITUTION § 4 comment c, the above authorities supply ample reasons to conclude that Digicel Haiti's claim for restitution does not sound in equity. That is, in contrast to *Sonner*—where the remedies that plaintiff sought had been

PAGE 23   **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

deemed equitable by the California courts, *Sonner*, 971 F.3d at 839 n.2—Digicel Haiti's claim for restitution here is a legal remedy.

*Sonner* is also inapposite because, even if restitution were an equitable remedy, Digicel Haiti's claim for restitution could not implicate the limits on this Court's equitable authority. That is true because, even aside from any issues with Digicel Haiti's proof of damages, an award of damages may be inadequate if it is less than is recoverable as restitution.

A recovery of damages is inadequate under Oregon law if it delivers incomplete justice. *See Evergreen W. Bus. Ctr., Ltd. Liab. Co. v. Emmert*, 354 Or. 790, 801, 323 P.3d 250 (2014) (so holding in relation to choice of remedies for breach of fiduciary duty "between a money award and a constructive trust"). Tort law exists to compensate victims *and* deter undesirable conduct. *Bagley v. Mt. Bachelor, Inc.*, 356 Or. 543, 551, 340 P.3d 27 (2014). Plainly, that deterrence function is incompletely served in circumstances where tabulating damages—that is, losses caused by a defendant's invasion of a plaintiff's legally protected interests—reveals a figure smaller than the defendant's profits from that same invasion.

That, of course, is one of the legal kinks that restitution cures. Per RESTATEMENT (THIRD) OF RESTITUTION § 3, a fundamental principle of restitution is that "[a] person is not permitted to profit by his own wrong." As further detailed in that section's comments:

Restitution requires full disgorgement of profit by a conscious

**PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

wrongdoer, not just because of the moral judgment implicit in the rule of this section, but because any lesser liability would provide an inadequate incentive to lawful behavior. … [A] remedy limited to compensation does not vindicate the claimant's right to insist that the transaction at issue—typically, some use by the defendant of the claimant's property—take place by agreement with the claimant or not at all. If a conscious wrongdoer were able to make profitable, unauthorized use of the claimant's property, then pay only the objective value of the assets taken or the harm inflicted, the anomalous result would be to legitimate a kind of private eminent domain (in favor of a wrongdoer) and to subject the claimant to a forced exchange. The law of restitution responds to this anomaly by making the wrongdoer liable to disgorge profits wrongfully obtained, whenever such profits exceed recoverable damages.

RESTATEMENT (THIRD) OF RESTITUTION § 3, comment c. That rationale applies forcefully to fraud claims for restitution, given that the defendant's misconduct is intentional. *See* RESTATEMENT (THIRD) OF RESTITUTION § 44 comment b ("Conscious interference with property rights of any kind … will support the claim in restitution described in this section. Because defendants in such cases are alternatively liable for damages in tort, restitution is significant in those cases where the benefits wrongfully obtained exceed the provable injury to the claimant.").

Under these circumstances, many reasonable jurists would, at a minimum, hold that it is premature to conclude that Digicel Haiti's claim for fraud damages is an adequate remedy for purposes of Oregon law. Issues with proof of damages could frustrate any recovery and the award of damages in an amount less than restitution would, for purposes of Oregon law, supply incomplete justice and thus an inadequate remedy. *See Evergreen*, 354 Or. at 801. That concern is fully supported by the record in this case

PAGE 25  **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

in the several discussions that the court held with the parties on potential damages.

Taken separately or together, these considerations of Oregon law distinguish *Sonner*, which applied undisputed California law that the claims at issue were equitable and the plaintiff made no showing that the claim for damages was inadequate. That is, Digicel Haiti has established that many jurists would reject *Sonner*'s application to this claim for restitution. Likewise, Oregon case law regarding fraud and its similarities to "blue boxes" case law strongly suggest that many jurists would answer Digicel Haiti's legal questions differently than this Court has on the briefing then supplied to it.

**III.    If the Court Is Persuaded by Digicel Haiti's Showing Regarding Oregon Law, It Should Reconsider Its Decision on Summary Judgment and, If It Is Not Persuaded, the Court Should Facilitate Prompt Appellate Review.**

As noted at the outset, the appropriate relief turns on this Court's view of the strength of Digicel Haiti's showing. Below, Digicel Haiti supplies the applicable procedural standards and then provides relief-specific analysis.

