**Kathryn P. Salyer**, OSB #883017
**Eleanor A. DuBay**, OSB #073755
**Blake Van Zile,** OSB #184672
ksalyer@tomasilegal.com
edubay@tomasilegal.com
bvanzile@tomasilegal.com
Tomasi Bragar DuBay
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204-3136
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

**Christopher W. Savage**, D.C. Bar #362657
chrissavage@dwt.com
(Admitted *Pro Hac Vice*)
Davis Wright Tremaine LLP
1301 K Street NW, Suite 500
Washington, DC 20005-3317
Telephone: (202) 973-4200
Facsimile: (202) 973-4499

   Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDING, S.A**., a foreign corporation, d/b/a **DIGICEL HAITI**, <br><br>   Plaintiff & Counterclaim-Defendant, <br><br>   v. <br><br> **UPM TECHNOLOGY, INC**., *et al.,* <br><br>   Defendants & Counterclaim-Plaintiffs | Case No. 3:15-CV-00185-SI <br><br> **DEFENDANTS' OPPOSITION TO DIGICEL-HAITI'S MOTION FOR RECONSIDERATION OR APPELLATE REVIEW** <br><br> **Oral Argument Requested** |

DEFENDANTS' OPPOSITION TO
DIGICEL-HAITI'S MOTION FOR
RECONSIDERATION OR APPELLATE REVIEW
UPM-L1\00641787.000

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   ARGUMENT ...................................................................................................... 5

    A.    Digicel-Haiti Should Be Judicially Estopped From Advancing Its Reconsideration and Stay Motions ............................................................ 5

        1.    Digicel-Haiti's Motion is Inconsistent with Its Position at the Pretrial Hearing .......................................................................... 6

        2.    Digicel-Haiti's Request for Reconsideration Regarding the Law of Fraud Contradicts Its Earlier Advocacy ....................................... 9

        3.    Digicel-Haiti Should be Estopped from Raising Its Other Arguments ..... 11

    B.    There Is No Basis for Reconsideration of the Court's Rulings Regarding Fraud ...................................................................................................... 11

        1.    Duty to Disclose ...................................................................... 12

        2.    Implicit Representations from Context ...................................... 12

        3.    The Criminal Wire Fraud Statute ............................................. 13

    C.    There Is No Basis for Reconsideration of the Court's Rulings Regarding Unjust Enrichment ........................................................................... 17

        1.    Digicel-Haiti Waived Defense of Its Unjust Enrichment Claim ............. 17

        2.    The Court's Alternative Holding Was Correct on the Merits .................. 18

        3.    The Court's Application of *Sonner* Was Correct ..................................... 21

    D.    There Is No Basis for Granting Interlocutory Review Under Section 1292(b) ...................................................................................................... 24

    E.    There Are No Grounds for Certifying Any Questions of Law to the Oregon Supreme Court ........................................................................... 27

    F.    The Court Should Not Stay Proceeding on UPM's Counterclaim. ....................... 28

III.  CONCLUSION ................................................................................................ 30

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

## TABLE OF AUTHORITIES

**Cases**

*Alexopulos ex rel. Alexopulos v. Riles*, 784 F.2d 1408 (9th Cir. 1986) ...................................... 17

*All Direct Travel Servs. v. Delta Air Lines, Inc.*, 120 F. App'x 673 (9th Cir. 2005)................ 2, 22

*Angelini v. Delaney*, 156 Or. App. 293, 966 P.2d 223 (1998), *rev den*, 328 Or. 594,
    987 P.2d 514 (1999)................................................................................................ 22

*Ateser v. Bopp*, No. 92-36869, No. 92-36964, 1994 U.S. App. LEXIS 18014 (9th
    Cir. July 19, 1994) .................................................................................................. 14

*Brinkman v.* Ross, No. CV-11-489-HZ, 2011 U.S. Dist. LEXIS 88987 (D. Or. Aug.
    9, 2011) .................................................................................................................. 14

*Clark-Dietz & Assocs.-Eng'rs v. Basic Const.*, 702 F.2d 67 (5th Cir. 1983) ............................. 25

*CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962).................................................................. 29

*Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.,* 2020 U.S.
    Dist. LEXIS 12050................................................................................... 27, 28, 29

*Consumer Cellular, Inc. v. ConsumerAffairs.com*, 2016 U.S. Dist. LEXIS 72573
    (D. Or. Feb. 29, 2016)............................................................................................. 14

*Cummins v. EG & G Sealol, Inc.,* 697 F. Supp. 64 (D.R.I. 1988) .......................................... 3, 26

*Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S 204, 122 S. Ct. 708, 151
    L. Ed. 2d 635 (2002) ............................................................................................... 23

*Helfand v. Gerson,* 105 F.3d 530 (9th Cir. 1997)....................................................................... 5

*Hoag Living Tr. v. Hoag*, 292 Or. App. 34, 424 P.3d 731 (2018)......................................... 2, 22

*Hope Med. Enters. v. Fagron Compounding Servs., LLC,* 2021 U.S. Dist. LEXIS
    206565 (C.D. Cal. Oct. 26, 2021)............................................................... 2, 3, 22, 23

*Hulmes v. Honda Motor Co.,* 936 F. Supp. 195 (D.N.J. 1996)............................................... 3, 26

*ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union,* 22 F.4th 1125 (9th Cir.
    2022) ........................................................................................... 24, 25, 27, 30

*Image Tech. Serv., Inc. v. Eastman Kodak,* 903 F.2d 612 (9th Cir. 1990) ................................. 17

*In re Cement Antitrust Litig.* (MDL No. 296), 673 F.2d 1020 (9th Cir. 1981) .......................... 27

*In re Intel Corp. CPU Mktg.,* No. 3:18-md-2828-SI, 2021 U.S. Dist. LEXIS 59634
    (D. Or. Mar. 29, 2021) ............................................................................................ 23

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

*Intel Corp. v. Hamidi,* 30 Cal. 4th 1342, 71 P.3d 296 (2003)...................................................... 16

*Kingsley v. Ashworth*, No. 97-35084, 1998 U.S. App. LEXIS 2927  (9th Cir. Feb. 20, 1998) ...................................................................................................... 14

*Landis v. North American Co.*, 299 U.S. 248, 57 S. Ct. 163, 81 L. Ed. 153 (1936)............... 29, 30

*Larisa's Home Care, LLC v. Nichols-Shields,* 362 Or. 115, 404 P.3d 912 (Or. 2017) ...................................................................................................... 18, 20, 21, 22, 24

*McKesson HBOC, Inc. v. N.Y. State Common Ret. Fund, Inc.*, 339 F.3d 1087 (9th Cir. 2003) .................................................................................................... 2, 22

*Napper v. Anderson, Henley, Shields, Bradford & Pritchard*, 500 F.2d 634 (5th Cir. 1974), *cert. denied,* 423 U.S. 837, 46 L. Ed. 2d 56, 96 S. Ct. 65 (1975)......................... 14

*National Wildlife Federation v. National Marine Fisheries Service,* 184 F. Supp. 2d 861 (D. Or. 2016)................................................................................................ 5

*Nelson v. Unified Grocers, Inc.,* 2011 U.S. Dist. LEXIS 151483 (D. Or. 2011)......................... 17

*New Hampshire v. Maine*, 532 U.S. 742, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001) ........................................................................................................................ 5

*Northwestern Ohio Adm'rs v. Walcher & Fox,* 270 F.3d 1018 (6th Cir. 2001) ........................... 25

*Or. Teamster Emplrs. Trust v. Hillsboro Garbage Disposal, Inc.,* 2013 U.S. Dist. LEXIS 78409 (D. Or. Jan. 25, 2013), *adopted by* 2013 U.S. Dist. LEXIS 78045 (D. Or. June 4, 2013) ........................................................................................ 23

*Pennebaker v. Kimble,* 126 Or. 317, 269 P. 981 (1928).............................................................. 12

*Reese v. BP Expl. (Alaska) Inc.,* 643 F.3d 681  (9th Cir. 2011) .................................................. 24

*Reliance Ins. Co. v. Doctors Co.,* 299 F. Supp. 2d 1131 (D. Haw. 2003) ................................... 17

*Samica Enters. LLC v. Mail Boxes Etc., Inc.,* 460 F. App'x 664 (9th Cir. 2011)........................ 17

*Samson v. NAMA Holdings, LLC*, 2009 U.S. Dist. LEXIS 130663 (C.D. Cal. May 20, 2009), *adopted by Samson v. NAMA Holdings, LLC,* 37 F.3d 915 (9th Cir. 2011) ................................................................................................................... 6

*Sonner v. Premier Nutrition Corp.,* 971 F.3d 834 (9th Cir. 2020) ................. 2, 6, 8, 21, 22, 23, 24

*Speciality Risk Services v. Royal Indemnity Co.*, 213 Or. App. 620, 164 P.3d 300 (2007).................................................................................................................... 22

*Tull v. United States*, 481 U.S. 412 (1987) ...................................................................... 2, 22, 23

UPM-L1\00641787.000

***TOMASI BRAGAR DUBAY***
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

*United States v. Adamant Co.*, 197 F.2d 1 (9th Cir. 1952) ....................................................... 2, 22

*United States v. Freeman*, 524 F.2d 337 (7th Cir. 1975) ........................................................... 16

*W. Helicopter Servs., Inc., v. Rogerson Aircraft Corp.*, 311 Or. 361, 811 P.2d 627 (1991) ..................................................................................................................... 27, 28

*Wagner v. Professional Engineers in California Government,* 354 F.3d 1036 (9th Cir. 2004) ................................................................................................................ 5

*Wilson v. Gutierrez*, 261 Or. App. 410, 323 P.3d 974 (2014) ................................................. 2, 22

*Yonemoto v. McDonald,* 2015 U.S. Dist. LEXIS 53072 (D. Hawaii 2015) ................................ 17

**Statutes**

ORS 28.200 ................................................................................................................. 4, 27, 28, 29

**Other Authorities**

Dan B. Dobbs, 1 Dobbs Law of Remedies 552 (2d ed 1993) ..................................................... 20

James Gordley*, The Common Law in the Twentieth Century: Some Unfinished Business*, 88 Cal. L. Rev. 1815 (2000) .............................................................................. 22

Michael Traynor, *The Restatement (Third) of Restitution & Unjust Enrichment: Some Introductory Suggestions,* 68 Wash & Lee L Rev 899 (2011) .................... 19, 20, 24

**Rules**

Local Rule 84-13 ..................................................................................................................... 4, 27, 28

**Regulations**

18 U.S.C. § 1030 ............................................................................................................................ 16

18 U.S.C. § 1343 ........................................................................................................ 10, 11, 13, 14, 15

28 U.S.C. § 1292 .......................................................................... 1, 3, 6, 7, 8, 9, 11, 24, 26, 27

47 U.S.C. § 201 .............................................................................................................................. 30

47 U.S.C. § 202 .............................................................................................................................. 30

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

## I.    INTRODUCTION

Digicel-Haiti's motion[1] should be denied for at least the following reasons:

At the outset, the Reconsideration Motion is pure procedural bait-and-switch. The only reason UPM did not press the Court at the pretrial hearing to immediately dismiss all of Digicel-Haiti's claims was to give it a chance to frame a motion for interlocutory review under 28 U.S.C. § 1292(b) while proceedings on UPM's counterclaims got underway. Had Digicel-Haiti suggested that it wanted to advance new arguments on the merits or to stay proceedings on the counterclaims, UPM would have objected as vigorously as courtroom decorum would have allowed. UPM asks the Court to consider such vigorous objections to have been retroactively made. The Court should judicially estop Digicel-Haiti from presenting arguments beyond those contemplated at the pretrial hearing and, further, should hold that Digicel-Haiti is estopped from opportunistically asserting positions that differ, to UPM's prejudice, from those it took before.

