**Anne M. Talcott**, OSB #965325
Email: atalcott@schwabe.com
**Kathryn E. Kelly**, OSB #175162
Email: kkelly@schwabe.com
**Andrew J. Lee**, OSB #023646
Email: ajlee@schwabe.com
**Sara Kobak**, OSB #023495
Email: skobak@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

> Attorney for Plaintiff, Unigestion
> Holdings, S.A., a foreign corporation,
> d/b/a Digicel Haiti

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDINGS, S.A.,** a foreign corporation, d/b/a **DIGICEL HAITI,**<br><br>Plaintiff,<br><br>vs.<br><br>**UPM TECHNOLOGY, INC. d/b/a UPM TELECOM, INC.,** and **UPM MARKETING, INC.,** an Oregon corporation; **UPM TELECOM, INC.,** an Oregon a/b/n; **UPM MARKETING, INC.,** an Oregon a/b/n; **BENJAMIN SANCHEZ a/k/a BENJAMIN SANCHEZ MURILLO,** an Oregon resident; **BALTAZAR RUIZ,** an Oregon resident; **TYLER ALLEN,** an Oregon resident; and **DUY TRAN a/k/a BRUCE TRAN,**<br><br>Defendants. | No. 3:15-cv-00185-SI<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT (PURSUANT TO 28 U.S.C. § 1292(B) OR. REV. STAT. § 28.200) AND STAY**<br><br>(ORAL ARGUMENT REQUESTED) |

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

POINTS AND AUTHORITIES ..................................................................................... 2

I.     Many Reasonable Jurists Would Reach Different Answers to Digicel
       Haiti's Legal Questions Regarding Fraud Than the Court Did in Its Opinion
       and Order, Which UPM Could Not Persuasively Defend. ..................................... 3

       A.     Oregon Law Compels a Searching Inquiry of the Circumstances
              Giving Rise to a Plaintiff's Ignorance of Material Facts. ........................... 4

       B.     Contrary to UPM's Argument, Digicel Haiti Did Not Waive Its
              Entitlement to Direct Courts to Persuasive Authority That Illustrate
              Fraudulent Conduct, Including "Blue Box" Cases. ..................................... 7

       C.     UPM Fails to Provide Any Authority Rejecting Digicel Haiti's Duty-
              to-Disclose Analysis and Instead Relies on an Inaccurate Assertion
              of Waiver. ................................................................................................... 11

II.    Many Reasonable Jurists Would Reach Different Answers to Digicel
       Haiti's Legal Questions Regarding Unjust Enrichment Than the Court Did
       in Its Opinion and Order, Which UPM Could Not Persuasively Defend. ........... 14

       A.     The Oregon Supreme Court Would Likely Classify Digicel Haiti's
              Fraud-Based Claim for Restitution as Legal Not Equitable. ...................... 16

       B.     The Oregon Supreme Court Would Likely Hold That Damages Are
              an Inadequate Remedy Where Recovery Could Be Either Frustrated
              by an Inability to Prove All Losses or Less Than a Defendant's
              Wrongful Profits. ....................................................................................... 18

       C.     In Trying to Avoid the Legal Impediments to Applying *Sonner*,
              UPM Inaccurately Describe the Record. .................................................... 20

III.   This Court Should Reject UPM's Procedural Arguments, Which Are
       Unsound and Could Only Delay Correction of Any Errors in the Court's
       Opinion and Order. .............................................................................................. 22

       A.     Aside from Its Flawed Judicial Estoppel Argument, UPM Raises No
              Procedural Obstacle to Reconsideration. ................................................... 22

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

B. Digicel Haiti's Motion Clears the Procedural Obstacles That UPM Raises to Interlocutory Review Under § 1292(b). ......................................25

C. Aside from Its Flawed Judicial Estoppel Argument, UPM Raises No Legitimate Procedural Obstacle to Certifying Questions to the Oregon Supreme Court Under Or. Rev. Stat. § 28.200..............................28

D. This Court Has Discretion to Issue a Stay.....................................................30

CONCLUSION ...................................................................................................................33

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

# TABLE OF AUTHORITIES

**Cases**

*Abraham v. Corizon Health, Inc.*,
  985 F.3d 1198 (9th Cir. 2021) ...................................................................... 29

*Ah Quin v. Cty. of Kauai DOT*,
  733 F.3d 267 (9th Cir. 2013) ....................................................................... 22

*Ahrenholz v. Bd. of Trs.*,
  219 F.3d 674 (7th Cir. 2000) ....................................................................... 27

*Angelini v. Delaney*,
  156 Or. App. 293, 966 P.2d 223 (1998)......................................................... 16

*Bagley v. Mt. Bachelor, Inc.*,
  356 Or. 543, 340 P.3d 27 (2014) ................................................................. 19

*Baughman v. Walt Disney World Co.*,
  685 F.3d 1131 (9th Cir. 2012) ................................................................ 22, 23

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)..................................................................................... 27

*Brandon v United States*,
  382 F.2d 607 (10th Cir. 1967) ................................................................... 7, 9

*Chevron USA, Inc. v. Cayetano*,
  224 F.3d 1030 (9th Cir. 2000) ..................................................................... 13

*City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*,
  254 F.3d 882 (9th Cir. 2001) ....................................................................... 22

*Consumer Cellular, Inc. v. ConsumerAffairs.com*,
  No. 3:15-CV-1908-PK, 2016 U.S. Dist. LEXIS 72573 (D. Or. Feb. 29,
  2016) ............................................................................................................ 9

*Consumer Fin. Prot. Bureau v. CashCall, Inc.*,
  __ F.4d __, Nos. 18-55407, 18-55479, 2022 U.S. App. LEXIS 13810
  (9th Cir. May 23, 2022) ............................................................................... 17

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

*Evergreen W. Bus. Ctr., Ltd. Liab. Co. v. Emmert*,
   354 Or. 790, 323 P.3d 250 (2014) ................................................................. 15

*Fleck v. KDI Sylvan Pools, Inc.*,
   981 F.2d 107 (3d Cir. 1992) .......................................................................... 22

*Flynn v. Sandahl*,
   58 F.3d 283 (7th Cir. 1995) ........................................................................... 13

*Great-West Life & Annuity Insurance Co. v. Knudson*,
   534 U.S. 204 (2002) ...................................................................................... 17

*Hill v. Xerox Bus. Servs., Ltd. Liab. Co.*,
   868 F.3d 758 (9th Cir. 2017), *question answered by*, 191 Wash. 2d 751,
   426 P.3d 703 (2018), *answer applied by*, 771 F. App'x 771 (9th Cir.
   2019), ........................................................................................................... 25

*Hoag Living Tr. v. Hoag*,
   292 Or. App. 34, 424 P.3d 731 (2018) ........................................................... 16

*Honolulu Joint Apprenticeship & Training Comm. of United Ass'n Local
   Union No. 675 v. Foster*,
   332 F.3d 1234 (9th Cir. 2003) ...................................................................... 17

*ICTSI Or., Inc. v. ILWU*,
   No. 3:12-cv-1058-SI, 2020 U.S. Dist. LEXIS 93371 (D. Or. May 28,
   2020) (*ICTSI I*), *rev. den'd on other grounds*, 22 F.4th 1125 (9th Cir.
   2022) (*ICTSI II*) ................................................................................... 26, 27

*Larisa's Home Care, Ltd. Liab. Co. v. Nichols-Shields*,
   362 Or. 115, 404 P.3d 912 (2017) ................................................................. 16

*Milton H. Greene Archives, Inc. v. Marilyn Monroe Ltd. Liab. Co.*,
   692 F.3d 983 (9th Cir. 2012) ........................................................................ 23

*Murray v. City of Tahlequah*,
   312 F.3d 1196 (10th Cir. 2002) .................................................................... 13

*Neder v. United States*,
   527 U.S. 1 (1999) ............................................................................................ 9

*New Hampshire v. Maine*,
   532 U.S. 742 (2001) ...................................................................................... 23

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
RECONSIDERATION OR PROMPT REVIEW BY AN
APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

*Ogan v. Ellison*,
    297 Or. 25, 682 P.2d 760 (1984) ...................................................................... 4

*Or. Teamster Employers Trust v. Hillsboro Garbage Disposal, Inc.*,
    No. 3:11-CV-01487-ST, 2013 U.S. Dist. LEXIS 78409 (D. Or. Jan. 25,
    2013), *adopted by* 2013 U.S. Dist. LEXIS 78045 (D. Or. June 4, 2013) .............. 17, 18

