**Kathryn P. Salyer**, OSB #883017
**Eleanor A. DuBay**, OSB #073755
**Blake Van Zile,** OSB #184672
ksalyer@tomasilegal.com
edubay@tomasilegal.com
bvanzile@tomasilegal.com
Tomasi Bragar DuBay
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204-3136
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

**Christopher W. Savage**, D.C. Bar #362657
chrissavage@dwt.com
(Admitted *Pro Hac Vice*)
Davis Wright Tremaine LLP
1301 K Street NW, Suite 500
Washington, DC 20005-3317
Telephone: (202) 973-4200
Facsimile: (202) 973-4499

    Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDING, S.A**., a foreign corporation, d/b/a **DIGICEL HAITI**,<br><br>    Plaintiff & Counterclaim-Defendant,<br><br>    v.<br><br>**UPM TECHNOLOGY, INC**., *et al.,*<br><br>    Defendants & Counterclaim-Plaintiffs | Case No. 3:15-CV-00185-SI<br><br>**DEFENDANTS' PRE-HEARING MEMORANDUM**<br><br><br>**Hearing Date: July 26, 2022**<br>**Hearing Time: 1:00 PM** |

In anticipation of the upcoming hearing on July 26, 2022, UPM Technology, Inc. and Bruce Tran (collectively, "UPM") respectfully file this pre-hearing memorandum. The purpose of this filing is to set out the pending issues in this matter as to which UPM seeks a ruling from the Court. These include both issues as to which UPM sought summary judgment in connection with its counterclaims during the fall of 2021, as well as certain issues that were addressed primarily in the context of Digicel-Haiti's claims against UPM, but which also have a bearing on UPM's counterclaims.

In order to facilitate the Court's review and consideration of these issues, UPM very briefly states its position on each issue pending before the Court and provides citations to prior filings in the record where more detailed discussion may be found. UPM is not raising any new arguments in this filing; its purpose is solely to help facilitate matters at the upcoming hearing by identifying its already-made arguments and providing citations to the already-existing materials in the record addressing them.

## I.      UPM'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT

UPM seeks partial summary judgment rulings from the Court on several issues bearing on its claims against Digicel-Haiti.[1]

### A.  Digicel-Haiti Is a Carrier Subject to the Communications Act

UPM has explained that Digicel-Haiti is a "telecommunications carrier" under the Communications Act, 47 U.S.C. §§ 151 *et seq.*, with respect to its offering of "Roam Like You're Home" ("RLYH") service in the United States. This is because that service entails Digicel-Haiti offering telecommunications (calling back to its subscribers in Haiti) for a fee (the monthly charge for RLYH and the per-minute charge for the calls). *See* 47 U.S.C. §§ 153(50) (defining

---

[1] To the extent that the Court is not inclined to rule at this time on any of these matters, UPM reserves the right to raise them again in connection with the pretrial proceedings on its claim against Digicel-Haiti.

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

"telecommunications"); 153(51) (defining "telecommunications carrier"); and 153(53) (defining "telecommunications service").[2]

The Court has already expressly ruled that Digicel-Haiti is a telecommunications carrier with respect to its offering of RLYH service.[3] UPM asks that the Court reaffirm that ruling on summary judgment.

### B.  UPM Was a Customer of Digicel-Haiti's Roam Like You're Home Service

UPM seeks a ruling that it was a customer of and purchaser of Digicel-Haiti's RLYH service by virtue of UPM paying Digicel-Haiti for that service. Specifically, UPM obtained SIM cards for Digicel-Haiti's network, and added funds to those specific SIM cards by means of third-party "top-up" services.[4] Digicel-Haiti accepted those funds by crediting them to the accounts of the SIM cards that UPM had topped up. UPM then directed Digicel-Haiti to deduct the RLYH service fee (roughly $25), which Digicel-Haiti did. This series of actions unambiguously established an "implied in fact" contract between UPM and Digicel-Haiti obliging Digicel-Haiti to provide RLYH service to UPM.[5]

---

[2] Defendant UPM Technology, Inc.'s Motion for Summary Judgment (ECF #255) ("UPM Summary Judgment Motion") at 34-35; Defendants' Reply in Support of Motion for Summary Judgment (ECF #284) ("UPM Summary Judgment Reply") at 26; Defendants' Opposition to Digicel-Haiti's Motion for Summary Judgment on Defendant UPM Technology, Inc.'s Counterclaims (ECF #279) ("UPM Opposition to Digicel-Haiti's Summary Judgment Motion (Communications Act)") at 6-11.

