**Anne M. Talcott**, OSB #965325
Email: atalcott@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
Email: rvaughan@kvllaw.com
**Cherine Smith Valbrun** (*Pro Hac Vice*)
Email: cvalbrun@kvllaw.com
KIM VAUGHAN LERNER LLP
312 SE 17th Street, Suite 300
Fort Lauderdale, FL 33316
Telephone: 954.527.1115
Facsimile: 954.527.1116

**Kent D. Bressie** (*Pro Hac Vice*)
Email: kbressie@hwglaw.com
HWG LLP
1919 M Street N.W., Suite 800
Washington, D.C. 20036
Telephone: 202.730.1337
Facsimile: 202.730.1303

(Additional counsel shown on signature page.)

*Attorneys for Plaintiff, Unigestion Holdings, S.A., a foreign corporation, d/b/a Digicel Haiti*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNIGESTION HOLDINGS, S.A.** d/b/a **DIGICEL HAITI,**<br><br>        Plaintiff and Counterclaim Defendant,<br><br>    vs.<br><br>**UPM TECHNOLOGY, INC., et al.,**<br><br>        Defendants and Counterclaim Plaintiffs. | Case No. 3:15-cv-00185-SI<br><br>**PLAINTIFF UNIGESTION HOLDINGS, S.A.'S MOTION TO STAY DEFENDANTS' COUNTERCLAIMS PENDING RESOLUTION OF ISSUES ARISING UNDER THE COMMUNICATIONS ACT OF 1934, AS AMENDED**<br><br>**Oral Argument Requested** |

DIGICEL HAITI'S MOTION TO STAY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

## LR 7-1 CERTIFICATION

Pursuant to Local Rule 7-1(a), Plaintiff Unigestion Holdings, S.A., d/b/a Digicel Haiti ("Digicel Haiti") certifies that the parties made a good faith effort to discuss the issues presented in this motion in open court on September 13, 2022, and the issues could not be resolved.

## INTRODUCTION

Plaintiff Unigestion Holdings, S.A., d/b/a Digicel Haiti ("Digicel Haiti") submits the following Motion to Stay Defendants' Counterclaims Pending Resolution of Issues Arising Under The Communications Act of 1934, as Amended.[1]

## LEGAL STANDARD

A district court's discretion to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Trees v. Serv. Emps. Int'l Union Local 503*, 574 F. Supp. 3d 856, 862 (D. Or. 2021) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). A district court may stay proceedings "pending resolution of independent proceedings which bear upon the case," whether those proceedings are "judicial, administrative, or arbitral in character." *Id.* (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1111 (9th Cir. 2005)). The primary jurisdiction doctrine permits a federal court to postpone the consideration of issues within "the special competence of an administrative body" while the issues are presented to the appropriate administrative agency for its consideration. *United States v. W. Pac. R.R. Co.*, 352 U.S. 59, 64 (1956); *Reiter v. Cooper*, 507 U.S. 258, 268 (1993). In such a case, "the judicial process is

---

[1] As Digicel Haiti explained, the "referral" process requires first a stay from this Court and then a Petition to the FCC with the detailed briefing of the issues. Accordingly, Digicel Haiti has not provided that briefing here but would be happy to further brief any additional issues required by the Court.

Page 1 -    DIGICEL HAITI'S MOTION TO STAY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

suspended pending referral of such issues to the administrative body for its views." *Tassy v. Brunswick Hosp. Ctr., Inc.*, 296 F.3d 65, 73 (2d Cir. 2002). "The doctrine allows a district court to refer a matter to the appropriate administrative agency for a ruling in the first instance, even when the matter is initially cognizable by the district court." *Access Telecomms. v. Sw. Bell Tel. Co.*, 137 F.3d 605, 608 (8th Cir. 1998) (citation omitted).

In deciding whether to stay a proceeding, the court should consider three factors: "(1) the need to resolve an issue that has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (2) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (3) requires expertise or uniformity in administration." *Syntek Semiconductor Co. v. Microchip Tech. Inc.*, 307 F.3d 775, 780 (9th Cir. 2002). "[C]ourts apply the doctrine of primary jurisdiction . . . to obtain the benefit of an agency's expertise and experience." *Access Telecomms.*, 137 F.3d at 608. Accordingly, referral to the relevant administrative agency may be appropriate when a case "rais[es] issues of fact not within the conventional experience of judges or . . . requir[es] the exercise of administrative discretion." *Id.* A court may also defer to an administrative agency on primary jurisdiction grounds to "promote uniformity and consistency within the particular field of regulation." *Id.*

## MOTION TO STAY

Digicel Haiti moves for a stay of this Court's consideration of UPM's counterclaim and all issues under the Communications Act of 1934, as amended (the "Communications Act") raised therein, even if also raised in relation to UPM's defenses against Digicel Haiti's fraud claim. A stay would permit the Federal Communications Commission ("FCC") to apply its experience and expertise to determine whether Digicel Haiti, a foreign telecommunications carrier, offered a common-carrier service to UPM that was subject to Sections 201, 202, and 214 of the Communications Act, and if so, whether Digicel Haiti's termination of that service due to fraud constitutes an unjust and unreasonable practice within the meaning of Section 201(b) or unreasonable discrimination within the meaning of Section 202.

