**Kathryn P. Salyer**, OSB #883017
**Eleanor A. DuBay**, OSB #073755
**Blake Van Zile,** OSB #184672
ksalyer@tomasilegal.com
edubay@tomasilegal.com
bvanzile@tomasilegal.com
Tomasi Bragar DuBay
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204-3136
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

**Christopher W. Savage**, D.C. Bar #362657
chrissavage@dwt.com
(Admitted *Pro Hac Vice*)
Davis Wright Tremaine LLP
1301 K Street NW, Suite 500 East
Washington, DC 20005-3317
Telephone: (202) 973-4200
Facsimile: (202) 973-4499

      Attorneys for Counterclaim Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDING, S.A.**, a foreign corporation, d/b/a **DIGICEL HAITI**, | Case No. 3:15-CV-00185-SI |
|     Plaintiff & Counterclaim-Defendant, | **COUNTERCLAIM PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** |
|     v. | |
| **UPM TECHNOLOGY, INC.**, *et al.,* | |
|     Defendants & Counterclaim-Plaintiffs | |

Pursuant to the Court's Civil Trial Management Order [ECF #191], Counterclaim Plaintiff UPM Technology, Inc. submits its requested jury instructions.  UPM respectfully reserves the right to alter, amend, and/or supplement the following requested jury instructions, as appropriate and required.

I.    **UPM's Requested 9th Circuit Model Civil Jury Instructions**

- MCJI No. 1.8 Two or More Parties—Different Legal Rights

- MCJI No. 1.9 What is Evidence

- MCJI No. 1.10 What is Not Evidence

- MCJI No. 1.12 Direct and Circumstantial Evidence

- MCJI No. 2.11        Use of Interrogatories

- MCJI No. 2.14 Charts and Summaries Not Received in Evidence

- MCJI No. 2.15 Charts and Summaries Received in Evidence

- MCJI No. 2.16 Evidence in Electronic Format

- MCJI No. 3.2 Consideration of Evidence

II.    **UPM's Requested Special Instructions**

| I # | Title | Comments | Page |
|---|---|---|---|
| 1. | Burden of Proof | UCJI No. 14.01 | 1 |
| 2. | Preponderance of the Evidence | UCJI No. 14.02 | 2 |
| 3. | Less Satisfactory Evidence | UCJI No. 12.01 | 3 |
| 4. | Evaluating Witness Testimony | UCJI No. 10.03 (modified) | 4 |
| 5. | Expert Witness | UCJI No. 10.06 | 5 |
| 6. | Corporation Acts Through Agents | UCJI No. 30.03 | 6 |

Page 2 – COUNTERCLAIM PLAINTIFF'S PROPOSED JURY INSTRUCTIONS
UPM-L1\00686834.000

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

| 7. | Principal Defined | UCJI No. 30.04 | 7 |
|---|---|---|---|
| 8. | Actual Agent | UCJI No. 30.04a | 8 |
| 9. | Actual Authority | UCJI No. 30.04b | 9 |
| 10. | Apparent Agent | UCJI No. 30.04c | 10 |
| 11. | Violations of the Communication Act—Carriers | Special Instruction | 11-12 |
| 12. | Violations of the Communication Act—Restrictions on Resale | Special Instruction | 13 |
| 13. | Contract Defined | UCJI No. 65.01 (modified) | 14 |
| 14. | Offer and Acceptance | UCJI No. 65.02 | 15 |
| 15. | Offer Defined | UCJI No. 65.03 | 16 |
| 16. | Acceptance Defined | UCJI No. 65.04 | 17 |
| 17. | Method of Acceptance—Specified by Offer | UCJI No. 65.05 | 18 |
| 18. | Method of Acceptance—Unspecified by Offer | UCJI No. 65.06 | 19 |
| 19. | Implied-in-Fact Contract | Special Instruction | 20 |
| 20. | Breach of Contract Defined | UCJI No. 65.15 | 21 |
| 21. | Damages—Breach of Contract | UCJI No. 65.18 (modified) | 22 |
| 22. | Contractual Duty of Good Faith | UCJI No. 65.22 | 23 |
| 23. | Money Had and Received | Special Instruction | 24 |
| 24. | Conversion | Special Instruction | 25 |
| 25. | Intent Defined | UCJI No. 40.06 | 26 |
| 26. | Unjust Enrichment | Special Instruction | 27 |
| 27. | Causation—"But For" | UCJI No. 23.01 | 28 |

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

| 28. | Causation—Substantial Factor | UCJI No. 23.02 | 29 |
|---|---|---|---|
| 29. | Damages—Preliminary Instruction | UCJI No. 70.01 (modified) | 30 |
| 30. | Consequential Damages | Special Instruction | 31 |
| 31. | Damages for Lost Profits | UCJI No. 77.11 (modified) | 32 |
| 32. | Punitive Damages—General | UCJI No. 75.02 | 33-34 |
| 33. | Clear and Convincing Evidence | UCJI No. 14.03 | 35 |
| 34. | Punitive Damages—Malice Defined | UCJI No. 75.02C | 36 |

Dated: September 30, 2022.

TOMASI BRAGAR DUBAY

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    Blake Van Zile, OSB #184672
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    bvanzile@tomasilegal.com
    Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    *(Admitted Pro Hac Vice)*
    Katherine Sheriff
    katherinesheriff@dwt.com
    Telephone: (202) 973-4200

Of Attorneys for Counterclaim Plaintiffs

***TOMASI BRAGAR DUBAY***
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

## BURDEN OF PROOF

## UCJI 14.01

A party must prove any claim that party has made. This is called the burden of proof.

In this case, the plaintiff must prove its claims by a preponderance of the evidence.

UPM-L1\00686835.000

## PREPONDERANCE OF THE EVIDENCE

### UCJI 14.02[1]

When a party must prove a claim by a preponderance of the evidence, that party must persuade you by evidence that makes you believe the claim is more likely true than not true.

