**Kathryn P. Salyer**, OSB #883017
**Eleanor A. DuBay**, OSB #073755
**Blake Van Zile,** OSB #184672
ksalyer@tomasilegal.com
edubay@tomasilegal.com
bvanzile@tomasilegal.com
Tomasi Bragar DuBay
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204-3136
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

**Christopher W. Savage**, D.C. Bar #362657
chrissavage@dwt.com
(Admitted *Pro Hac Vice*)
Davis Wright Tremaine LLP
1301 K Street NW, Suite 500 East
Washington, DC 20005-3317
Telephone: (202) 973-4200
Facsimile: (202) 973-4499

Attorneys for Counterclaim Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDING, S.A**., a foreign corporation, d/b/a **DIGICEL HAITI**, <br><br> Plaintiff & Counterclaim-Defendant, <br><br> v. <br><br> **UPM TECHNOLOGY, INC**., *et al.,* <br><br> Defendants & Counterclaim-Plaintiffs | Case No. 3:15-CV-00185-SI <br><br> **COUNTERCLAIM PLAINTIFF'S PROPOSED VERDICT FORM** |

Pursuant to the Court's Civil Trial Management Order [ECF #191], Counterclaim Plaintiff UPM Technology, Inc. submits the attached proposed special verdict form.

Dated: September 30, 2022.

TOMASI BRAGAR DUBAY

By: /s/ Eleanor A. DuBay
    Kathryn P. Salyer, OSB #883017
    Eleanor A. DuBay, OSB #073755
    Blake Van Zile, OSB #184672
    ksalyer@tomasilegal.com
    edubay@tomasilegal.com
    bvanzile@tomasilegal.com
    Telephone: (503) 894-9900

DAVIS WRIGHT TREMAINE LLP

By: /s/ Christopher W. Savage
    Christopher W. Savage, D.C. Bar #362657
    chrissavage@dwt.com
    *(Admitted Pro Hac Vice)*
    Katherine Sheriff
    katherinesheriff@dwt.com
    Telephone: (202) 973-4200

Of Attorneys for Counterclaim Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **UNIGESTION HOLDING, S.A**., a foreign corporation, d/b/a **DIGICEL HAITI**, | Case No. 3:15-CV-00185-SI |
| Plaintiff, | **VERDICT FORM** |
| v. | |
| **UPM TECHNOLOGY, INC**. d/b/a **UPM TELECOM, INC**., and **UPM MARKETING, INC**., an Oregon corporation; **UPM TELECOM, INC**., an Oregon a/b/n; **UPM MARKETING, INC**., an Oregon a/b/n; and **DUY TRAN a/k/a BRUCE TRAN,** a foreign individual.*,* | |
| Defendants. | |

We, the Jury, being first duly empaneled and sworn, do unanimously find as follows:

**First Claim: Violations of the Telecommunications Act**

**Count I – Violation of Section 202 of the Telecommunications Act (Resale of "Roam Like You're Home")**

1.    Did Unigestion Holdings S.A. ("Digicel-Haiti") violate the ban on carriers imposing resale restrictions under Section 202 of the Telecommunication Act of 1934 (the "Act") by cutting off UPM Technology, Inc.'s ("UPM") SIM cards for the Roam Like You're Home service ("RLYH")?

\_\_\_\_    YES            \_\_\_\_    NO

*If the answer to Question 1 is "No", your verdict is for Digicel-Haiti on Count I.  Skip Questions 2-3 and go directly to Question 5.  If the answer is "Yes" go to Question 2.*

2.    Was UPM damaged as a result of Digicel-Haiti's conduct of cutting off UPM's RLYH SIM cards?

\_\_\_\_    YES            \_\_\_\_    NO

*If the answer to Question 2 is "No", your verdict is for Digicel-Haiti on Count I.  Skip Question 3 and go directly to Question 4.  If the answer is "Yes" go to Question 3.*

Page 1 – SPECIAL VERDICT FORM

3.      What is the amount of UPM's consequential damages for Digicel-Haiti's conduct?

$_____

**Count III – Violation of Section 201 of the Telecommunications Act (Resale of "Roam Like You're Home")**

4.      Did Digicel-Haiti violate the ban on carriers imposing resale restrictions under Section 201 of the Act by cutting off UPM's SIM cards for the RLYH service?

