**Kathryn P. Salyer**, OSB #883017
**Eleanor A. DuBay**, OSB #073755
**Blake Van Zile**, OSB #184672
ksalyer@tomasilegal.com
edubay@tomasilegal.com
bvanzile@tomasilegal.com
Tomasi Bragar DuBay
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204-3136
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

    Of Attorneys for Defendants and
    Counterclaim Plaintiff

**Anne Talcott**
Email: atalcott@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.796.2958
Facsimile: 503.796.2900

    Of Attorneys for Plaintiff and
    Counterclaim Defendants

*A complete list of counsel appears on the signature page.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **UNIGESTION HOLDING, S.A.**, d/b/a **DIGICEL HAITI**,<br><br>    Plaintiff and Counter-Claim Defendant<br><br>    v.<br><br>**UPM TECHNOLOGY, INC.** d/b/a **UPM TELECOM, INC.**, *et al.*<br><br>    Defendants and Counter-Claim Plaintiffs | Case No. 3:15-CV-00185-SI<br><br>**AMENDED JOINT STIPULATIONS** |

PAGE 1 – AMENDED JOINT STIPULATIONS
UPM-L1\00702189.000

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Pursuant to the Trial Management Order [ECF #191], Unigestion Holdings, S.A., dba Digicel-Haiti ("Digicel-Haiti") and UPM Technology, Inc. and Bruce Tran (collectively, "UPM") stipulate that the attached facts may be considered stipulated to for purposes of the trial in this case. The attached joint stipulated facts substitute and replace any prior filed joint stipulated facts.

Dated: November 13, 2022.

Respectfully submitted,

By: /s/ Anne Talcott
Anne Talcott, OSB # 965325
Kathryn E. Kelly, OSB #175162
Andrew J. Lee, OSB #023646
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Ste. 1900
Portland, OR 97204
Telephone: 503.796-2958
Facsimile: 503.796.2900
Email: atalcott@schwabe.com
         kkelly@schwabe.com
         ajlee@schwabe.com

*Attorneys for Plaintiff*

By: /s/ Robert C. L. Vaughn
Robert C. L. Vaughn (*Pro Hac Vice*)
Cherine Smith Valbrun (*Pro Hac Vice*)
Leah B. Storie (*Pro Hac Vice*)
Anisha Carla Atchanah (*Pro Hac Vice*)
KIM VAUGHAN LERNER LLP
One Financial Plaza, Suite 2001
Fort Lauderdale, FL 33394
Telephone:   (954) 527-1115
Facsimile:   (954) 527-1116
E-mail: rvaughan@kvllaw.com
         cvalbrun@kvllaw.com
         lstorie@kvllaw.com
         aatchanah@kvllaw.com

*Attorneys for Plaintiff*

By: /s/ Kent D. Bressie
Kent D. Bressie (*Pro Hac Vice*)
HWG LLP
1919 M Street N.W., Suite 800
Washington, D.C. 20036
Telephone: 202-730-1337
Facsimile: 202-730-1303
Email: kbressie@hwglaw.com

*Attorneys for Plaintiff*

PAGE 2 – AMENDED JOINT STIPULATIONS
UPM-L1\00702189.000

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

By: /s/ Eleanor A. DuBay
Eleanor A. DuBay, OSB #073755
Blake Van Zile, OSB #184672
TOMASI BRAGAR DUBAY
121 SW Morrison Street, Suite 1850
Portland, OR 97204-3136
Telephone: (503) 894-9900
Facsimile: (971) 544-7236
Email: edubay@tomasilegal.com
bvanzile@tomasilegal.com

*Attorneys for Defendants*

By: /s/ Christopher W. Savage
Christopher W. Savage, D.C. Bar #362657
Katherine Sheriff, D.C. Bar #1632141
*(Admitted Pro Hac Vice)*
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500 East
Washington, DC 20005-3317
Telephone: (202) 973-4200
Facsimile: (202) 973-4499
Email: chrissavage@dwt.com
katherinesheriff@dwt.com

*Attorneys for Defendants*

PAGE 3 – AMENDED JOINT STIPULATIONS
UPM-L1\00702189.000

***TOMASI BRAGAR DUBAY***
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236

Pursuant to the Trial Management Order [ECF #191], Unigestion Holdings, S.A., dba Digicel-Haiti ("Digicel-Haiti") and UPM Technology, Inc. and Bruce Tran (collectively, "The Defendants") stipulate that the following facts may be considered stipulated to for purposes of the trial in this case.

## STIPULATIONS

1. The Plaintiff in this case is Unigestion Holdings, S.A., doing business as Digicel Haiti, Inc. (Digicel Haiti). Digicel Haiti provides mobile telecommunications services in Haiti and has more than four million customers. It operates solely within Haiti and has more than 900 employees.

