**Anne M. Talcott**, OSB #965325
Email: atalcott@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
**Cherine Smith Valbrun** (*Pro Hac Vice*)
E-mail: cvalbrun@kvllaw.com
**Anisha Carla Atchanah** (*Pro Hac Vice*)
Email: Aatchanah@kvllaw.com
KIM VAUGHAN LERNER LLP
312 SE 17th Street, Suite 300
Fort Lauderdale, FL  33316
Telephone: 954.527.1115
Facsimile: 954.527.1116

**Kent D. Bressie** (*Pro Hac Vice*)
Email: kbressie@hwglaw.com
HWG LLP
1919 M Street N.W., Suite 800
Washington, D.C.  20036
Telephone:  202.730.1337
Facsimile:  202.730.1303

(Additional counsel shown on signature page)

*Attorneys for Plaintiff, Unigestion Holdings, S.A.,
a foreign corporation, d/b/a Digicel Haiti*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNIGESTION HOLDINGS, S.A., d/b/a DIGICEL HAITI**,<br><br>Plaintiff and Counterclaim Defendant,<br>v.<br><br>**UPM TECHNOLOGY, INC.,** *et al.*,<br><br>Defendants and Counterclaim Plaintiffs. | No. 3:15-cv-00185-SI<br><br><br><br>**PLAINTIFF UNIGESTION HOLDINGS, S.A.'S RESPONSE IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL BRIEFING IN SUPPORT OF PROPOSED JURY INSTRUCTIONS AND VERDICT FORM** |

Page 1 -   UNIGESTION'S RESPONSE IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL BRIEFING ISO PROPOSED JURY INSTRUCTIONS & VERDICT FORM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

Plaintiff Unigestion Holdings, S.A., d/b/a Digicel Haiti ("Digicel Haiti") submits the following Response in Opposition and Objections to Defendants UPM Technology, Inc.'s ("UPM") and Duy "Bruce" Tran's ("Tran") (collectively, "Defendants") Supplemental Briefing in Support of Defendants' Jury Instruction and Verdict Form [**ECF 505**], and related Proposed Jury Instructions [**ECF 473**] ("Response"). This Response is supported by the record and the points and authorities below.

### I. Digicel Haiti Reiterates its Objections to Defendants' Proposed Jury Instructions [ECF 479]

Digicel Haiti reiterates its objection to Defendants' modifications to the uniform instructions (MCJI, UCJI) and Defendants' special instructions. Digicel Haiti requests that the Court adopt Digicel Haiti's proposed jury instructions [**ECF 447**] and/or its alternative changes to Defendants' proposed jury instructions as noted herein. Digicel Haiti specifically outlined its objections to Defendants' individual instructions in Plaintiff's Objections to Defendants' Proposed Phase I Jury Instructions and Verdict Form [**ECF 479**] and incorporates same by reference here.

### II. Defendants' Fourth Attempt to Reargue Reviewed and Rejected Jury Instructions is Improper

This Court set the following scheduling order outlining pre-trial jury instructions and verdict form deadlines, which the parties worked diligently to comply with [**ECF 191, 420**]:

| | |
|---|---|
| *October 4, 2022* | Plaintiff's Amended Phase I Jury Instructions [**ECF 447**] |
| *October 11, 2022* **First Attempt** | Defendants' Proposed Jury Instructions [**ECF 473**]; Defendants' Objections to Plaintiff's Phase I Jury Instructions [**ECF 470**] |
| *October 18, 2022* | Plaintiff's Objections to Defendants' Proposed Jury Instructions [**ECF 479**]; Plaintiff's Response to Defendants' Objections to Plaintiff's Phase I Jury Instructions [**ECF 476**] |
| *October 25, 2022* **Second Attempt** | Defendants' Response to Plaintiff's Objections to Defendants' Proposed Jury Instructions [**ECF 496**] |

On October 21, 2022, this Court circulated tentative preliminary jury instructions, tentative

Page 2 -   UNIGESTION'S RESPONSE IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL BRIEFING ISO PROPOSED JURY INSTRUCTIONS & VERDICT FORM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

final jury instructions and a tentative verdict form. In receipt of the Court's proposed tentative jury instructions and verdict form, and in anticipation of the final pre-trial conference scheduled on October 28th, on October 25th undersigned counsel submitted a letter to the Court with proposed comments to the neutral statement of the case and jury instructions.

**Third Attempt:** Counsel for Defendants likewise prepared a response for the Court's consideration and submitted same on October 27, 2022.

