**Anne M. Talcott**, OSB #965325
Email: atalcott@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

**Robert C. L. Vaughan** (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
**Cherine Smith Valbrun** (*Pro Hac Vice*)
E-mail: cvalbrun@kvllaw.com
KIM VAUGHAN LERNER LLP
312 SE 17th Street, Suite 300
Fort Lauderdale, FL 33316
Telephone: 954.527.1115
Facsimile: 954.527.1116

**Kent D. Bressie** (*Pro Hac Vice*)
Email: kbressie@hwglaw.com
HWG LLP
1919 M Street N.W., Suite 800
Washington, D.C. 20036
Telephone: 202.730.1337
Facsimile: 202.730.1303

(Additional counsel shown on signature page.)

*Attorneys for Plaintiff, Unigestion Holdings, S.A., a foreign corporation, d/b/a Digicel Haiti*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNIGESTION HOLDINGS, S.A., d/b/a DIGICEL HAITI**, <br><br>  Plaintiff and Counterclaim Defendant, <br>  v. <br><br> **UPM TECHNOLOGY, INC., *et al.*,** <br><br>  Defendants and Counterclaim Plaintiffs. | No. 3:15-cv-00185-SI <br><br><br><br> **PLAINTIFF UNIGESTION HOLDINGS, S.A.'S PHASE I POCKET BRIEF** |

Page 1 -   PLAINTIFF UNIGESTION HOLDINGS, S.A.'S PHASE I POCKET BRIEF

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

Pursuant to the Court's request, Plaintiff Unigestion Holdings, S.A., d/b/a Digicel Haiti ("Digicel Haiti"), submits this Phase I Pocket Brief to address two issues raised by the Court.

## I. MR. GERARD LABORDE'S "VARIANCE ANALYSIS" SUMMARY IS PROTECTED UNDER ATTORNEY-CLIENT PRIVILEGE AND THE WORK PRODUCT DOCTRINE AND ONLY SUBJECT TO DISCLOSURE IF SUCH PROTECTION IS DEEMED WAIVED.

The attorney-client privilege protects confidential communications between attorneys and clients made for the purpose of giving legal advice, *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020), whereas the work-product doctrine protects "from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation. At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case, and protects both material prepared by agents for the attorney as well as those prepared by the attorney himself. The primary purpose of the work-product rule is to prevent exploitation of a party's efforts in preparing for litigation." *United States v. Sanmina Corp. & Subsidiaries*, 968 F.3d 1107, 1119 (9th Cir. 2020) (cleaned up) (citing in part FRCP 26(b)(3)[1]).

A document is prepared "in anticipation of litigation" if it "can fairly be said that the document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospective of that litigation." *In re Grand Jury Subpoena*, 357 F.3d 900, 908 (9th Cir. 2003); 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2024 (3d ed.) ("[I]t is clear that all documents and tangible things prepared by or for the attorney of the party from whom discovery is sought are within the qualified immunity given to work product, so long as they were prepared in anticipation of litigation or preparation for trial."). The document at issue in this case, a variance analysis

---

[1] FRCP 26(b)(3)(A) provides in part:

> Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).

Page 2 - PLAINTIFF UNIGESTION HOLDINGS, S.A.'S PHASE I POCKET BRIEF

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

summary, was created by Digicel Haiti's legal and regulatory director, Mr. Gerard Laborde, <u>in the course of litigation</u> and <u>at the direction of trial counsel</u>. As a result, this variance analysis summary is entitled to protection under the attorney-client privilege and work product doctrine unless waived (or substantial need is demonstrated under FRCP 26(b)(3)). *See, e.g.*, *Bluestem Brands v. Merkle, Inc.*, 2014 U.S. Dist. LEXIS 204463, at *7–13 (D. Md. Nov. 19, 2014) (holding that emails and spreadsheets reflecting "work to calculate . . . damages" were protected under work product doctrine); *GenOn Mid-Atlantic, LLC v. Stone & Webster, Inc.*, 2011 U.S. Dist. LEXIS 133724, at *23 (S.D.N.Y. Nov. 10, 2011) (holding that "spreadsheet of damages" created by client was protected under work product doctrine); *City of Colton v. Am. Promotional Events*, 2011 U.S. Dist. LEXIS 168853, at *229–30 (C.D. Cal. Oct. 24, 2011) (holding that damages spreadsheet created by attorney was protected work product).

