# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNIGESTION HOLDING, S.A., d/b/a DIGICEL-HAITI**, | Case No. 3:15-cv-00185-SI |
| Plaintiff, | **FINAL JURY INSTRUCTIONS** |
| v. | |
| **UPM TECHNOLOGY, INC. and DUY BRUCE TRAN**, | |
| Defendants. | |

DATED this 18th day of November, 2022.


*/s/ Michael H. Simon* _____
Michael H. Simon
United States District Judge

# INDEX OF FINAL JURY INSTRUCTIONS

Instruction No. 1:  Duty of Jury.......................................................................4

Instruction No. 2:  Burden of Proof—Clear and Convincing Evidence .........5

Instruction No. 3:  Burden of Proof—Preponderance of the Evidence..........5

Instruction No. 4:  What Is Evidence ...............................................................6

Instruction No. 5:  What Is Not Evidence ........................................................6

Instruction No. 6:  Evidence for a Limited Purpose .......................................7

Instruction No. 7:  Direct and Circumstantial Evidence ................................7

Instruction No. 8:  Ruling on Objections.........................................................7

Instruction No. 9:  Credibility of Witnesses ....................................................8

Instruction No. 10:  Charts and Summaries Received in Evidence ..............10

Instruction No. 11: Items Not Received in Evidence ....................................10

Instruction No. 12: Stipulations of Fact ........................................................10

Instruction No. 13: Answers to Interrogatories ............................................10

Instruction No. 14: Opinion Testimony..........................................................11

Instruction No. 15: All Parties Are Equal Before the Law ...........................11

Instruction No. 16: Corporations, Agents, and Principals............................11

Instruction No. 17: Two Defendants ..............................................................12

Instruction No. 18: Plaintiff's Claim of Fraud by Active Concealment .......12

Instruction No. 19: Compensatory Damages..................................................15

Instruction No. 20: Punitive Damages ...........................................................17

Instruction No. 21: Special Verdict Form ....................................................18

Instruction No. 22: Duty to Deliberate ........................................................18

Instruction No. 23: Consideration of Evidence—Conduct of the Jury .........19

Instruction No. 24: Evidence in Electronic Format.......................................21

Instruction No. 25: Communication with Court............................................22

Instruction No. 26: Return of Verdict...........................................................23

**Instruction No. 1:  Duty of Jury**

Members of the Jury, now that you have heard all the evidence, it is my duty to instruct you regarding the law that applies to this case. Each of you has been given a written copy of these final jury instructions. To the extent that anything in these final instructions is inconsistent with anything that I said in my preliminary instructions at the beginning of the trial, these final instructions control and apply to your deliberations. You may take this document to the jury room to consult during your deliberations.

It is your duty to weigh and evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I state it to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. At the beginning of this trial, you took an oath promising to do so. Also, do not allow personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases to influence you.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**Instruction No. 2:  Burden of Proof—Clear and Convincing Evidence**

A plaintiff must prove all elements of a fraud claim except for the amount of damages by what the law calls "clear and convincing" evidence. That means that the party asserting a claim of fraud must present evidence on all elements of that claim except the amount of damages that leaves you with a firm belief that it is highly probable that the facts required for liability are true.

Also, a plaintiff must prove a claim for punitive damages by clear and convincing evidence. That means that the party seeking punitive damages must present evidence that leaves you with a firm belief that it is highly probable that the facts required for punitive damages are true.

Proof by clear and convincing evidence is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt. You should base your decision on all the evidence, regardless of which party presented it.

**Instruction No. 3:  Burden of Proof—Preponderance of the Evidence**

A plaintiff alleging fraud need only prove the amount of compensatory damages by what the law call a "preponderance of the evidence." That means that you must be persuaded by the evidence that the facts needed to show the amount of actual damages, if any, are more probably true than not. After weighing all the evidence, if you cannot decide that something is more likely true than not true, you

must conclude that the party did not prove it. You should base your decision on all the evidence, regardless of which party presented it.

**Instruction No. 4: What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are received into evidence; and

3. any facts to which the parties have agreed, which are also called "stipulations."

You must treat all stipulated facts as having been proved.