**A.    Governing Standards**

Reconsideration of an order granting partial summary judgment is available pursuant to Rule 54(b), which authorizes the district court to revise "any order or other decision … that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties … at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Such relief is commonly available when a court: "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

controlling law." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013).

Even beyond those categories, the district court possesses "inherent procedural power to

reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."

*City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir.

2001); *see also Steffler v. Williams*, No. 09-16-KI, 2010 U.S. Dist. LEXIS 80180, at *2

(D. Or. Aug. 9, 2010) (applying same and commenting that "I will consider the additional

briefing because I wish to get this important ruling right."). Ultimately,

reconsideration—including in light of "reassessment of legal authorities previously

presented"—is a matter of discretion. *E.E.O.C. v. Fred Meyer Stores, Inc.*, 954 F. Supp.

2d 1104, 1128 (D. Or. 2013).

Alternatively, a district court may certify an order for interlocutory review

pursuant to 28 U.S.C. § 1292(b) if the order involves "a controlling question of law,"

about which there is "substantial ground for difference of opinion," and an immediate

appeal "may materially advance the ultimate termination of the litigation." A controlling

issue need not be dispositive of the entire case; its resolution need only have the potential

to "materially affect the outcome of litigation in the district court." *In re Cement*

*Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). Substantial ground for difference of

opinion exists when "reasonable jurists might disagree" about the correct resolution of

the question of law. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

That inquiry primarily turns on "the strength of the arguments in opposition to the

challenged ruling." *Natkin v. Am. Osteopathic Ass'n*, No. 3:16-cv-01494-SB, 2017 U.S.

PAGE 27   **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

Dist. LEXIS 149339, at *8 (D. Or. July 27, 2017) (quotation marks and authority omitted).

"When a district court's original order does not indicate whether the order is certified for interlocutory appeal, the 'court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement.'" *Allied Prof'ls Ins. Co. v. Anglesey*, No. CV 14-00665 CBM, 2018 U.S. Dist. LEXIS 226407, at *8 (C.D. Cal. June 14, 2018) (quoting Fed. R. App. P. 5(a)(3)).  Alternatively, the Court may issue a "separate order, known as the certification order." *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1131 (9th Cir. 2022).

Federal courts may also certify questions to the Oregon Supreme Court to resolve an "important, dispositive question of state law." *Buero v. Amazon.com Servs.*, 21 F.4th 623, 624 (9th Cir. 2021).  While not to be undertaken lightly, this Court has discretion to certify questions after considering: "(1) whether the question presents important public policy ramifications yet unresolved by the state court; (2) whether the issue is new, substantial, and of broad application; (3) the state court's caseload; and (4) the spirit of comity and federalism." *Abraham v. Corizon Health, Inc.*, 985 F.3d 1198, 1202 (9th Cir. 2021) (quotation marks and authority omitted).

Upon certification, the Oregon Supreme Court may accept review provided that the criteria set forth in Or. Rev. State. § 28.200 are met—specifically:

> (1) The certification must come from a designated court; (2) the question must be one of law; (3) the applicable law must be Oregon law; (4) the question must be one that "may be determinative of the

PAGE 28  **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

cause;" and (5) it must appear to the certifying court that there is no controlling precedent in the decisions of this court or the Oregon Court of Appeals.

*W. Helicopter Servs., Inc., v. Rogerson Aircraft Corp.*, 311 Or. 361, 364, 811 P.2d 627 (1991). If those factors are met, review then becomes a matter of discretion for the Oregon Supreme Court. *See id.* at 366-71 (considerations in exercise of same).

Again, the Court may amend its original order or issue a separate opinion certifying questions to the Oregon Supreme Court, so long as the order ultimately issued sets forth: "(1) The questions of law to be answered; and (2) A statement of all facts relevant to the questions certified and showing fully the nature of the controversy in which the questions arose." Or. Rev. Stat. § 28.210. *See also* Or. Rev. Stat. § 28.215 (provisions for additional portions of the record to be supplied to the Oregon Supreme Court); *Abraham*, 985 F.3d at 1202 (certification included in appellate opinion).

Finally, neither form of certification carries with it an automatic stay of a proceeding. Instead, to effectuate a stay, it must be expressly addressed. *See, e.g.*, 28 U.S.C. § 1292(b) (authorizing same); *Abraham*, 985 F.3d at 1202 (after certifying questions to the Oregon Supreme Court, expressly noting that it was "withdraw[ing] [case] from submission" and directing the clerk "to administratively close this docket pending further order").