If the Court considers Digicel-Haiti's arguments on the merits, they should be rejected as frivolous. First, there is no basis for the Court to reconsider any of its rulings regarding the law of fraud. The Court did not misstate or misunderstand the law regarding implicit misrepresentations,[2] nor did it misstate or misunderstand the law regarding duty to speak.[3] And while the Court did not address whether Oregon tort law should be interpreted so as to avoid "conflict" with federal criminal wire fraud law,[4] that is probably because federal criminal wire fraud cases are irrelevant to the scope and application of Oregon tort law. On this point, moreover, the underlying facts of Digicel-Haiti's 50-year-old "blue box" cases are critically different from those here. There, early hackers stole long distance service by gaining unauthorized access to

---

[1] Plaintiff's Motion For Reconsideration Or Prompt Review By An Appellate Court (Pursuant To 28 U.S.C. § 1292(B) Or. Rev. Stat. § 28.200) And Stay (ECF #375) ("Reconsideration Motion").

[2] *Id.* at 15-16.

[3] *Id.* at 17.

[4] *Id.* at 12-13.

Page 1 – DEFENDANTS' OPPOSITION TO
DIGICEL-HAITI'S MOTION FOR
RECONSIDERATION OR APPELLATE REVIEW
UPM-L1\00641787.000

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

special capabilities of AT&T's systems that were reserved for long distance operators and maintenance personnel. Here, UPM bought and paid for retail services from Digicel-Haiti but used them in a way Digicel-Haiti did not like. No "reasonable jurist" would think that there are open questions of law on any of these points, or that the Court's discussion (or, in the case of wire fraud law, lack of discussion) was erroneous or even debatable. Both reconsideration and certification for review of this point should be denied.

The Court need not address Digicel-Haiti's arguments regarding unjust enrichment and restitution, because the Court provided an alternative ground for dismissing the unjust enrichment claim: Digicel-Haiti could not show that UPM's conduct was unjust in the first place. Opinion and Order (ECF #294) at 32-33 n.18 (if it cannot show that UPM committed fraud, "then Digicel Haiti would be unable to show the third element of its claim for unjust enrichment"). This holding was plainly correct, and is a fully sufficient and independent ground on which to deny reconsideration (or certification for review).

If, however, the Court is inclined to delve into the niceties of the distinctions between law and equity at federal common law, and the further niceties of the potential distinction between equitable and legal restitution, nothing that Digicel-Haiti has presented suggests that this Court misapplied or misunderstood the relevant law. Restitution based on unjust enrichment is an equitable remedy.[5] This means that the Court was correct that Digicel-Haiti is not entitled to restitution, because it has an adequate remedy at law – damages for proven fraud.[6] Moreover, legal

---

[5] As to state law, *see: Wilson v. Gutierrez*, 261 Or. App. 410, 411, 323 P.3d 974 (2014); *Hoag Living Tr. v. Hoag*, 292 Or. App. 34, 43, 424 P.3d 731 (2018); *McKesson HBOC, Inc. v. N.Y. State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1091 (9th Cir. 2003); *All Direct Travel Servs. v. Delta Air Lines, Inc.*, 120 F. App'x 673, 676 (9th Cir. 2005); *United States v. Adamant Co.*, 197 F.2d 1, 10 (9th Cir. 1952). As to federal law, *see: Hope Med. Enters. v. Fagron Compounding Servs., LLC,* 2021 U.S. Dist. LEXIS 206565 (C.D. Cal. Oct. 26, 2021), *quoting Tull v. United States*, 481 U.S. 412, 424 (1987).

[6] ECF #294 at 32-33, discussing and applying *Sonner v. Premier Nutrition Corp.,* 971 F.3d 834, 841-42 (9th Cir. 2020).

Page 2 – DEFENDANTS' OPPOSITION TO
DIGICEL-HAITI'S MOTION FOR
RECONSIDERATION OR APPELLATE REVIEW
UPM-L1\00641787.000

abstractions aside, as its remedy for unjust enrichment, Digicel-Haiti specifically sought whatever "profits" UPM may have received from its activities, on the ground that "retain[ing] such profits" would be "inequitable,"[7] and disgorgement of profits is without question an equitable remedy.[8]

The fact that Digicel-Haiti's arguments for reconsideration are frivolous on the merits necessarily means that the Court should also decline to involve itself in Digicel-Haiti's efforts to forum shop by moving this case to the Ninth Circuit or the Oregon Supreme Court. This case does not involve any doubtful or undecided questions of law; it involves applying settled law to the facts at hand. As to Section 1292(b), Digicel-Haiti has not presented any "controlling question of law as to which there is substantial ground for difference of opinion." No reasonable jurist could doubt how Oregon defines common law fraud or that it treats restitution as an equitable remedy. Moreover, because the supposedly "controlling questions" are matters of *state* law, Section 1292(b) relief is not appropriate at all.[9] And, with trial on UPM's counterclaims mere months away,[10] interlocutory review would not "materially advance the termination of the litigation." This case will be over and on its way to the Ninth Circuit long before that court would issue a ruling on any Section 1292(b) appeal, and probably before it would even decide whether to consider the issue. With due regard for this Court's lenient view of Section 1292(b), no certification is appropriate here; what is appropriate is dismissal of Digicel-Haiti's claims.[11]

Digicel-Haiti's request for certification of questions to the Oregon Supreme Court is equally baseless. Oregon law requires that it "appear to the certifying court" – that is, to this

---

[7] Third Amended Complaint (ECF #200) ("TAC") at ¶¶ 200-201.

[8] *Hope Med. Enters. v. Fagron Compounding Servs., LLC*, 2021 U.S. Dist. LEXIS 206565 (C.D. Cal. Oct. 26, 2021).

[9] *See, e.g., Cummins v. EG & G Sealol, Inc.,* 697 F. Supp. 64 (D.R.I. 1988); *Hulmes v. Honda Motor Co.,* 936 F. Supp. 195 (D.N.J. 1996).

[10] *See* ECF #370 (setting trial date of November 14, 2022); ECF #374 (adopting jointly filed procedural schedule embodying that trial date).

[11] *See* Pretrial Tr. at 59:9-13.

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Court – "that there is no controlling precedent in the decisions of [the Oregon Supreme Court] or the Oregon Court of Appeals."[12] But on both the fraud and restitution issues, there *is* "controlling precedent," so it would be impossible to frame a question that met the standard for certification. Digicel-Haiti's certification request, therefore, is simply thinly-disguised forum shopping – asking this Court to pester other judges of this District to get involved in this case (*see* Local Rule 84-13(b)(2)) – in an effort to get the Supreme Court of Oregon involved. Again, Digicel-Haiti's problem is not a lack of Oregon precedent; its problem is that controlling precedent – and Digicel-Haiti's evidentiary problems – are fatal to its claims.

Finally, Digicel-Haiti's request for a stay should be denied. First, as part of its maneuvering at the pretrial hearing, Digicel-Haiti abjured any desire to slow down the proceedings on UPM's counterclaims – proving, again, that Digicel-Haiti's Reconsideration Motion is part of an elaborate bait-and-switch.[13] Putting that aside, Digicel-Haiti's claims both for reconsideration and for interlocutory review are frivolous and cannot possibly justify a stay. At this late stage of the proceedings, both judicial economy and fairness to UPM show that moving forward with the trial of UPM's counterclaims is the right course. At the conclusion of the trial on those counterclaims, the Court may enter appropriate final judgments on all outstanding matters, and let the parties press their cases in the Ninth Circuit as they see fit.

In sum, Digicel-Haiti's requests for reconsideration and interlocutory review are groundless to the point of being disrespectful to the Court and to UPM, wasting the Court's and UPM's time, needlessly increasing UPM's costs, and seeking to delay resolution of UPM's counterclaims. UPM should not have been required to expend the time and effort to file this opposition. The Court should deny all of Digicel-Haiti's requests, enter an order fully and finally dismissing any Digicel-Haiti claims that survived the Court's earlier summary judgment ruling (ECF #294), and proceed with UPM's counterclaims on the established schedule.

---

[12] ORS 28.200.

[13] Pretrial Tr. at 65:19-24.

Page 4 – DEFENDANTS' OPPOSITION TO
DIGICEL-HAITI'S MOTION FOR
RECONSIDERATION OR APPELLATE REVIEW
UPM-L1\00641787.000

## II.    ARGUMENT

### A. Digicel-Haiti Should Be Judicially Estopped From Advancing Its Reconsideration and Stay Motions

Digicel-Haiti's requests for reconsideration and a stay go beyond the bounds of legitimate advocacy and into the realm of procedural gamesmanship. Both the scope of the Reconsideration Motion and most of its contents are based on opportunistic shifts in Digicel-Haiti's position, acceptance of which at this point would be unfair both to UPM and to the Court. The Court should therefore rule that Digicel-Haiti is judicially estopped from asserting those positions and deny the Reconsideration Motion on those grounds.

"The doctrine of judicial estoppel protects the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment."[14] Judicial estoppel is an equitable doctrine, with application based on the sound discretion of the court. The Ninth Circuit has adopted the following analysis of judicial estoppel:

> Judicial estoppel "'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase. "' *New Hampshire v. Maine,* 532 U.S. 742, 749, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001) (citations omitted). … [It] "applies to a party's stated position whether it is an expression of intention, a statement of fact, or a legal assertion." *Wagner v. Professional Engineers in California Government,* 354 F.3d 1036, 1044 (9th Cir. 2004) (*citing Helfand v. Gerson,* 105 F.3d 530, 535 (9th Cir. 1997)).