*Pennebaker v. Kimble*,
    126 Or. 317, 269 P. 981 (1928) ........................................................... 4, 6, 9

*Reese v. BP Expl. (Alaska) Inc.*,
    643 F.3d 681 (9th Cir. 2011) ........................................................................ 5

*United States ex rel. Rose v. Stephens Inst.*,
    909 F.3d 1012 (9th Cir. 2018) .................................................................... 28

*Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*,
    81 F.3d 355 (3rd Cir. 1996) ................................................................... 25, 30

*Scallon v. Scott Henry's Winery Corp.*,
    686 Fed. Appx. 495 (2017) ........................................................................ 25

*Shannon-Vail Five, Inc. v. Bunch*,
    270 F.3d 1207 (9th Cir. 2001) .................................................................... 18

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ...................................................................... 14

*Speciality Risk Servs. v. Royal Indem. Co.*,
    213 Or. App. 620, 164 P.3d 300 (2007) ........................................................ 16

*Steering Committee v. United States*,
    6 F.3d 572 (9th Cir. 1993) ......................................................................... 28

*Steffler v. Williams*,
    No. 09-16-KI, 2010 U.S. Dist. LEXIS 80180 (D. Or. Aug. 9, 2010) ...................... 22

*In re Text Messaging Antitrust Litig.*,
    630 F.3d 622 (7th Cir. 2010) ...................................................................... 27

*United States v. Beckley*,
    259 F. Supp. 567 (N.D. Ga. 1965) ................................................................. 9

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
RECONSIDERATION OR PROMPT REVIEW BY AN
APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

*United States v. Douglas*,
  510 F.2d 266 (9th Cir. 1975) ........................................................................................ 7

*United States v. Ibrahim*,
  522 F.3d 1003 (9th Cir. 2008) .................................................................................... 23

*W. Helicopter Servs., Inc., v. Rogerson Aircraft Corp.*,
  311 Or. 361, 811 P.2d 627 (1991) .............................................................................. 29

*Williams v. Philip Morris*,
  182 Or. App. 44, 48 P.3d 824 (2002).......................................................................... 6

*Wilson v. Gutierrez*,
  261 Or. App. 410, 323 P.3d 974 (2014)...................................................................... 16

**Statutes and Rules**

28 U.S.C. § 1292(b)........................................................................................................ 25

Fed. R. App. P. 4 ............................................................................................................ 24

Fed. R. Civ. P. 1............................................................................................................. 22

Fed. R. Civ. P. 54(b)...................................................................................................... 22

Fed. R. Civ. P. 56........................................................................................................... 13

Or. Rev. Stat. § 15.430 .................................................................................................. 18

Or. Rev. Stat. § 28.200 .................................................................................................. 28

**Other Authorities**

BLACK'S LAW DICTIONARY (11th ed. 2019)................................................................... 29

Andrew Pollack, *New Era for the Telephone: ownership replacing rental*,
  N.Y. TIMES, Dec. 16, 1982, at A.1, *available at*
  https://www.nytimes.com/1982/12/16/business/new-era-for-the-
  telephone-ownership-replacing-rental.html ................................................................ 10

RESTATEMENT (SECOND) TORTS (1977)

  § 551.............................................................................................................................. 11

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT (2011)

§ 3 .................................................................................................... 15, 19

§ 3 cmt. c ............................................................................................... 19

§ 4 cmt. c ............................................................................................... 15

16 Charles A. Wright, Arthur R. Miller, et al., *Fed. Prac. & Proc. Civ.*
§ 3930 (3d ed. 2022) ............................................................................... 28

Page vii **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

**INTRODUCTION**

In its motion, plaintiff Unigestion Holdings, S.A., d/b/a Digicel Haiti showed that many reasonable jurists would answer questions of Oregon law regarding fraud and unjust enrichment differently than this Court did in its summary-judgment order.  That order appears to answer "no" to each of the following questions posed by Digicel Haiti:

- Where credentials and caller locations are used to calculate charges for beneficial use of a network, do methods that conceal a user's identity or location from the network—such as supplying access or plan subscription credentials for the user, or routing calls through hidden gateway devices to disguise the user's international location—create a false impression of material fact that is actionable under Oregon law?

- In conjunction with or separate from that question, does the persistent use of surreptitiously acquired credentials or hidden gateway devices to access a network in knowing contravention of a network policy or practice, or local law, create a false impression of material fact that is actionable under Oregon law?

- Is a fraud claim for restitution (unjust enrichment) under Oregon law treated exclusively as an equitable remedy, or may such a claim be a legal remedy?

- Does Oregon law deem a tort claim for damages to be a complete and adequate remedy at law if such a remedy does not completely disgorge a wrongdoer's ill-gotten money?

Digicel Haiti showed that the Court has legal cause and procedural grounds at its disposal to reconsider its decision.  If it does not do so, however, the Court should exercise its discretion to facilitate prompt review by an appellate court.  That is, in part, because the decision that Digicel Haiti contends is incorrect has implications beyond this case.  The apparent judicial imprimatur on purveying modern-day "blue boxes" is highly consequential for digital service providers, developing countries, and Oregon itself.

In response, defendants UPM Technology, Inc. ("UPM") and Duy Tran do not

Page 1     **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

contest the consequential implications of the summary-judgment order, which, in effect, condones their rigging of international calls by third parties to appear to originate in Haiti (traditional bypass) and their co-opting of Digicel Haiti's Roam Like You're Home subscription program ("RLYH" bypass), which again caused intentional calls by third parties to appear to be calls from Digicel Haiti subscribers roaming in the United States.

Likewise, defendants make no serious attempt to grapple with several legal issues—for example, that Oregon law is likely to hold that devices' digital handshakes can be "representations" supporting a fraud claim; to recognize that industry expectations and foreign law give rise to defendants' affirmative duty to speak; or to deem a fraud claim for damages inadequate (so as to invite equitable relief) where recovery could be either frustrated by an inability to prove all losses or less than a defendant's wrongful profits. Indeed, defendants largely eschew Oregon law.

Unable to respond to Digicel Haiti's arguments on the merits, defendants mostly offer distractions and attempt to raise procedural obstacles. While none prevent this Court from granting any requested relief, the thrust of defendants' arguments is notable. Notwithstanding their apparent inability to meaningfully defend the summary-judgment order, defendants evidently oppose the correction of any errors, short of an appeal in the ordinary course. That position is untenable.

## POINTS AND AUTHORITIES

As it did in its initial motion, Digicel Haiti will again first focus on the answers many reasonable jurists would likely provide to Digicel Haiti's questions of Oregon law.

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

The legal support for those answers invites reconsideration or prompt review by an appellate court; Digicel Haiti addresses related procedural questions next.

## I.    Many Reasonable Jurists Would Reach Different Answers to Digicel Haiti's Legal Questions Regarding Fraud Than the Court Did in Its Opinion and Order, Which UPM Could Not Persuasively Defend.

In its motion, Digicel Haiti described areas of tension between Oregon law regarding common-law fraud—as it has been, or likely would be, construed in relation to UPM's scheme to prevent Digicel Haiti from collecting the full charges otherwise due and payable for international calls—and the answers given to legal issues on summary judgment here.  (Mot. at 12-19, ECF 375.)[1]  Under this Court's decision, an actor such as UPM does not make any affirmative misrepresentation, material omission, or active concealment under Oregon law when it uses methods to conceal a user's identity or location from the network, such as supplying access credentials from its SIM cards or using hidden gateway receivers, for the purpose of avoiding the full charges otherwise due and payable by the user.  The summary-judgment decision also rejects fraud theories when an actor like UPM persists in the use of surreptitiously acquired credentials or hidden gateways to access a foreign telecommunications network in knowing contravention of that network's policy or practice, or local laws.  In contrast to the summary-judgment order, however, Oregon courts take an expansive view of what

---

[1] As it did in its motion, Digicel Haiti references UPM's actions and arguments without intending to exclude Mr. Tran's conduct.  Digicel Haiti contends that any relief this Court grants in relation to its claims against UPM should likewise be granted in relation to its claims against Mr. Tran.

Page 3    **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

constitutes a "representation." They also would likely look favorably upon authority deeming similar schemes fraudulent. Finally, they would likely identify affirmative duties to speak arising from industry expectations or legal obligations.

UPM's response includes only nominal substance, underscoring the fact that this Court's order is likely contrary to Oregon law.

### A. Oregon Law Compels a Searching Inquiry of the Circumstances Giving Rise to a Plaintiff's Ignorance of Material Facts.