[3] Opinion and Order (ECF #154) at 30-31.

[4] *See* Opinion and Order (ECF #294) at 15 n.11 (Court "accepts these facts as undisputed.").

[5] *See* Opinion and Order (ECF #95) at 25-26 (denying Digicel-Haiti's motion to dismiss UPM's counterclaim for breach of implied-in-fact contract), *citing Jaqua v. Nike Inc.* 125 Or. App. 294, 297, 865 P.2d 442 (1993); *Staley v. Taylor,* 165 Or. App. 256, 262 n.6, 994 P.2d 1220 (2000); *Ken Hood Constr. Co. v. Pac. Coast Constr., Inc.,* 201 Or. App. 568, 578, 120 P.3d 6 (2005), *adhered to as modified on reconsideration*, 203 Or. App. 768, 126 P.3d 1254 (2006); *Newton/Boldt v. Newton,* 192 Or. App. 386, 392, 86 P.3d 49 (2004). Discovery showed that the facts giving rise to the implied-in-fact contract were slightly different than those addressed by the Court's earlier order, *compare* ECF #95, *supra, with* UPM Opposition to Digicel-Haiti's Summary Judgment Motion (Communications Act) at 13-17, 25-28, but the legal analysis is the same.

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

UPM seeks a ruling from the Court on summary judgment that it was Digicel-Haiti's customer, having purchased RLYH service from Digicel-Haiti.

### C. Digicel-Haiti Blocked UPM's Resale of RLYH Service by Deauthorizing UPM's SIM Cards

UPM seeks a ruling on summary judgment that, when Digicel-Haiti deauthorized UPM's RLYH SIM cards, Digicel-Haiti necessarily blocked UPM's resale of RLYH service. This seems entirely incontrovertible and, in any event, not in dispute.[6]

### D. Digicel-Haiti Was Not Damaged by UPM's Resale of RLYH Service

UPM asks that the Court rule on summary judgment that Digicel-Haiti was not damaged by virtue of UPM's resale of RLYH service. UPM has explained that the undisputed evidence showed that when UPM resold RLYH service, Digicel-Haiti, in effect, made money: it received (from UPM) the $25 RLYH subscription fee; it received (also from UPM) the approximately $0.09 per minute usage fee for all RLYH calls that were made; and it also received (from its United States roaming partner) its desired $0.23 per minute fee for inbound international calls.[7] By contrast, had the calls UPM handled reached Digicel-Haiti in its supposedly preferred way, it would have received the $0.23 per minute, but neither the additional $0.09 per minute nor the RLYH subscription fee. These material facts are not disputed by anything in the record, and the Court should so rule.

UPM previously urged this point in connection with its explanation of why Digicel-Haiti was not damaged by UPM's resale of RLYH service, which meant (earlier in the case) that

---

[6] *See* Opinion and Order (ECF #294) at 27 (the parties "agree that Digicel Haiti, when it believed that a SIM card was being used" for resale (*i.e.,* when UPM linked calls from third parties to a call established using one of its SIM cards), it "deactivated (or de-authenticated) that card, thereby blocking UPM from continuing to use that SIM card."). *See also* UPM Summary Judgment Motion at 35; UPM Summary Judgment Reply at 26-27.

[7] UPM Summary Judgment Motion at 28-29; UPM Summary Judgment Reply at 20; Defendant UPM Technology, Inc.'s Renewed Motion for Summary Judgment (ECF #335) at 10; Defendants' Reply in Support of Renewed Motion for Summary Judgment (ECF #365) at 14-15.