Page 2 -    DIGICEL HAITI'S MOTION TO STAY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

It would also allow the FCC to address subsidiary issues within that question: (1) whether the offering of roaming services by a foreign carrier to foreign subscribers who might visit the United States constitutes the resale of telecommunications services in the United States pursuant to Section 214 or a foreign carrier activity beyond its jurisdiction; (2) whether such activity constitutes a "physical connection" as contemplated by the Act and, if so, whether any activity beyond such a mere physical connection with the United States is sufficient to trigger the licensing requirements in Section 214 of the Communications Act, even if such a connection falls within the FCC's ancillary jurisdiction under Title I of the Communications Act; (3) how, if at all, the offering of other telecommunications or non-telecommunications services by Digicel Haiti or a corporate affiliate bears on the question of whether Digicel Haiti itself offered a common-carrier telecommunications service to UPM in the United States; and (4) whether UPM's success in exporting to the United States SIM cards that Digicel Haiti offered to Haitian subscribers for services was sufficient to create an offering of a telecommunications service in the United States under Section 214. Applying the first and second *Syntek* factors, Digicel Haiti believes that in enacting the Communications Act, the U.S. Congress granted the FCC plenary authority over international communications as part of a comprehensive regulatory scheme. Section 1 of the Communications Act, 47 U.S.C. § 151, created the FCC "for the purpose of regulating interstate and foreign commerce in communication by wire and radio." Section 2(b) states that the Communications Act "shall apply to all interstate and foreign <u>communication by wire</u>[2] or radio and all interstate and foreign <u>transmission of energy by radio</u>,[3] which originates

---

[2] 47 U.S.C § 153(59), available at
https://www.law.cornell.edu/definitions/uscode.php?width=840&height=800&iframe=true&def_id=47-USC-738060388-1952898756&term_occur=999&term_src=title:47:chapter:5:subchapter:I:section:152

[3] 47 U.S.C. § 153(57), available at
https://www.law.cornell.edu/definitions/uscode.php?width=840&height=800&iframe=true&def_id=47-USC-1821876995-1952898754&term_occur=999&term_src=title:47:chapter:5:subchapter:I:section:152

Page 3 -    DIGICEL HAITI'S MOTION TO STAY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

and/or is received within the United States,[4] and to all persons[5] engaged within the United States in such communication or such transmission of energy by radio, and to the licensing and regulating of all radio stations[6] as hereinafter provided.  47 U.S.C. § 152(b).  *See also*, *Primary Jurisdiction Referrals Involving Common Carriers*, Public Notice, 15 FCC Rcd 22,449 (2000); Richard Welch, FCC Associate General Counsel, Blog Post, *Demystifying Primary Jurisdiction Referrals* (Jul. 29, 2010), https://www.fcc.gov/news-events/blog/2010/07/29/demystifying-primary-jurisdiction-referrals (stating that "In the communications law context, a primary jurisdiction referral typically occurs when private litigants raise an issue in court (most often a federal district court) that involves a contested interpretation of the Communications Act, the FCC's rules, or an FCC order – in other words, a dispute over an issue that the Commission has the congressionally delegated authority to resolve.").  Trial courts have frequently stayed proceedings on such grounds.  *Total Telecomms. Servs., Inc. v. AT&T*, 919 F. Supp. 472, 478 (D.D.C. 1996) (finding that "the resolution of these issues involve policy considerations concerning the public interest and technical questions relating to TTS's tariff and operating structure, that the Communications Act has vested the FCC with the mandate to determine.").  The Communications Act-related issues in this case substantially implicate the FCC's existing and comprehensive regulatory rules, policies, and practices governing international telecommunications and roaming services.

---

[4] 47 U.S.C § 153(58), available at https://www.law.cornell.edu/definitions/uscode.php?width=840&height=800&iframe=true&def_id=47-USC-2032517217-1952898755&term_occur=999&term_src=title:47:chapter:5:subchapter:I:section:152

[5] 47 U.S.C § 153(39), available at https://www.law.cornell.edu/definitions/uscode.php?width=840&height=800&iframe=true&def_id=47-USC-991716523-1952898694&term_occur=999&term_src=

[6] 47 U.S.C. § 153(42), available at https://www.law.cornell.edu/definitions/uscode.php?width=840&height=800&iframe=true&def_id=47-USC-1356563983-1952898718&term_occur=999&term_src=title:47:chapter:5:subchapter:I:section:152

Page 4 -    DIGICEL HAITI'S MOTION TO STAY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