After weighing all of the evidence, if you cannot decide that something is more likely true than not true, you must conclude that the party did not prove it. You should consider all of the evidence, no matter who produced it.

---

[1]    COMMENT: *See* ORS 10.095(5); *Riley Hill Gen. Contractor, Inc. v. Tandy Corp.*, 303 Or 390, 394, 737 P.2d 595 (1987).

UPM-L1\00686835.000

## LESS SATISFACTORY EVIDENCE

### UCJI 12.01[2]

In evaluating the evidence, you may consider the power of each side to produce evidence. If weaker and less satisfactory evidence is offered by either party when it appears that the party could have produced stronger and more satisfactory evidence, the evidence offered should be viewed with distrust.

---

[2]    COMMENT: *See* ORS 10.095(7)–(8); *see generally State v. McDonnell*, 313 Or 478, 497–503, 837 P.2d 941 (1992) (explanation of when this instruction should not be given in a criminal case); *Hutcheson v. City of Keizer*, 169 Or. App. 510, 524–28, 8 P.3d 1010 (2000); *Lakin v. Senco Products, Inc.*, 144 Or. App. 52, 63–65, 925 P.2d 107 (1996), *aff'd*, 329 Or 62, 987 P.2d 463, *clarified*, 329 or 369, 987 P.2d 476 (1999).

UPM-L1\00686835.000

**EVALUATING WITNESS TESTIMONY**

**UCJI No. 10.03[3] (modified)**

The term *witness* includes every person who has testified in this case. Every witness has taken an oath to tell the truth. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

(1)    The opportunity and ability of the witness to see, hear, or know about the things the witness told you.

(2)    The witness's memory and any other factors affecting their cognitive abilities.

(3)    The witness's manner while testifying.

(4)    The witness's interest in the outcome of the case and any bias or prejudice.

(5)    Whether other evidence contradicted the witness's testimony.

(6)    The reasonableness of the witness's testimony in light of all the evidence.

(7)    Evidence concerning the character of the witness for truthfulness.

---

[3]    COMMENT: ORS 44.370; OEC 609-1 (ORS 40.360) (impeachment for bias).

Paragraphs 7, 8, and 9 should be given only if applicable. *See* OEC 608 (ORS 40.350), OEC 609 (ORS 40.355).

UPM-L1\00686835.000

## EXPERT WITNESS

### UCJI 10.06[4]

An expert witness may give an opinion on any matter in which that witness has special knowledge, skill, experience, training, or education. The opinion may be given in response to a hypothetical question. A hypothetical question asks a witness to assume that certain facts are true, and then to give an opinion based on those assumed facts.

You should consider the qualifications and credibility of the expert witness, the reasons given for the opinion, and the reasonableness of any assumptions underlying the opinion. You are not bound by the opinion. Give it the weight, if any, to which you consider it entitled.

---

[4]     COMMENT: *See* OEC 702 (ORS 40.410); *Wulff v. Sprouse-Reitz Co.*, 262 Or 293, 305, 498 P.2d 766 (1972); *see also McEwen v. Ortho Pharmaceutical Corp.*, 270 Or 375, 391–92 n 14, 528 P.2d 522 (1974); *Koch v. Southern Pacific Co.*, 266 Or 335, 341, 513 P.2d 770 (1973); *Kennedy v. Industrial Acc. Com.*, 218 Or 432, 434–36, 345 P.2d 801 (1959).

UPM-L1\00686835.000

## CORPORATION ACTS THROUGH AGENTS

### UCJI 30.03[5]

A corporation can act only through its officers, agents, or employees. Any action by the agent of the corporation is the act of that corporation if the act was within the scope of that person's authority.

---

[5]     COMMENT: *Thayer v. Or. Fed'n of Square Dance Clubs*, 258 Or 302, 306–07, 482 P.2d 717 (1971); *Doe v. Oregon Conference of Seventh-day Adventists*, 199 Or. App. 319, 327–29, 111 P.3d 791 (2005); *Gritzbaugh Main St. Props. v. Greyhound Lines*, 205 Or. App. 640, 652, 135 P.3d 345 (2006), *adh'd to on recons*, 207 Or. App. 628, 142 P.3d 514 (2006), *rev den*, 342 Or 299 (2007) (corporation cannot willfully disobey a court order unless it does so through its officers and agents).

UPM-L1\00686835.000

**PRINCIPAL DEFINED**

**UCJI 30.04**[6]

The person who authorizes or appears to authorize an agent to act is called the principal. A principal may be liable for acts of an agent.

---

[6]    COMMENT: *Jensen v. Medley*, 336 Or 222, 231–39, 82 P.3d 149 (2003) (distinguishing employee or servant agent from nonservant agent); *Sullivan v. Josephine Cnty.*, 18 Or. App. 432, 436, 525 P.2d 1071 (1974). *See also* ORS 670.600(2) (defining *independent contractor*).

If the agent is an employee, see UCJI 57.05 for a scope-of-employment instruction.

UPM-L1\00686835.000

## ACTUAL AGENT

## UCJI 30.04A[7]

A person or entity is an actual agent when a principal, through words or conduct, gives that person or entity the authority to act on the principal's behalf subject to the principal's control and that person or entity agrees to act on the principal's behalf.

---

[7]     COMMENT: *Phez Co. v. Salem Fruit Union*, 113 Or 398, 429, 233 P 547 (1925); *Checkley v. Boyd*, 198 Or. App. 110, 134, 107 P.3d 65, *rev den*, 338 Or 583 (2005); *Themins v. Emmanuel Lutheran Charity Bd.*, 54 Or. App. 901, 907–08, 637 P.2d 155 (1981), *rev den*, 292 Or 568 (1982); *see also Jensen v. Medley*, 336 Or 222, 231–39, 82 P.3d 149 (2003) (distinguishing employee from nonservant agent).