____ YES          ____ NO

*If the answer to Question 4 is "No", your verdict is for Digicel-Haiti on Count III. Skip Questions 5-6 and go directly to Question 7. If the answer is "Yes" go to Question 5.*

5.      Was UPM damaged as a result of Digicel-Haiti's conduct in cutting off UPM's RLYH SIM cards?

____ YES          ____ NO

*If the answer to Question 5 is "No", your verdict is for Digicel-Haiti on Count III. Skip Question 6 and go directly to Question 7. If the answer is "Yes" go to Question 6.*

6.      What is the amount of UPM's consequential damages for Digicel-Haiti's conduct?

$_____

**Second Claim: Breach of Implied-in-Fact Contract**

7.      Did Digicel-Haiti and UPM form a contract when UPM electronically subscribed the SIM cards it had purchased to the RLYH service and sent top-ups/recharges to Digicel-Haiti for those SIM card accounts, and Digicel-Haiti accepted the money and credited it to those SIM cards' accounts?

____ YES          ____ NO

*If the answer to Question 7 is "No", your verdict is for Digicel-Haiti on the Second Claim. Skip Questions 8-9 and go directly to Question 10. If the answer is "Yes" go to Question 8.*

8.      Did Digicel-Haiti breach its contract with UPM by cutting off UPM's SIM cards?

____ YES          ____ NO

*If the answer to Question 8 is "No", your verdict is for Digicel-Haiti on the Second Claim. Skip Question 9 and go directly to Question 10. If the answer is "Yes" go to Question 9.*

9.    What is the amount of UPM's consequential damages, including lost profits, for Digicel-Haiti's breach of contract?

$_____

## Third Claim: Money Had and Received

10.    Did Digicel-Haiti receive money from UPM for the purchase of RLYH service and top-ups?

____ YES        ____ NO

*If the answer to Question 10 is "No", your verdict is for Digicel-Haiti on the Third Claim. Skip Questions 11-13 and go directly to Question 14. If the answer is "Yes" go to Question 11.*

11.    Did Digicel-Haiti block UPM's use of the RLYH service and retain the money UPM paid for RLYH service and top-ups?

____ YES        ____ NO

*If the answer to Question 11 is "No", your verdict is for Digicel-Haiti on the Third Claim. Skip Question 12 and go directly to Question 13. If the answer is "Yes" go to Question 12.*

12.    What is the amount of UPM's consequential damages for Digicel-Haiti's failure to return UPM's money?

$_____

## Fourth Claim: Conversion

13.    Did Digicel-Haiti intentionally deprive UPM of its right to use the SIM cards, RLYH service and top-ups for the service that UPM purchased?

____ YES        ____ NO

*If the answer to Question 13 is "No", your verdict is for Digicel-Haiti on the Fourth Claim. Skip Question 14 and go directly to Question 17. If the answer is "Yes" go to Question 14.*

14.    What is the amount of UPM's consequential damages for Digicel-Haiti's wrongfully depriving UPM of the money it paid Digicel-Haiti?

Page 3 – SPECIAL VERDICT FORM

$_____

15.    When wrongfully depriving UPM of the money it paid Digicel-Haiti, did Digicel-Haiti act with malice, and was its conduct reprehensible?

*If the answer to Question 15 is "no," skip Question 16 and go directly to Question 17. If the answer is "Yes" go to question 16.*

16.    What is the amount of punitive damages that Digicel-Haiti should pay to UPM to punish Digicel-Haiti for its malicious and reprehensible conduct and/or to deter similar conduct by Digicel-Haiti and/or others in the future?