2. One of the defendants in this case is UPM Technology, Inc. (UPM) UPM is an Oregon corporation. UPM was doing business as UPM Telecom, Inc. UPM Technology was also previously known as UPM Marketing, Inc., but changed its corporate name to UPM Technology, Inc. in 2014. During the period relevant to this lawsuit, UPM participated in the spot market for international resale to identify other carriers that had traffic that terminated in other countries.

3. The other Defendant is Mr. Bruce Tran, who is the owner and Chief Executive Officer of UPM.

4. UPM purchased bulk quantities of Digicel Haiti's SIM cards from third-parties. "SIM" is an acronym for "Subscriber Identity Module." Each SIM card contains a unique identification number and other information used to "authenticate" the card on a telecommunication carrier's network, enabling the card to be used to make calls. Typically, an individual cell phone user would purchase a SIM card to be used for making calls from a specific cell phone, or handset.

5. Each SIM card has an associated account in Digicel-Haiti's system. For pre-paid wireless service, which is the only form of service relevant to this case, a SIM card must have money in its account in order to be used to make calls. Adding money to a prepaid SIM card is called "recharging" or "topping up" the SIM

card. UPM would install multiple SIM cards on devices (known as "SIM Units"), which were typically in Oregon.

6.  If a carrier, such as Digicel Haiti, deactivates (or de-authenticates) a SIM card, that card can no longer be used to make calls.

7.  A Gateway device can contain multiple radios, or radio transmitters. After being received by UPM's Gateway device in Haiti, the call (which began in the United States) would be transmitted to Digicel Haiti's cellular communications network in Haiti, for termination on a Digicel Haiti subscriber handset. (In this context, "termination" means the location where a call is shown to be received for purposes of a telecommunications company's tracking and billing records.) These calls would appear to Digicel Haiti to be local calls that had begun in Haiti. Digicel Haiti would charge these calls as local.

8.  For another category of calls, UPM would use SIM cards that were registered with Digicel Haiti for Digicel Haiti's discounted program known as "Roam Like You're Home" (RLYH). In this scenario, when a call that originates in the United States intended for Haiti reached UPM's softswitch in the United States, UPM would route that call through Gateway devices here in Portland, where it would be associated with a call initiated using a Digicel Haiti SIM Card. For these calls, a Digicel Haiti roaming partner (a United States wireless carrier) would route the call to Digicel Haiti's network in Haiti through the Digicel Haiti's designated international switches in the USA. Digicel Haiti's network would recognize that transmission as a call having begun in the United States by a RLYH Digicel SIM card and would charge the local rate for such a single call (and reduce the value remaining on the SIM card accordingly). Digicel Haiti would also charge the United States wireless carrier (directly or indirectly) $0.23 per minute for the call made by the Digicel Haiti Sim which was registered with RLYH.  After a month, the subscription would run out and, unless the RLYH service was renewed, normal roaming rates would apply for calls back to Haiti.

9. To facilitate the termination of incoming international call traffic on Digicel Haiti's network in Haiti, calls sent to Digicel Haiti are typically routed from the United States through one of two telephone switching systems designated by Digicel-Haiti and located in Miami, Florida, and New York City, New York. The designated international gateway switches provide centralized switching facilities that allow for the management, technical support, and quality control for the switching equipment responsible for transmission and direction of international calls to Digicel Haiti and other Digicel Group affiliates from carriers in the United States. Digicel-Haiti's affiliated entities are not parties to this lawsuit.

10. The standard path for a call from the United States to an individual in Haiti is as follows. The caller in the United States (U.S. Caller) would place a call to a recipient in Haiti (Haitian Recipient). The call originates on a United States carrier's network, and that carrier transfers the call to a wholesale international carrier. The wholesale international carrier recognizes the call as one that is directed to Haiti and sends the call to the designated switching system, in either New York or Miami. The call is then transmitted from that switch to a switch in Haiti owned and operated by Digicel Haiti. The switch in Haiti sends the call to a cell site in Haiti, also owned and operated by Digicel Haiti. From that cell site, the call is transmitted to the Haitian recipient's cellular device.

11. When a call is directed through the designated switching system in Miami or New York, a Call Detail Record (CDR) is created at the switch. The CDR is complete when the call is completed. The CDR is a record generated by a switch that contains certain call information including the telephone number of the caller, the number of the recipient, the time the call was made, and the duration of the call. The information in the CDR about the calling and called telephone numbers is in the electronic signaling information transmitted from the sending switch as part of the

technical process of handing off the call from one switch to another. The Digicel Haiti switch typically records when the call begins and the duration of the call.