The Court held a pre-trial conference on October 28, 2022, at which time it indicated that another iteration of the tentative jury instructions and verdict form would be circulated. On October 29, 2022, the Court circulated a revised set of tentative jury instructions and verdict form.

**Fourth Attempt:** On Friday evening (November 11, 2022), less than one business day before the commencement of trial, Defendants circulated redlines to the Court's October 29, 2022 set of tentative jury instructions and verdict from, and a brief in support thereof. Even more surprising however, is that on November 10, 2022, the parties exchanged correspondence and conferred regarding various pre-trial matters, and at no time did Defendants indicate an intention to reargue jury instructions by way of further redlines and supplemental briefing. Certainly, there was no conferral regarding same.

Notably, the redlines to the proposed tentative jury instructions seek to reinsert language that this Court already rejected in its first two iterations of the proposed tentative jury instructions. Without regard to the Court's prior iterations of the tentative jury instructions, Defendants seek to reargue and reinsert language proposed in their initial set of jury instructions. Instructions that were considered and rejected, not once, but twice. By way of example, Defendants' eleventh hour redlines to the Court's tentative jury instructions, include the following language that was previously proposed in **[ECF 473],** previously before the Court for consideration and previously rejected by this Court:

- **Jury Instruction No. 2** – insertion of the following language that was previously

Page 3 -   UNIGESTION'S RESPONSE IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL BRIEFING ISO PROPOSED JURY INSTRUCTIONS & VERDICT FORM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

- submitted to the Court, reviewed and rejected: "Clear and convincing evidence is evidence which is free from confusion, fully intelligible, distinct, and establishes that the defendant intended to deceive the plaintiff."

- **Jury Instruction No. 3** – insertion of the following language that was previously submitted to the Court, reviewed and rejected: "After weighing all the evidence, if you cannot decide that something is more likely true than not true, you must conclude that the party did not prove it."

- **Jury Instruction No. 9** – insertion of the following language that was previously submitted to the Court, reviewed and rejected: "…and other factors affecting their cognitive abilities" and "Evidence concerning the character of the witness for truthfulness."

- **Jury Instruction No. 16** – insertion of the following language that was previously submitted to the Court, reviewed and rejected: "…the reasonableness of any assumptions underlying the opinions."

- **Jury Instruction No. 20** – replacement of the *Joint and Several Liability* jury instruction with Defendants' previously reviewed and rejected *Personal Liability And Corporate Director* jury instruction.

- **Jury Instruction No. 21** – insertion of the following language that was previously submitted to the Court, reviewed and rejected: "A fraudulent representation must be both false and material," and "[A]dditionally, a fraudulent misrepresentation of a material matter is one that is made by the defendant with knowledge of its falsity or ignorance of its truth." Now Defendants seek to insert these previously rejected individual jury instructions and Defendants' proposed jury instruction on *Reasonable Reliance*, into Jury Instruction 21, seemingly seeking to convert it into a catch-all jury instruction.

Page 4 -   UNIGESTION'S RESPONSE IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL BRIEFING ISO PROPOSED JURY INSTRUCTIONS & VERDICT FORM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

- **Jury Instruction No. 22** – insertion of the following language that was previously submitted to the Court, reviewed and rejected: "…unverifiable estimates of loss"

- **Jury Instruction No. 23** – insertion of the following language that was previously submitted to the Court, reviewed and rejected: "Punitive damages should only be awarded if the defendant's culpability, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence."

This constant re-argument is not proper and not in good faith. If Plaintiff were to follow suit, we would still be rearguing the limitation of the case and fraud claims. Plaintiff respectfully indicates that any failure to respond—over and over—to the consistent re-argument is not a waiver of any previously argued position or argument which are restated and reincorporated herein by reference.

### III. Defendant's Proposed Jury Instructions and Supplemental Brief in Support Thereof Contains Improper Argument

Defendants' proposed redlines to the Court's tentative preliminary and final jury instructions read like an advocate's brief—not a neutral set of legal instructions as they are supposed to be. For example, Defendants' latest redline edits and proposed instructions either ignore or unreasonably and prejudicially modify the model instructions. Specifically, Defendants seek to modify basic jury instructions like Model Jury Instruction 1.14 - Credibility of Witnesses, to include self-serving and unprecedented language relating to a witness's' "cognitive ability" in an attempt to pre-try their case.