The work-product privilege can be expressly or impliedly waived. Unless a party expressly waives work product privilege through disclosure or disregard, a waiver is implied and must be narrowly tailored to "ensure the fairness of the proceedings before it." *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003). If a party uses or otherwise testifies as to a privileged material as evidence at trial, privilege concerning such material is generally lost and disclosure in some respect is required. *See, e.g.*, *Bittaker,* 331 F.3d at 719 ("The party asserting the claim is said to have implicitly waived the privilege."); *Official Cargo Trans. Co., Inc. v. Certain Interested Underwriters*, 468 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (holding that defendant waived attorney-client privilege by introducing testimony concerning privileged documents without invoking privilege).

Subsequent to Mr. Laborde's testimony about his analysis of the variance, and prior to the filing of this Phase I Pocket Brief, Digicel Haiti produced Mr. Laborde's variance analysis summary to Defendants. Attached as **Exhibit 1** hereto is a true and correct copy of Mr. Laborde's produced variance analysis summary, as redacted.[2] Digicel Haiti, had no obligation to produce its

---

[2] The top of the first page of Mr. Laborde's variance a summary is redacted because it includes attorney-client communications.

Page 3 -   PLAINTIFF UNIGESTION HOLDINGS, S.A.'S PHASE I
            POCKET BRIEF

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

protected work product <u>before</u> Defendants alleged that waiver occurred. Mr. Laborde's testimony should not be stricken.

Notably, Mr. Laborde's anticipated testimony was previously disclosed to Defendants before trial in accordance with the Court's recommendation at the pretrial conference. Following the pretrial conference, Digicel Haiti and Defendants conferred and exchanged additional information regarding issues identified in certain witness statements. During this conferral, Defendants requested, among other information, the following:

> **Defendants**: "What will [Mr. Laborde] say about the 'the internal analysis of international incoming call traffic and the unusual decrease in traffic observed'? What time period does this refer to? The traffic decreased from what to what."
>
> **Digicel Haiti**: "His testimony will include that the traffic decreased from an average of 43 million minutes a month to 28 million minutes per month, but average decrease was in the bracket of 3 to 4 million minutes a month specifically from July 2011 to first quarter of 2015."

Mr. Laborde's analysis was prepared to assist Digicel Haiti's trial counsel in the instant case. It is protected by the attorney-client privilege and work-product doctrine and thus was properly withheld from production until Mr. Laborde testified. In an effort to resolve this dispute, Digicel Haiti produced Mr. Laborde's written variance analysis to Defendants during the recess in his testimony and prior to filing this pocket brief. Mr. Laborde's testimony should not be stricken under the circumstances.

## II. DIGICEL HAITI'S DAMAGES THEORY ARISING FROM DEFENDANTS' FRAUD BY ACTIVE CONCEALMENT IS COGNIZABLE UNDER OREGON LAW.

A party guilty of fraud is liable for damages "naturally and proximately resulting from the fraud." *Selman v. Shirley*, 161 Or. 582, 609 (1938); *McLean v. Charles Ellis Realty, Inc.*, 189 Or. App. 417, 427 (2003). The "proper measure" of damages is "flexible to compensate the plaintiff for whatever loss [it] has suffered." *Dizick v. Umpqua Cmty. Coll.*, 287 Or. 303, 312 (1979). This flexibility enables the plaintiff to recover, among other damages, damages for impaired earnings and loss of income resulting from the fraud. *See Albrant v. Sterling Furniture Co.*, 85 Or. App.

Page 4 -   PLAINTIFF UNIGESTION HOLDINGS, S.A.'S PHASE I
           POCKET BRIEF

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

272, 277 (1987); *Oksenholt v. Lederle Labs.*, 51 Or. App. 419, 433 (1981). It also enables the plaintiff to recover additional consequential damages resulting from the fraud. *Osborne v. Hay*, 284 Or. 133, 143 (1978) (explaining that "consequential damages" are "recoverable in addition to general damages"); *Selman*, 161 Or. at 615 ("A defrauded party is . . . entitled to all consequential damages.").