**Instruction No. 5: What Is Not Evidence**

In reaching your verdict, you may consider only these three types of evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, or at any other time is intended to help you interpret the evidence, but what the lawyers say is not evidence. If the facts as you remember them differ from how the lawyers stated them, you should rely on your memory of the facts.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the

rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.      Any testimony that has been excluded or stricken or that I have instructed you to disregard is not evidence and must not be considered.

4.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

**Instruction No. 6:  Evidence for a Limited Purpose**

Some evidence has been admitted only for a limited purpose of proving motive, intend, or absence of mistake. When I instructed you that an item of evidence has been admitted only for a limited purpose, you may consider it only for that limited purpose and not for any other purpose.

**Instruction No. 7:  Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Instruction No. 8:  Ruling on Objections**

There are rules of evidence that control what can be received in evidence.

When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side believes that question or exhibit is not permitted by the rules of evidence, that lawyer may object. If I overruled the objection, the question may be answered, or the exhibit may be received in evidence. If I sustained the objection, however, the question may not be answered, or the exhibit may not be received in evidence. Whenever I sustained an objection to a question or an exhibit, you must ignore the question or the exhibit and must not guess what the answer might have been or what might have been in the exhibit that was offered.

**Instruction No. 9:  Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In evaluating the testimony of any witness, you may consider:

1.     the opportunity and ability of the witness to see or hear or know the things testified to;

2.     the witness's memory;

3.     the witness's manner while testifying;

4.     the witness's interest in the outcome of the case, if any;

5.     the witness's bias or prejudice, if any;

6.     whether other evidence contradicts the witness's testimony;

7.      the reasonableness of the witness's testimony considering all the evidence; and

8.      any other factors that you think bear on believability.

In your determination of credibility, you must avoid bias, conscious or unconscious, based on a witness's race, color, ethnicity, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

If you decide, however, that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

Neither the proof of a fact nor the weight of any evidence depends on the number of witnesses who testify. What is important is how believable the witnesses were and how much weight you think their testimony deserves.

**Instruction No. 10: Charts and Summaries Received in Evidence**

Certain charts or summaries have been admitted in evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Instruction No. 11: Items Not Received in Evidence**

Some items not admitted in evidence have been shown to you to help you understand the evidence in the case. I have sometimes referred to those items as "demonstrative evidence." Demonstrative evidence will not be available to you during your deliberations, and they are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think they and the underlying evidence deserves.

**Instruction No. 12: Stipulations of Fact**

The parties have agreed to certain facts that have been read to you or provided to you in writing. You must treat these stipulated, or agreed-upon, facts as having been proved.

**Instruction No. 13: Answers to Interrogatories**

Evidence was presented to you in the form of answers by one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted

under established court procedures. You should consider the answers, as far as possible, in the same way as if they were given by a witness from the stand.

**Instruction No. 14: Opinion Testimony**

You have heard testimony from Kenneth McEwen and Charles Castel, who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of these witnesses. Opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, the reasonableness of any assumptions underlying the opinion, and all the other evidence in the case.

**Instruction No. 15: All Parties Are Equal Before the Law**

All parties are equal before the law. A corporation or other business entity is entitled to the same fair and conscientious consideration by you as any party.

**Instruction No. 16: Corporations, Agents, and Principals**

Under the law, a corporation is considered a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority. An agent is a person who performs services for another person, called a "principal," under an express or implied agreement and who is subject to the principal's control or right to control the manner and means of how the agent performs those services.

**Instruction No. 17: Two Defendants**

In this case, Digicel-Haiti is suing both UPM and its chief executive officer, Mr. Tran. To hold an officer of a corporation liable for fraudulent conduct committed by the corporation, a plaintiff must first establish by clear and convincing evidence that the corporation is liable for fraud. If that is your finding, the plaintiff must then prove, also by clear and convincing evidence, that the officer either personally participated in the fraudulent conduct or had knowledge of the fraudulent conduct being committed and did not stop it from occurring.