## B.    Reconsideration

It is never a party's intention to omit from dispositive briefing authority that could tilt the Court's analysis in its favor. And yet, that plainly has occurred here. Digicel

PAGE 29  PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT
REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER
28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

Haiti and UPM alike also apparently did not provide this Court with a full background on the issue of bypass fraud in the telecommunications industry, a source of particular harm in developing nations. What happens next appears to be a function of how this Court views that newly proffered authority and this Court's discretion. For the reasons set forth above, Digicel Haiti contends that the better analysis is that its fraud claims for damages and restitution (unjust enrichment) survive UPM's and Mr. Tran's motions for partial summary judgment and should go to a jury. If this Court agrees, it should reconsider its order to ensure that the jury is deciding the full scope of claims asserted by Digicel Haiti that are allowable under Oregon law.

## C.     Interlocutory Review (28 U.S.C § 1292(b))

In the alternative, the Court's order granting partial summary judgment to UPM presents several "controlling question[s] of law," about which there is "substantial ground for difference of opinion," and an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

By substantially narrowing Digicel Haiti's fraud claim and dismissing its claim for unjust enrichment, the Court decided controlling issues of law. That is because, plainly, the fraud and restitution questions that Digicel Haiti raises will materially affect the outcome of the litigation. *See In re Cement Antitrust Litig.*, 673 F.2d at 1026 (standard). On their face, this Court's answers substantially limit the scope of the trial and the available relief; indeed, the Court's order may wholly preclude a money recovery because of the unavoidable disconnect between its partially surviving fraud claim and its

**PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

existing damages evidence.  (Mar. 29, 2022 Hr'g Tr. 25, 39-41, 47.)

Further, even if this Court is not outright persuaded by Digicel Haiti's analysis of the legal issues (*see supra* § II), the questions it poses at a minimum present "substantial ground for difference of opinion."  That is the case because, while Oregon law does not expressly answer any of Digicel Haiti's questions, that law aligns with authorities that do supply such answers, which favor Digicel Haiti.

Finally, an immediate appeal "may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  As this Court has recognized, the materially-advances criterion is satisfied if it "facilitate[s] disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later [in order to] save the courts and the litigants unnecessary trouble and expense."  *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, No. 3:12-cv-1058-SI, 2020 U.S. Dist. LEXIS 93371, at *22-23 (D. Or. May 28, 2020) (quotation marks and authority omitted; alterations in original).  Here, that is undoubtedly the case.

The Court's decision on summary judgment materially affects the scope of Digicel Haiti's claims at trial; indeed, as the parties previewed at the pretrial conference, the surviving fraud claim may be incompatible with Digicel Haiti's proof of damages at trial. (Mar. 29, 2022 Hr'g Tr. 25.)  That is, if this case were to proceed in the ordinary course and the Ninth Circuit were to ultimately disagree with this Court's opinion on summary judgment, a second trial would be required and valuable resources would have been wasted on the first trial.  *See ICTSI*, 2020 U.S. Dist. LEXIS 93371, at *22-23 *id.* ("If a

PAGE 31 **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

new trial limited to damages is held before this issue is resolved on appeal and if ILWU were to prevail on appeal, a second trial would result in a significant waste of the parties' and the district court's resources.").

In sum, if this Court will not reconsider, it should at a minimum certify its order for interlocutory review under § 1292(b).

**D.      Certification of Questions to the Oregon Supreme Court (Or. Rev. Stat § 28.200)**

In the event that either this Court or the Ninth Circuit declines interlocutory review, this Court should certify questions to the Oregon Supreme Court.  As noted above, the Oregon Supreme Court may accept review of certified questions if:

> (1) The certification must come from a designated court; (2) the question must be one of law; (3) the applicable law must be Oregon law; (4) the question must be one that "may be determinative of the cause;" and (5) it must appear to the certifying court that there is no controlling precedent in the decisions of this court or the Oregon Court of Appeals.

*W. Helicopter Servs.*, 311 Or. at 364.  Those factors are met here.

First, by statute, this Court is among the courts designated to certify questions. *See* Or. Rev. Stat. § 28.200 ("The Supreme Court may answer questions of law certified to it by … a United States District Court[.]").  Second and third, the questions posed by Digicel Haiti are questions of substantive law, specifically, Oregon law.  Fourth, for the same reasons that the questions are "controlling question[s] of law" for purposes of § 1292(b), they may be determinative of the cause for purposes of certifying questions to the Oregon Supreme Court.  *See W. Helicopter Servs.*, 311 Or. at 365 (criterion "means

PAGE 32  **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

that our decision must, in one or more of the forms it could take, have the potential to determine at least one claim in the case"). And fifth, the lack of controlling precedent is apparent from the fact that Digicel Haiti's questions present substantial ground for difference of opinion under § 1292(b)—namely, reasonable jurists may disagree with this Court's resolution of the questions—as well as the fact that this case appears to be the first in the nation to directly confront whether bypass and SIM box misuse are tortious.