> Factors relevant in deciding whether to apply the doctrine include: (1) whether the party's later position is "clearly inconsistent" with its earlier position; (2) whether the party has successfully advanced the earlier position, such that judicial acceptance of an inconsistent position in the later proceeding would create a perception that either the first or the second court had been misled; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire,* 532 U.S. at 751 (citations omitted).

*Samson v. NAMA Holdings, LLC*, 2009 U.S. Dist. LEXIS 130663, [*56]-[*59] (C.D. Cal. May 20,

---

[14] *National Wildlife Federation v. National Marine Fisheries Service,* 184 F. Supp. 2d 861, 883 (D. Or. 2016), quoting *New Hampshire v. Maine,* 532 U.S. 742, 749-50, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001) (quotation marks and citations omitted).

Page 5 – DEFENDANTS' OPPOSITION TO
DIGICEL-HAITI'S MOTION FOR
RECONSIDERATION OR APPELLATE REVIEW
UPM-L1\00641787.000

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

2009), *adopted by Samson v. NAMA Holdings, LLC,* 37 F.3d 915 (9th Cir. 2011). Considering these factors, Digicel-Haiti should be judicially estopped from seeking reconsideration of the Court's rulings regarding both the law of fraud and the applicability of *Sonner* to Digicel-Haiti's unjust enrichment claim; from seeking to refer those questions to the Oregon Supreme Court; and from seeking a stay pending interlocutory review.[15] For each of these matters, as detailed below, Digicel-Haiti is taking positions inconsistent with those it took earlier in the litigation, and which it would be unjust and unfair to permit Digicel-Haiti to maintain now.[16]

### 1. Digicel-Haiti's Motion is Inconsistent with Its Position at the Pretrial Hearing

The mere filing of Digicel-Haiti's Reconsideration Motion (other than its limited discussion of 28 U.S.C. 1292(b)) is inconsistent with what it represented at the pretrial hearing and on which UPM and, UPM believes, the Court, relied. Leading up to that hearing, UPM had asked the Court to dismiss Digicel-Haiti's case, notably on the ground that Digicel-Haiti had no evidence that any UPM use of human behavior software had damaged Digicel-Haiti. *See* [UPM's] Renewed Motion for Summary Judgment (ECF #335), *passim.* At the hearing, Digicel-Haiti's counsel admitted that it lacked sufficient evidence to proceed to trial:

> MR. VAUGHAN: … I believe we have an obligation to put the best case forward before you and not waste your time and everybody else's time. Unless discovery is reopened, ***I don't think we can try the HBS case as it is positioned***.

Transcript of Proceedings (March 29, 2022) ("Pretrial Tr.") at 64:23-65:2 (emphasis added). At

---

[15] As noted above, judicial estoppel can be applied to "legal assertions," such as the arguments Digicel-Haiti is making in its motion, as well as "expressions of intention," such as those made at the pretrial hearing. *See Samson, supra,* 2009 U.S. Dist. LEXIS 130663 at [*57].

[16] Anticipating a possible Digicel-Haiti rejoinder, UPM notes that at Digicel-Haiti's request (although without an explanation), UPM agreed that Digicel-Haiti could file a Section 1292(b) motion "and/or alternative appellate motion." *See* Joint Motion to Establish Schedule Regarding Briefing and Counterclaim Plaintiff's Claims (ECF #373) at 2. A motion to refer questions to the Oregon Supreme Court is not an "appellate motion," for the simple reason that one does not "appeal" decisions of this Court to that one. Of course, Digicel-Haiti's motions for reconsideration and a stay of proceedings are plainly not "appellate motions" either. UPM never consented to Digicel-Haiti filing anything other than a motion under Section 1292(b).

that point, of course, Digicel-Haiti's counsel knew that discovery would not be reopened, *id.* at 55:14-56:1, so he knew what he was saying – that Digicel-Haiti "can[not] try the HBS case" *because it had no evidence to support liability:*

> MR. VAUGHAN:  … I think it would be *disrespectful and a waste of time to even try* to pull [such a case] together[.] I think it would be disrespectful to *pretend to try a case* before Your Honor as it is currently postured.

*Id.* at 56:11-16 (emphasis added). Although he could not bring himself to say the literal words, without question Digicel-Haiti's counsel understood and admitted that all remaining Digicel-Haiti claims were subject to dismissal.

UPM, obviously, would have been more than happy for the Court to dismiss those claims. As a courtesy, however, UPM acceded to permitting Digicel-Haiti to try to fashion a motion under 28 U.S.C. § 1292(b) to seek review of some as-of-then-unspecified "controlling question of law" underlying the Court's rulings.[17] But it was clear that no matter what appellate route Digicel-Haiti wanted to take, there was no suggestion of further briefing on the merits or that trial of UPM's counterclaim might be delayed:

> MR. SAVAGE: Yeah. So that seems to be the most practical answer from my perspective. And if Mr. Vaughan wants a 1292(b), that's fine. *But the next topic is let's figure out when we can get UPM's counterclaim out of the way as well.*
>
> THE COURT: I think the way 1292(b) works is *we can go forward with the counterclaims while the 1292(b) on Phase I is going up* and the Ninth Circuit decides whether they will or won't take it.
>
> MR. VAUGHAN: *It would be just a question of scheduling, Judge,* because I'm also in trial May 2nd.

Pretrial Tr. at 62:23-63:3 (emphasis added). UPM did not agree to deferral of dismissal of Digicel-Haiti's claims in order to give it another bite at the merits apple. UPM was willing to accept

---

[17] The Court would look to Digicel-Haiti to properly frame a request under Section 1292(b). *See* Pretrial Tr. 65:12-13 ("I would like to see it phrased by the plaintiff what they want and why they should get 1292(b) in front of me"). As discussed below, Digicel-Haiti has ignored its obligation to the Court to identify what questions of law it would like to have certified.

Page 7 – DEFENDANTS' OPPOSITION TO DIGICEL-HAITI'S MOTION FOR RECONSIDERATION OR APPELLATE REVIEW
UPM-L1\00641787.000

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

deferral to give Digicel-Haiti a chance to try to formulate a question of law for certification to the Ninth Circuit under Section 1292(b), ***without delaying proceedings on UPM's counterclaims.***

Digicel-Haiti's Reconsideration Motion bears scant relation to what was contemplated at the pretrial hearing. Out of thirty-five pages of argument, perhaps three desultorily pages address Section 1292(b).[18] Instead, the bulk of the argument is that under Rule 54(b), the Court should reconsider its analysis of fraud under Oregon common law[19] and its conclusion that *Sonner* compelled dismissal of Digicel-Haiti's unjust enrichment claim.[20] Interlocutory review – what was supposed to be the sole purpose of the Reconsideration Motion – is mere alternative relief, to be pursued only if the Court rejects reconsideration. Moreover, the interlocutory review Digicel-Haiti seeks is not limited to Section 1292(b), but includes certifying to the Oregon Supreme Court some purported "determinative" question of law, as to which "there is no controlling precedent."[21] And, directly contrary to what was contemplated at the pretrial hearing – and directly contrary to what UPM relied upon in agreeing to a deferral of the dismissal of the fraud claims – Digicel-Haiti now requests a stay of proceedings on UPM's counterclaims while interlocutory review is ongoing.[22]

This is procedural bait-and-switch, pure and simple. UPM acceded to the Court's staying its hand ***only so that Digicel-Haiti could fashion a Section 1292(b) motion***. If UPM had had any inkling of what Digicel-Haiti was going to file, it would have pressed vigorously for the Court to enter an immediate order dismissing Digicel-Haiti's claims. Having been lulled by Digicel-Haiti's request for an accommodation to facilitate possible interlocutory review under Section 1292(b), UPM now confronts the need to oppose two arguments on the merits (the law of

---

[18] Reconsideration Motion at 27-28, 30-32.

[19] *Id*. at 7-10, 11-19.

[20] *Id.* at 19-26. *See* ECF #294 at 32-33.

[21] *Id.* at 28-29.

[22] *Id.* at 33-34.

Page 8 – DEFENDANTS' OPPOSITION TO
DIGICEL-HAITI'S MOTION FOR
RECONSIDERATION OR APPELLATE REVIEW
UPM-L1\00641787.000

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

fraud and the *Sonner* issue), a motion about certification of questions to the Oregon Supreme Court, and a motion for a stay – ***none*** of which was contemplated at the pretrial hearing and ***all*** of which would have drawn vigorous objection from UPM had Digicel-Haiti provided any indication at the pretrial hearing of what its filing would turn out to be.

UPM has no choice but to respond on the merits, and does so below. But given the discussion at the pretrial hearing, it is simply abusive that it must do so. Again, if UPM had had any hint that Digicel-Haiti was going use the courtesy of an opportunity to formulate a Section 1292(b) motion to raise these additional issues, UPM would have never acceded to any delay in the Court dismissing Digicel-Haiti's case. To the contrary, it would have decried Digicel-Haiti's arguments as frivolous and unjustified delay tactics and urged the Court in the strongest possible terms to dismiss Digicel-Haiti's remaining claims and let the appellate chips fall as they may. Even without considering the merits of Digicel-Haiti's arguments, UPM submits that the Court should do so now.

### 2. Digicel-Haiti's Request for Reconsideration Regarding the Law of Fraud Contradicts Its Earlier Advocacy

It is possible to view some of Digicel-Haiti's arguments regarding the law of fraud to be simply re-arguing a variant of positions it took, or may have taken, earlier. To that extent, Digicel-Haiti should be judicially estopped because such re-argument goes beyond the proper scope of the motion – which, as described above, should have been limited to formulating a question for review under Section 1292(b). But Digicel-Haiti should also be estopped from making certain specific arguments, because they contradict its earlier advocacy.

Digicel-Haiti's argument regarding a duty to speak in the context of a fraud claim[23] reflects an opportunistic change in position. In its summary judgment briefing, Digicel-Haiti did not argue that UPM owed a duty to speak; it argued that UPM actively concealed relevant facts, a

---

[23] Reconsideration Motion at 17.

Page 9 – DEFENDANTS' OPPOSITION TO
DIGICEL-HAITI'S MOTION FOR
RECONSIDERATION OR APPELLATE REVIEW
UPM-L1\00641787.000

type of "misrepresentation" in which a duty to speak does not apply as a matter of law.[24] It is unfair to UPM and to the Court for Digicel-Haiti to now argue – after seven years of arguing active concealment – that the real issue is supposedly a failure to disclose.