In its motion, Digicel Haiti directed this Court to various Oregon decisions that collectively establish that its law broadly construes what constitutes a "representation" for purposes of fraud. Owing in part to the cause of action's roots in "false impersonation," a "representation" need only create a false impressions, whether by "words or acts, or by any trick or device, a deep laid scheme of swindling[,] or a direct falsehood, a combined effort of a number of associates or the sole effort of a solitary individual." *Pennebaker v. Kimble*, 126 Or. 317, 323, 269 P. 981 (1928). Moreover, transactions can carry implicit representations, and parties generally are entitled to assume that a transaction is as it appears. *See, e.g.*, *id.*; *Ogan v. Ellison*, 297 Or. 25, 682 P.2d 760 (1984).

UPM offers two responses, neither of which is meritorious. Initially, it wrongly suggests that Digicel Haiti's argument is *exclusively* about implied representations and *exclusively* relates to UPM's traditional bypass scheme. (Opp. at 11-12, ECF 377.) According to UPM, it addressed implicit communications "under a different rubric" in its

Page 4    **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

motion for summary judgment when, in relation to its traditional bypass scheme, it challenged the reliance element of Digicel Haiti's fraud claim. (*Id.*) There, UPM argued about reasonableness, presupposing that UPM's illicit bypass activities—which, for purposes of UPM's argument, were the product of material misrepresentations—themselves could make it unreasonable for Digicel Haiti to rely on UPM's false indicia that callers were local. (*See* Digicel Haiti's Resp. to UPM's MSJ at 5-6, ECF 274 (dissecting argument).) In other words, UPM blames the victim for not knowing the truth—which UPM affirmatively hid. Not surprisingly, the Court did not accept UPM's reliance argument about traditional bypass then. As re-raised now, that argument about reliance still fails and, in any event, it offers no basis to deny reconsideration or immediate appellate review in relation to the representation element of Digicel Haiti's fraud claim.

UPM also argues that this Court correctly concluded that, as a matter of law, "Digicel Haiti has failed to show that UPM made any 'representations' at all to Digicel Haiti[,]" including in relation to the initial digital handshake between electronic devices. (Opp. at 13, ECF 377 (quoting Op. & Order re: MSJ at 29-30, ECF 294).) But UPM supplies this Court no basis to deny all relief to Digicel Haiti. That is because UPM has, in effect, reinforced that this Court addressed a novel issue suitable for appellate review. *See Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) ("a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent"). UPM identified no decision (let alone an Oregon decision)

Page 5    **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**    SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

that construes the representation element of common-law fraud so as to exclude digital information that is exchanged to facilitate the billing of phone calls or other services. (*See id.* at 13 & n.32; UPM's MSJ at 13-16, ECF 255.)

UPM's inability to identify any authority construing a "representation" for purposes of fraud so as to categorically exclude such digital exchanges strongly suggests that many reasonable jurists would disagree with the summary-judgment decision in relation to the exchanges of digital information that UPM initiated with surreptitiously acquired SIM cards and secretly placed gateways.  Such jurists could instead conclude that UPM intended to induce Digicel Haiti "to believe in the existence of a certain state of things" that, in fact, were false—specifically, that Digicel Haiti was terminating calls initiated by in-country callers or individual subscribers to RLYH—"and to act upon the basis of its existence" by foregoing the full charges otherwise payable by the third-party international callers.  *Pennebaker*, 126 Or. at 323 (quotation marks and authority omitted).

UPM does not distinguish *Pennebaker*, 126 Or. at 323, which remains good law, *see, e.g.*, *Williams v. Philip Morris*, 182 Or. App. 44, 54-55, 48 P.3d 824 (2002) (subsequent history omitted).[2]  At base, UPM can identify no Oregon Supreme Court opinion that categorically excludes the communication of certain information, here a

---

[2] In its motion, Digicel Haiti inadvertently failed to note its omission of this Oregon decision's subsequent procedural history, which—across seven opinions—addresses matters relating to the award of punitive damages.

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

digital handshake, from the expansive scope of "representations" for purposes of Oregon

common-law fraud.  Nor can UPM supply any basis for disregarding the myriad forms of

communications, including mere implication, that can satisfy the representation element

under Oregon law.

> **B.      Contrary to UPM's Argument, Digicel Haiti Did Not Waive Its Entitlement to Direct Courts to Persuasive Authority That Illustrate Fraudulent Conduct, Including "Blue Box" Cases.**

In its motion, Digicel Haiti directed the Court to nearly twenty cases relating to the

sale and use of "blue boxes," devices used by callers to emit specific tones to manipulate

analogue telephone switches and place free calls to anywhere in the world.  (Mot. at 13-

15 & nn.8, 9, ECF 375.)  Those decisions uniformly treat such conduct as defrauding

telephone companies in violation of the federal wire-fraud statute.  *See, e.g.*, *United

States v. Douglas*, 510 F.2d 266, 267 (9th Cir. 1975) (rejecting the defendant's contention

that the wire-fraud statute does not "apply to the use of mechanical contrivances to obtain

telephone service by fraud"); *Brandon v United States*, 382 F.2d 607, 610-11 (10th Cir.

1967) (rejecting as "border[ing] on the frivolous" the defendant's argument that he made

no "false representation … to the telephone company]" because a scheme to defraud was

self-evidently present).  Given Oregon's broad interpretation of the representation

element of fraud, such decisions are persuasive authority here.  (*See* Mot. at 15, 18-19,

ECF 375.)

In response, UPM stands up strawmen.  UPM asserts that, in its motion, "Digicel-

Haiti argued that Oregon tort law was 'in conflict with federal courts' approach' under

Page 7      **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

the wire fraud statute." (Opp. at 10, ECF 377 (citing Mot. at 12-13, ECF 375); *see also id.* at 14, 15 (similar).) Substantively, that assertion bears no resemblance to what Digicel Haiti actually argued—specifically, that "[the summary-judgment order's] construction of the law appears to conflict with the federal courts' approach to analogous fraud claims," which would be persuasive to Oregon jurists. (Mot. at 12-13, 15, 18-19, ECF 375; *see also id.* at 12 ("Oregon law and persuasive authority regarding the nature of fraud … appears to conflict with aspects of this Court's decision.").) Relatedly, Digicel Haiti *did not* argue that the federal wire-fraud statute "contains a private right of action," another fake argument that UPM seems to have fabricated solely in order to rebut. (Opp. at 14, ECF 377; *see also id.* at 14, 15 (falsely implying that Digicel Haiti argued that "the Oregon Supreme Court would or should create, as a matter of state tort law, what amounts to a private right of action under the federal wire fraud statute," and that Oregon courts "should modify Oregon tort law based on a federal criminal statute" (emphasis omitted)).)

Building atop its initial strawman arguments, UPM further asserts that the "Court should not even consider" the "blue box" cases because, according to UPM, Digicel Haiti's citation to them is "directly inconsistent with [its] earlier assertions … that Oregon tort law is as stated by the Oregon Supreme Court." (Opp. at 10-11, ECF 377.) No such inconsistency exists. Digicel Haiti maintains that this case is to be decided under Oregon's common law—whether that law was previously discerned by the Oregon Supreme Court, is being identified by this Court with the aid of controlling and

Page 8    **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

persuasive authorities, or may be announced later in this very case by the Oregon Supreme Court, which would consider those same persuasive authorities.

UPM seems to rely on such strawman arguments because the "blue box" cases are, in fact, persuasive authority. UPM cannot avoid that fact by its vague assertion that wire fraud and common-law fraud "are quite different" because "certain elements of common law fraud need not be proven at all in a [wire-fraud] criminal case." (Opp. at 14, ECF 377.) To be sure, the case UPM cites, *Consumer Cellular, Inc. v. ConsumerAffairs.com*, No. 3:15-CV-1908-PK, 2016 U.S. Dist. LEXIS 72573, at \*49 (D. Or. Feb. 29, 2016), references the statutory omission of the reasonable-reliance and damages elements of common-law fraud. But UPM's vagueness shrouds a commonality that renders the "blue box" cases persuasive. Because Congress is presumed to "incorporate the well-settled meaning of the common-law terms it uses," the term "defraud" in federal fraud statutes does not "sweep more broadly than common-law fraud." *Neder v. United States*, 527 U.S. 1, 23, 24 (1999). That is, the common law and statute condemn similar conduct, lending considerable persuasive weight to the "blue box" cases. *Compare, e.g.*, *Brandon*, 382 F.2d at 611 (characterizing "blue box" activities as "fraudulently by-pass[ing] the billing mechanism"), *and United States v. Beckley*, 259 F. Supp. 567, 570 (N.D. Ga. 1965) (recognizing the use of a "blue box" to be "a scheme calculated to deceive"), *with Pennebaker*, 126 Or. at 323-24 (construing "representation" to include, *inter alia*, "any trick or device" or "scheme of swindling" that creates a false impression).