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

UPM's conduct could not be considered fraudulent. At this juncture, UPM seeks this same ruling on summary judgment in order to preclude any claim by Digicel-Haiti that cutting off UPM's ability to resell RLYH service was or could be reasonable under the Communications Act as a revenue preservation measure.[8]

## II.    DIGICEL-HAITI'S MOTION *IN LIMINE* / DAUBERT MOTION REGARDING MR. GILLAN

Digicel-Haiti has sought to disqualify UPM's economic expert, Mr. Gillan, from testifying, claiming, *inter alia,* that he seeks to present evidence as to legal issues rather than relevant economic issues and that his testimony would not aid the jury in resolving UPM's Communications Act counterclaims.[9] UPM asks the Court to deny this motion.

Mr. Gillan is plainly qualified to offer expert opinions on matter of economics relating to the telecommunications industry.[10] Moreover, his explanation of the economic rationale behind the Federal Communications Commission's ("FCC's") ban on resale restrictions will assist the jury in evaluating whether Digicel-Haiti's barring UPM from reselling RLYH service (by blocking UPM's RLYH SIMs) was an unjust, unreasonable, and/or discriminatory practice in violation of that FCC ban and under 47 U.S.C. §§ 201-202.[11]

## III.    DIGICEL-HAITI'S SUMMARY JUDGMENT MOTION

Digicel-Haiti moved for summary judgment in its favor on UPM's

---

[8] To be clear, preservation of revenue is not, under applicable FCC precedent and policies, a justification for restrictions on resale. But a ruling on summary judgment that Digicel-Haiti did not in fact suffer any revenue losses in connection with UPM's resale of RLYH service would simplify the trial of UPM's counterclaim.

[9] Plaintiff Unigestion Holdings, S.A.'s *Daubert* Motion and in the Alternative, Motion *in Limine* to Exclude Testimony of Defendant's Expert, Joseph Gillan (ECF #272).

[10] Defendants' Opposition to Digicel-Haiti's Daubert Motion to Exclude Testimony of Defendant's Expert Joseph Gillan (ECF #280) at 5-6.

[11] *Id.* at 6-7, 7-20.

Page 5 – DEFENDANTS' PRE-HEARING MEMORANDUM
UPM-L1\00645679.000

Communications Act counterclaim.[12] As UPM explained, the Court should deny that motion in its entirety.[13]

First, Digicel-Haiti argues that it is not a telecommunications carrier subject to the Communications Act.[14] As UPM has explained, however, the Court has already, correctly, ruled that it is.[15] Second, Digicel-Haiti argues that Haitian law, not United States law, governs its provision of RLYH service to its customers in the United States, and that therefore the Court should abstain from deciding UPM's counterclaims.[16] UPM explained, however, that its counterclaim relates entirely to RLYH service, and that, aside from the fact that the SIM cards UPM used in connection with RLYH service were acquired in Haiti, everything else about RLYH resale occurred in the United States, defeating any claim that Haitian law controls (or even affects) UPM's counterclaim.[17] Third, Digicel-Haiti argues that blocking UPM's RLYH SIM cards was somehow compelled by the Haitian government.[18] UPM explained, however, that the "foreign sovereign compulsion doctrine" does not apply to claims of violation of the Communications Act, and that, in any event, the Haitian governmental materials Digicel-Haiti has proffered do not address either RLYH service or UPM's resale of that service, much less compel (or even authorize) Digicel-Haiti to cut off UPM's RLYH SIM cards.[19] Fourth, Digicel-Haiti argues that "principles

---

[12] Plaintiff Unigestion Holdings, S.A.'s Motion for Summary Judgment on Defendant UPM Technology, Inc.'s Counterclaims (ECF #264) ("Digicel-Haiti Summary Judgment Motion").

[13] UPM Opposition to Digicel-Haiti's Summary Judgment Motion (Communications Act), *passim.*

[14] Digicel-Haiti Summary Judgment Motion at 8-12.

[15] *See* nn. 5-6, *supra,* and accompanying text.