Applying the third *Syntek* factor, Digicel Haiti believes that the Court should defer to the FCC on primary jurisdiction grounds in order to permit the FCC to apply its expertise and promote uniformity and consistency of regulation of international telecommunications services and roaming services. Pursuant to the Communications Act, the FCC has established regulations, policies, and practices governing: (1) the licensing of providers of international telecommunications services, 47 C.F.R. Part 63; (2) the nature of resale services, *Regulatory Policies Concerning Resale and Shared Use of Common Carrier Services, Report and Order*, 60 FCC.2d 261, 271 ¶ 17 (1976), and the distinction between resale services and roaming services, *Amendment to Parts 1 and 63 of the Commission's Rules*, Report and Order, 22 FCC Rcd 11,398, 11,404 ¶ 8 (2007); (3) the nature of an offering under the test for common-carriage set forth in *National Ass'n of Regulatory Utility Comm'ners v. FCC*, 533 F.2d 601, 608 (D.C. Cir. 1976); and (4) the nature of unjust and unreasonable charges, practices, classifications, and regulations under Section 201 and the nature of unreasonable discrimination under Section 202. These are all questions that are central to the resolution of the Communications Act claims in this case. There is no question that the FCC therefore, has the expertise to best address those issues.

Regarding uniformity of regulation, as Digicel Haiti has noted [ECF 397], UPM's regulatory theories are wholly inconsistent with the absence of any FCC licensing of foreign mobile carriers (as opposed to their U.S. affiliates) and the absence of FCC enforcement actions for any failure to obtain such licenses. Digicel Haiti believes that the FCC is best positioned to address the application of the Communications Act here, while ensuring consistency with its existing regulatory rules, policies, and practices. Trial courts have frequently stayed proceedings on such grounds. *See, e.g., Sprint Spectrum L.P. v. AT&T Corp.,* 168 F. Supp. 2d 1095, 1096 (W.D. Mo. 2001) (finding that "[r]eferral to the FCC is especially appropriate in this case for the additional reason that only the FCC can ensure a uniform national resolution of the issues presented"); *Total Telecomms.*, 919 F. Supp. at 978 (stating that "[t]he powers granted to the FCC are a reflection of Congress' intention that one governmental entity be vested with the

Page 5 -    DIGICEL HAITI'S MOTION TO STAY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

responsibility of developing, coordinating and enforcing a uniform telecommunications policy.").

A stay would permit Digicel Haiti and/or UPM to consult with the FCC regarding procedural issues and to petition the FCC for entry of an order addressing the Communications Act issues by way of a declaratory ruling on the issues noted herein. As the FCC itself has said, the term "primary jurisdiction referral" is a misnomer, as the court would not make a "referral" to the FCC. *See* Welch, *Demystifying Primary Jurisdiction Referrals*. Rather, it is the parties that would seek relief from the FCC. Upon resolution of the issues raised with the FCC, this Court would then recognize the FCC's decision on those issues as a binding statement of law. *Id.*

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

Page 6 -   DIGICEL HAITI'S MOTION TO STAY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

## CONCLUSION

For the reasons stated herein, Digicel Haiti respectfully requests that the Court grant Digicel Haiti's motion to stay Defendant UPM's counterclaims pending FCC action on the Communications Act issues noted herein.

Dated this 19th day of September, 2022.

Respectfully submitted,

By: *s/ Kent D. Bressie*
Anne M. Talcott, OSB #965325
Email: atalcott@schwabe.com
Kathryn E. Kelly, OSB #175162
Email: kkelly@schwabe.com
Andrew J. Lee, OSB #023646
Email: ajlee@schwabe.com
Sarah Kobak, OSB #043495
Email: skobak@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Telephone: 503.222.9981
Facsimile: 503.796.2900

Robert C. L. Vaughan (*Pro Hac Vice*)
Email: rvaughan@kvllaw.com
Cherine Smith Valbrun (*Pro Hac Vice*)
Email: cvalbrun@kvllaw.com
Leah B. Storie (*Pro Hac Vice*)
Email: lstorie@kvllaw.com
Anisha Carla Atchanah
Email: Aatchanah@kvllaw.com
KIM VAUGHAN LERNER LLP
312 SE 17th Street, Suite 300
Fort Lauderdale, FL 33316
Telephone: (954) 527-1115
Facsimile: (954) 527-1116

Kent D. Bressie (*Pro Hac Vice*)
Email: kbressie@hwglaw.com
HWG LLP
1919 M Street N.W., Suite 800
Washington, D.C. 20036
Telephone: 202.730.1337
Facsimile: 202.730.1303

*Attorneys for Plaintiff, Unigestion Holdings, S.A., a Foreign Corporation, d/b/a Digicel Haiti*

Page 7 -   DIGICEL HAITI'S MOTION TO STAY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

PDX\AMT\34769226.1