## ACTUAL AUTHORITY

### UCJI 30.04B [8]

Actual authority exists when a principal, through words or conduct, directs an agent to act, and includes any other acts that are reasonably necessary to carry out the authorized act.

---

[8]     COMMENT: *Taylor v. Werner Enterprises, Inc.*, 329 Or 461, 468, 988 P.2d 384 (1999); *Wiggins v. Barrett & Associates, Inc.*, 295 Or 679, 686–87, 669 P.2d 1132 (1983); *Cascade Warehouse Co. v. Dyer*, 256 Or 377, 381, 474 P.2d 325 (1970); *Checkley v. Boyd*, 198 Or. App. 110, 134, 107 P.3d 65, *rev den*, 338 Or 583 (2005); *Kaiser Found. Health Plan of the Nw. v. Doe*, 136 Or. App. 566, 573, 903 P.2d 375 (1995), *modified on recons*, 138 Or. App. 428, *rev den*, 324 Or 394 (1996).

UPM-L1\00686835.000

## APPARENT AGENT

### UCJI 30.04C[9]

A person or an entity is an apparent agent if a principal, through words or conduct, leads a third person to reasonably believe that the person or entity is authorized to act for the principal, and the third person relies upon that belief even though no actual authority exists.

---

[9]     COMMENT: *Checkley v. Boyd*, 198 Or. App. 110, 134, 107 P.3d 651, *rev den*, 338 Or 585 (2005); *Themins v. Emmanuel Lutheran Charity Bd.*, 54 Or. App. 901, 908, 637 P.2d 155 (1981), *rev den*, 292 Or 568 (1982); *see also Jensen v. Medley*, 336 Or 222, 231–39, 82 P.3d 149 (2003) (distinguishing servant agent or employee from nonservant agent); *Miller v. McDonald's Corp.*, 150 Or. App. 274, 282 n 4, 945 P.2d 1107 (1997) ("Apparent agency is a distinct concept from apparent authority. Apparent agency creates an agency relationship that does not otherwise exist, while apparent authority expands the authority of an actual agent.").

UPM-L1\00686835.000

## VIOLATIONS OF THE COMMUNICATIONS ACT—CARRIERS

### Special Instruction

The plaintiff claims that the defendant was a common carrier and a telecommunications carrier (a "carrier") under the federal Communications Act of 1934, as amended (the "Act"). To be a carrier under the Act, an entity must offer telecommunications to the public for a fee, regardless of the facilities used to offer the service.[10]

"Telecommunications" means sending a user's information where the user directs it to be sent; telephone calls, including calls to or from wireless telephones, are "telecommunications."[11]

Offering telecommunications "for a fee" means that the user is a paying customer, *i.e.,* that the user is charged something for the service.[12]    Offering telecommunications to "the public" does not mean that the service is literally offered to the entire public. It just means that the service is offered to whatever subset of the "public" could make use of the services, even if that is limited to people or entities that have access to particular equipment or have specialized needs, and even if the number of potential users is small.[13] What matters is that the entity not engage in extensive individualized negotiations with potential customers over price or the technical features of the service.[14] If it does not, then it is offering its services to "the public."

"Resale" means that one carrier buys the services of another carrier, and then

---

[10]    47 U.S.C. §§ 153(11), (50), (51), & (53); 47 U.S.C. § 152(a).

[11]    47 U.S.C. § 153(50)

[12]    47 U.S.C. § 153(53*); Northern Valley Communs., LLC v. FCC,* 717 F.3d 1017, 1019 (D.C. Cir. 2012).

[13]    *Nat'l Ass'n of Regulatory Util. Comm'rs v. FCC*, 525 F.2d 630 (D.C. Cir. 1976); *Nat'l Ass'n of Regulatory Util. Comm'rs v. FCC*, 533 F.2d 601 (D.C. Cir. 1976); *Verizon Cal. Inc. v. FCC*, 555 F.3d 270 (D.C. Cir. 2008); *Protecting and Promoting the Open Internet*, Report and Order On Remand, Declaratory Ruling, and Order, 30 FCC Rcd. 5601 (2015), aff'd, *United States Telecomm. Ass'n v. FCC*, 825 F.3d 674 (D.C. Cir. 2016).

[14]    *Orloff v. FCC,* 352 F.3d 415 (D.C. Cir. 2003).

provides those same services to third party customers for profit.[15] Because an entity is a "carrier" even if it has no physical facilities of its own and merely resells the services of another carrier, resellers are themselves carriers because they are offering telecommunications services to the public for a fee.[16]

---

[15] *Id.*

[16] 47 U.S.C. § 153(53); *Regulatory Policies Concerning Resale and Shared Use of Common Carrier Services and Facilities*, Report and Order, 60 F.C.C.2d 261 (1976), amended by, 62 F.C.C.2d 588 (1977), aff'd, *AT&T v. FCC,* 572 F.2d 17 (2d Cir. 1978).

# VIOLATIONS OF THE COMMUNICATIONS ACT—RESTRICTIONS ON RESALE

## Special Instruction

It is a violation of both Section 201 and Section 202 of the Act for a carrier to ban or restrict the resale of its services.[17]

The plaintiff claims that the defendant was a carrier and that the defendant prevented the plaintiff from reselling the defendant's "Roam Like You're Home" service by blocking (deactivating) the SIM cards that the plaintiff had paid the defendant to enroll in the Roam Like You're Home Service.

Plaintiff must prove that the defendant was a carrier, that the plaintiff was reselling the defendant's services, and that the defendant blocked or restricted that resale, by a preponderance of the evidence.

---

[17]    *Regulatory Policies Concerning Resale and Shared Use of Common Carrier Services and Facilities*, Report and Order, 60 F.C.C.2d 261 (1976), amended by, 62 F.C.C.2d 588 (1977), aff'd, *AT&T v. FCC,* 572 F.2d 17 (2d Cir. 1978).

UPM-L1\00686835.000

# CONTRACT DEFINED

## UCJI 65.01[18] (modified)[19]

A *contract* is a legally enforceable promise or set of promises.  A contract can be express or implied.