$_____

**Fifth Claim: Unjust Enrichment**

*Answer the Questions under this section **only if** you answered "No" to all of the Questions in the **Second Claim** section.*

17.    Did UPM pay for RLYH services and top-ups with the expectation that it would be able to use the services and minutes purchased?

____    YES          ____    NO

*If the answer to Question 17 is "No", your verdict is for Digicel-Haiti on the Fifth Claim. Skip Questions 18-23 and your deliberations are now complete. Please have the presiding juror date and sign this form and inform the Courtroom Deputy that you are ready to return to the Courtroom. If the answer is "Yes" go to Question 18.*

18.    Did Digicel-Haiti block UPM from using the purchased RLYH services and top-ups and retain the money that UPM paid for them?

____    YES          ____    NO

*If the answer to Question 18 is "No", your verdict is for Digicel-Haiti on the Fifth Claim. Skip Questions 19-23 and your deliberations are now complete. Please have the presiding juror date and sign this form and inform the Courtroom Deputy that you are ready to return to the Courtroom. If the answer is "Yes" go to Question 19.*

19.    What is the amount of UPM's consequential damages for Digicel-Haiti's unjust enrichment?

$_____

22.    In  blocking UPM from using the RLYH services and top-ups and retaining the money UPM paid, did Digicel-Haiti act with malice, and was its conduct reprehensible?

Page 4 – SPECIAL VERDICT FORM

*If the answer to Question 22 is "no," your deliberations are now complete. Please have the presiding juror date and sign this form and inform the Courtroom Deputy that you are ready to return to the Courtroom.  If the answer is "Yes" go to Question 23.*

23.     What is the amount of punitive damages that Digicel-Haiti should pay to UPM to punish Digicel-Haiti for its unjust, malicious and reprehensible conduct and/or to deter similar conduct by Digicel-Haiti and/or others in the future?

$_____

*Your deliberations are now complete.  Please have the presiding juror date and sign this form and inform the Courtroom Deputy that you are ready to return to the Courtroom.*

DATED this _____ day of November, 2022.

_____
Presiding Juror

Page 5 – SPECIAL VERDICT FORM

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2022, I served the foregoing **COUNTERCLAIM PLAINTIFF'S PROPOSED VERDICT FORM** on the following individuals by electronic service to said individuals:

| | |
|---|---|
| Robert C.L. Vaughan | Anne M. Talcott |
| Cherine Smith Valbrun | Kathryn E. Kelly |
| Leah Storie | Andrew J. Lee |
| Anisha Carla Atchanah | Schwabe, Williamson & Wyatt, PC |
| Kim Vaughan Lerner LLP | Pacwest Center |
| One Financial Plaza | 1211 SW 5th Ave., Suite 1900 |
| 100 SE Third Avenue • Suite 2001 | Portland, OR 97204 |
| Fort Lauderdale, FL 33394 | Email: atalcott@schwabe.com |
| Email: rvaughan@kvllaw.com | Email: kkelly@schwabe.com |
| Email: cvalbrun@kvllaw.com | Email: ajlee@schwabe.com |
| Email: lstorie@kvllaw.com | |
| Email: aatchanah@kvllaw.com | |

Kent D. Bressie
HWG LLP
1919 M Street N.W., Suite 800
Washington, D.C. 20036
Email: kbressie@hwglaw.com

Dated: September 30, 2022.

TOMASI BRAGAR DUBAY                    DAVIS WRIGHT TREMAINE LLP

By: /s/ Eleanor A. DuBay                    By: /s/ Christopher W. Savage
    Kathryn P. Salyer, OSB #883017            Christopher W. Savage, D.C. Bar #362657
    Eleanor A. DuBay, OSB #073755            chrissavage@dwt.com
    Blake Van Zile, OSB #184672              *(Admitted Pro Hac Vice)*
    ksalyer@tomasilegal.com                  Katherine Sheriff
    edubay@tomasilegal.com                   katherinesheriff@dwt.com
    bvanzile@tomasilegal.com                 Telephone: (202) 973-4200
    Telephone: (503) 894-9900

Of Attorneys for Counterclaim Plaintiff