12. When UPM was itself providing call termination on a destination network, it would acquire SIM cards for use on that specific network. Each SIM card has a unique identification number, as well as a telephone number assigned to it by the destination network. "In-country bypass" refers to when UPM itself connected the calls to Digicel Haiti's network in Haiti. In general terms, UPM would send calls via the Internet (using VoIP) to a Gateway in Haiti and, after converting the calls to GSM, transmit them to Digicel Haiti's network in Haiti. The Gateways were equipped with wireless telephone service radios, or "ports," which would make calls on Digicel Haiti's network. UPM's Gateway would have multiple radios installed inside which allowed the Gateways to make multiple calls at the same time.

13. Before UPM could make calls using its Gateway devices, it needed to have acquired SIM cards for Digicel Haiti's network and recharged those SIM cards so that the calls would go through. UPM acquired Digicel Haiti SIM cards by paying individual people in Haiti to buy them. The individuals would ship the SIM cards back to UPM in Oregon. UPM would then mount the SIM cards into a device called a "SIM Unit." The SIM Unit is essentially a large SIM card reader — a device that can read the information contained on a SIM card and transmit that information to other UPM equipment and send that information, as needed, to Haiti.

14. To make a wireless call on Digicel Haiti's network (and, in fact, any wireless network using standard technology), it is necessary to authenticate a SIM card on the network. To make a call, the radio in a UPM Gateway would transmit authentication data from the SIM Card to Digicel Haiti's network and, after the network has confirmed that the SIM card is valid and has money in its account, the radio sends the network the call. At that point, Digicel Haiti's network establishes a connection to the wireless phone of the party being called.

15. When using RLYH to terminate calls on the Digicel Haiti network, a call bound for Haiti would hit UPM's softswitch and be directed, via the Internet, to a Gateway in Oregon, which would initiate a wireless call on the United States network of a Digicel Haiti roaming partner, such as AT&T. A SIM card enrolled in the RLYH program would be used to authenticate the call. The roaming partner would then get the call back to Haiti.

16. When Digicel Haiti discovered that the calling and usage patterns of SIM cards differed from use by individual customers, Digicel Haiti would "de-authorize" those SIM cards so that calls associated with them could no longer be completed.

17. Digicel-Haiti used various technical means to analyze the calling and usage patterns associated with particular SIM cards to determine if the SIM card was being used in Bypass, and, when it concluded that the calling and usage patterns were not consistent with a use by an individual subscriber, it deauthorized the affected SIM cards in its own system, so that calls associated with those SIM cards would no longer be completed. UPM knew that Digicel Haiti was taking steps to block SIM cards it identified as being used in Bypass. Digicel Haiti did not know who was using any particular SIM that was being used for Bypass.

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2022, I served the foregoing **AMENDED JOINT STIPULATIONS** on the following individuals by electronic service to said individuals:

| | |
|---|---|
| Robert C.L. Vaughan<br>Cherine Smith Valbrun<br>Leah Storie<br>Anisha Carla Atchanah<br>Kim Vaughan Lerner LLP<br>One Financial Plaza<br>100 SE Third Avenue • Suite 2001<br>Fort Lauderdale, FL 33394<br>Email: rvaughan@kvllaw.com<br>Email: cvalbrun@kvllaw.com<br>Email: lstorie@kvllaw.com<br>Email: aatchanah@kvllaw.com | Anne M. Talcott<br>Kathryn E. Kelly<br>Andrew J. Lee<br>Schwabe, Williamson & Wyatt, PC<br>Pacwest Center<br>1211 SW 5th Ave., Suite 1900<br>Portland, OR 97204<br>Email: atalcott@schwabe.com<br>Email: kkelly@schwabe.com<br>Email: ajlee@schwabe.com |
| Kent D. Bressie<br>HWG LLP<br>1919 M Street N.W., Suite 800<br>Washington, D.C. 20036<br>Email: kbressie@hwglaw.com | |

Dated: November 13, 2022.

| | |
|---|---|
| TOMASI BRAGAR DUBAY | DAVIS WRIGHT TREMAINE LLP |
| By: /s/ Eleanor A. DuBay<br>Kathryn P. Salyer, OSB #883017<br>Eleanor A. DuBay, OSB #073755<br>Blake Van Zile, OSB #184672<br>ksalyer@tomasilegal.com<br>edubay@tomasilegal.com<br>bvanzile@tomasilegal.com<br>Telephone: (503) 894-9900 | By: /s/ Christopher W. Savage<br>Christopher W. Savage, D.C. Bar #362657<br>chrissavage@dwt.com<br>Katherine Sheriff, D.C. Bar #1632141<br>katherinesheriff@dwt.com<br>(*Admitted Pro Hac Vice*)<br>Telephone: (202) 973-4200 |

Of Attorneys for Defendants

PAGE 1 – CERTIFICATE OF SERVICE
UPM-L1\00702189.000

*TOMASI BRAGAR DUBAY*
121 SW Morrison Street, Suite 1850
Portland, Oregon 97204
Telephone: (503) 894-9900
Facsimile: (971) 544-7236