Defendants now appear to string together bits and pieces of previously rejected jury instructions to cobble together instructions that simply parrot Defendants' arguments in this case. Many arguments that have been addressed time and again by this Court. Defendants' instructions create the false impression that the Court has resolved contested issues of fact in Defendants' favor. In sum, where Defendants' proposed redlines to the jury instructions contain improper argument

Page 5 -   UNIGESTION'S RESPONSE IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL BRIEFING ISO PROPOSED JURY INSTRUCTIONS & VERDICT FORM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

Case 3:15-cv-00185-SI    Document 510    Filed 11/13/22    Page 6 of 10

they should be rejected. *See Venezia v. Bentley Motors, Inc.*, No. CV-07-1511-PHX-SMM, 2009 WL 10673383, at *2 (D. Ariz. Apr. 2, 2009), *aff'd*, 374 F. App'x 765 (9th Cir. 2010) ("A district court may refuse the requested instructions because they are unduly argumentative.") Defendants' proposed revisions to the Court's tentative jury instructions should be disregarded in their entirety in favor of instructions that more closely track the model instructions and set the appropriate tone for a court "neutrally" instructing a jury. Indeed, jury instructions should "direct and assist the jury toward an intelligent understanding of the legal and factual issues." *United States v. Seawell*, 550 F.2d 1159, 1166 (9th Cir. 1977) (Wright, J., concurring) (quotation marks omitted).

Defendants' proposed redline edits to the following tentative final jury instructions proposed by the Court on October 29, 2022, include improper and prejudicial argument and deviate unnecessarily from the model jury instructions on the relevant legal issues:

- ***Instruction No. 16 Opinion Testimony***

Defendants' insertion of the phrases "credibility" and "the reasonableness of the assumptions underlying the opinions" within the model jury instructions is an improper attempt to reargue the *Daubert* motion within the instruction. The Court has not disqualified the witnesses as experts and has already determined that Digicel Haiti's experts meet the *Daubert* standard to permit their testimony in this matter. Defendants' attempts to reargue their challenges to the experts' methodologies and opinions within the jury instructions are improper and best left for cross examination of the expert witnesses.

- ***Instruction No. 20: Joint or Separate Liability***

After the Court first rejected their suggested Officer and Director instruction, Defendants simply reinsert it as a part of another instruction as if it was never previously considered. Further, Defendants seek to cannibalize the model instructions which address multiple tortfeasors and create some special or bespoke standard for a joint tortfeasor who is a director and officer of a joint

Page 6 -    UNIGESTION'S RESPONSE IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL BRIEFING ISO PROPOSED JURY INSTRUCTIONS & VERDICT FORM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

tortfeasor company. Defendants purport to remove the proposed instruction that instructs the jury that to find an officer or director liable they must find that the officer or director personally participated in the fraud and seeks to replace that with a tiered analysis that suggests that *an action cannot be maintained against the Officer/Director until after the Corporation is found liable*. That is simply incorrect. The caselaw is clear that an officer/director is personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf.[1] Nothing in these cases suggests this tiered approach that Defendants seek to argue through the jury instructions and the verdict form.

- ***Instruction No. 21: Plaintiff's Claim of Fraud by Active Concealment***

Defendants' proposed redline edits to jury instruction no. 21 improperly seeks to insert disputed facts into the jury instructions. For example, Defendants include the following qualifying language to suggest that the only allegation of fraud by active concealment is that the Defendants used HBS "by simulating the calling patterns of local callers to mislead Digicel-Haiti and avoid detection by Digicel-Haiti (and deactivation of the associated SIM cards)." That is simply untrue. Plaintiff has not limited the allegations of HBS activity used by UPM to the mere simulation of calling patterns. Defendants further argue in footnote 12 of the Supplemental Brief that there is no allegation that Tran, individually, used human behavior software, the claim is only that UPM implemented human behavior software. However, Defendants disregard the Third Amended Complaint **[ECF 300]** which alleges that human behavior software was used by the Defendants, and ignore Plaintiff's position that UPM and Tran are jointly and severally liable for the fraud committed. Furthermore, Defendants

---

[1] ECF 294 at p. 35-36 citing to *Facebook, Inc. v. Power Ventures, Inc.,* 844 F.3d 1058, 1069 (9th Cir. 2016), citing *Comm. for Idaho's High Desert, Inc. v. Yost,* 92 F.3d 814, 823 (9th Cir. 1996) (internal quotation marks omitted).

Page 7 -   UNIGESTION'S RESPONSE IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL BRIEFING ISO PROPOSED JURY INSTRUCTIONS & VERDICT FORM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

include additional argument and proposed language that attempts to define active concealment. Not only is the proposed language prejudicial, the Court has already provided the elements of active concealment in jury instruction no. 21 and informed the jury that Plaintiff must prove each element by clear and convincing evidence.