Whatever measure(s) of damages are used, the plaintiff must demonstrate by a preponderance of the evidence that the amount of such damages is sufficiently certain such that a "factfinder can reach a reasonable conclusion from the evidence." *Lawrence v. Underwood*, 81 Or. App. 533, 539 (1986); *see Dizick*, 287 Or. at 311 (holding that the burden of proof of damages in fraud is preponderance of the evidence). The "exact" amount of damages need not be demonstrated. *Lawrence*, 81 Or. App. at 539 ("Plaintiffs need not prove the exact amount of lost profits[.]"); RESTATEMENT (SECOND) OF TORTS § 912 (2d ed. 1979) ("It is desirable . . . that there be definiteness of proof of the amount of damage as far as is reasonably possible. It is even more desirable, however, that an injured person not be deprived of substantial compensation merely because he cannot prove with complete certainty the extent of harm he has suffered."). The plaintiff must only demonstrate that such damages arise from a causal connection to the fraud that is more than "attenuated." *Criqui v. Pearl Music Co.*, 41 Or. App. 511, 517 (1979) (explaining that a causal connection between damages and fraud must be "more substantial" than "attenuated causation").

Consistent with the above-noted "flexible" damages standard, Digicel Haiti has introduced (and will introduce further) evidence concerning harm to Digicel Haiti arising from Defendants' fraud by active concealment. As summarized in Digicel Haiti's amended trial memorandum [**ECF 451**], Digicel Haiti intends to use one or more damage models to demonstrate most of its damages.[3] These models calculate Digicel Haiti's lost revenue during the relevant time periods. Digicel Haiti intends to offset such lost revenue calculation(s) with evidence of relevant fixed and/or variable costs, which Digicel Haiti will elicit from Mr. Maarten Boute and/or Mr. Charles Castel. *See Von*

---

[3] Digicel Haiti's damages models do not capture all the compensatory, special, and punitive damages that Digicel Haiti seeks at trial. Those separate damages are not addressed in this Phase I Pocket Brief.

Page 5 - PLAINTIFF UNIGESTION HOLDINGS, S.A.'S PHASE I POCKET BRIEF

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Fax: 503-796-2900

*Ravensberg v. Houck-Carrow Corp.*, 60 Or. App. 412, 417 (1982) ("[I]t is . . . necessary . . . only that a satisfactory conclusion can be reached from the estimates of the witnesses."). Of these relevant fixed and/or variable costs, Digicel Haiti anticipates that most such offsets will arise from its substantial investments in telecommunication infrastructure. Digicel Haiti seeks to recover damages in the amount of its <u>net</u> calculation (and not lost gross revenue calculation) in accordance with the proposed jury instructions, as amended (MCJI 5.1 and UCJI 77.01 modified). As a result, Digicel Haiti's damages theory is cognizable under Oregon law.

### III. CONCLUSION

For the reasons discussed above, and to be further demonstrated at trial, Mr. Laborde's testimony should not be stricken and Digicel Haiti's damages theory is cognizable under Oregon law.

Dated this 16th day of November, 2022.

Respectfully submitted,

By: *s/ Robert C.L. Vaughan*
Anne Talcott, OSB #965325
Email: atalcott@schwabe.com
Kathryn E. Kelly, OSB #175162
Email: kkelly@schwabe.com
Andrew J. Lee, OSB #023646
Email: ajlee@schwabe.com
Sarah Kobak, OSB #043495
Email: skobak@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Telephone: 503.796-2958

Robert C. L. Vaughan (*Pro Hac Vice*)
E-mail: rvaughan@kvllaw.com
Cherine Smith Valbrun (*Pro Hac Vice*)
Email: cvalbrun@kvllaw.com
Anisha C. Atchanah *(Pro Hac Vice)*
Email: aatchanah@kvllaw.com
Leah B. Storie (*Pro Hac Vice*)
Email: lstorie@kvllaw.com

Page 6 -   PLAINTIFF UNIGESTION HOLDINGS, S.A.'S PHASE I POCKET BRIEF

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900

KIM VAUGHAN LERNER LLP
312 SE 17th Street, Suite 300
Fort Lauderdale, FL  33316
Telephone:        (954) 527-1115

Kent D. Bressie (*Pro Hac Vice*)
E-Mail: kbressie@hwglaw.com
HWG LLP
1919 M Street N.W., Suite 800
Washington, D.C.  20036
Telephone:  202.730.1337
Facsimile:  202.730.1303

*Attorneys for Plaintiff*

Page 7 -   PLAINTIFF UNIGESTION HOLDINGS, S.A.'S PHASE I
POCKET BRIEF

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Fax: 503-796-2900