**Instruction No. 18: Plaintiff's Claim of Fraud by Active Concealment**

The only claim that is before you in this trial is the plaintiff's claim that the defendants committed fraud by active concealment. Further, the only claim of fraud by active concealment that is before you in this trial is the plaintiff's contention that the defendants used human behavior simulation (HBS) software to disguise the nature of calls that the defendants caused to be transmitted to (or terminated on) Digicel-Haiti's network in Haiti. As I have stated earlier in this trial, the defendants' use of bypass or RLYH, if done without also using human behavior simulation software, is not fraud. Thus, if Digicel-Haiti has not proven by clear and convincing evidence that the defendants used human behavior simulation software to facilitate sending calls to Digicel-Haiti's network, then your verdict should be for the defendants. If, however, Digicel-Haiti has proven by clear and

convincing evidence all required elements as explained in these instructions, then your verdict should be for the plaintiff.

Fraud by active concealment means any words or acts that intentionally create a false impression covering up the truth or that remove or hinder an opportunity that might otherwise have led to the discovery of a material fact. Fraud by active concealment is characterized by deceptive acts or contrivances intended to hide information, mislead, avoid suspicion, or prevent or delay further inquiry into a material matter.

To prevail on its claim of fraud by active concealment, Digicel-Haiti must prove each of the following five elements by clear and convincing evidence:

(1)     A defendant made a false representation of a material matter;

(2)     A defendant knew that the representation was false;

(3)     A defendant intended to mislead the plaintiff;

(4)     The plaintiff reasonably relied on the false representation; and

(5)     The plaintiff was damaged as a direct result of its reliance on the false representation; in other words, for this fifth element, the plaintiff must prove that its damages were caused by its reliance on the false representation.

A person can make a false representation of a material matter by actively concealing the truth. In other words, the law considers the active concealment of the truth to be the equivalent of making a false representation. A false

representation by active concealment occurs when a person, by any word or act, conceals a material matter either by creating a false impression that covers up the truth, or by removing or hindering an opportunity that might otherwise have led to the discovery of the truth.

Please remember that the only allegation of fraud by active concealment that is before you in this trial is plaintiff's allegation that defendants used human behavior simulation software to disguise the nature of calls that a defendant caused to be transmitted to Digicel-Haiti's network in Haiti. Bypass, by itself, is not fraudulent.

A "material matter" is one that would be likely to affect the conduct of a reasonable person regarding a transaction with another person.

In determining whether a plaintiff's reliance on alleged active concealment of the truth by a defendant was reasonable, you must consider the totality of the parties' circumstances and conduct. In doing so, you may consider factors such as: (a) any information already known or obvious to the plaintiff; and (b) the previous experience of the plaintiff and defendant in similar transactions.

If the plaintiff's loss or injury would not have occurred but for a defendant's wrongful conduct, then the defendant's conduct caused the plaintiff's loss or injury. On the other hand, if the plaintiff's loss or injury still would have occurred

even without the defendant's wrongful conduct, the defendant's conduct did not cause the plaintiff's loss or injury.

**Instruction No. 19: Compensatory Damages**

It is the duty of the court to instruct you about the measure of damages. By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must then determine the plaintiff's damages, if any. The plaintiff has the burden of proving damages by a preponderance of the evidence. "Damages" means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by a defendant. Such damages are called "compensatory damages."

Digicel-Haiti may recover only those compensatory damages that were caused by a defendant's fraud by active concealment, and the only alleged fraud by active concealment in this trial is Digicel-Haiti's allegation that the defendants used human behavior simulation software in terminating calls to Digicel-Haiti's network.

There are two types of compensatory damages at issue in this lawsuit: (1) lost net profits; and (2) out-of-pocket expenses. In deciding the amount of compensatory damages, you should consider the following: (1) Digicel-Haiti's lost net profits, if any, caused by a defendant's fraud by active concealment; and

(2) any out-of-pocket costs reasonably incurred by Digicel-Haiti in attempting to reduce its lost profits caused by a defendant's fraud by active concealment.

To recover for lost net profits, the plaintiff must first prove that there was a loss, and that the defendant's fraud by active concealment caused that loss. Those elements must be proven by clear and convincing evidence.