As to the discretionary aspects of this Court certifying questions to the Oregon Supreme Court, the questions posed by Digicel Haiti carry important public policy ramifications on issues that are new, substantial, and of broad application. *See Abraham*, 985 F.3d 1198, 1202 (9th Cir. 2021) (noting same as considerations). Bypass fraud is a common and costly fraud for telecommunication companies, especially in developing countries. In all likelihood, entities like UPM will take note of this Court's order, which concludes that the two methods employed here to deceive Digicel Haiti into charging less than it is lawfully entitled to charge persons using its services are not fraudulent and, even if they are, do not give rise to an obligation to disgorge profits. Accordingly, even if this Court will not reconsider its decision, it should certify the questions posed by Digicel Haiti to the Oregon Supreme Court.

### E.    Pending Review by an Appellate Court, this Court Should Stay Proceedings Before It.

To avoid the unnecessary expenditure of resources, this Court should stay the proceeding before it, pending review by an appellate court. As this Court has explained:

PAGE 33    **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

> In deciding whether to order a stay pending interlocutory appeals, courts traditionally balance four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. The first two factors are the most critical.

*ICTSI*, 2020 U.S. Dist. LEXIS 93371, at \*29 (citations omitted). Those first two factors are satisfied if the appealing party at least "raises serious legal questions" and shows that "denying a stay risks causing irreparable injury to [that party]." *Id*.

Here, for the above-stated reasons, Digicel Haiti has at least raised serious legal questions and, given that a prompt appeal could affect the issues to be tried, faces the realistic prospect of expending substantial resource (both time and money) in a fruitless trial if a stay is not granted. In contrast, UPM cannot establish any comparable injury from a stay. Additionally, "[a] stay also will serve the public interest by avoiding potentially wasteful use of the parties' and the district court's resources." *Id*. at \*30. Taken together, these factors militate in favor this Court granting a stay if it certifies the case for interlocutory review or certifies questions to the Oregon Supreme Court.

## CONCLUSION

The legal questions that Digicel Haiti poses are suitable for reconsideration or immediate appellate review under § 1292(b) and Or. Rev. Stat. § 28.200. This Court should order such relief on the strength of Digicel Haiti's showings about Oregon law. While the Court's order was specifically addressed to Digicel Haiti's claims, the implications of that decision are far broader. People and entities interested in cheating

PAGE 34    **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

digital service providers out of their legitimate charges for service may view this Court's order as condoning UPM's and Mr. Tran's actions and conclude that Oregon law permits "creative" methods of presenting credentials to access a network from Oregon without the actual users paying full charges for access. The ramifications for digital service providers—domestic and international—are significant. Ultimately, if that interpretation of Oregon law is correct, it will receive the imprimatur of an appellate court. But if it is incorrect, it should be corrected promptly.

Dated this 27th day of May, 2022.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By:    s/ Andrew J. Lee
       Andrew J. Lee, OSB #023646
       Email: ajlee@schwabe.com
       Sarah Kobak, OSB #043495
       Email: skobak@schwabe.com
       Anne M. Talcott, OSB #965325
       Email: atalcott@schwabe.com
       Kathryn E. Kelly, OSB #175162
       Email: kkelly@schwabe.com
       Telephone: 503.222.9981
       Facsimile: 503.796.2900

PAGE 35   **PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

KIM VAUGHAN LERNER LLP
Robert C. L. Vaughan (*Pro Hac Vice*)
Email:  rvaughan@kvllaw.com
Cherine Smith Valbrun *(Pro Hac Vice)*
Email:  cvalbrun@kvllaw.com
Leah B. Storie *(Pro Hac Vice)*
Email:  lstorie@kvllaw.com
312 SE 17th Street • Suite 300
Fort Lauderdale, Florida 33316
Telephone:  (954) 527-1115
Facsimile:  (954) 527-1116

Attorneys for Plaintiff

**PLAINTIFF'S MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO EITHER 28 U.S.C. § 1292(B) OR OR. REV. STAT. § 28.200) AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900