Moreover, Digicel-Haiti's arguments based on 18 U.S.C. § 1343 (Reconsideration Motion at 12-15), are clearly beyond the pale. At no point throughout this entire case has Digicel-Haiti argued that Oregon tort law was "in conflict with federal courts' approach" under the wire fraud statute. *See* Reconsideration Motion at 12-13. On the merits, this argument is frivolous (*see infra*). But the Court should not even consider this claim. First, as with most of the Reconsideration Motion, this argument should never have been filed. Second, this argument is directly inconsistent with Digicel-Haiti's earlier assertions – on which both UPM and the Court relied – that Oregon tort law is as stated by the Oregon Supreme Court.[25] UPM would have conducted both its discovery and its briefing quite differently had it understood itself to be defending against a claim based on the idea that Oregon tort law embraced the same conduct as covered by the federal wire fraud

---

[24] *See, e.g.,* Unigestion Holdings' Motion For Partial Summary Judgment As To Defendants' Liability For Fraud (ECF #269) ("Digicel-Haiti Summary Judgment Motion") at 3, 4-8; Reply In Support of Unigestion Holdings' Motion For Partial Summary Judgment As To Defendants' Liability For Fraud (ECF #286) at 6-7. *See also* Unigestion Holdings' Response in Opposition to UPM Technology, Inc.'s Motion For Summary Judgment (ECF #274) ("Digicel-Haiti Summary Judgment Opposition").

[25] *See* Complaint (ECF #1) at ¶¶ 94-99 (alleging common law fraud) Amended Complaint (ECF #34) at ¶¶ 150-168 (same); Second Amended Complaint (ECF #104) ("SAC") at ¶¶ 200-219 (same); TAC at ¶¶ 173-192 (same). *See* UPM's Memorandum in Support of Defendants' Motion to Dismiss (ECF #21) at 6-8 (discussing elements of common law fraud); Plaintiff Unigestion Holding, S.A.'S, Response In Opposition To Defendants' Motion To Dismiss Counts I-IV (ECF #27) at 14 (same); Motion to Dismiss Amended Complaint (ECF #46) at 5-13 (same); Plaintiff Unigestion Holding, S.A.'s, Response In Opposition To Defendants' Motion To Dismiss Amended Complaint (ECF #47) at 5-13 (arguing that Digicel-Haiti had properly alleged fraud); Opinion and Order (ECF #58) at 10-12 (holding that Digicel-Haiti had adequately pled "technological fraud"); *id.* at 14-19; UPM Summary Judgment Motion at 11-12 (stating elements of fraud); Digicel-Haiti Summary Judgment Motion at 4-6; Defendants' Opposition To Digicel-Haiti's Motion For Partial Summary Judgment (Fraud) (ECF #278) at 2-22 (same); Digicel-Haiti Summary Judgment Opposition at 2-6; ECF #294 at 23-26.

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

statute. To now even consider these arguments on the merits would be to reward Digicel-Haiti for precisely the kind of opportunism that the doctrine of judicial estoppel is intended to prevent.[26]

### 3. Digicel-Haiti Should be Estopped from Raising Its Other Arguments

As noted above, Digicel-Haiti should be estopped from raising any arguments beyond those under Section 1292(b) because raising them is inconsistent with the representations it made to the Court and UPM in order to lull UPM into acceding to the filing of the motion in the first place. The Court should not reward this kind of gamesmanship. Rejecting Digicel-Haiti's Reconsideration Motion on grounds of judicial estoppel, moreover, will not prejudice Digicel-Haiti. For seven years, it has had a full opportunity to litigate its claims as it saw fit, and, in any event, will retain its full appeal rights following completion of all proceedings in this Court.

### B. There Is No Basis for Reconsideration of the Court's Rulings Regarding Fraud

If the Court considers Digicel-Haiti's arguments on the merits, they should be rejected as frivolous. The nature and scope of common law fraud in Oregon is well-settled and straightforward; the parties have been briefing that law, and the Court has been applying it, for more than seven years. Digicel-Haiti's problem is not the law of fraud, as to which it purportedly seeks reconsideration; it is that the *facts* do not support its fraud claim.

---

[26] If Digicel-Haiti had wanted to make this argument, the time would have been when it re-pled its case after its RICO claims were dismissed. Digicel-Haiti's RICO claims were predicated to some extent on claims that UPM had violated Section 1343. *See* Complaint (ECF #1) at ¶¶ 70, 89; Amended Complaint (ECF #34) at ¶¶126, 128, 145; SAC at ¶¶176, 178, 195. Surely by the time it filed the TAC, it had thought about how UPM's conduct supposedly ran afoul of that statute, and how the statute differed from common law fraud. Indeed, even after removing specific references to Section 1343 following dismissal of its RICO claims, Digicel-Haiti included a reference to wire fraud in the TAC, at ¶¶ 137-172 (all under the heading of "Defendants' … Wire Fraud Activities"), showing that it was fully aware of the operation of that statute. Yet it litigated this case through to today without ever bringing it up. Whether or not Digicel-Haiti had thought about any possible relationship between the federal wire fraud statute and Oregon tort law, by this late stage it has surely waived any right to raise such issues.

Page 11 – DEFENDANTS' OPPOSITION TO
DIGICEL-HAITI'S MOTION FOR
RECONSIDERATION OR APPELLATE REVIEW
UPM-L1\00641787.000

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

### 1. Duty to Disclose

Digicel-Haiti argues that the Court should consider the prospect that UPM had a duty to disclose that it was reselling Digicel-Haiti's services.[27] However, from its earliest ruling in the case to its latest, the Court has correctly stated Oregon law regarding when one party to a commercial transaction might have a duty to disclose something to the other party.[28] Digicel-Haiti had a full and complete opportunity to prove up facts showing that UPM had, and breached, such a duty, but it failed to do so. *See* ECF #294 at 20 n.15, 30. Notably, Digicel-Haiti *entirely ignores* the Court's discussion of duties to disclose under Oregon law, *id.,* while blithely asserting that "there is *every reason to conclude* that Oregon law imposes a duty to disclose, which may arise from either custom of the industry or applicable law."[29] If Digicel-Haiti expected its argument to be taken seriously, even a modicum of respect for the Court would have required acknowledging what the Court had said about the issue and explaining where the Court might have erred.

### 2. Implicit Representations from Context

Digicel-Haiti also urges reconsideration on the ground that in some circumstances a party implicitly communicates certain facts by virtue of what the party says or does during a commercial transaction.[30] Its main authority for this point seems to be a century-old case involving the implications of paying by check.[31] From one perspective, this argument was fully briefed leading up to the Court's summary judgment ruling, but under a different rubric: the reasonableness of a purported fraud victim's reliance on representations made by a purported fraudster. UPM explained that it was not reasonable for Digicel-Haiti to rely on the fact that UPM was using radios in Haiti to connect to Digicel-Haiti's network to conclude that the calls being

---

[27] Reconsideration Motion at 17.

[28] ECF #58 at 10-12, 15-16; ECF #294 at 23-26, 30.

[29] Reconsideration Motion at 17 (emphasis added).

[30] *Id.* at 15-16.

[31] *Id.,* citing and discussing *Pennebaker v. Kimble,* 126 Or. 317, 323, 269 P. 981 (1928).

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

made were "local" in nature – simply another way of saying that considering the context of the situation, UPM was not making the "implicit" representations that Digicel-Haiti claimed it was.[32] UPM also explained that its communications with Digicel-Haiti consisted entirely of technical exchanges of digital information with Digicel-Haiti's network, which did not count as "representations" at all for purposes of the law of fraud.[33] The Court accepted this argument. *See* ECF #294 at 16 ("Indeed, Digicel Haiti has failed to show that UPM made any 'representations' at all to Digicel Haiti"). This holding necessarily and correctly ***as a factual matter*** disposes of Digicel-Haiti's concern about supposed misrepresentations being embedded in the factual context of some allegedly fraudulent transaction. So, contrary to the premise of Digicel-Haiti's Reconsideration Motion, the point is not that the Court failed to see that the context of a parties' dealings in a fraud case can be important. The point is that the Court found as a factual matter, in this case, that nothing about the parties' actual dealings showed that UPM had misrepresented anything, impliedly or otherwise. Clearly, reconsideration on this point is unwarranted.

### 3.  The Criminal Wire Fraud Statute

Finally, Digicel-Haiti argues that the Court should reconsider its rulings about Oregon fraud law because they "appear to conflict with the federal courts' approach to analogous fraud claims."[34] This is both a legal *non sequitur* and factually wrong.

Legally, this is a diversity case, not a federal criminal case under 18 U.S.C. § 1343. Why would anyone, much less a "reasonable jurist," think that the standards established under the federal wire fraud statute have any bearing on common law fraud under Oregon law? Not surprisingly, to the extent that courts have considered this question, they have found that the two

---

[32] *See* Defendant UPM Technology, Inc.'s Motion for Summary Judgment (ECF #255) ("UPM Summary Judgment Motion") at 25-27; Digicel-Haiti Summary Judgment Opposition at 5-6; Defendants' Reply In Support Of Motion For Summary Judgment (ECF #284) ("UPM Summary Judgment Reply") at 12, 14-17.

[33] UPM Summary Judgment Motion at 13-16.

[34] Reconsideration Motion at 12-13. *See also id.* at 19, 12-15 (discussing "blue box" cases).

***TOMASI BRAGAR DUBAY***
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

claims (wire fraud versus common law fraud) are quite different.[35] Putting aside the different purposes of state tort law and a federal criminal statute, as well as the critical differences in the respective burdens of proof, certain elements of common law fraud need not be proven at all in a Section 1343 criminal case.[36] There is and can be no "conflict" between Oregon tort law and Section 1343 because they do wholly different things and operate in entirely different ways.

Moreover, Section 1343 does not contain a private right of action.[37] This is entirely fatal to Digicel-Haiti's argument that the Court should be concerned about any possible "conflict" between cases under the wire fraud statute and Oregon tort law. To the extent that Digicel-Haiti is suggesting eliminating, relaxing, or leniently interpreting the elements of Oregon tort law in order to minimize "conflict" with criminal wire fraud cases, it is arguing that, in effect, the Oregon Supreme Court would or should create, as a matter of state tort law, what amounts to a private right of action under the federal wire fraud statute. There is no possible basis for such a conclusion, and no "reasonable jurist" would accede to it.[38]

Particularly odd is the suggestion that *Oregon* courts should modify *Oregon* tort law based on a *federal* criminal statute, especially as there is no parallel statute under Oregon law,

---

[35] *See, e.g., Consumer Cellular, Inc. v. ConsumerAffairs.com*, 2016 U.S. Dist. LEXIS 72573, at [*48] (D. Or. Feb. 29, 2016) (discussing differences between claims and citing cases).