Likewise, UPM cannot distinguish the "blue box" cases on the pertinent facts.

Page 9    **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**    SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

(Opp. at 15-16, ECF 377.) Seeking to excuse its conduct, UPM leans on the fact that it paid *some* money to Digicel Haiti. (*Id.* at 16.) But a payment made to facilitate fraud does not negate the fraud. Indeed, like UPM, most "blue box" callers presumably paid *some* money to secure telephones, physical connections, and some form of basic access that *could* be put to legitimate use.[3] But those callers then engaged in illicit activities, as UPM acknowledges. (Opp. at 15-16, ECF 377.) The problem for UPM is that the same manner of conduct it condemns when undertaken by the "blue box" callers is materially similar to UPM's conduct here. So, to parrot UPM's phrasing, UPM contrived to "steal"—*i.e.*, take without Digicel Haiti's permission—and resell certain services and termination rates that Digicel Haiti "reserved" for individual in-country callers and those individuals who themselves subscribed to the RLYH services. (*Id.*)

UPM's protests notwithstanding, the "blue box" scheme is more similar than dissimilar to UPM's scheme and, in material aspects, the law in those cases is more alike than not to Oregon law. Thus, reasonable jurists construing whether UPM made "representations" for purposes of an Oregon common-law fraud claim would more likely than not see persuasive value in the "blue box" cases, which uniformly treat efforts to cheat telephone companies out of full charges as fraudulent schemes.

---

[3] Historically, consumers paid telephone companies for their connections as well as rental fees for equipment. *See, e.g.*, Andrew Pollack, *New Era for the Telephone: ownership replacing rental*, N.Y. TIMES, Dec. 16, 1982, at A.1, *available at* https://www.nytimes.com/1982/12/16/business/new-era-for-the-telephone-ownership-replacing-rental.html.

Page 10    **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

C.    **UPM Fails to Provide Any Authority Rejecting Digicel Haiti's Duty-to-Disclose Analysis and Instead Relies on an Inaccurate Assertion of Waiver.**

In its motion, Digicel Haiti showed that reasonable jurists could reach different answers than this Court did in relation to whether UPM misrepresented material facts by omission.  In part, that is because a party has a duty to disclose "facts basic to the transaction, if he knows that the other is … under a mistake as to them," by virtue of "the customs of the trade or other objective circumstances, would reasonably expect a disclosure of those facts."  RESTATEMENT (SECOND) TORTS, § 551 (1977).  Here, because UPM's use of SIM cards in its bypass schemes (traditional and RYLH) contravened both local law and industry service expectations—which are predicated on SIM cards supplying the information of the person/device making beneficial use of a network—UPM had a duty to disclose the material facts necessary to block calls from UPM's acquired SIM cards or accurately bill the full charges associated with the caller's beneficial use of its network.

In response, UPM does not dispute that Oregon courts would follow RESTATEMENT (SECOND) TORTS, § 551, analyze the existence of circumstances giving rise to that duty, or challenge Digicel Haiti's conclusion that "facts basic to the transaction" included information necessary for Digicel Haiti to protect its entitlement to full charges associated with the true nature of a caller's beneficial use of its network.

Instead, UPM principally advances a waiver argument.  According to UPM, Digicel Haiti spent "seven years … arguing active concealment," "did not argue that

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

UPM owed a duty to speak" in its summary-judgment briefing, and therefore, UPM seems to suggest, Digicel Haiti has waived its entitlement to have the law on this issue correctly construed. (Opp. at 9-10, ECF 377.)[4] The record says otherwise.

Digicel Haiti did not litigate one fraud theory to the exclusion of others. In its operative complaint, Digicel Haiti alleged fraud theories predicated on omission, "misrepresentations and active concealment." (*See, e.g.*, Third Am. Compl. at ¶¶ 70, 126.) It alleged, for example, that UPM's use of SIM cards amounted to a misrepresentation of "the true identity and origin of the initial international call." (*Id*. at ¶ 121.) In moving for summary judgment, UPM recognized that a duty to speak can support a fraudulent omission claim, but disputed that industry custom or local law supported such a duty here. (*See* UPM's MSJ at 21-22, ECF 255 (arguing that the industry's digital protocols define the outer limits of information to which Digicel Haiti was entitled; disputing that its actions violated local law in Haiti).) Digicel Haiti responded, arguing that UPM engaged in fraud by "not conform[ing] to standard carrier relationships" and "violat[ed] … international telecommunications policy" as well as

---

[4] Contextually, UPM implies that it is arguing that Digicel Haiti is judicially estopped from addressing the duty-to-speak aspects of the Court's summary-judgment order. (*See* Opp. at 5, 9-10, ECF 377 (in context of UPM's broader judicial estoppel section, arguing that Digicel Haiti is "estopped" from challenging duty-to-speak aspects of the Court's opinion).) Digicel Haiti nonetheless treats UPM's position as a generic waiver argument because UPM does not undertake to establish the factors material to the application of judicial estoppel—namely, the party to be estopped asserted clearly inconsistent positions, obtained success from the earlier position, and would, by its later position, inflict unfairness on the other party. (*See infra* at § III.A (factors).)

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

"Haitian law." (Digicel Haiti's Resp. to UPM's MSJ at 1, ECF 274; *see also, e.g.*, *id.* at 3 (representations can include omissions); *id.* at 4 (UPM never disclosed material facts); *id.* at 5 (materiality); Digicel Haiti's MSJ re: Counterclaims at 13-15, ECF 264 (addressing requirements of Haitian law in relation to bypass and illicit resale of RLYH minutes).) In granting partial summary judgment to UPM, the Court reached the duty-to-disclose issue posed by UPM and recognized that Oregon law imposes such duties in relation to industry customs or other objective circumstances but concluded that "Digicel Haiti has failed to show that UPM had a duty to speak." (Op. & Order re: MSJ at 24, 30, ECF 294).) In short, the Court should reject UPM's waiver argument, which is unsupported by the record or applicable law.[5]

Separate from its waiver argument, UPM also attacks Digicel Haiti for supposedly not "explaining where the Court might have erred." (Opp. at 12, ECF 377.) In fact, even though the summary-judgment order did not state why no duty to speak arose (Op. & Order re: MSJ at 30, ECF 294), Digicel Haiti *did address* the reasons it perceived for the Court's decision:

---

[5] *Cf. Chevron USA, Inc. v. Cayetano*, 224 F.3d 1030, 1037 & n.5 (9th Cir. 2000) (no preservation issue because "the district court is responsible for determining whether the requirements of Federal Rule of Civil Procedure 56 are met, whether or not the parties believe that they are"); *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199-200 (10th Cir. 2002) (holding than even an outright failure to file a response does entitle a moving party to summary judgment if the movant has not carried its burden of establishing that no genuine issue of material fact exists); *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995) (holding that even an outright failure to respond to a motion for summary judgment, which may thereby admit facts, "does not constitution a waiver by the non-moving party of all legal arguments based upon those undisputed facts").

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

[T]his Court took the view that it was irrelevant whether it "is illegal in Haiti or anywhere else" for UPM to use bypass actions to disguise the international nature of calls, or to use SIM boxes to represent callers as lawful subscribers of the RLYH program. (*See* Mar. 29, 2022 Hr'g Tr. 31 (the Court stating "[w]hat happens in Haiti … I don't really care.").) Likewise, this Court found no misrepresentations because there was "no way" for UPM to disclose that "the call ultimately began with a third party who called from another country" or originated from a different SIM identification number. (Op. & Order re: MSJ at 16-17, ECF 294.) That reasoning, however, appears to wrongly put the burden on Digicel Haiti to assume a violation of Haitian law and industry standards and wrongly absolves UPM of its interference with the original call so that its specific information is hidden from Digicel Haiti when the call is terminated. That is because customs of the telecommunications industry as well as local law are predicated on the credentials and location information about a caller that are supplied to initiate a call being accurate such that, when that information is inaccurate or misleading, there is an actionable misrepresentation. *See* RESTATEMENT (SECOND) TORTS § 551.

(Mot. at 17-18, ECF 375.)