[16] Digicel-Haiti Summary Judgment Motion at 12-13.

[17] UPM Opposition to Digicel-Haiti's Summary Judgment Motion (Communications Act) at 12-13.

[18] Digicel-Haiti Summary Judgment Motion at 13-17.

[19] UPM Opposition to Digicel-Haiti's Summary Judgment Motion (Communications Act) at 17-21.

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

of comity" suggest that the Court should dismiss UPM's claims.[20] UPM explained, however, that Digicel-Haiti's "comity" argument is premised on a position that the FCC had at one time adopted, but long ago repudiated.[21] Finally, Digicel-Haiti argues that no implied-in-fact contract was formed between UPM and Digicel-Haiti.[22] As noted above, however, UPM has shown that Digicel-Haiti's acceptance of UPM's payments to the specific accounts of UPM's RLYH SIM cards, and its deduction of the $25 RLYH subscription fee from those accounts, establishes such a contract.[23]

For these reasons, UPM requests the Court to deny Digicel-Haiti's summary judgment motion.

## IV.    UPM'S MOTIONS *IN LIMINE* / *DAUBERT* MOTIONS

UPM filed various motions *in limine*/*Daubert* motions with respect to Digicel-Haiti's purported experts (Mr. McEwen, Mr. Castel, and Mr. Cross).[24] UPM asks the Court to grant these motions with respect to any effort to advance testimony from Mr. McEwen and/or Mr. Castel in connection with the trial of UPM's counterclaims, in each case for essentially the same reasons: their testimony is irrelevant to any issue regarding UPM's claims.[25]

### A. Mr. McEwen

Mr. McEwen's disclosure and associated deposition and proffered trial testimony have to do with the technology of bypass activities. That material does not specifically relate to

---

[20]  Digicel-Haiti Summary Judgment Motion at 17-19.

[21] UPM Opposition to Digicel-Haiti's Summary Judgment Motion (Communications Act) at 21-25.

[22] Digicel-Haiti Summary Judgment Motion at 12-13, 20-21.

[23] *See* nn. 7-8, *supra,* and accompanying text.

[24] *See* Defendants' Motions *in Limine* (ECF #324) ("UPM Motion *in Limine*") at 2-14; Defendants' Reply in Support of Motions *in Limine* (ECF #357) ("UPM Motion *in Limine* Reply") at 3-15.

[25] To the extent that the Court does not grant, or defers ruling upon, UPM's request to exclude these witnesses at this stage, UPM reserves the right to seek to exclude or limit their testimony.

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

any actions UPM itself took, and in any event has no bearing on any question regarding UPM's Communications Act counterclaims. Mr. McEwen's testimony should therefore be excluded from the trial of those counterclaims.[26]

### B. Mr. Castel

Mr. Castel's disclosure and associated deposition and proffered trial testimony focus entirely on an ill-founded purported estimate of how much revenue Digicel-Haiti claims to have lost by virtue of the overall bypass activity to which Digicel-Haiti has been subject. Nothing in that material has anything to do with any of UPM's counterclaims, and, specifically, nothing in that material relates in any way to the reasonableness or unreasonableness of Digicel-Haiti's blocking UPM from reselling RLYH service by deauthorizing UPM's RLYH SIMs.[27] As with Mr. McEwen, Mr. Castel's irrelevant testimony should therefore be excluded from the trial of those counterclaims.

### C. Mr. Cross

UPM is not at this time seeking a ruling excluding Mr. Cross's testimony from the trial of UPM's counterclaims. UPM notes, however, that Mr. Cross's initial disclosure and associated deposition and proffered trial testimony focus on the views of certain international bodies regarding bypass. He does not address any particular FCC precedent or policy and agreed in his deposition that he has no knowledge of those matters. However, while Mr. Cross's rebuttal submission is deeply defective, at least nominally it purports to address some of the points that

---

[26] *See* UPM Motion *in Limine* at 10-12 (discussing limitations of Mr. McEwen's testimony); UPM Motion *in Limine* Reply at 11-14 (same).