The only difference between an express contract and an implied contract is the means by which the parties manifest their agreement. In an express contract, the parties manifest their agreement by their words, whether written or spoken.  In an implied-in-fact contract, the parties' agreement is inferred, in whole or in part, from their conduct, without the need for any spoken or written words.

The two types of contracts have the same legal effect and contracts created by conduct are just as valid as contracts created by words.

---

[18]    COMMENT: *Ashby v. Employment Div*, 21 Or. App. 265, 268, 534 P.2d 1160 (1975); *Restatement (Second) of Contracts* § 1 (1981).

[19]    *Staley v. Taylor*, 165 Or. App. 256, 262, 994 P.2d 1220 (2000); *see also Mindful Insights, Ltd. Liab. Co. v. VerifyValid, Ltd. Liab. Co.*, 301 Or. App. 256, 266, 454 P.3d 787 (2019), *adh'd to on recons*, 302 Ore. App. 528, 461 P.3d 1034 (2020); *Moyer v. Columbia State Bank*, 315 Or. App. 728, 737-38, 503 P.3d 472 (2021).

UPM-L1\00686835.000

## OFFER AND ACCEPTANCE

### UCJI 65.02[20]

For a contract to exist, there must be an offer that is accepted.

---

[20]     COMMENT: *Klimek v. Perisich*, 231 Or 71, 78, 371 P.2d 956 (1962); *Simmons v. All Am. Life Ins. Co.*, 115 Or. App. 409, 412, 838 P.2d 1088 (1992), *rev den*, 315 Or 312 (1993).

UPM-L1\00686835.000

## OFFER DEFINED

### UCJI 65.03[21]

An *offer* is a proposal communicated by either words, conduct, or both that would reasonably lead the party to whom it is made to believe that the proposal is intended to create a contract if accepted.

---

[21]     COMMENT: *Southworth v. Oliver*, 284 Or 361, 370–72, 587 P.2d 994 (1978); *Real Estate Loan Fund Oreg. Ltd. v. Hevner*, 76 Or. App. 349, 355, 709 P.2d 727 (1985).

UPM-L1\00686835.000

**ACCEPTANCE DEFINED**

**UCJI 65.04**[22]

An *acceptance* is either words, conduct, or both that would reasonably lead the party who made the offer to believe the essential terms of the offer had been agreed to.

A response that changes, adds to, or qualifies the essential terms of the offer is not an acceptance.

---

[22]     COMMENT: *Doughty Appliance, Inc. v. White*, 282 Or 757, 760, 580 P.2d 186 (1978); *Klimek v. Perisich*, 231 Or 71, 78–80, 371 P.2d 956 (1962); *Wagner v. Rainier Mfg. Co.*, 230 Or 531, 538, 371 P.2d 74 (1962); *Pac. Photocopy, Inc. v. Canon U. S. A., Inc.*, 57 Or. App. 752, 757–58, 646 P.2d 647, *rev den*, 293 Or 635 (1982); *Restatement (Second) of Contracts* § 50(1) (1981); *see also Phillips v. Johnson*, 266     Or 544, 555–56, 514 P.2d 1337 (1973); *Kantor v. Boise Cascade Corp.*, 75 Or. App.   698, 707–08, 708 P.2d 356 (1985).

Depending on the issues in the case, the word *essential* may be needed and the jury may need instruction regarding what terms are essential.

UPM-L1\00686835.000

## METHOD OF ACCEPTANCE—SPECIFIED BY OFFER

## UCJI 65.05[23]

If the offer specifies a particular method of acceptance, that method must be used to accept the offer.

---

[23]     COMMENT: *Cochran v. Connell*, 53 Or. App. 933, 937, 632 P.2d 1385, *rev den*,  292 Or 109 (1981); *Restatement (Second) of Contracts* § 58 (1981).

UPM-L1\00686835.000

## METHOD OF ACCEPTANCE—UNSPECIFIED BY OFFER

## UCJI 65.06[24]

If the offer does not specify a particular method of acceptance, the party wishing to accept the offer may do so by any words and/or conduct which, under the circumstances, would lead a reasonable person to conclude that the offer had been accepted.

---

[24]    COMMENT: *Killam v. Tenney*, 229 Or 134, 150, 366 P.2d 739 (1961); *Snyder v. Pynn*, 50 Or. App. 449, 455, 623 P.2d 1090 (1981).

UPM-L1\00686835.000

## IMPLIED-IN-FACT CONTRACT

## Special Instruction[25]

An implied-in-fact contract, like an express contract, is based upon the mutual agreement and intent of the parties. In deciding whether a contract was created, and the terms of the parties agreement, you should consider the conduct and relationship of the parties, as well as all the circumstances of the case.

---

[25]     *Mindful Insights, Ltd. Liab. Co. v. VerifyValid, Ltd. Liab. Co*., 301 Or. App. 256, 266, 454 P.3d 787 (2019), *adh'd to on recons*, 302 Ore. App. 528, 461 P.3d 1034 (2020); *Owen v. Bradley*, 231 Or. 94, 103, 371 P.2d 966 (1962); *Yoshida's Inc. v. Dunn Carney Allen Higgins & Tongue LLP*, 272 Ore. App. 436, 457, 356 P.3d 121, 2015 Ore. App. LEXIS 930; *Staley v. Taylor*, 165 Or. App. 256, 262 n.6, 994 P.2d 1220 (2000).

UPM-L1\00686835.000

## BREACH OF CONTRACT DEFINED

### UCJI 65.15[26]

A *breach of contract* occurs when a party fails to perform as required by the contract.

---

[26] COMMENT: *Kantor v. Boise Cascade Corp.*, 75 Or. App. 698, 703, 708 P.2d 356 (1985), *rev den*, 300 Or 506 (1986).