- *Instruction No. 22: Compensatory Damages*

Defendants persist in their efforts to recharacterize the case. That is argument and it is improper. The case has been described by the Court and is "Digicel Haiti alleges that UPM used HBS software to try to avoid Digicel-Haiti's efforts to detect and deactivate SIM cards being used by UPM. In other words, Digicel Haiti alleges that UPM used Human Behavior Simulation software to commit fraud by actively concealing, or hiding, UPM's bypass and RLYH activities from Digicel Haiti." (See Voir Dire and Preliminary Jury Instructions). UPM conveniently seeks to ignore that HBS was used to hide bypass.

UPM's suggested edit to Instruction 22 should be rejected.

### IV.     Plaintiff's Limiting Instruction and Proposed Jury Instructions and Verdict Form

Plaintiff does not have an objection to the Court providing reasonable limiting instructions to the jury. However, Plaintiff objects to Defendants' proposed limiting instruction as it purports to further impermissibly narrow the use of relevant evidence and testimony addressed by the instruction. Certainly, the evidence and testimony of wire transfers and fake shipping documents is not being admitted to prove that the Defendants committed wire fraud and customs fraud. That is understood. However, where Defendants suggest that they did not use HBS to commit fraud, the testimony and evidence of their surrounding conduct **is** being offered to prove that the surrounding conduct and circumstances of the Defendants' conduct make it clear that their actions were not the product of mistake, nor was it unintentional, nor was it

Page 8 -   UNIGESTION'S RESPONSE IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL BRIEFING ISO PROPOSED JURY INSTRUCTIONS & VERDICT FORM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

"innocent." UPM's suggested interpretation of the limiting instruction is unreasonable and unworkable and prejudicial to Digicel Haiti's fraud case. Additionally, UPM conveniently ignores the fact that the jury is entitled to consider evidence related to shipments to Haiti and wire transfers when determining the issue of punitive damages.

Additionally, Plaintiff attaches hereto and submits to this Court its own proposed limiting instructions regarding: (1) Defendants' reference to Digicel Haiti as a monopoly or being monopolistic for the purposes of establishing Defendants' intent as to the issue of punitive damages, and (2) Plaintiff's testimony regarding bypass as being illegal or prohibited in Haiti for the limited purposes of establishing Plaintiff's motives and intent regarding the blocking of SIMs used in bypass.

To the extent that the Court, upon request from Defendants in the latest supplemental briefing **[ECF 505],** is reconsidering jury instructions that were previously submitted, reviewed and either incorporated or rejected, Plaintiff also formally resubmits its Plaintiff's Amended Phase I Jury Instructions **[ECF 447]** for reconsideration.

## CONCLUSION

Based on the foregoing, Digicel Haiti respectfully requests that the Court reject Defendants' disputed modified and special jury instructions and verdict form, and adopt Digicel Haiti's proposed jury instructions and verdict form.

Page 9 -    UNIGESTION'S RESPONSE IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL BRIEFING ISO PROPOSED JURY INSTRUCTIONS & VERDICT FORM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

Dated this 13th day of November, 2022.

Respectfully submitted,

By: _s/ Robert C.L. Vaughan_

Anne M. Talcott, OSB #965325
Email: atalcott@schwabe.com
Kathryn E. Kelly, OSB #175162
Email: kkelly@schwabe.com
Andrew J. Lee, OSB #023646
Email: ajlee@schwabe.com
Sarah Kobak, OSB #043495
Email: skobak@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Telephone: 503.222.9981
Facsimile: 503.796.2900

Robert C. L. Vaughan (*Pro Hac Vice*)
Email: rvaughan@kvllaw.com
Cherine Smith Valbrun *(Pro Hac Vice)*
Email: cvalbrun@kvllaw.com
Leah B. Storie *(Pro Hac Vice)*
Email: lstorie@kvllaw.com
Anisha Carla Atchanah
Email: Aatchanah@kvllaw.com
KIM VAUGHAN LERNER LLP
312 SE 17th Street, Suite 300
Fort Lauderdale, FL 33316
Telephone: 954.527.1115
Facsimile: 954.527.1116

Kent D. Bressie (*Pro Hac Vice*)
E-Mail: kbressie@hwglaw.com
HWG LLP
1919 M Street N.W., Suite 800
Washington, D.C. 20036
Telephone: 202.730.1337
Facsimile: 202.730.1303

*Attorneys for Plaintiff*

Page 10 -   UNIGESTION'S RESPONSE IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL BRIEFING ISO PROPOSED JURY INSTRUCTIONS & VERDICT FORM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900