If the plaintiff proves that a defendant caused the plaintiff to suffer lost net profits, the plaintiff must then prove the amount of its lost net profits by a preponderance of the evidence. The plaintiff may prove the amount of lost net profits with a reasonable estimate or approximation, provided it is based on the evidence. The plaintiff need not prove the exact amount of its lost net profits, but the plaintiff is not entitled to recover damages based on speculation or guesswork unsupported by the evidence and reasonable probability.

To decide the amount of lost net profits, first decide the additional amount of money, or revenues, Digicel-Haiti likely would have received had there not been fraud by active concealment committed by a defendant. Then, subtract from that amount what would have been Digicel-Haiti's costs incurred in receiving those additional revenues. What remains are lost net profits.

In addition, Digicel-Haiti may recover its actual out-of-pockets costs that it reasonably incurred in trying to reduce any losses caused by a defendant's fraud by active concealment.

**Instruction No. 20: Punitive Damages**

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff. The plaintiff has the burden of proving by clear and convincing evidence that punitive damages should be awarded and, if so, the amount of any punitive damages.

You may award punitive damages against a defendant if the plaintiff shows by clear and convincing evidence that a defendant acted with malice. In this context, "malice" means intentionally doing an injurious or wrongful act without justification or excuse. As I previously explained, clear and convincing evidence is evidence that makes you believe that the truth of the claim is highly probable.

There is no fixed standard for determining the amount of punitive damages, and you are not required to award punitive damages. If you decide to award punitive damages, you should consider all the following, separately for each defendant, in determining the amount: (a) how reprehensible was that defendant's conduct, considering the nature of that conduct and the defendant's motives; (b) is there a reasonable relationship between the amount of punitive damages and the plaintiff's harm; and (c) in view of the defendant's financial condition, what amount is necessary to punish the defendant and discourage future wrongful

conduct? You may not punish a defendant merely because a defendant has substantial financial resources.

**Instruction No. 21: Special Verdict Form**

A form titled "Special Verdict" has been prepared for you. As you will see, the Special Verdict form has several questions. Some of the questions ask you to answer either "Yes" or "No." To answer those questions, you should place either a check mark or an "X" on the applicable line. Other questions ask you to fill in a dollar figure or a percentage, if applicable. More detailed instructions are set forth in the Verdict form in *italics*. Those detailed instructions will guide you by telling you which questions you must answer, and which questions you must skip, depending on your previous answers. As I will explain further after the closing arguments, your decision on each question that you answer must be unanimous.

***** *CLOSING ARGUMENTS BY COUNSEL* *****

**Instruction No. 22: Duty to Deliberate**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court. You should diligently strive to reach agreement with all other jurors if you can do so. Your verdict must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and

listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honestly held belief about the weight and effect of the evidence simply to reach a verdict.

**Instruction No. 23: Consideration of Evidence—Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

1.      Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, by email, by text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your friends, your employer, the media or press, and the people involved in this trial. If you are asked or approached in any

way about your jury service or anything about this case, you must respond that you have been ordered by a federal judge not to discuss the matter. You must then report the contact to the court.

2.      Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it. Do not do any research, such as consulting dictionaries, searching the Internet, or using any reference materials, and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any information, person, or place mentioned during the trial. Also, do not do any research about the law, court procedures, or the people involved in this case—including the parties, the witnesses, or the lawyers—until after I have excused you as jurors. If you happen to read or hear anything touching on this case in the media or elsewhere, turn away and report that to the court as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been

tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Instruction No. 24: Evidence in Electronic Format**

The exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, monitor, and related equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment and how to locate and view the exhibits on the computer. You also will be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the courtroom deputy, Mary Austad. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you

may send a note to Ms. Austad, signed by your foreperson or by one or more members of the jury.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the courtroom deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury shall not deliberate or discuss the merits of the case. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of the equipment.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any outside website, database, directory, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

**Instruction No. 25: Communication with Court**

If it becomes necessary during your deliberations to communicate with me,

you may send a note through the Courtroom Deputy, Ms. Austad, signed by your presiding juror or one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing. I will communicate with any member of the jury on anything concerning the case only in writing or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**Instruction No. 26: Return of Verdict**

After you have reached unanimous agreement on each applicable question on the Verdict form, your presiding juror should fill in the form, sign and date it, and advise the Courtroom Deputy, Ms. Austad, that you are ready to return to the courtroom.