[36] *Id.*

[37] *Kingsley v. Ashworth*, No. 97-35084, 1998 U.S. App. LEXIS 2927, at *3 (9th Cir. Feb. 20, 1998), citing *Napper v. Anderson, Henley, Shields, Bradford & Pritchard*, 500 F.2d 634, 636 (5th Cir. 1974), *cert. denied,* 423 U.S. 837, 46 L. Ed. 2d 56, 96 S. Ct. 65 (1975); *Ateser v. Bopp*, No. 92-36869, No. 92-36964, 1994 U.S. App. LEXIS 18014, at *6 (9th Cir. July 19, 1994) ("Courts have consistently found that the mail and wire fraud statutes do not confer private rights of action. " (internal citations omitted)); *Brinkman v.* Ross, No. CV-11-489-HZ, 2011 U.S. Dist. LEXIS 88987, at [*10] (D. Or. Aug. 9, 2011) (same).

[38] In a broad sense, there is something like a *federal* civil private right of action under Section 1343, in that – as Digicel-Haiti of course knows – a plaintiff can in appropriate circumstances rely on claimed violations of that statute as part of its support for a RICO claim. Here, of course, Digicel-Haiti has no viable RICO claim, but that is certainly no reason to think that Oregon tort law should be modified to cover the same ground as civil RICO.

Page 14 – DEFENDANTS' OPPOSITION TO
DIGICEL-HAITI'S MOTION FOR
RECONSIDERATION OR APPELLATE REVIEW
UPM-L1\00641787.000

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

which Digicel-Haiti acknowledges.[39] That is, nothing in Oregon criminal law creates an offense that parallels Section 1343. This further confirms that there is no basis on which any "reasonable jurists" would argue that the Court's approach to Oregon tort law should or would be affected by this federal statute.

In short, simply as a matter of law, Digicel-Haiti's argument based on "conflict" between Oregon tort law and the federal wire fraud statute is frivolous. But it does no better as a factual matter. Putting aside the dubious claim that Digicel-Haiti was unaware of telephone-company-related precedent under Section 1343,[40] the "blue box" cases Digicel-Haiti cites all involved technology that permitted anyone with access to a telephone to make long distance calls for free. Early hackers stole long distance service by gaining unauthorized access to special capabilities of AT&T's systems that were reserved for long distance operators and maintenance personnel. More specifically, by first dialing a long distance number but then, before the call was answered, sending a 2600 Hz signal (a control tone intended solely for internal use) down the line,

---

[39] Reconsideration Motion at 15.

[40] *See* Reconsideration Motion at 29-30. UPM takes umbrage at the suggestion that *UPM* somehow failed "to provide this Court with a full background on the issue of bypass fraud in the telecommunications industry." The Court will recall that in UPM's very first responsive pleading, it explained that the Federal Communications Commission ("FCC") was aware of and approved of the use of the Internet to get calls to foreign nations with high call termination rates. *See* Defendants' Answer Affirmative Defenses And Counterclaims To Plaintiff's Second Amended Complaint And Demand For Jury Trial (ECF #127) at ¶¶ 235-237, 240-241, 262-269. Other UPM briefing is replete with references to federal regulatory decisions bearing on this question. In a case filed in United States federal court challenging the actions of a United States carrier, the views of the FCC are, from UPM's perspective, all the "background" that the Court needs. Digicel-Haiti takes a different view, but – without combing the record for examples – it is facially absurd for Digicel-Haiti to suggest that it failed to note that from its perspective, the same activity that the FCC was encouraging (that is, "bypass") was viewed skeptically by foreign nations. UPM also takes umbrage at the suggestion that by not citing to half-century-old cases under Section 1343, UPM had somehow been unaware of, and thus omitted, this supposedly important authority from its briefing. Reconsideration Motion at 12. Suffice it to say that, had counsel for UPM viewed any of the authority Digicel-Haiti now cites as relevant, that authority would have been cited and discussed.

Page 15 – DEFENDANTS' OPPOSITION TO
DIGICEL-HAITI'S MOTION FOR
RECONSIDERATION OR APPELLATE REVIEW
UPM-L1\00641787.000

the hacker suspended both call processing and billing. At this point – with access to these special capabilities of the network – the hacker would dial the actual long distance number being called, and the call would go through without any charge.[41]

This is factually entirely distinct from the situation at hand. In the "blue box" cases, hackers were getting access to aspects of AT&T's systems to which they were not entitled, in order to get free service. Here, UPM obtained SIM cards on the open market and paid Digicel-Haiti's full retail rates for the services it used. We are here because Digicel-Haiti did not want UPM to use the paid-for services that way, but that is an entirely different situation than the theft of service that occurred in the "blue box" cases. Digicel-Haiti's 50-year-old precedents are thus factually distinct from the situation here. In this regard, UPM also respectfully refers the Court to the discussion in its summary judgment briefing of the issue under the anti-hacking law (18 U.S.C. § 1030) of what constitutes "exceeding authorized access" to a computer system.[42] "Blue box" hackers were accessing capabilities of the system that they had no authorization to access, in order to steal from the phone company.[43] UPM, by contrast, was using its paid-for access to Digicel-Haiti's system, without harming that system, in ways that Digicel-Haiti did not like.[44]

The Court, therefore, should reject Digicel-Haiti's motion for reconsideration

---

[41] *See e.g.*, *United States v. Freeman*, 524 F.2d 337, 339 (7th Cir. 1975).

[42] *See* UPM Summary Judgment Motion at 19.

[43] UPM notes that Digicel-Haiti has previously argued (unsuccessfully) that UPM's conduct constituted theft. *See e.g.*, Digicel-Haiti Summary Judgment Opposition at 1 ("This is not a contract issue by any stretch of the imagination. Rather, UPM's conduct was theft, effectuated through fraud… UPM was and continues to gaslight Digicel Haiti by stealing from it…"). Rehashing already-rejected arguments is not a proper ground for reconsideration.

[44] *See also* UPM Summary Judgment Reply at 10-11, discussing *Intel Corp. v. Hamidi,* 30 Cal. 4th 1342, 71 P.3d 296 (2003), and noting the distinction between using a system as it is designed to be used in a way the system owner does not want, versus harming a system to which one has gained unwanted access. Digicel-Haiti could have raised its analogy to telephone hacking cases in response to UPM's summary judgment argument drawing the analogy to Section 1030 – the anti-hacking law. Instead, Digicel-Haiti ignored UPM's argument.

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

relating to the law of fraud, on the merits. Digicel-Haiti's legal arguments are frivolous, and the precedents it cites are factually unrelated to the issues in this case.

## C. There Is No Basis for Reconsideration of the Court's Rulings Regarding Unjust Enrichment

Digicel-Haiti's motion for reconsideration of the Court's dismissal of its unjust enrichment claim should be denied for at least three reasons, described below.

### 1. Digicel-Haiti Waived Defense of Its Unjust Enrichment Claim

UPM explained in its summary judgment motion that Digicel-Haiti's unjust enrichment claim is entirely dependent on its fraud claim, with the result that Digicel-Haiti's failure to prove that UPM defrauded Digicel-Haiti necessarily meant that UPM was not unjustly enriched.[45] Digicel-Haiti ignored this argument, which means that it waived any right to object to the Court adopting it.[46] UPM recognizes that this Court can be somewhat lenient on parties who ignore their obligations to address the claims made against them.[47] But enough is enough. At this late stage, Digicel cannot object to dismissal of its unjust enrichment claim, given that its fraud claim is now untenable – the precise ground on which the Court ruled.[48] As a result, the Court can

---

[45] UPM Summary Judgment Motion at 27-28.

[46] *See* Digicel-Haiti Summary Judgment Opposition. It is well-settled that failure to contest an argument raised in a summary judgment constitutes a waiver by the non-responding party. *See, e.g., Nelson v. Unified Grocers, Inc.,* 2011 U.S. Dist. LEXIS 151483 [*30]-[*31] (D. Or. 2011); *Yonemoto v. McDonald,* 2015 U.S. Dist. LEXIS 53072 [*21]-[*23] (D. Hawaii 2015), ("It is well-established that a party's failure to raise an issue in opposition to a motion for summary judgment operates as a waiver of that issue") *citing, e.g., Image Tech. Serv., Inc. v. Eastman Kodak,* 903 F.2d 612, 615 n.1 (9th Cir. 1990); *Alexopulos ex rel. Alexopulos v. Riles*, 784 F.2d 1408, 1410-11 (9th Cir. 1986); *Reliance Ins. Co. v. Doctors Co.,* 299 F. Supp. 2d 1131, 1154 (D. Haw. 2003); *Samica Enters. LLC v. Mail Boxes Etc., Inc.,* 460 F. App'x 664, 666 (9th Cir. 2011).

[47] *Cf.* Transcript of Proceedings (January 14, 2022) at 44:15-20 (remarks of Mr. Savage).

[48] In its motion, Digicel-Haiti claims that "the parties did not brief the issue on which the Court resolved" the unjust enrichment/restitution claim. Reconsideration Motion at 19. This is wrong. **Digicel-Haiti** did not brief this issue. **UPM** most assuredly did, *see* UPM Summary Judgment Motion at 27-28, and the Court adopted UPM's argument as its alternative ground for granting summary judgment. ECF #294 at 33 n.18. UPM notes that *Larisa's Home Care, LLC v. Nichols-Shields,* 362 Or. 115, 404 P.3d 912 (Or. 2017), on which Digicel-Haiti in part relies, is fully

---

Page 17 – DEFENDANTS' OPPOSITION TO
DIGICEL-HAITI'S MOTION FOR
RECONSIDERATION OR APPELLATE REVIEW
UPM-L1\00641787.000

and should reject Digicel-Haiti's reconsideration request and hold that, because Digicel-Haiti waived its chance to argue that its unjust enrichment claim was viable outside of its fraud claim, it may not make any such arguments now. The Court should reaffirm its dismissal of the unjust enrichment claim, on the merits, on that ground alone.