At bottom, UPM's various arguments all lack merit. None help guide this Court as it assesses the overriding issue of whether reasonable jurists would differ as to whether the summary-judgement order is legally correct. If anything, UPM's response bolsters Digicel Haiti's showing that the summary-judgment order presents issues suitable for prompt appellate review, if not reconsideration.

## II.   Many Reasonable Jurists Would Reach Different Answers to Digicel Haiti's Legal Questions Regarding Unjust Enrichment Than the Court Did in Its Opinion and Order, Which UPM Could Not Persuasively Defend.

In its motion, Digicel Haiti showed why many jurists would conclude that *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 840 (9th Cir. 2020)—which holds that federal

Page 14   **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**    SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

courts lack jurisdiction over equitable claims when a party has a "plain, adequate, and complete remedy at law"—is inapplicable to this case.  (Mot. at 19-26, ECF 375.) Despite the common misapprehension that all restitution claims are equitable, RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT, § 4 cmt. c (2011), Digicel Haiti's restitution claim for fraud (unjust enrichment) is likely a legal claim.  That conclusion is supported by various sources—namely, the Oregon Supreme Court, the U.S. Supreme Court, the Ninth Circuit, this Court, and RESTATEMENT (THIRD) OF RESTITUTION.  In any event, a fraud claim for damages is likely inadequate under Oregon law when the plaintiff's recovery is either frustrated by an inability to prove its losses or less than the defendant's profits from the fraud.  That is because, under either circumstance, the objective of deterring wrongful conduct, which is common to both legal and equitable remedies, would not be achieved.  *See Evergreen W. Bus. Ctr., Ltd. Liab. Co. v. Emmert*, 354 Or. 790, 801, 323 P.3d 250 (2014) (damages is an inadequate remedy if it delivers incomplete justice); RESTATEMENT (THIRD) OF RESTITUTION § 3 ("[a] person is not permitted to profit by his own wrong").

The nuance of these authorities is absent from UPM's response, which—as addressed below—seems to suppose that in Oregon *all* unjust enrichment claims are equitable and *all* claims for damages necessarily supply an adequate remedy.  UPM also tries to avoid the two *Sonner* issues altogether, but instead raises only meritless arguments.

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

## A. The Oregon Supreme Court Would Likely Classify Digicel Haiti's Fraud-Based Claim for Restitution as Legal Not Equitable.

UPM asks the Court to believe that restitution's legal roots have been severed by Oregon's courts, which it says "uniformly" classify restitution as "equitable in nature," according to UPM. (Opp. at 22, ECF 377.) But UPM cites Oregon cases that appear to classify *exclusively* quasi-contractual theories of unjust enrichment (*id*. at 22 n.56)[6]— theories that are distinct from tort-based restitution. *See Larisa's Home Care, Ltd. Liab. Co. v. Nichols-Shields*, 362 Or. 115, 128, 404 P.3d 912 (2017) (recognizing different categories of unjust enrichment). Indeed, even UPM appears to acknowledge that distinction, admitting that under Oregon law "liability in restitution can include benefits acquired by tort." (Opp. at 23-24, ECF 377 (quotation marks and citations omitted).) Ultimately, this Court should reject UPM's baseless belief that the Oregon Supreme Court would disregard the historical roots of restitution. *Cf. Larisa's Home Care*, 362 Or. at 124-32 (detailing legal history of unjust enrichment, which has been construed on a "case-by-case" basis).

---

[6] *Wilson v. Gutierrez*, 261 Or. App. 410, 414, 323 P.3d 974 (2014) (addressing "elements of the quasi-contractual claim of unjust enrichment"); *Speciality Risk Servs. v. Royal Indem. Co.*, 213 Or. App. 620, 627, 164 P.3d 300 (2007) (describing dispute "between two insurers regarding reimbursement for a claim that has already been paid," where issue was "whether defendant was unjustly enriched when plaintiff paid [third-party's] claim"); *Hoag Living Tr. v. Hoag*, 292 Or. App. 34, 41, 424 P.3d 731 (2018) (addressing "dismissal of Jay's counterclaims for *quantum meruit* and unjust enrichment"); *Angelini v. Delaney*, 156 Or. App. 293, 296, 966 P.2d 223 (1998) (action involved benefits to plaintiff from money borrowed from a third party by defendant to operate plaintiff's property).

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

UPM fares no better when, construing a single district court case, it asserts as a blanket rule that "disgorgement of profits … is without question an equitable … remedy." (Opp. at 23, ECF 377.)  Plainly, UPM cannot square its absolute rule with the authorities Digicel Haiti has already supplied to this Court.  With regard to *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204 (2002), UPM cites to it for the unremarkable proposition that restitution is classified based on the claim and remedy, while ignoring the Supreme Court's holding that Digicel Haiti quoted—specifically, that "for restitution to lie in equity, the action generally must seek … to restore to the plaintiff particular funds or property in the defendant's possession."  *Id*. at 213.  UPM likewise ignores the Ninth Circuit's holding that "legal restitution is a remedy where there is no identifiable *res.*"  *Honolulu Joint Apprenticeship & Training Comm. of United Ass'n Local Union No. 675 v. Foster*, 332 F.3d 1234, 1238 (9th Cir. 2003); *see also Consumer Fin. Prot. Bureau v. CashCall, Inc.*, __ F.4d __, Nos. 18-55407, 18-55479, 2022 U.S. App. LEXIS 13810, at *36-37 (9th Cir. May 23, 2022) ("restitution is legal when the plaintiff cannot assert title or right to possession of particular property" (quotation marks and citation omitted)).

Most strikingly, UPM relegates a case analyzing these issues in relation to a fraud-based claim for restitution, *Oregon Teamster Employers Trust v. Hillsboro Garbage Disposal, Inc.*, No. 3:11-CV-01487-ST, 2013 U.S. Dist. LEXIS 78409, at *37 (D. Or. Jan. 25, 2013), *adopted by* 2013 U.S. Dist. LEXIS 78045 (D. Or. June 4, 2013), to a footnote and dismisses it as being "based entirely on federal law."  (Opp. at 23 n.60, ECF

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

377.) In fact, the district court there analyzed in that case whether the plaintiff's "state law claim is preempted," which turned on whether that state law claim was legal or equitable. *Or. Teamster*, 2013 U.S. Dist. LEXIS 78409, at *16. The preempted state law would have been Oregon law.[7] But even if it were not, the decision would still be highly persuasive; it holds that a fraud-based common-law claim for restitution is a legal claim, *id*. at *24-40, a conclusion that the Oregon Supreme Court has yet to confirm.

Contrary to UPM's assertions, the Oregon Supreme Court would be unlikely to classify Digicel Haiti's fraud-based claim for restitution as equitable, rendering *Sonner*'s holding regarding the outer limits of federal jurisdiction inapplicable.

**B. The Oregon Supreme Court Would Likely Hold That Damages Are an Inadequate Remedy Where Recovery Could Be Either Frustrated by an Inability to Prove All Losses or Less Than a Defendant's Wrongful Profits.**

Even equitable claims only fall outside the federal court's jurisdiction, per *Sonner*, when the litigant lacks a complete and adequate remedy at law. Although that adequacy issue was not analyzed in the body of the Court's summary-judgment order, the Court appears to have addressed it by footnote, stating:

> Further, if a jury finds for Digicel Haiti on its claim of fraud, Digicel Haiti will have recovered all that it has a right to receive. If,

---

[7] Where rights are supplied by state law, Oregon law would apply by default in this district. *See Shannon-Vail Five, Inc. v. Bunch*, 270 F.3d 1207, 1210 (9th Cir. 2001) (regardless of whether the federal court's jurisdiction is based on diversity or a federal question, "[a] federal district court must apply the state law that would be applied by the state court of the state in which it sits," including in relation to choice of law); Or. Rev. Stat. § 15.430 ("Oregon law governs noncontractual claims in … [a]ctions in which none of the parties raises the issue of applicability of foreign law").

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

> however, a jury finds against Digicel Haiti on that claim, then Digicel Haiti would be unable to show the third element of its claim for unjust enrichment.

(Op. & Order re: MSJ at 33 n.18, ECF 294.)