[27] *See* UPM Motion *in Limine* at 4-10 (discussing limitations of Mr. Castel's testimony) UPM Motion *in Limine* Reply at 4-11 (same). UPM notes that while Mr. Castel filed a disclosure purportedly in "rebuttal" to the damages estimate put forward by UPM's expert Mr. Wood, all Mr. Castel did was misconstrue one aspect of Mr. Wood's disclosure and then use that erroneous understanding to attempt to bolster Digicel-Haiti's damages claim. *See* Rebuttal Expert Opinion of Charles Castel, ECF #304-2, *passim.* Nothing that Mr. Castel says has anything to do with UPM's counterclaim, including, specifically, Mr. Wood's expert disclosure.

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Mr. Gillan (UPM's economic expert) makes in his disclosure.[28] UPM has not previously explained why Mr. Cross's evidence should be excluded from the trial of UPM's counterclaims, and so does not seek a ruling from the Court at this time on that point. To the extent that Digicel-Haiti indicates in the course of normal pretrial filings that it intends to rely on Mr. Cross, UPM will address exclusion of Mr. Cross's testimony in appropriate motion(s) *in limine* in the normal course.

## V.    REQUEST FOR PROCEDURAL SCHEDULE

Finally, in light of the November 14, 2022, trial date for UPM's counterclaims, UPM requests that the Court establish a date for the pretrial conference on those counterclaims, and confirm that the various filings called for by the Court's Civil Trial Management Order (ECF #191) are due on the dates – keyed off of the date of the pretrial conference – provided for in that Order.

## VI.    CONCLUSION

For the reasons stated herein, the Court should grant the partial summary judgment rulings, and rulings *in limine,* identified above.

Dated: July 14, 2022.

TOMASI BRAGAR DUBAY

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    Blake Van Zile, OSB #184672
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    bvanzile@tomasilegal.com
    Telephone: (503) 894-9900

---

[28] *See* Plaintiff Unigestion Holdings, S.A.'s Expert Witness Statements (ECF #304) at 2; Rebuttal Expert Report of Philip Cross (ECF #304-3), *passim.*

Page 9 – DEFENDANTS' PRE-HEARING MEMORANDUM
UPM-L1\00645679.000

DAVIS WRIGHT TREMAINE LLP


By: /s/ Christopher W. Savage
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    *(Admitted Pro Hac Vice)*
    Katherine Sheriff
    katherinesheriff@dwt.com
    Telephone: (202) 973-4200

Of Attorneys for Defendants

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

# CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2022, I served the foregoing **DEFENDANTS' PRE-HEARING MEMORANDUM** on the following individuals by electronic service to said individuals:

Robert C.L. Vaughan
Cherine Smith Valbrun
Leah Storie
Anisha Carla Atchanah
Kim Vaughan Lerner LLP
One Financial Plaza
100 SE Third Avenue • Suite 2001
Fort Lauderdale, FL 33394
Email: rvaughan@kvllaw.com
Email: cvalbrun@kvllaw.com
Email: lstorie@kvllaw.com
Email: aatchanah@kvllaw.com

Anne M. Talcott
Kathryn E. Kelly
Andrew J. Lee
Schwabe, Williamson & Wyatt, PC
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Email: atalcott@schwabe.com
Email: kkelly@schwabe.com
Email: ajlee@schwabe.com

Dated: July 14, 2022

TOMASI BRAGAR DUBAY

By: /s/ Eleanor A. DuBay
   Kathryn P. Salyer, OSB #883017
   Eleanor A. DuBay, OSB #073755
   Blake Van Zile, OSB #184672
   ksalyer@tomasilegal.com
   edubay@tomasilegal.com
   bvanzile@tomasilegal.com
   Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
   Christopher W. Savage, D.C. Bar #362657
   chrissavage@dwt.com
   *(Admitted Pro Hac Vice)*
   Katherine Sheriff
   katherinesheriff@dwt.com
   Telephone: (202) 973-4200

Of Attorneys for Defendants

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236