UPM-L1\00686835.000

## DAMAGES—BREACH OF CONTRACT

### UCJI 65.18[27] (modified)[28]

If there is an implied-in-fact contract, and the defendant breached the contract, then you must decide if the breach caused a loss and, if so, how much money should be paid.

The mere fact that I am talking about money does not mean that you should or should not award any money.

You can award money for those damages that arise naturally and necessarily from the breach of contract and would place the plaintiff in the same position as if the contract had not been breached, including plaintiff's lost profits (see instructions below).

---

[27]    COMMENT: *Borton v. Medicine Rock Land Co.,* 275 Or 59, 67, 549 P.2d 1122 (1976); *Senior Estates, Inc. v. Bauman Homes, Inc.,* 272 Or 577, 584−86, 539 P.2d 142 (1975); *Braught v. Granas,* 73 Or. App. 488, 493−94, 698 P.2d 1012 (1985); *Siler v. Turnbull,* 71 Or. App. 787, 790, 693 P.2d 1323 (1985).

Breach of contract cases take many forms and particular care should be taken to adapt this instruction as needed.

For instruction on lost profit damages, see UCJI 77.01.

[28]    *Staley v. Taylor*, 165 Or. App. 256, 262, 994 P.2d 1220 (2000); *Welch v. U.S. Bancorp*, 286 Or 673, 703-06, 596 P.2d 947 (1979); *Willamette Quarries, Inc. v. Wodtli*, 93 Or. App. 306, 309-10, 761 P.2d 1356, 1359 (1988), citing *Buck v. Mueller*, 221 Or 271, 282, 351 P.2d 61 (1960); *Hillstrom v. McDonald's Corporation*, 88 Or. App. 444, 448, 746 P.2d 222 *rev den* 305 Or 103 (1988).

## CONTRACTUAL DUTY OF GOOD FAITH

### UCJI 65.22[29]

The duty of good faith requires the parties to act in a manner that carries out their objectively reasonable expectations in performing and  enforcing the contract. This duty, however, cannot be used to contradict  the stated terms of the contract.

The plaintiff claims that the defendant breached the duty of good faith by deactivating the SIM cards and RLYH plans and recharges/top-ups that plaintiff purchased and was not allowed to use.

---

[29]     COMMENT: *Uptown Heights Associates Ltd. P'hip v. Seafirst Corp*., 320 Or 638, 644–45, 891 P.2d 639 (1995); *Hampton Tree Farms, Inc. v. Jewett*, 320 Or 599, 615, 892 P.2d 683 (1995); *Pac. First Bank v. New Morgan Park Corp*., 319 Or 342, 344 n 1, 350–55, 876 P.2d 761 (1994); *Tolbert v. First Nat'l Bank of Oregon*, 312 Or 485, 493–94, 823 P.2d 965 (1991); *Sheets v. Knight*, 308 Or 220, 232–33, 779 P.2d 1000 (1989); *Best v. U.S. Nat'l Bank of Oregon*, 303 Or 557, 561–65, 739 P.2d 554 (1987).

## MONEY HAD AND RECEIVED

### Special Instruction [30]

Plaintiff claims that it is entitled to reimbursement in the amount of $143,540 on account of the funds that defendant received from plaintiff for RLYH plans and recharges/top-ups that UPM was not allowed to use.  Plaintiff is entitled to recover the amount paid to defendant if:

1.     The defendant received money from the plaintiff that was intended to be used for the benefit of plaintiff;

2.     The money was not used for the benefit of plaintiff; and

3.     Defendant has not returned the money to plaintiff.

---

[30]     *Spada Props. v. Unified Grocers, Inc.*, 38 F. Supp. 3d 1223, 1233 (D. Or. 2014), citing *Hogan v. Aluminum Lock Shingle Corp.*, 214 Or. 218, 225, 329 P.2d 271 (1958));  *Belmont Int'l, Inc. v. Am. Int'l Shoe Co.*, 313 Or. 112, 124, 831 P.2d 15 (1992); *C.A.M. Concepts, Inc. v. Gwyn*, 206 Ore. App. 122, 128, 136 P.3d 60 (2006); *Rosenblum v. First State Bank*, 283 Or. 123, 131 n.1, 581 P.2d 515 (1978).

UPM-L1\00686835.000

## CONVERSION

## Special Instruction[31]

Plaintiff claims that defendant intentionally deprived it of the RLYH service (and the benefit of the associated enrollment fees) and top-ups/recharges that UPM purchased by blocking the use of Plaintiff's SIM cards, which so seriously interfered with plaintiff's right to use the property that defendant should be required repay the full value of the top-ups/recharges and RLYH enrollment fees ($143,540).

A person may commit conversion even where that person mistakenly believes that they are legally entitled to the property or otherwise acted in good faith. Rather, the essential issue to consider is whether defendant intended to possess and control the property over plaintiff's right to the property.

In determining the seriousness of the interference and the justice of requiring the defendant to pay the full value, you should consider the following factors:

(a) the extent and duration of the actor's exercise of dominion or control;

(b) the actor's intent to assert a right in fact inconsistent with the other's right of control;

(c) the extent and duration of the resulting interference with the defendant's right of control and use of the SIM cards and purchased minutes;

(d) the harm done to the property;

(e) the inconvenience and expense caused to the plaintiff.

---

[31]    *Mustola v. Toddy*, 253 Or. 658, 663-64, 456 P.2d 1004 (1969), adopting *Restatement (Second) Torts* § 222A(1)-(2) (1965); *Allison v. Dolich*, 321 Or. App. 721 (2022), citing *Fogh v. McRill*, 153 Ore. App. 159, 167, 956 P.2d 236, *rev den*, 327 Ore. 431 (1998); *Restatement (Second) of Torts* § 222A, comment a (1965).

*Briggs v. Lamvik*, 242 Or. App. 132, 141-42, 255 P.3d 518 (2011);  *Naas v. Lucas*, 86 Or. App. 406, 409, 739 P.2d 1051, *adh'd to as modified on recons*, 88 Ore. App. 141, 744 P.2d 586, *rev den*, 304 Ore. 680, 748 P.2d 142 (1987).