### 2. The Court's Alternative Holding Was Correct on the Merits

Digicel-Haiti's motion elides the fundamental question of whether UPM was unjustly enriched in the first place. As noted above, UPM argued that under Oregon tort law, in the absence of fraudulent conduct, UPM was not unjustly enriched,[49] and the Court adopted that argument as an alternative holding.[50] Even putting aside Digicel-Haiti's waiver, this argument is correct on the merits. The Oregon Supreme Court in *Larisa's Home Care* held that, while there is no simple formula that can capture all forms of unjust enrichment, "Oregon courts should examine the established legal categories of unjust enrichment as reflected in Oregon case law and other authorities to determine whether any particular enrichment is unjust."[51] Fraud is, of course, a common basis for finding unjust enrichment. But because UPM did not commit fraud, it would be difficult to find any "Oregon case law [or] other authorities" that would support a finding that anything about UPM's conduct was unjust under any "established legal authority." Digicel-Haiti certainly cites no such authorities.

In this regard, one of the key "other authorities" on which Digicel-Haiti relies – the Restatement (3d) of Restitution and Unjust Enrichment – cautions against any overly lax expansion

---

consistent with dismissal of an unjust enrichment claim arising from the same facts as a fraud claim. That case held that "a defendant who obtains discounted services *as a result of fraud* is unjustly enriched to the extent of the reasonable value of the services." *Larisa's Home Care,* 362 Or. at 117 (emphasis added). Where – as here – no fraud has been shown, then no unjust enrichment has been shown either. *See infra.*

[49] UPM Summary Judgment Motion at 27-28.

[50] ECF #294 at 33 n.18. Bizarrely, Digicel-Haiti claims that the court "did not address" UPM's argument that Digicel-Haiti's unjust enrichment claim depended on its fraud claim. Reconsideration Motion at 10. In fact, the Court addressed it by adopting it.

[51] *Larisa's Home Care,* 362 Or. at 132.

Page 18 – DEFENDANTS' OPPOSITION TO
DIGICEL-HAITI'S MOTION FOR
RECONSIDERATION OR APPELLATE REVIEW
UPM-L1\00641787.000

of what kinds of "enrichment" might be "unjust." Section 48 of the Restatement addresses "Payments to the Defendant to Which Claimant has a Better Right," and states:

> If a third person makes a payment to the defendant to which (as between claimant and defendant) the claimant has a better legal or equitable right, the claimant is entitled to restitution from the defendant as necessary to prevent unjust enrichment.

Restatement of the Law 3d, Restitution and Unjust Enrichment, § 48. This seems to capture Digicel-Haiti's argument that it, rather than UPM, should have received payments from third parties for getting international calls into Haiti. But the Restatement emphasizes that neither this provision, nor any other aspect of a claim for "unjust enrichment" should be read too broadly:

> *i. Limits to the claim.* Although the rule of § 48 is stated very broadly, its scope is much narrower than the language of the provision might suggest to a nonlawyer. Properly interpreted, ***the requirement that the claimant demonstrate "a better legal or equitable right" to the benefit in question is actually highly restrictive***. The requirement is satisfied in some instances … by proof of a clear legal entitlement. In other cases the claimant's entitlement is drawn from equity jurisprudence. But the requirement, in either case, is that the claimant identify a right in the disputed assets that is both recognized, and accorded priority over the interest of the defendant, under the law of the jurisdiction. ***Proof merely that the defendant has received a windfall, that the claimant has been ill-treated, and that the third party's payment to the defendant (or the defendant's retention of payment as against the claimant) violates rules of good faith, basic fairness, or common decency, <u>does not suffice to make out a claim in restitution under § 48 OR ANY OTHER PROVISION OF THIS RESTATEMENT</u>.***
>
> If the defendant has received a payment to which neither party has a legally protected entitlement, ***the mere fact that the claimant's position is superior to that of the defendant when measured by need, merit, or desert will not support a claim in restitution***. …

*Id.,* § 48, comment i (emphasis added). This means that, as far as the Restatement is concerned, the Court should give no weight to Digicel-Haiti's generic griping about "commercial expectations" and "industry custom" and the supposed importance of excessive call termination charges to the tax revenues of the Haitian government.[52] To the contrary, the Restatement, like the

---

[52] *See, e.g.,* Reconsideration Motion at 2 (tax issues), 4-5 (claiming that UPM acted "surreptitiously"), 11 (tax issues), 12 ( "surreptitiously"), 15 (tax issues), 17 (industry custom), 18

***TOMASI BRAGAR DUBAY***
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Oregon Supreme Court, limits unjust enrichment to situations in which the claimed tortfeasor has breached an "established" legal duty – such as by committing fraud. But where no fraud or other "established" wrong has been shown to have occurred, courts should be reluctant indeed to deem a party's "enrichment" to be "unjust."

The Supreme Court of Oregon makes this same point very plainly. In *Larisa's Home Care,* that court said:

> As a term, "unjust enrichment" also can be misleading, suggesting that liability turns on vague notions of injustice. … In actuality, ***the question of when enrichment is unjust does not turn on whether one has been unjustly enriched in some abstract sense of moral judgment; the law of restitution has developed with greater specificity based on articulated legal standards***:
>
> > "In reality, the law of restitution is very far from imposing liability for every instance of what might plausibly be called unjust enrichment. The law's potential for intervention in transactions that might be challenged as inequitable is narrower, more predictable, and more objectively determined than the unconstrained implications of the words 'unjust enrichment.'"
>
> Restatement (3d) Restitution § 1 comment b, at 5. *See also* Dan B. Dobbs, 1 Dobbs Law of Remedies § 4.1(1), 552 (2d ed 1993) (noting that the "substantive question" for unjust enrichment is "whether the defendant is unjustly enriched ***by legal standards***" (emphasis added)); Michael Traynor, *The Restatement (Third) of Restitution & Unjust Enrichment: Some Introductory Suggestions,* 68 Wash & Lee L Rev 899, 900-01 (2011) ("The enrichment must be 'unjustified' under the law, not simply 'unjust'' because you as a judge, scholar, or lawyer might think so." (Footnote omitted.)).

362 Or. at 126-27 (first emphasis added). This shows that this Court got it exactly right when it found – as UPM had argued – that if UPM did not commit fraud, it was not unjustly enriched:

> [If] Digicel Haiti [prevails] on its claim of fraud, Digicel Haiti will have recovered all that it has a right to receive. If, however, [it loses] on that claim, then Digicel Haiti would be unable to show the third element of its claim for unjust enrichment [*i.e.,* that it would be unjust to allow UPM to retain the benefits of its activity].

ECF #294 at 33 n.18. If Digicel-Haiti cannot prove that UPM committed fraud – which it cannot

---

("surreptitiously"). None of these vague aspersions supports a finding of unjust enrichment under established law.

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

– then it cannot show that UPM's supposedly unjust actions fell into an "established legal category" of injustice, which means that Digicel-Haiti loses on the merits of its unjust enrichment claim. Specifically, this means that there is no merit to Digicel-Haiti's suggestion that it might be entitled to compensation in the form of restitution for any UPM acts that were "bad" under some theory but that did not amount to fraud.[53] The Court's ruling, therefore, is consistent with the Oregon Supreme Court's discussion in *Larisa's Home Care;* it is consistent with other established Oregon tort law, which both UPM and the Court cited; and it is consistent with the Restatement, on which both the Oregon Supreme Court and Digicel-Haiti rely.

The Court's holding that UPM was not unjustly enriched if Digicel-Haiti could not prove fraud – which it could not prove – means that Digicel-Haiti's request for reconsideration of the Court's application of *Sonner* is moot. *Sonner* deals with the power of the federal courts to award equitable ***remedies***. But before Digicel-Haiti is entitled to a remedy, it has to show that UPM was unjustly enriched. It has failed to make that showing, which means there is no need to get into the deep waters of whether restitution for unjust enrichment is or can be legal or equitable in nature. The Court should deny Digicel-Haiti's motion for reconsideration because Digicel-Haiti is not entitled to any remedy on its unjust enrichment claim at all.

### 3.  The Court's Application of *Sonner* Was Correct

*Sonner* holds that a federal court may not award equitable relief for any claim as to which the claimant has an adequate remedy at law. This means that if restitution for unjust enrichment is an equitable remedy, and if damages for fraud are an adequate legal remedy for it, then under *Sonner,* a federal court may not award restitution for unjust enrichment. The Court dismissed Digicel-Haiti's unjust enrichment claim on this basis. ECF #294 at 32-33. Digicel-Haiti's argument for reconsideration is that because maybe, sometimes, restitution for unjust

---

[53] *See* Reconsideration Motion at 24-26 (arguing that restitution only for proven fraud would not adequately compensate Digicel-Haiti).

enrichment can be viewed as a legal, and not an equitable remedy,[54] the Court should not have dismissed the claim.[55] But Digicel-Haiti's argument fails for several reasons.

First, while one can argue in the abstract that in some cases restitution for unjust enrichment is a legal remedy, there is no basis to conclude that that is the case under Oregon tort law – the law under which Digicel-Haiti brought its case. To the contrary, Oregon courts uniformly hold that unjust enrichment, and restitution as a remedy for it, are equitable in nature.[56] This means that, Digicel-Haiti's academic musings notwithstanding, the Court got it right under *Sonner*.[57] In this regard, Digicel-Haiti misreads *Larisa's Home Care* in a crucial respect, confusing the distinction between what must be proven to establish that unjust enrichment has occurred and the nature of restitution as an equitable remedy for such unjust enrichment. Digicel-Haiti says flatly that "restitution for fraud is a legal remedy,"[58] citing *Larisa's Home Care* and asserting that the

---

[54] *Id.* at 21 ("[U]njust enrichment is often a claim for equitable relief. But not always.")

[55] *Id.* at 19-26. *See also id.* at 5.

[56] *Wilson v. Gutierrez*, 261 Or. App. 410, 411, 323 P.3d 974, 976 (2014) ("Unjust enrichment is an equitable doctrine"), citing *Speciality Risk Services v. Royal Indemnity Co.*, 213 Or. App. 620, 625, 164 P.3d 300 (2007) ("Restitution for unjust enrichment is a venerable claim for relief sounding in equity …", (citing James Gordley, *The Common Law in the Twentieth Century: Some Unfinished Business*, 88 Cal. L. Rev. 1815, 1869 (2000) (tracing development of unjust enrichment and the law of restitution))); *Hoag Living Tr. v. Hoag*, 292 Or. App. 34, 43, 424 P.3d 731 (2018) ("[A] claim of unjust enrichment is 'an equitable claim...'"), quoting *Angelini v. Delaney*, 156 Or. App. 293, 305, 966 P.2d 223 (1998), *rev den*, 328 Or. 594, 987 P.2d 514 (1999); *McKesson HBOC, Inc. v. N.Y. State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1091 (9th Cir. 2003) ("Unjust enrichment is an equitable rather than a legal claim.") (internal citations omitted)); *All Direct Travel Servs. v. Delta Air Lines, Inc.*, 120 F. App'x 673, 676 (9th Cir. 2005) (same); *United States v. Adamant Co.*, 197 F.2d 1, 10 (9th Cir. 1952) (equitable liens are "based on the equitable doctrine of unjust enrichment", citing 53 C.J.S., Liens, § 4; 33 Am. Jur., Liens, Sec. 18). This is also true under federal law. *See Hope Med. Enters. v. Fagron Compounding Servs., LLC,* 2021 U.S. Dist. LEXIS 206565 (C.D. Cal. Oct. 26, 2021) ("an action for disgorgement of improper profits" is "traditionally considered an equitable remedy"), quoting *Tull v. United States*, 481 U.S. 412, 424 (1987).