As shown by Digicel Haiti, however, a fraud claim for damages supplies an inadequate remedy if either some circumstance frustrates the plaintiff's proof of damages or the associated recovery would be less than is recoverable as restitution. In either case, a fraud claim for damages would supply an inadequate remedy under Oregon law because it would deliver incomplete justice by failing to deter the wrongful conduct. *See Evergreen W. Bus. Ctr., Ltd. Liab. Co. v. Emmert*, 354 Or. 790, 801, 323 P.3d 250 (2014) (test for inadequacy); *Bagley v. Mt. Bachelor, Inc.*, 356 Or. 543, 551, 340 P.3d 27 (2014) (tort law is intended to compensate victims *and* deter undesirable conduct). A bedrock principle of restitution is that "[a] person is not permitted to profit by his own wrong," which helps ensure "[]adequate incentive to lawful behavior." RESTATEMENT (THIRD) OF RESTITUTION § 3 & cmt. c.

None of those legal predicates is challenged by UPM. While it disputes Digicel Haiti's conclusion, UPM directs its only argument at yet another strawman. According to UPM, Digicel Haiti's motion asserts entitlement to restitution for "'unjust' conduct [that] was broader than identifiable fraud," resulting in the appearance that fraud damages are an inadequate remedy. (Opp. at 24 & n.63, ECF 377; *see also id*. at 18-21 (similar).) Plainly, that argument appears nowhere in Digicel Haiti's motion, which argues that the same fraudulent conduct supports claims for both damages and restitution.

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

Given UPM's failure to respond to the argument actually advanced by Digicel Haiti, this Court should conclude that many reasonable jurists would find *Sonner* inapplicable here because, under Oregon law, damages are an inadequate remedy where recovery could be either frustrated by an inability to prove all losses or less than a defendant's wrongful profits.

## C.    In Trying to Avoid the Legal Impediments to Applying *Sonner*, UPM Inaccurately Describe the Record.

Unable to establish that *Sonner* applies to this case, UPM spends the majority of its argument that relates to Digicel Haiti's unjust enrichment claim trying to avoid addressing the Oregon law issues altogether.  (Opp. at 17-21, ECF 377.)

In one attempted avoidance, UPM cites the Court's footnote regarding an adequate legal remedy—which is set forth above—and tries to recast it as an "alternative holding" granting summary judgment against Digicel Haiti's unjust enrichment claim.  (Opp. at 18, ECF 377 (citing Op. & Order re: MSJ at 33, n.18, ECF 294).)  According to UPM, it "argued that under Oregon tort law, *in the absence of fraudulent conduct*, UPM was not unjustly enriched, and *the Court adopted that argument as an alternative holding*."  (*Id.* at 18 (emphasis added; footnotes omitted); *see also id.* at 21 (similar).)  UPM, however, misstates the record—and blatantly so.  There could be no "alternative holding" dismissing the unjust enrichment claim *in its entirety* for lack of fraud, as argued by UPM, because the Court did not dismiss the fraud claim *in its entirety*.  That fact is conspicuous.  Immediately after invoking *Sonner*, the Court stated that "Digicel Haiti has

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

shown an issue of fact for its claim of common law fraud by active concealment, which is a legal claim, and Digicel Haiti may present that claim to a jury." (Op. & Order re: MSJ at 33, ECF 294.)

Showing similar infidelity to the record, UPM also argues that Digicel Haiti "waived defense of its unjust enrichment claim." (Opp. at 17, ECF 377.) According to UPM:

> UPM explained in its summary judgment motion that Digicel-Haiti's unjust enrichment claim is entirely dependent on its fraud claim, with the result that Digicel-Haiti's failure to prove that UPM defrauded Digicel-Haiti necessarily meant that UPM was not unjustly enriched. Digicel-Haiti ignored this argument, which means that it waived any right to object to the Court adopting it.

(*Id*. (footnotes omitted).) But the argument fails for two reasons. First, as shown above, the Court did not enter summary judgment on this ground, making the waiver argument a dead end. Second, Digicel Haiti contested UPM's premise by arguing that its fraud claim survived. (*See* Digicel Haiti's Resp. to UPM's MSJ, ECF 274; Digicel Haiti's MSJ re: Fraud, ECF 269.)

In sum, Digicel Haiti has established that many reasonable jurists would decline to apply *Sonner* to this claim for restitution. That is both because Digicel Haiti's fraud-based claim for restitution is likely a legal claim and because the damages for fraud may be an inadequate remedy on the facts of this case.

Page 21    **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

**III.    This Court Should Reject UPM's Procedural Arguments, Which Are Unsound and Could Only Delay Correction of Any Errors in the Court's Opinion and Order.**

**A.    Aside from Its Flawed Judicial Estoppel Argument, UPM Raises No Procedural Obstacle to Reconsideration.**

As Digicel Haiti noted (Mot. at 26, ECF 375), this Court's summary-judgment order is subject to reconsideration prior to entry of a final judgment, *see* Fed. R. Civ. P. 54(b), "for cause seen by [this Court] to be sufficient[,]" *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001), including a basic desire "to get [an] important ruling right[,]" *Steffler v. Williams*, No. 09-16-KI, 2010 U.S. Dist. LEXIS 80180, at *2 (D. Or. Aug. 9, 2010).

UPM does not argue otherwise.  Instead, it advances a strained procedural argument—namely, that even if the Court's order got important legal issues wrong, the Court is judicially estopped from correcting such errors before entering judgment.  (Opp. at 1, 5-9, ECF 377.)  Plainly, UPM's position disregards general principles of procedure. *See* Fed. R. Civ. P. 1 (the rules are intended to "secure the just, speedy, and inexpensive determination of every action and proceeding").

Judicial estoppel generally prohibits a party that has successfully maintained a factual or legal position from obtaining advantage by changing positions.  *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1133-34 (9th Cir. 2012) (quotation marks and citation omitted).  The doctrine exists to "protect the courts rather than the litigants." *Fleck v. KDI Sylvan Pools, Inc.*, 981 F.2d 107, 121-22 (3d Cir. 1992); *see also Ah Quin v.*

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

*Cty. of Kauai DOT*, 733 F.3d 267, 275 (9th Cir. 2013) ("judicial estoppel is concerned with the integrity of the *courts*, not the effect on parties" (emphasis in original)).

A district court's discretionary application of the doctrine in a given case is typically informed by several factors, *Baughman*, 685 F.3d at 1133—including:

> First, a party's later position must be "clearly inconsistent" with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled[.]" … A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001) (authority omitted). The Ninth Circuit has cautioned against applying judicial estoppel "when a party's prior position was based on inadvertence or mistake," *United States v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008), as opposed to "chicanery or knowing misrepresentation," *Milton H. Greene Archives, Inc. v. Marilyn Monroe Ltd. Liab. Co.*, 692 F.3d 983, 995 (9th Cir. 2012).

These considerations defeat UPM's judicial-estoppel arguments. At the pretrial hearing, Digicel Haiti sought leave to address errors it perceived in the summary-judgment order. (Mar. 29, 2022, Hr'g Tr. at 56-57.) The motion it then proposed filing, seeking interlocutory review, is not "clearly inconsistent" with the motion it did file, which also supplied this Court a procedural vehicle for reconsidering its opinion if it found Digicel Haiti's new authority persuasive. Both forms of relief exist to correct

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

errors of law, with reconsideration avoiding the time, expense, and inefficiency of an appeal of a ruling that the Court, upon review of additional authority, may conclude is incorrect.[8]  Such prudential considerations also undercut the notion, advanced by UPM, that the Court would have denied a set over of the Phase 1 trial if both means of correcting legal error had been discussed at the pretrial hearing.  (Opp. at 6, ECF 377.) Finally, Digicel Haiti's motion causes no unfairness to UPM because reconsideration would correct legal errors—issues UPM cannot ultimately dodge because, at a minimum, Digicel Haiti retains its right to an appeal in the ordinary course.  *See* Fed. R. App. P. 4.

At a more basic level, UPM's argument fails because UPM *is not* trying to protect the court system—the purpose of judicial estoppel.  Instead, UPM is, in effect, wielding the doctrine as a technical defense to Digicel Haiti's motion for reconsideration, demanding this Court lock in on its initial answers to legal questions without regard to whether they are correct.  Such a use is not true to the doctrine and should be rejected by

---

[8] In its response, UPM lashes out at Digicel Haiti, accusing plaintiff of a "bait-and-switch," "[il]legitimate advocacy," opportunism, "abusive" use of procedure, and "procedural gamesmanship."  (Opp. at 1, 4, 5, 8, 9, 11, 29, ECF 377.)  No such bad faith exists; instead, after the hearing, Digicel Haiti identified additional paths to correct legal errors by consulting appellate counsel, examining the strength of its arguments, and giving due regard to this Court's interests, which appear better served by correcting errors it comes to recognize than by review by an appellate court.  (*See* Mar. 29, 2022 Hr'g Tr. at 63 (Digicel Haiti had not "consult[ed] with appellate counsel" regarding options); Mot. at 5-7, ECF 375 (explaining that the process of seeking interlocutory review led Digicel Haiti to refine its arguments and identify various authorities that the Court likely had not previously considered).)  Moreover, UPM's indignation also rings hollow because UPM knew full well that Digicel Haiti was taken off guard at the hearing by the Court's explanation of the scope of the summary-judgment decision, which appears to thwart Haitian law and industry expectation that deem bypass fraudulent.