## INTENT DEFINED

### UCJI 40.06[32]

Intent means either:

(1)     the actor desired to cause the consequences of their actions; or

(2)     the actor believed that the consequences were substantially certain to result from their actions.

---

[32]     COMMENT: *McGanty v. Staudenraus*, 321 Or 532, 549–51, 901 P.2d 841 (1995) (adopting *Restatement (Second) of Torts* §8A).

UPM-L1\00686835.000

## UNJUST ENRICHMENT

### Special Instruction[33]

Plaintiff claims that defendant has received funds totaling $143,540 for the purchase of RLYH service and top-ups/recharges, which defendant blocked plaintiff from using, and has not reimbursed plaintiff for the amounts paid.

If the parties do not have an enforceable contract, and the defendant has been unjustly enriched at the plaintiff's expense, the defendant has an equitable duty to make restitution.

If the plaintiff spent money to maintain, improve or add value to property that it reasonably expected to retain, but that expectation has been frustrated and the defendant, instead, benefited from plaintiff's expenditure by retaining these funds, plaintiff is entitled to recover the amount of money the defendant received to prevent unjust enrichment.

---

[33]    *L.Q. Dev. v. Mallory*, 98 Or. App. 121, 125-126, 778 P.2d 972 (1989); *Neel v. Lee*, 316 Or. App. 159, 183, 504 P.3d 26, 40 (2021); *Hoag Living Tr. v. Hoag*, 292 Or. App. 34, 45-47, fn. 6-7, 424 P.3d 731 (2018), quoting *Restatement* §§ 27, 31 (2011).

UPM-L1\00686835.000

## CAUSATION—"BUT FOR"

## UCJI 23.01[34]

The defendant's conduct is a cause of the plaintiff's harm if the harm would not have occurred but for that conduct; conversely, the defendant's conduct is not a cause of the plaintiff's harm if that harm would have occurred without that conduct.

---

[34]    COMMENT: *Joshi v. Providence Health Sys. of Oregon Corp.*, 342 Or 152, 161, 149 P.3d 1164 (2006). In *Joshi*, the Oregon Supreme Court made clear that there are two standards for causation under Oregon law—"but for" causation and the "substantial factor" standard. The court explained that "the two standards apply to different types of negligence cases." *Joshi*, 342 Or at 162.

For example, the *Joshi* court explained that "[t]he 'but-for' test for causation, in which a plaintiff must demonstrate that the defendant's negligence more likely than not caused the plaintiff's harm, applies to the majority of cases." *Joshi*, 342 Or at 162.

At the same time, the Joshi court noted that the "substantial factor" standard applies to certain types of cases, such as cases involving multiple tortfeasors. *Joshi*, 342 Or at 161–62.

The UCJI Committee has provided pattern instructions for each causation standard. The trial court, with the assistance of the parties, must determine which standard applies to a particular case.

UPM-L1\00686835.000

## CAUSATION—"SUBSTANTIAL FACTOR"

### UCJI 23.02[35]

Many factors may operate either independently or together to cause harm. In such a case, each may be a cause of the harm even though the others by themselves would have been sufficient to cause the same harm.

If you find that the defendant's act or omission was a substantial factor in causing the harm to the plaintiff, you may find that the defendant's conduct caused the harm even though it was not the only cause.

---

[35] COMMENT: *Lasley v. Combined Transp., Inc.*, 351 Or 1, 7–10, 261 P.3d 1215 (2011); *Joshi v. Providence Health Sys. of Oregon Corp.*, 342 Or 152, 161–62, 149 P.3d 1164 (2006); *McEwen v.* Ortho Pharm. Corp., 270 Or 375, 418, 528 P.2d 522 (1974).

See comment to UCJI 23.01.

The final sentence is bracketed because the UCJI Committee could find no Oregon case defining *substantial factor* in this context. *See Lyons v. Walsh & Sons Trucking Co., Ltd.*, 183 Or. App. 76, 83 n 5, 51 P.3d 625 (2002), *aff'd on other grounds*, 337 Or 319 (2004) (quoting this "substantial factor" language with apparent approval). Most commentators consider the phrase undefinable. *Furrer v. Talent Irr. Dist.*, 258 Or 494, 511, 466 P.2d 605 (1970) ("The term 'substantial factor' expresses a concept of relativity which is difficult to reduce to further definiteness. Little, if anything, can be done with words to help the jury decide how much causal relationship must exist between conduct and damage before it constitutes a basis for recovery."). *See also* W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 41, 267 (5th ed 1984 & Supp 1988); Leon Green, *The Causal Relation Issue in Negligence Law*, 60 Mich. L. Rev. 543, 554 (1962); Dan B. Dobbs, 1 *The Law of Torts* § 171, 416 (2001 & Supp 2005); *Restatement (Second) of Torts* § 433 (factors important to "substantial factor" determination) (cited with approval in *Lyons*, 183 Or. App. at 83–84).

UPM-L1\00686835.000

## DAMAGES—PRELIMINARY INSTRUCTION

### MCJI 5.1/UCJI 70.01[36] (modified)

If you find for the plaintiff on its counterclaim(s), you must determine the amount of plaintiff's damages.

Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

It is the duty of the Court to instruct you about the measure of damages. The fact that I am instructing you with respect to damages is not to be considered by you as an attempt by the court to suggest or indicate that you should or should not award damages. It is for you to determine what damages, if any, have been proved.

There are two types of damages alleged in this case: (1) consequential (i.e., economic) and (2) punitive damages.

Of these two types of damages, you should consider those which you find to have been sustained by the plaintiff as a result of the defendant's fault.

The plaintiff must prove consequential damages by a preponderance of the evidence and punitive damages by clear and convincing evidence.

I will now explain compensatory and punitive damages.