[57] ECF #294 at 32-33. As noted above, if fraud is not proven, then to whatever extent UPM was "enriched" by its actions, that was not "unjust."

[58] Reconsideration Motion at 22.

---

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

court there explained that "'liability in restitution' can include 'benefits acquired by tort.'"[59] At that point in its decision, the court was discussing what types of wrongful acts can establish that unjust enrichment has occurred and (as discussed above) it is hardly a surprise that fraudulent acts can indeed lead to unjust enrichment. But that is an entirely different question from whether restitution, as a *remedy* for unjust enrichment, is equitable or legal in nature. *Sonner* forbids this Court from granting an equitable *remedy* when an adequate remedy at law is available. That is not determined by the particular wrongful acts that support an underlying finding of unjust enrichment. As noted above, Oregon courts routinely and uniformly hold that the remedy of restitution is equitable in nature, and Digicel-Haiti itself admits that it has found no case holding that "restitution was available at law for fraud."[60]

Moreover, legal abstractions aside, in this case, in fact, Digicel-Haiti sought – as its remedy for unjust enrichment – whatever "profits" UPM may have received from its activities, because "retain[ing] such profits" would be "inequitable."[61] Even if restitution can, in some cases, be legal in nature, restitution in the form of disgorgement of profits – the specific remedy Digicel-Haiti sought – is without question an equitable, not legal, remedy.[62] This means that under *Sonner,*

---

[59] *Id.*

[60] *Id.* Digicel-Haiti cites an ERISA case that held that the restitution sought in that case was legal in nature within the meaning of the ERISA statute. *Or. Teamster Emplrs. Trust v. Hillsboro Garbage Disposal, Inc.,* 2013 U.S. Dist. LEXIS 78409 (D. Or. Jan. 25, 2013), *adopted by* 2013 U.S. Dist. LEXIS 78045 (D. Or. June 4, 2013) as being decided "apparently in relation to Oregon law." Reconsideration Motion at 23. In fact, this case was based entirely on federal law; in neither opinion is a decision of the Oregon courts even cited.

[61] TAC at ¶¶ 200-201. Courts may properly determine the nature of the remedy a party seeks by reference to the party's operative complaint. *See, e.g., In re Intel Corp. CPU Mktg.,* No. 3:18-md-2828-SI, 2021 U.S. Dist. LEXIS 59634, at *[36]-[37] (D. Or. Mar. 29, 2021).

[62] *Hope Med. Enters. v. Fagron Compounding Servs., LLC,* 2021 U.S. Dist. LEXIS 206565 (C.D. Cal. Oct. 26, 2021) ("an action for disgorgement of improper profits" is "traditionally considered an equitable remedy"), quoting *Tull v. United States,* 481 U.S. 412, 424 (1987). *See also Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S 204, 213, 122 S. Ct. 708, 151 L. Ed. 2d 635 (2002) (whether restitution "is legal or equitable depends on 'the basis for [the plaintiff's] claim' and the nature of the underlying remedies sought"). Having sought the plainly equitable remedy

---

the Court cannot award the specific remedy that Digicel-Haiti actually sought. This, too, confirms that the Court was correct under *Sonner* to dismiss Digicel-Haiti's unjust enrichment claim.

Finally, as noted above, the Court should give no weight to Digicel-Haiti's vague arguments that UPM's supposedly "unjust" conduct was broader than identifiable fraud.[63] That argument, however, is defeated by the same sources on which Digicel-Haiti itself relies: the Restatement (3d) of Restitution and Unjust Enrichment and the Oregon Supreme Court's ruling in *Larisa's Home Care*. "Unjust enrichment" is not a roving claim by which a plaintiff can get paid any time a defendant does something that causes the plaintiff to feel ill-used. Here, because Digicel-Haiti's unjust enrichment claim is and can be no broader than its fraud claim, damages for proven fraud clearly constitutes an adequate remedy at law, meaning that the Court may not order restitution under *Sonner*.

## D.  There Is No Basis for Granting Interlocutory Review Under Section 1292(b)

The fact that Digicel-Haiti's arguments for reconsideration are frivolous on the merits necessarily means that the Court should decline to involve itself in Digicel-Haiti's efforts to forum shop by moving the matter to the Ninth Circuit or the Oregon Supreme Court. This case does not involve any doubtful or undecided questions of law; it involves applying settled law to the facts at hand.

As to Section 1292(b), Digicel-Haiti has not presented any "controlling question of law as to which there is substantial ground for difference of opinion" as to which "fair-minded jurists might reach contradictory conclusions."[64] No "fair-minded jurist" could doubt how Oregon

---

of disgorgement of profits, Digicel-Haiti can hardly be heard to complain that the Court treated its claim for restitution as equitable in nature.

[63] Digicel-Haiti is making these arguments, presumably, to support the view that damages for proven fraud are not "adequate" to fully compensate Digicel-Haiti for the losses it supposedly suffered by virtue of UPM's supposedly "unjust" conduct.

[64] *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union,* 22 F.4th 1125, 1130 (9th Cir. 2022), quoting *Reese v. BP Expl. (Alaska) Inc.,* 643 F.3d 681, 688 (9th Cir. 2011).

Page 24 – DEFENDANTS' OPPOSITION TO
DIGICEL-HAITI'S MOTION FOR
RECONSIDERATION OR APPELLATE REVIEW
UPM-L1\00641787.000

defines common law fraud or that Oregon treats restitution as an equitable remedy.

The Ninth Circuit also made clear that "a controlling question of law must be one of law – not fact."[65] Of course a clever lawyer can take any factual issue and frame it as a legal one. For example, any ruling finding that a party was not negligent as a factual matter could be reframed as something like, "Does the law of negligence cover a situation where…?" This is what Digicel-Haiti is doing here.

There can be no question that Digicel-Haiti's purported "controlling" questions of law – to the extent it specifies them at all – are intimately bound up with the particular facts of this case. This is obvious even from Digicel-Haiti's framing of this issue: "By substantially narrowing Digicel-Haiti's fraud claim and dismissing its claim for unjust enrichment, the Court decided controlling issues of law."[66] But the Court "narrowed" the fraud claim (that is, dismissed most of it on summary judgment and was prepared to dismiss the rest at the pretrial hearing) ***because Digicel-Haiti failed to produce evidence of the elements of fraud***. The Court dismissed the unjust enrichment claim for the same reason – with no showing of fraud, any "enrichment" UPM supposedly enjoyed was not "unjust" under Oregon tort law. These are not rulings on "controlling issues of law." These are rulings applying settled law to the specific facts of this case.[67] As a result,

---

[65] *ICTSI, supra,* 22 F.4th at 1131, *citing, inter alia, Northwestern Ohio Adm'rs v. Walcher & Fox,* 270 F.3d 1018, 1023 (6th Cir. 2001) ("Because this is an interlocutory appeal, we have no authority to review the district court's findings of fact, but must confine our review to . . . questions of law."); *Clark-Dietz & Assocs.-Eng'rs v. Basic Const.*, 702 F.2d 67, 69 (5th Cir. 1983) ("[F]act-review questions [are] inappropriate for § 1292(b) review.").

[66] Reconsideration Motion at 30.

[67] *See id.; see also id.* at 5 (suggesting possible questions). As the Ninth Circuit stated:

> The dispute between the parties is not about whether primary – as opposed to secondary – employers can recover damages for violation of § 158(b)(4)(B) (a question of law); rather the dispute is about whether ICTSI became a primary employer under the circumstances of this case (a question of fact).

*ICTSI, supra,* 22 F.4th at 1132. In our case, there is no true dispute (and certainly no basis for disagreement among "fair-minded jurists") about what the relevant law of fraud or unjust enrichment ***is***. The dispute is over how that law applies to the specific facts of this case. Under the

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

these rulings are not appropriate for certification under Section 1292(b).

In fact, Digicel-Haiti seems to be seeking interlocutory review of an order the Court has yet to enter.[68] This is plainly inappropriate. The only fair interpretation of this aspect of Digicel-Haiti's filing is that, despite having been given the opportunity to frame a pure question of law for interlocutory review, it was unable, in good faith, to do so.[69] This does not mean that Digicel-Haiti should get another bite at interlocutory review at some later point in time; it means that the Court should dismiss Digicel-Haiti's claims and proceed to trial on UPM's counterclaims.

But there is yet another problem with Digicel-Haiti's arguments under Section 1292(b): any supposedly "controlling questions" of law here are matters of *state* law, as to which Section 1292(b) relief is not available.[70] There is no reason to burden the Ninth Circuit with the task of deciding questions of Oregon law; this Court is in at least as good a position as the Ninth Circuit to address such matters.[71]

Finally, with trial on UPM's counterclaims mere months away, interlocutory review would not "materially advance the termination of the litigation." The "'materially advance' prong is satisfied when the resolution of the question 'may appreciably shorten the time, effort, or

---

Ninth Circuit's strict view of what counts as an issue of "law," it would be inappropriate for this Court to certify any questions under Section 1292(b).

[68] Because it has devoted the bulk of its motion to reconsideration, it ultimately seems to be asking that the Court certify whatever the order denying reconsideration turns out to be. *See id.* at 32 ("if this Court will not reconsider, it should at a minimum certify its order for interlocutory review").

[69] The Court made clear that the burden was on Digicel-Haiti to properly identify a pure issue of law appropriate for certification under Section 1292(b). *See* Pretrial Tr. 65:12-13 ("I would like to see it phrased by the plaintiff what they want and why they should get 1292(b) in front of me").

[70] *See, e.g., Cummins v. EG & G Sealol, Inc.,* 697 F. Supp. 64 (D.R.I. 1988); *Hulmes v. Honda Motor Co.*, 936 F. Supp. 195 (D.N.J. 1996).