Page 24    **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

this Court.  *See, e.g.*, *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 365 (3rd Cir. 1996) (judicial estoppel "is not a sword to be wielded" to strike down "potentially meritorious claims," unless doing so is "necessary to secure substantial equity" (quotation marks and citations omitted)).

This Court should reject UPM's judicial-estoppel arguments.  They are so unfounded as to reinforce Digicel Haiti's contention that reconsideration is both procedurally proper and warranted on its showings regarding Oregon law.

**B.    Digicel Haiti's Motion Clears the Procedural Obstacles That UPM Raises to Interlocutory Review Under § 1292(b).**

As with its opposition to reconsideration, UPM similarly tries to raise hurdles to interlocutory review pursuant to 28 U.S.C. § 1292(b).  Most are quickly cleared.

- Despite UPM's contention that § 1292(b) does not apply to issues of state law, the Ninth Circuit perceives no such limit on its jurisdiction;[9]

- Contrary to UPM's complaint that no questions were identified for certification, Digicel Haiti stated four "important legal questions" in its introduction and referenced them repeatedly in the body of its motion;[10] and

- UPM cannot disprove § 1292(b)'s "materially advances" criterion by

[9] *Compare* Opp. at 3, 26, ECF 377 (citing two out-of-circuit district court cases and asserting § 1292(b) certification is unavailable in relation to issues of state law), *with, e.g.*, *Hill v. Xerox Bus. Servs., Ltd. Liab. Co.*, 868 F.3d 758 (9th Cir. 2017) (after accepting review of an order under § 1292(b), referring a question to Washington Supreme Court), *question answered by*, 191 Wash. 2d 751, 426 P.3d 703 (2018), *answer applied by*, 771 F. App'x 771 (9th Cir. 2019), *and Scallon v. Scott Henry's Winery Corp.*, 686 Fed. Appx. 495 (2017) (after accepting review of an order pursuant to § 1292(b), overruling district court by construing Oregon statute).

[10] *Compare* Opp. at 7 n.17, 25, ECF 377 (UPM's complaint), *with* Mot. at 5, 12, 18, 19, 26, 30-31, ECF 375 (setting forth and referencing questions).

Page 25    **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

invoking the November 2022 trial date because, plainly, that trial *delays resolution* of this matter if the Court's summary-judgment order contains legal errors.[11]

Aside from those facially flawed arguments (and an unconvincing defense of the Court's opinion), UPM principally tries to avoid interlocutory review by suggesting that Digicel Haiti must pose "a pure question of law," but instead asks questions of law in relation to assumed facts.  (Opp. at 26-25, ECF 377.)  UPM should know, however, that its argument cannot avoid certification for at least two reasons—both of which are apparent from *ICTSI I*, 2020 U.S. Dist. LEXIS 93371, and described below.

First, the summary-judgment order is appealable under § 1292(b) because, even assuming *arguendo* that a question must be legally "pure," the order raises such "pure" questions, at least in relation to restitution.  (*See supra* at 1 (addressing restitution.)  Once appellate jurisdiction attaches to the order because of those questions—the Court certifies the order not the questions—the appellate court may reach other issues.  *See ICTSI I*, 2020 U.S. Dist. LEXIS 93371, at *13-14 (jurisdiction extends to "any issue fairly included within the certified order because it is the *order* that is appealable, and not the controlling question identified by the district court" (emphasis in original; quotation

---

[11] *Compare* Opp. at 27, ECF 377, *with ICTSI Or., Inc. v. ILWU*, No. 3:12-cv-1058-SI, 2020 U.S. Dist. LEXIS 93371, at *22-23 (D. Or. May 28, 2020) (*ICTSI I*), *rev. den'd on other grounds*, 22 F.4th 1125, 1132 (9th Cir. 2022) (*ICTSI II*) (recognizing in a similarly situated matter that an interlocutory appeal "facilitate[s] disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later [in order to] save the courts and the litigants unnecessary trouble and expense" (quotation marks and authority omitted; alterations in original).

Page 26  **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

marks and authority omitted)); *id.* at \*28 (identifying possible application of rule).

Second, this Court has correctly rejected the notion that certification requires a "pure" legal question when, as here, the pertinent facts are included in the certified order and do not require a review of the record:

> This district court previously found persuasive the Seventh Circuit's discussion in *Ahrenholz v. Bd. of Trs.*, 219 F.3d 674, 677 (7th Cir. 2000), holding that under § 1292(b), a question of law is generally one that is "pure" or "abstract" and does not require a review of the record. [Citations omitted.] The Seventh Circuit later held, however, that when the court of appeals is not asked to overturn any findings of fact, but instead "to determine the legal significance of a set of facts" by deciding whether a complaint met the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), such a determination might be appropriate for interlocutory appeal. *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 625-26 (7th Cir. 2010). The court certified the case for interlocutory appeal despite the fact that such a review is often labeled as a "mixed question of law and fact," noting that such labels were "not helpful," and concluding that an appeal under § 1292(b) "should not be precluded altogether by a narrow interpretation of 'question of law.'" *Id.* The court distinguished *Ahrenholz* because resolving the *Twombly* issue did not require "hunting through a record or immersing ourselves in a complicated contract." *Id.* at 626. The court further noted that "application of a legal standard is a controlling question of law," although "routine applications of well-settled legal standards to facts" are not. *Id.*

*ICTSI I*, 2020 U.S. Dist. LEXIS 93371, at \*9 n.2.

That is not to say that interlocutory review is proper where factual disputes predominate. *See ICTSI II*, 22 F.4th at 1132 (holding that "the dispute is about whether ICTSI became a primary employer under the circumstances of this case (a question of fact)[,]" which the parties "primarily" addressed by "rel[ying] on facts from the record").

Page 27  **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

But "[i]f summary-judgment rulings depend more on questions of law than investigation of the record for genuine issues, … interlocutory appeal may be appropriate—certainly there are examples enough."  16 Charles A. Wright, Arthur R. Miller, et al., *Fed. Prac. & Proc. Civ.* § 3930 (3d ed. 2022) (footnotes omitted); *see also United States ex rel. Rose v. Stephens Inst.*, 909 F.3d 1012, 1018, 1020 (9th Cir. 2018) (on interlocutory appeal of a summary-judgment order regarding the False Claims Act, deciding *inter alia* whether certain statements were "misleading half-truths" and "material"); *Steering Committee v. United States*, 6 F.3d 572, 574-76 (9th Cir. 1993) (accepting review under § 1292(b) to address a "mixed question of law and fact"—specifically, "[w]hether the district court erred in applying the regulatory standard to the facts of this case and concluding that no negligence existed").

In sum, this Court should reject UPM's argument that certification pursuant to § 1292(b) is improper because, it claims, "pure" legal questions are required.  No such requirement exists and certification is appropriate here because, as this Court recognized in its summary-judgment order, "[t]he key facts are not in dispute."  (Op. & Order re: MSJ at 27, ECF 294.)  What's more, even if appellate jurisdiction to review the order turned on the presence of a "pure" legal question, Digicel Haiti identifies several.

**C.    Aside from Its Flawed Judicial Estoppel Argument, UPM Raises No Legitimate Procedural Obstacle to Certifying Questions to the Oregon Supreme Court Under Or. Rev. Stat. § 28.200.**

As Digicel Haiti set forth (Mot. at 28-29, ECF 375), the statutory requirements for certifying questions to the Oregon Supreme Court under Or. Rev. Stat. § 28.200 are

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

similar to those requirements for certifying an order for review pursuant to § 1292(b). *See W. Helicopter Servs., Inc., v. Rogerson Aircraft Corp.*, 311 Or. 361, 364, 811 P.2d 627 (1991). Whether this Court should, in its discretion, certify a question involves various additional considerations—namely, "(1) whether the question presents important public policy ramifications yet unresolved by the state court; (2) whether the issue is new, substantial, and of broad application; (3) the state court's caseload; and (4) the spirit of comity and federalism." *Abraham v. Corizon Health, Inc.*, 985 F.3d 1198, 1202 (9th Cir. 2021) (quotation marks and authority omitted).