---

[36] COMMENT: Modify this instruction accordingly when only property damage is at issue. With regard to the third paragraph, the verdict must not exceed the amount alleged and prayed for in the complaint, counterclaim, or cross-claim. *Lovejoy Specialty Hosp., Inc. v. Advocates for Life, Inc.*, 121 Or. App. 160, 167, 855 P.2d 159, *rev den*, 318 Or 97 (1993), *cert den*, 511 US 1070 (1994).

UPM-L1\00686835.000

## CONSEQUENTIAL DAMAGES

### Special Instruction[37]

Consequential damages are the pecuniary losses, including lost profits, that the plaintiff sustained as a direct result of the defendant's wrongful conduct and/or breach of contract and/or violation of the Communications Act. The plaintiff is entitled to consequential damages arising from such wrongful conduct, breach of contract, or violation of the Communications Act. The plaintiff must prove consequential damages by a preponderance of the evidence.

---

[37]    *Tadsen v. Praegitzer Indus.*, 324 Or. 465, 470, 928 P.2d 980 (1996), quoting Black's Law Dictionary, 390 (6th ed 1990); *Yamaha Store of Bend, Inc. v. Yamaha Motor Corp.,* 310 Ore. 333, 344, 798 P.2d 656 (1990); *Logan v. D.W. Sivers Co.*, 343 Ore. 339, 353-54, 169 P.3d 1255 (2007); *Welch v. U.S. Bancorp*, 286 Or 673, 703-06, 596 P.2d 947 (1979); 47 U.S.C. § 206.

UPM-L1\00686835.000

## DAMAGES FOR LOST PROFITS

### UCJI 77.01[38] (modified)[39]

To recover for lost profits, the plaintiff must first prove that some loss exists, and that the defendant's wrongful conduct and/or breach of contract and/or violation of the Communications Act caused the loss. The plaintiff must then prove the amount of lost profits that is reasonably probable.

The plaintiff may prove an amount of lost profits with estimates or projections, a past history of successful and profitable operation of the business in other countries, or other factual data and evidence. It is not necessary to prove the exact amount of lost profits.

To decide the amount of lost profits, first decide the total amount of money the plaintiff would have received but did not. Then subtract from that amount what would have been the plaintiff's costs of doing business to earn the money. What remains are lost profits.

---

[38]     COMMENT: *Buck v. Mueller,* 221 Or 271, 282–283, 351 P.2d 61 (1960); *Cluck v. Fish,* 230 Or 63, 66–68, 368 P.2d 626 (1962); *Smith v. Pallay,* 130 Or 282, 289, 279 P 279 (1929); *Hillstrom v. McDonald's Corp.,* 88 Or. App. 444, 448–449, 746 P.2d 222 (1987); *Lawrence v. Underwood,* 81 Or. App. 533, 539, 726 P.2d 1189 (1986); *VonRavensberg v. Houck-Carrow Corp.,* 60 Or. App. 412, 416–417, 653 P.2d 1297 (1982).

[39]     *See* UCJI 65.18 (Damages—Breach of Contract) cmt. ("For instruction on lost profit damages, see UCJI 77.01"); *see also Buck v. Mueller*, 221 Or. 271, 281, 351 P.2d 61, 66 (1960); *Von Ravensberg v. Houck-Carrow Corp.*, 60 Or. App. 412, 416, 653 P.2d 1297 (1982);

*Schafer v. Sunset Packing Co.*, 256 Or. 539, 544, 474 P.2d 529, 531 (1970), citing McCormick, Law of Damages § 26, p 100 (1935) and 64 Harv L Rev 318, 319 (1950)); *Von Ravensberg v. Houck-Carrow Corp.*, 60 Or. App. 412, 417, 653 P.2d 1297 (1982), citing *Welch v. U. S. Bancorp Realty & Mortg. Tr.,* 286 Or. 673, 704, 596 P.2d 947 (1979), and *Furrer v. Int'l Health Assurance*, 256 Or 429, 442, 474 P.2d 759 (1970)).

UPM-L1\00686835.000

## PUNITIVE DAMAGES—GENERAL

## UCJI 75.02[40]

If the plaintiff prevails on the conversion and/or unjust enrichment claim, then you must consider whether to award punitive damages for each. A jury may award

---

[40]    CAVEAT: UCJI 75.02 instructs the jury on the state-law standards for awarding punitive damages and the constitutional limitations on those awards. *See State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 US 408, 123 S Ct 1513, 155 L Ed 2d 585 (2003); *BMW of North America, Inc. v. Gore*, 517 US 559, 116 S Ct 1589, 134 L Ed 2d 809 (1996). It may be necessary to instruct the jury on certain other federal constitutional limitations on punitive damages. *See* UCJI 75.02A (jury may not punish for out-of-state harm); UCJI 75.02B (jury may not punish for harm to others).

COMMENT: The parties may consider additional factors for the factfinder to consider beyond paragraphs (a) through (c) above. Paragraph (b) above is bracketed because the law is not clear on whether the reasonable-relationship element is a question for the jury, or for the court on postverdict review. *Andor v. United Air Lines, Inc.*, 303 Or 505, 510–12, 739 P.2d 18 (1987); *Wolf v. Nordstrom, Inc.*, 291 Or 828, 831–35, 637 P.2d 1280 (1981).

Read both the recklessness and the malice standards only if the plaintiff alleges both and submits both to the jury.

ORS 31.730(1) requires clear and convincing evidence for punitive damages to be awarded. For a definition of *clear and convincing evidence*, *see* UCJI 14.03.