[71] It appears that Digicel-Haiti is seeking both interlocutory review under 1292(b) and certification to the Oregon Supreme Court. Reconsideration Motion at 30-33. This makes no sense. The reality is that Digicel-Haiti has no idea how to specify any question(s) of law for someone other than this Court to review; all it knows is that it does not like this Court's rulings – whether the ones already entered, or the ones that will be forthcoming.

Page 26 – DEFENDANTS' OPPOSITION TO
DIGICEL-HAITI'S MOTION FOR
RECONSIDERATION OR APPELLATE REVIEW
UPM-L1\00641787.000

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

expense of conducting' the district court proceedings."[72] Put another way, Section 1292(b) should be used "*only in exceptional situations* in which allowing an interlocutory appeal would avoid protracted and expensive litigation."[73] There are no exceptional circumstances here. This case will be over and on its way to the Ninth Circuit long before that court would issue a ruling on any Section 1292(b) appeal, and probably before it would even decide whether or not to consider the issue. Clearly, certification here would not "materially advance" this litigation.[74]

With due regard for this Court's lenient view of certification under Section 1292(b), no certification is appropriate here. What is appropriate is dismissal of Digicel-Haiti's claims.[75]

### E. There Are No Grounds for Certifying Any Questions of Law to the Oregon Supreme Court

If anything, Digicel-Haiti's request for certification of questions to the Oregon Supreme Court[76] is even less meritorious than its arguments under Section 1292(b). Under both Oregon law and this Court's rules (*see* Local Rule 84-13), it must "appear to the certifying court" – that is, to this Court – "that there is no controlling precedent in the decisions of [the Oregon Supreme Court] or the Oregon Court of Appeals."[77] But on both the fraud and restitution issues, there *is* controlling precedent, as is apparent by this Court's citation of relevant Oregon authorities

---

[72] *ICTSI, supra,* 22 F.4th at 1131, quoting *In re Cement Antitrust Litig.* (MDL No. 296), 673 F.2d 1020, 1026, 1027 (9th Cir. 1981) (emphasis added).

[73] *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.,* 2020 U.S. Dist. LEXIS 12050 at [*5], quoting *In re Cement Antitrust Litig., supra,* 673 F.2d at 1026 (emphasis added).

[74] UPM notes that Digicel-Haiti has sought oral argument on its motion. UPM does not object to oral argument, and suggests that, if the Court is inclined to hear argument, that this matter be addressed at the already-scheduled hearing for July 26.

[75] *See* Pretrial Tr. at 59:9-13 (emphasis added): "[If] you really want the opportunity for a 1292(b) … I'll cancel the jury trial and then let you move for 1292(b) but on the assumption that *if I don't give it to you, then we are going straight to final judgment*[.]"

[76] Reconsideration Motion at 32-33.

[77] *See* ORS 28.200; *W. Helicopter Servs., Inc., v. Rogerson Aircraft Corp.*, 311 Or. 361, 811 P.2d 627 (1991); *and* Local Rule 83-14 (stating that courts in this district are to be "guided by the criteria" in that case).

Page 27 – DEFENDANTS' OPPOSITION TO
DIGICEL-HAITI'S MOTION FOR
RECONSIDERATION OR APPELLATE REVIEW
UPM-L1\00641787.000

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

throughout this proceeding. It would therefore be impossible to frame a question that met the standard for certification.

On this point, the Oregon Supreme Court observed that, "one of the most important factors – perhaps the most important one – in deciding whether we will accept certification will be our independent assessment of whether, in spite of the contrary opinion of the certifying court, there already is controlling Oregon precedent for the question certified."[78] Here, Digicel-Haiti has not identified any question of law relevant to this case that the courts of Oregon have not already answered. Again, Digicel-Haiti's problem is not that there is no precedent; its problem is that it does not like how existing precedent applies to its case. And because Digicel-Haiti's real problems are factual, not legal, certification to the Oregon Supreme Court would be improper.[79]

From this perspective, Digicel-Haiti's certification request is simply thinly-disguised forum shopping. Digicel-Haiti is asking this Court to pester other judges of this District to get involved (*see* Local Rule 84-13(b)(2)), in order to get the Supreme Court of Oregon involved, all in the hope that some court, somewhere, might reach conclusions different from those that this Court has reached. The Court should reject this effort.

## F. The Court Should Not Stay Proceeding on UPM's Counterclaim.

Lastly, Digicel-Haiti's request for a stay of proceedings should also be denied. This Court laid out the factors to be considered in evaluating a request for a stay in *Columbia Sportswear, supra*:

> A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants. The exertion of this power calls for the exercise of a sound discretion. Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions

---

[78] *W. Helicopter Service,* 311 Or. at 366.

[79] *Id*. at 364-365; ORS 28.200.

Page 28 – DEFENDANTS' OPPOSITION TO
DIGICEL-HAITI'S MOTION FOR
RECONSIDERATION OR APPELLATE REVIEW
UPM-L1\00641787.000

of law which could be expected to result from a stay.

*Columbia Sportswear*, 2020 U.S. Dist. LEXIS 12050, at [*12], quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-255, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). None of these factors supports a stay here.

Regarding the first *Landis* factor, UPM takes the strongest possible issue with the assertion that it "cannot establish any comparable injury from a stay."[80] UPM alleged its counterclaims six years ago. After years of motion practice and discovery – including discovery from its expert witnesses regarding the counterclaims – UPM was and is ready to try its case. Digicel-Haiti should not be permitted to avoid adjudication of the legality of the action that *it* took towards UPM, just because it is not satisfied with the outcome of its litigation against UPM.

As to the second factor, there is no hardship and certainly no inequity to Digicel-Haiti in requiring it to proceed according to the schedule to which it agreed. At the pretrial hearing, Digicel-Haiti made clear that it understood that trial of UPM's counterclaims would go forward, and should not now be permitted to benefit from its bait-and-switch tactics.[81] Digicel-Haiti agreed to a scheduling order in this case that sets trial of UPM's counterclaims for mid-November, *see* ECF #373 at 2, the Court granted the parties' joint motion to adopt that schedule, ECF #374, and Digicel-Haiti has presented nothing to show that it should be relieved of its agreement on this

---

[80] *Id.*

[81] Pretrial Tr. at 19-24 (emphasis added):

THE COURT:    […] Maybe we will speak in a few weeks about scheduling Phase 2, ***because that should go forward while the Ninth Circuit considers whether or not to grant 1292(b),*** and then we see where we go.

Is that what plaintiff wants, Mr. Vaughan?

MR. VAUGHAN:    ***Yes, sir.*** …

As discussed above, Digicel-Haiti's about-face on the question of delaying trial of UPM's counterclaims is so blatant and so unjustified that the Court can and should reject it without considering it on the merits.

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

schedule.

As to the final *Landis* factor, Digicel-Haiti's stated grounds for a stay are irrelevant and insubstantial. It claims that "a prompt appeal could affect the issues to be tried" with respect to UPM's counterclaims,[82] but provides nothing to explain that cryptic assertion. The issue in UPM's counterclaims is whether Digicel-Haiti's deauthorizing the SIM cards that UPM was using to resell Roam Like You're Home ("RLYH") service, within the United States, violated 47 U.S.C. §§ 201 and 202 by transgressing the FCC's long-standing prohibition on carriers restricting the resale of their retail services and determining appropriate damages if a violation is found. While this issue is not wholly unrelated to the points that Digicel-Haiti seems concerned about in its Reconsideration Motion, they are far from intimately linked. Further, there is no reason to think that trial of UPM's counterclaims would be "fruitless" were Digicel-Haiti to win on appeal.[83]

The sole purpose and effect of the stay Digicel-Haiti seeks is delay.[84] The Court should not countenance such a result. At this point both judicial economy and fairness to UPM counsel moving forward with the trial of UPM's counterclaims, entering appropriate final judgments on all outstanding matters at the conclusion of that trial, and letting the parties press their cases in the Ninth Circuit as they see fit.

## III.    CONCLUSION

For the reasons stated herein, the Court should deny Digicel-Haiti's Reconsideration Motion in all respects.

---

[82] Reconsideration Motion at 34.

[83] *Id*.

[84] Digicel-Haiti's reliance on *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, No. 3:12-cv-1058-SI, 2020 U.S. Dist. LEXIS 93371 (D. Or. May 28, 2020) for its stay request is not persuasive.  That case involved a retrial of the damages portion of the plaintiff's case-in-chief.  *Id*.  Here, "Phase II" is the trial on UPM's counterclaims, not a claim of Digicel-Haiti's case-in-chief.

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Dated: June 10, 2022.

TOMASI BRAGAR DUBAY


By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    Blake Van Zile, OSB #184672
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    bvanzile@tomasilegal.com
    Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP


By: /s/ Christopher W. Savage
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    *(Admitted Pro Hac Vice)*
    Katherine Sheriff
    katherinesheriff@dwt.com
    Telephone: (202) 973-4200

Of Attorneys for Defendants

Page 31 – DEFENDANTS' OPPOSITION TO
DIGICEL-HAITI'S MOTION FOR
RECONSIDERATION OR APPELLATE REVIEW
UPM-L1\00641787.000

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2022, I served the foregoing **DEFENDANTS' OPPOSITION TO DIGICEL-HAITI'S MOTION FOR RECONSIDERATION OR APPELLATE REVIEW** on the following individuals by electronic service to said individuals:

Robert C.L. Vaughan
Cherine Smith Valbrun
Leah Storie
Anisha Carla Atchanah
Kim Vaughan Lerner LLP
One Financial Plaza
100 SE Third Avenue • Suite 2001
Fort Lauderdale, FL 33394
Email: rvaughan@kvllaw.com
Email: cvalbrun@kvllaw.com
Email: lstorie@kvllaw.com
Email: aatchanah@kvllaw.com

Anne M. Talcott
Kathryn E. Kelly
Andrew J. Lee
Schwabe, Williamson & Wyatt, PC
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Email: atalcott@schwabe.com
Email: kkelly@schwabe.com
Email: ajlee@schwabe.com

Dated: June 10, 2022.

TOMASI BRAGAR DUBAY

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    Blake Van Zile, OSB #184672
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    bvanzile@tomasilegal.com
    Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    *(Admitted Pro Hac Vice)*
    Katherine Sheriff
    katherinesheriff@dwt.com
    Telephone: (202) 973-4200

Of Attorneys for Defendants

Page 1 of 1 – CERTIFICATE OF SERVICE
UPM-L1\00641787.000

***TOMASI BRAGAR DUBAY***
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236