In response, UPM largely ignores those considerations and imagines another. According to UPM, Digicel Haiti's motion to certify questions to the Oregon Supreme Court "is simply thinly-disguised forum shopping[.]" (Opp. at 4, ECF 377; *see also id.* at 3, 24, 28 (similar).) But that contention whipsaws back on UPM. Forum shopping is "[t]he practice of choosing the most favorable jurisdiction or court in which a claim might be heard." BLACK'S LAW DICTIONARY (11th ed. 2019). In that sense, the parties appear to agree—there is a substantial likelihood that the Oregon Supreme Court would answer legal questions unfavorably to UPM. Contrary to UPM's argument, that significant possibility militates in favor of (not against) certifying Digicel Haiti's questions or even reconsideration.[12]

---

[12] For similar reasons—as well as the fact that the Ninth Circuit would hear the appeal in the ordinary course—UPM cannot credibly suggest that review pursuant to § 1292(b) should be denied as "forum shopping." (Opp. at 3, 24, ECF 377.)

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

UPM also attempts to sweep aside certification to the Oregon Supreme Court with judicial estoppel (Opp. at 6, ECF 377), but it cannot establish any of that doctrine's factors, *see New Hampshire*, 532 U.S. at 750-51 (outlining factors). Digicel Haiti's motion to certify questions is not "clearly inconsistent" with any statement at the pretrial hearing, where it referenced § 1292(b) but did not disclaim any path for correcting legal error. (*See generally* Mar. 29, 2022 Hr'g Tr.; *cf.* ECF 373 (joint motion referencing § 1292(b) motion "and/or alternative appellate motion").) Further, UPM cannot establish either this Court's reliance on Digicel Haiti foregoing input from the Oregon Supreme Court or any unfairness to UPM because § 1292(b) review could itself lead to questions being certified. *See Hill*, 868 F.3d 758 (after accepting review of an order under § 1292(b), referring a question to Washington Supreme Court). Finally, judicial estoppel is unsuited to UPM's use—namely, obstructing this Court from obtaining a conclusive interpretation of Oregon law on these issues. *See Ryan Operations*, 81 F.3d at 365.

In sum, while UPM is likely correct to perceive the Oregon Supreme Court as an unfavorable forum for *it* to litigate the answers to Digicel Haiti's legal questions, it identifies no basis for this Court to deny such relief to Digicel Haiti.

### D.    This Court Has Discretion to Issue a Stay.

In conjunction with seeking prompt review by an appellate court, Digicel Haiti also moved for a stay to allow that review to be accepted and to occur. (Mot. at 33-34, ECF 375.) It did so because it recognized that, if the summary-judgment order contains error, a verdict on UPM's counterclaims also may not stand.

Page 30    **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

In response, UPM appears to recognize the potential for substantial inefficiencies from a trial predicated on a summary-judgment order that later proves to be flawed. (*See* Opp. at 30, ECF 377 (acknowledging that "this issue [to be tried in its counterclaim] is not wholly unrelated to the points that Digicel-Haiti seems concerned about").) That recognition substantially undercuts UPM's contention that, even if this Court facilitates prompt review by an appellate court, this Court's and the parties' interests are well served by forging ahead with a November trial. (*Id.* at 28-29 (arguing the equities and judicial considerations).)

UPM also seems to believe that a decision was made at the pretrial hearing by the Court and parties collectively about whether a stay should enter, if an appellate court takes review. (*See id.* at 7, 29 & n.81 (excerpting Mar. 29, 2022 Hr'g Tr. at 62-63, 65-66).) While hindsight shows that the conversations at the hearing were in some respects ambiguous on the issue, Digicel Haiti understood that a trial was to be scheduled to ensure it could occur promptly in the event review was denied.[13] Indeed, the Court initiated the conversation about scheduling a trial with the following exchange:

> MR. SAVAGE:    … But all that said, depending on who has what schedule available, we could proceed relatively quickly to the counterclaim and then put the whole thing up on appeal, whichever one of us loses which things.
>
> THE COURT:    All of that is fine with me, including giving Mr.

---

[13] While UPM phrases its demand as judicial estoppel (Opp. at 5, 8-9, 11), its showing is deficient for the same reasons as its judicial estoppel argument regarding reconsideration fails (*see supra* at § III.A).

Page 31    **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

> Vaughan the opportunity to move forward and brief a 1292(b). *But then I would like to figure out what do we do if either I say no, which probably is unlikely, or the Ninth Circuit says no, which is pretty likely.*

(Mar. 29, 2022 Hr'g Tr. at 61.)  Later comments also are consistent with the occurrence

of a Phase 2 trial being conditional on the appellate court denying review.  For example:

> THE COURT:    I think the way 1292(b) works is we can go forward with the counterclaims *while the 1292(b) on Phase I is going up and the Ninth Circuit decides whether they will or won't take it.*
>
> …
>
> THE COURT:    Let me just ask hypothetically, *do you agree with Mr. Savage that if the Ninth Circuit declines 1292(b), the best thing to do is to figure out—deal with Phase 2* and then get this whole thing somehow wrapped up after you talk to appellate counsel on the best way to get this whole thing done with a final judgment so both sides can take up whatever they want to take up to the Ninth Circuit?
>
> MR. VAUGHAN:    I'm leaning that way.
>
> …
>
> THE COURT:    … I would then anticipate—and you tell me how long you want to file this—a motion and a brief for a 1292(b) interlocutory appeal on the existing summary judgment on Phase 1. …
>
> But I would like to see it phrased by the plaintiff what they want and why they should get 1292(b) in front of me.  …
>
> So on the assumption then that I grant a 1292(b) motion that's filed, I'll leave counsel to confer with

Page 32    **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

each other. *Maybe we will speak in a few weeks about scheduling Phase 2, because that should go forward while the Ninth Circuit considers whether or not to grant 1292(b),* and then we see where we go.

Is that what plaintiff wants, Mr. Vaughan?

MR. VAUGHAN:   Yes, sir.

(*Id*. a 62-65 (emphasis added).)

In any event, whether to grant a stay is a discretionary decision.  Unless the Court intended as an exercise of its discretion to outright foreclose any stay, Digicel Haiti respectfully requests that this Court, if it decides to facilitate prompt review by an appellate court, not hold a trial until that court either declines review or reaches the merits.

## CONCLUSION

UPM and Mr. Tran wholly fail to mount a serious defense of the summary-judgment decision.  That decision—if it stands—may open a new and surprising chapter in the history of people cheating phone companies out of full charges for their services. It suggests that Oregon may be a haven for modern-day "phone freaks," who wish to profit by selling access to private networks by presenting surreptitiously acquired credentials to access those networks without paying full charges for access.  Obviously, that implication is incorrect if the order's answers to Digicel Haiti's legal questions are incorrect, as many reasonable jurists would conclude based on the strength of Digicel Haiti's showing.  Depending on its own view of that showing, this Court should either

Page 33    **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

reconsider its summary-judgment decision or facilitate immediate appellate review

pursuant to § 1292(b) and Or. Rev. Stat. § 28.200.

Dated this 24th day of June, 2022.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By:    s/ Andrew J. Lee
   Andrew J. Lee, OSB #023646
   Email: ajlee@schwabe.com
   Sarah Kobak, OSB #043495
   Email: skobak@schwabe.com
   Anne M. Talcott, OSB #965325
   Email:  atalcott@schwabe.com
   Kathryn E. Kelly, OSB #175162
   Email:  kkelly@schwabe.com
   Telephone:  503.222.9981
   Facsimile:  503.796.2900

   KIM VAUGHAN LERNER LLP
   Robert C. L. Vaughan (*Pro Hac Vice*)
   Email:  rvaughan@kvllaw.com
   Cherine Smith Valbrun *(Pro Hac Vice)*
   Email:  cvalbrun@kvllaw.com
   Leah B. Storie *(Pro Hac Vice)*
   Email:  lstorie@kvllaw.com
   Anisha Carla Atchanah
   Email: Aatchanah@kvllaw.com
   312 SE 17th Street • Suite 300
   Fort Lauderdale, Florida 33316
   Telephone:  (954) 527-1115
   Facsimile:  (954) 527-1116

   Attorneys for Plaintiff

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR PROMPT REVIEW BY AN APPELLATE COURT AND STAY**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900