The items that may be considered by the jury when fixing the amount of punitive damages depend on the statutory and common-law factors permitted to be considered for the specific kind of claim at issue. *Oberg v. Honda Motor Co.*, 320 Or 544, 549, 888 P.2d 8 (1995), *cert den*, 517 US 1219 (1996). Additional or different items beyond items (a) to (c) should be included in this instruction when supported by the evidence and permitted for the specific kind of claim at issue. *See Williams v. Philip Morris, Inc.*, 340 Or 35, 55–56, 127 P.3d 1165 (2006), *vacated on other grounds by Philip Morris USA v. Williams*, 549 US 346, 419, 127 S Ct 1057, 166 L Ed 2d 940 (2007) (discussion of the considerations when evaluating the reprehensibility of a defendant's conduct). The writ of certiorari granted on June 9, 2008, *Philip Morris USA, Inc. v. Williams*, 553 US 1093 (2008), was dismissed as improvidently granted by *Philip Morris USA, Inc. v. Williams*, 556 US 178 (2009).

ORS 31.730 uses, but does not define, the term *malice*. The Oregon Supreme Court has defined the meaning of *malice* in ORS 18.550 (former version of ORS 31.740). *Johannesen v. Salem Hospital*, 336 Or 211, 82 P.3d 139 (2003). The court concluded that in civil cases *malice* means "the intentional doing of [an] injurious act without justification or excuse," including a tortious act "committed with a bad motive or so recklessly as to be in disregard of social obligations, or an act wantonly, maliciously or wickedly done." *Johannesen*, 336 Or at 217 (quoting *Linkhart v. Savely*, 190 Or 484, 505–06, 227 P.2d 187 (1951)). For a definition of *malice*, *see* UCJI 75.02C.

punitive damages to punish misconduct and deter similar misconduct from occurring in the future.

You may award punitive damages against the defendant if the plaintiff shows by clear and convincing evidence that the defendant either

(1)    has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has done an act with a conscious indifference to the health, safety, and welfare of others, or

(2)    has done an act with malice.

Clear and convincing evidence is evidence that makes you believe that the truth of the claim is highly probable.

There is no fixed standard for determining the amount of punitive damages and you are not required to award punitive damages. If you decide to award punitive damages, you should consider all the following in determining the amount:

(a) How reprehensible was that defendant's conduct, considering the nature of that conduct and the defendant's motive?

(b) Is there a reasonable relationship between the amount of punitive damages and the plaintiff's harm?

(c) In view of the defendant's financial condition, what amount is necessary to punish the defendant and discourage future wrongful conduct? You may not punish a defendant merely because a defendant has substantial financial resources.

## CLEAR AND CONVINCING EVIDENCE

### UCJI 14.03[41]

When a party must prove a claim by clear and convincing evidence, that party must persuade you by evidence that makes you believe the truth of the claim is highly probable.

You should consider all of the evidence no matter who presented it.

This is a higher standard of proof than preponderance of the evidence, but lower than the criminal standard of beyond a reasonable doubt.

---

[41]    COMMENT: *Riley Hill Gen. Contractor, Inc. v. Tandy Corp.*, 303 Or 390, 402, 737 P.2d 595 (1987).

## PUNITIVE DAMAGES—MALICE DEFINED

### UCJI 75.02C[42]

Malice means intentionally doing an injurious or wrongful act without justification or excuse.

This includes committing an act with a bad motive, or done so recklessly as to be in disregard of social obligations, or done wantonly, maliciously, or wickedly.

---

[42]    COMMENT: ORS 31.730 uses, but does not define, the term *malice*. The Oregon Supreme Court has defined the meaning of malice in *former* ORS 18.550 *(renumbered* ORS 31.740). *Johannesen v. Salem Hosp.*, 336 Or 211, 82 P.3d 139 (2003). The court concluded that in civil cases malice means "the intentional doing of [an] injurious act without justification or excuse," including a tortious act "committed with a bad motive or so recklessly as to be in disregard of social obligations, or an act wantonly, maliciously or wickedly done." *Johannesen*, 336 Or at 217 (quoting *Linkhart v. Savely*, 190 Or 484, 505–06, 227 P.2d 187 (1951)). *See also*, *Lithia Medford LM, Inc. v. Yovan*, 254 Or. App. 307, 325, 295 P.3d 642 (2012) (noting malice being defined as engaging "in a wrongful act intentionally, without just cause or excuse[.]" (internal quotations omitted)); *Goddard v. Farmers Inc. Co. of Oregon*, 344 Or 232, 267, 179 P.3d 645 (2008) (same).

*See* UCJI 75.02 and UCJI 75.03.

*See* UCJI 40.06 for a definition of intent.

UPM-L1\00686686.000

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2022, I served the foregoing **COUNTERCLAIM PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** on the following individuals by electronic service to said individuals:

Robert C.L. Vaughan
Cherine Smith Valbrun
Leah Storie
Anisha Carla Atchanah
Kim Vaughan Lerner LLP
One Financial Plaza
100 SE Third Avenue • Suite 2001
Fort Lauderdale, FL 33394
Email: rvaughan@kvllaw.com
Email: cvalbrun@kvllaw.com
Email: lstorie@kvllaw.com
Email: aatchanah@kvllaw.com

Anne M. Talcott
Kathryn E. Kelly
Andrew J. Lee
Schwabe, Williamson & Wyatt, PC
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Email: atalcott@schwabe.com
Email: kkelly@schwabe.com
Email: ajlee@schwabe.com

Kent D. Bressie
HWG LLP
1919 M Street N.W., Suite 800
Washington, D.C. 20036
Email: kbressie@hwglaw.com

Dated: September 30, 2022.

TOMASI BRAGAR DUBAY

By: /s/ Eleanor A. DuBay
  Kathryn P. Salyer, OSB #883017
  Eleanor A. DuBay, OSB #073755
  Blake Van Zile, OSB #184672
  ksalyer@tomasilegal.com
  edubay@tomasilegal.com
  bvanzile@tomasilegal.com
  Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
  Christopher W. Savage, D.C. Bar #362657
  chrissavage@dwt.com
  *(Admitted Pro Hac Vice)*
  Katherine Sheriff
  katherinesheriff@dwt.com
  Telephone: (202) 973-4200

Of Attorneys for Counterclaim Plaintiff